MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
 870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for the Reorganized Debtor,
HEARTWISE, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HEARTWISE, INC.,<br><br>       The Reorganized Debtor. | Case No. 8:20-bk-13335-SC<br><br>Chapter 11<br><br>REORGANIZED DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING DISTRIBUTION UNDER PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW, ANTHONY BISCONTI AND TUONG NGUYEN<br><br>Date:     May 31, 2022[1]<br>Time:    11:00 a.m.<br>Ctrm:    5C[2]<br>Location: 411 West Fourth Street,<br>            Santa Ana, CA 92701-4593 |

/ / /

/ / /

/ / /

/ / /

---

[1] This hearing has been specially set with court permission to be heard on May 31, 2022, at 11:00 a.m.

[2] This hearing date has been designated as Zoom Only. Please check Judge Clarkson's website for any updated procedures related to Covid-19. Parties are directed to review Judge Clarkson's self-calendaring instructions for calendaring hearings, either by ZoomGov or in-person.

TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Reorganized Debtor, HEARTWISE, INC. ("Heartwise" or "Reorganized Debtor"), by and through its counsel, respectfully submits this motion ("Motion") for an order approving a distribution and payment of Claim No. 14-1 filed by DavidPaul Doyle ("Doyle" or "Claimant") ("Claim") and confirming that Doyle is the owner of the same.

The Motion is based on this Notice, the Motion and its accompanying Memorandum of Points and Authorities, the Declarations of Matthew W. Grimshaw ("Grimshaw Declaration"), Anthony Bisconti ("Bisconti Declaration") and Tuong Nguyen ("Nguyen Declaration"), the pleadings and files in the Debtor's bankruptcy cases, and upon such further oral and documentary evidence as may be presented to the Court. The Motion will be heard on May 31, 2022, at 11:00 a.m., in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, CA 92701. Hearing will be held via ZoomGov.

PLEASE TAKE FURTHER NOTICE that any response to this objection must be in the form as required by Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR") and filed with the Clerk of the above-entitled Court no later than 14 days prior to the hearing date set forth above, and a copy served on Matthew W. Grimshaw and David A. Wood at the address indicated above. A copy of any response must also be served on the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701-4593. Failure to timely respond may be deemed as acceptance of the objection and the Court may grant the relief requested in the Motion without further notice or hearing. *See* LBR 3007-1(b) and 9013-1(h).

DATED:  April 29, 2022

MARSHACK HAYS LLP

By:  */s/ Matthew W. Grimshaw*
MATTHEW W. GRIMSHAW
DAVID A. WOOD
LAILA MASUD
Attorneys for the Reorganized Debtor,
HEARTWISE, INC.

1

1. **Summary of Argument**

Pre-petition, DavidPaul Doyle ("Doyle") entered into an employment contract with Heartwise, Inc.,[3] ("Employment Agreement").[4] Under Heartwise's confirmed Plan (as defined below), the Employment Agreement was rejected. Thereafter, Doyle filed proof of claim 14-1 ("Rejection Claim"), asserting damages arising from the rejection of the Employment Agreement.

In connection with confirmation of the Plan, the Court conducted a confirmation trial ("Confirmation Trial"). The day the Confirmation Trial began, Osman Khan ("Khan") announced that he had purchased most, if not all, of the claims held by Doyle against the Debtor. Although it is unclear at best whether Doyle continues to hold a right to payment from the Reorganized Debtor, Doyle, and not Khan, filed the Rejection Claim. Khan has neither asserted that he is the owner of the Rejection Claim nor filed a proof of claim against Debtor asserting the same rights as those contained in the Rejection Claim.

The Reorganized Debtor desires to pay the Rejection Claim in accordance with the terms of the Plan. Simultaneously, the Reorganized Debtor must ensure that it is not required to pay the same claim twice. Accordingly, the Reorganized Debtor files this Motion, seeking an order: (1) authorizing it to pay the Rejection Claim; and (2) confirming that Doyle is the owner of the Rejection Claim.[5]

/ / /

---

[3] During the period of time prior to the filing of its chapter 11 petition, Heartwise, Inc., will be referred to as "Heartwise." During the period of time from the Petition Date to the Effective Date of the Plan, Heartwise, Inc., will be referred to as "Debtor." After the Effective Date of the Plan, Heartwise, Inc., will be referred to as "Reorganized Debtor."

[4] A true and correct copy of the Employment Agreement is attached to the declaration of Matthew W. Grimshaw ("Grimshaw Declaration") as Exhibit "1."

[5] Notably, Doyle filed proof of claim 13-1 which seeks the same exact amount as the Rejection Claim (i.e., $194,794.52) based on an alleged administrative claim ("Doyle's POC 13-1"). A true and correct copy of the Doyle POC 13-1 is attached to the Grimshaw Declaration as Exhibit "8." The claims appear to be duplicative. *Compare* Grimshaw Decl., Ex, 7, pgs. 157-163; *with* Grimshaw Decl., Ex. 8, pgs. 164-174. Before filing this motion, the Reorganized Debtor attempted to resolve the issues surrounding the Rejection Claim. Specifically, Doyle and Khan are represented by the same two law firms in this case—Von Briesen & Roper, S.C, in Milwaukee, WI, and The Yocca Law Firm LLP, in Irvine, CA. Counsel for the Reorganized Debtor reached out to counsel for Doyle and Khan in an attempt to resolve the duplicative claims and to obtain an agreement regarding ownership of the Rejection Claim. To date, a substantive response has not been provided. *Id.*, ¶15.

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

**2.     Statement of Relevant Facts**

**A.     Ownership of Heartwise and the Employment Agreement**

In 2012, Heartwise was founded by Doyle. *See* Grimshaw Decl., Ex. 1, pg. 13. At Heartwise's inception, Doyle was the sole shareholder. *Id.*, pg. 13.

Six years later, in 2018, Doyle and Earnesty entered into a shareholder agreement whereby Earnesty became the 51% owner of Heartwise. *Id.*, pgs. 13-19. At approximately the same time, Doyle and Heartwise entered into the Employment Agreement, which provided that Doyle would be (1) "responsible for the image, experience and promise of the brand;" and (2) support the [Debtor], as needed, in marketing, sales and distribution of NatureWise health and wellness products. *See* Grimshaw Decl., Ex. 1, pg. 20; ¶1. In exchange, Doyle would receive an annual salary of $180,000. *Id.*, pg. 20.

**B.     Heartwise's Bankruptcy Filing and Confirmed Chapter 11 Plan of Reorganization**

On December 4, 2020 ("Petition Date"), Heartwise filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335 from September 1, 2021, through April 27, 2022, is attached to the Grimshaw Declaration as Exhibit "3."  According to Heartwise's Schedules and Statement of Financial Affairs ("Schedules"), Heartwise's insolvency was caused, in part, by the entry of a judgment ("Judgment") against it and in favor of a competitor, Vitamins Online, Inc. ("VOL"), shortly before the Petition Date. *See* Grimshaw Decl., Ex. 3, pgs. 72-73.

Notably, the Judgment was based on acts or omissions performed by Heartwise before Earnesty purchased its majority interest in Heartwise. *Id.*, pgs. 72-73. The Schedules confirm that, on the Petition Date, Heartwise had two shareholders— (1) Earnesty holding 51% of the shares and (2) Doyle holding 49% of the shares. *Id.*, pgs. 73-74.

On September 22, 2021, as Dk. No. 460, Heartwise filed its first amended plan of reorganization ("Plan") that proposed to pay creditors holding allowed claims **in full** as of the effective date of the Plan. A true and correct copy of the Plan is attached to the Grimshaw

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1

4879-6760-8859v.2-1683-001

1  Declaration as Exhibit "3."  VOL and Doyle objected vociferously to the Plan, and nearly every

2  other action taken by Heartwise in connection with its efforts to reorganize.

3        The Bankruptcy Court scheduled the Confirmation Trial for November 2021. The morning

4  the Confirmation Trial was scheduled to commence, counsel for VOL filed a Notice of Submission

5  of Declaration of Osman Khan in Regarding [sic] Purchase of DavidPaul Doyle's Rights and Interest

6  in Debtor ("Khan Declaration"). A true and correct copy of the Khan Declaration is attached to the

7  Grimshaw Declaration as Exhibit "4". The agreement between Khan and Doyle referenced in the

8  Khan Declaration ("Claim Agreement") confirms that Khan purchased the following from Doyle:

9            [A]ll Claims of Seller against the Debtor and any other party arising from the
             Seller Ownership Interest, and all interests of Seller in the Debtor, including,
10           without limitation, (a) the Seller Ownership Interest; (b) Claims made by
             Seller against Debtor and the other defendants in the Seller Adversary
11           Proceeding; and (c) any rights afforded Seller pursuant to the Plan, including,
             without limitation, any right to participate in funding a new value contribution
12           to acquire the equity of a reorganized Debtor, provided, however, the Seller
             Claims and Interests shall not include any administrative claim to which Seller
13           may be entitled in the Bankruptcy Case and arising from Seller's employment
             with Debtor, or in his capacity as an officer or director of the Debtor, during
14           the Bankruptcy Case, to the extent the Bankruptcy Court authorizes payment
             of such administrative claim.

15

16  Bisconti Declaration, ¶4, Ex. 4; Grimshaw Declaration, Ex. 4, pgs. 102-131.

17        Ultimately, after a hotly contested plan confirmation trial, and over Doyle's and VOL's

18  objections, on December 17, 2021, as Dk. No. 644, the Bankruptcy Court entered an order

19  confirming the Plan ("Confirmation Order").[6] A true and correct copy of the Confirmation Order is

20  attached as Exhibit "5" to the Grimshaw Declaration. The Confirmation Order was not appealed.[7]

21        Shortly thereafter, on December 28, 2021, as Dk. No. 670, a notice of entry of the

22  Confirmation Order was filed which also sets forth relevant bar dates ("Confirmation Notice"),

23

24

_____

25  [6] That same day, the Bankruptcy Court entered its Findings and Conclusions, setting forth the factual predicates
    supporting its decision to enter the Confirmation Order.
    [7] Tellingly, Doyle's efforts to thwart Heartwise's reorganization efforts persist. Although he did not appeal the
26  Confirmation Order, Doyle did appeal certain of the Court's evidentiary rulings made at the plan confirmation trial,
    including rulings regarding the presentation of evidence, that were made during the trial on confirmation of the Plan. See
27  Grimshaw Decl., Ex. 2, pgs. 22-62.  Doyle continues to pursue his appeal of these interlocutory orders, claiming that the
    United States District Court can order this Court to amend the Plan despite the finality of the Confirmation Order. The
28  meritless argument is merely one example of how Doyle has harmed, and not benefited, the Bankruptcy Estate
    throughout this case.

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

1  including for "Executory Contract and Unexpired Leases – Claims arising from the rejection of an

2  executory contract or unexpired lease must be filed with the Court on or before **February 17, 2022**."

3  A true and correct copy of the Confirmation Notice is attached as Exhibit "6" to the Grimshaw

4  Declaration (emphasis in the original).

5  ## C.  Doyle's Rejection Claim

6        Pursuant to the Plan, the Employment Agreement has been deemed rejected. Specifically,

7  all executory contracts not assumed by Heartwise in writing within 30 days of the Effective Date

8  are deemed rejected as of the Effective Date. *See*, Grimshaw Decl., Ex. 3, pgs. 79-80.  Per the Plan,

9  the Effective Date was the first business day that is at least fifteen (15) calendar days following the

10  date of the entry of the Confirmation Order when and if all the following conditions for the

11  effectiveness of the Plan have been satisfied or waived by the Debtor: (1) there is no stay in effect

12  with respect to the Confirmation Order; and (2) the Confirmation Order is not subject to any appear

13  or rehearing. *Id.*, pgs. 69-70.

14        The Confirmation Order was entered on December 17, 2021. *Id.*, Ex. 5, pgs. 132-156. As

15  there was neither a stay of the Confirmation Order nor an appeal taken from it, the Effective Date of

16  the Plan occurred on January 3, 2022, the first business day that is at least fifteen (15) days after the

17  Confirmation Order. *Id.*, Ex. 3, pg. 70.  Thus, the date by which to assume the Employment

18  Agreement was February 2, 2022. Heartwise ***did not*** assume the Employment Agreement in writing

19  by this deadline. *Id.*, Ex. 3, pgs. 79-80.

20        On February 17, 2022, Doyle filed Proof of Claim No. 14-1 in the amount of $194,794.52.

21  A true and correct copy of the Rejection Claim is attached as Exhibit "7" to the Grimshaw

22  Declaration.  The alleged basis of the Rejection Claim is accrued and unpaid salary or wages under

23  the Employment Agreement of $194,794.52 for the period from the Petition Date to the date of the

24  rejection of the Employment Agreement. *See* Grimshaw Decl., Ex. 7, pgs. 164-170.

25  / / /

26  / / /

27  / / /

28

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

3. **Legal Argument**

A. **Approval of the Proposed Distribution**

This Court has exclusive jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(a) and § 157(b)(1), (b)(2)(A),(B),(L) and (O). The Plan provides that the Court has jurisdiction over this matter and shall "retain such jurisdiction as is legally permissible, including for the following purposes: . . . (d) To construe and take any action to enforce this Plan, . . . issue such orders as may be necessary or the implementation, execution, performance, and consummation of this Plan . . . ." Grimshaw Decl., Ex. 3, pgs. (75-76).

The Court has authority to grant this Motion pursuant to 11 U.S.C. §§ 1142(b), 105(a) and Rule 3009 of the Federal Rules of Bankruptcy Procedure ("FRBP"). While the Plan does not require that the Reorganized Debtor obtain court approval before making a post-confirmation distribution to holders of allowed claims, the Reorganized Debtor deems it prudent to proceed with this Motion to ensure that the Reorganized Debtor is not required to pay the Rejection Claim twice in the event that Doyle does not own it as a result of the Claim Agreement.

To that end, under 11 U.S.C. §§ 1142(b) and 105(a),[8] the Court has broad authority over the property of the estate dealt with under the Plan and to issue any order necessary to implement the provisions of the Bankruptcy Code and the Plan. Specifically, 11 U.S.C. § 1142(b) provides: "[t]he Court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary to the consummation of the plan." 11 U.S.C. § 1142(b). Further, § 1142(b) provides the Court with a broad jurisdictional grant to implement the terms of a confirmed plan. *See, Hosp. & Univ. Prop. Damage Claimants v. JohnsManville Corp. (In re Johns-Manville Corp.*), 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan).[9]

---

[8] Unless otherwise indicated all section references to are to Title 11 of the United States Code.
[9] *See also, In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing

1    Likewise, § 105(a) provides that the Court "may issue any order, process, or judgment that is

2    necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. This broad grant

3    of authority is meant to enable courts to issue orders to insure the prompt administration of the estate

4    and equitable distribution of the assets. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d

5    602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to

6    carry out the provisions of the Bankruptcy Code so long as that power is exercised within the

7    confines of the Bankruptcy Code."); *Smart World Techs., LLC v. Juno Online Servs., Inc. (In re*

8    *Smart World Techs., LLC*), 423 F.3d 166, 183 (2d Cir. 2005) ("Section 105 grants the bankruptcy

9    court equitable powers to implement the provisions of the Bankruptcy Code . . . .").

10    The Reorganized Debtor acknowledges that a claim exists as a result of the rejection of the

11    Employment Agreement and that Doyle is the only party that timely filed a claim relating to the

12    rejection of that contract. *See* Grimshaw Decl., Ex. 7, pgs. 164-170; Ex. 7, pgs. 164-170. As a result,

13    the Rejection Claim has been deemed allowed. Fed. R. Bankr. P. 3001(f). However, it is unclear to

14    the Reorganized Debtor whether Doyle has standing to assert the Rejection Claim. Indeed, the Claim

15    Agreement could be read to transfer all claims held by Doyle against the Debtor to Khan with the

16    exception of an administrative claim, which the Rejection Claim is not. *Compare* Grimshaw Decl.,

17    Ex. 1, pgs. 13-20; *with* Ex. 4, pgs. 102-131. If Khan is the holder of the Rejection Claim by virtue of

18    his Claim Agreement with Doyle, then Doyle's Rejection Claim should be disallowed for lack of

19    standing, and no other Rejection Claim could be filed as it would be untimely. Again, prior to filing

20    this instant Motion, counsel for the Reorganized Debtor reached out to counsel for Doyle and Khan,

21    but to date, has no heard no responsive response. *Id.*, ¶15.

22    Indeed, in an effort to avoid competing claims of ownership to the Rejection Claim, the

23    Reorganized Debtor attempted to confirm that payment of the Rejection Claim will not result in a

24

25

26    responsibilities to satisfy itself that the [p]lan is being properly implemented.'" (*quoting Findley v. Blinken (In re Joint E. & S. Dist. Asbestos Litig.*), 982 F.2d 721, 750 (2d Cir. 1992))); *Penthouse Media Group v.*

27    *Guccione (In re Gen. Media, Inc.*), 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (finding that bankruptcy courts retain post-confirmation jurisdiction to matters related to the implementation of a plan); *In re Petition of*

28    *Board of Dirs. of Hopewell Int'l Ins., Ltd.*, 272 B.R. 396, 407 n.11 (Bankr. S.D.N.Y. 2002) ("[T]he court may direct parties to perform any act necessary to consummate the plan." (citing 11 U.S.C. § 1142(b)).

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1

4879-6760-8859v.2-1683-001

similar claim being asserted by Khan. *Id.*, ¶15. Tellingly, Doyle and Khan (who may have potentially competing interests in the ownership of the Rejection Claim) are represented by the same two law firms—Von Briesen & Roper, S.C, of Milwaukee, Wisconsin, and The Yocca Law Firm LLP, of Irvine, California. *Id.*, ¶16. Despite requests, counsel for Doyle and Khan have yet to confirm who owns the Rejection Claim. *Id.*, ¶16. Nonetheless, because Khan did not file a claim arising from the rejection of the Employment Agreement by the applicable bar date, he waived the same and is forever barred. *Id.*, Ex. 3, pgs. 73-75; Ex. 6, pgs. 157-158.

Therefore, the Reorganized Debtor seeks an order authorizing the payment of the Rejection Claim and confirming that Doyle is the owner of the same.

## 4.    Conclusion

For the foregoing reasons, the Reorganized Debtor respectfully requests that the Court enter and order (1) authorizing the Reorganized Debtor to pay the Rejection Claim; (2) confirming that Doyle is the owner of the Rejection Claim; (3) confirming that no party other than Doyle has a claim against the Reorganized Debtor arising from the rejection of the Employment Agreement; and (4) granting such other and further relief as is just.

DATED:  April 29, 2022                    MARSHACK HAYS LLP

By:  */s/ Matthew W. Grimshaw*
        MATTHEW W. GRIMSHAW
        DAVID A. WOOD
        LAILA MASUD
        Attorneys for Debtor,
        HEARTWISE

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

# DECLARATION OF MATTHEW W. GRIMSHAW

I, Matthew W. Grimshaw, declare and state as follows:

1.      I am an individual over the age of 18 and am competent to make this declaration.

2.      I am Of Counsel to Marshack Hays, LLP, and counsel of record for the Chapter 11 Reorganized Debtor of Heartwise, Inc ("Heartwise" or "Reorganized Debtor").

3.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4.      I make this declaration in support of the Reorganized Debtor's motion for an order approving a distribution and payment of Claim No. 14-1 filed by DavidPaul Doyle and confirming that Doyle is the owner of the same ("Motion").

5.      Capitalized terms not defined in this declaration shall have the meaning ascribed to them in the Motion.

6.      I am a registered CM/ECF user. The court records attached this declaration, including publicly available documents filed with the court, were either downloaded by me using the court's CM/ECF system or were downloaded by members at my direction

7.      A true and correct copy of the Employment Agreement is attached hereto as Exhibit "1."

8.      A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335 from September 1, 2021, through April 27, 2022, is attached here as Exhibit "2."

9.      A true and correct copy of the Plan is attached here as Exhibit "3."

10.     A true and correct copy of the Khan Declaration is attached hereto as Exhibit "4."

11.     A true and correct copy of the Confirmation Order is attached here as Exhibit "5."

12.     A true and correct copy of the Confirmation Notice is attached here as Exhibit "6."

13.     A true and correct copy of the Rejection Claim is attached here as Exhibit "7."

14.     A true and correct copy of the Doyle POC 13-1 is attached here as Exhibit "8."

15.     Prior to filing this Motion, I reached out to counsel for Doyle in an attempt to resolve the duplicative claims asserted in the Rejection Claim and the Doyle POC 13-1. To date, I have not heard a substantive response, hence why this instant motion is filed.

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

16.     I am informed and believe that Doyle and Khan are represented by the same two law firms—von Briesen & Roper, S.C, of Milwaukee, Wisconsin, and The Yocca Law Firm LLP, of Irvine, California. I spoke with counsel for Doyle and Khan to, among other things, try and confirm that Khan does not assert rights to the Rejection Claim. To date, I have not received a response to the inquiry.

17.     Doyle's efforts to derail Heartwise's Chapter 11 case continue today. Doyle did not appeal this Court's Confirmation Order. Doyle did, however, appeal certain of the evidentiary rulings made by this Court during the trial on plan confirmation. I am counsel for Heartwise in defending that appeal. Although the rulings were interlocutory orders, Doyle continues to pursue an appeal in the front of the district court, claiming that he should be able to force Heartwise (and this Court) to amend the confirmed and substantially consummated Plan.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2022.

_/s/ Matthew W. Grimshaw_____
MATTHEW W. GRIMSHAW

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

# DECLARATION OF ANTHONY R. BISCONTI

I, Anthony R. Bisconti, declare and state as follows:

1.    I am an individual over the age of 18 and am competent to make this declaration.

2.    I am a partner at Bienert Katzman Littrell Williams LLP, counsel of record for Earnesty LLC. I am a member in good standing with the State Bar of California and am admitted to practice law in the Courts of California.

3.    I make this declaration in support of the Reorganized Debtor's motion for an order approving a distribution and payment of Claim No. 14-1 filed by DavidPaul Doyle and confirming that Doyle is the owner of the same ("Motion"). Capitalized terms not defined in this declaration shall have the meaning ascribed to them in the Motion.

4.    The agreement between Khan and Doyle referenced in the Khan Declaration ("Claim Agreement") confirms that Khan purchased the following from Doyle:

> [A]ll Claims of Seller against the Debtor and any other party arising from the Seller Ownership Interest, and all interests of Seller in the Debtor, including, without limitation, (a) the Seller Ownership Interest; (b) Claims made by Seller against Debtor and the other defendants in the Seller Adversary Proceeding; and (c) any rights afforded Seller pursuant to the Plan, including, without limitation, any right to participate in funding a new value contribution to acquire the equity of a reorganized Debtor, provided, however, the Seller Claims and Interests shall not include any administrative claim to which Seller may be entitled in the Bankruptcy Case and arising from Seller's employment with Debtor, or in his capacity as an officer or director of the Debtor, during the Bankruptcy Case, to the extent the Bankruptcy Court authorizes payment of such administrative claim.

5.    On November 12, 2021, my office served certain subpoenas (the "Subpoenas") on Vitamins Online, Inc. ("VO"), Osman Khan ("Khan"), DavidPaul Doyle ("Doyle"), von Briesen & Roper S.C. ("VBR"), and Hahn & Hahn LLP ("H&H" and, together with VO, Khan, Doyle, and VBR, the "Subpoenaed Parties").

6.    On the morning of November 15, 2021, VBR sent me an email with two documents attached in response to the subpoena. True and correct copies of the documents I was provided are attached hereto as Exhibits "9" and "10."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 28, 2022.

_____
ANTHONY R. BISCONTI

MOTION TO APPROVE DISTRIBUTION AND PAYMENT OF CLAIM NO. 14-1
4879-6760-8859v.2-1683-001

1

### DECLARATION OF TUONG NGUYEN

2  I, Tuong Nguyen, declare and state as follows:

3  1.  I am the chief executive officer of Heartwise, Inc. ("Heartwise" or the "Reorganized

4 Debtor") and have served in that capacity since 2018. I am an individual over the age of 18 and am

5 competent to make this declaration. I have personal knowledge of the facts set forth in this

6 declaration, and if called upon to do so, I could and would competently testify to the facts set forth

7 below.

8  2.  I make this declaration in support of the Reorganized Debtor's motion for an order

9 approving a distribution and payment of Claim No. 14-1 filed by DavidPaul Doyle and confirming

10 that Doyle is the owner of the same ("Motion"). Capitalized terms not defined in this declaration

11 shall have the meaning ascribed to them in the Motion.

12  3.  In 2012, Heartwise was founded by DavidPaul Doyle ("Doyle"). At Heartwise's

13 inception, Doyle was the sole shareholder.

14  4.  I own Earnesty LLC ("Earnesty").

15  5.  After the execution of the Shareholder Agreement, I assumed my current role as

16 Heartwise's CEO. I have managed and overseen Heartwise's day-to-day operations since that time.

17  6.  When I became Heartwise's CEO, Doyle was given the title "Chief Brand Officer"

18 and an Executive Contract was signed ("Employment Agreement"), which provided Doyle with an

19 annual salary of $180,000. Since I took over the day-to-day operations of Heartwise, Doyle has done

20 little to no work for Heartwise in exchange for the salary provided to him.

21  7.  On December 4, 2020, Heartwise commenced a chapter 11 bankruptcy proceeding

22 ("Bankruptcy Proceeding"). Since that date, Doyle has not performed any work or services for

23 Heartwise.

24  8.  Through Plan, Debtor elected to reject the Employment Agreement.

25  I declare under penalty of perjury that the foregoing is true and correct. Executed on March

26 ___, 2022.

27

           _____

28         TUONG NGUYEN

4

4879-6760-8859v.2-1683-001

**EXHIBIT "1"**

## SHAREHOLDER AGREEMENT

## HEARTWISE, INCORPORATED, DBA NATUREWISE

This Shareholder Agreement, dated October 4, 2018, is between Earnesty, LLC and DavidPaul Doyle, (referred to collectively as "Shareholders" and individually as "Shareholder"), and HeartWise Incorporated, an Oregon corporation (the "Corporation"), doing business as NatureWise.

## RECITALS

HeartWise Incorporated was incorporated on May 5, 2012, in the State of Oregon by DavidPaul Doyle, who owns 100% of its shares. HeartWise Incorporated conducts business under the assumed brand name of NatureWise.  The Corporation is a brand distributor of dietary supplements and beverages.

Earnesty, LLC is a California limited liability company, formed on September 15, 2016, by Tuong Nguyen, who is the sole owner and manager. Earnesty, LLC, is a venture company in the area of dietary supplements and nutraceuticals.

The Corporation seeks a capital investment from Earnesty, LLC, in exchange for a percentage of shares of the Corporation.

## ARTICLE 1
## CONTRIBUTIONS AND SHARES SUBJECT TO THIS AGREEMENT

Earnesty, LLC commits to investing $6,000,000 into the Corporation. In exchange for this investment, Earnesty, LLC will receive 51% of all of the issued shares and outstanding stock of the Corporation:

Earnesty, LLC:          51% (represented by an equal amount in corresponding shares)

DavidPaul Doyle:     49% (represented by an equal amount in corresponding shares)

The $6,000,000 investment by Earnesty, LLC shall be contributed as follows:

Upon the signing of this Agreement, Earnesty, LLC, will:

1. Assume payment of all existing open invoices payable to Robinson Pharma, Inc., the Corporation's contract manufacturer, in the total amount of $1,574,000.
2. Pay to DavidPaul Doyle the amount of $1,400,000 from the current Undistributed Earnings of the Corporation as a cash distribution with no tax consequences.
3. Deposit $3,000,000 directly into the Corporation.

1

**EXHIBIT "1"**
**PAGE 13**

4. The remaining $3,026,000. shall be deposited into the Corporation over the course of one year in the amount of $252,166. per month, or in increments as needed by the Corporation, to be determined by the Shareholders.

5. The $6,000,000 investment by Earnesty, LLC cannot be taken out of the Corporation unless approved by the Shareholders.

Earnesty, LLC's purchase of the shares in the Company from DavidPaul Doyle are in reliance of the representations and warranties of DavidPaul Doyle as to the assets and liabilities of the Company. Should there be liabilities, including, but not limited to, lawsuits, claims, liens, and encumbrances on or against the Company or on the shares sold that were not revealed as of the date of this Agreement, DavidPaul Doyle will assume and bear personal responsibility on the undisclosed, later discovered liability.

## ARTICLE 2
## MANAGEMENT AND CONTROL

2.01.  Tuong Nguyen and DavidPaul Doyle will serve as Directors of the Corporation for the full duration of this Agreement.

2.02.  Tuong Nguyen, DavidPaul Doyle and will serve as Officers of the Corporation for the full duration of this Agreement.

Tuong Nguyen – Chief Executive Officer (CEO)
DavidPaul Doyle – Chief Brand Officer (CBO), Founder

2.03.   Elaine Phan will serve as an Officer of the Corporation.

Elaine Phan – Chief Financial Officer (CFO)

2.04. **Board of Directors.**  During the term of this Agreement, the Directors will, when appropriate,

(a)   Determine in good faith the "current assets" of the Corporation for purposes of corporate distributions;
(b)   File any informational certificates that may be required by the State of Oregon;
(c)   Cause the Corporation to maintain the books, records, and other documents as required;
(d)   Use best efforts to cause the business of the corporation in accordance with sounds business practices.

2.05. **CEO:** The CEO of the Corporation will oversee and manage the day-to-day operations of the Corporation, with the exception of the following actions, which will require the written approval of all Shareholders:

2

**EXHIBIT "1"**
**PAGE 14**

(a)   Change in business activity of the Corporation;
(b)   Entry into a partnership or similar business relationship;
(c)   Mergers or consolidations involving the Corporation;
(d)   Amendment of the Articles of Incorporation of the Corporation;
(e)   Issuance of additional shares of any class or other rights relating to the issuance of shares of the Corporation;
(f)   Transfer of all, or substantially all, the assets of the Corporation;
(g)   Amendment of this Agreement;
(h)   Voluntary dissolution of the Corporation.
(i)   Receiving financing from a bank or other entity or person

**In the event of an impasse or deadlock between the Shareholders on any matter, except the Executive contract and its term, the majority Shareholder will make the final and binding decision on behalf of the Corporation.**

2.06. **CBO:** As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

2.07. **Expanding the Board of Directors.** The Directors may jointly decide by unanimous vote to expand the Board to 5 members.

2.08. **Specific Actions and Decisions.**

(a)   Upon the signing of this agreement, Tuong Nguyen will be named as a corporate officer with signature authority on the Company's existing bank account. A new bank will be opened and the existing bank account of the Company will be transitioned to the new bank account. The new bank account shall be used for the business of the Company going forward.
(b)   Product lines and channels of distribution for all food, beverage, and dietary supplement will be pursued by mutual consent of the Shareholders.
(c)   DavidPaul Doyle will make an initial decision on retention of key employees of the Corporation. The employment of the remaining current employees of the Corporation will remain in place until the Officers are able to evaluate the employment needs of the Company moving forward. Any decision to retain, hire, or eliminate additional employees in the future will be made by the mutual agreement of the Officers.
(d)   The following employees are considered key employees of the company. Should they choose to stay, they will remain an employee of the Corporation for at least 6 months: Sasha Libolt.

2.09. **Shareholder Meetings.** Although there will be no required shareholder meetings, a special meeting may be called at any time.

3

**EXHIBIT "1"**
**PAGE 15**

2.10. **Employment of Shareholders.** The Shareholders will be employed per employment agreement and compensated as officers of the Corporation so long as they hold shares of stock in the Corporation, are active in its business, and do not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including the annual salaries, may be altered only by the unanimous written consent of the Shareholders.

## ARTICLE 3
## DISTRIBUTIONS

3.01. **Determination of net Income and Loss.** The net profits or net losses of the Corporation for each fiscal year will be determined on an accrual basis in accordance with generally accepted principles of accounting (GAAP).

3.02. **Retaining Net Income.** The Corporation will retain its net income in an amount the Shareholders reasonably believe is necessary to meet the needs of the Corporation, including, but not limited to, the development or expansion of its business.

3.03. **Regular Distributions of Net Income.** Subject to any retained earnings and to the statutory requirements related to corporate distributions, the net income of the Corporation may be distributed quarterly to the Shareholders in proportion to the number and type of shares of the Corporation owned by them, as determined by the Shareholders.

3.04. **Taxes.** Taxes that are passed through to Shareholders due to the Corporation's tax status and treatment will be paid as distributions to the Shareholders.

## ARTICLE 4
## DISSOLUTION

4.01. **Restrictions on Voluntary Dissolution.** A voluntary dissolution must be approved by all Shareholders.

4.02. **Procedures During Winding Up.** On commencement of dissolution proceedings by election of all Shareholders, the Corporation will cease to carry on business except as necessary to wind up the business and distribute its assets. The CEO, or any Shareholder or Shareholders appointed by the CEO, will perform the following acts, as necessary, to wind up the affairs of the Corporation:

(a)    Employ agents and attorneys to liquidate and wind up the affairs of the Corporation;
(b)    Continue the business as necessary for the winding up of the affairs of the Corporation;
(c)    Carry out contracts and collect, pay, compromise, and settle debts and claims for or against the Corporation;
(d)    Defend suits brought against the Corporation;

4

**EXHIBIT "1"**
**PAGE 16**

Case 8:20-bk-13335-SC    Doc 638    Filed 02/02/22    Entered 04/21/21 15:23:32    Desc70
Main Document    Page 400 of 558

(e)     Sue, in the name of the Corporation, for all sums due to the Corporation or recover any of its property;

(f)     Collect any amounts owing on subscriptions to shares or recover unlawful distributions.

(g)     Sell at public or private sale, exchange, convey, or otherwise dispose of all or any part of the assets of the Corporation for cash in an amount considered reasonable by the CEO, or his or her appointee(s); and

(h)     Make contracts and take any steps in the name of the Corporation that are necessary or convenient in order to wind up the affairs of the Corporation.

**4.03. Distribution of Assets on Dissolution.**  The CEO, or the CEO's appointee(s), will apply the assets of the Corporation in the following order:

(a)     To all debts and liabilities of the Corporation in accordance with the law, including the expenses;

(b)     To all secured debts in accordance with the terms of any subordination agreement;

(c)     To the accrued and unpaid interest and principal on unsubordinated debts;

(d)     To all senior debts to a Shareholder in accordance with the terms of any subordination agreement;

(e)     To the accrued and unpaid interest on unsubordinated debts to Shareholder;

(f)     To the principal of unsubordinated debts to a Shareholder;

(g)     To undistributed net profits of the Corporation;

(h)     To repayment of the purchase price of the shares of the Corporation actually paid by each Shareholder; and, finally,

(i)     To the Shareholders in proportion to the percentage of shares of the Corporation held by each Shareholder.

For the purposes of this paragraph, assets distributed in kind will be valued at their fair market value as of the date of the proposed distribution, determined in good faith by the Shareholders.

## ARTICLE 5
### RESTRICTIONS ON TRANSFER

**5.01. Transfers by Shareholders.**  No Shareholder may transfer any Shares except as expressly permitted by this Agreement. For purposes of this Agreement, "transfer" is intended to be construed as broadly as the law allows and to include any change of legal or beneficial ownership with respect to the Shares of creation of a security interest by any means. Any transfer made in connection with the foreclosure of a security interest will constitute a separate transfer.

**5.02. New Stock Issues.**  The Corporation may not transfer Shares by new issue to anyone (including a Shareholder or an outside party) or permit anyone (including a Shareholder or an outside party) to subscribe to a new issue of Shares without the prior written consent of all Shareholders. This provision applies to all subsequent rounds of financing.

**EXHIBIT "1"**
**PAGE 17**

## ARTICLE 6
## PERMITTED TRANSFERS

6.01. **With Consent.** A Shareholder may transfer Shares at any time with the written consent of the other Shareholders who hold at least thirty percent (30%) of the Shares of the Corporation at the time of the proposed transfer.

6.02. **Without Consent.** A Shareholder may transfer Shares to trusts created by the Shareholder for the Shareholder's benefit or for the benefit of family members of the Shareholder. For purposes of this Agreement, "family members" means lineal descendants of the Shareholder.

6.03. **Binding on Transferees.** No permitted transfer may be made unless the transferee executes a document evidencing the transferee's agreement to be bound by the provisions of this Agreement, as amended.

## ARTICLE 7
## MANDATORY BUY-SELL PROVISIONS

7.01. The Corporation shall have the first right of refusal to buy out any individual shareholder, which must be exercised within 60 days, if any of the following occur:

(a) Death of a shareholder;
(b) Attempt to sell by a shareholder.

7.01. If a Shareholder wishes to sell his shares, he must notify the Board of Directors in writing of his intent to do so. The writing shall include the number of shares to be sold, the price to be sold at, the name of the potential buyer, and a signed statement that the potential sale is a bona fide transaction. Such a writing will trigger action under 7.01(b) above.

7.03. If any of the above occur and the Corporation does not have sufficient funds to purchase the seller's shares, the remaining Shareholders shall have the first right of refusal to purchase said shares on a pro rata basis of their ownership.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

8.01. **Necessary Acts.** All parties to this Agreement will perform any acts, including the execution of any documents that may be reasonably necessary to fully carry out the provisions and intent of this Agreement.

8.02. **Notices.** All notices, demands, requests, or other communications required or permitted by this Agreement shall be in writing and shall be deemed duly served when personally delivered to the party or to an officer or agent of the party, or when deposited in the United States mail, first-

6

**EXHIBIT "1"**
**PAGE 18**

class postage prepaid, addressed to the Corporation or to a Shareholder at the address appearing for him or her on the books and records of the Corporation, or at any other address the party may designate by written notice to the others.

8.03. **Remedies.**  The parties will have all the remedies available to them for breach of this Agreement by law or in equity. The parties further agree that in addition to all other remedies available in law or in equity, the parties will be entitled to specific performance of the obligations of each party to this Agreement and immediate injunctive relief. The parties also agree and that if an action is brought in equity to enforce a party's obligations, no party will argue, as a defense, that there is an adequate remedy at laws.

8.04. **Attorney's Fees.**  In the event of any litigation concerning this Agreement between the parties to this Agreement or the parties to this Agreement and the estate of any deceased Shareholder, the prevailing party shall be entitled, in addition to any other relief that may be granted, to reasonable attorney's fees.

8.05. **Binding on Successors and Assigns.**  This Agreement will be binding on the parties to the Agreement and on each of their heirs, executors, administrators, successors, and assigns.

8.06. **Severability.**  If any provision is unenforceable or invalid for any reason, the remaining provisions shall be unaffected by such a holding.

8.07. **Governing Law.**  This Agreement shall be construed according to and governed by the law of the State of Oregon.

8.08. **Entire Agreement.**  This instrument constitutes the entire Shareholder Agreement of the Corporation and correctly sets forth the rights, duties, and obligations of each Shareholder and of each Shareholder to the other. Any prior agreements or promises not expressly set forth in this Agreement are of no force or effect.

THE SHAREHOLDERS

Earnesty, Inc.
By: Tuong Nguyen

DavidPaul Doyle

7

**EXHIBIT "1"**
**PAGE 19**

Case 8:20-bk-13335-SC    Doc 638    Filed 02/12/22    Entered 01/21/19 15:23:32    Desc 73
Main Document      Page 403 of 558

EXECUTIVE CONTRACT

This Agreement is entered into on October 4, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

1.    Responsibilities:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

2.    Term:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

3.    Compensation:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

4.    Benefits:  Founder shall be eligible to participate in all benefit plans generally available to Company executives.

In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated
DBA NatureWise

DavidPaul Doyle
Founder and CBO

By: _____
Tuong Nguyen
Chief Executive Officer

_____


**EXHIBIT "1"**
**PAGE 20**

**EXHIBIT "2"**

**INTP, APLDIST, APPEAL**

## U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:20-bk-13335-SC

|  |  |
|---|---|
| | *Date filed:* 12/04/2020 |
| | *Debtor discharged:* 02/02/2022 |
| *Assigned to:* Scott C Clarkson | *Plan confirmed:* 12/17/2021 |
| Chapter 11 | *341 meeting:* 01/08/2021 |
| Voluntary | *Deadline for filing claims:* 05/31/2021 |
| Asset | *Deadline for filing claims (govt.):* 06/02/2021 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor***<br>**Heartwise, Inc.**<br>2973 Harbor Blvd., #472<br>Costa Mesa, CA 92626<br>ORANGE-CA<br>Tax ID / EIN: 45-5252765<br>*dba* **Heartwise Wonder Incorporation**<br>*dba* **Naturewise** | represented by **Michael Jay Berger**<br>9454 Wilshire Blvd 6th Fl<br>Beverly Hills, CA 90212-2929<br>310-271-6223<br>Fax : 310-271-9805<br>Email: michael.berger@bankruptcypower.com<br>*TERMINATED: 12/16/2020*<br><br>**RONALD CLIFFORD**<br>R. Clifford & Associates<br>1100 TOWN AND COUNTRY RD., SUITE 1250<br>ORANGE, CA 92868<br>949-533-9774<br>*TERMINATED: 01/26/2022*<br><br>**Matthew Grimshaw**<br>Marshack Hays LLP<br>870 Roosevelt Avenue<br>Irvine, CA 92620<br>949-333-7777<br>Fax : 949-333-7778<br>Email: mgrimshaw@marshackhays.com |
| ***U.S. Trustee***<br>**United States Trustee (SA)**<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4593<br>(714) 338-3400 | represented by **Nancy S Goldenberg**<br>411 W Fourth St Ste 7160<br>Santa Ana, CA 92701-8000<br>714-338-3416<br>Fax : 714-338-3421<br>Email: nancy.goldenberg@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 09/01/2021 | 437<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)428 Order on Motion to Appear pro hac vice (BNC-PDF)) |

**EXHIBIT "2"**

**PAGE 21**

| | | |
|---|---|---|
| | | No. of Notices: 1. Notice Date 09/01/2021. (Admin.) (Entered: 09/01/2021) |
| 09/02/2021 | 438 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)435 Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 09/02/2021. (Admin.) (Entered: 09/02/2021) |
| 09/08/2021 | 441 | Hearing Held (RE: related document(s)202 First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization) Disclosure Statement Approved. Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. Plan Confirmation is et for November 10, 2021 at 2:00 PM. Court to Prepare Order. (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 439 (2 pgs) | Order on Approval of First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization. (BNC-PDF) Signed on 9/9/2021 (RE: related document(s)202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.). Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 440 | Hearing Set (RE: related document(s)201 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 442 (109 pgs; 2 docs) | Notice *of Intention to Withdraw Debtor's Proposed Plan of Reorganization and Initiate a Sale of the Debtor and Request to Revise Schedule* Filed by Interested Party DavidPaul Doyle (RE: related document(s)201 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (Redlined)])). (Attachments: # 1 Appendix Appendix of Authorities) (Glicksman, Jared) (Entered: 09/09/2021) |
| 09/09/2021 | 443 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* |

**EXHIBIT "2"**

**PAGE 22**

| | | |
|---|---|---|
| | | Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |
| 09/09/2021 | 444 (6 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |
| 09/11/2021 | 445 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)439 Order Approving Disclosure Statement (BNC-PDF)) No. of Notices: 1. Notice Date 09/11/2021. (Admin.) (Entered: 09/11/2021) |
| 09/13/2021 | 446 (3 pgs) | Order Approving in Part, and Denying in Part, Heatwise Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 369 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/13/2021 | 447 (2 pgs) | Order Approving in part, and Denying in Part, Heartwise, Inc's Motion to Estimate Claim No. 7 for all Purpose, Including, for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 373 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/14/2021 | 448 (3 pgs) | BAP Order Dismissing Appeal Re: Appeal BAP Number: CC-21-1164 - RULING: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit On 9/13/2021) (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc). (Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 449 (2 pgs) | Order Dismissing Appeal RE: Appeal BAP Number: CC-21-1164, Ruling: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 9/13/2021) RE: related document(s) 342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc).(Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 450 | Notice to Pay Court Costs Due Sent To: Ronald A Clifford, General Insolvency Counsel for Heartwise, Inc, Total Amount Due $0 . (Daniels, Sally) (Entered: 09/14/2021) |

**EXHIBIT "2"**

**PAGE 23**

| 09/15/2021 | 451<br>(29 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 09/15/2021) |
|---|---|---|
| 09/15/2021 | 452<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)446 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/15/2021 | 453<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)447 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/17/2021 | 454<br>(132 pgs) | Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 455<br>(7 pgs) | Declaration re: *[Declaration of Tuong Nguyen In Support of Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 456<br>(4 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 457 | Hearing Set (RE: related document(s)454 Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/18/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/17/2021) |
| 09/21/2021 | 458<br>(1 pg) | Transcript Order Form, regarding Hearing Date 09/15/2021 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 09/21/2021) |
| 09/21/2021 | 459 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-24. RE Hearing Date: 09/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)458 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 09/21/2021) |
| 09/22/2021 | 460<br>(39 pgs; 2 docs) | Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s* |

**EXHIBIT "2"**

**PAGE 24**

| | | |
|---|---|---|
| | | *Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 461 (100 pgs; 2 docs) | Disclosure Statement *[First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.. (Attachments: # 1 [Redlined] First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 462 (7 pgs) | Notice of Hearing *[Notice of: (1) Hearing on Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization; and (2) Related Confirmation Procedures and Deadlines]* Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD). Related document(s) 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.. Modified on 9/22/2021 (Le, James). (Entered: 09/22/2021) |
| 09/29/2021 | 463 (9 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 464 (6 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o].* (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 465 (7 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 466 | Hearing Set (RE: related document(s)463 Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/29/2021) |
| 10/04/2021 | 467 (5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of* |

**EXHIBIT "2"**

**PAGE 25**

| | | |
|---|---|---|
| | | *Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) Warning: Item subsequently amended by docket entry no: 472 Modified on 10/5/2021 (Le, James). (Entered: 10/04/2021) |
| 10/04/2021 | [468](#) (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Approving Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[467](#) Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [469](#) (57 pgs) | Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [470](#) (5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]*). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [471](#) (4 pgs) | Notice of Hearing *[Notice of Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/05/2021 | 472 | Notice to Filer of Error and/or Deficient Document **Document filed without Mark F. Foley's holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)[467](#) Stipulation filed by Debtor Heartwise, Inc.) (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | 473 | Hearing Set (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | [474](#) (5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (with holographic signature)]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/05/2021) |
| 10/11/2021 | [475](#) (97 pgs; 2 docs) | Response to (related document(s): [469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* filed by Debtor Heartwise, Inc.) Filed by Interested Party DavidPaul Doyle (Attachments: # [1](#) Appendix) (Glicksman, Jared) (Entered: 10/11/2021) |

**EXHIBIT "2"**

**PAGE 26**

| | | |
|---|---|---|
| 10/11/2021 | [476](#) (13 pgs) | Opposition to (related document(s): [463](#) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.) Creditor Vitamins Online, Inc.s Limited Opposition to Heartwise, Inc.s Second Motion for an Order Pursuant to 11 U.S.C. § 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/11/2021)* |
| 10/12/2021 | [477](#) (2 pgs) | Order Approving Stipulation Approving Heartwise's Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan or Reorganization (BNC-PDF) (Related Doc # [467](#) ) Signed on 10/12/2021 (Le, James) (Entered: 10/12/2021) |
| 10/14/2021 | [478](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[477](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |
| 10/15/2021 | [479](#) (8 pgs) | Reply to (related document(s): [463](#) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.) [Reply to Limited Opposition to Heartwise, Inc.'s Second Motion for An Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization] Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/15/2021)* |
| 10/15/2021 | [480](#) (28 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # [1](#) General Account Statement # [2](#) Payroll Account Statement # [3](#) Tax Account Statement # [4](#) PayPal Account Statement) (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | [481](#) (13 pgs) | Reply to (related document(s): [469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay] filed by Debtor Heartwise, Inc.) [Reply to Response to Motion for Sanctions for Willful Violations of the Automatic Stay] Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/15/2021)* |
| 10/15/2021 | [482](#) (94 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Interested Party DavidPaul Doyle (RE: related document(s)[460](#) Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[135](#) Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Attachments: # [1](#) Declaration of David Paul Doyle)(Glicksman, Jared) (Entered: 10/15/2021) |
| 10/15/2021 | [483](#) (26 pgs) | Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to* |

| | | |
|---|---|---|
| | | *Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/15/2021) |
| 10/15/2021 | 484 (7 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Opposition to Confirmaiton of Debtor's First Amended Plan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 10/15/2021) |
| 10/18/2021 | 485 | Hearing Held (RE: related document(s)454 Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) Motion is Moot. Matter Resolved by Stipulation. (Le, James) (Entered: 10/19/2021) |
| 10/19/2021 | 486 (39 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (RE: related document(s)483 Opposition to (related document(s): 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/19/2021) |
| 10/19/2021 | 487 (32 pgs) | Opposition to (related document(s): 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/19/2021) |
| 10/20/2021 | 488 (51 pgs) | Supplemental *Appendix Of State Statutes And Secondary Authorities For Objection Of DavidPaul Doyle To Debtors Proposed First Amended Plan Of Reorganization (Doc. No. 482)* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared). Related document(s) 482 Objection to Confirmation of the Plan filed by Interested Party DavidPaul Doyle. Modified on 10/20/2021 (Le, James). (Entered: 10/20/2021) |
| 10/22/2021 | 489 (23 pgs) | Reply to (related document(s): 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *[Omnibus Reply to Oppositions to Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/22/2021) |
| 10/25/2021 | 493 | Hearing Held (RE: related document(s)469 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle. (Le, James) (Entered: 10/27/2021) |
| 10/25/2021 | 494 | Hearing Held (RE: related document(s)463 Motion to Extend/Limit Exclusivity Period filed by Debtor Heartwise, Inc.) Motion Granted. Order by Movant. (Le, James) (Entered: 10/27/2021) |
| 10/26/2021 | 490 (4 pgs) | Notice of Change of Address . (Kim, Monica) (Entered: 10/26/2021) |
| 10/26/2021 | 491 (16 pgs) | Reply to (related document(s): 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc., 483 Opposition filed by Creditor Vitamins |

**EXHIBIT "2"**
**PAGE 28**

| | | |
|---|---|---|
| | | Online, Inc) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 10/26/2021) |
| 10/26/2021 | 492 (69 pgs) | Declaration re: *Declaration of James Magleby ISO Reply Memorandum of MCG in Support of First Amended Chapter 11 Plan of Reorganization, Exhibits A-E* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)491 Reply). (Malo, Aaron) (Entered: 10/26/2021) |
| 10/29/2021 | 495 (29 pgs) | Brief *[Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/29/2021 | 496 (10 pgs) | Declaration re: *[Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)495 Brief). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/30/2021 | 497 (25 pgs) | Reply to (related document(s): 277 Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | 498 (91 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)497 Reply). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | 499 (5 pgs) | Notice *of Hearing on Magleby Cataxinos & Greenwood, PC's Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2] (ECF No. 277)* Filed by Creditor Vitamins Online, Inc (RE: related document(s)497 Reply to (related document(s): 277 Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | 500 | Hearing Set (RE: related document(s)277 Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) The Hearing date is set for 11/22/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/01/2021) |
| 11/01/2021 | 501 (6 pgs; 2 docs) | Notice of lodgment *of Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay* Filed by Interested Party DavidPaul Doyle (RE: related document(s)469 Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc., 493 Hearing Held (RE: related document(s)469 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle.). (Attachments: # 1 Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay) (Glicksman, Jared) (Entered: 11/01/2021) |

**EXHIBIT "2"**

**PAGE 29**

| Date | Doc | Description |
|---|---|---|
| 11/01/2021 | [502](#) (4 pgs) | Notice of lodgment Filed by Debtor Heartwise, Inc. (RE: related document(s)[463](#) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/01/2021) |
| 11/03/2021 | [503](#) (2 pgs) | Order Denying Motion For Sanctions for Violation of the Automatic Stay (BNC-PDF) (Related Doc # [469](#) ) Signed on 11/3/2021 (Le, James) (Entered: 11/03/2021) |
| 11/03/2021 | 513 | Hearing Continued (RE: related document(s)[1](#) STATUS CONFERENCE HEARING RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. No Status Report Required. Court to Prepare Order. (Le, James) (Entered: 11/05/2021) |
| 11/04/2021 | [504](#) (2 pgs) | Order Continuing Status Conference to November 10, 2021 at 2:00 PM. No Updated Status Report is Required. (See Order for Further Ruling) (BNC-PDF) (Related Doc # [1](#) STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 11/4/2021 (Le, James) (Entered: 11/04/2021) |
| 11/04/2021 | [505](#) (6 pgs) | Declaration re: *DavidPaul Doyle's Declaration Regarding Live Witnesses for Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/04/2021) |
| 11/04/2021 | [506](#) (4 pgs) | Notice *[Notice of Confirmation of New Value Contribution in Support of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[460](#) Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[135](#) Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | [507](#) (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[460](#) Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | [508](#) (7 pgs) | Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | [509](#) (6 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related |

**EXHIBIT "2"**

**PAGE 30**

| | | |
|---|---|---|
| | | document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 510 (12 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 511 (4 pgs) | Declaration re: *Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/04/2021) |
| 11/05/2021 | 512 (2 pgs) | Order Granting Heartwise, Inc's Second Motion for an Order Pursuant to 11 U.S.C. Section 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization - Deadline Extended to January 31, 2022 (BNC-PDF) (Related Doc # 463) Signed on 11/5/2021 (Le, James) (Entered: 11/05/2021) |
| 11/05/2021 | 514 (90 pgs) | Exhibit *[Valuation Report and Analysis of Sikich LLP Report in Further Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/05/2021) |
| 11/05/2021 | 515 (6 pgs) | Declaration re: *DECLARATION OF AARON J. MALO REGARDING MAGLEBY CATAXINOS & GREENWOOD, P.C.S WITNESSES AND EXHIBITS FOR PLAN CONFIRMATION HEARING* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)460 Amended Chapter 11 Plan). (Malo, Aaron) (Entered: 11/05/2021) |
| 11/05/2021 | 516 (2 pgs) | Declaration re: Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 517 (3 pgs) | Proof of service *re: Supplemental Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 518 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)503 Order on Motion for Sanctions for Violation of the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 11/05/2021. (Admin.) (Entered: 11/05/2021) |
| 11/06/2021 | 519 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)504 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/06/2021. (Admin.) (Entered: 11/06/2021) |
| 11/07/2021 | 520 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)512 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/08/2021 | 521 | Objection (related document(s): 496 Declaration filed by Debtor |

**EXHIBIT "2"**

**PAGE 31**

| | | |
|---|---|---|
| | (13 pgs) | *Heartwise, Inc.) Creditor Vitamins Online, Inc.'s Evidentiary Objections to the Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [522](#) (6 pgs) | Motion to Appear pro hac vice *Application of Non-resident Attorney James E. Magleby to Appear in a Specific Case [LBR 2090-1(b)]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/08/2021) |
| 11/08/2021 | [523](#) (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Berger, Michael. (Berger, Michael) (Entered: 11/08/2021) |
| 11/08/2021 | [524](#) (8 pgs) | Declaration re: *Declaration of Dean G. Rallis Jr. Regarding Offer of Vitamins Online to Acquire the Equity of Reorganized Debtor Heartwise, Inc.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[460](#) Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [525](#) (19 pgs) | Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [526](#) (224 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims Are Unenforceable Against the Estate* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Objection to Claim). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | 527 | Hearing Set (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/09/2021) |
| 11/09/2021 | [528](#) (9 pgs) | Declaration re: *Declaration of DavidPaul Doyle in Response to Eureka Valuation Report of November 5, 2021 and in support of Objections to Confirmation* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/09/2021) |
| 11/09/2021 | [529](#) (3 pgs) | Notice *Notice of Objection to Claim No. 5* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |
| 11/09/2021 | [530](#) (3 pgs) | Notice *Notice of Objection to Claim No. 12* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |

**EXHIBIT "2"**

**PAGE 32**

| Date | Doc | Description |
|---|---|---|
| 11/10/2021 | 531<br>(1 pg) | Order Granting Application of Non-Resident Attorney to Appear in a Specific Case (James E. Magleby) (BNC-PDF) (Related Doc # 522 ) Signed on 11/10/2021 (Le, James) (Entered: 11/10/2021) |
| 11/10/2021 | 532<br>(30 pgs) | Notice *Notice of Submission of Declaration of Osman Khan Regarding Purchase of DavidPaul Doyle's Rights and Interests in Debtor* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Rallis, Dean) (Entered: 11/10/2021) |
| 11/10/2021 | 533<br>(1 pg) | Transcript Order Form, regarding Hearing Date 11/10/21 Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/10/2021) |
| 11/10/2021 | 547 | Hearing Continued (RE: related document(s)460 Hearing RE: Confirmation of First Amended Chapter 11 Plan of Reorganization) Confirmation hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/10/2021 | 548 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE HEARING RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/11/2021 | 534<br>(5 pgs) | Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration* Filed by Interested Party DavidPaul Doyle (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 535<br>(3 pgs) | Declaration re: *Declaration of Mark F. Foley in Support of Emergency Motion Pursuant to LBR 9075 for Reconsideration of the Court's Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s)534 Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration*. (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 536 | Hearing Set (RE: related document(s)534 Emergency motion filed by Interested Party DavidPaul Doyle) The Hearing date is set for 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 537 | Transcript Order Form , regarding Hearing Date 11-10-21 (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 538 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-28. RE Hearing Date: 11-10-21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) |

**EXHIBIT "2"**

**PAGE 33**

| | | |
|---|---|---|
| | | 272-0022, ext. 201 or ext. 206.] (RE: related document(s)537 Transcript Order Form) (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 539 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604568. Fee amount 32.00. (re: Doc# 539) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 540 (1 pg) | Request for CD of Court Proceedings re. 11/10/2021 Hearing. Fee Amount $32, Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604690. Fee amount 32.00. (re: Doc# 540) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 541 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)531 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 11/12/2021. (Admin.) (Entered: 11/12/2021) |
| 11/14/2021 | 542 (22 pgs) | Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/14/2021) |
| 11/14/2021 | 543 (4 pgs) | Notice of Hearing Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/14/2021) |
| 11/14/2021 | 544 (22 pgs; 2 docs) | Notice *Objections To Earnesty, LLC's Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding)* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of William Gardner) (Glicksman, Jared) (Entered: 11/14/2021) |
| 11/14/2021 | 545 | Hearing Set (RE: related document(s)542 Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/15/2021 | 546 (91 pgs) | Transcript regarding Hearing Held 11/10/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 11/22/2021. Redaction Request Due By 12/6/2021. Redacted Transcript Submission Due By 12/16/2021. Transcript access will be restricted through 02/14/2022. (Hyatt, Mitchell) (Entered: 11/15/2021) |
| 11/15/2021 | 549 | Reply to (related document(s): 277 Objection to Claim filed by Interested |

**EXHIBIT "2"**

**PAGE 34**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| | (19 pgs) | Party Magleby Cataxinos & Greenwood, 497 Reply filed by Creditor Vitamins Online, Inc, 498 Declaration filed by Creditor Vitamins Online, Inc, 499 Notice filed by Creditor Vitamins Online, Inc, 500 Hearing (Bk Motion) Set) *Reply Memorandum of Magleby Cataxinos & Greenwood, P.C. in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/15/2021) |
| 11/15/2021 | 550 (32 pgs) | Declaration re: *Declaration of James Magleby in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)277 Objection to Claim, 497 Reply, 498 Declaration, 499 Notice, 500 Hearing (Bk Motion) Set, 549 Reply). (Malo, Aaron) (Entered: 11/15/2021) |
| 11/17/2021 | 551 (4 pgs) | Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing (BNC-PDF) (Related Doc # 534 ) Signed on 11/17/2021 (Le, James) (Entered: 11/17/2021) |
| 11/18/2021 | 552 (18 pgs) | Declaration re: *Declaration of Chad Nydegger re Subpoenas Served by Magleby Cataxinos & Greenwood, P.C.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/18/2021) |
| 11/19/2021 | 553 (1 pg) | Order Continuing Status Conference to December 13, 2021 at 2:00 PM. No Status Report is Required. (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Signed on 11/19/2021 (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 554 (1 pg) | Transcript Order Form, regarding Hearing Date 11/12/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 11/19/2021) |
| 11/19/2021 | 555 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-31. RE Hearing Date: 11/12/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)554 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 556 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)551 ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 11/19/2021. (Admin.) (Entered: 11/19/2021) |
| 11/20/2021 | 557 (27 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Account Bank Statement (Redacted) # 2 PayPal Account Statement (Redacted) # 3 Tax Bank Account Statement (Redacted) # 4 Payroll Bank Account Statement (Redacted)) (CLIFFORD, RONALD) (Entered: 11/20/2021) |
| 11/21/2021 | 558 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)553 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/21/2021. (Admin.) (Entered: 11/21/2021) |
| 11/22/2021 | 559 | Hearing Continued (RE: related document(s)277 Limited Objection to |

| | | |
|---|---|---|
| | | Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) The Hearing date is set for 12/20/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Deadline to file a Declaration regarding Witness and Exhibits is December 15, 2021. Deadline for Document Production is December 10, 2021. Oppositions to any Emergency Motion for Quashing the Subpoena is due 7 days thereafter and determined without a hearing. Court to Prepare Order. (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 560<br>(2 pgs) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] and Setting Related Deadlines - Hearing Continued to December 20, 2021 at 9:00 AM. December 10, 2021 as the deadline for Document Production. December 15, 2021 as the deadline for filing Declarations stating Witnesses to be called and Exhibits to be used. December 17, 2021 as the deadline for filing Oppositions to any Emergency Motion filed for Quashing a Subpoena; the Court will consider and rule on such Motions without a Hearing. (BNC-PDF) (Related Doc # 277 ) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 561<br>(17 pgs) | Memorandum Decision and Order - The Court overrules all objections to plan confirmation made by VOL and directs Heartwise to lodge a confirmation order and findings of fact and conclusions of law consistent with this Memorandum Decision within fourteen (14) days of the date of entry of this Memorandum Decision (BNC-PDF) (Related Doc # 460 Confirmation of Amended Chapter 11 Plan of Reorganization) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |
| 11/24/2021 | 562<br>(11 pgs) | Transcript regarding Hearing Held 11/12/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/22/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/1/2021. Redaction Request Due By 12/15/2021. Redacted Transcript Submission Due By 12/27/2021. Transcript access will be restricted through 02/22/2022. (Hyatt, Mitchell) (Entered: 11/24/2021) |
| 11/24/2021 | 563<br>(52 pgs; 3 docs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases)(Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)( 8:20-bk-13335-MW) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A53647307. Fee amount 298.00. (re: Doc# 563) (U.S. Treasury) (Entered: 11/24/2021) |
| 11/24/2021 | 564<br>(41 pgs; 4 docs) | Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service) (Glicksman, Jared) (Entered: 11/24/2021) |

**EXHIBIT "2"**

**PAGE 36**

| | | |
|---|---|---|
| 11/24/2021 | 565<br>(8 pgs) | Notice of lodgment Filed by Interested Party DavidPaul Doyle (RE: related document(s)564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | 566<br>(5 pgs; 2 docs) | Notice *Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW* Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases), 564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Attachments: # 1 proof of service) (Glicksman, Jared) Warning: Item subsequently amended by docket entry no: 567 Modified on 11/24/2021 (Le, James). (Entered: 11/24/2021) |
| 11/24/2021 | 567 | Notice to Filer of Correction Made/No Action Required: **Other - Non-compliance with LBR 9004-1 and Court Manual 2-5(c)(3) - PDF does not have proper caption page. <span style="color:green">THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.</span>** (RE: related document(s)566 Notice filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/24/2021) |
| 11/25/2021 | 568<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/25/2021 | 569<br>(19 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)561 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/29/2021 | 570<br>(70 pgs; 6 docs) | Notice Of Referral Of Appeal To United States District Court with certificate of mailing (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW # 3 Notice of Transcript(s) Designated for an Appeal # 4 Transcript Order Form # 5 Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit) (Bolte, Nickie) (Entered: 11/29/2021) |
| 11/30/2021 | 571<br>(4 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC* Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/30/2021) |

**EXHIBIT "2"**

**PAGE 37**

| 12/01/2021 | 572<br>(67 pgs) | Stipulation By Earnesty LLC and *Vitamins Online, Inc., Osman Khan, DavidPaul Doyle, von Briesen & Roper S.C., and Hahn & Hahn LLP Concerning Subpoenas Served by Earnesty LLC* Filed by Interested Party Earnesty LLC (Bisconti, Anthony) (Entered: 12/01/2021) |
| 12/02/2021 | 573<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 574<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 575 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-033. RE Hearing Date: 11/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)573 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/02/2021 | 576 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-034. RE Hearing Date: 11/16/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)574 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/06/2021 | 577<br>(2 pgs) | Assignment notice of USDC case/judge to appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at Untied States District Court on 12/2/2021) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 12/06/2021) |
| 12/06/2021 | 578<br>(1 pg) | Transcript Order Form, regarding Hearing Date 10/25/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | 579 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-35. RE Hearing Date: 10/25/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)578 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/06/2021) |
| 12/06/2021 | 580<br>(53 pgs; 2 docs) | Brief *Response To Vitamins Online, Inc.'s Omnibus Objection To Claims 5 And 12 Filed By Magleby Cataxinos & Greenwood, P.C* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Attachments: # 1 Affidavit Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cataxinos & Greenwood, P.C.) (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |

EXHIBIT "2"

PAGE 38

| | | |
|---|---|---|
| 12/06/2021 | **581**<br>(32 pgs) | Affidavit Re: *Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cat Axinos & Greenwood, P.C.* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |
| 12/06/2021 | **582**<br>(90 pgs; 2 docs) | Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | **583**<br>(14 pgs; 2 docs) | Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | **584**<br>(12 pgs) | Notice of lodgment *of Proposed Order* Filed by Interested Party DavidPaul Doyle (RE: related document(s)583 Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/07/2021 | **585**<br>(2 pgs) | Order Approving Stipulation Concerning Subpoenas Served by Earnesty, LLC - The December 13, 2021 at 2:00 PM Hearing on Motion to Quash Subpeona Served by Debtor's Purported Majority Shareholder Earnest, LLC is Vacated. (See Order for Further Ruling) (BNC-PDF) (Related Doc # 572 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 586 | Notice to Filer of Correction Made/No Action Required: **Other - Correct hearing date is December 13, 2021 at 2:00 PM. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)580 Brief filed by Interested Party Magleby Cataxinos & Greenwood, 581 Affidavit filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **587**<br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing Set for December 13, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 583 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 588 | Hearing Set (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyles Participation in the Confirmation Hearing filed by Interested Party DavidPaul Doyle) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **589**<br>(2 pgs) | Order Denying without Prejudice Motion to Permit David Paul Doyle to File Transcripts of November 10, 2021 and November 12, 2021 Hearings Under Seal (Docket No. 564) - No Renewed Motion in this Matter shall be Filed prior to January 7, 2022. (Related Doc # 564 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **590**<br>(43 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s First Amended Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* |

**EXHIBIT "2"**
**PAGE 39**

| | | |
|---|---|---|
| | | Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/07/2021) |
| 12/07/2021 | 591 (37 pgs; 3 docs) | Application shortening time *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (Attachments: # 1 Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] # 2 Declaration Of Chad Nydegger Re Application For Order Setting Hearing On Shortened Notice) (Rallis, Dean) Warning: Item subsequently amended by docket entry no:591 Modified on 12/8/2021 (Le, James). (Entered: 12/07/2021) |
| 12/08/2021 | 592 | Notice to Filer of Error and/or Deficient Document **Motion for Reconsideration needs to be filed separately from the Application for Order Shortening Time. THE FILER IS INSTRUCTED TO FILE THE MOTION FOR RECONSIDERATION IN A SEPERATE DOCKET ENTRY IMMEDIATELY.** (RE: related document(s)591 Application shortening time filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 12/08/2021) |
| 12/08/2021 | 593 (7 pgs) | Notice of Hearing Filed by Interested Party DavidPaul Doyle (RE: related document(s)582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 594 (24 pgs) | Transcript regarding Hearing Held 10/25/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 595 (28 pgs) | Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/08/2021) |
| 12/08/2021 | 596 (109 pgs) | Notice *of Filing of Transcripts for November 10, 2021, and November 12, 2021 pursuant to the Court's Order [DKT 587]* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 597 (22 pgs) | Transcript regarding Hearing Held 09/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION |

| | | |
|---|---|---|
| | | SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 598 (15 pgs) | Declaration re: *Mark F. Foley Re: Notice and service of DavidPaul Doyle's Motion to Stay Pending Appeal andRelated Documents and Order [Dkt. 587]* Filed by Interested Party DavidPaul Doyle (RE: related document(s)587 ORDER shortening time (BNC-PDF)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 599 (14 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 12/22/2021. Transmission of Designation Due by 01/7/2022. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 600 (6 pgs) | Statement of Issues on Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 601 (6 pgs) | Notice Of Transcript(s) Designated For An Appeal: Hearing Date(s): 11/15/2021 At 9:00 A.M.; 11/16/2021 At 9:00 A.M.; 11/10/2021 - Docket No.: 546; 11/12/2021 - Docket No.: 562; and 09/15/2021 - Docket No.: 597 Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). (Glicksman, Jared) Modified on 12/22/2021 (Bolte, Nickie). (Entered: 12/08/2021) |
| 12/08/2021 | 602 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/8/2021. (RE: related document(s) 573 Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 603 (244 pgs) | Transcript regarding Hearing Held 11/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/09/2021 | 604 (2 pgs) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magleby Cataxinos & Greenwood, P.C. from December 13, 2021 at 2:00 PM to December 20, 2021 at 9:00 AM (BNC-PDF) (Related Doc # 525 ) Signed on 12/9/2021 (Le, James) (Entered: 12/09/2021) |
| 12/09/2021 | 605 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)585 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| 12/09/2021 | 606 | BNC Certificate of Notice - PDF Document. (RE: related document(s)587 |

**EXHIBIT "2"**

**PAGE 41**

|  | (7 pgs) | ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| --- | --- | --- |
| 12/10/2021 | 607 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing set for December 15, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 591 ) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 608 | Hearing Set (RE: related document(s)595 Motion to Reconsider filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/15/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 609 (1 pg) | Order Continuing Status Confernece to January 10, 2022 at 2:00 PM - No Status Report is Required (BNC-PDF) (Related Doc # 1) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 610 (2 pgs) | Order Continuing Motion for Stay Pending Appeal (Docket No. 582) to December 15, 2021 at 2:00 PM (BNC-PDF) Signed on 12/10/2021 (RE: related document(s)582 Motion To Stay Pending Appeal filed by Interested Party DavidPaul Doyle). (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 611 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/10/2021. (RE: related document(s) 574 Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 612 (141 pgs) | Transcript regarding Hearing Held 11/16/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/10/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/17/2021. Redaction Request Due By 01/3/2022. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/10/2022. (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 613 (13 pgs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) *[Heartwise, Inc.'s Opposition to DavidPaul Doyle's Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing, Chapter 11 Plan or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/10/2021) |
| 12/10/2021 | 614 (56 pgs; 3 docs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Declaration of Anthony R. Bisconti in support thereof # 2 Proof of Service) (Bisconti, Anthony) (Entered: 12/10/2021) |
| 12/10/2021 | 615 (19 pgs) | Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/10/2021) |

**EXHIBIT "2"**

**PAGE 42**

| 12/10/2021 | 616<br>(5 pgs) | Declaration re: *Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 617<br>(62 pgs) | Declaration re: *Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 618<br>(10 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/11/2021 | 619<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)604 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/11/2021. (Admin.) (Entered: 12/11/2021) |
| 12/12/2021 | 620<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)607 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | 621<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)609 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | 622<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)610 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/13/2021 | 623<br>(16 pgs) | Declaration re: *Declaration Of Jessica L. Evans Regarding Telephonic Notice And Service Re: Hearing On Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)607 ORDER shortening time (BNC-PDF)). (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | 624<br>(17 pgs) | Reply to (related document(s): 525 Objection to Claim filed by Creditor Vitamins Online, Inc) *Creditor Vitamins Online, Inc.s Reply In Support Of Omnibus Objection To Magleby Cataxinos & Greenwood, P.C.s Claim Nos. 5-2 And 12 On Grounds That MCG Is Not A Creditor And The Claims Are Not Enforceable* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | 659 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - STATUS CONFERENCE |

**EXHIBIT "2"**

**PAGE 43**

| | | |
|---|---|---|
| | | CONTINUED TO JANUARY 10, 2022 AT 2:00 PM ENTERED 12-10-21. (DOCKET NO. 609). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 660 | Hearing Held (RE: related document(s)542 Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) OFF CALENDAR - MOTION WITHDRAWN PER ORDER APPROVING STIPULATION CONCERNING SUBPOENAS SERVED BY EARNESTY, LLC ENTERED ON 12-7-21 (DOCKET NO. 585). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 661 | Hearing Continued (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING OMNIBUS OBJECTION TO DECEMBER 20, 2021 AT 9:00 AM ENTERED 12-9-21 (DOCKET NO. 604). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 662 | Hearing Continued (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan [Dkt 460]) OFF CALENDAR - HEARING CONTINUED TO DECEMBER 15, 2021 AT 2:00 PM PER ORDER ENTERED 12-10-21 (DOCKET NO. 610). (Le, James) (Entered: 12/20/2021) |
| 12/14/2021 | 625 (9 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *[Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum Decision and Order]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/14/2021) |
| 12/14/2021 | 626 (2 pgs) | Order on Draft Emergency Motion by Vitamins Online, Inc. - Oral Motion at Wednesday, December 15, 2021 at 2:00 PM. Draft of Emergency Motion to be served on Heartwise's Counsel by Email priot to Noon on December 14, 2021. No New Motions of Any Kind be Calendared for Hearing prior to January 5, 2022. No Application for an Order Shortening Time Shall be Filed that Requests a Hearing Prior to January 5, 2022. No Newly-Filed Emergency Motion Shall Seek a Hearing Date Prior to January 5, 2022. No Other Kind of Matter Shall be Calendared for Hearing Before January 5, 2022. (BNC-PDF) (Related Doc # 1 ) Signed on 12/14/2021 (Le, James) (Entered: 12/14/2021) |
| 12/14/2021 | 627 (10 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 12/14/2021) |
| 12/14/2021 | 628 | Hearing Set (RE: related document(s)626 Hearing on Oral Emergency Motion by Vitamins Online Inc.) The Hearing date is set for 12/15/2021 at |

**EXHIBIT "2"**

**PAGE 44**

| | | 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/14/2021) |
|---|---|---|
| 12/14/2021 | [629](#)<br>(4 pgs) | Opposition to (related document(s): [595](#) Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document [591](#) Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *Opposition and Notice of Joinder in Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum of Decision and Order* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | [630](#)<br>(4 pgs) | Opposition to (related document(s): [582](#) Motion To Stay Pending Appeal (related documents [561](#) Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) *Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for Stay* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | [631](#)<br>(138 pgs; 2 docs) | Objection (related document(s): [590](#) Notice of Lodgment filed by Debtor Heartwise, Inc.) *Written Objections to Form of Proposed Order* Filed by Interested Party DavidPaul Doyle (Attachments: # [1](#) Redline comparing [Proposed] Order Confirming Heartwise, Inc.s First Amended Chapter 11 Plan of Reorganization Findings of Fact and Conclusions of Law vs. [Alternate Proposed] Order Findings of Fact and Conclusions of Law) (Glicksman, Jared) (Entered: 12/14/2021) |
| 12/15/2021 | [632](#)<br>(150 pgs; 2 docs) | Opposition to (related document(s): [615](#) Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc) Filed by Interested Party Magleby Cataxinos & Greenwood (Attachments: # [1](#) Affidavit Declaration of Aaron J. Malo ISO Magleby Cataxinos & Greenwood, P.C.'s Opposition to Vitamins Online, Inc.'s Motion to Quash) (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | [633](#)<br>(6 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witnesses and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)[560](#) ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | [634](#)<br>(8 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witness and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)[560](#) ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | [635](#)<br>(5 pgs) | Declaration re: *Declaration Of Chad E. Nydegger Regarding Vitamins Online, Incs Witnesses For Hearing On Claim Objections* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[560](#) ORDER to continue/reschedule hearing (BNC-PDF)). (Rallis, Dean) (Entered: 12/15/2021) |
| 12/15/2021 | 656 | Hearing Held (RE: related document(s)[582](#) Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order |

**EXHIBIT "2"**

**PAGE 45**

| | | |
|---|---|---|
| | | Confirming Debtor's Chapter 11 Plan [Dkt 460] Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 657 | Hearing Held (RE: related document(s)595 Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] filed by Creditor Vitamins Online, Inc) Taken Under Submission (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 658 | Hearing Held (RE: related document(s)626 Oral Hearing on Draft Emergency Motion) Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/16/2021 | 636 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/16/2021) |
| 12/16/2021 | 637 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-37. RE Hearing Date: 12/15/2021, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)636 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/16/2021) |
| 12/16/2021 | 638 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)626 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/16/2021. (Admin.) (Entered: 12/16/2021) |
| 12/17/2021 | 639 (1 pg) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] - Hearing Continued to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 277 Objection to Claim #3 by Claimant Vitamins Online, Inc. in the amount of $ $14,426,972.00 Filed by Interested Party Magleby Cataxinos & Greenwood) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 640 (1 pg) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magelby Cataxinos & Greenwood, P.C. (Docket No. 525) to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 641 (6 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Order to Deposit Funds Into The Court's Registry]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/17/2021) |
| 12/17/2021 | 642 | Order Setting Creditor Vitamins Online, Inc's Motion to Quash |

**EXHIBIT "2"**
**PAGE 46**

| | (1 pg) | Subpoenas Served by Magleby Cataxinos & Greenwood for January 10, 2022 at 2:00 PM. (BNC-PDF) (Related Doc # 615 ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 643 | Hearing Set (RE: related document(s)615 Motion to Quash filed by Creditor Vitamins Online, Inc) The Hearing date is set for 1/10/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 644 (25 pgs) | Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 645 (28 pgs) | Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 646 (1 pg) | Notice of order confirming chapter 11 plan (BNC) (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 647 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/16/2021. The Reporter Expects to Have the Transcript Completed by 12/17/2021. (RE: related document(s) 636 Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 648 (75 pgs) | Transcript regarding Hearing Held 12/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/17/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/27/2021. Redaction Request Due By 01/7/2022. Redacted Transcript Submission Due By 01/18/2022. Transcript access will be restricted through 03/17/2022. (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 649 (5 pgs) | Declaration re: *Declaration Of Dean G. Rallis Jr. Regarding The Missing Highlights In The Service Copy Of The Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.'s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)617 Declaration). (Rallis, Dean) (Entered: 12/17/2021) |
| 12/19/2021 | 650 (5 pgs) | BNC Certificate of Notice (RE: related document(s)646 Notice of order confirming chapter 11 plan (BNC)) No. of Notices: 31. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 651 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)639 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |

**EXHIBIT "2"**

**PAGE 47**

| 12/19/2021 | 652 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)640 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 653 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)642 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 654 (28 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)644 Order Confirming Chapter 11 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 655 (31 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)645 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/20/2021 | 663 (1 pg) | Order Continuing Status Conference Hearing to January 24, 2022 at 2:00 PM. No Updated Status Report is Required (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 12/20/2021 (Le, James) (Entered: 12/20/2021) |
| 12/20/2021 | 665 | Hearing Continued (RE: related document(s)277 Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED ON 12-17-21 (DOCKET NO. 639). (Le, James) (Entered: 12/22/2021) |
| 12/20/2021 | 666 | Hearing Continued (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED 12-17-21 (DOCKET NO. 640). (Le, James) (Entered: 12/22/2021) |
| 12/22/2021 | 664 (4 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal *[Appellee's Supplemental Designation of Record]* Filed by Debtor Heartwise, Inc. (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A), 563 Notice of Appeal and Statement of Election (Official Form 417A)). (CLIFFORD, RONALD) (Entered: 12/22/2021) |
| 12/22/2021 | 667 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)663 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/22/2021. (Admin.) (Entered: 12/22/2021) |
| 12/24/2021 | 668 (28 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (CLIFFORD, RONALD) (Entered: 12/24/2021) |
| 12/27/2021 | 669 (5 pgs) | Declaration re: non opposition *[Declaration of Tuong Nguyen in Support of Entry of Order to Deposit Funds into the Court's Registry]* Filed by |

**EXHIBIT "2"**

**PAGE 48**

| | | Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 12/27/2021) |
|---|---|---|
| 12/28/2021 | [670](#)<br>(7 pgs) | Notice *[Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[644](#) Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # [460](#) Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, [645](#) Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # [460](#) Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, [646](#) Notice of order confirming chapter 11 plan (BNC)). (CLIFFORD, RONALD) (Entered: 12/28/2021) |
| 12/29/2021 | [671](#)<br>(2 pgs) | Order to Deposit Funds into the Court's Registry. In the Amount of $14500000. Signed on 12/29/2021. (RE: related document(s)[460](#) Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) (Le, James) (Entered: 12/29/2021) |
| 12/29/2021 | [672](#)<br>(3 pgs) | Certificate Of Readiness And Completion Of Record On Appeal To United States District Court RE: USDC Case No. 8:21-cv-01961-AB (RE: related document(s)[563](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 12/29/2021) |
| 12/31/2021 | [673](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[671](#) Order Authorizing Interpleader Deposit (28 U.S.C. Section 1335) (BNC-PDF)) No. of Notices: 1. Notice Date 12/31/2021. (Admin.) (Entered: 12/31/2021) |
| 01/03/2022 | [674](#)<br>(13 pgs) | Reply to (related document(s): [632](#) Opposition filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 01/03/2022) |
| 01/03/2022 | [675](#)<br>(8 pgs) | Declaration re: *Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[674](#) Reply). (Rallis, Dean) (Entered: 01/03/2022) |
| 01/04/2022 | [676](#)<br>(16 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[508](#) Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | [677](#)<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[508](#) Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | [678](#)<br>(2 pgs) | Order Requiring Supplemental Briefing RE Motion to Quash - MCG is Ordered to File a Pleading Addressing the Court's Concerns as Described |

**EXHIBIT "2"**

**PAGE 49**

| | | |
|---|---|---|
| | | above on or before Thursday, January 6, 2022. VOL may File a Responsive Pleading on or before Saturday, January 8, 2022. (BNC-PDF) (Related Doc # 615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas ) Signed on 1/4/2022 (Le, James) (Entered: 01/04/2022) |
| 01/04/2022 | 679 (9 pgs) | Notice *[Notice of Effective Date of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/05/2022 | 680 (2 pgs) | Order Authorizing Employment of Eureka Consulting LLC as Advisor to the Debtor-In-Possession (BNC-PDF) (Related Doc 508) Signed on 1/5/2022. (Le, James) (Entered: 01/05/2022) |
| 01/05/2022 | 681 (1 pg) | Notice RE: Bankruptcy Record Complete - RE: Appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at United States District Court on 1/3/2022) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle (Bolte, Nickie) (Entered: 01/05/2022) |
| 01/06/2022 | 682 (12 pgs) | Opposition to (related document(s): 615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc, 678 Order (Generic) (BNC-PDF) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 01/06/2022) |
| 01/06/2022 | 683 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)678 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/06/2022. (Admin.) (Entered: 01/06/2022) |
| 01/07/2022 | 684 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)680 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/07/2022. (Admin.) (Entered: 01/07/2022) |
| 01/08/2022 | 685 (32 pgs) | Brief *Creditor Vitamins Online, Inc.s Supplemental Brief In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)678 Order (Generic) (BNC-PDF)). (Rallis, Dean) (Entered: 01/08/2022) |
| 01/10/2022 | 688 | Hearing Rescheduled/Continued (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood) The Hearing date is set for 1/24/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 01/11/2022) |
| 01/10/2022 | 689 | Hearing Rescheduled/Continued (RE: related document(s)1 CONT'D STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; |

**EXHIBIT "2"**

**PAGE 50**

| | | |
|---|---|---|
| | | And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - ORDER CONTINUING STATUS CONFERENCE JANUARY 24, 2022 AT 2:00 PM ENTERED 12-20-21 (DOCKET NO. 663). (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | [686](#) (1 pg) | Order Continuing Hearing to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # [615](#) Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood Filed by Creditor Vitamins Online, Inc) Signed on 1/11/2022 (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | [687](#) (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/11/2022) |
| 01/11/2022 | | Receipt of Request for CD of Court Proceedings (fee)( [8:20-bk-13335-MW](#)) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53784665. Fee amount 32.00. (re: Doc# [687](#)) (U.S. Treasury) (Entered: 01/11/2022) |
| 01/12/2022 | [690](#) (18 pgs) | Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [691](#) (5 pgs) | Declaration re: *[Declaration of William A. Delgado in Support of DTO Law's Third and Final Application for Compensation]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[690](#) Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0.). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [692](#) (14 pgs) | Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [693](#) (4 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[692](#) Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [694](#) (8 pgs) | Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [695](#) (4 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[694](#) Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of* |

| | | |
|---|---|---|
| | | *Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [696](#)<br>(59 pgs) | Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [697](#)<br>(5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* Filed by Attorney R. Clifford & Associates (RE: related document(s)[696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [698](#)<br>(4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Attorney R. Clifford & Associates (RE: related document(s)[690](#) Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0., [692](#) Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0, [694](#) Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981, [696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [699](#)<br>(9 pgs) | Notice of Hearing *[Notice of Hearings on Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[690](#) Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc., [692](#) Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc., [694](#) Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc., [696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to |

**EXHIBIT "2"**

**PAGE 52**

| | | |
|---|---|---|
| | | 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 700 (1 pg) | Transcript Order Form, regarding Hearing Date 01/10/22 Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Malo, Aaron) (Entered: 01/12/2022) |
| 01/12/2022 | 701 | Hearing Set (RE: related document(s)690 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 702 | Hearing Set (RE: related document(s)692 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 703 | Hearing Set (RE: related document(s)694 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 704 | Hearing Set (RE: related document(s)696 Application for Compensation filed by Attorney R. Clifford & Associates) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 705 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-03. RE Hearing Date: 1-10-22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)700 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/12/2022) |
| 01/13/2022 | 706 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)686 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 01/13/2022. (Admin.) (Entered: 01/13/2022) |
| 01/14/2022 | 707 (23 pgs) | Transcript regarding Hearing Held 01/10/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 1/21/2022. Redaction Request Due By 02/4/2022. Redacted Transcript Submission Due By 02/14/2022. Transcript access will be restricted through 04/14/2022. (Hyatt, Mitchell) (Entered: 01/14/2022) |

**EXHIBIT "2"**

**PAGE 53**

| | | |
|---|---|---|
| 01/17/2022 | 708<br>(56 pgs) | Application for Compensation . Filed by Attorney Michael Jay Berger (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 709<br>(6 pgs) | Notice of Hearing Filed by Debtor Heartwise, Inc. (RE: related document(s)150 Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger). (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 710 | Hearing Set (RE: related document(s)708 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/18/2022) |
| 01/18/2022 | 711<br>(161 pgs) | Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/18/2022 | 712<br>(159 pgs) | Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/18/2022 | 713<br>(5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Objection to Claim Nos. 3 and 5, and Any Amendments Thereto]* Filed by Debtor Heartwise, Inc. (RE: related document(s)711 Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. , 712 Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. ). (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/24/2022 | 714<br>(1 pg) | Transcript Order Form, regarding Hearing Date 01/24/22 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/24/2022) |
| 01/24/2022 | 716 | Hearing Held (RE: related document(s)277 Hearing RE: Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) Motion Granted. Order by Movant. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 717 | Hearing Held (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) Motion Denied. Order by Respondent. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 718 | Hearing Rescheduled/Continued (RE: related document(s)1 POST CONFIRMATION STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Status hearing to be held on 5/11/2022 at 10:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report is due April 27, 2022. Court to Prepare Order. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 719 | Hearing Held (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & |

| | | |
|---|---|---|
| | | Greenwood filed by Creditor Vitamins Online, Inc) Motion Granted. Order by Magleby. (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 715 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-04. RE Hearing Date: 1/24/22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)714 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 720 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Grimshaw, Matthew. (Grimshaw, Matthew) (Entered: 01/25/2022) |
| 01/25/2022 | 721 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wood, David. (Wood, David) (Entered: 01/25/2022) |
| 01/26/2022 | 722 (8 pgs) | Substitution of attorney *with Proof of Service* Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 01/26/2022) |
| 01/26/2022 | 723 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ordubegian, Aram. (Ordubegian, Aram) (Entered: 01/26/2022) |
| 01/26/2022 | 724 (41 pgs) | Motion to Dismiss Adversary Proceeding Filed by Interested Parties Alpha Health Research, Inc., Earnesty LLC, Creditor Robinson Pharma, Inc. (Bisconti, Anthony) CORRECTION: PDF filed in the incorrect case. PDF has been filed in the correct Adversary Case of 8:21-ap-01019-MW Docket No. 56). Modified on 1/27/2022 (Le, James). (Entered: 01/26/2022) |
| 01/27/2022 | 725 (56 pgs) | Transcript regarding Hearing Held 01/24/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/27/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 2/3/2022. Redaction Request Due By 02/17/2022. Redacted Transcript Submission Due By 02/28/2022. Transcript access will be restricted through 04/27/2022. (Hyatt, Mitchell) (Entered: 01/27/2022) |
| 01/27/2022 | 726 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Stoops, Annie. (Stoops, Annie) (Entered: 01/27/2022) |
| 01/27/2022 | 727 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by CLIFFORD, RONALD. (CLIFFORD, RONALD) (Entered: 01/27/2022) |
| 01/31/2022 | 728 (5 pgs) | Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallow Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |

**EXHIBIT "2"**

**PAGE 55**

| 01/31/2022 | 729<br>(5 pgs) | Amended Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallows Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights Under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |
| 02/02/2022 | 731<br>(2 pgs) | ORDER OF DISCHARGE - Chapter 11 (BNC) for Debtor (Le, James) (Entered: 02/02/2022) |
| 02/02/2022 | 732<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)728 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/02/2022 | 733<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)729 Amended Order (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/03/2022 | 734<br>(1 pg) | Order Continuing Post-Confirmation Status Conference to May 11, 2022 at 10:00 AM. An Updated Report due April 27, 2022. (BNC-PDF) (Related Doc # 1 POST CONFIRMATION STATUS CONFERENCE HEARING RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 2/3/2022 (Le, James) (Entered: 02/03/2022) |
| 02/04/2022 | 735<br>(5 pgs) | Notice of lodgment *of Order re: Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc). (Malo, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | 736<br>(5 pgs) | Notice of lodgment *of Order in Bankruptcy Case re: Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C. 's Claim Nos. 5-2 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Malo, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | 737<br>(6 pgs) | BNC Certificate of Notice (RE: related document(s)731 ORDER OF DISCHARGE - Chapter 11 (Form 3180C1) (BNC)) No. of Notices: 30. Notice Date 02/04/2022. (Admin.) (Entered: 02/04/2022) |
| 02/05/2022 | 738<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)734 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/05/2022. (Admin.) (Entered: 02/05/2022) |
| 02/07/2022 | 739 | Hearing Held (RE: related document(s)708 First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger for the Period from 12-5-2020 to 12-16-2020 [RE: The Law Offices of Michael Jay Berger - Debtor's Former Counsel] [Fees: 8,205.00, Expenses: 0.00] filed by Debtor Heartwise, Inc.) Application Granted. Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 740 | Hearing Held (RE: related document(s)696 : R. Clifford and Associates' |

**EXHIBIT "2"**

**PAGE 56**

| | | |
|---|---|---|
| | | Second and Final Application for Compensation and Reimbursement of Expenses for the Period from 4-1-21 to 8-5-21 and 8-6-2021 to 1-5-22 filed by Attorney R. Clifford & Associates) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 741 | Hearing Held (RE: related document(s)694 Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses for the Period from 12-16-2020 to 3-31-21 and 3-22-21 to 3-31-21 [RE: Blakeley LLP - Former General Insolvency Counsel] [Fee: $157,808.00, Expenses: $1,786.99] [Fee: $24,841.00, Expenses: $194.27] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 742 | Hearing Held (RE: related document(s)690 DTO Law's Third and Final Application for Compensation for the Period from 5-27-21 to 1-5-22 [RE: DTO Law - Special Counsel] [Fee: $2185.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 743 | Hearing Held (RE: related document(s)692 Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement for the Period from 10-26-21 to 11-17-21 [RE: Eureka Consulting LLC - Valuation Advisor][Fee: $102715.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/08/2022 | 744 (39 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (Grimshaw, Matthew) (Entered: 02/08/2022) |
| 02/09/2022 | 745 (76 pgs) | Objection (related document(s): 735 Notice of Lodgment filed by Interested Party Magleby Cataxinos & Greenwood *Creditor Vitamins Online, Inc.s Objection To Magleby Cataxinos & Greenwoods Proposed Form Of Order On Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/09/2022) |
| 02/11/2022 | 746 (2 pgs) | Order Granting Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood (BNC-PDF) (Related Doc # 615 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/11/2022 | 747 (2 pgs) | Order Overruling Creditor Vitamins Online, Inc's Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 - VOL's Objection to Claim No. 5-2 filed by MCG is OVerruled and Denied in its Entirety. VOL's Objection to Claim No. 12 filed by MCG is Overruled and Denied in its Entirety (BNC-PDF) (Related Doc # 525 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/13/2022 | 748 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)746 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 02/13/2022. (Admin.) (Entered: 02/13/2022) |
| 02/13/2022 | 749 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)747 Order RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date |

**EXHIBIT "2"**

**PAGE 57**

| | | 02/13/2022. (Admin.) (Entered: 02/13/2022) |
|---|---|---|
| 02/14/2022 | **750**<br>(14 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 (Related Doc. #729)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/14/2022) |
| 02/15/2022 | **751**<br>(3 pgs) | Order Granting Applications for Allowance of Fees and Costs - for Blakeley LLP, Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fees awarded: $159594.99, Expenses awarded: $28035.27; for DTO Law, Special Counsel, Period: 5/27/2021 to 1/5/2022, Fees awarded: $2185.00, Expenses awarded: $0.00; for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fees awarded: $262824.00, Expenses awarded: $1048.68; Awarded on 2/15/2022 (BNC-PDF) Signed on 2/15/2022. (RE: related document(s)**690**, **692**, **694**, **696**, **708**) (Le, James) (Entered: 02/15/2022) |
| 02/17/2022 | **752**<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)**751** Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 02/22/2022 | **753**<br>(2 pgs) | Order Granting Applications for Allowance of Fees and Costs - Eureka Consulting LLC, Other Professional, Period: 10/26/2021 to 11/17/2021, Fees awarded: $102715, Expenses awarded: $0.00; Awarded on 2/22/2022 (BNC-PDF) Signed on 2/22/2022. (RE: related document(s)**692**) (Le, James) (Entered: 02/22/2022) |
| 02/23/2022 | **754**<br>(2 pgs) | Order Denying Vitamins Online, Inc's Motion for Additional Findings Pursuant to Rule 7052 (BNC-PDF) (Related Doc # **750** ) Signed on 2/23/2022 (Le, James) (Entered: 02/23/2022) |
| 02/24/2022 | 755 | In accordance with the Administrative Order 22-04 dated 2/10/22, this case is hereby reassigned from Judge Mark S Wallace to Judge Scott C Clarkson. (Le, James) (Entered: 02/24/2022) |
| 02/24/2022 | **756**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)**753** Order of Distribution (BNC-PDF) filed by Consultant Eureka Consulting LLC) No. of Notices: 1. Notice Date 02/24/2022. (Admin.) (Entered: 02/24/2022) |
| 02/25/2022 | **757**<br>(16 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/25/2022) |
| 02/25/2022 | **758**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)**754** Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 02/25/2022. (Admin.) (Entered: 02/25/2022) |
| 02/28/2022 | **759**<br>(1 pg) | Order Continuing Status Conference. IT IS ORDERED: The Status Conference Set For May 11, 2022, At 10:00 A.M. Is Hereby CONTINUED TO May 18, 2022, At 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. A Status Report Is Due 14 Days In Advance. (BNC-PDF) (Related Doc # **734** ) Signed on 2/28/2022 (Bolte, Nickie) (Entered: 02/28/2022) |

**EXHIBIT "2"**

**PAGE 58**

| | | |
|---|---|---|
| 03/02/2022 | 760<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)759 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
| 03/09/2022 | 761<br>(39 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 762<br>(104 pgs) | Exhibit *Exhibit Binder To: Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]*). (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 763 | Hearing Set (RE: related document(s)761 Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/10/2022) |
| 03/10/2022 | 764<br>(5 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)757 Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 03/10/2022) |
| 03/10/2022 | 765 | Hearing Set (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/11/2022) |
| 03/30/2022 | 766<br>(16 pgs) | Opposition to (related document(s): 764 Notice of Hearing (BK Case) filed by Creditor Vitamins Online, Inc) *for Additional Findings Pursuant to Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
| 03/30/2022 | 767<br>(54 pgs) | Opposition to (related document(s): 761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc, 763 Hearing Set (Motion) (BK Case - BNC Option)) *For Reconsideration of Order Disallowing Claim 3-* |

**EXHIBIT "2"**
**PAGE 59**

| | | *2 of Vitamins Online, Inc.* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
|---|---|---|
| 03/30/2022 | 768 (170 pgs) | Opposition to (related document(s): 757 Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* filed by Creditor Vitamins Online, Inc, 761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc) *Omnibus Limited Opposition to Motions By Vitamins Online, Inc., for Reconsideration and for Additional Findings with Proof of Service* Filed by Debtor Heartwise, Inc. (Grimshaw, Matthew) (Entered: 03/30/2022) |
| 04/06/2022 | 769 (23 pgs) | Reply to (related document(s): 767 Opposition filed by Interested Party Magleby Cataxinos & Greenwood) *Vitamins Online, Inc.s Reply To Magleby Cataxinos & Greenwood, P.C.s Opposition To Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |
| 04/06/2022 | 770 (20 pgs) | Reply to (related document(s): 768 Opposition filed by Debtor Heartwise, Inc.) *Vitamins Online, Inc.s Reply To Heartwise, Inc.s Omnibus Limited Opposition To Vitamins Online, Inc.s Motions For Reconsideration And For Additional Findings* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |
| 04/08/2022 | 771 (2 pgs) | Order Continuing Hearings On: (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket 761); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket 757). IT IS ORDERED: The Court Hereby CONTINUES The Hearings On (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket 761); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket 757) From April 13, 2022, TO MAY 17, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. No Further pleadings Shall Be Permitted, Unless Otherwise Ordered By The Court. (BNC-PDF) (Related Doc # 761) Signed on 4/8/2022 (Bolte, Nickie) Modified on 4/8/2022 (Bolte, Nickie). (Entered: 04/08/2022) |
| 04/10/2022 | 772 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)771 Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 04/10/2022. (Admin.) (Entered: 04/10/2022) |
| 04/13/2022 | 774 | Hearing Continued On Motion (RE: related document(s)761 Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) - HEARING ON MOTION CONTINUED TO MAY 17, 2022 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINS ONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. 761); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS |

**EXHIBIT "2"**

**PAGE 60**

| | | |
|---|---|---|
| | | PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771) The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/13/2022 | 775 | Hearing Continued On Motion (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 and 12 filed by Creditor Vitamins Online, Inc) HEARING ON MOTION CONTINUED TO MAY 17, 2022 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINSONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. 761); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771). The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/20/2022 | 773 (14 pgs) | Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/22 with Proof of Service Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 04/20/2022) |
| 04/26/2022 | 776 (11 pgs) | Order (1) Granting Motion For Reconsideration ("Motion") [Docket 761 ); (2) Vacating Disallowance Order Entered January 31, 2022 (Docket 729 ); (3) Abstaining From Dispute Between Vitamins Online, Inc. And Magleby, Cataxinos, & Greenwood P.C.; And (4) Vacating Hearing On Motion. IT IS ORDERED: In Light Of The Foregoing, After Having Reviewed The Motion And Related Pleadings, And The Docket As A Whole, The Court Finds That This Matter Is Appropriate For Disposition Without A Hearing, And Finds Good Cause To GRANT The Motion, VACATE The Disallowance Order, ABSTAIN From Resolution Of The Dispute Between VOL And MCG, And VACATE The Hearing On The Motion. (BNC-PDF) (Related Doc # 761 ; And 729 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |
| 04/26/2022 | 777 (3 pgs) | Order (1) Denying Motion For Additional Findings ("Motion") (Docket 757 ); (2) Vacating Order Entered February 11, 2022 (Docket 747 ); And (3) Vacating Hearing On Motion. IT IS ORDERED: This Court Has Issued An Order VACATING The Order Entered By The Predecessor Court Disallowing MCG's Claim ("Disallowance Order") (Docket 729 ) And ABSTAINING From The Resolution Of That Dispute. See Order Entered April 26, 2022 (Docket 776 ) ("Reconsideration Order"). As The Objection Order Is Directly Related, And, In Fact, relies On The Now-Vacated Disallowance Order, And For The Reasons More Fully Explained In The Reconsideration Order, Which Is Incorporated Herein, This Court Finds It Appropriate To VACATE The Objection Order. In Light Of The Foregoing, The Relief Requested In The Motion Is Unnecessary, And The Motion Is DENIED As Moot. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 757 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |

**EXHIBIT "2"**

**PAGE 61**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/27/2022 21:53:00 | | | |
| **PACER Login:** | mwgrimshaw210424 | **Client Code:** | 1683-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:20-bk-13335-SC Fil or Ent: filed From: 9/1/2021 To: 4/27/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**EXHIBIT "2"**

**PAGE 62**

**EXHIBIT "3"**

Ronald A. Clifford (State Bar No. 246542)
E-Mail: RAC@RCliffordLaw.com
R. CLIFFORD & ASSOCIATES
1100 Town and Country Rd., Suite 1250
Orange, California 926868
Telephone: (949) 533-9774

*General Insolvency Counsel for*
*Heartwise, Inc.*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:20-bk-13335-MW |
| HEARTWISE, INC., | Chapter 11 |
| Debtor in Possession. | **HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| | **Confirmation Hearing Date, Time and Location:** |
| | Date:     November 10, 2021 |
| | Time:     2:00 p.m. |
| | Place:    411 West Fourth Street |
| |                Santa Ana, CA 92701 |
| |                Courtroom 6C |
| | **Objection and Voting Deadline:** |
| | Date:  October 15, 2021 |

## I.    INTRODUCTION

On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization.  This Plan is a plan of reorganization that provides for certain payments to creditors of the Debtor on the Effective Date from, *inter alia*, income from the Debtor's business as more fully described below.  The effective

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

1

1    date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

2    calendar days following the date of the entry of the Court order confirming this Plan (the

3    "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

4    have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

5    Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

6    the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

7    to herein, when appropriate, as the Reorganized Debtor.

8    **II.   CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

9    **A.      What Creditors And Interest Holders Will Receive Under The Plan**

10           As required by the Bankruptcy Code, this Plan (i) classifies claims and interests in various

11    classes according to their right to priority, (ii) states whether each class of claims or interests is

12    impaired or unimpaired, and provides the treatment each class will receive.

13    **B.      Unclassified Claims**

14           Certain types of claims are not placed into voting classes; instead they are unclassified. They

15    are not considered impaired and they do not vote on the Plan because they are automatically entitled

16    to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

17    the following claims in a class.

18           **1.      Administrative Expenses**

19           Administrative expenses are claims for costs or expenses of administering the Debtor's

20    Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

21    requires that all administrative claims be paid on the Effective Date of this Plan, unless a particular

22    claimant agrees to a different treatment.

23           The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

24    treatment under this Plan:

25    / / /

26    / / /

27    / / /

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
2

| Name | Amount Owed | Treatment |
|---|---|---|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before any particular fee or expense will be paid. For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower. Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of this Plan and/or claim objections. If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date. Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts. By voting to accept this Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim. Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

1   any ceiling on the amount of fees and expenses that such professionals have incurred or for which

2   they are entitled to seek payment.  Such fees and expenses are merely estimates provided at the time

3   of the preparation of the accompanying Disclosure Statement.

4          Administrative expenses incurred in the ordinary course of the Debtor's business shall be

5   paid in the ordinary course of business and, pursuant to 11 U.S.C. sections 363 and 1107, may be

6   paid by the Reorganized Debtor without Court approval.

7          **2.    Priority Tax Claims**

8          Priority Tax Claims include certain unsecured income, employment, and other taxes

9   described in Section 507(a)(8) of the Bankruptcy Code.  The Debtor estimates that its asserted

10  priority tax claims are as follows:

11

| Entity | Amount | Treatment |
|--------|--------|-----------|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

16

17  **C.    Classified Claims And Interests**

18         **1.    Priority Unsecured Claims**

19         Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

20  Bankruptcy Code are required to be placed in classes.  These types of claims are entitled to priority

21  treatment as follows:  The Bankruptcy Code requires that each holder of such a claim receive cash

22  on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured

23  priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

24  Date, equal to the allowed amount of such claim.  The Debtor does not estimate any priority

25  unsecured claims.

26         **2.    Class 1: General Unsecured Claims**

27         General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

28  507(a).  General unsecured non-priority claims will comprise Class 1.  It is estimated that Class 1

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
4

**EXHIBIT "3"**

**PAGE 66**

claims will total $14,754,667.23 (after application of pre-petition deposits). Class 1 claims will be paid in full on the Effective Date. The amount asserted in Claim No. 5 of Magleby, Cataxinos & Greenwood, P.C. ("Magleby"), $14.5 million, which amount is related to the *Final Judgment* (the "Judgment") entered by the U.S. District Court for the District of Utah, Case No. 2:13-cv-00982-DAK, on November 10, 2020, shall be deposited with the Court's registry as interpleaded funds on the Effective Date, and will be released to Magleby only upon further order of this Court.

To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment. Nonetheless, the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of the Judgment, and any subsequent proceedings have been completed.

**3.    Interest Holders**

Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the estate. Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul Doyle ("Doyle") owns a 49% interest in the Debtor. On the Effective Date, these interests will be cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value contribution of $9,425,854.69. Based on current equity interests, Earnesty shall have the right to purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for $4,618,668.79. The new value contributions must be in cash, and funded fourteen (14) days prior to the Effective Date. Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued shares in the Reorganized Debtor for $9,425,854.69. Should Doyle fail to fund the full $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of the new value contribution fourteen (14) days prior to the Confirmation Hearing. Neither Earnesty

**EXHIBIT "3"**

**PAGE 67**

1  nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2  purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3  **D.      Means of Effectuating this Plan and Implementations**

4      **1.      Funding this Plan**

5      All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

6  be paid in cash, in full, on the Effective Date of this Plan, or when allowed, and will be funded from

7  the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

8  Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

9  and the Debtor's cash-on-hand on the Effective Date.

10      **2.      Composition of the Reorganized Debtor**

11      The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

12  herein.  On the Effective Date, the equity interests in the Debtor shall be cancelled.  Each of

13  Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

14  in their current equity proportional share in the Debtor.  Specifically, Earnesty will have the option

15  to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

16  purchase 49% of the shares of the Reorganized Debtor.

17      This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

18  The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

19  fourteen (14) days prior to the Confirmation Hearing.  Earnesty will be entitled to purchase 51% of

20  the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

21  purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79.  If Earnesty

22  does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

23  If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

24  to purchase his 49%.  If either Earnesty or Doyle does not purchase their interest in the Reorganized

25  Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

26  Hearing, then the other party willing to purchase that interest will be required to deposit the

27  increased purchase amount seven (7) days prior to the Confirmation Hearing.

28

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
6

**EXHIBIT "3"**

**PAGE 68**

In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any other provision of this Plan to the contrary, as Earnesty's and Doyle's commitment to fund is dependent on management continuity, minimized administrative expenses, and the absence of disruption to the business, their funding commitment will terminate, and any funds in escrow shall be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner, chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and Doyle's consent.

So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any employment agreements with officers and/or employees of the Reorganized Debtor shall be determined by officers of the Reorganized Debtor in accordance with the terms of the governing shareholder agreement.

**3.    Disbursing Agent**

The Reorganized Debtor will serve as the disbursing agent for purposes of making all distributions required to be made under this Plan.

**4.    Objections to Claims**

The Debtor and/or Reorganized Debtor will file objections to all claims which are inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation of this Plan. Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the date the Court enters an order confirming this Plan or shall be deemed forever waived.  The Reorganized Debtor shall have the authority to file any objections to claims following Plan

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
7

**EXHIBIT "3"**

**PAGE 69**

confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case to resolve such claim objections following Plan confirmation.  Nothing contained in this Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any claim.

**5.    Disputed Claims Reserve**

The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such agreement is reached, the amount that would have been distributed on the basis of the amount claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv) in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court upon a motion brought on not less than 14 days' notice to the affected parties and an opportunity for a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim, the previous distributions due on account of such Allowed Claim shall be released from the disputed claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the holder of such Allowed Claim shall be returned to the Reorganized Debtor.

**6.    Avoidance Actions and Litigation**

The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as the actions would likely not resolve prior to the payments required under this Plan being made. However, the Debtor is not waiving these claims, and should they need to be brought to ensure payment to creditors, they will be available, up through, and including any statute of limitations regarding the same.

### 7.    Employment of Officers, Employees and Professionals

On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer, Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the Reorganized Debtor shall have the right to employ and compensate such officers, directors, employees, professionals, agents, and representatives as the Reorganized Debtor determines is necessary or appropriate to implement all of the provisions of this Plan and to enable the Reorganized Debtor to operate its business without the need for any further order of the Court.

### 8.    Distributions to be Made Pursuant to this Plan

All distributions to be made to the holders of Allowed claims pursuant to this Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007 and 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court, to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within 180 days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such null and void checks shall be returned to the Reorganized Debtor.  The holder of a claim with respect to which a Non-Negotiated Check was issued shall forfeit all such holder's right to further distributions under this Plan.

If there remain disputed claims in any creditor Class on the date of a distribution under this Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in an amount that would have been distributed on account of the disputed claim as if all such disputed Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

the formerly disputed claim will receive the distribution that the claim holder is entitled to receive and any excess sums available will be distributed paid to the Reorganized Debtor.

**9.    Exculpations and Releases**

To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor any of their professionals employed or retained by any of them, shall have or incur liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of this Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of this Plan, or the consummation and implementation of this Plan and the transactions contemplated thereby.

**10.    Injunctions**

**As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability, or interest released, discharged, or terminated pursuant to this Plan.  Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of this Plan are permanently enjoined from taking any of the following actions against the Debtor, the Reorganized Debtor, or their property on account of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.  By accepting distribution pursuant to this Plan, each holder of an allowed claim receiving distributions**

1    pursuant to this Plan shall be deemed to have specifically and expressly consented to the

2    injunction set forth in this Section.

3        Notwithstanding this provision, on the date that the Confirmation Order is entered by

4    the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate

5    to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins

6    Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the

7    complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy

8    Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction

9    against the Debtor pursuant to Oregon Statute 60.952.  The lifting of the automatic stay

10   described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to

11   obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an

12   augmented award by the District Court after the appeal of the Judgment.  The lifting of the

13   automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as

14   Exhibit A is solely to allow that actual complaint to be filed in a court of competent

15   jurisdiction, and then litigated to a judgment.  The lifting of the automatic stay as to any

16   complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to

17   allow the complaint to be filed, and litigated to judgment.  The lifting of the automatic stay

18   described herein shall not allow the enforcement of any Judgment or award against the

19   Debtor's estate, or the Reorganized Debtor.  As set forth below, the Court is retaining

20   jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate.

21   The lifting of the automatic stay described herein also begins, or continues the running of any

22   statute of limitations as of the entry of the Confirmation Order by the Court related to an

23   appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to

24   Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to

25   Oregon Statute 60.952.

26       11.    Executory Contracts and Unexpired Leases

27       The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with

28   Robinson and Alpha.  All of the amounts required to cure the pre-petition amounts owed to

---

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
11

**EXHIBIT "3"
PAGE 73**

Robinson and Alpha shall be paid in full through a setoff of the pre-petition deposits each of them holds. Any amounts owed to Robinson or Alpha for post-petition shipments of goods and services constitute ordinary course of business payables that shall be paid in the ordinary course of business post-confirmation. All other unexpired leases and executory contracts of the Debtor not assumed in writing within 30 days of the Effective Date shall be deemed rejected as of the Effective Date. Any proofs of claim for rejected executory contracts or unexpired leases may be filed with the Court within 45 days of the Effective Date of this Plan.

All of the Debtor's remaining executory contracts and unexpired leases which have not previously been assumed or rejected, and which are not included above shall be deemed rejected effective as of 11:59 p.m. prevailing Pacific time on the Effective Date. THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE. Any claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of claim is not timely filed, unless the Bankruptcy Court orders otherwise.

**12.    Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approvals.

**13.    Submission of Post-Confirmation Reports**

Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall file with the Court and serve on the Office of the United States Trustee a status report (a) containing the Debtor's receipts and disbursements during the prior three months and (b) explaining the Debtor's progress toward obtaining a Final Decree.

**14.    Retention of Jurisdiction**

After confirmation of this Plan and the occurrence of the Effective Date, in addition to jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally permissible, including for the following purposes:

(a)    To resolve any and all disputes regarding the operation and interpretation of this Plan and/or the Confirmation Order;

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
12

(b)      To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding and to consider any objection to claim or interest whether such objection is filed before or after the Effective Date;

(c)      To determine the extent, validity, and priority, of any lien asserted against property of the Debtor or property of the Debtor's estate;

(d)      To construe and take any action to enforce this Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Confirmation Order, and all matters referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto;

(e)      To determine any and all applications for the allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

(f)      To determine any request for payment of administrative expense;

(g)      To determine motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and the allowance of any claims resulting therefrom;

(h)      To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case, whether before, on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have the right to commence any avoidance actions after the Effective Date and to continue with the prosecution of any avoidance actions commenced by the Debtor before the Effective Date;

(i)      To determine the allowance of Claim Nos. 6, 7, and 8;

(j)      To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
13

(k)    To modify this Plan under Section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in this Plan so as to carry out its intent and purpose;

(l)    Except as otherwise provided in this Plan and Confirmation Order, to issue injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain interference with this Plan or the Confirmation Order, or the execution or implementation by any person or entity of this Plan and Confirmation Order;

(m)    To issue such orders in aid of consummation of this Plan or the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

(n)    To enter a final decree closing this Chapter 11 case.

## V.    EFFECT OF CONFIRMATION OF THIS PLAN

**A.    Discharge**

The Debtor will receive a discharge under this Plan pursuant to and in accordance with the provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property, whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

---

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
14

Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

**B.      Modification Of The Plan**

The Debtor may modify this Plan at any time before confirmation.  However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on this Plan if the Debtor modifies this Plan before confirmation.  The Debtor may also seek to modify this Plan at any time after confirmation of this Plan as long as (1) this Plan has not been substantially consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

**C.      Post-Confirmation Conversion or Dismissal**

A creditor or other party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. §1112(b) after this Plan is confirmed if there is a default in performing under this Plan.  If the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after this Plan is confirmed, all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to this Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during this case.  The Confirmation Order may also be revoked under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the Confirmation Order.

**D.      Final Decree**

Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "3"**

**PAGE 77**

1   Dated:  September 22, 2021                    By: _____
2                                                     Tuong Nguyen
                                                  Chief Executive Officer of
3                                                 Heartwise, Inc., Debtor-in-Possession

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
16

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                    ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.  The Plan is being served as Exhibit A to the Disclosure Statement.

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071

                                                 ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the following persons and/or entities by personal delivery as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

                                                 ☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021   Ronald A. Clifford | */s/ Ronald A. Clifford* |
|---|---|
| *Date*                    *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "3"**

**PAGE 81**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Wed Sep 22 08:35:35 PDT 2021

~~A. Clifford & Associates~~
~~1100 Town and Country Rd.~~
~~Suite 1250~~
~~Orange, CA 92868-4623~~

American Express
P O Box 650448
Dallas, TX 75265-0448

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Martha Valenite
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

Martin Ias.
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Magleby Cataxinos & Greenwood, P.C.
ATTN: J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

Alpha House Research
2781 West Macarthur Blvd., Suite 34
Santa Ana, CA 92704-8300

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

Capital One
P O Box 60599
City of Industry, CA 91716-0599

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

**EXHIBIT "3"**

**PAGE 82**

Tatyana Shykal
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Trainer Fisce, LLC
280 Summer Street
Boston, MA 02210-1131

Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686

Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651

Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235

RONALD CLIFFORD XXXXXXXXXXXXXXXXXXXXXXXX
X CLIFFORD & Associates XXXXXXXXXXXXXXXXX
1100 TOWN AND COUNTRY RD, SUITE 1250 XXXX
ORANGE, CA 92868-4633 XXXXXXXXXXXXXXXXXXXX

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF

(u)DTO Law

(u)Greenberg Traurig, LLP

(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.

(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients     41
Bypassed recipients     12
Total                   53

1　Ronald A. Clifford (State Bar No. 246542)
　　E-Mail: RAC@RCliffordLaw.com
2　R. CLIFFORD & ASSOCIATES
　　1100 Town and Country Rd., Suite 1250
3　Orange, California 926868
　　Telephone: (949) 533-9774
4

5　*General Insolvency Counsel for*
　　*Heartwise, Inc.*
6

7　　　　　　　UNITED STATES BANKRUPTCY COURT

8　　　　CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9　In re:　　　　　　　　　　Case No.: 8:20-bk-13335-MW

10　HEARTWISE, INC.,　　　　　Chapter 11

11　　　　　　Debtor in Possession.　**HEARTWISE, INC.'S FIRST AMENDED**
12　　　　　　　　　　　　　　**CHAPTER 11 PLAN OF**
　　　　　　　　　　　　　　**REORGANIZATION**
13

14　　　　　　　　　　　　　**Confirmation Hearing Date, Time and**
　　　　　　　　　　　　　**Location:**
15　　　　　　　　　　　　　Date:　　November 10, 2021
　　　　　　　　　　　　　Time:　　2:00 p.m.
16　　　　　　　　　　　　　Place:　　411 West Fourth Street
17　　　　　　　　　　　　　　　　　Santa Ana, CA 92701
　　　　　　　　　　　　　　　　　Courtroom 6C
18

19　　　　　　　　　　　　　**Objection and Voting Deadline:**
　　　　　　　　　　　　　Date:　October 15, 2021
20

21　　　　　　　　　　**I.　INTRODUCTION**

22　　　　　　On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary

23　petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

24　This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

25　　　　　　Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors

26　and other parties in interest, to propose a plan of reorganization.  This Plan is a plan of

27　reorganization that provides for certain payments to creditors of the Debtor on the Effective Date

28　from, *inter alia*, income from the Debtor's business as more fully described below.  The effective

> **Formatted:** Font: Italic

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
1

1   date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

2   calendar days following the date of the entry of the Court order confirming this Plan (the

3   "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

4   have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

5   Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

6   the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

7   to herein, when appropriate, as the Reorganized Debtor.

8       **II.  CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

9   **A.    What Creditors And Interest Holders Will Receive Under The Plan**

10      As required by the Bankruptcy Code, theis Plan (i) classifies claims and interests in various

11  classes according to their right to priority, (ii) states whether each class of claims or interests is

12  impaired or unimpaired, and provides the treatment each class will receive.

13  **B.    Unclassified Claims**

14      Certain types of claims are not placed into voting classes; instead they are unclassified. They

15  are not considered impaired and they do not vote on the Plan because they are automatically entitled

16  to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

17  the following claims in a class.

18      **1.    Administrative Expenses**

19      Administrative expenses are claims for costs or expenses of administering the Debtor's

20  Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

21  requires that all administrative claims be paid on the Effective Date of theis Plan, unless a particular

22  claimant agrees to a different treatment.

23      The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

24  treatment under theis Plan:

25  / / /

26  / / /

27  / / /

28

---

**EXHIBIT "3"**

**PAGE 85**

| **Name** | **Amount Owed** | **Treatment** |
|---|---|---|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

   The Court must rule on all fees listed in this chart before any particular fee or expense will be paid.  For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower.  Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of theis Plan and/or claim objections.  If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

   Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date.  Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts.  By voting to accept thise Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim.  Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

**EXHIBIT "3"**

**PAGE 86**

1   any ceiling on the amount of fees and expenses that such professionals have incurred or for which

2   they are entitled to seek payment.  Such fees and expenses are merely estimates provided at the time

3   of the preparation of this~~e accompanying~~ Disclosure Statement.

4          Administrative expenses incurred in the ordinary course of the Debtor's business~~, including~~

5   ~~vendor claims of Robinson, s~~shall be paid in the ordinary course of business and, pursuant to 11

6   U.S.C. sections 363 and 1107, may be paid by the Reorganized Debtor without Court approval.

7          **2.**    **Priority Tax Claims**

8          Priority Tax Claims include certain unsecured income, employment, and other taxes

9   described in Section 507(a)(8) of the Bankruptcy Code.  The Debtor estimates that its asserted

10  priority tax claims are as follows:

| Entity | Amount | Treatment |
|---|---|---|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

17  **C.**    **Classified Claims And Interests**

18         **1.**    **Priority Unsecured Claims**

19         Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

20  Bankruptcy Code are required to be placed in classes.  These types of claims are entitled to priority

21  treatment as follows:  The Bankruptcy Code requires that each holder of such a claim receive cash

22  on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured

23  priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

24  Date, equal to the allowed amount of such claim.  The Debtor does not estimate any priority

25  unsecured claims.

26         **2. Class 1: General Unsecured Claims**

27         General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

28  507(a).  General unsecured non-priority claims will comprise Class 1.  It is estimated that Class 1

**EXHIBIT "3"**

**PAGE 87**

claims will total $14,791,554.1154,667.23 (after application of pre-petition deposits).  Class 1 claims will be paid in full on the Effective Date.  The amount related toasserted in Claim No. 5 of Magleby, Catarinos & Greenwood, P.C. ("Magleby"), $14.5 million, relatedwhich amount is related to to the *Final* Judgment (the "Judgment") entered by the U.S. District Court for the District of Utah, Case No. 2:13-cv-00982-DAK, on November 10, 2020, shall be deposited with the Court's registry as interpleaded funds on the Effective Date, and will be released to Magleby only upon further order of this Court.

> **Formatted:** Font: Italic

To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment.  Nonetheless, the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of the Judgment, and any subsequent proceedings have been completed.

    **3.**   ~~Class 2:~~ **Interest Holders**

Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the estate.  Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul Doyle ("Doyle") owns a 49% interest in the Debtor.  On the Effective Date, these interests will be cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value contribution of $9,425,854.69.  Based on current equity interests, Earnesty shall have the right to purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for $4,618,668.79.  The new value contributions must be in cash, and funded fourteen (14) dayson prior to the Effective Date.  Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued shares in the Reorganized Debtor for $9,425,854.69.  Should Doyle fail to fund the full $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of the new value contribution fourteen (14) days prior to the Confirmation Hearing.  Neither Earnesty

---

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
5

**EXHIBIT "3"**

**PAGE 88**

1  nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2  purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3  ///

4  ///

5  **D.**    **Means of Effectuating theis Plan and Implementations**

6      **1.**    **Funding theis Plan**

7      All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

8  be paid in cash, in full, on the Effective Date of thise Plan, or when allowed, and will be funded from

9  the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

10  Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

11  and the Debtor's cash-on-hand on the Effective Date.

12      **2.**    **Composition of the Reorganized Debtor**

13      The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

14  herein.  On the Effective Date, the equity interests in the Debtor shall be cancelled.  Each of

15  Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

16  in their current equity proportional share in the Debtor.  Specifically, Earnesty will have the option

17  to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

18  purchase 49% of the shares of the Reorganized Debtor.

19      This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

20  The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

21  fourteen (14) days prior to the Confirmation Hearing.  Earnesty will be entitled to purchase 51% of

22  the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

23  purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79.  If Earnesty

24  does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

25  If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

26  to purchase his 49%.  If either Earnesty or Doyle does not purchase their interest in the Reorganized

27  Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

28

**EXHIBIT "3"**

**PAGE 89**

1  Hearing, then the other party willing to purchase that interest will be required to deposit the

2  increased purchase amount seven (7) days prior to the Confirmation Hearing.

3      In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-

4  fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the

5  Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any

6  other provision of theis Plan to the contrary, as Earnesty's and Doyle's commitment to fund is

7  dependent on management continuity, minimized administrative expenses, and the absence of

8  disruption to the business, their funding commitment will terminate, and any funds in escrow shall

9  be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner,

10  chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and

11  Doyle's consent.

12      So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity

13  in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the

14  Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the

15  full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any

16  employment agreements with officers and/or employees of the Reorganized Debtor shall be

17  determined by officers of the Reorganized Debtor in accordance with the terms of the governing

18  shareholder agreement.

19      **3.    Disbursing Agent**

20      The Reorganized Debtor will serve as the disbursing agent for purposes of making all

21  distributions required to be made under theis Plan.

22      **4.    Objections to Claims**

23      The Debtor and/or Reorganized Debtor will file objections to all claims which are

24  inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the

25  Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or

26  too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may

27  estimate any contingent or unliquidated disputed claim for purposes of confirmation of theis Plan.

28  Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the

**EXHIBIT "3"**

**PAGE 90**

1   date the Court enters an order confirming theis Plan or shall be deemed forever waived.  The

2   Reorganized Debtor shall have the authority to file any objections to claims following Plan

3   confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to

4   Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case

5   to resolve such claim objections following Plan confirmation.  Nothing contained in theis Plan shall

6   constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

7   recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any

8   claim.

9        **5.**    **Disputed Claims Reserve**

10       The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any

11   objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such

12   agreement is reached, the amount that would have been distributed on the basis of the amount

13   claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof

14   of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that

15   would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor

16   pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv)

17   in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court

18   upon a motion brought on not less than 14 days:' notice to the affected parties and an opportunity for

19   a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized

20   Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve

21   for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim,

22   the previous distributions due on account of such Allowed Claim shall be released from the disputed

23   claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on

24   account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the

25   holder of such Allowed Claim shall be returned to the Reorganized Debtor.

26        **6.**    **Avoidance Actions and Litigation**

27       The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to

28   bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized

**EXHIBIT "3"**

**PAGE 91**

1  Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for

2  pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

3  the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for

4  their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as

5  the actions would likely not resolve prior to the payments required under theis Plan being made.

6  However, the Debtor is not waiving these claims, and should they need to be brought to ensure

7  payment to creditors, they will be available, up through, and including any statute of limitations

8  regarding the same.

9  ///

10         **7.      Employment of Officers, Employees and Professionals**

11         On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer,

12  Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the

13  Reorganized Debtor shall have the right to employ and compensate such officers, directors,

14  employees, professionals, agents, and representatives as the Reorganized Debtor determines is

15  necessary or appropriate to implement all of the provisions of theis Plan and to enable the

16  Reorganized Debtor to operate its business without the need for any further order of the Court.

17         **8.      Distributions to be Made Pursuant to theis Plan**

18         All distributions to be made to the holders of Allowed claims pursuant to theis Plan may be

19  delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they

20  may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007

21  and 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court,

22  to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within

23  1820 days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such

24  null and void checks shall be redistributed among all other unsecured creditorsreturned to the

25  Reorganized Debtor.  The holder of a claim with respect to which a Non-Negotiated Check was

26  issued shall forfeit all such holder's right to further distributions under theis Plan.

27         If there remain disputed claims in any creditor Class on the date of a distribution under theis

28  Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in

**EXHIBIT "3"**

**PAGE 92**

1   an amount that would have been distributed on account of the disputed claim as if all such disputed

2   Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

3   the formerly disputed claim will receive the distribution that the claim holder is entitled to receive

4   and any excess sums available will be distributed paid to the Reorganized Debtor.

5       **9.     Exculpations and Releases**

6       To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

7   any of their ~~employees, officers, directors, shareholders, agents, members, representatives, or~~

8   professionals employed or retained by any of them, shall have or incur liability to any person or

9   entity for any act taken or omission made in good faith in connection with or related to the

10  formulation and implementation of th~~is~~e Plan, or a contract, instrument, release, or other agreement

11  or document created in connection therewith, the solicitation of acceptances for or confirmation of

12  th~~is~~e Plan, or the consummation and implementation of th~~is~~e Plan and the transactions contemplated

13  thereby.

14      **10.    Injunctions**

15      **As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether**

16  **directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage,**

17  **demand, debt, right, cause of action, liability, or interest released, discharged, or terminated**

18  **pursuant to th~~is~~e Plan.  Except as provided in th~~is~~e Plan or the Confirmation Order, as of the**

19  **Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or**

20  **liability that is discharged or an interest or other right of an equity security holder that is**

21  **extinguished pursuant to the terms of th~~is~~e Plan are permanently enjoined from taking any of**

22  **the following actions against the Debtor, the Reorganized Debtor, or their property on account**

23  **of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a)**

24  **commencing or continuing, in any manner or in any place, any action or other proceeding; (b)**

25  **enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or**

26  **order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,**

27  **right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to**

28  **the Debtor; and (e) commencing or continuing any action in any manner, in any place, that**

**EXHIBIT "3"**

**PAGE 93**

1   does not comply with or is inconsistent with the provisions of th~is~e Plan.  By accepting

2   distribution pursuant to the~is~ Plan, each holder of an allowed claim receiving distributions

3   pursuant to the~is~ Plan shall be deemed to have specifically and expressly consented to the

4   injunction set forth in this Section.

5           Notwithstanding this provision, on the date that the Confirmation Order is entered by

6   the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate

7   to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins

8   Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the

9   complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy

10  Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction

11  against the Debtor pursuant to Oregon Statute 60.952.  The lifting of the automatic stay

12  described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to

13  obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an

14  augmented award by the District Court after the appeal of the Judgment.  The lifting of the

15  automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as

16  Exhibit A is solely to allow that actual complaint to be filed in a court of competent

17  jurisdiction, and then litigated to a judgment.  The lifting of the automatic stay as to any

18  complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to

19  allow the complaint to be filed, and litigated to judgment.  The lifting of the automatic stay

20  described herein shall not allow the enforcement of any Judgment or award against the

21  Debtor's estate, or the Reorganized Debtor.  As set forth below, the Court is retaining

22  jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate.

23  The lifting of the automatic stay described herein also begins, or continues the running of any

24  statute of limitations as of the entry of the Confirmation Order by the Court related to an

25  appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to

26  Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to

27  Oregon Statute 60.952.

28          11.     Executory Contracts and Unexpired Leases

EXHIBIT "3"

PAGE 94

1    The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with

2  Robinson Contract and theand Alpha Contract.  All of the amounts required to cure the pre-petition

3  amounts owed to Robinson and Alpha shall be paid in full through a setoff of the pre-petition

4  deposits each of them holds.  Any amounts owed to Robinson or Alpha for post-petition shipments

5  of goods and services constitute ordinary course of business payables that shall be paid in the

6  ordinary course of business post-confirmation.  All other unexpired leases and executory contracts of

7  the Debtor not assumed in writing within 30 days of the Effective Date shall be deemed rejected as

8  of the Effective Date.  Any proofs of claim for rejected executory contracts or unexpired leases may

9  be filed with the Court within 45 days of the Effective Date of theis Plan.

10    All of the Debtor's remaining executory contracts and unexpired leases which have not

11  previously been assumed or rejected, and which are not included above shall be deemed rejected

12  effective as of 11:59 p.m. prevailing Pacific time on the Effective Date.  THE BAR DATE FOR

13  FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF

14  AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE

15  EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE.  Any

16  claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of

17  claim is not timely filed, unless the Bankruptcy Court orders otherwise.

18    **12.    Changes in Rates Subject to Regulatory Commission Approval**

19    The Debtor is not subject to governmental regulatory commission approvals.

20    **13.    Submission of Post-Confirmation Reports**

21    Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall

22  file with the Court and serve on the Office of the United States Trustee a status report (a) containing

23  the Debtor's receipts and disbursements during the prior three months and (b) explaining the

24  Debtor's progress toward obtaining a Final Decree.

25    **14.    Retention of Jurisdiction**

26    After confirmation of theis Plan and the occurrence of the Effective Date, in addition to

27  jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally

28  permissible, including for the following purposes:

**EXHIBIT "3"**

**PAGE 95**

      (a)     To resolve any and all disputes regarding the operation and interpretation of this Plan and/or the Confirmation Order;

      (b)     To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding and to consider any objection to claim or interest whether such objection is filed before or after the Effective Date;

      (c)     To determine the extent, validity, and priority, of any lien asserted against property of the Debtor or property of the Debtor's estate;

      (d)     To construe and take any action to enforce this Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Confirmation Order, and all matters referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto;

      (e)     To determine any and all applications for the allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

      (f)     To determine any request for payment of administrative expense;

      (g)     To determine motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and the allowance of any claims resulting therefrom;

      (h)     To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case, whether before, on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have the right to commence any avoidance actions after the Effective Date and to continue with the prosecution of any avoidance actions commenced by the Debtor before the Effective Date;

      (i)     To determine the allowance of Claim Nos. 6, 7, and 8;

      (j)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

**EXHIBIT "3"**

**PAGE 96**

1       (k̶j̶) To modify this Plan under Section 1127 of the Bankruptcy Code in order to

2 remedy any apparent defect or omission in th̶is̶e̶ Plan or to reconcile any inconsistency in this Plan

3 so as to carry out its intent and purpose;

4       (k̶l̶) Except as otherwise provided in this Plan and Confirmation Order, to issue

5 injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain

6 interference with this Plan or the Confirmation Order, or the execution or implementation by any

7 person or entity of this Plan and Confirmation Order;

8       (l̶m̶) To issue such orders in aid of consummation of this Plan or the Confirmation

9 Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or

10 entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

11       (m̶n̶) To enter a final decree closing this Chapter 11 case.

12 **V.    EFFECT OF CONFIRMATION OF TH̶IS̶E̶ PLAN**

13 **A.    Discharge**

14 The Debtor will receive a discharge under th̶is̶e̶ Plan pursuant to and in accordance with the

15 provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of

16 the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a

17 portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of

18 the distributions to be made hereunder, except as otherwise expressly provided herein, each holder

19 (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest

20 and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the

21 Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and

22 all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective

23 Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the

24 Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated

25 Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property,

26 whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases

27 therefor were known or existed prior to the Effective Date.

28

**EXHIBIT "3"**

**PAGE 97**

1    Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

2    judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached

3    to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins

4    Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment

5    through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate

6    jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

7

**Formatted**

**Formatted:** Indent: First line:  0"

8    **B.    Modification Of The Plan**

9        The Debtor may modify this Plan at any time before confirmation.  However, the

10    Bankruptcy Court may require a new disclosure statement and/or re-voting on this Plan if the

11    Debtor modifies this Plan before confirmation.  The Debtor may also seek to modify this Plan at

12    any time after confirmation of this Plan as long as (1) this Plan has not been substantially

13    consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a

14    hearing.

15    **C.    Post-Confirmation Conversion or Dismissal**

16        A creditor or other party in interest may bring a motion to convert or dismiss the case under

17    11 U.S.C. §1112(b) after this Plan is confirmed if there is a default in performing under this Plan.

18    If the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after this Plan

19    is confirmed, all property that had been property of the Chapter 11 estate, and that has not been

20    disbursed pursuant to this Plan, will revest in the Chapter 7 estate, and the automatic stay will be

21    reimposed upon the revested property, but only to the extent that relief from stay was not previously

22    authorized by the Bankruptcy Court during this cases.  The Confirmation Order may also be

23    revoked under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation

24    Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke

25    confirmation within 180 days after the entry of the Confirmation Order.

26    **D.    Final Decree**

27        Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy

28    Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to

**EXHIBIT "3"**

**PAGE 98**

1  close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely

2  payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

3

4  Dated:  ~~May 5,~~ September 22, 2021

5  ~~——~~By:_____

6                                        Tuong Nguyen
                                          Chief Executive Officer of
7                                         Heartwise, Inc., Debtor-in-Possession

8  ~~Presented by:~~

9  ~~/s/ Ronald A. Clifford~~
10  ~~Ronald A. Clifford~~
    ~~BLAKELEY LLP~~
11  ~~General Insolvency Counsel~~
12  ~~to Heartwise, Inc.~~

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "3"**
**PAGE 99**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: [Redlined] *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "3"**
**PAGE 100**

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                              ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
                                                           ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the
following persons and/or entities by personal delivery as follows.  Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593
                                                           ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "4"**

HAHN & HAHN LLP
DEAN G. RALLIS JR., State Bar No. 94266
E-Mail: drallis@hahnlawyers.com
301 E. Colorado Blvd., Ninth Floor
Pasadena, CA 91101-1977
Telephone: (626) 796-9123
Facsimile: (626) 449-7357

Attorneys for Creditor Vitamins Online, Inc.


# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HEARTWISE, INC.,<br><br>          Debtor. | Case No. 8:20-bk-13335-MW<br><br>Chapter 11<br><br>**NOTICE OF SUBMISSION OF DECLARATION OF OSMAN KHAN IN REGARDING PURCHASE OF DAVIDPAUL DOYLE'S RIGHTS AND INTERESTS IN DEBTOR**<br><br><br>Date:     November 10, 2021<br>Time:    2:00 p.m.<br>Place:   411 W. Fourth Street<br>              Courtroom 6C<br>              Santa Ana, California 92701 |

      Counsel for Vitamins Online does not represent Osman Khan in his personal capacity, but files the below declaration as an accommodation to Mr. Khan as counsel for Vitamins Online believes that the information contained herein is critical to today's confirmation hearing in the above-captioned case.

DATED:  November 10, 2021        HAHN & HAHN LLP


By:        /s/ Dean G. Rallis Jr.
             Dean G. Rallis Jr.
             Attorneys for Creditor Vitamins Online, Inc.


**EXHIBIT "4"**

**PAGE 102**

### DECLARATION OF OSMAN KHAN

I, Osman Khan, declare and state:

1.    I provide this declaration in my individual capacity and have knowledge about the facts stated herein. On the evening of November 9, 2021, I, in my personal capacity, purchased all equity and rights of DavidPaul Doyle ("Doyle") in and to Debtor, in which Doyle had at least a 49% equity holding. I am also the Chief Financial Officer of creditor Vitamins Online, Inc. ("Vitamins Online"), whose claims make up greater than 90% of the claims in the chapter 11 bankruptcy case (the "Case") of  Heartwise, Inc. (the "Debtor"). This Declaration provides the facts and circumstances surrounding my purchase of Doyle's equity interest in Debtor.

2.    On September 22, 2021, the Debtor proposed its revised first amended plan of reorganization (the "Plan"), which is set for a confirmation hearing on November 10, 2021.

3.    On October 16, 2021, Vitamins Online and Doyle filed objections to the Plan's confirmation stating why the Plan does not satisfy the Code's requirements in, *inter alia,* §1123(a)(4), §1124(a), §1129(a)(1), §1129(a)(3), §1129(a)(7), §1129(a)(8), §1129(a)(11), and §1129(b).

4.    It is my understanding that the Plan cannot be confirmed as proposed without Vitamins Online's support because the Plan alters the rights of Vitamins Online. As an officer of Vitamins Online, even if I could convince Vitamins Online to support the Plan, Doyle appeared to have valid reasons to appeal plan confirmation at least based on his objections concerning corporate governance issues, a valuation dispute and lack of good faith with which the Plan was proposed.

5.    Based on various provisions in the Plan, even if it were confirmed it would not be consummated for many months and possibly years because of how the Plan treats confirmation versus the effective date. For example, under the Plan the effective date does not occur until any appeal of the confirmation order is resolved. Given the multiple disputing parties and a high likelihood that the confirmation order would be appealed at least by one unsatisfied party, this means that creditors will not be paid until some unknown future date following the resolution of

**EXHIBIT "4"**

**PAGE 103**

all appeals of the confirmation order. Pertaining to Vitamins Online, the Plan does not require Debtor to pay $14.5 million dollar payment into the Court's registry to cover Vitamins Online's Claim 3-2 until the occurrence of the effective date. Thus, the Plan placed the risk of a significantly delayed effective date *entirely* on creditors.

6.      At the same time, the Plan states in its injunction provisions that the stay of Vitamins Online's judgment underlying its Claim 3-2, Debtor's appeal of that judgment, and Vitamins Online's cross appeal of the judgment underlying its Claim 8 would be removed as of the confirmation date (not the effective date). The net effect of removing the stay at the time of confirmation, but delaying the effective date until after all appeals of the confirmation order have been resolved, means that Vitamins Online would very likely be forced to defend Debtor's appeal of the judgment and prosecute Vitamins Online's cross appeal without Debtor having to post ***any*** security during the appeal process. Consequently, Debtor would significantly *benefit* from the delayed effective date because it need not deposit $14.5 million for possibly a year or two, during which time it would have the ability to dissipate Debtor's assets.

7.      Problems continued to mount as the confirmation hearing approached. For example, as an officer of Vitamins Online, I convinced Vitamins Online to make an offer as an overbid to the current Plan.  The facts and circumstances concerning that overbid is the subject of the *Declaration of Dean G. Rallis Jr. Regarding Offer of Vitamins Online to Acquire the Equity of Reorganized Debtor Heartwise, Inc.* ("Rallis Declaration") at Docket Number 524. In addition to being an overbid, Vitamins Online's offer significantly simplifies Debtor's path moving out of bankruptcy as it included a release of Vitamins Online's Claims 7 and 8, and satisfaction of Claim 3-2 through acceptance of the offer. The overbid offer did not address Doyle's claims, however, and his objections to the Plan and the risk of an appeal by him would remain.  As stated in the Rallis Declaration, Vitamins Online has received no response to the overbid, which raised additional concerns. *See* Dkt. No. 524, p. 3, ll. 5-7.

8.      Raising further red flags, counsel for Debtor refused to allow Chad Nydegger, Vitamins Online's counsel of record in this case, to attend the deposition of Debtor's valuation expert held on Monday, November 8, 2021. Email attached hereto as **Exhibit A**. Debtor's counsel

provided no basis for the exclusion. Email attached hereto as **<u>Exhibit B</u>**. Not until mere hours before the deposition did Debtor's counsel retract its position and offer to allow Mr. Nydegger to attend the deposition, but at that late juncture Mr. Nydegger was unable to attend as he had cancelled his travel plans and it was impossible for him to book a flight from Utah and arrive at the deposition with less than four hours' notice. Email attached hereto as **Exhibit C**.

9.      In view of the foregoing, and considering the high likelihood that Doyle would appeal any confirmation order for the valid reason—he was getting $0 despite company valuations showing the equity was in the money—and the significant risk to Vitamins Online that had the most to lose by a delayed effective date after confirmation due to an appeal by Doyle, I personally decided to find a solution to these problems to best of my ability.

10.      To try and facilitate negotiating a path for Debtor to exit bankruptcy as soon as possible, I decided to purchase Doyle's equity in the Debtor, and his rights and claims in these proceedings. At about 9:00 PM PST on November 9, 2021, I, in my personal capacity, purchased all of Doyle's interests in Debtor, including all of his rights and interests in the pending adversary proceeding in this Case ("<u>Interests</u>").

11.      As the new owner of Doyle's Interests, I am now in a position to support Vitamins Online's overbid offer by releasing Doyle's Claim 6 and bringing the only adversary proceeding in this case to a quick end. With my personal support, Vitamins Online's overbid offer could now allow Debtor to exit bankruptcy free of Vitamins Online's Claims 7 and 8, free from Doyle's

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 6, and free from the adversary proceeding initiated by Doyle, each of which currently

represents a significant potential liability, protracted litigation, and a substantial financial burden

on Debtor post confirmation, as testified to by Debtor's CFO, Elaine Phan. Dkt. No. 496, p. 4, ll.

3-17, p. 5, ll. 20-23, and p. 7, ll. 18-20. In addition, Vitamins Online's overbid of $11.2 million

exceeds the cash bid of approximately $9.5 million, which would bring an additional benefit of

$1.7 million to the estate.

   12.   In short, by purchasing Doyle's Interests, Vitamins Online's overbid represents a plan that

pays more to Debtor, including cash to current equity holders, pays all creditors in full on the

effective date (which the plan would not postpone based on appeal of the confirmation order), and

resolves numerous claims and future litigation that would otherwise continue to burden Debtor. It

is my sincere belief and hope that with all of the efforts and investments above, the Plan can get

confirmed on November 10, 2021, the creditors can *actually* get paid in full in November 2021,

and the Debtor can exit bankruptcy soon after.

Executed November 10, 2021 at Santa Ana, California. I declare under penalty of perjury under
the laws of the United States that the foregoing is true and correct; and that, if called as a witness,
I can and will testify competently thereto.

_____
                                    Osman Khan

# Exhibit A

## Chad Nydegger

| | |
|---|---|
| **From:** | Chad Nydegger |
| **Sent:** | Monday, November 8, 2021 10:25 AM |
| **To:** | Osman @ NutriGold |
| **Subject:** | FW: Heartwise - Depositions [WNDMS-DMS1-DMS1.FID2277370] |

FYI

---

**From:** Chad Nydegger
**Sent:** Monday, November 8, 2021 10:22 AM
**To:** Ronald A. Clifford (rac@rcliffordlaw.com) <rac@rcliffordlaw.com>
**Cc:** wgardner@vonbriesen.com; mfoley@vonbriesen.com; tbisconti@bklwlaw.com; Aaron Malo <amalo@sheppardmullin.com>; jshields@joneswaldo.com; drallis@hahnlawyers.com
**Subject:** FW: Heartwise - Depositions [WNDMS-DMS1-DMS1.FID2277370]

Hello, Ron.

Dean has forwarded to me your email below sent this morning. Your email suggests that you are moving the location of today's deposition to your offices to accommodate Vitamins Online's attendance. As you are aware, I am in Utah and Osman Khan is on the East Coast. We did not travel to California for the deposition as we had planned to do in light of your prior communications stating that we would not be granted entrance to the deposition. When asked for Debtor's basis for excluding Vitamins Online and me, its outside counsel, from the deposition you provided no response. At this late juncture moving the location of the deposition does not address Vitamins Online's objection as it is impossible for Vitamins Online or its counsel to attend. Consequently, moving the deposition at this juncture does not remedy the severe prejudice inflicted on Vitamins Online by Debtor's prior position precluding Vitamins Online's attendance, and we continue to object to the deposition moving forward without allowing Vitamins Online to attend. In view of the foregoing, there is no need to move the location of today's deposition to accommodate Vitamins Online.

Additionally, as I have entered an appearance on in the case, please copy me on all correspondence to counsel for Vitamins Online.

Regards,
Chad

---

**From:** Rallis, Dean <drallis@hahnlawyers.com>
**Sent:** Monday, November 8, 2021 10:01 AM
**To:** Chad Nydegger <CNydegger@WNLaw.com>
**Subject:** Fwd: Heartwise - Depositions

FYI

Dean G. Rallis Jr.
Hahn & Hahn, LLP
301 East Colorado Blvd., Ninth Floor
Pasadena, CA 91101
Direct Dial (626) 683-4321
Cell (818) 634-9698

**EXHIBIT "4"**
**PAGE 108**

www.hahnlawyers.com

Sent from my iPhone

Begin forwarded message:

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Date:** November 8, 2021 at 08:51:03 PST
**To:** "Rallis, Dean" <drallis@hahnlawyers.com>
**Cc:** "Bill D. Gardner" <wgardner@vonbriesen.com>, "Mark F. Foley" <mfoley@vonbriesen.com>, Tony
Bisconti <tbisconti@bklwlaw.com>, Aaron Malo <AMalo@sheppardmullin.com>, JEFF SHIELDS
<JShields@joneswaldo.com>
**Subject: RE: Heartwise - Depositions**

 [External]
All:

Given some last minute issues with Vitamins Online, we need to move today's deposition to a
location other than Robinson Pharma's headquarters.  I have a conference room at 1100 Town &
Country Rd., 12th Floor, Orange, CA 92868.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain
information which is privileged, confidential, and protected by the attorney-
client or attorney work product privileges. If you are not the addressee, note
that any disclosure, copying, distribution, or use of the contents of this
message is prohibited. If you have received this transmission in error, please
destroy it and notify us immediately at our telephone number (949) 533.9774.

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 5:12 PM
**To:** Ronald Clifford
**Cc:** Bill D. Gardner; Mark F. Foley; Tony Bisconti; osman@nutrigold.com; Aaron Malo; JEFF SHIELDS
**Subject:** RE: Heartwise - Depositions

Ron –

Thanks for the update. Vitamins Online will have counsel present, either Mr. Nydegger or me.

Dean

Dean G. Rallis Jr.

**EXHIBIT "4"**
**PAGE 109**

## HAHN & HAHN LLP

Direct (626) 683-4321 | [hahnlawyers.com](hahnlawyers.com)
Cell: (818) 634-9698

---

**From:** Ronald Clifford <[rac@rcliffordlaw.com](rac@rcliffordlaw.com)>
**Sent:** Friday, November 5, 2021 4:50 PM
**To:** Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)>
**Cc:** Bill D. Gardner <[wgardner@vonbriesen.com](wgardner@vonbriesen.com)>; Mark F. Foley <[mfoley@vonbriesen.com](mfoley@vonbriesen.com)>; Tony
Bisconti <[tbisconti@bklwlaw.com](tbisconti@bklwlaw.com)>; [osman@nutrigold.com](osman@nutrigold.com)>; Aaron Malo
<[AMalo@sheppardmullin.com](AMalo@sheppardmullin.com)>; JEFF SHIELDS <[JShields@joneswaldo.com](JShields@joneswaldo.com)>
**Subject:** Re: Heartwise - Depositions

[External]
Mr. Doyle's deposition of Eureka is scheduled for noon, Monday.  It will be held at 3330 S Harbor, Santa
Ana. As previously mentioned, Mr. Rallis is welcome to attend for Vitamins Online, but Messrs.
Nydegger and Khan may not. As to Wednesday, Mr. Malo made a good suggestion. I will be asking that
the breakout rooms be opened up at 10 am or 11 am, instead of noon, for any party that wishes to work
from the courthouse prior to the hearing.

Ronald A. Clifford, Esq.
**Partner**
R. Clifford & Associates
1100 Town & Country Ave., Orange, California 92868


Direct: (949) 533-9774| RAC@RCliffordLaw.com
Admitted Only in California

> On Nov 5, 2021, at 12:35 PM, Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)> wrote:
>
> Ron –
>
> Thanks for your confirmation. What authority are you relying on to decline a
> party's choice of counsel to be present at the deposition?
>
> Dean
>
> Dean G. Rallis Jr.
>
> <image001.png>
>
> Direct (626) 683-4321 | [hahnlawyers.com](hahnlawyers.com)
> Cell: (818) 634-9698

---

**From:** Ronald Clifford <[rac@rcliffordlaw.com](rac@rcliffordlaw.com)>
**Sent:** Friday, November 5, 2021 12:25 PM
**To:** Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)>; Bill D. Gardner
<[wgardner@vonbriesen.com](wgardner@vonbriesen.com)>; Mark F. Foley <[mfoley@vonbriesen.com](mfoley@vonbriesen.com)>
**Cc:** Tony Bisconti <[tbisconti@bklwlaw.com](tbisconti@bklwlaw.com)>; Osman @ NutriGold

**EXHIBIT "4"**
**PAGE 110**

<osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Correct.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:25 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

Ron –

Your recent email below is not clear. Therefore, to clarify, are you taking the position that Mr. Nydegger, as counsel to Vitamins Online, is not permitted to attend the deposition?

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:17 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold

4

**EXHIBIT "4"**

**PAGE 111**

<osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Please see my email below.

Ronald A. Clifford, Esq.
### R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may
contain information which is privileged, confidential, and
protected by the attorney-client or attorney work product
privileges. If you are not the addressee, note that any disclosure,
copying, distribution, or use of the contents of this message is
prohibited. If you have received this transmission in error, please
destroy it and notify us immediately at our telephone number
(949) 533.9774.

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:16 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

Thanks, Ron. Mr. Nydegger would appear in my stead. Accordingly, as an
accommodation to Mr. Nydegger, can the deposition be scheduled for 12:00 noon
(or later)?

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:02 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner
<wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold
<osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

**EXHIBIT "4"**
**PAGE 112**

[External]
Mr. Rallis:

We are limiting the depo attendance to Messrs. Bisconti, Foley, Doyle, and Malo, and yourself.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 11:57 AM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

All –

This is the first I heard that the depo will start at 9:00. May I ask that the depo be pushed to 12:00 noon instead. Chad Nydegger will be attending the depo and he is changing his travel plans to fly in Monday morning.

Let me know. Thanks.

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 9:21 AM
**To:** Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley
<mfoley@vonbriesen.com>

6

**EXHIBIT "4"**

**PAGE 113**

**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold
<osman@nutrigold.com>; Rallis, Dean <drallis@hahnlawyers.com>
**Subject:** RE: Heartwise - Depositions

[External]
There is only one deposition, which is that of the valuation expert.  That is taking
place Monday at 9:00 a.m.  Mr. Rallis is welcome to attend, but his client is
not.  Mr. Rallis was informed of the depostion yesterday.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may
contain information which is privileged, confidential, and
protected by the attorney-client or attorney work product
privileges. If you are not the addressee, note that any disclosure,
copying, distribution, or use of the contents of this message is
prohibited. If you have received this transmission in error, please
destroy it and notify us immediately at our telephone number
(949) 533.9774.

---

**From:** Bill D. Gardner [mailto:wgardner@vonbriesen.com]
**Sent:** Friday, November 5, 2021 9:19 AM
**To:** Mark F. Foley; Ronald Clifford
**Cc:** Tony Bisconti; Osman @ NutriGold; Rallis, Dean <drallis@hahnlawyers.com>
**Subject:** Heartwise - Depositions

Would you please keep VO and its counsel apprised of the depositions.

Thanks,

Bill

**William D. Gardner | Shareholder**
**von Briesen & Roper, s.c.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
————
Direct::  (414) 287-1283
Fax: (414) 238-6533
Mobile:  (718) 930-4304
wgardner@vonbriesen.com
vonbriesen.com

**EXHIBIT "4"**

**PAGE 114**

This message (including attachments) is privileged and confidential. If you are not
the intended recipient, please delete it without further distribution and reply to the
sender that you have received the message in error.

**EXHIBIT "4"**

**PAGE 115**

# Exhibit B

EXHIBIT "4"
PAGE 116

| | |
|---|---|
| **From:** | Rallis, Dean |
| **To:** | Osman @ NutriGold; Chad Nydegger |
| **Subject:** | FW: Heartwise - Depositions |
| **Date:** | Friday, November 5, 2021 1:33:34 PM |
| **Attachments:** | image001.png |

FYI, see email chain below. Debtor objects to Chad's attendance at the depo on Monday.

Dean

Dean G. Rallis Jr.

# HAHN & HAHN LLP

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:25 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold <osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Correct.

Ronald A. Clifford, Esq.

## R. Clifford & Associates

1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:25 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold

**Subject:** RE: Heartwise - Depositions

Ron –

Your recent email below is not clear. Therefore, to clarify, are you taking the position that Mr. Nydegger, as counsel to Vitamins Online, is not permitted to attend the deposition?

Dean

Dean G. Rallis Jr.

## HAHN & HAHN LLP

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:17 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold <osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Please see my email below.

Ronald A. Clifford, Esq.
### R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:16 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

**EXHIBIT "4"**
**PAGE 118**

Thanks, Ron. Mr. Nydegger would appear in my stead. Accordingly, as an accommodation to Mr. Nydegger, can the deposition be scheduled for 12:00 noon (or later)?

Dean

Dean G. Rallis Jr.

## HAHN & HAHN LLP

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:02 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold <osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Mr. Rallis:

We are limiting the depo attendance to Messrs. Bisconti, Foley, Doyle, and Malo, and yourself.

Ronald A. Clifford, Esq.
## R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 11:57 AM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

**EXHIBIT "4"**
**PAGE 119**

All –

This is the first I heard that the depo will start at 9:00. May I ask that the depo be pushed to 12:00 noon instead. Chad Nydegger will be attending the depo and he is changing his travel plans to fly in Monday morning.

Let me know. Thanks.

Dean

Dean G. Rallis Jr.

## HAHN & HAHN LLP

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 9:21 AM
**To:** Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold <osman@nutrigold.com>; Rallis, Dean <drallis@hahnlawyers.com>
**Subject:** RE: Heartwise - Depositions

[External]
There is only one deposition, which is that of the valuation expert.  That is taking place Monday at 9:00 a.m.  Mr. Rallis is welcome to attend, but his client is not.  Mr. Rallis was informed of the depostion yesterday.

Ronald A. Clifford, Esq.
### R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

**EXHIBIT "4"**

**PAGE 120**

**From:** Bill D. Gardner [mailto:wgardner@vonbriesen.com]
**Sent:** Friday, November 5, 2021 9:19 AM
**To:** Mark F. Foley; Ronald Clifford
**Cc:** Tony Bisconti; Osman @ NutriGold; Rallis, Dean (drallis@hahnlawyers.com)
**Subject:** Heartwise - Depositions

Would you please keep VO and its counsel apprised of the depositions.

Thanks,

Bill

**William D. Gardner | Shareholder**
**von Briesen & Roper, s.c.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
──────────
Direct:: (414) 287-1283
Fax: (414) 238-6533
Mobile: (718) 930-4304
wgardner@vonbriesen.com
vonbriesen.com

This message (including attachments) is privileged and confidential. If you are not the
intended recipient, please delete it without further distribution and reply to the sender that you
have received the message in error.

**EXHIBIT "4"**
**PAGE 121**

# Exhibit C

**EXHIBIT "4"**
**PAGE 122**

www.hahnlawyers.com

Sent from my iPhone

Begin forwarded message:

> **From:** Ronald Clifford <rac@rcliffordlaw.com>
> **Date:** November 8, 2021 at 08:51:03 PST
> **To:** "Rallis, Dean" <drallis@hahnlawyers.com>
> **Cc:** "Bill D. Gardner" <wgardner@vonbriesen.com>, "Mark F. Foley" <mfoley@vonbriesen.com>, Tony Bisconti <tbisconti@bklwlaw.com>, Aaron Malo <AMalo@sheppardmullin.com>, JEFF SHIELDS <JShields@joneswaldo.com>
> **Subject: RE: Heartwise - Depositions**
>
> [External]
> All:
>
> Given some last minute issues with Vitamins Online, we need to move today's deposition to a location other than Robinson Pharma's headquarters.  I have a conference room at 1100 Town & Country Rd., 12th Floor, Orange, CA 92868.
>
> Ronald A. Clifford, Esq.
> ### R. Clifford & Associates
> 1100 Town and Country Rd., Suite 1250
> Orange, California 92868
> Telephone (949) 533-9774
> RAC@RCliffordLaw.com
>
> This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.
>
> ---
> **From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
> **Sent:** Friday, November 5, 2021 5:12 PM
> **To:** Ronald Clifford
> **Cc:** Bill D. Gardner; Mark F. Foley; Tony Bisconti; osman@nutrigold.com; Aaron Malo; JEFF SHIELDS
> **Subject:** RE: Heartwise - Depositions
>
> Ron –
>
> Thanks for the update. Vitamins Online will have counsel present, either Mr. Nydegger or me.
>
> Dean
>
> Dean G. Rallis Jr.

**EXHIBIT "4"**

**PAGE 123**

## HAHN & HAHN LLP

Direct (626) 683-4321 | [hahnlawyers.com](hahnlawyers.com)
Cell: (818) 634-9698

---

**From:** Ronald Clifford <[rac@rcliffordlaw.com](rac@rcliffordlaw.com)>
**Sent:** Friday, November 5, 2021 4:50 PM
**To:** Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)>
**Cc:** Bill D. Gardner <[wgardner@vonbriesen.com](wgardner@vonbriesen.com)>; Mark F. Foley <[mfoley@vonbriesen.com](mfoley@vonbriesen.com)>; Tony
Bisconti <[tbisconti@bklwlaw.com](tbisconti@bklwlaw.com)>; [osman@nutrigold.com](osman@nutrigold.com); Aaron Malo
<[AMalo@sheppardmullin.com](AMalo@sheppardmullin.com)>; JEFF SHIELDS <[JShields@joneswaldo.com](JShields@joneswaldo.com)>
**Subject:** Re: Heartwise - Depositions

[External]
Mr. Doyle's deposition of Eureka is scheduled for noon, Monday. It will be held at 3330 S Harbor, Santa
Ana. As previously mentioned, Mr. Rallis is welcome to attend for Vitamins Online, but Messrs.
Nydegger and Khan may not. As to Wednesday, Mr. Malo made a good suggestion. I will be asking that
the breakout rooms be opened up at 10 am or 11 am, instead of noon, for any party that wishes to work
from the courthouse prior to the hearing.

Ronald A. Clifford, Esq.
**Partner**
R. Clifford & Associates
1100 Town & Country Ave., Orange, California 92868


Direct: (949) 533-9774| RAC@RCliffordLaw.com
Admitted Only in California

> On Nov 5, 2021, at 12:35 PM, Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)> wrote:
>
>
> Ron –
>
> Thanks for your confirmation. What authority are you relying on to decline a
> party's choice of counsel to be present at the deposition?
>
> Dean
>
> Dean G. Rallis Jr.
>
> <image001.png>
>
> Direct (626) 683-4321 | [hahnlawyers.com](hahnlawyers.com)
> Cell: (818) 634-9698
>
> ---
>
> **From:** Ronald Clifford <[rac@rcliffordlaw.com](rac@rcliffordlaw.com)>
> **Sent:** Friday, November 5, 2021 12:25 PM
> **To:** Rallis, Dean <[drallis@hahnlawyers.com](drallis@hahnlawyers.com)>; Bill D. Gardner
> <[wgardner@vonbriesen.com](wgardner@vonbriesen.com)>; Mark F. Foley <[mfoley@vonbriesen.com](mfoley@vonbriesen.com)>
> **Cc:** Tony Bisconti <[tbisconti@bklwlaw.com](tbisconti@bklwlaw.com)>; Osman @ NutriGold

**EXHIBIT "4"**

**PAGE 124**

<osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Correct.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:25 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

Ron –

Your recent email below is not clear. Therefore, to clarify, are you taking the position that Mr. Nydegger, as counsel to Vitamins Online, is not permitted to attend the deposition?

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:17 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold

4

**EXHIBIT "4"**

**PAGE 125**

<osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

[External]
Please see my email below.

Ronald A. Clifford, Esq.
## R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 12:16 PM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

Thanks, Ron. Mr. Nydegger would appear in my stead. Accordingly, as an accommodation to Mr. Nydegger, can the deposition be scheduled for 12:00 noon (or later)?

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 12:02 PM
**To:** Rallis, Dean <drallis@hahnlawyers.com>; Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley <mfoley@vonbriesen.com>
**Cc:** Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold <osman@nutrigold.com>
**Subject:** RE: Heartwise - Depositions

5

**EXHIBIT "4"**

**PAGE 126**

[External]
Mr. Rallis:

We are limiting the depo attendance to Messrs. Bisconti, Foley, Doyle, and Malo, and yourself.

Ronald A. Clifford, Esq.
**R. Clifford & Associates**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (949) 533.9774.

---

**From:** Rallis, Dean [mailto:drallis@hahnlawyers.com]
**Sent:** Friday, November 5, 2021 11:57 AM
**To:** Ronald Clifford; Bill D. Gardner; Mark F. Foley
**Cc:** Tony Bisconti; Osman @ NutriGold
**Subject:** RE: Heartwise - Depositions

All –

This is the first I heard that the depo will start at 9:00. May I ask that the depo be pushed to 12:00 noon instead. Chad Nydegger will be attending the depo and he is changing his travel plans to fly in Monday morning.

Let me know. Thanks.

Dean

Dean G. Rallis Jr.

<image001.png>

Direct (626) 683-4321 | hahnlawyers.com
Cell: (818) 634-9698

---

**From:** Ronald Clifford <rac@rcliffordlaw.com>
**Sent:** Friday, November 5, 2021 9:21 AM
**To:** Bill D. Gardner <wgardner@vonbriesen.com>; Mark F. Foley
<mfoley@vonbriesen.com>

**EXHIBIT "4"**

**PAGE 127**

Cc: Tony Bisconti <tbisconti@bklwlaw.com>; Osman @ NutriGold
<osman@nutrigold.com>; Rallis, Dean <drallis@hahnlawyers.com>
**Subject:** RE: Heartwise - Depositions

[External]
There is only one deposition, which is that of the valuation expert. That is taking
place Monday at 9:00 a.m. Mr. Rallis is welcome to attend, but his client is
not. Mr. Rallis was informed of the depostion yesterday.

Ronald A. Clifford, Esq.
### R. Clifford & Associates
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone (949) 533-9774
RAC@RCliffordLaw.com

This is a transmission from R. Clifford & Associates and may
contain information which is privileged, confidential, and
protected by the attorney-client or attorney work product
privileges. If you are not the addressee, note that any disclosure,
copying, distribution, or use of the contents of this message is
prohibited. If you have received this transmission in error, please
destroy it and notify us immediately at our telephone number
(949) 533.9774.

**From:** Bill D. Gardner [mailto:wgardner@vonbriesen.com]
**Sent:** Friday, November 5, 2021 9:19 AM
**To:** Mark F. Foley; Ronald Clifford
**Cc:** Tony Bisconti; Osman @ NutriGold; Rallis, Dean <drallis@hahnlawyers.com>
**Subject:** Heartwise - Depositions

Would you please keep VO and its counsel apprised of the depositions.

Thanks,

Bill

**William D. Gardner | Shareholder**
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
‾‾‾‾‾‾‾‾‾‾
Direct::  (414) 287-1283
Fax: (414) 238-6533
Mobile:  (718) 930-4304
wgardner@vonbriesen.com
vonbriesen.com

**EXHIBIT "4"**

**PAGE 128**

This message (including attachments) is privileged and confidential. If you are not
the intended recipient, please delete it without further distribution and reply to the
sender that you have received the message in error.

8

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 301 E. Colorado Blvd., 9th Floor, Pasadena, California 91101.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SUBMISSION OF DECLARATION OF OSMAN KHAN IN REGARDING PURCHASE OF DAVIDPAUL DOYLE'S RIGHTS AND INTERESTS IN DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 10, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See attached**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 10, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL TO CHAMBERS**:
Hon. Mark S. Wallace
U.S. Bankruptcy Court for the Central District of California
Steven_Rimmer@cacb.uscourts.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 10, 2021 | Margie M. Arias | /s/ Margie M. Arias |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (CONT'D)**:

| | |
|---|---|
| Attorney for The Law Office of Michael Jay Berger | Michael Jay Berger, michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com, michael.berger@ecf.inforuptcy.com |
| Attorney for Robinson Pharma, Inc. | Anthony Bisconti, tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com, chowland@bienertkatzman.com |
| Attorney for Alpha Health Research | Anthony Bisconti, tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com, chowland@bienertkatzman.com |
| Attorney for Ernesty LLC | Anthony Bisconti, tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com, chowland@bienertkatzman.com |
| Attorney for Tuong Nguyen | Anthony Bisconti, tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com, chowland@bienertkatzman.com |
| Attorney for Blakeley LLP | Ronald Clifford, rac@rcliffordlaw.com |
| Attorney for R. Clifford & Associates | Ronald Clifford, rac@rcliffordlaw.com |
| Attorney for Debtor | Ronald Clifford, rac@rcliffordlaw.com |
| Attorney for DavidPaul Doyle | Jared Glicksman, jglicksman@yocca.com |
| Attorney for United States Trustee (SA) | Nancy S. Goldenberg, nancy.goldenberg@usdoj.gov |
| Attorney for Levene, Neale, Bender, Yoo & Brill L.L.P. | Eve H. Karasik, ehk@lnbyb.com |
| Attorney for Robinson Pharma, Inc. | Steven J. Katzman, SKatzman@bienertkatzman.com, admin@bienertkatzman.com, chowland@bienertkatzman.com, 4579179420@filings.docketbird.com |
| Attorney for Magleby Cataxinos & Greenwood | Aaron J. Malo, amalo@sheppardmullin.com, clopez@sheppardmullin.com, abilly@sheppardmullin.com |
| (Former) Attorney for Vitamins Online, Inc. | Kathleen P. March, kmarch@bkylawfirm.com, kmarch3@sbcglobal.net |
| Attorney for Robinson Pharma, Inc. | Carlos A. Nevarez, cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com |
| Attorney for Alpha Health Research | Carlos A. Nevarez, cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com |
| Attorney for Ernesty LLC | Carlos A. Nevarez, cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com |
| Attorney for Tuong Nguyen | Carlos A. Nevarez, cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com |
| Interested Party | Misty A. Perry Isaacson, misty@ppilawyers.com, ecf@ppilawyers.com, perryisaacsonmr51779@notify.bestcase.com |
| Attorney for Martha Valentine | Seth A. Safier, seth@gutridesafier.com |
| (Former) Attorney for Robinson Pharma, Inc. | K. Luan Tran, ltran@kslaw.com, tle@kslaw.com |
| United States Trustee (SA) | United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov |

**EXHIBIT "5"**

Ronald A. Clifford (State Bar No. 246542)
E-Mail: RAC@RCliffordLaw.com
**R. CLIFFORD & ASSOCIATES**
1100 Town and Country Rd., Suite 1250
Orange, California 92868
Telephone: (949) 533-9774

*General Insolvency Counsel for*
*Heartwise, Inc.*

FILED & ENTERED

DEC 17 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

CHANGES MADE BY COURT

| | |
|---|---|
| In re: | Case No.: 8:20-bk-13335-MW |
| HEARTWISE, INC., | Chapter 11 |
| Debtor in Possession. | **ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND DENYING WITH PREJUDICE CERTAIN CONFIRMATION ORDER-RELATED MOTIONS** |
| | **Hearing Date, Time and Location:** |
| | Date:    November 10, 2021 |
| | Time:    2:00 p.m. |
| | Place:   411 West Fourth Street |
| | Santa Ana, CA 92701 |
| | Courtroom 6C |

**BACKGROUND FACTS**

Heartwise, Inc. ("Heartwise") and Vitamins Online, Inc. ("VOL") engage in the business of selling vitamins and nutritional supplements online and are business competitors.  On October 23, 2013, VOL filed a complaint against Heartwise in the United States District Court for the District of Utah (the "District Court") alleging claims for unfair competition and false advertising under federal and Utah law (the "District Court Action").  Nearly five years later, in approximately August to September 2018, VOL engaged Magleby, Cataxinos & Greenwood, P.C. ("MCG") to lead the prosecution of the District Court Action.  MCG sent VOL an engagement letter dated September 27, 2018 that memorializes the terms of the engagement (the "Engagement Agreement").  The

---

ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION
1

1  Engagement Agreement provided for reduced hourly rates plus a contingency fee.  In the event

2  MCG gained VOL a recovery in excess of $5 million (defined as the "Extraordinary Result

3  Threshold"), MCG would become entitled to an increased contingency fee.  The Engagement

4  Agreement also arguably provides that MCG had the exclusive right to collect any payment on an

5  award to VOL, to subtract its attorneys' fees and costs and to remit the balance to VOL.

6        The District Court held a three-week bench trial in the summer of 2020.  The District Court

7  made very detailed findings of fact and conclusions of law in a 53-page document and awarded VOL

8  $9,551,232 in damages against Heartwise plus prejudgment interest plus reasonable attorneys' fees

9  (the "Judgment").  The amount of attorneys' fees has not yet been determined, but parties generally

10  expect the Judgment with awarded attorneys' fees and prejudgment interest to be about $14.5

11  million.

12        Although one might reasonably expect that VOL would be thrilled with a Judgment that was

13  double (or possibly triple, depending upon how the matter is viewed) the "Extraordinary Result

14  Threshold" that VOL itself had agreed to when it signed the Engagement Agreement, that does not

15  appear to have been the case.  VOL took the position that the District Court got it wrong, and that

16  VOL was entitled to <u>an additional $34 million</u> beyond that awarded to it in the Judgment.

17        VOL's next move was to fire MCG – the law firm that had gained it a recovery double and

18  possibly triple the "Extraordinary Result Threshold" -- and to purportedly terminate the Engagement

19  Agreement.

20        Heartwise filed a notice of appeal with respect to the Judgment.  VOL intended to file a

21  cross-appeal of the Judgment, but before that could occur Heartwise filed a voluntary chapter 11

22  petition in this Court on December 4, 2020.  VOL was thus stayed from filing the cross-appeal.

23        Early in the case, Heartwise proposed a plan of reorganization that would pay all creditors

24  holding allowed claims 100 cents on the dollar.  This included the Judgment.  Generally, creditors

25  who are presented with a chapter 11 plan of reorganization that pays them 100 cents on the dollar

26  tend to approve of and support confirmation of such a plan, but that did not occur here.  VOL

27  repeatedly endeavored through various filings with the Court to prevent Heartwise's 100-cents-on-

28  the-dollar plan from getting to a plan confirmation hearing and then continued these efforts during

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
2

**EXHIBIT "5"
PAGE 133**

1   the multi-day confirmation hearing itself and again after the confirmation hearings concluded.

2   Heartwise has alleged that VOL's objective in this case is not to have the Judgment paid in full but

3   instead to destroy Heartwise as a business competitor and to prevent it from reorganizing (or else to

4   end up owning the entirety of Heartwise's capital stock).

5           VOL filed Claim 3-1 (later amended in Claim 3-2) with respect to the Judgment.  VOL also

6   filed Claim 8 for the additional $34 million that the District Court had purportedly erred in failing to

7   add to the Judgment.  Finally, VOL filed Claim 7 for an additional $20 million in damages unrelated

8   to the District Court Action.

9           Claim 3-2 and Claim 8 drew objections filed by MCG.  MCG evidently fears that if the

10  Judgment is paid by Heartwise directly to VOL, VOL will not honor the terms of the Engagement

11  Agreement and will decline to pay MCG the hourly and contingency fees it has earned by winning

12  VOL a recovery that is double or triple the "Extraordinary Result Threshold."  To protect itself

13  against the risk of non-payment, MCG filed Claim 5-2 and Claim 12, asserting that any amounts

14  paid by Heartwise in respect of the Judgment or in respect of VOL's $34 million claim in Claim 8

15  must be paid to MCG, not VOL, because of MCG's alleged rights under the Engagement Agreement

16  to collect the Judgment (and the $34 million addition thereto, should VOL be successful in its

17  contention that the District Court erred in failing to award VOL an extra $34 million in the District

18  Court Action).  MCG does not dispute that if moneys are paid to MCG under Claim 5-2 and Claim

19  12, MCG would have an obligation to pay the excess amount over to VOL after MCG has deducted

20  the fees and costs to which it is allegedly entitled under the Engagement Agreement (and possibly

21  amounts owing to a third party who provided litigation financing to VOL).  MCG supports

22  confirmation of the Plan (as that term is defined below) and generally has argued in opposition to

23  VOL throughout most or all of this case.

24          Upon motion by Heartwise and a hearing, the Court estimated Claim 7, Claim 8 and Claim

25  12 at zero for purposes of distribution under a plan of reorganization and for voting (but not for

26  allowance).

27          VOL was initially represented in this bankruptcy case by Levene, Neale, Bender, Yoo &

28  Golubcik ("Levene Neale").  VOL then replaced Levene Neale with The Bankruptcy Law Firm, P.C.

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

3

**EXHIBIT "5"**

**PAGE 134**

1   ("BLF") whose principal attorney is Kathleen March, Esq. Finally, Hahn & Hahn LLP has

2   substituted in for BLF as VOL's third set of attorneys in this chapter 11 case within less than one

3   year.

4       Prior to a transaction described below, Heartwise's capital stock was owned 51 percent by

5   Earnesty, LLC ("Earnesty") and 49 percent by DavidPaul Doyle ("Mr. Doyle"). Like VOL, Mr.

6   Doyle objected to confirmation of Heartwise's chapter 11 plan of reorganization (although on

7   grounds generally different from those asserted by VOL).

8       Heartwise's First Amended Chapter 11 Plan of Reorganization (the "Plan") provides for

9   payment of all creditors holding allowed claims 100 cents on the dollar plus postpetition interest.

10  Because MCG disputes VOL's Claim 3-2, the Plan provides for Heartwise to interplead

11  approximately $14.5 million in moneys ear-marked to pay the Claim 3-2 or Claim 5-2 (depending

12  upon how the interpleader is ultimately resolved). Payment in full with interest occurs on the

13  effective date of the Plan, which is the first business day that is 14 days after entry of an order

14  confirming the Plan. However, if an appeal of the Confirmation Order is taken, the Plan does not

15  become effective (unless Heartwise waives that condition).

16      The Plan does not provide for any distribution to Claim 7, Claim 8 or Claim 12 because each

17  of those claims has been estimated by this Court at zero for purposes of distribution and Plan

18  confirmation. The Plan provides that litigation involving these claims can go forward after the Plan

19  becomes effective, and in the event these Claims are allowed in any amount, such Claims will be

20  paid in cash in full.

21      The Plan is partially funded by cash contributions by Heartwise's shareholders, with the

22  balance of the funding to come from cash already on hand plus the release of multi-million dollar

23  deposits held by parties with whom Heartwise transacts business. The shareholder cash contribution

24  in the aggregate is about $9.5 million, with 51 percent thereof to be paid by Earnesty and 49 percent

25  to be paid by Mr. Doyle. If either shareholder declines to fund the Plan in the required amount, the

26  other shareholder has the right to make the contribution of the shareholder who declined to fund.

27  This has actually occurred, with Mr. Doyle declining to advance his 49 percent share of the

28  approximate $9.5 million aggregate contribution. Earnesty will be paying the entirety of the $9.5

ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION
4

EXHIBIT "5"

PAGE 135

1    million contribution and as a result will own 100 percent of Heartwise's capital stock.

2          At the outset of the hearing on Plan confirmation on November 10, 2021, VOL's chief

3    financial officer, Osman Khan ("Mr. Khan"), announced that he had purchased the entirety of Mr.

4    Doyle's interest in Heartwise, including but not limited to all Heartwise capital stock owned by Mr.

5    Doyle, all claims Mr. Doyle had against Heartwise, and Mr. Doyle's interest as plaintiff in an

6    adversary proceeding he commenced in this main bankruptcy case.  Upon hearing this, the Court

7    ruled that Mr. Doyle was no longer a "party in interest" and therefore was not entitled to call

8    witnesses, introduce evidence, make objections or otherwise be heard at the confirmation hearing.

9    An emergency motion for reconsideration of this ruling was filed and denied.  Mr. Doyle has

10   appealed this ruling to the United States District Court for the Central District of California and, in

11   this Court, has filed a motion seeking a stay pending appeal (the "Stay Motion").  The Court heard

12   oral argument on the Stay Motion on December 15, 2021.  This Court's determination of the Stay

13   Motion is set forth below.

14         Following a multi-day confirmation hearing trial (the "Confirmation Hearing"), the Court on

15   November 23, 2021 entered its Memorandum Decision and Order, Docket No. 561 (the

16   "Memorandum Decision"), overruling all objections to Plan confirmation and directing Heartwise to

17   lodge a confirmation order and findings of fact and conclusions of law.  On December 8, 2021, VOL

18   filed a Motion for Reconsideration of Memorandum Decision and Order (Docket No. 596) (the

19   "Reconsideration Motion").  The Court heard oral argument on the Reconsideration Motion on

20   December 15, 2021.  The Court's determination of the Reconsideration Motion is set forth below.

21         On December 13, 2021, the Court was notified after regular business hours that VOL had

22   prepared a draft emergency motion arguing that the Court should accept VOL's bid to buy Heartwise

23   because VOL's bid was a higher and better bid than the $9.5 million in capital contributions being

24   made by Earnesty under the Plan.  During the morning of December 14, 2021, the Court entered an

25   order permitting VOL to orally make the emergency motion at the Court hearing of the

26   Reconsideration Motion at 2 pm on December 15, 2021 (the "Oral Emergency Motion").  The

27   Court's determination of the Oral Emergency Motion is set forth below.

28

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
5

**EXHIBIT "5"
PAGE 136**

1

2

3

4

5      NOW, THEREFORE, the Court having reviewed and considered the disclosure statement,

6  the Plan, the objections and briefs in support of confirmation, and the Court having heard statements

7  of counsel in support of and in opposition to confirmation of the Plan at the Confirmation Hearing,

8  considered the testimony presented and evidence admitted at the Confirmation Hearing, and it

9  appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to

10 all parties to be affected by the Plan and the transactions contemplated thereby, and (ii) the legal and

11 factual bases set forth in the briefs and declarations submitted in support of confirmation of the Plan

12 and the evidence as presented at the Confirmation Hearing establish just cause for the relief granted

13 herein; and after due deliberation thereon and good cause appearing therefor, the Court adopts the

14 *Findings of Fact and Conclusions of Law* entered on the Court's docket by the Court concurrently

15 herewith, and incorporates them as if fully set forth herein.

16      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

17 **THAT:**

18      1.    Confirmation of the Plan.  The Plan and each of its provisions (whether or not

19 specifically approved herein) are approved and confirmed under Section 1129 of the Bankruptcy

20 Code, provided, however, that if there is any direct conflict between the terms of the Plan and the

21 terms of this Confirmation Order, the terms of this Confirmation Order shall control.  Each of the

22 terms and conditions of the Plan and the exhibits and schedules thereto are an integral part of the

23 Plan and are incorporated by reference into this Confirmation Order.  The Plan complies with all

24 applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and this Court's Local

25 Bankruptcy Rules.

26      2.    Objections.  Excepting only the Stay Motion, the Reconsideration Motion and the

27 Oral Emergency Motion (all of which are ruled on below), all objections to confirmation of the Plan

28 that have not been withdrawn, waived or settled, and all reservations of rights included therein, are

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
6

**EXHIBIT "5"
PAGE 137**

1    overruled on the merits and for the reasons set forth on the record at the Confirmation Hearing, and

2    as set forth in the *Findings of Fact and Conclusions of Law*.

3         3.    <u>Modifications to the Plan</u>.  In accordance with Section V.B. of the Plan, the Plan may

4    be modified as set forth, and in accordance with the procedures therein.

5         4.    <u>Non-severability, Indivisibility and Mutual Dependency</u>.  The provisions of the Plan

6    and this Confirmation Order and each and every part of this Confirmation Order from page 1

7    through and including page 25, including the *Findings of Fact and Conclusions of Law* incorporated

8    herein by reference, are integrated, non-severable, indivisible and mutually dependent and inter-

9    dependent.  A challenge to any portion of the Plan, this Confirmation Order and/or the *Findings of*

10   *Fact and Conclusions of Law* is a challenge to the entirety of all of them.

11        5.    <u>Binding Effect</u>.  Pursuant to Section 1141 of the Bankruptcy Code, effective as of the

12   Effective Date, the provisions of the Plan, including the exhibits and schedules to, and all documents

13   and agreements executed pursuant to or in connection with, the Plan, and this Confirmation Order

14   shall be binding on (i) Heartwise, (ii) all holders of claims against and equity interests in Heartwise,

15   whether or not impaired under the Plan and whether or not such holders have accepted or rejected

16   the Plan, (iii) each person or entity receiving, retaining or otherwise acquiring property under the

17   Plan, (iv) any non-Heartwise party to an executory contract or unexpired lease with Heartwise, (v)

18   any person or entity making an appearance in the Chapter 11 Case or any other party-in-interest in

19   the Chapter 11 Case, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees,

20   executors, administrators, affiliates, officers, directors, agents, representatives, attorneys,

21   beneficiaries or guardians.

22        6.    <u>Revesting of Assets</u>.  Except as otherwise provided in the Plan or this Confirmation

23   Order, on and after the Effective Date, all property and assets of Heartwise's estate shall vest in the

24   Reorganized Heartwise free and clear of all claims, liens, encumbrances, charges and other interests,

25   without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or

26   Bankruptcy Rules other than those restrictions expressly imposed by the Plan and this Confirmation

27   Order.  On and after the Effective Date, the Reorganized Heartwise may operate its businesses and

28   may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code and

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

**EXHIBIT "5"
PAGE 138**

Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code, except as provided therein.

7.    <u>Releases, Exculpation and Limitations of Liability</u>.  Except as otherwise provided in the Plan, this Confirmation Order or a separate order of the Court, the release, exculpation and limitation of liability provisions set forth in the Plan, including, but not limited to, those contained in section II.D(9) of the Plan are approved in all respects, are incorporated herein in their entirety, are so ordered and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court, any of the parties to such releases or any other party. The releases, exculpation and limitation of liability provisions contained in the Plan, including, but not limited to, those provided in section II.D(9) of the Plan, are fair and equitable and given for valuable consideration and are in the best interest of Heartwise and all parties-in-interest, and, accordingly, are hereby authorized, approved and binding in all respects on all persons and entities described therein. To the extent that a release or other provision in the Plan constitutes a compromise of a controversy, this Confirmation Order shall constitute an order under Bankruptcy Rule 9019 approving such compromise.

8.    <u>Injunctions</u>.  The injunctions contained in the Plan, including, but not limited to, those provided in section II.D(10) of the Plan, are hereby authorized, approved and binding on all persons and entities described therein.  Except as otherwise provided in the Plan, as of the Effective Date this Confirmation Order shall enjoin the prosecution, whether directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability, or interest released, discharged, or terminated pursuant to the Plan. Except as provided in the Plan or this Confirmation Order, as of the Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against Heartwise, the Reorganized Heartwise, or their property on account of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award,

**EXHIBIT "5"
PAGE 139**

1    decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,

2    right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to

3    Heartwise; and (e) commencing or continuing any action in any manner, in any place, that does not

4    comply with or is inconsistent with the provisions of the Plan. By accepting distribution pursuant to

5    the Plan, each holder of an allowed claim receiving distributions pursuant to this Plan shall be

6    deemed to have specifically and expressly consented to the injunction set forth in the Plan,

7    including, but not limited to section II.D(10) of the Plan.

8        Notwithstanding section II.D(10) of the Plan, on the date that this Confirmation Order is

9    entered by the Court, the automatic stay applicable to this Case through Section 362 of the

10   Bankruptcy Code, shall terminate to allow: (1) regarding the Judgment, Heartwise's appeal, and any

11   timely cross-appeal by VOL to be filed and litigated to conclusion; (2) VOL to file and litigate the

12   complaint attached as Exhibit A to Claim No. 7 filed by VOL in Heartwise's Chapter 11 Case; and

13   (3) Mr. Doyle, as his interest may appear, to file and litigate any complaint in a court of competent

14   jurisdiction against Heartwise pursuant to Oregon Statute 60.952. The lifting of the automatic stay

15   described herein as to the Judgment is solely to allow VOL and Heartwise to obtain a favorable

16   ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the

17   District Court after the appeal of the Judgment. The lifting of the automatic stay described herein as

18   to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual

19   complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment. The

20   lifting of the automatic stay as to any complaint to be filed by Mr. Doyle, as his interest may appear,

21   as against Heartwise under Oregon Statute 60.952 is solely to allow the complaint to be filed, and

22   litigated to judgment. The lifting of the automatic stay described herein shall not allow the

23   enforcement of any judgment or award against Heartwise's estate, or the Reorganized Heartwise. As

24   set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or

25   awards against Heartwise's estate. The lifting of the automatic stay described herein also begins, or

26   continues the running of any statute of limitations as of the entry of the Confirmation Order by the

27   Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint

28   attached to Claim No. 7 as Exhibit A, and Mr. Doyle's filing of a complaint (as his interest may

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
9

**EXHIBIT "5"
PAGE 140**

appear) against Heartwise pursuant to Oregon Statute 60.952.

9.    <u>Assumed Executory Contracts and Unexpired Leases</u>.  As of the Effective Date, the Reorganized Heartwise shall assume the executory contracts it has with Robinson Pharma, Inc. and Alpha Health Research.  The amounts to cure the executory contracts with Robinson Pharma, Inc. and Alpha Health Research shall be offset from the pre-petition deposits Heartwise placed with each Robinson Pharma, Inc. and Alpha Health Research.  All other executory contracts and leases of Heartwise that the Reorganized Heartwise does not assume in writing within 30 days of the Effective Date shall be deemed rejected as of the Effective Date.  Any proof of claim for rejected contracts or unexpired leases must be filed with the Court within 45 days of the Effective Date.

10.    <u>General Authorizations</u>.  Pursuant to Section 1142(b) of the Bankruptcy Code and in each case without further notice to, hearing before or order of the Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any person, Heartwise, the Reorganized Heartwise and their respective officers and directors and all other necessary parties are authorized and empowered to: (i) take any and all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases, indentures, and other agreements, documents and transactions contemplated by or described in the Plan or in this Confirmation Order; and (ii) perform any and all other acts that are necessary, appropriate or required to comply with or carry out the terms and conditions of the Plan or this Confirmation Order.

11.    <u>Authority to Act</u>.  Heartwise through the Effective Date, and the Reorganized Heartwise thereafter, and their respective authorized representatives, officers and directors are authorized and empowered pursuant to any applicable corporation laws of the jurisdiction in which Heartwise and Reorganized Heartwise are incorporated, organized or formed, to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan and this Confirmation Order, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholder, security holders, officers, directors, partners, managers, members or other owners of Heartwise or the Reorganized Heartwise or notice to, order of, or hearing before the Court. Each federal, state and local governmental agency or department is

hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Plan and the transactions contemplated thereby.

12.    Government Approvals.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Plan and any documents instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the disclosure statement, and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

13.    Professional Fee Claims.  Professionals employed by the Court during the Chapter 11 Case shall have until 90 days following the Effective Date to file fee applications for all pre-confirmation amounts for services rendered and expenses incurred in this matter.

14.    Disputed Claims.  Any disputed claims shall be determined as provided for in the Plan, disclosure statement and this Confirmation Order.

15.    Title 28 Fees.  All fees payable pursuant to Section 1930 of title 28, United States Code shall be paid on or before the Effective Date.

16.    Discharge.  As of the Effective Date, to the fullest extent provided under Section 1141 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a claim or interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged Heartwise, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all claims, interests, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged claim against Heartwise, the Reorganized Heartwise, or any of their assets or property, whether or not such holder has filed a proof of claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any judgment obtained by VOL  related solely to the timely filing of the complaint it attached to Claim

**EXHIBIT "5"
PAGE 142**

1  No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by VOL through a

2  cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment through the

3  Debtor's appeal; and (3) any amounts that Mr. Doyle (as his interest may appear) obtains from a

4  court of appropriate jurisdiction related to a judgment entered against Heartwise based on Oregon

5  Statute 60.952. Any such judgments or awards may be enforced against Heartwise by requesting the

6  allowance of a claim for that judgment(s) or award(s) with this Court against Heartwise (and then

7  paid by Reorganized Heartwise pursuant to the Plan's terms).

8          17.    <u>Release of Liens</u>. The release and discharge of all mortgages, deeds of trust, liens or

9  other security interests against property of Heartwise's estate is approved in all respects and so

10 ordered and shall be immediately effective on the Effective Date without further order or action on

11 the part of the Court. All entities holding claims against or interests in Heartwise that are treated

12 under the Plan are hereby directed to execute, deliver, file or record any document, and to take any

13 action, necessary to implement, consummate and otherwise effect the Plan in accordance with its

14 terms, and all such entities shall be bound by the terms and provisions of all documents executed and

15 delivered by them in connection with the Plan. Upon entry of this Order, all entities holding claims

16 against or interests in Heartwise that are treated under the Plan, and other parties in interest, along

17 with their respective present or former employees, agents, officers, directors or principals, shall be

18 enjoined from taking actions to interfere with the implementation and consummation of the Plan.

19         18.    <u>Termination of Equity Interests</u>. On the Effective Date, except as provided in the

20 Plan or this Confirmation Order, the equity interest in Heartwise shall be terminated, cancelled and

21 extinguished.

22         19.    <u>Notice of Confirmation</u>. In accordance with Bankruptcy Rules 2002(f)(7), 2002(k)

23 and 3020(c), as soon as reasonably practicable after this Confirmation Order has been entered by the

24 Court, Heartwise shall mail notice of the entry of this Confirmation Order to all creditors and

25 parties-in-interest in the Chapter 11 Case.

26         20.    <u>Substantial Consummation</u>. "Substantial Consummation" of the Plan, as defined in

27 Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

28         21.    <u>Other Rights</u>. Any and all rights of Heartwise and Reorganized Heartwise under

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

12

EXHIBIT "5"
PAGE 143

1  Section 502(e) of the Bankruptcy Code are reserved.

2      22.    <u>Reversal or Modification of this Confirmation Order</u>.  Except as otherwise provided

3  in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter

4  reversed, modified, vacated or stayed by subsequent order of the Court, or any other court of

5  competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or

6  enforceability of any act, obligation, indebtedness, liability, priority or lien incurred or undertaken

7  by Heartwise or the Reorganized Heartwise, as applicable, prior to the date that Heartwise received

8  actual written notice of the effective date of such reversal, stay, modification or vacatur.

9  Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any

10  such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order

11  prior to the date that Heartwise received actual written notice of the effective date of such reversal,

12  stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation

13  Order and the Plan, or any amendments or modifications thereto, in effect prior to the date that

14  Heartwise received such actual written notice.

15      23.    <u>Retention of Jurisdiction</u>.  Pursuant to Sections 105(a) and 1142 of the Bankruptcy

16  Code, and section II.D(14) of the Plan, and notwithstanding the entry of this Confirmation Order or

17  the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and

18  all matters arising under, arising in, or related to the Chapter 11 Case and the Plan to the fullest

19  extent permitted by law, including, among other things, those matters in section II.D(14) of the Plan.

20  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation

21  of this Confirmation Order.

22      24.    <u>New Value Contribution</u>.  Earnesty, LLC has provided timely proof of the full

23  amount of the New Value Contribution, and so it is awarded all of the equity interests in the

24  Reorganized Heartwise upon the Effective Date, so long as the New Value Contribution is actually

25  made.

26      25.    <u>Interest on Class 1 Claims</u>.  All allowed Class 1 claims shall be paid interest at the

27  rate of .11% from the Petition Date through the date of payment under the Plan.

28      26.    <u>Headings</u>.  The headings contained within this Confirmation Order are used for the

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
13

**EXHIBIT "5"
PAGE 144**

convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation

Order.

**THE STAY MOTION**

As stated earlier, the Court orally ruled from the bench that Mr. Doyle would not be

permitted to make argument, call witnesses or present evidence at the Plan confirmation hearing

because he was no longer a party in interest, having sold the entirety of his interest in Heartwise to

Mr. Khan during the evening of November 9, 2021.  The Court also overruled his objections to Plan

confirmation on the same grounds.  The Court has an independent obligation to determine whether

plan confirmation requirements are met (irrespective of whether any party objects to plan

confirmation), and in performing the necessary review the Court determined that, even taking into

account Mr. Doyle's objections, such requirements have been met.

Mr. Doyle moved for reconsideration of the Court's oral ruling, and the Court denied such

motion by Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing,Docket No.

551, filed and entered November 17, 2021 (the "Participation Denial Order").  Mr. Doyle has taken

an appeal of the Participation Denial Order to the United States District Court for the Central District

of California.  What is before this Court now is Mr. Doyle's motion for a stay pending appeal of the

Participation Denial Order.  Lacking any cognizable interest in Heartwise that would qualify him as

a "party in interest" within the meaning of Bankruptcy Code section 1109 (entitled, appropriately

enough, "Who May Be Heard") or Bankruptcy Code section 1128(b), Mr. Doyle seeks to bring to a

screeching halt the entire Plan confirmation process which importantly affects parties who <u>do have</u>

an interest in this case.  Such *bona fide* parties in interest – unlike Mr. Doyle -- have claims against

Heartwise that are to be paid 100 cents on the dollar (plus postpetition interest) when the Plan goes

effective.  Intuitively, it would seem that a <u>person who has absolutely no interest of any kind in a</u>

<u>chapter 11 debtor</u> should not be permitted to derail a plan of reorganization proposing to pay all

creditors holding allowed claims 100 cents on the dollar plus postpetition interest on the plan's

effective date.  Intuition does not always translate into a correct legal conclusion, but in this instance

it does, as will be shown below.

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
14

**EXHIBIT "5"**
**PAGE 145**

**Standards for a Stay Pending Appeal**

Mr. Doyle correctly states the standards for granting a stay pending appeal.  A bankruptcy court must consider four factors:  (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether an issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.  *In re Gardens Regional Hospital and Medical Center, Inc.,* 567 B.R. 820, 830 (Bankr. C.D. Cal. 2017).  The moving party must make a "minimum permissible showing" with respect to each of the four factors, with the first two factors being the most critical.  For the reasons stated below, it is clear each of the four factors swings heavily against Mr. Doyle with the result that he has not made a "minimum permissible showing" under any of them.

**Mr. Doyle's Prospects for Success on the Merits – The First Factor**

Mr. Doyle's prospects for success on the merits are nil for the following reason:  the Participation Denial Order is an <u>interlocutory order</u>, not a <u>final order</u>, and therefore is not subject to appeal.  One of the purposes of the final order rule is to prevent piecemeal appeals that burden appellate courts where there is a possibility that the entire matter may become moot because of subsequent developments in the case.  *Bullard v. Blue Hills Bank,* 575 U.S. ___, 135 S. Ct. 1686 (2015) (" . . . [p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration . . .").  For example, appellate litigation concerning a defendant's objection to a protective order precluding a deposition becomes useless and pointless if the trial court subsequently awards judgment in favor of the defendant.

Similar circumstances are present here.  Mr. Doyle objected to confirmation of the Plan.  The Court then entered the Participation Denial Order.  The Court followed this up with a hearing on Plan confirmation.  Had the Court decided that the Plan should <u>not</u> be confirmed, Mr. Doyle would not be prosecuting this particular appeal.  This shows that the "final order" in question here is this Confirmation Order, not the Participation Denial Order.

**EXHIBIT "5"**

**PAGE 146**

1    *Bullard* confirms this analysis.  In *Bullard,* the Supreme Court of the United States held that

2    denial of confirmation of a chapter 13 plan was not an appealable final order "because only plan

3    confirmation – or case dismissal—alters the status quo and fixes the rights and obligations of the

4    parties."  Mr. Doyle's ultimate rights are not altered until the Court confirms the Plan – and thus the

5    "final order" is this Confirmation Order, not the earlier Participation Denial Order.

6    But even if the foregoing analysis is incorrect, there are additional, independent reasons why

7    Mr. Doyle's likelihood of success are approaching zero.  These reasons are discussed below.

8    The Participation Denial Order cited several independent grounds for the decision announced

9    therein (1) Federal Rule of Bankruptcy Procedure 7025 did not apply because the plan confirmation

10    hearing was not an adversary proceeding governed by Rule 7025; (2) Bankruptcy Code section

11    1109, which <u>did</u> apply, compelled the conclusion that Mr. Doyle was not entitled to be heard by the

12    Court because – having sold the entirety of his interests in Heartwise – he was no longer a "party in

13    interest" within the meaning of section 1109; and (3) even if Mr. Doyle qualified as a party in

14    interest, he had waived any entitlement to be heard because he had failed to raise or argue section

15    1109.

16    Mr. Doyle argues in this Stay Motion that the Court erred by concluding that Bankruptcy

17    Rule 7025 does not apply.  Mr. Doyle is correct in this regard, and he is correct for the reasons he

18    states.  The plan confirmation hearing, although not an adversary proceeding, was a contested matter

19    within the meaning of Bankruptcy Rule 9014.  Per Rule 9014, Rule 7025 applies in contested

20    matters.  Fed. R. Bankr. Pro. 9014(c).

21    However, this does not change the Court's ultimate conclusion in the Participation Denial

22    Order that Mr. Doyle was not entitled to be heard at the plan confirmation hearing.

23    Bankruptcy Code section 1109 – applicable in chapter 11 proceedings such as this one – is

24    entitled "Right to Be Heard."  It provides as follows:  "(b)  A party in interest, including the debtor,

25    the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity

26    security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a

27    case under this chapter."  The definition of "party in interest" is broad but is not without limit.  Even

28    a person who has a financial stake in the outcome of a proceeding is not necessarily a "party in

**EXHIBIT "5"
PAGE 147**

1  interest." For example, a person who is not a direct creditor of the debtor in bankruptcy but who is

2  an indirect creditor by reason of being a shareholder in the creditor is not a "party in interest" under

3  Bankruptcy Code section 1109. *Krys v. Official Comm. Of Unsecured Creditors of Refco, Inc. (In re*

4  *Refco, Inc.),* 505 F.3d 109, 117-18 (2d Cir. 2007).

5      Similarly, and even more to the point, Bankruptcy Code section 1128(b) provides that "[a]

6  party in interest may object to confirmation of a plan." There is no reason to believe "party in

7  interest" in section 1128(b) has any broader meaning than "party in interest" in section 1109(b).

8  Section 1128(b)'s omission of the statutory language "including the debtor, the trustee, a creditors'

9  committee, an equity security holders' committee, a creditor, an equity security holder, or any

10  indenture trustee" that is found in section 1109(b) may signal that, if anything, "party in interest"

11  under section 1128(b) has a somewhat narrower meaning than "party in interest" under section

12  1109(b).

13      Mr. Doyle, having sold the entirety of his interests in Heartwise, does not fall into any of the

14  enumerated categories of Bankruptcy Code section 1109(b). He is not the debtor, the trustee, the

15  creditors' committee, the equity holders' committee, a creditor, an equity security holder or an

16  indenture trustee. If an indirect creditor, such as a shareholder of a creditor, does not qualify as a

17  "party in interest" under *Krys*, it follows *a fortiori* that Mr. Doyle, who does not possess even the

18  limited financial stake held by a shareholder of a creditor, is not a "party in interest."

19      The foregoing analysis gains additional strength from reasoning based upon Federal Rule of

20  Bankruptcy Procedure 3001(e )(2). This Rule provides that if a claim is transferred after a proof of

21  claim has been filed in the bankruptcy court, "evidence of the transfer shall be filed by the

22  transferee." The purpose of this Rule is to put parties on notice that the original holder of the claim

23  is no longer a party in interest. *In re Kreisler,* 331 B.R. 364, 376 (Bankr. N.D. Ill. 2005) "(Pursuant

24  to Bankruptcy Rule 3001(e )(2), a transferee of a proof of claim that has already been filed must file

25  evidence of the transfer [citation omitted] Such evidence puts the trustee on notice that the original

26  holder of the claim against the estate is no longer an interested party with respect to that claim.")

27  (underscoring added by this Court)

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

17

**EXHIBIT "5"**

**PAGE 148**

But what of the provisions of Federal Rule of Bankruptcy Procedure 7025 and Federal Rule of Civil Procedure 25, which seem on their face to give Mr. Doyle the right to continue with his objections to plan confirmation until Mr. Khan is substituted as a party in interest?  The United States Court of Appeals for the Ninth Circuit has supplied an answer to this question.  The answer is that where there is a conflict between the Bankruptcy Code and the Bankruptcy Rules, the conflict must be settled in favor of the Bankruptcy Code.  *American Law Center P.C. v. Stanley (In re Jastrem)*, 253 F.3d 438, 441-42 (9th Cir. 2001) ("We have interpreted [28 U.S.C.] § 2075 to mean that 'any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.'")  (Note in this regard that 28 U.S.C. § 2075 is the statute pursuant to whose authority the Supreme Court of the United States is authorized to promulgate rules of bankruptcy procedure).  Here, there are not one but two Bankruptcy Code provisions in conflict with the interpretation of Rule 7025 argued by Mr. Doyle:  Bankruptcy Code section 1109(b) and Bankruptcy Code section 1128(b).

Based upon this reasoning, it follows that Mr. Doyle ceased to be a "party in interest" within the meaning of section 1109(b) and section 1128(b) and surrendered his right to be heard in connection with the plan confirmation from and after the time he sold all his interests in Heartwise to Mr. Khan.  The Participation Denial Order's alternative and independent ground of decision – that Mr. Doyle waived his rights under Bankruptcy Code section 1109 because he failed to raise them – is equally applicable here.

Mr. Doyle's prospects for success on the merits are slim to none.  This factor weighs heavily against him.

**Irreparable Injury to Mr. Doyle – The Second Factor**

Analysis of this factor, even more than the analysis of the first factor, strongly supports the conclusion that no stay pending appeal should be granted.  If the Plan is confirmed, there is no injury at all to Mr. Doyle, let alone an irreparable injury.  Yes, the Plan cancels all existing capital stock in Heartwise, but Mr. Doyle no longer owns any capital stock in Heartwise, having sold the entirety of his 49 percent interest in capital stock to Mr. Khan.  Yes, the Plan provides for treatment of Mr.

**EXHIBIT "5"
PAGE 149**

1   Doyle's claims against Heartwise, <u>but Mr. Doyle no longer owns any claims against Heartwise by</u>

2   <u>reason of having sold them to Mr. Khan</u>.  Without belaboring the point further, it is evident that there

3   is no injury to Mr. Doyle that would occur by reason of Plan confirmation let alone an irreparable

4   injury.

5

6   **Whether Issuance of the Stay Will Substantially Injure Other Parties Interested in the**

7   **Proceeding – The Third Factor**

8         If, as Mr. Doyle requests, a stay is granted that prevents this Court from confirming the Plan,

9   the Plan, not being confirmed, will not become effective.  The Plan provides for all creditors holding

10   undisputed allowed claims to be paid 100 cents on the dollar together with postpetition interest on

11   the Plan effective date.  Accordingly, the stay that Mr. Doyle seeks will substantially injure all

12   creditors holding undisputed allowed claims by postponing for an indefinite period of time (and

13   perhaps even forever, because no one has a "crystal ball") the payment of their claims in full with

14   interest. If the Plan is not confirmed and Heartwise's business collapses (or the case is converted to

15   chapter 7), these creditors might <u>never g</u>et paid.  Payment of their claims is being funded by

16   contribution of about $9.4 million in cash by Earnesty, LLC, and such payment is expressly

17   conditioned on the Plan being confirmed.  This is real injury, and the injury is substantial.  Indeed,

18   MCG makes this very point:  "The Stay Motion implicates MCG's rights and, if granted . . . stands

19   to irreparably harm MCG because, absent the issuance of the required stay, MCG stands to be paid

20   in full, with interest, on the effective date of the Debtor's confirmed Chapter 11 plan of

21   reorganization."  Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for

22   Stay, Docket No. 630, filed December 14, 2021 at page 2 of 4, lines 13-16.

23         It is true, as Mr. Doyle points out, that the Plan's effective date may be stayed anyway by

24   operation of Plan terms if an appeal is taken from an order confirming the Plan.  However,

25   Heartwise has authority under the Plan to waive this condition to Plan effectiveness, so it is by no

26   means a foregone conclusion that the Plan will not become effective because of a stay triggered by

27   VOL's appeal of the confirmation order.  There would seem to be a powerful incentive for VOL <u>not</u>

28   to appeal an order confirming the Plan because by declining to appeal (and assuming VOL can

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
19

EXHIBIT "5"

PAGE 150

1  overcome an objection to its one of its claims by its former attorneys), VOL would stand to get paid

2  approximately $14.5 million in cash in relatively short order <u>and</u>  to continue to litigate its claimed

3  entitlement to an additional $54 million.  (It is the attractiveness of this disposition that Heartwise

4  cites in support of its argument that VOL's objective in this bankruptcy proceeding is not to get paid

5  but rather to destroy (or end up owning) a business competitor).

6       Because granting a stay pending appeal would severely and adversely impact innocent third-

7  party creditors of Heartwise as well as Heartwise itself, this factor weighs heavily against Mr. Doyle.

8

9  **The Public Interest**

10       In enacting Chapter 11 of the Bankruptcy Code and its predecessors under the Bankruptcy

11  Act, Congress created an avenue for financially-troubled entities to reorganize their affairs, to

12  remain in business and to survive.  Heartwise's efforts to reorganize were fought by VOL nearly

13  every step of the way.  (VOL is now on its third set of attorneys in this bankruptcy case).  Mr. Doyle

14  then joined the fray and also raised arguments against Plan confirmation.  Heartwise expended a

15  great deal of time and money in its quest to get to Plan confirmation.  Wherever the public interest

16  lies, surely it does not lie in permitting a person who sold the entirety of his interest in a chapter 11

17  debtor to derail the confirmation of that debtor's plan of reorganization, all to the material detriment

18  of parties who are "parties in interest" and do have a financial stake in the proceedings.  Mr. Doyle

19  has no more interest in this case than a member of the general public.  The public interest strongly

20  lies in not granting a stay pending appeal.

21

22  **Conclusion**

23  The Stay Motion is denied with prejudice.

24

25

26  **THE RECONSIDERATION MOTION**

27       The Court denies the Reconsideration Motion with prejudice for all the reasons argued by (1)

28  Heartwise in Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
20

**EXHIBIT "5"**

**PAGE 151**

1  Memorandum Decision and Order, Docket No. 625, filed December 14, 2021, and (2) creditor

2  Robinson Pharma, Inc. in its Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

3  Memorandum Decision and Order, Docket No. 627, filed December 14, 2021, and <u>for the following</u>

4  <u>additional and independent reasons</u>:

5      VOL complains that the Court erred in finding that the Plan does not unfairly discriminate

6  against VOL's various claims.  It's true that the Plan treats VOL's Claims 3-2, 7 and 8 differently

7  than other Class 1 Claims, but the different treatment is compelled and justified by different

8  circumstances.  MCG has objected to Claim 3-2.  This prevents Claim 3-2 from being allowed, at

9  least until the time that the objection is resolved.  11 U.S.C. § 502(a) ("A claim or interest, proof of

10  which is filed under section 501 of this title is deemed allowed, unless a party in interest . . .

11  objects").  VOL's attempt to split hairs about precisely what MCG is arguing in its objection to

12  Claim 3-2 fails because MCG's objection goes right to the very heart of the matter:  is VOL entitled

13  to be paid Claim 3-2 <u>by</u> Heartwise (as opposed to by MCG, after MCG has been paid by Heartwise

14  pursuant to MCG's Claim 5)?  If VOL has no right to payment <u>from</u> Heartwise in respect of Claim

15  3-2, the absence of a "right to payment" as against Heartwise means that Claim 3-2 should be

16  disallowed in its entirety by this Court (without prejudice, of course, to VOL's right to get paid by

17  MCG pursuant to the terms of the Engagement Agreement).  These matters remain to be determined,

18  but as of the present time there are powerful reasons why Claim 3-2 should not be treated in the

19  same fashion as undisputed allowed Class 1 Claims.

20      Claims 7 and 8 are estimated at zero for purposes of distribution.  That is exactly the amount

21  distributed being distributed by Heartwise at the present time to VOL in respect of such claims –

22  zero.  VOL is given the right under the Plan to litigate its entitlement to be paid Claims 7 and 8.  If

23  VOL is successful, Reorganized Heartwise is required by the Plan's terms to pay them in cash in full

24  in their allowed amounts.  VOL's contention that Heartwise will be unable to pay these claims if

25  they are allowed in full is completely speculative and without evidence or other support.  In

26  summary, there is no unfair discrimination here regarding the treatment of any of VOL's claims

27  under the Plan.

28

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
21

1    VOL's argument that its claims are "impaired" likewise falls by the wayside. "Impairment,"

2  as VOL concedes, is measured by a creditor's rights had the debtor not filed bankruptcy. If

3  Heartwise had not filed bankruptcy, Heartwise in all likelihood would have been put on notice by

4  MCG that, when Heartwise went to pay the Judgment, Heartwise should send the money to MCG,

5  not VOL. (There is no reason to believe MCG would have been less diligent if Heartwise had not

6  filed bankruptcy than it has been in this bankruptcy case). Faced with competing demands for

7  payment of the Judgment, Heartwise would have interpleaded the moneys it intended to use to pay

8  the Judgment. That is precisely what happens under the Plan.

9    As for Claims 7 and 8, there is no impairment in part because the Plan provides for their

10 payment in the estimated amount – zero. A claim that is estimated at zero for purposes of

11 distribution is not impaired when the Plan provides for zero distributions in respect of that claim.

12    The other reason supporting the conclusion that Claims 7 and 8 are unimpaired is that VOL

13 has, in substance, exactly the same rights with respect to these Claims under the Plan that VOL

14 would have had if Heartwise had never filed for bankruptcy. The Plan gives VOL the right to

15 litigate these claims in the forum of its choosing. If VOL is successful, VOL will return to this

16 Court, and this Court will allow the claim in the full amount determined by the forum of VOL's

17 choosing. VOL then can collect the allowed claim from Reorganized Heartwise because the Plan

18 expressly provides there is no discharge with respect to these claims.

19    VOL's contention that the Plan cuts off its rights and leaves it with an unenforceable

20 judgment against the Heartwise bankruptcy estate if it prevails in litigation against Heartwise on

21 Claims 7 and 8 is based upon a twisted and incorrect reading of the Plan. The Plan provides in

22 Section V(A) that Claims 7 and 8 are not discharged (although the Plan does not use the terms

23 "Claims 7 and 8," what the Plan refers to as carved out of the discharge are in fact those claims).

24 Because there is no discharge, VOL, should it prevail, would be able to enforce any judgment it

25 obtains in this regard against the reorganized Heartwise.

26    VOL has previously complained that the Plan's effective date provisions are impermissibly

27 vague and potentially onerous. VOL points to Heartwise's authority under the Plan to waive

28 conditions to the effective date and suggests that such waiver might not occur until an appeal of this

**EXHIBIT "5"
PAGE 153**

1    Order is fully in progress.  VOL also objects to the provision that the effective date is "at least" 15

2    days after an order is entered confirming the plan.

3    The Court interprets the waiver provision as carrying with it a requirement of reasonableness.

4    For example, Heartwise cannot wait six months after a notice of appeal of the confirmation order is

5    filed to invoke its right to waive the condition.  If a notice of appeal is filed, Heartwise has under the

6    Plan a reasonable period of time in which to elect to waive or not waive conditions to the Plan

7    becoming effective.

8    The reference to "at least" 15 days is appropriate and warranted by a legitimate business

9    purpose.  It, too, is circumscribed by a requirement of reasonableness.  For example, if this Order

10    had been entered on December 16, 2021, the 15th day thereafter would be December 31, 2021—New

11    Year's Eve.  It turns out that New Year's Eve is an administrative staff vacation day.  On that day,

12    Heartwise would undoubtedly find it difficult or impossible to pay approximately $14.5 million into

13    the Court's registry because the Court staff generally handling such a matter likely would be

14    unavailable.  Thus, the "at least" feature allows Heartwise to time the effective date in such a way

15    that it will be able to implement matters required under the Plan to occur on the Plan effective date

16    to actually occur on that date.  This is a ministerial matter well within Heartwise's discretion and is

17    subject to a requirement of reasonableness.

18    Finally, the Reconsideration Motion's contention that VOL was not allowed to bid for the

19    equity in Heartwise is addressed in the following section of this Order.

20

21    **THE ORAL EMERGENCY MOTION**

22    VOL argues that the Court erred by failing to consider (and approve) a bid by VOL to

23    acquire 100 percent of the issued and outstanding capital stock of Heartwise in exchange for a new

24    value contribution by VOL.  VOL's bid envisions that VOL would (1) reduce the debt under the

25    Judgment by $11 million (and, presumably, amend Claim 3-2 to reduce the amount claimed by $11

26    million), (2) contribute $200,000 to pay existing equity holders, (3) pay administrative, priority tax

27    and Class 1 claims on the effective date, (4) pay creditors 12 percent per annum postpetition interest,

28    and (5) waive and release Claims 7 and 8.  The Court permitted VOL to make an oral emergency

**EXHIBIT "5"**

**PAGE 154**

1  motion asking the Court to approve this bid and heard the oral emergency motion and oral

2  oppositions thereto on December 15, 2021.

3          The Plan contains no provision for bids for Heartwise's equity by third parties such as VOL

4  or anyone else.  This Court previously determined that the Plan was confirmable and entered a

5  Memorandum Decision and Order to that effect, Docket No. 561, filed and entered November 23,

6  2021 (the "Memorandum Decision").  The Memorandum Decision determined that an auction

7  method for determining the value of the new equity to be issued under the Plan pursuant to the rule

8  in *Bank. A. Nat. Tr. Sav. v. 203 North Lasalle,* 526 U.S. 434, 457 (1999) was inapplicable because

9  VOL's claims are not impaired under the Plan and therefore confirmation under cramdown is not

10 required by 11 U.S.C. § 1129(b).  Memorandum Decision at page 14 of 17, lines 16-18.

11         VOL's suggestion that the Court approve VOL's bid as described above, reject Earnesty's

12 bid and then confirm the Plan, taken all together, essentially amounts to a *sub rosa* plan of

13 reorganization that has not been run through the disclosure statement process and has not been voted

14 on by Class 1 creditors.  It would be a gross violation of bankruptcy law for the Court to confirm

15 such a plan.  This approach, if adopted, would also violate the exclusivity that Heartwise possesses

16 under 11 U.S.C. § 1121 to file a plan and solicit acceptances.

17         When creditors (other than VOL, of course) voted to accept the Plan, they voted to accept a

18 Plan where Earnesty contributes approximately $9.5 million and Robinson Pharma, Inc. returns to

19 Heartwise millions of dollars in deposits. The creditors did not vote to have VOL become the 100

20 percent owner of Heartwise's equity.  Robinson Pharma, Inc. has consistently supported Heartwise

21 in this chapter 11 case, and it is nearly certain that Robinson Pharma, Inc. would not have consented

22 to return millions of dollars in deposits (as the Plan requires) if it knew that VOL would end up

23 owning all of Heartwise's capital stock.  To accept VOL's bid and confirm the Plan – as VOL urges

24 the Court to do—would be to confirm a Plan that creditors never voted to accept.

25         In addition to the foregoing, VOL's bid is inferior to Earnesty's bid.  VOL's Claim 3-2,

26 whose amount would be reduced by $11 million under VOL's bid, is a disputed claim.  MCG has

27 objected to Claim 3-2 and contends that VOL is not entitled to directly collect even one penny of the

28 Judgment, that right having been passed to MCG pursuant to the terms of the Engagement

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
24

1  Agreement.  What VOL is proposing to reduce may not be VOL's to reduce.  VOL has not made a

2  sufficient showing that if MCG prevails in this dispute and becomes entitled to receive payment of

3  Claim 3-2 in its entirety, that $11 million or more would remain after MCG deducts its fees and

4  costs and makes any required payment to third parties (such as Privati) who may have financed the

5  litigation.

6        For these reasons, the Court denies the oral emergency motion that asks the Court to accept

7  VOL's bid, reject Earnesty's bid and confirm the Plan.

8

9        **OBJECTIONS TO THE FORM OF THE CONFIRMATION ORDER AND FINDINGS OF**

10                **FACT AND CONCLUSIONS OF LAW**

11        The form of this Order and the Findings of Fact and Conclusions of Law has drawn

12  objections by "Doyle/Khan".  It is the law of the case, pursuant to the Participation Denial Motion,

13  that Mr. Doyle is not now entitled to be heard in this case because he is not a "party in interest"

14  under 11 U.S.C. § 1109(b).  Mr. Khan is entitled to be heard, and the Court has sustained his

15  objections in part and denied them in part.  Where the objections are sustained (essentially, an

16  objection that "the Court didn't really find $X$"), the Court has stricken the objected-to provision of

17  the confirmation order as lodged and the findings of fact and conclusions of law as lodged.

18        IT IS SO ORDERED.

19

20

21

22

23

24  Date: December 17, 2021                    Mark S. Wallace
                                            United States Bankruptcy Judge

25

26

27

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

25

**EXHIBIT "5"**

**PAGE 156**

**EXHIBIT "6"**

1  Ronald A. Clifford (State Bar No. 246542)
   E-Mail: RAC@RCliffordLaw.com
2  **R. CLIFFORD & ASSOCIATES**
3  1100 Town and Country Rd., Suite 1250
   Orange, California 92868
4  Telephone: (949) 533-9774

5  *General Insolvency Counsel for*
   *Heartwise, Inc.*
6

7                    UNITED STATES BANKRUPTCY COURT

8          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9  In re:                            | Case No.: 8:20-bk-13335-MW

10 HEARTWISE, INC.,                  | Chapter 11

11            Debtor in Possession.  | **NOTICE OF ENTRY OF**
12                                   | **CONFIRMATION ORDER CONFIRMING**
                                     | **HEARTWISE, INC.'S FIRST AMENDED**
13                                   | **CHAPTER 11 PLAN OF**
                                     | **REORGANIZATION AND OF**
14                                   | **RELEVANT BAR DATES**
15

16

17         **TO THE DEBTOR, OFFICE OF THE UNITED STATES TRUSTEE, PARTIES-IN-**

18 **INTEREST, AND THEIR ATTORNEYS OF RECORD:**

19         **PLEASE TAKE NOTICE** that on December 17, 2021, the U.S. Bankruptcy Court for the

20 Central District of California (the "Court") entered in the above-referenced Chapter 11 case its (1)

21 *Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and Denying*

22 *with Prejudice Certain Confirmation Order-Related Motions* (the "Confirmation Order"); (2)

23 *Findings of Fact and Conclusions of Law* (the "Findings"); and (3) *Notice of Order Confirming*

24 *Chapter 11 Plan* (the "Notice of Confirmation Order").

25         **PLEASE TAKE FURTHER NOTICE** that pursuant to *Heartwise, Inc.'s First Amended*

26 *Chapter 11 Plan of Reorganization*, as confirmed by the Court through the Confirmation Order, the

27 following dates are the deadlines for the filing of proofs of claim and/or requests for payment, and,

28 the failure to timely file such proof of claim and/or requests for payment shall forever bar such

---

NOTICE OF ENTRY OF CONFIRMATION ORDER CONFIRMING HEARTWISE, INC.'S FIRST
AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND RELEVANT BAR DATES
1

**EXHIBIT "6"**
**PAGE 157**

1    claimant from asserting the underlying claim, and at which point the underlying claim shall not be

2    enforceable against the Debtor, the Reorganized Debtor, the assets of the Debtor's estate or the

3    assets of the Reorganized Debtor as the case may be:

4        (1)    Administrative expenses pursuant to 11 U.S.C. § 507(a)(2) – Requests for allowance

5    and payment of an administrative expense priority claim must be filed with the Court on or before

6    **February 2, 2022**;

7        (2)    Executory Contract and Unexpired Leases – Claims arising from the rejection of an

8    executory contract or unexpired lease must be filed with the Court on or before **February 17, 2022**;

9    and

10        (3) Professionals – Requests for allowance and payment of fees and expenses of

11    professionals employed by the Court must be filed with the Court on or before **March 4, 2022**;

12        **PLEASE TAKE FURTHER NOTICE** that a copy of the Confirmation Order, the

13    Findings, and the Notice of Confirmation Order may be obtained through the Court's PACER and/or

14    CM/ECF systems for registered users, or by request to Ronald Clifford, Esq. by email at

15    RAC@RCliffordLaw.com or by mail at R. Clifford & Associates, 1100 Town & Country Rd., Suite

16    1250, Orange, California 92868.

17

18    Dated:  December 28, 2021        **R. CLIFFORD & ASSOCIATES**

19            By: _/s/ Ronald A. Clifford_

20            Ronald A. Clifford

21            _General Insolvency Counsel for_

22            _Heartwise, Inc._

23

24

25

26

27

28

**EXHIBIT "6"
PAGE 158**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town & Country Road, Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled:  *Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates*; and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com
Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov
Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com
Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
Monica Y Kim on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
myk@lnbrb.com, myk@ecf.inforuptcy.com
Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, jsummers@sheppardmullin.com
Kathleen P March on behalf of Creditor Vitamins Online, Inc
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com
K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov
Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "6"**
**PAGE 159**

**2. SERVED BY UNITED STATES MAIL**:
On December 28, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 27, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
                                    **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "6"**
**PAGE 160**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Tue Dec 28 09:50:14 PST 2021

Heartline LLC
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

R. Clifford & Associates
1100 Town and Country Rd.
Suite 1250
Orange, CA 92868-4633

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Alpha House Research
2781 West Macarthur Blvd., Suite
34
Santa Ana, CA 92704-8300

American Express
P O Box 650448
Dallas, TX 75265-0448

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Capital One
P O Box 60599
City of Industry, CA 91716-0599

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Magleby Cataxinos & Greenwood, P.C.
ATTN:  J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Mark F. Foley
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202-4409

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

Martha Valenite
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

**EXHIBIT "6"**

**PAGE 161**

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

Tatyana Sykal
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Teikametrics, LLC
280 Summer Street
Boston, MA 02210-1131


Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686


Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651


Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235


RONALD CLIFFORD
R. Clifford & Associates
1100 TOWN AND COUNTRY RD., SUITE 1250
ORANGE, CA 92868-4633


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF


(u)DTO Law

(u)Earnesty LLC

(u)Greenberg Traurig, LLP


(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.


(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831


**EXHIBIT "6"**

**PAGE 162**

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients    42
Bypassed recipients    13
Total                  55

**EXHIBIT "7"**

| **Fill in this information to identify the case:** |
|---|
| Debtor 1   Heartwise, Inc. |
| Debtor 2 |
| (Spouse, if filing) |
| United States Bankruptcy Court   **Central District of California** |
| Case number:  **20–13335** |

FILED

**U.S. Bankruptcy Court**
**Central District of California**

2/17/2022

**Kathleen J. Campbell, Clerk**

## Official Form 410
## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. **Who is the current creditor?** | DavidPaul Doyle |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? |
|---|---|

| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | DavidPaul Doyle | |
| | Name | Name |
| | 68 Loma Vista Drive <br> Orinda, CA 94563 | |
| | Contact phone _____ 541–944–7560 _____ | Contact phone _____ |
| | Contact email <br> ____davidpauldoyle@icloud.com____ | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _____ | |

| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ <br> MM / DD / YYYY |
|---|---|---|

| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |
|---|---|

Official Form 410                    Proof of Claim                    page 1

**EXHIBIT "7"**
**PAGE 164**

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6.**Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | _____ |

7.**How much is the claim?**   $ _____194794.52_____   **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8.**What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

_____Executory Contract_____

9.**Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
   **Nature of property:**
   ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**   $ _____

   **Amount of the claim that is secured:**   $ _____

   **Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $ _____

   **Annual Interest Rate** (when case was filed)   _____ %

   ☐ Fixed
   ☐ Variable

10.**Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11.**Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**EXHIBIT "7"**
**PAGE 165**

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>**18 U.S.C. §§ 152, 157 and 3571.** | Check the appropriate box:<br><br>☐  I am the creditor.<br>☑  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date   2/17/2022<br>　　　　　　　　　　　MM / DD / YYYY<br><br>/s/  s/ William Gardner<br>Signature<br><br>Print the name of the person who is completing and signing this claim: |

| | |
|---|---|
| Name | s/ William Gardner |
| | First name   Middle name   Last name |
| Title | Attorney |
| Company | von Briesen & Roper, s.c. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 411 E. Wisconsin Ave., Ste. 1000 |
| | Number   Street |
| | Milwaukee, WI 53202 |
| | City   State   ZIP Code |
| Contact phone | 414–287–1283    Email   wgardner@vonbriesen.com |

**EXHIBIT "7"**
**PAGE 166**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HEARTWISE, INC.,<br><br><br><br>Debtor in Possession, | Case No.: 8:20-bk-13335-MW<br><br>Chapter 11<br><br>**DAVIDPAUL DOYLE'S CLAIM FOR REJECTION OF EXECUTORY CONTRACT** |

**ADDENDUM TO PROOF OF CLAIM FILED BY DAVIDPAUL DOYLE, FOR**

**REJECTION OF EXECUTORY CONTRACT**


DavidPaul Doyle ("Doyle"), by his attorneys von Briesen & Roper, s.c., submits the following supplement to Doyle's proof of claim against Heartwise Incorporated, an Oregon corporation (the "Debtor"), for the rejection of an executory contract in an amount equal to $194,794.52 and in support, states the following:

**BACKGROUND**

1.    Doyle and Debtor are parties to that certain Executive Contract entered into on October 4, 2018 (the "Agreement"), a true and correct copy of which is attached to the proof of claim form. Doyle was entitled to an annual fee equal to $180,000 under the Agreement.

2.    On December 4, 2020 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Central District of California – Santa Ana Division (the "Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, §§ 101 et. Seq. (the "Bankruptcy Code").

**EXHIBIT "7"**

**PAGE 167**

3.      On December 28, 2020, in accordance with Section 2014-1 of the Local Bankruptcy Rules of the Bankruptcy Court (the "Local Rules"), the Debtor served Notices of Setting/Increasing Insider Compensation for Doyle, Tuong Nguyen, and Elaine Le (Phan) (the "Compensation Notices").  Pursuant to the Compensation Notices, the Debtor sought to pay Doyle an annual fee equal to $180,000 in accordance with the Agreement.

4.      On January 21, 2021, Vitamins Online, Inc. filed with the Bankruptcy Court that certain Request for Judicial Notices in Support of Objections to Debtor's Notices of Setting Insider Compensation to (A) Tuong V. Nguyen; (B) Elain Le (Phan); and (C) DavidPaul Doyle (the "VO Compensation Objection," Dkt. 54).  In accordance with the Local Rules, as a consequence of the VO Compensation Objection, the Debtor did not pay Doyle in accordance with the Agreement.

5.      On December 17, 2021, the Bankruptcy Court entered an order confirming the Plan. *See* Notice of Entry of Confirmation Order Confirming Heartwise Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates (Dkt. 670).

6.      The Plan defines the Effective Date of the Plan as "the first business day that is at least fifteen (15) calendar days following the date of the entry of the Court order confirming this Plan (the "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the Confirmation Order; and (2) the Confirmation Order is not subject to any appear or rehearing."  *See* Section I of the Plan.  As of the date hereof, the docket for this bankruptcy case does not reflect a stay of the Confirmation Order or that the Confirmation Order is subject to any appeal or rehearing. Accordingly, the Effective Date of the Plan occurred on January 3, 2022, the first business day that is at least fifteen (15) days after the Confirmation Order.

7.      Pursuant to the Plan, all executory contracts not assumed by the Debtor in writing within 30 days of the Effective Date are deemed rejected as of the Effective Date.  *See* Section II.D.11 of the Plan.  The Agreement was not assumed in writing within 30 days of the Effective Date so the Agreement was rejected.

8.      On December 4, 2020, the Debtor paid Doyle his fee equal to $6,923.08.  This was

-2-

**EXHIBIT "7"**

**PAGE 168**

the last payment made by the Debtor to Doyle. Doyle was not paid for any period after the Petition Date.  In accordance with the Agreement, for the period from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to $194,794.52 ($180,000 X 395/365).

9.    Doyle does not intend for this proof of claim to be duplicative of his administrative claim. To the extent this proof of claim is allowed, Doyle will withdraw or amend his administrative claim that is duplicative of the amounts claimed hereunder.

## **LEGAL AUTHORITY**

10.    The rejection of an executory contract is considered a breach of the contract immediately before the petition date if the contract was not assumed.  11 U.S.C. 365(g)(1).

11.    Rejection of an executory contract gives rise to a remedy for breach of contract and the parties rights regarding the breach of contract is determined under state law.  *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997).

12.    Under California law, the measure of damages for a breach of contract is the amount which will compensate the non-breaching party for all the detriment caused by the breach.  Cal. Civ. Code § 3300 (West).

13.    The detriment caused to Doyle by the breach of the Agreement is the unpaid fees due to him under the Agreement from the date of the last payment.  Doyle was not paid for any period after the Petition Date.  In accordance with the Agreement, for the period from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to $194,794.52 ($180,000 X 395/365).

14.    For the reasons set forth above, Doyle is entitled to a claim for fees the Debtor was required to pay Doyle pursuant to the Agreement for the period from the Petition Date through and including the Effective Date.

37656022_1.DOCX

**EXHIBIT "7"
PAGE 169**

EXECUTIVE CONTRACT

This Agreement is entered into on September 14, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

1.    Responsibilities:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

2.    Term:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

3.    Compensation:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

4.    Benefits:  Founder shall be eligible to participate in all benefit plans generally available to Company executives. In addition, Company shall pay for Founder's annual life insurance premiums in the amount of $250,000, including any tax liability the payment may require.

In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated              DavidPaul Doyle
DBA NatureWise                      Founder and CBO


By: _____              _____
     Tuong Nguyen
     Chief Executive Officer

**EXHIBIT "8"**

1  THE YOCCA LAW FIRM LLP
   MARK W. YOCCA, State Bar No. 137189
2  JARED GLICKSMAN, State Bar No. 247124
   19900 MacArthur Boulevard, Suite 650
3  Irvine, California 92612
   Telephone:    (949) 253-0800
4  Facsimile:    (949) 253-0870

5
   *Counsel for DavidPaul Doyle*
6
   VON BRIESEN & ROPER, S.C.
7  WILLIAM D. GARDNER
   (admitted pro hac vice)
8  411 E. Wisconsin Ave., Ste. 1000
   Milwaukee, WI 53202
9  Telephone: (414) 287-1283
   Facsimile: (414) 238-6533
10 Email: wgardner@vonbriesen.com

11 *Counsel for DavidPaul Doyle
   and Osman Khan, individually*
12

13

14

15                UNITED STATES BANKRUPTCY COURT

16       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

17
   In re:                              Case No.: 8:20-bk-13335-MW
18
   HEARTWISE, INC.,                    Chapter 11
19
                                       **DAVIDPAUL DOYLE'S
20                                     ADMINISTRATIVE EXPENSE CLAIM
                                       FOR UNPAID POST-PETITION SALARY
21                Debtor in Possession,  OR WAGES**

22                                     **Hearing Date, Time and Location:**

23                                     Date: _____, 2022
                                       Time: __:____ A/PM
24                                     Location: 411 West Fourth Street
                                                 Santa Ana, CA 92701
25                                               Courtroom 6C

26

27

28

                              1

1    DavidPaul Doyle ("Doyle"), by his attorneys von Briesen & Roper, s.c., hereby requests

2  allowance of an administrative expense claim against Heartwise Incorporated, an Oregon

3  corporation (the "Debtor"), for accrued and unpaid salary or wages in an amount equal to

4  $194,794.52, pursuant to 11 U.S.C. § 503(b)(1)(A)(i), and in support, states the following:

5                                    **BACKGROUND**

6       1.     Doyle and Debtor are parties to that certain Executive Contract entered into on

7  October 4, 2018 (the "Doyle Employment Agreement"), a true and correct copy of which is attached

8  as **Exhibit 1.** Pursuant to Section 1 of the Doyle Employment Agreement, Doyle was "responsible

9  for the image, experience and promise of the brand." Doyle was required to support the Debtor,

10 "as needed, in marketing, sales and distribution of NatureWise health and wellness products." Id.

11 As compensation, Doyle was entitled to an annual fee equal to $180,000 "paid in periodic

12 installments in accordance with the [Debtor's] regular payroll practices." *Id.* at Section 3.

13      2.     On December 4, 2020 (the "Petition Date"), the Debtor filed with the United States

14 Bankruptcy Court for the Central District of California – Santa Ana Division (the "Bankruptcy

15 Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, §§

16 101 et. seq. (the "Bankruptcy Code").

17      3.     On December 28, 2020, in accordance with Section 2014-1 of the Local Bankruptcy

18 Rules of the Bankruptcy Court (the "Local Rules"), the Debtor served that certain Notice of

19 Setting/Increasing Insider Compensation for DavidPaul Doyle (the "Doyle Compensation Notice"),

20 a true and correct copy of which is attached hereto as **Exhibit 2.** The Debtor also served Notices

21 of Setting/Increasing Insider Compensation (collectively with the Doyle Compensation Notice, the

22 "Compensation Notices") for Tuong Nguyen ("Nguyen") and Elaine Le (Phan) ("Phan"). Pursuant

23 to the Doyle Compensation Notice, the Debtor sought to pay Doyle annual compensation equal to

24 $180,000 in accordance with the Doyle Employment Agreement.

25      4.     On January 21, 2021, Vitamins Online, Inc. filed with the Bankruptcy Court that

26 certain Request for Judicial Notice in Support of Objections to Debtor's Notices of Setting Insider

27 Compensation to (A) Tuong V. Nguyen; (B) Elaine Le (Phan); and (C) DavidPaul Doyle, (the "VO

28 Compensation Objection," Dkt. 54). In accordance with the Local Rules, as a consequence of the

2

1   VO Compensation Objection, the Debtor did not pay Doyle in accordance with the Doyle

2   Employment Agreement. The Debtor never scheduled a hearing regarding compensation owed by

3   the Debtor to Doyle.

4        5.    Every Monthly Operating Report filed for every monthly period ending after the

5   Petition Date and through and including the one-month period ending December 31, 2021, (a) states

6   that the Debtor has three (3) full time employees; and (b) accrued for employee wages an amount

7   equal to $30,000 for each Monthly Operating Report that had a section to report accrued payroll.

8        6.    Pursuant to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (the

9   "Plan," Dkt. 461), the Debtor estimates that it has $360,000 of administrative claims under Section

10   507(a)(2) of the Bankruptcy Code with respect to unpaid payroll. *See* Section II.B.1 of the Plan.

11        7.    On December 17, 2021, the Bankruptcy Court entered an order confirming the Plan.

12   *See* Notice of Entry of Confirmation Order Confirming Heartwise Inc.'s First Amended Chapter 11

13   Plan of Reorganization and of Relevant Bar Dates (Dkt. 670).

14        8.    The Plan defines the Effective Date of the Plan as "the first business day that is at least

15   fifteen (15) calendar days following the date of the entry of the Court order confirming this Plan (the

16   "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan have

17   been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the Confirmation

18   Order; and (2) the Confirmation Order is not subject to any appear or rehearing." *See* Section I of the

19   Plan. As of the date hereof, the docket for this bankruptcy case does not reflect a stay of the

20   Confirmation Order or that the Confirmation Order is subject to any appeal or rehearing. Accordingly,

21   the Effective Date of the Plan occurred on January 3, 2022, the first business day that is at least fifteen

22   (15) days after the Confirmation Order.

23        9.    Pursuant to the Plan, all executory contracts not assumed by the Debtor in writing

24   within 30 days of the Effective Date are deemed rejected as of the Effective Date. *See* Section II.D.11

25   of the Plan. This administrative proof of claim is being filed in the event the Debtor elects not to

26   assume the Doyle Employment Agreement and cure all defaults thereunder.

27

28

10.    At all times, Doyle complied with the terms and conditions of the Doyle Employment Agreement.  At no time after the Petition Date did the Debtor file a motion to reject the Doyle Employment Agreement.

11.    On December 4, 2020, the Debtor paid Doyle gross compensation equal to $6,923.08.  This was the last payment made by the Debtor to Doyle.  Doyle was not paid for any period after the Petition Date.  In accordance with the Doyle Employment Agreement, for the period from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to $194,794.52 ($180,000 X 395/365).

12.    To the extent the Debtor does not assume the Doyle Employment Agreement, Doyle intends to file a separate proof of claim for damages incurred in connection with the rejection of the Doyle Employment Agreement.  Doyle does not intend for this administrative claim to be duplicative of any such claim.  To the extent this administrative claim is allowed, Doyle will withdraw or amend any subsequent claim for damages in connection with rejection of the Doyle Employment Agreement that is duplicative of the amounts claimed hereunder.

## LEGAL AUTHORITY

13.    Section 503(b)(1)(A)(i) states that "[a]fter notice and a hearing, there shall be allowed, administrative expenses, including . . . the actual, necessary costs or expenses of preserving the estate, including wages, salaries, and commissions for services rendered after the commencement of the case. . ." According to Collier on Bankruptcy:

> If the debtor in possession elects to continue to receive benefits from the other party
>
> to an executory contract pending a decision to reject or assume the contract, the
>
> debtor in possession is obligated to pay for the reasonable value of those services,
>
> which, depending on the circumstances of a particular contract, may be what is
>
> specified in the contract.

See 3 Collier on Bankruptcy ¶ 365.04[4] (16th Rev. Ed. 2016) (hereinafter "Collier"); In re ID Liquidation One, 503 B.R. 392, 399 (D. Delaware 2013); In re National Steel Corp, 316 B.R. 287, 300 (N.D. Illinois E.D 2004).

4

14.     The Debtor made a reasonably informed decision that the salary or wages earned by Doyle for post-petition services constitute actual and necessary costs of preserving the estate.  The Doyle Employment Agreement is an arm's length agreement and reflects the Debtor's determination of what constitutes reasonable compensation for Doyle's services both before and after the Petition Date.  At all times during this bankruptcy case, Doyle (a) was the Debtor's Chief Brand Officer; (b) provided the services he was contractually required to provide pursuant to the Doyle Employment Agreement; and (c) did not engage in any competing business.   If the Debtor concluded Doyle's compensation did not constitute actual and necessary costs of preserving the estate, the Debtor could have filed a motion to reject or terminate the Doyle Employment Agreement.  However, the Debtor never filed any such motion.  In fact, more than three (3) weeks after the Petition Date, the Debtor affirmatively sought to pay Doyle in accordance with the Doyle Employment Agreement by serving the Doyle Compensation Notice pursuant to the Local Rules.

15.     The Debtor implicitly acknowledges that the services provided by Doyle during the bankruptcy case constitute actual and necessary costs of preserving the estate.  Pursuant to Section II.B.1 of the Plan, the Debtor estimates that it has $360,000 of administrative claims under Section 507(a)(2) of the Bankruptcy Code with respect to unpaid payroll.  During the entire bankruptcy case, the Debtor only had three (3) employees – Doyle, Nguyen and Phan. [See Operating Reports]. Pursuant to the Compensation Notices, Doyle was entitled to annual compensation of $180,000, Nguyen was entitled to annual compensation of $180,000, and Phan was entitled to annual compensation of $30,000.  The period from the Petition Date to the Effective Date is approximately 13 months.  Based on the number of the Debtor's employees, their respective annual compensation, and the period during which the Debtor did not pay its employees' salary or wages, it is clear that a significant portion of the administrative expense claims for unpaid wages estimated by the Debtor is attributable to amounts owed by the Debtor to Doyle pursuant to the Doyle Employment Agreement.

16.     For the reasons set forth above, Doyle is entitled to an administrative expense claim for compensation the Debtor was required to pay Doyle pursuant to the Doyle Employment Agreement for the period from the Petition Date through and including the Effective Date.

5

1    Dated: February 2, 2022                    VON BRIESEN & ROPER, S.C.

2

3                                              William D. Gardner
                                               (admitted pro hac vice)
4                                              411 E. Wisconsin Ave., Ste. 1000
                                               Milwaukee, WI 53202
5                                              Telephone: (414) 287-1283
                                               Facsimile: (414) 238-6533
6                                              Email: wgardner@vonbriesen.com

7                                              *Attorneys for David Paul Doyle and*
                                               *Osman Khan, individually*
8

9    Dated: February 2, 2022                    THE YOCCA LAW FIRM LLP

10                                             *s/ Jared Glicksman*
                                               Mark W. Yocca, SBN 137189
11                                             Jared Glicksman, SBN 247124
                                               19900 MacArthur Boulevard
12                                             Suite 650
                                               Irvine, California 92612
13                                             Telephone:    (949) 253-0800
                                               Facsimile:    (949) 253-0870
14
                                               *Attorneys for David Paul Doyle*
15

16        37593631_1 DOCX

17

18

19

20

21

22

23

24

25

26

27

28

                                      6

EXHIBIT "8"
PAGE 176

**EXHIBIT "8"**

**PAGE 177**

## EXECUTIVE CONTRACT

This Agreement is entered into on September 14, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

     1.   <u>Responsibilities</u>:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

     2.   <u>Term</u>:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

     3.   <u>Compensation</u>:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

     4.   <u>Benefits</u>:  Founder shall be eligible to participate in all benefit plans generally available to Company executives. In addition, Company shall pay for Founder's annual life insurance premiums in the amount of $250,000, including any tax liability the payment may require.

     In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated           DavidPaul Doyle
DBA NatureWise               Founder and CBO


By: _____       _____
     Tuong Nguyen
     Chief Executive Officer

**EXHIBIT "8"**

**PAGE 178**

EXHIBIT "8"
PAGE 179

Attorney or Party Name, Address, Telephone and FAX      File with U.S. TRUSTEE Only

Ronald A. Clifford (State Bar No. 246542)
RClifford@BlakeleyLLP.com
BLAKELEY LLP
18500 Von Karman Ave., Suite 530
Irvine, California 92612
Tel: (949) 260-0611
Fax: (949) 260-0613

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

Heartwise, Inc.,

Debtor(s)

Chapter 11 Case Number

8:20-bk-13335-MW

## NOTICE OF SETTING/INCREASING INSIDER COMPENSATION

| | |
|---|---|
| 1. Name of Insider: | DavidPaul Doyle |
| 2. Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | Officer of the Debtor |
| 3. Date when relationship with Debtor commenced: | May 10, 2012 |
| 4. Position title: | Chief Brand Officer |
| 5. Position Description: | Senior executive responsible for Debtor's image, experience and promise. |
| 6. Assigned Duties: | Supports the Debtor's marketing, sales and distribution efforts. |
| 7. Date employed in current position: | October 4, 2018 |
| 8. If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | President of the Debtor from May 10, 2012 through October 3, 2018. |
| 9. Number of hours worked per week: | 40+ hours per week. |
| 10. Total amount of compensation and payment interval: | To be paid $180,000 per year, paid biweekly |
| 11. Breakdown of compensation (specify amount and payment interval. | To be paid $180,000 per year, biweekly at the rate of $6,923.08 |
| Salary: | $180,000 per year |
| Perquisites (total, detail below): | N/A |

Revised September 2012

INSIDER COMPENSATION (Page 1 of 2)

USTR16-12.0

**EXHIBIT "8"**

**PAGE 180**

| | |
|---|---|
| Car Allowance: | N/A |
| Medical Insurance: | N/A |
| Life Insurance: | N/A |
| Business Expenses: | N/A |
| Other (Specify): | N/A |
| 12. Identify the source of the funds to be used to pay compensations specified in No. 10: | The business operations of the Debtor. |
| 13. Date and amount of last increase in compensation: | Compensation contractually set at $180k. |
| 14. Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | There are no secured claims against the assets of the estate, including the business receipts generated by the Debtor. |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | Paid $394,644 on account of the Debtor's net profits in accordance with the shareholder agreement. For payroll, for the calendar year 2020 through the petition date, Mr. Doyle was paid gross pay of $172,153.89. |
| Compensation: | $172,153.89 |
| Loans: | $0 |
| Perquisites (Specify): | $0 |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated: December 28, 2020

Tuong V. Nguyen

Print Name and Title of Authorized Agent for Debtor

_signature_

Signature of Authorized Agent for Debtor

Attach proof of service on Creditors= Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.
If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.
If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

**EXHIBIT "8"**

**PAGE 181**

**EXHIBIT "9"**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

## SELLER NOTE

$956,528.99                                                        November 9, 2021

FOR VALUE RECEIVED, Osman Khan, an individual New Jersey resident, ("**Borrower**"), hereby promises to pay to the order of DavidPaul Doyle, an individual California resident ("**Lender**"), the principal sum of Nine Hundred Fifty Six Thousand Five Hundred Twenty Eight and 99/100 Dollars ($956,528.99), together with interest thereon at the rate(s) described below, and any and all other amounts which may be due and payable hereunder, on the dates and in the amounts set forth in this promissory note (this "**Note**"), as the same may be accelerated or extended pursuant to the terms hereof.

This is the Seller Note referenced in that certain Purchase Agreement, dated as of the date hereof (as amended, modified, supplemented and/or amended and restated from time to time, the "**Purchase Agreement**"), by and among Borrower, Lender and Vitamins Online, Inc., a Delaware corporation ("**VO**").

1.  **Defined Terms**. Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Purchase Agreement and the following terms shall have the meanings set forth below.

"**Debtor Relief Laws**" means any voluntary or involuntary case under the Bankruptcy Code or any other liquidation, conservatorship, bankruptcy, assignment for the benefit of creditors, moratorium, rearrangement, receivership, insolvency, reorganization, or similar debtor relief laws of the United States or other applicable jurisdictions from time to time in effect.

**Interest**.

1.1    Interest Rate. Interest on the outstanding principal balance of the indebtedness evidenced by this Note (the "**Loan**") shall accrue at a fixed rate per annum equal to 1.50%.

1.2    Interest Computation. All computations of interest and fees calculated on a per annum basis shall be made by Lender on the basis of a 365 or 366-day year, as applicable, in each case, for the actual number of days occurring in the period for which such fees and interest are payable. Each determination by Lender of an interest rate and fees hereunder shall be presumptive evidence of the correctness of such rates and fees, absent manifest error.

1.3    Default Rate. (a) Upon the occurrence and during the continuance of an Event of Default under Sections 3.4 or 3.5, without notice of any kind, or (b) upon the occurrence and during the continuance of any other Event of Default, at the election of Lender, confirmed by written notice from Lender to Borrower, interest on the outstanding principal balance of the Loan shall bear interest at the Default Rate, in each case, for the period beginning on the date such Event of Default occurs and ending on the date on which such Event of Default is cured

VBR0000015
ATTORNEYS EYES ONLY
**EXHIBIT "9"**
**PAGE 182**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

or waived, and shall be payable upon demand. For purposes hereof, the term "**Default Rate**" means a rate per annum equal to five percent (5.0%).

    1.4    <u>Late Fee</u>. To the extent Borrower fails to pay when due any amount hereunder, Buyer shall pay to Seller, in good and collected funds, immediately upon a written demand therefor, a late fee in an amount equal to $1,250.00.

    1.5    <u>Maximum Interest Rate</u>. Notwithstanding anything to the contrary, if at any time the interest rate applicable to the outstanding principal balance of the Loan, together with all fees, charges and other amounts which are treated as interest on such Loan under applicable law (collectively, the "**Charges**") shall exceed the maximum lawful rate (the "**Maximum Rate**") which may be contracted for, charged, taken received or reserved by Lender, the rate of interest payable in respect of the outstanding principal balance of the Loan, together with all related Charges, shall be limited to the Maximum Rate.

    2.    **Payment Terms**.

    2.1    <u>Principal and Interest Payments</u>. On December 1, 2021 and on the first day of each calendar month thereafter, Borrower shall pay to Lender a single payment of principal and interest equal to $16,666.67. Upon written request by Borrower, Lender shall deliver to Borrower an amortization schedule setting forth the amount of principal and interest attributable to each payment date.

    2.2    <u>Maturity Date</u>. Unless sooner paid in full, on November 9, 2026, Borrower shall repay, in full, the entire outstanding principal balance of the Loan and all accrued and unpaid interest thereon.

    2.3    <u>Optional Prepayments</u>. At any time and from time to time, upon written notice to Lender, Borrower may prepay the Loan, in whole or in part, without premium or penalty.

    2.4    <u>Business Day</u>. If any payment becomes due and payable on a day other than a Business Day, the maturity thereof will be extended to the next succeeding Business Day and, with respect to payments of principal, interest thereon shall accrue at the then applicable rate during such extension.

    2.5    <u>No Defense, Set-off or Counterclaim</u>. All payments by Borrower shall be without deduction, defense, setoff or counterclaim and shall be made in same day funds and delivered to Lender by money order payable to Lender or such other method designated by Lender in writing.

    2.6    <u>Application of Payments</u>. To the extent there is no Event of Default that has occurred and is continuing, Lender shall apply payments <u>first</u>, to fees and costs incurred by Lender and for which Borrower is obligated to pay pursuant to this Note, the Purchase Agreement and any other Ancillary Documents, if any, <u>second</u>, to accrued and unpaid interest on the principal balance of the Loan, and <u>third</u>, to outstanding principal of the Loan in inverse order of maturity. Upon the occurrence and during the continuance of an Event of Default, payments may be applied by Lender to amounts owed hereunder and under the Purchase Agreement and

2

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

any Ancillary Documents in such order as the Lender shall determine in its sole discretion.  All or any portion of the outstanding principal amount of the Loan that is repaid or prepaid may not be reborrowed.

3.      **Events of Default**.  The occurrence of any one or more of the following events shall constitute an "**Event of Default**" under this Note:

3.1      Payment.  The failure by Borrower to pay any amount when due under this Note, or any other amount when due in accordance with the Purchase Agreement or any Ancillary Document, including, without limitation, any outstanding principal, accrued and unpaid interest, fees, charges or other amounts, and such failure continues after the date that is three (3) Business Days after delivery of written notice thereof by Lender to Borrower;

3.2      Other Defaults.  Failure of Borrower or VO to perform or comply with the terms and conditions of the Purchase Agreement or any Ancillary Document, including, without limitation, this Note;

3.3      Representations and Warranties.  Any representation, warranty or other written statement of Borrower or VO made in the Purchase Agreement, in any Ancillary Document, or in connection with the Transactions, is incorrect or misleading in any material respect when given (without duplication of any materiality qualifier);

3.4      Voluntary Bankruptcy; Appointment of Receiver, Etc.  Buyer (a) commences a voluntary case under the Bankruptcy Code or under any other Debtor Relief Laws; (b) consents to the entry of an order for relief in an involuntary case, or to the conversion of an involuntary case to a voluntary case, under any Debtor Relief Laws; or (c) consents to the appointment of or taking possession by a receiver, interim receiver, receiver/manager, sequestrator, conservator, administrator, liquidator, trustee or other custodian for all or a substantial part of its property; and/or

3.5      Involuntary Bankruptcy; Appointment of Receiver, Etc. With respect to the Borrower, (a) a court enters a decree or order for relief in an involuntary case under the Bankruptcy Code, which decree or order is not stayed or other similar relief is not granted under any applicable federal or state law; or (b) the continuance for sixty (60) days, unless dismissed, bonded or discharged, of (i) any involuntary case under the Bankruptcy Code or any other Debtor Relief Laws; or (ii) the appointment of a receiver, interim receiver, receiver/manager, liquidator, sequestrator, trustee, custodian or other officer having similar powers over Borrower or over all or a substantial part of Borrower's property.

4.      **Remedies**.  Upon the occurrence of any Event of Default described in Section 3.4 or 3.5, automatically and without any further action of any party, all outstanding principal of the Loan, all accrued and unpaid interest thereon, and all other amounts due under this Note shall become immediately due and payable, without presentment, demand, protest, notice of intent to accelerate, notice of acceleration or other requirements of any kind, all of which are hereby expressly waived by Borrower. Upon the occurrence and during the continuance of any other Event of Default, Lender may, by written notice to Borrower, declare all or any portion of the

3

VBR0000017
ATTORNEYS EYES ONLY
**EXHIBIT "9"**
**PAGE 184**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

outstanding principal amount of the Loan, all or any portion of the accrued and unpaid interest thereon, and all or any portion of any other amounts due under this Note, if any, to be, and the same shall forthwith become, immediately due and payable, without presentment, demand, protest, notice of intent to accelerate, notice of acceleration or other requirements of any kind, all of which are hereby expressly waived by Borrower.  Lender may exercise any other remedies which may be available to Lender under the Purchase Agreement, any Ancillary Document, and under  applicable law.

**5.  <u>Miscellaneous.</u>**

5.1    <u>Notices</u>.  Any notice or other communication required hereunder shall be made in accordance with the notice provisions set forth in the Purchase Agreement.

5.2    <u>Amendments and Waivers</u>. No amendment, modification, termination or waiver of any provision of this Note, or any consent to any departure by any party therefrom, shall in any event be effective unless the same shall be in writing and signed by the Lender, and then such amendment, modification, termination or waiver shall be effective only in the specific instance and for the specific purpose for which it was given.

5.3    <u>Failure or Indulgence Not Waiver; Remedies Cumulative</u>. No failure or delay on the part of Lender to exercise, nor any partial exercise of, any power, right or privilege hereunder shall impair such power, right, or privilege or be construed to be a waiver of any default or Event of Default. All rights and remedies existing hereunder or under applicable law are cumulative to and not exclusive of any rights or remedies otherwise available.

5.5    <u>Severability</u>. The invalidity, illegality, or unenforceability in any jurisdiction of any provision of this Note shall not affect or impair the remaining provisions of the Note.

5.6    <u>Successors and Assigns</u>. This Note shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, <u>provided</u>, <u>however</u>, (a) at any time and from time to time, Lender may assign all or any portion of Lender's rights, interests and obligations hereunder without the consent of Borrower; and (b) Borrower shall not assign its rights or obligations hereunder without the written consent of Lender and any such purported assignment without such written consent shall be void and without effect.

5.7    <u>APPLICABLE LAW</u>. THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF OREGON, WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPALS.

5.9    <u>WAIVER OF JURY TRIAL</u>. BORROWER, AND LENDER BY ITS ACCEPTANCE HEREOF, HEREBY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS NOTE. BORROWER, AND LENDER BY ITS ACCEPTANCE OF THIS NOTE, ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO THE PURCHASE AGREEMENT AND THE ANCILLARY DOCUMENTS,

VBR0000018
ATTORNEYS EYES ONLY
**EXHIBIT "9"**
**PAGE 185**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

INCLUDING, WITOUT LIMITATION, THIS NOTE, THAT EACH HAS RELIED ON THE WAIVER IN ENTERING INTO THE TRANSACTIONS, AND THAT EACH WILL CONTINUE TO RELY ON THIS WAIVER IN THEIR RELATED FUTURE DEALINGS. BORROWER, AND LENDER BY ITS ACCEPTANCE HEREOF, WARRANT AND REPRESENT THAT EACH HAS HAD THE OPPORTUNITY OF REVIEWING THIS JURY WAIVER WITH LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS.

5.10    <u>Entire Agreement</u>. This Note constitutes the sole and entire agreement of the Borrower and Lender with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

5.11    <u>Counterparts; Effectiveness</u>. This Note and any amendments, waivers, consents or supplements hereto may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed an original, but all of which counterparts together shall constitute but one in the same instrument. Delivery of an executed signature page of this Note by facsimile transmission or other electronic transmission (including, without limitation, ".pdf") shall be as effective as delivery of a manually executed counterpart hereof.

<u>[Signature Page Follows]</u>

VBR0000019
ATTORNEYS EYES ONLY
**EXHIBIT "9"**
**PAGE 186**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

**IN WITNESS WHEREOF**, Borrower has executed and delivered this Note as of the day and year first above written.

**BORROWER**

DocuSigned by:

*Osman Khan*

874D68FCDE114AE...

Osman Khan, individually

Signature Page to Seller Note

VBR0000020
ATTORNEYS EYES ONLY

**EXHIBIT "9"**

**PAGE 187**

**EXHIBIT "10"**

## PURCHASE AGREEMENT

This **PURCHASE AGREEMENT**, dated as of November 9, 2021 (as amended, modified, supplemented and/or amended and restated from time to time, the "**Agreement**"), is by and among DavidPaul Doyle, an individual California resident ("**Seller**"), Osman Khan, an individual New Jersey resident, ("**Buyer**"), and Vitamins Online, Inc., a Delaware corporation ("**VO**" and collectively with Seller and Buyer, the "**Parties**" and each, a "**Party**").

## RECITALS

**WHEREAS**, on November 10, 2020, the United States District Court for the District of Utah entered a judgment in favor of VO and against Heartwise Incorporated, an Oregon corporation (the "**Debtor**"), with respect to the civil action captioned <u>Vitamins Online, Inc., v. Heartwise, Inc.</u>, Case No. 2:13-cv-00982-DAK (the "**Heartwise Judgment**");

**WHEREAS**, Buyer serves as the Chief Financial Officer of VO;

**WHEREAS**, this Agreement materially benefits VO;

**WHEREAS**, pursuant to that certain Shareholder Agreement, dated October 4, 2018 (the "**Shareholder Agreement**"), Earnesty, LLC, a California limited liability company ("**Earnesty**"), purported to purchase fifty one percent (51%) of the common stock of the Debtor;

**WHEREAS**, on December 4, 2020, Debtor filed with the United States Bankruptcy Court for the Central District of California (Santa Ana) (the "**Bankruptcy Court**") a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the Bankruptcy Code, §§ 101 et. seq. (the "**Bankruptcy Code**"), and was assigned Case No. 8:20-bk-13335-MW (the "**Bankruptcy Case**");

**WHEREAS**, on May 10, 2021, Seller filed in the Bankruptcy Case a Complaint to Subordinate Claims and Interests of Earnesty LLC, Robinson Pharma, Inc., and Alpha Health Research Inc. to the Claims and Interests of Plaintiff DavidPaul Doyle Under Section 510(c) of the Bankruptcy Code, and on June 23, 2021, Seller filed in the Bankruptcy Case an Amended Complaint to Subordinate Claims and Interests of Earnesty LLC, Robinson Pharma, Inc. and Alpha Health Research Inc. to the Claims and Interests of Plaintiff DavidPaul Doyle Under Section 510(c) of the Bankruptcy Code and to Remove Earnesty as the Controlling Shareholder of the Debtor, Adversary Case No.: 8:21-ap-01019-MW (the "**Seller Adversary Proceeding**");

**WHEREAS**, counsel to Seller delivered to the Earnesty, the Debtor, and their respective counsel, a letter dated September 9, 2021 (the "**Seller September 2021 Notice**"), pursuant to which Seller provided notice that, among other things, (a) Seller is the Debtor's sole shareholder, because the Debtor may not have had any authorized shares to issue to Earnesty pursuant to the Shareholder Agreement, and any share of the Debtor's common stock issued in excess of the number of the Debtor's authorized shares may be deemed void as a matter of law; and (b) Tuong Nguyen had been removed as a director, leaving Seller as the Debtor's sole director;

37158524_3.DOC

VBR0000001
ATTORNEYS EYES ONLY

**EXHIBIT "10"**
**PAGE 188**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

**WHEREAS**, the Debtor has contested Doyle's claim that he is the Debtor's sole shareholder;

**WHEREAS**, on September 22, 2021, the Debtor filed in the Bankruptcy Case, as Document No. 460, Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (the "**Plan**");

**WHEREAS**, Seller and VO filed objections to the Plan and there is scheduled on November 10, 2021 a hearing to confirm the Plan; and

**WHEREAS**, Seller desires to sell to Buyer the Seller Claims and Interests (as defined below), and Buyer desires to purchase from Seller the Seller Claims and Interests, in accordance with the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

## ARTICLE I
### Definitions

Capitalized terms used but not defined herein shall have the meanings set forth below.

"**Action**" means any claim, action, cause of action, demand, lawsuit, arbitration, inquiry, audit, notice of violation, proceeding, litigation, citation, summons, subpoena or investigation of any nature, civil, criminal, administrative, regulatory or otherwise, whether at law or in equity.

"**Additional Consideration**" means an amount equal to $700,000.00, payable in accordance with Section 2.03 hereof.

"**Agreement**" has the meaning set forth in the preamble.

"**Ancillary Documents**" means, collectively, the Seller Note and all documents, instruments and agreements executed in connection herewith or therewith or related hereto or thereto, each as amended, modified, supplemented and/or amended and restated from time to time.

"**Bankruptcy Case**" has the meaning set forth in the Recitals.

"**Bankruptcy Code**" has the meaning set forth in the Recitals.

"**Bankruptcy Court**" has the meaning set forth in the Recitals.

"**Business Day**" means any day except Saturday, Sunday or any other day on which commercial banks are authorized to close under the laws of, or are in fact closed in, the State of Oregon.

"**Claims**" means, collectively, all claims, interests, rights, options, choses in action, demands, actions, causes of action, suits, covenants, contracts, controversies, agreements,

- 2 -

VBR0000002
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 189**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set off, any and all demands whatsoever of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity.

"**Debtor**" has the meaning set forth in the Recitals.

"**Earnesty**" has the meaning set forth in the Recitals.

"**Effective Date**" means 9:00 p.m. CST on the date of November 9, 2021.

"**GAAP**" means United States generally accepted accounting principles in effect from time to time.

"**Heartwise Equity Award Date**" means the earlier to occur of (a) the date on which there is a final non-appealable order to the effect that Buyer owns all of the authorized, issued and outstanding shares of the Debtor's common stock, or (b) the effective date of a plan of reorganization confirmed in the Bankruptcy Case, provided that such plan of reorganization distributes to Buyer, or permits Buyer to acquire, and Buyer does in fact acquire, an ownership interest in the Debtor.

"**Heartwise Judgment**" has the meaning set forth in the Recitals.

"**Losses**" means losses, damages, liabilities, deficiencies, Actions, judgments, interest, awards, penalties, fines, costs or expenses of whatever kind, including reasonable attorneys' fees and the cost of enforcing any right to indemnification hereunder and the cost of pursuing any insurance providers.

"**Oregon Lawsuit**" means that certain lawsuit commenced by VO against Seller and currently pending before the United States District Court for the District of Oregon, Case No. 14-00441-CL.

"**Person**" means an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association or other entity.

"**Plan**" has the meaning set forth in the Recitals.

"**Seller Adversary Proceeding**" has the meaning set forth in the Recitals.

"**Seller Claims and Interests**" means all Claims of Seller against the Debtor and any other party arising from the Seller Ownership Interest, and all interests of Seller in the Debtor, including, without limitation, (a) the Seller Ownership Interest; (b) Claims made by Seller against Debtor and the other defendants in the Seller Adversary Proceeding; and (c) any rights afforded Seller pursuant to the Plan, including, without limitation, any right to participate in funding a new value contribution to acquire the equity of a reorganized Debtor, <u>provided</u>, <u>however</u>, the Seller Claims and Interests shall not include any administrative claim to which Seller may be entitled in the Bankruptcy Case and arising from Seller's employment with Debtor, or in his capacity as an officer or director of the Debtor, during the Bankruptcy Case, to

VBR0000003
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 190**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

the extent the Bankruptcy Court authorizes payment of such administrative claim.

"**Seller Note**" means a promissory note dated the date hereof in the original principal amount of $956,528.99 by Buyer in favor of Seller, as amended, modified, supplemented and/or amended and restated from time to time.

"**Seller Ownership Interest**" means all of Seller's ownership interests in the Debtor, including, without limitation, any share of the Debtor's common stock.

"**Seller Releasees**" has the meaning set forth in Section 2.04.

"**Seller September 2021 Notice**" has the meaning set forth in the Recitals.

"**Shareholder Agreement**" has the meaning set forth in the Recitals.

"**Transactions**" means the transactions contemplated by this Agreement and the Ancillary Documents.

**ARTICLE II**
**PURCHASE AND SALE**

**Section 2.01   Purchase and Sale.** Subject to the terms and conditions set forth herein, on the Effective Date, Seller shall sell to Buyer, and Buyer shall purchase from Seller, the Seller Claims and Interests, for the consideration specified in Section 2.02.

**Section 2.02   Purchase Price.** The purchase price for the Seller Claims and Interests shall be equal to (a) $956,528.99, payable pursuant to the terms and conditions of the Seller Note; (b) the Additional Consideration, payable in accordance with the terms and conditions of Section 2.03 hereto; and (c) a waiver and release by VO of all Claims against Seller and the other Seller Releasees in accordance with Section 2.04 hereof.

**Section 2.03   Additional Consideration.**

(a)     Additional Consideration – Heartwise Judgment Payment.  Within one (1) Business Day of receipt by VO of a payment made in good and collected funds on account of the Heartwise Judgment, whether made by the judgment debtor, any successor of the judgment debtor, by a purchaser of all or any portion of the Heartwise Judgment, or otherwise, Buyer shall pay to Seller an amount equal to the lesser of (i) the Additional Consideration; and (ii) the amount of such payment, provided that, when such payment is added to all other payments made pursuant to this Section 2.03, such amount does not exceed the Additional Consideration.

(b)     Additional Consideration – Heartwise Equity Award Date.  Within twenty (20) days after the last day of the month in which there is a Heartwise Equity Award Date, and within twenty (20) days after the last day of each month thereafter, Buyer shall pay to Seller, in good and collected funds, an amount equal to one percent (3.0%) of gross revenue of the Debtor derived from sales to Amazon for the immediately preceding

- 4 -

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

calendar month, provided that, when such payment is added to all other payments made pursuant to this Section 2.03, such amount does not exceed the Additional Consideration.

(c)    Additional Consideration – Heartwise Judgment Other Consideration. Within one (1) Business Day of receipt of any consideration for all or any portion of the Heartwise Judgment, other than a payment in good and collected funds in accordance with Section 2.03(a) hereof, or after the Heartwise Equity Award Date in accordance with Section 2.03(b) hereof, Buyer shall pay to Seller an amount equal to the Additional Consideration, provided that, when such payment is added to all other payments made pursuant to this Section 2.03, such amount does not exceed the Additional Consideration.

(d)    Cap on Additional Consideration. Notwithstanding the options available under (a), (b), and (c) stated supra, the total Additional Consideration will not exceed $700,000.

Section 2.04  Waiver and Release. In consideration of the agreements of the Parties herein and in the Ancillary Documents, the Transactions, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, VO, on behalf of itself and its successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges Seller and each of its successors and assigns, and its attorneys and other representatives (each, a "**Seller Releasees**"), of and from all Claims of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which VO or any of its successors, assigns, or other legal representatives may now or hereafter own, hold, have or claim to have against the Seller or any other Seller Releasee, or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the day and date of this Agreement for or on account of, or in relation to, or in any way in connection with the Debtor.

Section 2.05  Purchase and Sale of Seller Ownership Interest. It is the intent of the Parties that Seller sell to Buyer, and Buyer purchase from Seller, all of Seller's right, title and interest in and to the Seller Ownership Interest. However, to the extent it is determined that the sale of the Seller Ownership Interest by Seller to Buyer is prohibited by the Shareholder Agreement, or is otherwise unenforceable, in whole or in part, the purchase and sale of the Seller Ownership Interest shall be a sale by Seller to Buyer of all of the Seller's rights in the Seller Ownership Interest which may be transferred or assigned to Buyer in accordance with applicable law, which rights may include the right to share in the profits and losses of the Debtor and to receive distributions and dividends from the Debtor to which Seller is entitled, and Buyer shall not succeed to that portion of the Seller's rights in the Seller Ownership Interests for which a transfer or assignment is prohibited by applicable law, which rights may include the right to participate in the management of the business and affairs of the Debtor, or to exercise other rights or powers of a shareholder of the Debtor, including voting rights. Regardless of whether the purchase and sale of the Seller Ownership Interest constitutes a purchase and sale of all, or less than all, of Seller's right, title and interest in and to the Seller Ownership Interest, the purchase price for the Seller Claims and Interests shall remain unchanged.

VBR0000005
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 192**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

# ARTICLE III
## REPRESENTATIONS AND WARRANTIES OF SELLER

**Section 3.01   Enforceability**.  Seller represents and warrants to Buyer and VO that, when this Agreement and each other Ancillary Document has been duly executed and delivered by each Party thereto (assuming due authorization, execution and delivery by each other Party thereto), this Agreement and such Ancillary Document, to the extent Seller is a party thereto, will constitute a legal and binding obligation of Seller, enforceable against Seller in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency or similar laws affecting the enforcement of creditors' rights generally.

**Section 3.02   Stock Transfer Restrictions**.  The Shareholder Agreement sets forth certain terms and conditions restricting the sale of any share of the Debtor's common stock. Seller makes no representation or warranty regarding whether it has complied with the terms and conditions of the Shareholder Agreement in connection with the sale of the Seller Ownership Interest.

**Section 3.03   No Representations or Warranties Regarding Seller Claims and Interests**.  Seller makes no representations or warranties regarding the Seller Claims and Interests, including, without limitation, the likelihood of success on the merits of the Seller Adversary Proceeding.  Pursuant to the Seller September 2021 Notice, Seller provided notice that, among other things, Seller is the Debtor's sole shareholder.  The Debtor has contested Seller's claim that Seller is the Debtor's sole shareholder.  Seller makes no representation or warranty regarding the Seller Ownership Interest, including, without limitation, whether the Seller Ownership Interest constitutes a one hundred percent (100%) or forty nine percent (49%) ownership interest in the Debtor.

**Section 3.04   No Representations or Warranties Regarding Debtor**.  Seller makes no representation or warranty regarding the Debtor, including, without limitation, any representation or warranty regarding the Debtor's assets, liabilities, ownership, material contracts, related party transactions, customers, suppliers, insurance, financial performance, compliance with laws, employment matters, or taxes.

# ARTICLE IV
## REPRESENTATIONS AND WARRANTIES OF VO AND BUYER

Buyer and VO, jointly and severally, represent and warrant to Seller that the statements contained in this Article IV are true and correct as of the date hereof.

**Section 4.01   Organization and Authority of VO; Enforceability.** VO is a corporation duly organized, validly existing and in good standing under the laws of the State of Delaware. VO has full corporate power and authority to enter into this Agreement and the Ancillary Documents to which VO is a party, if any, and to carry out its obligations hereunder and thereunder and to consummate the Transactions. The execution and delivery by VO of this Agreement and any Ancillary Document to which VO is a party, the performance by VO of its obligations hereunder and thereunder and the consummation by VO of the Transactions have been duly authorized by all requisite corporate action on the part of VO. When this Agreement

VBR0000006
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 193**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

and each Ancillary Document has been duly executed and delivered by the Parties thereto (assuming due authorization, execution and delivery by each other Party thereto), this Agreement and such Ancillary Document, to the extent Buyer and/or VO is a party thereto, will constitute a legal and binding obligation of Buyer and/or VO, as applicable, enforceable against Buyer and VO in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency or similar laws affecting the enforcement of creditors' rights generally.

Section 4.02   **No Conflicts; Consents.** The execution, delivery and performance by VO of this Agreement and the Ancillary Documents to which it is a party, and the consummation of the Transactions, do not and will not: (a) conflict with or result in a violation or breach of, or default under, any provision of the certificate of incorporation, by-laws or other organizational documents of VO; or (b) require the consent, notice or other action by any Person under any contract to which VO is a party.

Section 4.03   **Shareholder Agreement**.  Buyer has received a copy of the Shareholder Agreement and the charter documents of the Debtor.

Section 4.04   **Investment Purpose.** Buyer is acquiring the Seller Claims and Interests solely for its own account for investment purposes and not with a view to, or for offer or sale in connection with, any distribution thereof. Buyer acknowledges that the Seller Ownership Interest is not registered under the Securities Act of 1933, as amended, or any state securities laws, and that the Seller Ownership Interest may not be transferred or sold except pursuant to the registration provisions of the Securities Act of 1933, as amended, or pursuant to an applicable exemption therefrom and subject to state securities laws and regulations, as applicable.

Section 4.05   **Buyer**.

(a)     Buyer has such knowledge, experience and sophistication in financial and business matters as to be capable of evaluating the merits, risks and suitability of the Transactions.

(b)     Buyer (i) is able to bear the economic risk of the Transactions, including the ability to hold the Seller Ownership Interest indefinitely and to bear a complete loss of all of the Seller Claims and Interests; (ii) has adequate means of providing for Buyer's current needs and contingencies and has no need for liquidity in the Seller Claims and Interests; and (iii) is entering into the Transactions with a full understanding of all of the terms, conditions and risks of the Transactions, and willingly assumes all such terms, conditions and risks.

(c)     Buyer has (i) made its own decision concerning the Transactions without reliance on any representation or warranty of, or advice from, the Seller, other than representations and warranties expressly made by Seller in this Agreement; and (ii) evaluated the merits and risks of the Transactions based exclusively on its own independent review and consultations with such investment, legal, tax, accounting and other advisers as Buyer deemed necessary, including, without limitation, the tax aspects of Buyer's purchase of the Seller Claims and Interests.

VBR0000007
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 194**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

(d)    Buyer is a natural person whose individual net worth, or joint net worth with Buyer's spouse, exceeds $1,000,000. For purposes of this clause (d), "net worth" means the excess of total assets at fair market value (including personal and real property, but excluding the estimated fair market value of a Person's primary home) over total liabilities. "Total liabilities" excludes any mortgage on the primary home in an amount of up to the home's estimated fair market value as long as the mortgage was incurred more than 60 days before the Seller Ownership Interest is purchased, but includes (i) any mortgage amount in excess of the home's fair market value and (ii) any mortgage amount that was borrowed during the 60-day period before the Effective Date for the purpose of purchasing the Seller Claims and Interests.

(e)    Buyer is a natural person who had individual income exceeding $200,000 in each of the last two calendar years and has a reasonable expectation of reaching the same income level in the current calendar year. For purposes of this clause (e), "income" means annual adjusted gross income, as reported for federal income tax purposes, plus (i) the amount of any tax-exempt interest income received; (ii) the amount of losses claimed as a limited partner in a limited partnership; (iii) any deduction claimed for depletion; (iv) amounts contributed to an IRA or Keogh retirement plan; (v) alimony paid; and (vi) any gains excluded from the calculation of adjusted gross income pursuant to the provisions of Section 1202 of the Internal Revenue Code of 1986.

(f)    Buyer is a natural person who had joint income with Buyer's spouse exceeding $300,000 in each of the last two calendar years and Buyer has a reasonable expectation of reaching the same income level in the current calendar year, as defined above.

## ARTICLE V
## COVENANTS

**Section 5.01   Seller Resignation.** On the Effective Date, Seller shall deliver to Buyer and Debtor a written resignation of his position as an officer and director of the Debtor, effective as of the Effective Date.

**Section 5.02   Appointment of Buyer as Officer and Director of Debtor**. On the Effective Date, Buyer shall adopt a resolution appointing Buyer as an officer and director of the Debtor, effective as of the Effective Date.

**Section 5.03   Debtor Resolution Electing Against Exercise of Right of First Refusal**. On the Effective Date, Buyer shall adopt a resolution, by and on behalf of the Debtor, effective as of the Effective Date, pursuant to which the Debtor elects to not exercise any right of first refusal with respect to the sale of the Seller Ownership Interest to Buyer that Debtor may otherwise be entitled pursuant to the Shareholder Agreement.

**Section 5.04   Bankruptcy Court Reporting Requirements**.  On or before the date when required pursuant to the Bankruptcy Code or the local rules of the Bankruptcy Court, the Seller and Buyer shall file with the Bankruptcy Court any notice or other document required by the Bankruptcy Code to provide notice of the Transactions.

VBR0000008
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 195**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

**Section 5.05   Dismissal of Oregon Lawsuit**.  Within twenty (20) days of the Effective Date, VO and Seller shall file with the United States District Court for the District of Oregon a notice of voluntary dismissal of the Oregon Lawsuit with prejudice.

**Section 5.06   Debtor Financial Reporting –Heartwise Equity Award Date**.  Within twenty (20) days after the last day of the month in which there occurs a Heartwise Equity Award Date, and within twenty (20) days after the last day of each month thereafter, Buyer shall cause Debtor to deliver to Seller an Amazon Report showing monthly net revenue from Amazon, provided, however, Buyer shall have no further obligation to deliver any financial statement after payment to Seller in full of the Additional Consideration.

**Section 5.07   Debtor Waiver and Release**.  Within ninety (90) days of a Heartwise Equity Award Date, Buyer shall cause Debtor to waive and release all Claims against Seller and the other Seller Releases.

**Section 5.08   Further Assurances.** Following the Effective Date, each of the Parties shall execute and deliver such additional documents, instruments, conveyances and assurances and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the transactions contemplated by this Agreement and the Ancillary Documents.

**ARTICLE VI**
**CONDITIONS TO CLOSING**

**Section 6.01   Conditions to Obligations of All Parties.** The obligations of each Party to consummate the Transactions shall be subject to the fulfillment, at or prior to the Effective Date, of each of the following conditions:

(a)     Each Party shall have delivered to each other Party executed signature pages to this Agreement and Buyer shall have delivered to Seller an executed signature page to the Seller Note.

(b)     Each of the representations and warranties of the Parties in this Agreement and the Ancillary Documents shall be true and correct in all material respects (without duplication of any materiality qualifier) on and as of the Effective Date.

(c)     There shall not be in effect any judicial, quasi-judicial, administrative, quasi-administrative or arbitral judgment, order, decision, injunction, decree, ruling, writ, assessment, award or other determination of, or entered, issued, made or rendered by, a governmental body restraining, enjoining or otherwise prohibiting the consummation of the purchase and sale of the Seller Claims and Interests.

(d)     Such other conditions precedent as may be reasonably required and designated by the Parties to fully effect and consummate the purchase and sale of the Seller Claims and Interests.

VBR0000009
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 196**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

**ARTICLE VII**
**INDEMNIFICATION**

**Section 7.01   Indemnification.**  Buyer and VO, jointly and severally, shall indemnify and defend Seller and each of its successors and assigns (collectively, the "**Seller Indemnitees**") against, and shall hold each of them harmless from and against, and shall pay and reimburse each of them for, any and all Losses incurred or sustained by, or imposed upon, the Sellers Indemnitees based upon, arising out of, with respect to or by reason of:

(a)      Any representation, warranty or other written statement of Buyer or VO made in this Agreement, in any Ancillary Document, or in connection with the Transactions, is incorrect or misleading in any material respect when given (without duplication of any materiality qualifier); or

(b)      any breach or non-fulfillment of any covenant, agreement or obligation to be performed by Buyer or VO pursuant to this Agreement or any Ancillary Document, including, without limitation, the Seller Note.

**Section 7.02   Payments; Indemnification.**  Once a Loss is agreed to by the Parties or finally adjudicated to be payable, Buyer and VO shall satisfy its obligations within 15 Business Days of such agreement or final, non-appealable adjudication, by wire transfer of immediately available funds. To the extent Buyer and VO fail to make full payment of any indemnity obligation within such 15 Business Day period, the indemnity obligation shall accrue interest from and including the date of agreement or final, non-appealable adjudication to and including the date such payment is made at a rate per annum equal 5.0%. Such interest shall be calculated daily on the basis of a 365-day year and the actual number of days elapsed, without compounding.

**ARTICLE VIII**
**MISCELLANEOUS**

**Section 8.01   Tax Allocation**.  The Parties agree that, for purposes of allocating the purchase price for the Seller Claims and Interests in accordance with Section 1060 of the Internal Revenue Code, as amended, the entire purchase price shall be allocated to the Seller Ownership Interest, and no portion of the purchase price shall be allocated to Claims of Seller against the Debtor and any other party arising from the Seller Ownership Interest.

**Section 8.02   Expenses.** All costs and expenses, including, without limitation, fees and disbursements of counsel, financial advisors and accountants, incurred in connection with this Agreement, the Ancillary Documents and the Transactions shall be paid by the Party incurring such costs and expenses. With respect to any Action between Seller, on the one hand, and Buyer and/or VO, on the other hand, (a) if Seller is the prevailing Party in such Action, Buyer and VO, jointly and severally, shall fully reimburse Seller for reasonable costs incurred in connection with such Action, including reasonable attorneys' fees, court costs, expert or consultant's fees and reasonable travel and lodging expenses incurred by Seller in connection with such Action; and (b) if Buyer and/or VO is/are the prevailing Party/Parties in such Action, Seller shall fully reimburse Buyer and/or VO, as applicable, for reasonable costs incurred in connection with such

- 10 -

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

Action, including reasonable attorneys' fees, court costs, expert or consultant's fees and reasonable travel and lodging expenses, incurred by Buyer and/or VO in connection with such Action. All fees, charges, costs and expenses for which a Party is responsible under this <u>Section 9.01</u> shall be payable upon demand.

**Section 8.03    Notices.** All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next Business Day if sent after normal business hours of the recipient or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this Section 8.03):

| | |
|---|---|
| If to Seller: | DavidPaul Doyle |
| | 68 Loma Vista Dr. |
| | Orinda, CA  94563-2213 |
| | Email: davidpauldoyle@icloud.com |
| | |
| with a copy to: | von Briesen & Roper, s.c. |
| | 411 East Wisconsin, Suite 1000 |
| | Milwaukee, Wisconsin 53202 |
| | Email: wgardner@vonbriesen.com |
| | Attention: Bill Gardner |
| | |
| If to the Buyer or VO: | c/o Vitamins Online, Inc. |
| | 524 Princeton Kingston Rd |
| | Princeton, NJ 08540 |
| | Email: osman@nutrigold.com |
| | Attention: Osman Khan, Chief Financial Officer |
| | |
| with a copy to: | Workman Nydegger |
| | 60 East South Temple |
| | Salt Lake City, Utah 84111 |
| | Email: cnydegger@wnlaw.com |
| | Attention: Chad Nydegger |

**Section 8.04    Severability.** If any term or provision of this Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

**Section 8.05    Entire Agreement.** This Agreement and the Ancillary Documents constitute the sole and entire agreement of the Parties with respect to the subject matter

VBR0000011
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 198**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

contained herein and therein, and supersede all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

Section 8.06    **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and permitted assigns. No Party may assign its rights or obligations hereunder without the prior written consent of the other Parties, which consent shall not be unreasonably withheld or delayed. No assignment shall relieve the assigning party of any of its obligations hereunder.

Section 8.07    **No Third-party Beneficiaries.** This Agreement is for the sole benefit of the Parties and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

Section 8.08    **Amendment and Modification; Waiver.** This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each Party. No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving. No waiver by any Party shall operate or be construed as a waiver in respect of any failure, breach or default not expressly identified by such written waiver, whether of a similar or different character, and whether occurring before or after that waiver. Except as otherwise provided in this Agreement, no failure to exercise, or delay in exercising, any right, remedy, power or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor, except as otherwise provided in this Agreement, shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

Section 8.09    **Governing Law; Submission to Jurisdiction; Waiver of Jury Trial.**

(a)    This Agreement shall be governed by and construed in accordance with the internal laws of the State of Oregon without giving effect to any choice or conflict of law provision or rule.

(b)    EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS AGREEMENT OR THE ANCILLARY DOCUMENTS IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE ANCILLARY DOCUMENTS OR THE TRANSACTIONS. EACH PARTY CERTIFIES AND ACKNOWLEDGES THAT (I) NO REPRESENTATIVE OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF A LEGAL ACTION, (II) SUCH PARTY HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (III) SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (IV) SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG

VBR0000012
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 199**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 8.09(b).

**Section 8.10   Specific Performance.** The Parties agree that irreparable damage would occur if any provision of this Agreement were not performed in accordance with the terms hereof and that the parties shall be entitled to specific performance of the terms hereof, in addition to any other remedy to which they are entitled at law or in equity.

**Section 8.11   Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

[SIGNATURE PAGE FOLLOWS]

- 13 -

VBR0000013
ATTORNEYS EYES ONLY
**EXHIBIT "10"**
**PAGE 200**

DocuSign Envelope ID: 68FBA01E-406D-48CB-BDEB-270AECE575DD

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above, and with respect to VO, by an officer of VO thereunto duly authorized.

**SELLER:**

DavidPaul Doyle, individually

**BUYER:**

Osman Khan, individually

**VO:**

**Vitamins Online, Inc.**

By: Osman Khan, Chief Financial Officer

Signature Page to Purchase Agreement

VBR0000014

ATTORNEYS EYES ONLY

**EXHIBIT "10"**

**PAGE 201**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **REORGANIZED DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING DISTRIBUTION UNDER PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW, ANTHONY BISCONTI AND TUONG NGUYEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **April 29, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **FORMER ATTORNEY FOR DEBTOR HEARTWISE, INC. (TERMINATED 12/16/20):** Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; DEFENDANT TUONG NGUYEN; and INTERESTED PARTY EARNESTY LLC:** Anthony Bisconti tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com; chowland@bienertkatzman.com
- **ATTORNEY FOR INTERESTED PARTY AND PLAINTIFF DAVIDPAUL DOYLE:** Jared Glicksman jglicksman@yocca.com
- **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- **ATTORNEY FOR DEBTOR HEARTWISE, INC.:** Matthew Grimshaw mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.:** Eve H. Karasik ehk@lnbyb.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.:** Steven J. Katzman SKatzman@bienertkatzman.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **ATTORNEY FOR INTERESTED PARTY MAGLEBY CATAXINOS & GREENWOOD:** Aaron J Malo amalo@sheppardmullin.com, rgolder@sheppardmullin.com; abilly@sheppardmullin.com
- **ATTORNEY FOR INTERESTED PARTY VITAMINS ONLINE, INC.:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; and DEFENDANT TUONG NGUYEN:** Carlos A Nevarez cnevarez@bklwlaw.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF:** Aram Ordubegian ordubegian.aram@arentfox.com
- **INTERESTED PARTY COURTESY NEF:** Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR CREDITOR VITAMINS ONLINE, INC.:** Dean G Rallis, Jr drallis@hahnlawyers.com, jevans@hahnlawyers.com; drallis@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR MARTHA VALENTINE:** Seth A Safier seth@gutridesafier.com
- **INTERESTED PARTY COURTESY NEF:** Annie Y Stoops annie.stoops@arentfox.com, yvonne.li@arentfox.com
- **ATTORNEY FOR CREDITOR ROBINSON PHARMA, INC.:** K. Luan Tran ltran@kslaw.com, tle@kslaw.com
- **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

| **DEBTOR** | **20 LARGEST CREDITOR** | **20 LARGEST CREDITOR** |
| --- | --- | --- |
| HEARTWISE, INC. ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE 2973 HARBOR BLVD., #472 COSTA MESA, CA 92626-3912 | ALPHA HOUSE RESEARCH, INC. ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE 2781 WEST MACARTHUR BLVD., SUITE 34 SANTA ANA, CA 92704-8300 | AMERICAN EXPRESS ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE P O BOX 650448 DALLAS, TX 75265-0448 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**20 LARGEST CREDITOR**
ANTHEM BLUE CROSS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P O BOX 51011
LOS ANGELES, CA 90051-5311

**20 LARGEST CREDITOR**
ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF
JUSTICE
BEN FRANKLIN STATION
P. O. BOX 683
WASHINGTON, DC 20044

**20 LARGEST CREDITOR**
CALIFORNIA BANK AND TRUST
BANKCARD CENTER
P O BOX 30833
SALT LAKE CITY, UT 84130-0833

**20 LARGEST CREDITOR**
CAPITAL ONE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P O BOX 60599
CITY OF INDUSTRY, CA 91716-
0599

**20 LARGEST CREDITOR**
CIVIL PROCESS CLERK
UNITED STATES ATTORNEY'S OFFICE
FEDERAL BUILDING, ROOM 7516
300 NORTH LOS ANGELES STREET
LOS ANGELES, CA 90012

**20 LARGEST CREDITOR**
FRANCHISE TAX BOARD
C/O GENERAL COUNSEL SECTION
P O BOX 1720, MS: A-260
RANCHO CORDOVA, CA 95741-1720

**20 LARGEST CREDITOR / POC
ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**20 LARGEST CREDITOR / POC
ADDRESS**
INTERNAL REVENUE SERVICE (IRS)
P O BOX 7346
PHILADELPHIA, PA 19101-7346

**20 LARGEST CREDITOR / POC
ADDRESS**
MARTHA VALENITE
C/O GUTRIDE SAFIER LLP
SETH A. SAFIER, ESQ.
100 PINE STREET, STE 1250
SAN FRANCISCO, CA 94111-5235

**RTD 03/03/22 UTF**
**20 LARGEST CREDITOR**
MONUMENTAL
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO~~
~~RECEIVE SERVICE~~
~~5010 SE FOSTER RD, #86352~~
~~PORTLAND, OR 97206-3039~~

**NEW ADDR PER OR SOS**
**20 LARGEST CREDITOR**
MONUMENTAL
C/O MSL MONITOR, LLC, AUTHORIZED
REPRESENTATIVE
1300 SE STARK STREET, SUITE 204
PORTLAND, OR 97214

**NEW ADDR PER OR SOS**
**20 LARGEST CREDITOR**
MONUMENTAL, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1125 PARK PLACE
ZIONSVILLE, IN 46077

**20 LARGEST CREDITOR**
PHD STUDIOS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1968 HUTCHINS CIRCLE
MEDFORD, OR 97504-4878

**20 LARGEST CREDITOR**
PREMEO FINANCIAL CORP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P O BOX 19367
KALAMAZOO, MI 49019-0367

**20 LARGEST CREDITOR**
RETAIN EXCHANGE NETWORK,
INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
7071 WARNER AVE., STE #345
HUNTINGTON BEACH, CA 92647-
5495

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**20 LARGEST CREDITOR**
ROB WILSEY CREATIVE
PARTNERS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
300 S. RAYMOND AVE., STE 6
PASADENA, CA 91105-2638

**20 LARGEST CREDITOR**
ROBINSON PHARMA, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
3330 SOUTH HARBOR BLVD.
SANTA ANA, CA 92704-6831

**20 LARGEST CREDITOR / POC
ADDRESS**
ROBINSON PHARMA, INC.
C/O BIENERT KATZMAN LITTRELL
WILLIAMS LLP
903 CALLE AMANECER, SUITE 350
SAN CLEMENTE, CA 92673

**20 LARGEST CREDITOR**
STATE BOARD OF EQUALIZATION
P.O. BOX 942879
SACRAMENTO, CA 94279-8064

**20 LARGEST CREDITOR**
STEPTOE & JOHNSON LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
633 WEST FIFTH STREET
LOS ANGELES, CA 90071-2005

**20 LARGEST CREDITOR**
TATYANA SHYKAL
10625 PARRISH ST, APT 223
MATTHEWS, NC 28105-8933

**20 LARGEST CREDITOR**
TROJAN LAW OFFICES
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
RED FOX PLAZA
9250 WILSHIRE BLVD., 325
BEVERLY HILLS, CA 90212-3376

**20 LARGEST CREDITOR**
ULINE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P O BOX 88741
CHICAGO, IL 60680-1741

**20 LARGEST CREDITOR / POC
ADDRESS**
ULINE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
12575 ULINE DRIVE
PLEASANT PRAIRIE WI 53158-3686

**20 LARGEST CREDITOR**
VITAMINS ONLINE INC.
EDGAR R. CATAXINOS
MAGLEBY CATAXINOS &
GREENWOOD
170 S MAIN ST STE 1100
SALT LAKE CITY, UT 84101-1651

**20 LARGEST CREDITOR / POC
ADDRESS**
VITAMINS ONLINE, INC.
C/O THE BANKRUPTCY LAW FIRM,
P.C.
10524 W. PICO BLVD., STE. 212
LOS ANGELES, CA 90064-2346

**CREDITOR / POC ADDRESS**
CALIFORNIA DEPARTMENT OF TAX
& FEE ADMINISTRATION
COLLECTIONS SUPPORT BUREAU
MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

**INTERESTED PARTY**
BLAKELEY LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
18500 VON KARMAN AVENUE,
SUITE 530
IRVINE, CA 92612

**CREDITOR**
BRADS DEALS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
6115 ESTATE SMITH BAY SUITE 315
BOX 7
ST. TOMAS, VI 00802-1324

**CREDITOR**
CENTRAL ENTERTAINMENT
GROUP INC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1001 6TH AVE 14TH FLOOR
NEW YORK, NY 10018-5477

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**RTD 02/07/22 UTF**
**CREDITOR**
CHRISTINA ENTERTAINMENT INC
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO~~
~~RECEIVE SERVICE~~
~~2419 SANTIAGO DRIVE~~
~~NEWPORT BEACH, CA 92660-3649~~

**CREDITOR / POC ADDRESS**
DAVIDPAUL DOYLE
68 LOMA VISTA DRIVE
ORINDA, CA 94563

**CREDITOR**
ESTUNIGA INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
462 SW PORT SAINT LUCIE BLVD,
UNIT 116
PSL, FL 34953

**CREDITOR**
JUDSON PHOTOGRAPHY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
49 FILMORE
IRVINE, CA 92620

**CREDITOR / POC ADDRESS**
MAGLEBY CATAXINOS &
GREENWOOD, P.C.
C/O JEFFREY W. SHIELDS, JONES
WALDO PC
170 SOUTH MAIN, SUITE 1500
SALT LAKE CITY, UT 84101

**NEW ADDR PER CA SOS**
**CREDITOR**
CHRISTINA ENTERTAINMENT INC
C/O KATIE STERLING, AGENT FOR
SERVICE OF PROCESS
5450 TRABUCO ROAD
IRVINE, CA 92620

**INTERESTED PARTY**
DTO LAW
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
601 S. FIGUEROA STREET, SUITE 2130
LOS ANGELES, CA 90017

**INTERESTED PARTY**
EUREKA CONSULTING LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
27401 LOS ALTOS, SUITE 240
MISSION VIEJO, CA 92691

**CREDITOR**
LITTLE RED MANAGEMENT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
7200 FRANKLIN AVE 222
LOS ANGELES, CA 90046-3083

**INTERESTED PARTY**
MARK F. FOLEY
411 E. WISCONSIN AVE., STE. 1000
MILWAUKEE, WI 53202-4409

**CREDITOR / POC ADDRESS**
DAVIDPAUL DOYLE
4400 EL NIDO RANCH RD
ORINDA, CA 94563-1900

**INTERESTED PARTY**
EARNESTY LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
2811 SOUTH HARBOR BLVD.
SANTA ANA, CA 92701

**INTERESTED PARTY**
GREENBERG TRAURIG, LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
18565 JAMBOREE RD #500
IRVINE, CA 92612

**CREDITOR / POC ADDRESS**
MAGLEBY CATAXINOS &
GREENWOOD, P.C.
ATTN:  J.MAGLEBY
141 PIERPONT AVENUE
SALT LAKE CITY, UT 84101-1902

**CREDITOR**
MICRO QUALITY LABS, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
3120 N. CLYBOURN AVE
BURBANK, CA 91505

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

**CREDITOR**
PROBI USA, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
9609 - 153RD AVE NE
REDMOND, WA 98052

**INTERESTED PARTY**
TUONG V. NGUYEN
10132 TYLER COURT
WESTMINSTER, CA 92683-5760

**INTERESTED PARTY**
QUALINUTRA, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
2632 SOUTH CRODDY WAY
SANTA ANA, CA 92704

**CREDITOR**
UPS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
28013 NETWORK PLACE
CHICAGO, IL 60673

**CREDITOR**
TEIKAMETRICS, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
280 SUMMER STREET
BOSTON, MA 02210-1131

**CREDITOR**
WORKMAN NYDEGGER
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
60 E SOUTH TEMPLE STE 1000
SALT LAKE CITY, UT 84111-1011

**INTERESTED PARTY**
OSMAN KHAN
C/O MARK F. FOLEY & WILLIAM D.
GARDNER
VON BRIESEN & ROPER, S.C.
411 E. WISCONSIN AVE., STE.
1000
MILWAUKEE, WI 53202

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.