MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
LAILA MASUD, 311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
 870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for the Reorganized Debtor,
HEARTWISE, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HEARTWISE, INC.,<br><br>       The Reorganized Debtor. | Case No. 8:20-bk-13335-SC<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM NO. 10-2 FILED BY MARTHA VALENTINE & CLASS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW, WILLIAM A. DELGADO, AND TUONG NGUYEN<br><br>Date:     May 31, 2022[1]<br>Time:    11:00 a.m.<br>Courtroom: 5C[2]<br>Location:  411 West Fourth Street,<br>            Santa Ana, CA 92701-4593 |

/ / /

/ / /

/ / /

/ / /

---

[1] This hearing date has been specially set with court permission to be heard on May 31, 2021 at 11:00 a.m.

[2] This hearing date has been designated as Zoom Only.  Please check Judge Clarkson's website for any updated procedures related to Covid-19. Parties are directed to review Judge Clarkson's self-calendaring instructions for calendaring hearings, either by ZoomGov or in-person.

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

1  TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

3  PARTIES:

4          Reorganized Debtor, HEARTWISE, INC. ("Heartwise" or "Reorganized Debtor"), by and

5  through its counsel, respectfully submits this motion ("Objection" or "Motion") objecting to Claim

6  No. 10-2 ("Valentine Alleged Class Claim") filed by Martha Valentine & Class ("Ms. Valentine" or

7  "Claimant").

8          The Motion is based on this Notice, the Motion and its accompanying Memorandum of

9  Points and Authorities, the Declarations of Matthew W. Grimshaw, William Delgado, and Tuong

10 Nguyen, the pleadings and files in the Debtor's bankruptcy case, all matters of which the Court may

11 take judicial notice, and upon such further oral and documentary evidence as may be presented to

12 the Court. The Motion will be heard on May 31, 2022, at 11:00 a.m., in the United States

13 Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 W.

14 Fourth Street, Santa Ana, CA 92701. Hearing will be held via ZoomGov.

15          **NOTICE TO CLAIMANT IS HEREBY GIVEN**: The Reorganized Debtor has filed an

16 objection to your Proof of Claim ("Claim") identified as follows:

| Claim No. | Date Filed | Claimant | Alleged Claim Amount | Disputed Amount | Claim To Be Allowed |
|---|---|---|---|---|---|
| 10-2 | 05/28/2021 | Martha Valentine & Class | $10,000,000 - estimated | $10,000,000 | $0 |

        The Motion seeks to alter your rights by disallowing your Proof of Claim based on the

grounds set forth in the Motion detailed below.

        PLEASE TAKE FURTHER NOTICE that any response to this objection must be in the

form as required by Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR") and filed with the Clerk

of the above-entitled Court no later than 14 days prior to the hearing date set forth above, and a

copy served on Matthew W. Grimshaw, David A. Wood and/or Laila Masud at the address

indicated above. A copy of any response must also be served on the Office of the United States

Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701-4593.

1    Failure to timely respond may be deemed as acceptance of the objection and the Court may

2    grant the relief requested in the Motion without further notice or hearing. *See* LBR 3007-1(b) and

3    9013-1(h).

4    DATED:  April 29, 2022                MARSHACK HAYS LLP

5                                          By:  */s/ Matthew W. Grimshaw*

6                                               MATTHEW W. GRIMSHAW
                                                DAVID A. WOOD

7                                               LAILA MASUD
                                                Attorneys for the Reorganized Debtor,

8                                               HEARTWISE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

1.   Summary of Argument ..................................................................................1

2.   Statement of Relevant Facts........................................................................2

     A.   Prepetition Suit By Martha Valentine and Heartwise's Subsequent Bankruptcy
          Filing ...............................................................................................2

          i.    The underlying District Court action .................................................2

          ii.   The Bankruptcy Case and the confirmed Plan...................................2

     B.   Proof of Claim filed by Ms. Valentine And the Subsequent Denial of A
          Motion To Certify A Class ...................................................................3

3.   Legal Argument ...........................................................................................5

     A.   Standard for Disallowance of Claims ..................................................5

     B.   The Objection Should Be Sustained Absent A Response............................5

     C.   The Class Action Portions Of The Valentine Alleged Class Claim Should Be
          Disallowed Based On The Class Claim Order........................................6

          i.    Preclusion bars the Claim to the extent that it asserts a class claim .................6

          ii.   The Valentine Alleged Class Claim does not satisfy the test for class
                claims ...............................................................................8

     D.   Martha Valentine Is Not Entitled To A Claim Against Heartwise ..............10

4.   Conclusion ..................................................................................................11

DECLARATION OF MATTHEW W. GRIMSHAW........................................................12

DECLARATION OF WILLIAM DELGADO ...............................................................14

DECLARATION OF TUONG NGUYEN ...................................................................15

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Felsen*,

    442 U.S. 127, 131 (1979) .......................................................................................... 6

*Chaparral Energy*,

    571 B.R. 642, 646 (Bankr. D. Del. 2017)................................................................ 4

*In re American Reserve Corp.*,

    840 F2d 487, 493(7th Cir. 1988) ............................................................................. 1

*In re Aughney*,

    2011 WL 479010, at *1 (Bankr. N.D. Cal. Feb. 4, 2011) ...................................... 8

*In re Bally Total Fitness of Greater New York, Inc.*,

    402 B.R. 616, 619–20 (Bankr. S.D.N.Y. 2009), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009) ................... 8

*In re Chaparral Energy, Inc.*,

    571 B.R. 642, 646 (Bankr. D. Del. 2017)................................................................ 8

*In re Dewey & LeBoeuf LLP*,

    487 B.R. 169, 179 (Bankr. S.D.N.Y. 2013) ........................................................... 8

*In re Ephedra Prod. Liab. Litig.*,

    329 B.R. 1, 9 (S.D.N.Y. 2005) ................................................................................ 3

*In re Ephedra Prods. Liab. Litig.*,

    329 B.R. 1, 5 (S.D.N.Y. 2005) ................................................................................ 1

*In re Musicland Holding Corp.*,

    362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007) ........................................................... 3

*In re Musicland Holding Corp.*,

    362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007) ....................................................... 1, 8

*In re Musicland Holding Corp.*,

    362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007) ....................................................... 4, 9

1  *In re Musicland,*

2      362 B.R. at 650 ............................................................................................................... 8

3  *In re Musicland,*

4      362 B.R. at 655 ............................................................................................................... 9

5  *In re Pac. Sunwear of Cal.,*

6      2016 WL 4250681, at *13 (Bankr. D. Del. Aug. 8, 2016) ............................................. 8

7  *In re Verity Health Sys. of Cal., Inc.,*

8      No. 2:18-BK-20151-ER, 2019 WL 2903269, at *5 (Bankr. C.D. Cal. May 28, 2019).................... 9

9  *In re Verity Health Sys. of Cal., No.*

10      2019 Bankr. LEXIS 1818, at *20 (Bankr. C.D. Cal. June 11, 2019) ............................................ 8

11  *Musicland,*

12      362 B.R. at 655 ............................................................................................................... 9

13  *Robi v. Five Platters,*

14      838 F.2d 318, 321-22 (9th Cir. 1988) ........................................................................... 6

15  *Robi,*

16      838 F.2d, at 322 ............................................................................................................. 6

17  *Steward v. U.S. Bancorp,*

18      297 F.3d 953, 956 (9th Cir. 2002) ................................................................................. 6

19  *Trevino v. Gates,*

20      99 F.3d 911, 923 (9th Cir. 1996) ................................................................................... 6

21  **Statutes**

22  11 U.S.C. §502(a) ................................................................................................................. 5

23  11 U.S.C. §502(b) ................................................................................................................. 5

24  **Rules**

25  Bankruptcy Rule 7023 ............................................................................................... 3, 4, 8

26  Bankruptcy Rule 9014(c) ..................................................................................................... 8

27  Civil Rule 23(a) (1) ......................................................................................................... 4, 9

28

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS

4854-3028-6102v.6-1683-001

Federal Civil Rule 23 ................................................................................................ 8

Federal Rule 23 ......................................................................................................... 8

FRBP 3001 ................................................................................................................ 5

FRBP 3001(f) ............................................................................................................ 5

LBR 3007-1(b)(6) ..................................................................................................... 5

LBR 9021-1 ............................................................................................................... 5

Rule 3001 of the Federal Rules of Bankruptcy Procedure ....................................... 5

Rule 3007-1(c)(1) of the Local Bankruptcy Rules for the Central District of California.................... 5

## 1.    Summary of Argument

Class action proofs of claim are to be used sparingly and are seen as "less desirable in bankruptcy than in ordinary civil litigation." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (quoting *In re American Reserve Corp.*, 840 F2d 487, 493(7th Cir. 1988). To that end, class claims in bankruptcy may be permitted where (1) a class has been certified pre-petition; (2) members of the putative class received notice of a bar date; and (3) class certification will not adversely affect the administration of the estate. *See In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007). Filing a class action proof of claim is two-step process, requiring leave of court. *Id.*

Here, Ms. Martha Valentine ("Ms. Valentine") filed a proof of claim on May 28, 2021, as proof of claim 10-2, alleging that she was the representative of a putative class asserting claims against Debtor arising from purported deceptive advertising practices ("Valentine Alleged Class Claim"). Concurrently, Ms. Valentine filed a motion for leave to pursue the alleged class claim ("Class Claim Motion "), which was ***denied*** by the Honorable Mark Wallace (ret.) via an order entered on June 15, 2021, as Dk. No. 305 ("Class Claim Denial Order"). Yet, to date, the Valentine Alleged Class Claim has not been withdrawn. Thus, this objection has been filed.

The Valentine Alleged Class Claim should be disallowed because Ms. Valentine was not given leave to file the Valentine Alleged Class Claim, and in fact the request was expressly denied. Moreover, she cannot satisfy the requisite test for pursuing the Valentine Alleged Class Claim because (1) no class was certified pre-petition; (2) pursuant to the Class Claim Denial Order members of the putative class received notice of the bar date and ***did not*** file claims; and (3) certification is moot given Heartwise's confirmed Chapter 11 Plan of Reorganization. Accordingly, the Reorganized Debtor seeks an order disallowing and expunging the Valentine Alleged Class Claim.

/ / /

/ / /

/ / /

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

**2.    Statement of Relevant Facts**

    **A.    Prepetition Suit By Martha Valentine and Heartwise's Subsequent Bankruptcy Filing**

        **i.  The underlying District Court action**

On June 29, 2020, Martha Valentine ("Ms. Valentine") filed a complaint against Heartwise in the U.S. District Court for the Northern District of California, alleging claims on behalf of a purported class for, *inter alia*, false advertisement ("District Court Case"). A true and correct copy of the United States District Court, Northern Division webPACER Docket for Case No. 4:20-cv-04302-JSW as of April 20, 2022, is attached to the declaration of William Delgado ("Delgado Declaration") as Exhibit "2.". In particular, Ms. Valentine alleges a misrepresentation occurred in connection with the labeling and the sale of a curcumin dietary supplement.[3]

On August 18, 2020, as Dk. No. 12, Heartwise filed its Motion to Dismiss and/or Strike, or, in the Alternative, Motion to Transfer Case to the Central District of California ("Dismissal Motion"). *Id.*, pg. 52. On January 4, 2021, as Dk. No. 23, the District Court entered an order denying the motion to dismiss without prejudice and stayed the case due to Heartwise's bankruptcy. *Id.*, pg. 53.

        **ii.  The Bankruptcy Case and the confirmed Plan**

On December 4, 2020 ("Petition Date"), Heartwise filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335-SC, is attached to the Declaration of Matthew W. Grimshaw ("Grimshaw Declaration") as Exhibit "3."  According to Heartwise's Schedules and Statement of Financial Affairs ("Schedules"), Heartwise's insolvency was caused, in part, by the entry of a judgment ("Judgment") against it and in favor of a competitor, Vitamins Online, Inc. ("VOL"), shortly before the Petition Date. *See* Grimshaw Decl., Ex. 3, pgs. 54-55.

On September 22, 2021, as Dk. No. 460, Heartwise filed its first amended plan of reorganization ("Plan") that proposed to pay creditors holding allowed claims ***in full*** as of the

---

[3] The underlying allegations are detailed in the declaration of Seth A. Safier which is attached to the Valentine Alleged Class Claim.

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

effective date of the Plan. A true and correct copy of the Plan is attached to the Grimshaw

Declaration as Exhibit "4." VOL and DavidPaul Doyle ("Doyle") objected vociferously to the Plan,

and nearly every other action taken by Heartwise in connection with its efforts to reorganize. *See*

Grimshaw Decl., Ex. 2, pgs. 74-77.

Ultimately, after a hotly contested plan confirmation trial, and over VOL and Doyle's

objections, on December 17, 2021, as Dk. No. 644, the Bankruptcy Court entered an order

confirming the Plan ("Confirmation Order").[4] A true and correct copy of the Confirmation Order is

attached as Exhibit "5" to the Grimshaw Declaration. The Confirmation Order was not appealed.

## B.    Proof of Claim filed by Ms. Valentine And the Subsequent Denial of A Motion To Certify A Class

On May 24 2021, as Dk. No. 251, Ms. Valentine filed a motion for leave to pursue a class

claim based on the District Court Case ("Class Claim Motion"). *See* Grimshaw Decl., Ex. 3, pg. 82.

Shortly thereafter, on May 28, 2021, Ms. Valentine filed the Valentine Alleged Class Claim. A true

and correct copy of the Valentine Alleged Class Claim is attached to the Grimshaw Declaration as

Exhibit "1." On June 1, 2021, as Dk. No. 283, Heartwise filed an Opposition to the Class Claim

Motion. *See* Grimshaw Decl., Ex. 3, pg. 86. On June 8, 2021, as Dk. No. 296, 297, Ms. Valentine

filed a reply in support of the Class Claim Motion. *Id.*, pg. 88.

On June 14, 2021, a hearing was held on the Class Claim Motion ("Hearing"). *Id.*, pg. 90.

Shortly before the Hearing, the Court posted the following tentative ruling ("Tentative Ruling"):

> Martha Valentine ("Movant") moves for entry of an order applying Bankruptcy Rule
> 7023 to her class proofs of claim and certifying class and subclass (the "Motion").
> The Motion is opposed by debtor and debtor in possession Heartwise, Inc.
> ("Heartwise"). Federal Rule of Civil Procedure 23 does not apply automatically to
> contested matters, and the decision to extend its application is committed to the
> Court's discretion. *In re Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr.
> S.D.N.Y. 2007). A single class action is sometimes preferable to an entire host of
> separate lawsuits in multiple forums where essentially the same issues are being
> litigated. However, a bankruptcy proceeding often alters the calculus on these matters
> by providing a single forum in which all claims can be adjudicated. As the court
> pointed in out in *In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 9 (S.D.N.Y. 2005), ". . .
> this superiority of the class action vanishes when the other available method is
> bankruptcy, which consolidates all claims in one forum and allows claimants to file

---

[4] That same day, the Bankruptcy Court entered its Findings and Conclusions, setting forth the factual
predicates supporting its decision to enter the Confirmation Order.

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

1    proofs of claim without counsel and at virtually no cost." Here, no class was certified
     prepetition, and the Court determines that class certification will adversely affect the
2    administration of the estate by injecting needless litigation involving class action
     issues. Such litigation is unnecessary because aggrieved individuals can simply file a
3    proof of claim. Although members of the class Movant have not yet received notice
     of the bar date, the Court will remedy that deficiency through the procedures outlined
4    below. Thus, it will be clear as of the adjusted bar date that all three *Musicland*
     factors cut against proceeding by way of class action. *In re Musicland Holding Corp.*,
5    362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

6    The analysis under the two-factor test of *Chaparral Energy*, 571 B.R. 642, 646
     (Bankr. D. Del. 2017) leads to the same result. It is not beneficial to apply
7    Bankruptcy Rule 7023 because aggrieved individuals do not need a lead plaintiff
     advocating for them, they can simply file a proof of claim. Regarding the
8    requirements of Civil Rule 23(a) (1), Movant has failed to make a sufficient showing
     that the class is so numerous that joinder of all members is impracticable. The best
9    way to judge the size of the class is by the number of persons filing proofs of claim. If
     it turns out that a large number of persons file proofs of claim by the expanded bar
10   date, the Court will give consideration to allowing Movant to renew her Motion.

11   Persons who are aggrieved for the reasons argued can simply file a proof of claim in
     this case. For that purpose, the Court will order debtor and debtor in possession
12   Heartwise, Inc. ("Heartwise") to give notice by publication within fourteen (14) days
     of entry of the order denying the Motion of an expanded bar date with respect to
13   claims based upon Heartwise's nutritional supplements and will extend the bar date to
     July 31, 2021 for persons filing a proof of claim for alleged deception with respect to
14   any supplement purchased by such person from Heartwise.

15   The Motion is denied without prejudice.

16   A true and correct copy of the Tentative Ruling is attached to the Declaration of Matthew

17   Grimshaw as Exhibit "7."

18        Ultimately, on June 15, 2021, as Dk. No. 305, the bankruptcy court denied the Class Claim

19   Motion and entered the Class Claim Denial Order.  A true and correct copy of the Class Claim

20   Denial Order is attached to the Grimshaw Declaration as Exhibit "8."

21        In addition to denying the Class Claim Motion, the Class Claim Denial Order required

22   Heartwise to provide notice of an extended bar date for the filing of claims to potential class

23   claimants ("Extended Bar Date"). Accordingly, on June 25, 2021, as Dk. No. 322, Heartwise gave

24   notice of the Extended Bar date ("Extended Bar Date POS"). A true and correct copy of the

25   Extended Bar Date POS is attached to the Grimshaw Dec., as Exhibit "9." Specifically, notice of the

26   Extended Bar Date was published in the Wall Street Journal for national distribution. *Id.*, pgs. 223-

27   227. No claim was filed prior to the expiration of the Extended Bar Date. Indeed, to date, no one has

28

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

1  filed any claim based on the allegations in the District Court Case. A true and correct copy of this

2  Court's webPACER Claims Register for Case No. 8:20-bk-13335-SC as of April 27, 2022, is

3  attached to the Grimshaw Dec. at Exhibit "10."

4  **3.    Legal Argument**

5  **A.    Standard for Disallowance of Claims**

6        A proof of claim executed and filed in accordance with Rule 3001 of the Federal Rules of

7  Bankruptcy Procedure ("FRBP") constitutes prima facie evidence of the validity and amount of the

8  claim. *See*, FRBP 3001(f). It is deemed allowed "unless a party in interest, including a creditor of a

9  general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11

10  U.S.C. §502(a). "[I]f such objection to a claim is made, the court, after notice and a hearing, shall

11  determine the amount of such claim in lawful currency of the United States as of the date of the

12  filing of the petition, and shall allow such claim in such amount[.]" 11 U.S.C. §502(b) (emphasis

13  added). It is an objecting party's burden to submit evidence sufficient to overcome the evidentiary

14  effect of a properly documented proof of claim executed and filed in accordance with FRBP 3001.

15  Rule 3007-1(c)(1) of the Local Bankruptcy Rules for the Central District of California ("LBR").

16  **B.    The Objection Should Be Sustained Absent A Response.**

17        LBR 3007-1(b)(6) provides that in the event of an objection to claim, "[i]f the claimant does

18  not timely file and serve a response, the court may sustain the objection without a hearing. (A) The

19  objector must file a declaration attesting that no response was timely filed and served upon the

20  objector. The declaration must identify the docket number and filing date of the objection to claim,

21  notice, and proof of service of the notice and objection to claim and be served on the claimant. (B)

22  The objector must also lodge a proposed order prepared and served in accordance with LBR 9021-1

23  and the Court Manual. (C) The objecting party must serve the entered order on the claimant and

24  counsel, if any."

25        Absent a response by Ms. Valentine, this objection should be sustained without hearing and

26  the Valentine Alleged Class Claim should be disallowed.

27  / / /

28

## C.   The Class Action Portions Of The Valentine Alleged Class Claim Should Be Disallowed Based On The Class Claim Order

To the extent that the Valentine Alleged Class Claim contains allegations regarding a purported class, the Valentine Alleged Class Claim is barred by the doctrine of preclusion because the Hon. Mark S. Wallace (ret.) refused to allow Ms. Valentine to file a claim on behalf of a class via the Class Claim Denial Order. *See* Grimshaw Decl., Ex. 8, pgs. 221-222.  Even if preclusion does not apply (and it does), the Valentine Alleged Class Claim does not satisfy the requisite test to be allowed as class claim.

### i.   Preclusion bars the Claim to the extent that it asserts a class claim

Federal court orders are entitled to preclusive effect until overturned on appeal. *See, e.g., Robi v. Five Platters*, 838 F.2d 318, 321-22 (9th Cir. 1988). The doctrine of preclusion is divided into two forms—claim preclusion and issue preclusion.

Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion applies where (1) there is an identity of claims in two distinct action; (2) a final judgment was obtained in the first action; and (3) identity or privity between the parties. *Steward v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted).

Issue preclusion "prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Robi*, 838 F.2d, at 322 (quotation marks and citations omitted). Issue preclusion applies where (1) the issue at stake in current litigation is identical to one asserted in prior litigation; (2) the issue must have been actually litigated in the prior case; and (3) the determination of the issue in the prior litigation must have been a necessary part of the judgment in the earlier action. *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996).

Here, whether analyzed under the rubric of claim preclusion or issue preclusion, the Class Claim Denial Order bars the class action aspects of the Valentine Alleged Class Claim. Ms.

1    Valentine filed the Class Claim Motion, seeking permission to file the Valentine Alleged Class

2    Claim on behalf of an alleged class, which was denied by the Court via the Class Claim Denial

3    Order.[5] *See* Grimshaw Decl., Ex. 3, pg. 82; Ex. 8, pgs. 221-222.

4        Yet, the Valentine Alleged Class Claim specifically identifies the creditor on whose behalf

5    the Valentine Alleged Class Claim was filed as "Martha Valentine & Class." *Id.*, Ex. 1, pg. 16. The

6    Valentine Alleged Class Claim also provides:

7        Valentine and the ***class*** allege that they only received a third of the amount of the
         supplement they intended to purchase. . . *Id.*, Ex. 1, pg. 20,¶3:17-19;
8        . . .
         Had Valentine and the ***class*** been aware. . . *Id.*, Ex. 1, pg. 20,¶3:21-22;
9        . . .
         Valentine files this Proof of Claim ***on behalf of herself and all purchasers*** of NatureWise
10       Curcumin supplements between June 25, 2016, and the present. *Id.*, Ex. 1, pg. 21,¶4:3-4;
         . . .
11       Damages to Valentine and the ***class*** can be calculated using a price premium model. . . *Id.*,

12    Ex. 1, pg. 21,¶8:16-18.

13        The Valentine Alleged Class Claim (which asserts a claim over $10 million on

14    behalf of a class ***that has never been formed)*** was never authorized by the Court—in fact, the Court

15    expressly rejected the request for authorization to file the Valentine Alleged Class Claim. *Id.*, Ex. 2,

16    pg. 90; Ex. 8, pgs. 221-222. But, the Valentine Alleged Class Claim has not been withdrawn since

17    the entry of the Class Claim Denial Order.

18        As stated above, in the Class Claim Denial Order, the Court ordered the Debtor to "give

19    notice of the below bar date to persons wishing to file a proof of claim for alleged deception with

20    respect to any supplement purchase by such person from [Debtor] within fourteen (14) days of entry

21    of this Order by way of publication." *Id.*, Ex. 8, pg. 222; ¶2:1-3. Accordingly, on June 25, 2021, as

22    evidenced by Dk. No. 322, Heartwise gave notice of the Extended Bar date ("Extended Bar Date

23    POS"). *Id.*, Ex. 9, pgs. 223-225. Specifically, notice of the Extended Bar Date was published in the

24    Wall Street Journal for national distribution. *Id.*, pg. 224. To date, no one has filed a claim based on

25    the allegations in the District Court Case. *Id.*, Ex. 10, pgs. 228-233.

26

27    _____

28    [5] Even if preclusion does not bar the class aspects of the Valentine Alleged Class Claim, the law of
      the case doctrine does.

The propriety of including class allegations was a critical part of the analysis underlying the Class Claim Denial Order, which prohibited Ms. Valentine from asserting a class claim. *See* Grimshaw Decl., Ex. 7, pgs. 218-220; Ex. 8, pgs. 221-222. Nonetheless, Ms. Valentine included class action claims and has yet to remove them.

### ii.    The Valentine Alleged Class Claim does not satisfy the test for class claims

Even if preclusion does not bar the class action claims in the Valentine Alleged Class Claim (and it does), the Court should sustain the Reorganized Debtor's objection to the class action claims because Ms. Valentine does not satisfy the requisite test to file a class claim.

There is no absolute right to file a class proof of claim under the Bankruptcy Code. *See, In re Pac. Sunwear of Cal.*, 2016 WL 4250681, at *13 (Bankr. D. Del. Aug. 8, 2016); *In re Aughney*, 2011 WL 479010, at *1 (Bankr. N.D. Cal. Feb. 4, 2011); *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 619–20 (Bankr. S.D.N.Y. 2009), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009); *In re Musicland*, 362 B.R. at 650 (application of Federal Civil Rule 23 is not automatic). In fact, a bankruptcy court should use "caution" before allowing a class proof of claim and do so sparingly. *In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 179 (Bankr. S.D.N.Y. 2013).

Whether to permit a class action proof of claim is a matter for the Court's discretion. "In exercising that discretion, a two-step analysis is performed. First, the court must decide whether it is beneficial to apply Bankruptcy Rule 7023, via Bankruptcy Rule 9014(c), to the claims administration process. Second, the court must determine whether the requirements of Federal Rule 23 have been satisfied, such that a class proof of claim may properly be filed." *In re Verity Health Sys. of Cal.,* No. 2019 Bankr. LEXIS 1818, at *20 (Bankr. C.D. Cal. June 11, 2019) *citing to In re Chaparral Energy, Inc.*, 571 B.R. 642, 646 (Bankr. D. Del. 2017). Simply stated, class proofs of claim are permitted in bankruptcy cases, typically using a two-step process, whereby the court first allows the class proof of claim to be filed, and then determines whether certification is appropriate. *See In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007). In considering the first step, courts typically apply the factors laid out in *In re Musicland Holding Corp.*, which are as follows:

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

1      1) whether the class was certified pre-petition;

2      2) whether members of the putative class received notice of the bar date, and

3      3) whether class certification will adversely affect the administration of the estate.

4 *Id*. at 654 (citations omitted).

5      No single *Musicland* factor is dispositive, but the first two are "critical." *In re Musicland*, 362

6 B.R. at 655; *see also In re Verity Health Sys. of Cal., Inc*., No. 2:18-BK-20151-ER, 2019 WL

7 2903269, at *5 (Bankr. C.D. Cal. May 28, 2019) (quoting *Musicland*, 362 B.R. at 655). Indeed, in *In*

8 *re Bally*, the court found that the "filing of a class proof of claim is consistent with the Bankruptcy

9 Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-

10 bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members

11 of the bankruptcy case and the Bar Date." 402 B.R. at 630.

12      Here, all three factors mandated denial of the Class Claim Motion. As noted in the Honorable

13 Judge Mark Wallace's (ret.) Tentative Ruling, there was no class certification prepetition and doing

14 so now would adversely affect the administration of the Debtor's estate:

15         Here, no class was certified prepetition, and the Court determines that class
16         certification will adversely affect the administration of the estate by injecting needless litigation involving class action issues. Such litigation is unnecessary because aggrieved individuals can simply file a proof of claim. Although members of the class
17         Movant have not yet received notice of the bar date, the Court will remedy that deficiency through the procedures outlined below. Thus, it will be clear as of the
18         adjusted bar date that all three Musicland factors cut against proceeding by way of class action. In re Musicland Holding Corp., 362 B.R. 644, 654 (Bankr. S.D.N.Y.
19         2007).

20 *See*, Grimshaw Dec., Ex. 7, pgs. 218-220; Ex. 8, pgs. 221-222.

21      The Court opined that "[r]egarding the requirements of Civil Rule 23(a) (1), [Ms.

22 Valentine] ***has failed*** to make a sufficient showing that the class is so numerous that joinder

23 of all members is impracticable." *Id*., pg. 220. Per the Court's ruling, "[t]he best way to judge

24 the size of the class is by the number of persons filing proofs of claim. If it turns out that a

25 large number of persons file proofs of claim by the expanded bar date, the Court will give

26 consideration to allowing [Ms. Valentine] to renew her Motion." *Id*., pg. 220. Thus, the Court

27 extended the bar date to July 31, 2021 for persons filing a proof of claim for alleged

28

1  deception with respect to any supplement purchased by such person from Heartwise. *Id.*,  Ex.

2  7, pg. 220; Ex. 8, pgs. 221-222.

3          As stated above, the Court ordered that: "[Heartwise] to give notice by publication within

4  fourteen (14) days of entry of the order denying the Motion of an expanded bar date with respect to

5  claims based upon Heartwise's nutritional supplements and will extend the bar date to July 31, 2021

6  ["Extended Bar Date"] for persons filing a proof of claim for alleged deception with respect to any

7  supplement purchased by such person from Heartwise." *Id.*, Ex. 8, pgs. 221-222. The Extended Bar

8  Date language was included in the Class Claim Denial Order. *Id.*, Ex. 8, pgs. 221-222. Again, notice

9  of the Extended Bar Date was published in the Wall Street Journal for national distribution. *Id.*, Ex.

10 9, pgs. 224-225. The Extended Bar Date deadline has long since passed, and to date no one has filed

11 a claim based on the allegations in the District Court Case. *Id.*, Ex. 10, pgs. 228-233. Thus, there

12 exists no class – putative or otherwise – that requires certification or a representative i.e. Ms.

13 Valentine. Thus, the Valentine Alleged Class Claim should be disallowed in its entirety.

14          **D.    Martha Valentine Is Not Entitled To A Claim Against Heartwise**

15          Finally, as stated above, a review of the Valentine Alleged Class Claim elucidates that it is

16 completely dependent on the establishment of a class, which has not been formed, and will not be

17 formed in light of the Class Claim Denial Order. *See* Grimshaw Decl., Ex. 1, pgs. 20-24; Ex. 7; pgs.

18 218-220; Ex. 8, pgs. 221-222. There is no discussion or evidence in the Valentine Alleged Class

19 Claim to indicate the amount of a claim, if any, that is attributable solely to Ms. Valentine. *Id.*, Ex. 1,

20 pgs. 16-24. Further, the Valentine Alleged Class Claim is disputed, unliquidated, and contingent, as

21 no judgment has been entered and the Reorganized Debtor disputes all liability on the alleged claim.

22 *Id.*, Ex. 2, pgs. 50-53. Moreover, Ms. Valentine ***failed to seek relief from stay*** before or after entry

23 of the Class Claim Denial Order to proceed in the District Court Case. *Id.*, Ex. 3, pgs. 54-90.

24          In sum, since the entry of the Class Claim Denial Order, the Court confirmed the Debtor's

25 Plan via the Confirmation Order. *Id.*, Ex. 5, pgs. 186-210. The Confirmation Order provides a

26 discharge injunction that applies to the District Court Case. *Id.*, pgs. 193-194; ¶8. Ms. Valentine

27 simply does not have a "class" claim and the Valentine Alleged Class Claim does not provide any

28

1 | specific information or evidence to support a claim that relates solely to her. *Id.*, Ex. 1, pgs. 16-49.

2 | The objection should be sustained.

3 | **4.     Conclusion**

4 |         For the foregoing reasons, Heartwise respectfully requests that the Court sustain the

5 | Objection, grant the Motion, disallow the Valentine Alleged Class Claim in its entirety, and for

6 | such other and further relief as is just.

7 |

8 | DATED:  April 29, 2022                          MARSHACK HAYS LLP

9 |

10 |                                               By:   */s/ Matthew W. Grimshaw*
                                                       MATTHEW W. GRIMSHAW
11 |                                                    DAVID A. WOOD
                                                       LAILA MASUD
12 |                                                    Attorneys for Debtor,
                                                       HEARTWISE
13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.6-1683-001

# DECLARATION OF MATTHEW W. GRIMSHAW

I, MATTHEW W. GRIMSHAW, declare and state as follows:

1.      I am an individual over the age of 18 and am competent to make this declaration.

2.      I am counsel of record for the Chapter 11 Reorganized Debtor ("Debtor") of the Bankruptcy Estate ("Estate") of Heartwise, Inc.

3.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4.      I make this declaration in support of my Objection to Proof of Claim No. 10-2 of Martha Valentine & Class ("Motion").

5.      All terms not defined herein are used as they are defined in the Motion.

6.      On May 28, 2021, Ms. Valentine filed Proof of Claim No. 10-2 in the amount of $10,000,000 estimated ("Valentine Alleged Class Claim"). A true and correct copy of the Valentine Alleged Class Claim is attached here as Exhibit "1."

7.      A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335-SC as of April 27, 2022, is attached here as Exhibit "3."

8.      A true and correct copy of the Plan is attached here as Exhibit "4."

9.      A true and correct copy of the Confirmation Order is attached here as Exhibit "5."

10.      A true and correct copy of the Confirmation Notice is attached here was Exhibit "6."

11.      On June 14, 2021, a hearing was held on the Class Claim Motion. Shortly prior to the hearing on the Class Claim Motion the court posted a tentative ruling ("Tentative Ruling"). A true and correct copy of the Tentative Ruling is Attached as Exhibit "7."

12.      A true and correct copy of the Class Claim Denial Order is attached here as Exhibit "8."

13.      A true and correct copy of the Extended Bar Date POS is attached here as Exhibit "9."

/ / /

/ / /

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS

4854-3028-6102v.6-1683-001

1       14.     A true and correct copy of this Court's webPACER Claims Register for Case No.

2  8:20-bk-13335-SC as of April 27, 2022, is attached here as Exhibit "10."

3

4       I declare under penalty of perjury that the foregoing is true and correct. Executed on April

5  29, 2022.

6                                   */s/ Matthew W. Grimshaw*
7                                 MATTHEW W. GRIMSHAW

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS

4854-3028-6102v.6-1683-001

1

2

3 **DECLARATION OF WILLIAM DELGADO**

4 I, WILLIAM DELGADO, declare and state as follows:

5 1. I am an individual over the age of 18 and am competent to make this declaration.

6 2. I make this declaration in support of my Objection to Proof of Claim No. 10-2 of

7 Martha Valentine & Class ("Motion").

8 3. All terms not defined herein are used as they are defined in the Motion.

9 4. I am counsel of record for Heartwise, Inc. in the District Court Case.

10 5. I have personal knowledge of the facts set forth in this declaration, and if called upon

11 to do so, I could and would competently testify to these facts.

12 6. A true and correct copy of the United States District Court, Northern Division

13 webPACER Docket for Case No. 4:20-cv-04302-JSW as of April 20, 2022, is attached here as

14 Exhibit "2."

15

16 I declare under penalty of perjury that the foregoing is true and correct. Executed on April

17 20, 2022.

18 _____

19 WILLIAM DELGADO

20

21

22

23

24

25

26

27

28

## DECLARATION OF TUONG NGUYEN

I, Tuong Nguyen, declare and state as follows:

1.      I am the chief executive officer of Heartwise, Inc. ("Heartwise" or the "Reorganized Debtor") and have served in that capacity since 2018. I am an individual over the age of 18 and am competent to make this declaration. I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to the facts set forth below.

2.      I make this declaration in support of my Objection to Proof of Claim No. 10-2 of Martha Valentine & Class ("Motion").

3.      All terms not defined herein are used as they are defined in the Motion.

4.      I have reviewed the complaint in the District Court Case. The Reorganized Debtor denies that it has any liability on the claims alleged therein.


I declare under penalty of perjury that the foregoing is true and correct. Executed on April ___, 2022.

_____
TUONG NGUYEN

OBJECTION TO PROOF OF CLAIM NO. 10-2 OF MARTHA VALENTINE & CLASS
4854-3028-6102v.1-1683-001

**EXHIBIT "1"**

**Fill in this information to identify the case:**

Debtor 1    Heartwise, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number  20-13335

---

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Martha Valentine & Class <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor ___ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? ___ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name  Seth Safier, Gutride Safier LLP

Number  Street  100 Pine St., Suite 1250

City  San Francisco  State  CA  ZIP Code  94111

Contact phone  415-336-6545

Contact email  seth@gutridesafier.com

**Where should payments to the creditor be sent? (if different)**

Name ___

Number  Street ___

City ___  State ___  ZIP Code ___

Contact phone ___

Contact email ___

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☐ No <br> ☑ Yes. Claim number on court claims registry (if known) 10  Filed on 05/28/2021 MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? ___ |

EXHIBIT "1"
PAGE 16

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim?   $_____10,000,000 estimated_____
Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See Safier Declaration ISO Claim; Exhibit 1 thereto

9. Is all or part of the claim secured?
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____
Amount of the claim that is secured:   $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. Is this claim subject to a right of setoff?
☑ No
☐ Yes. Identify the property: _____

**EXHIBIT "1"
PAGE 17**

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check all that apply: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    05/28/2001
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Seth A. Safier | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Gutride Safier LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 100 Pine St, Suite 1250 | | |
| | Number    Street | | |
| | San Francisco | CA | 94111 |
| | City | State | ZIP Code |
| Contact phone | 415-336-6545 | Email | seth@gutridesafier.com |

EXHIBIT "1"
PAGE 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Martha Valentine

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re: HEARTWISE, INC.

              Debtor in Possession.

Case No.: 8:20-bk-13335-MW

Chapter 11

**DECLARATION OF SETH A. SAFIER IN SUPPORT OF CLASS PROOF OF CLAIM OF MARTHA VALENTINE**

SAFIER DECLARATION

**EXHIBIT "1"**

**PAGE 19**

1          I, Seth A. Safier, declare:

2          1.       I am a member of this Court and attorney of record for Martha Valentine

3   ("**Valentine**") in the case of *Valentine v. Heartwise Inc. et al.,* Case No. 4:20-cv-4302-JSW

4   (N.D. Cal.) ("**District Court Case**"). I am a partner at the law firm Gutride Safier LLP. I have

5   personal knowledge of the facts contained in this declaration and, if I were called as a witness, I

6   could and would competently testify to the same. I submit this declaration in support of Martha

7   Valentine's Proof of Claim.

8          2.       The underlying claims in the District Court Case arise out of Heartwise, Inc.

9   d/b/a Naturewise and Heartwise Wonder Inc. (collectively, "**NatureWise**") sale of NatureWise

10  curcumin dietary supplement (the "**Product(s)**"). NatureWise labels the front of its popular

11  curcumin supplement as providing "2250 mg Per Day" of curcumin with the representation "90"

12  or "180 Vegetarian Capsules."[1] Valentine alleges that this leads reasonable consumers to

13  believe that each of the 180 capsules contains 2250 mg of curcumin supplement. However, that

14  is false. On closer inspection of the bottle, the supplement actually requires *three* capsules to

15  provide the advertised 2250 mg dosage, which means that each capsule contains only 750 mg of

16  curcumin.

17         3.       Otherwise stated, Valentine and the class allege that they only received a third of

18  the amount of the supplement they intended to purchase based on the false and misleading

19  statements on the front of the label. NatureWise intentionally fails to adequately disclose to

20  consumers that more than one capsule is required to obtain the labeled dosage amount. As such,

21  NatureWise's representations and omissions on the Product are false and misleading. Had

22  Valentine and the class been aware of the truth regarding NatureWise's misrepresentations and

23

24  _____

25  [1] NatureWise modified its label on or around June 22, 2020 to state "2250 mg Per Serving" and
    "90" or "180 Vegetarian Capsules." Then, on or around October 27, 2020, NatureWise changed
26  its label again stating "2250 mg of Organic Turmeric Curcumin" and "90" or "180 Vegan
    Capsules." Each of these labels is substantially identical and misleading because they provide a
27  strength rating and the number of capsules with no disclosure that it takes multiple capsules to
    achieve the stated dosage.
28

- 1 -
SAFIER DECLARATION

**EXHIBIT "1"
PAGE 20**

1  omissions, they would not have purchased the Products or, at the very least, would have paid
2  less for them.

3       4.       Valentine files this Proof of Claim on behalf herself and all purchasers of
4  NatureWise Curcumin supplements between June 25, 2016 and the present.

5  **Documents Supporting Claim:**

6       5.       Attached hereto as **Exhibit 1** is a copy of the complaint filed in the District Court
7  Case on June 29, 2020.

8       6.       Additionally, Valentine refers the Court to her Motion For Entry Of An Order
9  Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And
10  Subclass, supporting declarations, and exhibits pending before the Court. ECF Nos. 251-253.

11  **Class Members:**

12       7.       Valentine is aware that tens of thousands of other people have been affected by
13  NatureWise's claims. She estimates that NatureWise sold millions of dollar of the Product
14  during the proposed class period.

15  **Damages:**

16       8.       Damages to Valentine and the class can be calculated using a price premium
17  model. Valentine intends to calculate the price premium that resulted from NatureWise's false
18  milligram claims using a choice-based conjoint analysis, a widely accepted method. *See In re*
19  *MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2021 U.S. Dist. LEXIS 65812, at *16
20  (N.D. Cal. Mar. 8, 2021) (certifying class based on conjoint method)*; see also*, *e.g.*, *In re*
21  *Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016 U.S. Dist. LEXIS 149958, at *75 (N.D.
22  Cal. Oct. 27, 2016) (approving of conjoint-based price premium model); *Guido v. L'Oreal, USA,*
23  *Inc.*, No. 2:11-CV-01067-CAS, 2014 U.S. Dist. LEXIS 165777, at *34 (C.D. Cal. July 24,
24  2014) (same); *Zakaria v. Gerber Prod. Co.*, No. LACV1500200JAKEX, 2016 U.S. Dist.
25  LEXIS 184861, at *42 n.3 (C.D. Cal. Mar. 23, 2016) (same); *In re ConAgra Foods, Inc.*, 90 F.
26  Supp. 3d 919, 944 (C.D. Cal. 2015), aff'd sub nom; *Briseno*, 844 F.3d 1121, and aff'd sub nom;
27  *Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017) (approving of methodology
28  to determine classwide damages "attributable to ConAgra's labeling of Wesson Oils as '100%

1    Natural' through the use of a conjoint analysis survey").

2         9.     A conjoint analysis would take into account the real-world marketplace for

3    curcumin supplements. It would also take into account information regarding actual competitor

4    products, actual claims on those competitors' labels, and actual price ranges for those

5    competitors' products. Following well-accepted techniques for conjoint surveys, respondents

6    will be shown a variety of curcumin products that vary according to the product attributes tested,

7    including brand, curcumin content, nutritional information, product claims, and price.

8    Respondents will choose their preferred product based on the displayed attributes. Respondents

9    will also have the option to select "none of these" as the preferred product. An expert will then

10    take the preference data and feed it into a market simulator that employed Hierarchical Bayesian

11    regression to calculate the price premium that consumers paid as a result of the "2250 mg Per

12    Day" claim followed by the claim "90" or "180 Vegetable Capsules."

13         10.     Importantly, a conjoint analysis takes into account responses from all

14    participants, including those that may not place less economic value on a particular product

15    attribute. It therefore does not measure the price premium that any particular consumer might

16    place on a given attribute, but instead measures the overall price premium the market assigns to

17    that attribute. A conjoint survey estimates how much lower the market price would have been

18    had consumers been given accurate information (*i.e.*, not have been deceived) about the product

19    attribute at issue. The result would be a lower retail price for *all* purchasers, regardless of the

20    extent to which any given individual purchasers might have differed in the value he or she

21    placed on the attribute at issue. *See Zakaria.*, 2016 U.S. Dist. LEXIS 184861, at *44 (rejecting

22    defendant's criticisms that conjoint analysis failed to account for "consumer-specific factors,

23    such as how much any given consumer would actually value a specific product attribute or what

24    price premium he or she would be willing to pay"). As a result, the conjoint analysis estimates a

25    single price premium paid (and thus injury suffered) by all purchasers of the product. *See Guido*,

26    2014 U.S. Dist. LEXIS 165777, at *13 (conjoint analysis "estimate[s] the portion of the

27    Serum's market price attributable to the lack of flammability warning."). Thus, conjoint

28    analysis provides a sound methodology for estimating the market wide price premium

- 3 -
SAFIER DECLARATION

**EXHIBIT "1"**

**PAGE 22**

1  attributable to Naturewise's deceptive marketing with regard to the curcumin content of its

2  Products that flows from Valentine's theory of liability. Once a premium is calculated, the

3  damages for Valentine and the class can be calculated by simply multiplying total sales during

4  the class period times the price premium.

5      11.    Here damages are also easily calculable based on the benefit of the bargain

6  theory, which is consistent with Valentine's theory of liability. *See, e.g., Nguyen v. Nissan N.*

7  *Am., Inc.*, 932 F.3d 811, 818-22 (9th Cir. 2019) (approving plaintiff's proposed "benefit of the

8  bargain" damages model seeking to recover the  difference in value between the products

9  promised by defendant and the products that were actually delivered); *Colgan*, 135 Cal. App.

10  4th 663, 665 (2006) ("One defrauded in the purchase, sale or exchange of property is entitled to

11  recover the difference between the actual value of that with which the defrauded person parted

12  and the actual value of that which he received, together with any additional damage arising from

13  the particular transaction" (quoting Cal. Civ. Code § 3343)). NatureWise's misrepresentations

14  led reasonable consumers to believe that they would receive "2250 mg" per capsule in a bottle

15  of curcumin dietary supplement. However, they only received "750 mg" per capsule, 1/3 of the

16  benefit that they should have received. Therefore, they are entitled to restitution of 2/3 (66.7%)

17  of the price they paid, representing the curcumin supplement that they were promised but did

18  not receive.

19      12.    All damages calculated as described above would be subject to pre-judgment

20  interest as determined by applicable law. Valentine estimates that class damages exceed $7

21  million.

22      13.    My firm has dedicated hundreds of hours towards the prosecution of the class

23  claims to date, including work in the District Court and in this bankruptcy proceeding. A precise

24  lodestar figure can and will be provided as required, but currently my firm's lodestar is

25  approximately $220,000. It has also incurred approximately $2,000 in costs. The hours are

26  recorded in the firm's billing system and were reasonably worked in order to adequately

27  represent the class members. The expenses are reflected in our firm's accounting records and

28  include filing fees. My firm's agreement with Valentine provides that my firm shall be paid its

expenses as well as reasonable fees, out of any recovery and that fees can be computed as a percentage of recovery or based on the lodestar-multiplier method. My inclusion of lodestar and cost information in this claim is not intended to waive any right that my firm may have to obtain (a) a multiplier or enhancement of that lodestar or (b) a percentage of the recovery.

14.     This declaration was executed on May 27, 2021 in San Francisco, California. I declare the foregoing under penalty of perjury under the laws of the United States.

_____

Seth A. Safier, Esq.

- 5 -
SAFIER DECLARATION

**EXHIBIT "1"**
**PAGE 24**

# Exhibit 1

**EXHIBIT "1"**

**PAGE 25**

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VALENTINE as an individual, on behalf of herself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>HEARTWISE INCORPORATED D/B/A NATUREWISE AND HEARTWISE WONDER INCORPORATED.<br><br>    Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT<br><br>JURY TRIAL DEMANDED |

-1-

Class Action Complaint

**EXHIBIT "1"**
**PAGE 26**

**INTRODUCTION**

1.    Plaintiff Martha Valentine ("Plaintiff" or "Ms. Valentine"), by and through her counsel, brings this class action against Defendant HeartWise Incorporated d/b/a NatureWise and HeartWise Wonder Incorporated, including its related entities (collectively "NatureWise" or "Defendant") to seek redress for Defendant's deceptive practices in labeling and marketing the NatureWise Curcumin dietary supplement (the "Product").

2.    Curcumin (a curcuminoid) is found in turmeric, a spice frequently used in Asian curries. Curcuminoids are purported to help with inflammation, are potent antioxidants, and may improve brain function. However, the amount of turmeric one would need to consume in order to get the positive benefits of curcuminoid consumption is upwards of ten grams. As a result, consumers take curcumin supplements to get the positive effects of curcuminoid consumption without having to ingest copious amount of turmeric, unusual in the Western diet.

3.    Defendant prominently label the front of its popular curcumin supplement as providing "2250 mg Per Day" of curcumin with the representation "90" or "180 VEGETARIAN CAPSULES." This representation leads reasonable consumers to believe that each of the 180 capsules contains 2250 mg of the curcumin supplement.

4.    However, upon closer inspection of the bottle, Defendant's Product does not contain 2250 mg of the curcumin supplement per capsule. The supplement actually requires *three* capsules to provide the advertised 2250 mg dosage, which means that each capsule contains only 750 mg of curcumin.

5.    Otherwise stated, Ms. Valentine received only a third of the amount of the supplement she intended to purchase based on the false and misleading statements on the front of the label. NatureWise intentionally fails to adequately disclose to consumers that more than one capsule is required to obtain the labeled dosage amount. As such, NatureWise's representations and omissions on the Product are false and misleading. Had Ms. Valentine had been aware of the truth regarding NatureWise's misrepresentations and omissions, she would not have purchased the supplement, or at the very least, would have paid less for it.

6.    Defendant's misrepresentations and mislabeling caused Plaintiff and members of

EXHIBIT "1"
PAGE 27

1    the proposed class to pay a price premium for the Product because they believed that they were

2    purchasing 3x as much of the supplement as they actually received.

3                                              **PARTIES**

4          7.     Martha Valentine ("Plaintiff") is, and at all times alleged in this Class Action

5    Complaint was, an individual and a resident of San Francisco, California (San Francisco County).

6          8.     Defendant HeartWise Incorporated d/b/a NatureWise and HeartWise Wonder

7    Incorporated, including its related entities (collectively "NatureWise" or "Defendant") is a

8    corporation existing under the laws of the Oregon, CA, having its principal place of business in

9    Costa Mesa, California.

10                              **JURISDICTION AND VENUE**

11          9.     This Court has jurisdiction over the subject matter of this action pursuant to 28

12    U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of

13    interest and costs; and at least one Plaintiff and Defendant are citizens of different states.

14          10.    The injuries, damages and/or harm upon which this action is based, occurred or

15    arose out of activities engaged in by Defendant within, affecting, and emanating from, the State

16    of California. Defendant regularly conducts and/or solicits business in, engages in other persistent

17    courses of conduct in, and/or derives substantial revenue from products provided to persons in the

18    State of California. Defendant has engaged, and continues to engage, in substantial and

19    continuous business practices in the State of California.

20          11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

21    substantial part of the events or omissions giving rise to the claims occurred in the state of

22    California, including within this District.

23          12.    In accordance with California Civil Code Section 1780(d), Plaintiff concurrently

24    files herewith a declaration establishing that, at various times throughout the class period, she

25    purchased the Product from her home in San Francisco, CA from Amazon.com  (Plaintiff's

26    declaration is attached hereto as Exhibit A.)

27          13.    Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

28

Class Action Complaint

1 **SUBSTANTIVE ALLEGATIONS**

2    14.    Dietary supplements have become increasingly popular as the public has become

3 more health conscious and aware of nutrition. Dietary supplements are a multi-billion dollar

4 industry without the scrutiny and regulation of the pharmaceutical business. This allows

5 manufacturers to make claims about the purported ability of their products to help with myriad

6 health problems including: weight loss, removing toxins, improving focus and brain function, and

7 reducing inflammation. Some of these claims are backed by clinical studies and others are more

8 dubious.

9    15.    Defendant manufactures, distributes, markets, advertises, and sells various dietary

10 supplements in the United States under the brand name "NatureWise." NatureWise states on its

11 website "We make it our business to promote health and inspire wellbeing – for our customers,

12 our planet, and people around the world. You can see it in our company values in the little things

13 we do, every day."

14    16.    Defendant is a lifestyle brand, which connects with consumers in a less traditional

15 way. Lifestyle brands sell an experience and communicate with consumers on an emotional level.

16 NatureWise does this by making values claims like: "Live Healthy. Live Happy" and "Dear

17 Body, I love you." It also includes its guiding principles in its mission statement including:

18 "Honesty: Promote Clarity and Candor. Communicating honestly and clearly with ourselves and

19 others in our words and actions."

20    17.    The site also communicates that the Products are natural, wholesome and honest

21 by displaying scenes in nature, women in yoga poses, and healthy fruits alongside images of its

22 supplements. These images and representations are designed to connect with consumers who are

23 concerned about putting unnatural products in their bodies. The images are designed to equate

24 consuming dietary supplements as something as natural as drinking coffee or a smoothie:

25

26

27

28

Class Action Complaint

**EXHIBIT "1"**
**PAGE 29**

18.     Defendants sell dozens of products marketed under different categories such as "Daily Support," "Digestive Support," "Hair Skin & Nails," "Healthy Weight," "Ashwagandha Herbal Blends," "Vegan/Vegetarian" and "Bundles."

**A.     False Representations Regarding Dosage and Serving of Defendant's Curcumin Supplement.**

19.     As part of Defendant's "Stress & Memory Support" line of products, Defendant sells NatureWise Curcumin ("Curcumin Supplement"). The tag line states that it is "made with Organic Curcumin and 95% Curcuminoids." Defendant sells Curcumin Supplement in both the 90 and 180 capsule sizes.

-4-

EXHIBIT "1"
PAGE 30

20.     Defendant makes numerous representations about the purported benefits of its

Curcumin Supplement, including: "Improve Cognition," "Support Cardiovascular Function,"

"Combat Degenerative Oxidative Stress," "Reduce Inflammation" and "Improve Joint Support."

Adding that "Not All Curcumin Supplements are Created Equally":



21.     Defendant's packaging for its curcumin supplement states on the principal display

panel of the Product label that it contains "2250 mg Per Day" and contains 90 or 180 capsules.

22.     The representation that the Product contains "2250 mg Per Day" and "90" or "180

VEGETARIAN CAPSULES" was uniformly communicated to Plaintiff and every other person

who purchased any of the Products in California. This representation leads reasonable consumers

to believe that each of the capsules contained 2250 mg of the curcumin supplement.  However,

upon closer inspection of the bottle, Defendant reveals that three capsules must be consumed to

Class Action Complaint

EXHIBIT "1"
PAGE 31

provide the stated 2250 mg *Per Day*. The same or substantially similar product label has appeared

on each respective product during the entirety of the Class Period in the general form of the

following example:[1]



**B.    Defendant Misleadingly Markets Its Curcumin Supplement to Increase
Profits and Gain a Competitive Edge.**

23.    Curcumin (a curcuminoid) is naturally found in turmeric, a spice frequently used

in Asian curries. However, the amount of turmeric one would need to consume in order to get the

positive benefits associated with curcuminoid consumption could be as much as much as 10

grams. As a result, consumers take curcumin supplements to get the positive effects of

---

[1] As discussed below, Defendant may have started making changes to it Curcumin label following
receipt of Plaintiff's CLRA letter. For example, it may have started to remove the "per day"
statement from the front label panel of the Product. Even so, Plaintiff alleges that the labels still
remain false, deceptive and/or misleading.

**EXHIBIT "1"
PAGE 32**

1  curcuminoid consumption without having to ingest copious amount of turmeric, unusual in the

2  Western diet.

3      24.    The curcumin content of a dietary supplement is of material concern to consumers

4  because the main purpose of purchasing a curcumin supplement is to avoid having to ingest a

5  large quantity of turmeric and to ingest curcuminoids in a concentrated form.

6      25.    Defendant knew and intended that consumers would purchase, and pay a premium

7  for, a supplement labeled as having a 2250 mg of curcumin per day, leading consumers to believe

8  that by taking 1 capsule per day they would be able to get all the benefits of consuming a large

9  dosage of curcumin.

10      26.    Further, in making false, misleading, and deceptive representations, Defendant

11  distinguishes the Product from its competitors' products by leading consumers to believe that they

12  are receiving 3x as much curcumin per bottle, at a given price, than an accurately labeled product.

13      **C.    Defendant's Changed Curcumin Supplement Label and Other Dosage Claims
       Continues to Mislead Consumers.**

14      27.    Defendant appears to have recently altered its label by changing its claim that the

15  Product provides "2250 mg Per Serving" instead of "2250 mg Per Day":

16

17

18

19

20  

21

22

23

24

25

26

27

28

Class Action Complaint

28.     However, this representation does not cure the Defendant's misrepresentation. That statement, in conjunction with the claim that the Product contains either "90" or "180 VEGETARIAN CAPSULES" on the front of the package, still leads reasonable consumers to believe that a serving size is 1 capsule and that each capsule contains 2250 mg of curcumin.

29.     Defendant's other marketing materials continue to compound the deception. For example, NatureWise's 90 capsule Product falsely states that the product contains 2250 mg per serving and that there are 60 servings in a 90 capsule bottle:[2]



**CURCUMIN**
Made with Organic Curcumin and 95% Curcuminoids

- Organic turmeric with max potency curcumin extract standardized to 95% curcuminoids.

- Organic ginger root improves absorption and enhances the benefits of curcumin.

- BioPerine® black pepper extract shown to increase bioavailability of curcumin by 20x.

**Suggested Use:** Adults take 3 capsules daily with meals, or as recommended by your healthcare provider.

**Supplement Facts**
Serving Size: 3 Vegetarian Capsules
Servings Per Container: 60

| | Amount Per Serving | % Daily Value |
|---|---|---|
| **Proprietary Organic Curcumin Complex** Organic Turmeric Root (*Curcuma longa*), Organic Curcumin extract standardized to 95% curcuminoids (*Curcuma longa*) (root) (includes curcumin, bisdemethoxycurcumin, and demethoxycurcumin) | 2250 mg | † |
| **Organic Ginger** (*Zingiber officinale*) (root) | 105 mg | † |
| **BioPerine® Black Pepper Extract** (*Piper nigrum*) (fruit) (standardized to contain 95% piperine) | 15 mg | † |

† Daily Value not established.

**Other Ingredients:** Pullulan (PlantCaps™ capsule), rice flour, organic rice bran extract.

**This Product Does Not Contain:** Wheat, gluten, dairy, corn, soy, eggs, tree nuts, peanuts, fish, or shellfish.

NatureWise Curcumin should always be taken in conjunction with a healthy diet and regular exercise program.

BioPerine® is the registered trademark of Sabinsa Corporation protected by US and International Patents.

---

[2] *See, e.g.,* https://luxotia.com/products/naturewise-curcumin-turmeric-2250mg-2-month-supply-95-curcuminoids-bioperine-black-pepper-extract-advanced-absorption-for-cardiovascular-health-joint-support-gluten-free-non-gmo-180-count?variant=32159856459869&utm_medium=cpc&utm_source=google&utm_campaign=Google%20Shopping (last visited June 6, 2020).

Class Action Complaint

EXHIBIT "1"
PAGE 34

30.    Moreover, the "per day" misrepresentation still appears on NatureWise's website as shown in the following screenshot:[3]



31.    Because consumers pay a price premium for curcumin supplements that do not require taking multiple capsules to reach the daily serving size, Defendant is able to both increase its sales and retain more profits. Consumers also pay a premium based on the total amount of curcumin that a bottle of curcumin supplement provides. Defendant's misleading representations and omissions, lead consumers to pay a premium for the Product because they falsely believe they are receiving three times as much curcumin as they actually receive in each bottle.

32.    Defendant engaged in the practices complained of herein to further their private interests of: (i) increasing sales of the Product while decreasing the sales of competitors, (ii) commanding a higher price for their Product because consumers will pay more for curcumin supplements that are in a concentrated form, and/or (3) commanding a higher price for their products because consumers believe they are receiving 3x as much of the curcumin as they actually receive.

33.    The market for supplement products is continuing to grow and expand, and because Defendant knows consumers rely on representations about the serving size of the Product, Defendant has an incentive to continue to make such false representations on the Product.

**D.    PLAINTIFF'S EXPERIENCE**

---

[3] https://www.naturewise.com/products/curcumin-subscription (last visited June 26, 2020).

**EXHIBIT "1"
PAGE 35**

1      34.      On September 6, 2019, Ms. Valentine purchased NatureWise curcumin dietary

2   supplement from her home in San Francisco, CA on Amazon.com. Plaintiff made the purchase

3   after reading and relying on the truthfulness of the Product's label that represented "2250 mg Per

4   Day" of curcumin and "180 VEGETARIAN CAPSULES." Ms. Valentine reasonably understood

5   that the supplements were one-capsule servings and that each capsule contained 2250 mg. She

6   was attracted to the Product because of its potency and value. Further, when given a choice, she

7   prefers to buy supplements that do not require her to take multiple capsules to reach the full

8   dosage. But on the Product she purchased, Defendant misrepresented the amount of curcumin in

9   each capsule, which is 750 mg per capsule and not 2250 mg per capsule.

10      35.      At the time of her purchase, Ms. Valentine did not know that the Product required

11   her to take three capsules to reach the full dosage of 2250 mg of curcumin. As a result of

12   Defendant's misrepresentations and omissions, Ms. Valentine paid a premium for the Product and

13   only received 1/3 of the amount of supplement she believed she would receive.

14      36.      Had Defendant not misrepresented (by omission and commission) the true capsule

15   serving size of the Product, Plaintiff would not have purchased it or, at a very minimum, she

16   would have paid less for the Product.

17      37.      Plaintiff continues to desire to purchase curcumin supplements, including those

18   marketed and sold by Defendant. Plaintiff regularly visits stores where Defendant's Product and

19   other supplements are sold. Absent an injunction that prohibits Defendant from misrepresenting

20   the dosage on its product labels, Plaintiff will be unable to rely on Defendant's representations

21   regarding the serving size and amount of curcumin in the Product, limiting her ability to rely on

22   the representations made in the marketplace. Further, Defendant makes numerous supplements

23   with different product titles. Absent an injunction, Plaintiff is at risk for buying another one of

24   Defendant's products in reliance on the same or a similar misrepresentation.

25      38.      Plaintiff and members of the Class have been economically damaged by their

26   purchase of the Product because the advertising for the Product was and is untrue and/or

27   misleading under California law and the products are misbranded; therefore, the Product is worth

28   less than what Plaintiffs and members of the Class paid for it and/or Plaintiffs and members of the

EXHIBIT "1"
PAGE 36

1   Class did not receive what they reasonably intended to receive.

2   **CLASS ALLEGATIONS**

3       39.     Plaintiff brings this class action lawsuit on behalf of herself and proposed classes

4   of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil

5   Procedure. Plaintiff seeks to represent the following groups of similarly situated persons, defined

6   as follows:

7           All persons who purchased the Product between June 25, 2016 and the present (the
            "Class").

8

9           All class members who reside in California (the "California Subclass").

10      40.     This action has been brought and may properly be maintained as a class action

11  against Defendant because there is a well-defined community of interest in the litigation and the

12  proposed class is easily ascertainable.

13      41.     Numerosity:  Plaintiffs do not know the exact size of the Class, but they estimate it

14  is composed of more than 100 persons. The persons in the Class are so numerous that the joinder

15  of all such persons is impracticable and the disposition of their claims in a class action rather than

16  in individual actions will benefit the parties and the courts.

17      42.     Common Questions Predominate:  This action involves common questions of law

18  and fact to the potential classes because each class member's claim derives from the deceptive,

19  unlawful and/or unfair statements and omissions that the Product provides "2250 mg Per Day" of

20  curcumin and "90" or "180 VEGETARIAN CAPSULES" which leads reasonable consumers to

21  believe that each of the capsules contain 2250 mg of curcumin. The common questions of law and

22  fact predominate over individual questions, as proof of a common or single set of facts will

23  establish the right of each member of the Class to recover.  The questions of law and fact

24  common to the Class are:

25          a.  Whether the marketing, advertising, packaging, labeling, and other promotional

26              materials for the Product are deceptive and/or unlawful because of

27              misrepresentations and omissions;

28          b.  Whether Defendant's actions violate federal and California laws invoked herein;

**EXHIBIT "1"**
**PAGE 37**

c.   Whether deceitfully labeling the front of the Product as containing "2250mg Per
Day" of curcumin and "90' or "180 VEGETARIAN CAPSULES" causes the
Products to command a price premium in the market as compared with similar
products that do not make such misrepresentations;

d.   Whether Defendant's advertising and marketing of the Products as containing
"2250 mg Per Day" of curcumin and "90" or "180 VEGETARIAN CAPSULES"
was likely to deceive reasonable consumers;

e.   Whether Defendant's amended label stating that the Product contains "2250 mg
Per Serving" with the representation "90" or "180 VEGETARIAN CAPSULES" is
still deceiving to reasonable consumers;

f.   Whether misrepresentations and omissions regarding the number of capsules per
serving to achieve 2250 mg per day of curcumin is material to a reasonable
consumer;

g.   Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

h.   The amount of profits and revenues earned by Defendant as a result of the
conduct;

i.   Whether class members are entitled to restitution, injunctive and other equitable
relief and, if so, what is the nature (and amount) of such relief; and

j.   Whether class members are entitled to payment of actual, incidental,
consequential, exemplary and/or statutory damages plus interest thereon, and if so,
what is the nature of such relief.

43.   Typicality:  Plaintiff's claims are typical of the claims of other members of the
Class because, among other things, all such claims arise out of the same wrongful course of
conduct in which the Defendant engaged in violation of law as described herein.  Further, the
damages of each member of the Class were caused directly by Defendant's wrongful conduct in
violation of the law as alleged herein.

44.   Adequacy of Representation:  Plaintiff will fairly and adequately protect the
interests of all class members because it is in their best interests to prosecute the claims alleged

herein to obtain full compensation due to them for the unfair and illegal conduct of which they

complain. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of

class members. Plaintiff has retained highly competent and experienced class action attorneys to

represent her interests and that of the classes. By prevailing on her own claims, Plaintiff will

establish Defendant's liability to all class members. Plaintiff and her counsel have the necessary

financial resources to adequately and vigorously litigate this class action, and Plaintiff and

counsel are aware of their fiduciary responsibilities to the class members and are determined to

diligently discharge those duties by vigorously seeking the maximum possible recovery for class

members.

45.    Superiority:  There is no plain, speedy, or adequate remedy other than by

maintenance of this class action. The prosecution of individual remedies by members of the

classes will tend to establish inconsistent standards of conduct for Defendant and result in the

impairment of class members' rights and the disposition of their interests through actions to

which they were not parties. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

and without the unnecessary duplication of effort and expense that numerous individual actions

would engender. Furthermore, as the damages suffered by each individual member of the class

may be relatively small, the expenses and burden of individual litigation would make it difficult

or impossible for individual members of the class to redress the wrongs done to them, while an

important public interest will be served by addressing the matter as a class action.

46.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### PLAINTIFF'S FIRST CAUSE OF ACTION
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code §
1750, *et seq.*
on behalf of Plaintiff and the California Subclass)**

47.    Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint

as if set forth herein.

-13-

Class Action Complaint

**EXHIBIT "1"
PAGE 39**

48.    Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

49.    Plaintiff and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

50.    The Product that Plaintiff (and other similarly situated class members) purchased from Defendant were "goods" within the meaning of California Civil Code § 1761(a).

51.    Defendant's acts, practices and omissions regarding the dosage and serving size of the Product leads reasonable consumers to believe that the Product contains more curcumin supplement than they actually receive. In the case of Ms. Valentine, Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180 VEGETARIAN CAPSULES" while omitting the material fact that the Product only contained 1/3 the dosage advertised (750 mg/capsule). By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendant's acts and practices constitute improper representations that the goods it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or misleading representation of fact. In violation of California Civil Code §1770(a)(9), Defendant has advertised goods or services with intent not to sell them as advertised.

52.    Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the

-14-

Class Action Complaint

EXHIBIT "1"
PAGE 40

1    future, Plaintiff and the other members of the Class will continue to suffer harm.

2        53.    Plaintiff provided Defendant with notice and demand that Defendant correct,

3    repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices

4    complained of herein. Despite receiving the aforementioned notice and demand, Defendant failed

5    to do so. Among other things, Defendant failed to identify similarly situated customers, notify

6    them of their right to correction, repair, replacement or other remedy, and/or to provide that

7    remedy. Accordingly, Plaintiff seeks, pursuant to California Civil Code § 1780(a)(3), on behalf of

8    herself and those similarly situated class members, compensatory damages, punitive damages and

9    restitution of any ill-gotten gains due to Defendant's acts and practices.

10        54.    Plaintiffs also requests that this Court award their costs and reasonable attorneys'

11    fees pursuant to California Civil Code § 1780(d).

12        **PLAINTIFF'S SECOND CAUSE OF ACTION**
    **(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL")**
13    **On Behalf of Plaintiff and the California Subclass)**

14        55.    Plaintiff realleges and incorporates by reference the paragraphs of this Class

15    Action Complaint as if set forth herein.

16        56.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

17    preceding the filing of the Class Action Complaint, Defendant made untrue, false, deceptive

18    and/or misleading statements in connection with the advertising and marketing of the Product.

19        57.    Defendant made representations and statements (by omission and commission)

20    regarding the Product's dosage and serving size that lead reasonable customers to believe that the

21    Product contains more curcumin than they actually receive. In the case of Ms. Valentine,

22    Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180

23    VEGETARIAN CAPSULES" while omitting the material fact that the Product only contained 1/3

24    the dosage advertised (750 mg/capsule).

25        58.    Plaintiff and those similarly situated relied to their detriment on Defendant's false,

26    misleading and deceptive advertising and marketing practices, including each of the

27    misrepresentations and omissions set forth above.  Had Plaintiff and those similarly situated been

28    adequately informed and not intentionally deceived by Defendant, they would have acted

-15-

Class Action Complaint

**EXHIBIT "1"**
**PAGE 41**

1  differently by, without limitation, refraining from purchasing the Products or paying less for it.

2    59.    Defendant's acts and omissions are likely to deceive the general public.

3    60.    Defendant engaged in these false, misleading and deceptive advertising and

4  marketing practices to increase its profits. Accordingly, Defendant has engaged in false

5  advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and

6  Professions Code.

7    61.    The aforementioned practices, which Defendant used, and continues to use, to its

8  significant financial gain, also constitutes unlawful competition and provides an unlawful

9  advantage over Defendant's competitors as well as injury to the general public.

10    62.    As a direct and proximate result of such actions, Plaintiff and the other class

11  members have suffered, and continue to suffer, injury in fact and have lost money and/or property

12  as a result of such false, deceptive and misleading advertising in an amount which will be proven

13  at trial, but which is in excess of the jurisdictional minimum of this Court.

14    63.    Plaintiff seeks, on behalf of herself and those similarly situated, full restitution of

15  monies, as necessary and according to proof, to restore any and all monies acquired by Defendant

16  from Plaintiff, the general public, or those similarly situated by means of the false, misleading

17  and deceptive advertising and marketing practices complained of herein, plus interest thereon.

18    64.    Plaintiff seeks, on behalf of herself and those similarly situated, a declaration that

19  the above-described practices constitute false, misleading and deceptive advertising.

20    65.    Plaintiff seeks, on behalf of herself and those similarly situated, an injunction to

21  prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising

22  and marketing practices complained of herein. Such misconduct by Defendant, unless and until

23  enjoined and restrained by order of this Court, will continue to cause injury in fact to the general

24  public and the loss of money and property in that Defendant will continue to violate the laws of

25  California, unless specifically ordered to comply with the same. This expectation of future

26  violations will require current and future consumers to repeatedly and continuously seek legal

27  redress in order to recover monies paid to Defendant to which it is not entitled.  Plaintiff, those

28  similarly situated and/or other consumers nationwide have no other adequate remedy at law to

Class Action Complaint

EXHIBIT "1"
PAGE 42

1    ensure future compliance with the California Business and Professions Code alleged to have been

2    violated herein.

3              **PLAINTIFF'S THIRD CAUSE OF ACTION**
       **(Common Law Fraud, Deceit and/or Misrepresentation**
4       **On Behalf of Plaintiff and the Class)**

5    66.    Plaintiff realleges and incorporates by reference the paragraphs of this Class

6    Action Complaint as if set forth herein.

7    67.    Defendant has fraudulently and deceptively led reasonable consumers to believe

8    that the Product contain more curcumin than it actually contains. In the case of Ms. Valentine,

9    Defendants represented that their Curcumin supplement provided "2250 mg Per Day" and "180

10   VEGETARIAN CAPSULES" while omitting the material fact that the product only contained 1/3

11   the dosage advertised (750 mg/capsule).

12   68.    These misrepresentations and omissions were known exclusively to, and actively

13   concealed by, Defendant, not reasonably known to Plaintiff, and material at the time they were

14   made. Defendant knew the actual capsule serving size of the Product, but failed to make it

15   obvious on the front of its label to consumers. Defendant's misrepresentations and omissions

16   concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether

17   to purchase Defendant's Product.  In misleading Plaintiff and not so informing Plaintiff,

18   Defendant breached its duty to her. Defendant also gained financially from, and as a result of, its

19   breach.

20   69.    Plaintiff and those similarly situated relied to their detriment on Defendant's

21   misrepresentations and fraudulent omissions.  Had Plaintiff and those similarly situated been

22   adequately informed and not intentionally deceived by Defendant, they would have acted

23   differently by, without limitation: (i) declining to purchase the Product, (ii) purchasing less of it,

24   or (iii) paying less for the Product.

25   70.    By and through such fraud, deceit, misrepresentations and/or omissions, Defendant

26   intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

27   Specifically, Defendant fraudulently and deceptively induced Plaintiff and those similarly situated

28   to, without limitation, purchase the Product.

**EXHIBIT "1"**
**PAGE 43**

71.     Plaintiff and those similarly situated justifiably and reasonably relied on Defendant's misrepresentations and omissions, and, accordingly, were damaged by Defendant.

72.     As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Products.

73.     Defendant's conduct as described herein was wilful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiff and those similarly situated.

**PLAINTIFF'S FOURTH CAUSE OF ACTION**
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.***
**On Behalf of Plaintiff and the California Subclass)**

74.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

75.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this complaint.

76.     In particular, Defendant has engaged, and continues to engage, in unlawful practices by, without limitation, violating the following state and federal laws: (i) the CLRA as described herein; (ii) the FAL as described herein; (iii) the advertising provisions of the Sherman Law (Article 3), including without limitation, California Health & Safety Code §§ 110390, 110395, 110398 and 110400; (iv) the misbranded food provisions of the Sherman Law (Article 6), including without limitation, California Health & Safety Code §§ 110660, 110665, 110705, 110760, 110765, and 110770; and (v) and federal laws regulating the advertising and branding of food in 21 U.S.C. § 343(a), *et seq.* and FDA regulations, which are incorporated into the Sherman Law (California Health & Safety Code §§ 110100(a), 110380, and 110505).

77.     In particular, Defendant has engaged, and continues to engage, in unfair and fraudulent practices by, without limitation, making fraudulent and deceptive representations

Class Action Complaint

EXHIBIT "1"
PAGE 44

1  regarding the dosage and curcumin content of the Products, which leads reasonable consumers to

2  believe that the Products contain more curcumin than they actually receive. In the case of Ms.

3  Valentine, Defendants represented that their Curcumin supplement provided "2250 mg Per Day"

4  and "180 VEGETARIAN CAPSULES" while omitting the material fact that the product only

5  contained 1/3 the dosage advertised (750 mg/capsule).

6       78.     Plaintiff and those similarly situated relied to their detriment on Defendant's

7  unlawful, unfair, and fraudulent business practices. Had Plaintiff and those similarly situated been

8  adequately informed and not deceived by Defendant, they would have acted differently by,

9  without limitation: (i) declining to purchase the Product, (ii) purchasing less of the Product, or

10  (iii) paying less for the Product.

11       79.     Defendant's acts and omissions are likely to deceive the general public.

12       80.     Defendant engaged in these deceptive and unlawful practices to increase their

13  profits.  Accordingly, Defendant has engaged in unlawful trade practices, as defined and

14  prohibited by section 17200, *et seq.* of the California Business and Professions Code.

15       81.     The aforementioned practices, which Defendant has used to its significant

16  financial gain, also constitute unlawful competition and provide an unlawful advantage over

17  Defendant's competitors as well as injury to the general public.

18       82.     As a direct and proximate result of such actions, Plaintiff and the other class

19  members, have suffered and continue to suffer injury in fact and have lost money and/or property

20  as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount

21  which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

22  Among other things, Plaintiff and the class members lost the amount they paid for the Product.

23       83.     As a direct and proximate result of such actions, Defendant has enjoyed, and

24  continues to enjoy, significant financial gain in an amount which will be proven at trial, but which

25  is in excess of the jurisdictional minimum of this Court.

26       84.     Plaintiff seeks, on behalf of herself and those similarly situated, full restitution of

27  monies, as necessary and according to proof, to restore any and all monies acquired by Defendant

28  from Plaintiff, the general public, or those similarly situated by means of the deceptive and/or

EXHIBIT "1"
PAGE 45

1    unlawful trade practices complained of herein, plus interest thereon.

2         85.    Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-

3    described trade practices are fraudulent, unfair, and/or unlawful.

4         86.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

5    Defendant from continuing to engage in the deceptive and/or unlawful trade practices complained

6    of herein.  Such misconduct by Defendant, unless and until enjoined and restrained by order of

7    this Court, will continue to cause injury in fact to the general public and the loss of money and

8    property in that Defendant will continue to violate the laws of California, unless specifically

9    ordered to comply with the same. This expectation of future violations will require current and

10   future consumers to repeatedly and continuously seek legal redress in order to recover monies

11   paid to Defendant to which they were not entitled.  Plaintiff, those similarly situated and/or other

12   consumers nationwide have no other adequate remedy at law to ensure future compliance with the

13   California Business and Professions Code alleged to have been violated herein.

14               **PLAINTIFF'S FOURTH CAUSE OF ACTION**
                 **(Unjust Enrichment**
15               **On Behalf of Plaintiff and the Class)**

16        87.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

17        88.    Plaintiff and members of the Class members conferred a benefit on the Defendant

18   by purchasing the Products.

19        89.    Defendant has been unjustly enriched in retaining the revenues from Plaintiff and

20   Class Member's purchases of the Products, which retention is unjust and inequitable, because

21   Defendant made material misrepresentations and omissions regarding the serving size and

22   curcumin content of the Products that led reasonable consumers to believe that the Products

23   contain more curcumin supplement than they actually receive. In the case of Ms. Valentine,

24   Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180

25   VEGETARIAN CAPSULES" while omitting the material fact that the product only contained 1/3

26   the dosage advertised (750 mg/capsule).

27        90.    Because Defendant's retention of the non-gratuitous benefit conferred on it by

28   Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff

EXHIBIT "1"
PAGE 46

and the Class members for its unjust enrichment, as ordered by the Court.

91.    Plaintiff, therefore, seeks an order requiring Defendant to make restitution to her and other members of the Class

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, respectfully requests that the Court enter judgment against Defendant as follows:

A. Certification of the proposed Class, including appointment of Plaintiff's counsel as class counsel;

B. An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. An award of compensatory damages in an amount to be determined at trial;

D. An award of statutory damages in an amount to be determined at trial;

E. An award of punitive damages in an amount to be determined at trial;

F. An award of treble damages;

G. An award of restitution in an amount to be determined at trial;

H. An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I. For reasonable attorney's fees and the costs of suit incurred;

J. For such further relief as this Court may deem just and proper;

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 29, 2020                    **GUTRIDE SAFIER LLP**

                                        /s/ Seth A. Safier /s/
                                        Seth A. Safier, Esq.
                                        Marie McCrary, Esq.
                                        100 Pine Street, Suite 1250
                                        San Francisco, CA 94111

Class Action Complaint

**EXHIBIT "1"**
**PAGE 47**

# Exhibit A

**EXHIBIT A**

1

2          I, Martha Valentine, declare:

3          1.      I am the Plaintiff in this action. If called upon to testify, I could and would

4     competently testify to the matters contained herein based upon my personal knowledge.

5          2.      I submit this Declaration pursuant to California Code of Civil Procedure section

6     2215.5 and California Civil Code section 1780(d).

7          3.      As set forth in my complaint, on September 6, 2019, I purchased Naturewise

8     curcumin supplements from my home in San Francisco, CA, on Amazon.com.

9          4.      I later learned that the Naturewise supplements I purchased did not contain the

10    amount of curcumin that was represented.

11         I declare under penalty of perjury under the laws of California that the foregoing is true

12    and correct.

13         Executed this 26th day of June 2020, in San Francisco, California.

14
       6/26/2020
15
                                                        DocuSigned by:
16                                                      1A1D1355DF3A4E2...
                                                        Martha Valentine
17

18

19

20

21

22

23

24

25

26

27

28

-1-

DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION

**EXHIBIT "1"**
**PAGE 49**

**EXHIBIT "2"**

4/20/22, 4:06 PM                                        CAND-ECF

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

ADRMOP,STAYED

# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:20-cv-04302-JSW

Valentine v. Heartwise Incorporated               Date Filed: 06/29/2020
Assigned to: Judge Jeffrey S. White            Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Fraud                   Nature of Suit: 370 Other Fraud
                                                 Jurisdiction: Diversity

**Plaintiff**

**Martha Valentine**                  represented by   **Seth Adam Safier**
*as an individual, on behalf of herself, the*          Gutride Safier LLP
*general public and those similarly situated*          100 Pine Street, Suite 1250
                                                       San Francisco, CA 94111
                                                       (415) 336-6545
                                                       Fax: (415) 449-6469
                                                       Email: seth@gutridesafier.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Marie Ann McCrary**
                                                       Gutride Safier LLP
                                                       100 Pine Street, Suite 1250
                                                       San Francisco, CA 94111
                                                       (415) 271-6469
                                                       Fax: (415) 449-6469
                                                       Email: marie@gutridesafier.com
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Heartwise Incorporated**             represented by   **William Alexander Delgado**
*doing business as*                                     DTO LAW
NatureWise and HeartWise Wonder                         601 S. Figueroa Street, Suite 2130
Incorporated                                            Los Angeles
                                                        Los Angeles, CA 90017
                                                        (213) 335-6999
                                                        Fax: (213) 355-7802
                                                        Email: wdelgado@dtolaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Al Mohajerian**
                                                        Mohajerian Law Corp.
                                                        1925 Century Park East
                                                        Suite 350

**EXHIBIT "2"**
**PAGE 50**

Los Angeles, CA 90067
310-556-3800
Fax: 310-556-3817
Email: lawyers@mohajerian.com
*TERMINATED: 10/06/2020*

**Dylan C. Dang**
Trojan Law Offices
9250 Wilshire Blvd.
Suite 325
Beverly Hills, CA 90212
310-777-8399
Email: dang@trojanlawoffices.com
*TERMINATED: 01/11/2021*

**Raymond Joseph Trojan**
Trojan Law Offices
9250 Wilshire Boulevard
Suite 325
Beverly Hills, CA 90212
310-777-8399
Fax: 310-777-8348
Email: trojan@trojanlawoffices.com
*TERMINATED: 01/11/2021*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2020 | 1 | COMPLAINT against Heartwise Incorporated ( Filing fee $ 400, receipt number 0971-14633313.). Filed byMartha Valentine. (Attachments: # 1 Civil Cover Sheet)(Safier, Seth) (Filed on 6/29/2020) (Entered: 06/29/2020) |
| 06/29/2020 | 2 | Proposed Summons. (Safier, Seth) (Filed on 6/29/2020) (Entered: 06/29/2020) |
| 06/29/2020 | 3 | Case assigned to Magistrate Judge Thomas S. Hixson.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 7/13/2020. (ajsS, COURT STAFF) (Filed on 6/29/2020) (Entered: 06/29/2020) |
| 06/30/2020 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Martha Valentine.. (Safier, Seth) (Filed on 6/30/2020) (Entered: 06/30/2020) |
| 06/30/2020 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 9/24/2020. Initial Case Management Conference set for 10/1/2020 10:00 AM. (mclS, COURT STAFF) (Filed on 6/30/2020) (Entered: 06/30/2020)** |
| 06/30/2020 | 6 | Summons Issued as to Heartwise Incorporated. (mclS, COURT STAFF) (Filed on |

**EXHIBIT "2"**
**PAGE 51**

| | | |
|---|---|---|
| | | 6/30/2020) (Entered: 06/30/2020) |
| 08/03/2020 | [7] | STIPULATION *TO EXTEND TIME FOR DEFENDANT TO RESPOND TO COMPLAINT* filed by Heartwise Incorporated. (Dang, Dylan) (Filed on 8/3/2020) (Entered: 08/03/2020) |
| 08/04/2020 | 8 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Heartwise Incorporated.. (Trojan, Raymond) (Filed on 8/4/2020) (Entered: 08/04/2020) |
| 08/05/2020 | 9 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. *This is a text only docket entry; there is no document associated with this notice.* (cdnS, COURT STAFF) (Filed on 8/5/2020) (Entered: 08/05/2020) |
| 08/06/2020 | [10] | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Jeffrey S. White for all further proceedings. Magistrate Judge Thomas S. Hixson no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras.. Signed by Clerk on 8/6/20. (Attachments: # [1] Notice of Eligibility for Video Recording)(asS, COURT STAFF) (Filed on 8/6/2020) (Entered: 08/06/2020)** |
| 08/06/2020 | [11] | **ORDER SETTING CASE MANAGEMENT CONFERENCE AND REQUIRING JOINT CASE MANAGEMENT CONFERENCE STATEMENT Signed by Judge Jeffrey S. White on 8/6/20. Joint Case Management Statement due by 9/25/2020. Initial Case Management Conference set for 10/2/2020 11:00 AM.. (jjoS, COURT STAFF) (Filed on 8/6/2020) (Entered: 08/06/2020)** |
| 08/18/2020 | [12] | MOTION to Dismiss *AND/OR STRIKE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA* filed by Heartwise Incorporated. Motion Hearing set for 9/25/2020 09:00 AM in Oakland, Courtroom 5, 2nd Floor before Judge Jeffrey S. White. Responses due by 9/1/2020. Replies due by 9/8/2020. (Attachments: # [1] Proposed Order GRANTING DEFENDANTS MOTION TO DISMISS AND/OR STRIKE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, # [2] Declaration of Sasha Libolt in support)(Dang, Dylan) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 09/01/2020 | [13] | OPPOSITION/RESPONSE (re [12] MOTION to Dismiss *AND/OR STRIKE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA* ) filed byMartha Valentine. (Safier, Seth) (Filed on 9/1/2020) (Entered: 09/01/2020) |
| 09/08/2020 | [14] | REPLY (re [12] MOTION to Dismiss *AND/OR STRIKE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA* ) filed byHeartwise Incorporated. (Dang, Dylan) (Filed on 9/8/2020) (Entered: 09/08/2020) |
| 09/14/2020 | [15] | **CLERK'S NOTICE CONTINUING HEARING ON [12] MOTION TO DISMISS AND VACATING INITIAL CASE MANAGEMENT CONFERENCE: Motion Hearing set for 12/4/2020 09:00 AM before Judge Jeffrey S. White. (jjoS, COURT STAFF) (Filed on 9/14/2020) (Entered: 09/14/2020)** |
| 10/01/2020 | [16] | Substitution of Attorney by eartwise Incorporated. (Mohajerian, Al) (Filed on 10/1/2020) |

**EXHIBIT "2"**

**PAGE 52**

| | | Modified on 10/1/2020 (cjlS, COURT STAFF). (Entered: 10/01/2020) |
|---|---|---|
| 10/01/2020 | 17 | **ORDER APPROVING 16 Association of Counsel. Signed by Judge Jeffrey S. White on October 1, 2020. (jswlc3S, COURT STAFF) (Filed on 10/1/2020) (Entered: 10/01/2020)** |
| 10/05/2020 | 18 | NOTICE of Substitution of Counsel by Raymond Joseph Trojan (Trojan, Raymond) (Filed on 10/5/2020) (Entered: 10/05/2020) |
| 10/06/2020 | 19 | **ORDER granting 18 Substitution of Counsel. Signed by Judge JEFFREY S. WHITE on 10/6/20. (jjoS, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020)** |
| 11/30/2020 | 20 | CLERK'S NOTICE VACATING HEARING ON 12 MOTION TO DISMISS (jjoS, COURT STAFF) (Filed on 11/30/2020) (Entered: 11/30/2020) |
| 12/30/2020 | 21 | NOTICE of Appearance by William Alexander Delgado (Delgado, William) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 22 | Notice of Bankruptcy by Heartwise Incorporated. (Delgado, William) (Filed on 12/30/2020) Modified on 12/30/2020 (cjlS, COURT STAFF). (Entered: 12/30/2020) |
| 12/30/2020 | | Electronic filing error. Attorney William Alexander Delgado Must Update ECF Profile with Current Contact Information. [err102] Re: 21 Notice of Appearance filed by Heartwise I ncorporated. (cjlS, COURT STAFF) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 01/04/2021 | 23 | **ORDER DENYING WITHOUT PREJUDICE 12 MOTION to Dismiss; STAYING CASE AND REQUIRING JOINT STATUS REPORTS. Signed by Judge Jeffrey S. White on 1/4/21. Joint Status Report due by 7/2/2021. (jjoS, COURT STAFF) (Filed on 1/4/2021) (Entered: 01/04/2021)** |
| 01/08/2021 | 24 | NOTICE of Substitution of Counsel by Raymond Joseph Trojan (Trojan, Raymond) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | | Electronic filing error. Incorrect event used. [err101] The Correct Event is a Motion. This filing will not be processed by the clerks office.Please re-file in its entirety. Re: 24 Notice of Substitution of Counsel filed by Heartwise Incorporated. (cjlS, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 25 | MOTION to Substitute Attorney filed by Heartwise Incorporated. (Trojan, Raymond) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/11/2021 | 26 | **ORDER by Judge Jeffrey S. White granting 25 Motion to Substitute Attorney.. (jjoS, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 09/27/2021 | 27 | JOINTLY STATUS REPORT by Heartwise Incorporated and Martha Valentine. (Delgado, William) (Filed on 9/27/2021) Modified on 9/28/2021 (bnsS, COURT STAFF). (Entered: 09/27/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/20/2022 16:06:09 | | |
| **PACER Login:** dtolawadmin | **Client Code:** | 0000 |
| **Description:** Docket Report | **Search Criteria:** | 4:20-cv-04302-JSW |
| **Billable Pages:** 4 | **Cost:** | 0.40 |

**EXHIBIT "2"**
**PAGE 53**

**EXHIBIT "3"**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

**INTP, APLDIST, APPEAL**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:20-bk-13335-SC

|  |  |
|---|---|
| *Assigned to:* Scott C Clarkson | *Date filed:* 12/04/2020 |
| Chapter 11 | *Debtor discharged:* 02/02/2022 |
| Voluntary | *Plan confirmed:* 12/17/2021 |
| Asset | *341 meeting:* 01/08/2021 |
|  | *Deadline for filing claims:* 05/31/2021 |
|  | *Deadline for filing claims (govt.):* 06/02/2021 |

*Debtor disposition:*  Standard Discharge

| | |
|---|---|
| ***Debtor*** <br> **Heartwise, Inc.** <br> 2973 Harbor Blvd., #472 <br> Costa Mesa, CA 92626 <br> ORANGE-CA <br> Tax ID / EIN: 45-5252765 <br> *dba* **Heartwise Wonder Incorporation** <br> *dba* **Naturewise** | represented by **Michael Jay Berger** <br> 9454 Wilshire Blvd 6th Fl <br> Beverly Hills, CA 90212-2929 <br> 310-271-6223 <br> Fax : 310-271-9805 <br> Email: michael.berger@bankruptcypower.com <br> *TERMINATED: 12/16/2020* <br><br> **RONALD CLIFFORD** <br> R. Clifford & Associates <br> 1100 TOWN AND COUNTRY RD., SUITE 1250 <br> ORANGE, CA 92868 <br> 949-533-9774 <br> *TERMINATED: 01/26/2022* <br><br> **Matthew Grimshaw** <br> Marshack Hays LLP <br> 870 Roosevelt Avenue <br> Irvine, CA 92620 <br> 949-333-7777 <br> Fax : 949-333-7778 <br> Email: mgrimshaw@marshackhays.com |
| ***U.S. Trustee*** <br> **United States Trustee (SA)** <br> 411 W Fourth St., Suite 7160 <br> Santa Ana, CA 92701-4593 <br> (714) 338-3400 | represented by **Nancy S Goldenberg** <br> 411 W Fourth St Ste 7160 <br> Santa Ana, CA 92701-8000 <br> 714-338-3416 <br> Fax : 714-338-3421 <br> Email: nancy.goldenberg@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 12/04/2020 | <u>1</u> <br> (42 pgs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021. (Berger, Michael) (Entered: 12/04/2020) |

**EXHIBIT "3"**
**PAGE 54**

| 12/04/2020 | 2<br>(1 pg) | Corporate resolution authorizing filing of petitions Filed by Debtor Heartwise Incorporation. (Berger, Michael) (Entered: 12/04/2020) |
| --- | --- | --- |
| 12/04/2020 | | Receipt of Voluntary Petition (Chapter 11)(8:20-bk-13335) [misc,volp11] (1738.00) Filing Fee. Receipt number 52140706. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 12/04/2020) |
| 12/07/2020 | 3<br>(4 pgs) | Order: (1) Setting Hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (S/C Hearing to be Set February 10, 2021 at 9:00 AM) (BNC-PDF) (Related Doc # 1 ) Signed on 12/7/2020 (Le, James) (Entered: 12/07/2020) |
| 12/07/2020 | 4 | Hearing Set (RE: related document(s)1 Status Conference of Chapter 11 Case) Status hearing to be held on 2/10/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/07/2020) |
| 12/08/2020 | 5<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 1/8/2021 at 10:00 AM at UST-SA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-3126, PARTICIPANT CODE:3803126. (Beezer, Cynthia) (Entered: 12/08/2020) |
| 12/09/2020 | 6<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)3 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2020. (Admin.) (Entered: 12/09/2020) |
| 12/10/2020 | 7<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 16. Notice Date 12/10/2020. (Admin.) (Entered: 12/10/2020) |
| 12/15/2020 | 8<br>(4 pgs) | Addendum to voluntary petition Filed by Debtor Heartwise Incorporation. (Berger, Michael) (Entered: 12/15/2020) |
| 12/16/2020 | 9<br>(3 pgs) | Substitution of attorney Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 12/16/2020) |
| 12/17/2020 | 10<br>(9 pgs) | Application to Employ Blakeley LLP as General Insolvency Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 12/17/2020) |
| 12/17/2020 | 11<br>(12 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Application for Authorization to Employ Blakeley LLP as General Insolvency Counsel to the Debtor-in-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)10 Application to Employ Ronald A. Clifford, Esq. as General Insolvency Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 12/17/2020) |
| 12/17/2020 | 12<br>(20 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)10 Application to Employ Ronald A. Clifford, Esq. as General Insolvency Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 12/17/2020) |
| 12/17/2020 | 13<br>(8 pgs) | Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 12/17/2020) |

**EXHIBIT "3"**

**PAGE 55**

| | | |
|---|---|---|
| 12/17/2020 | [14](#)<br>(22 pgs) | Declaration re: *[Declaration of Justin J. Prochnow in Support of Application for Authorization to Employ Greenberg Traurig, LLP as Special Counsel]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[13](#) Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 12/17/2020) |
| 12/17/2020 | [15](#)<br>(29 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[13](#) Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 12/17/2020) |
| 12/18/2020 | [16](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Berger, Michael. (Berger, Michael) (Entered: 12/18/2020) |
| 12/24/2020 | [17](#)<br>(47 pgs) | Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]* Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/24/2020 | [18](#)<br>(6 pgs) | Declaration re: *[Declaration of Elaine Phan in Support of Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[17](#) Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]*). (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/24/2020 | [19](#)<br>(52 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[17](#) Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]* Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/24/2020 | [20](#)<br>(8 pgs) | Application to Employ DTO Law as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/24/2020 | [21](#)<br>(17 pgs) | Declaration re: *[Declaration of William Delgado in Support of Application for Authorization to Employ DTO Law as Special Litigation Counsel]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[20](#) Application to Employ DTO Law as Special Litigation Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/24/2020 | [22](#)<br>(24 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[20](#) Application to Employ DTO Law as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 12/24/2020) |
| 12/28/2020 | [23](#)<br>(45 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as as General Bankruptcy Counsel *Application For Order Authorizing Debtor to Employ Former General Bankruptcy Counsel From December 4, 2020 Through December 16, 2020; Declarations of Michael Jay Berger and Tuong V. Nguyen in Support Thereof; Statements of Disinterestedness in Support* |

**EXHIBIT "3"**

**PAGE 56**

|  |  |  |
|---|---|---|
|  |  | *Thereof 11 U.S.C. § 327, LBR 2014-1]* Filed by Debtor Heartwise, Inc. (Berger, Michael) (Entered: 12/28/2020) |
| 12/28/2020 | [24](#)<br>(58 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[23](#) Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as as General Bankruptcy Counsel *Application For Order Authorizing Debtor to Employ Former General Bankruptcy Counsel From December 4, 2020 Through December 16, 2020; Declarations of Michael Jay Berger and Tuong V. Nguyen in Support Thereof; Statements of Disinterestedness in Support Thereof 11 U.S.C. § 327, LBR 2014-1]* Filed by Debtor Heartwise, Inc.). (Berger, Michael) (Entered: 12/28/2020) |
| 12/28/2020 | [25](#)<br>(3 pgs) | Withdrawal re: *(1) Application for Order Authorizing Debtor to Employ Former General Bankruptcy Counsel from December 4, 2020 Through December 16, 2020 [Docket No. 23]; and (2) Notice of Opportunity to Request a Hearing on Application [Docket No. 24].* Filed by Debtor Heartwise, Inc. (related document(s)[23](#) Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1) filed by Debtor Heartwise, Inc., [24](#) Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) filed by Debtor Heartwise, Inc.). (Berger, Michael) (Entered: 12/28/2020) |
| 12/28/2020 | [26](#)<br>(35 pgs) | Application to Employ Michael Jay Berger as as General Bankruptcy Counsel *Application for Order Authorizing Debtor to Employ Former General Bankruptcy Counsel from December 4, 2020 Through December 16, 2020; Declaration of Michael Jay Berger and Tuong V. Nguyen in Support Thereof; Statement of Disinterestedness in Support Thereof [11 U.S.C. § 327, LBR 2014-1]* Filed by Debtor Heartwise, Inc. (Berger, Michael) (Entered: 12/28/2020) |
| 12/28/2020 | [27](#)<br>(37 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[26](#) Application to Employ Michael Jay Berger as as General Bankruptcy Counsel *Application for Order Authorizing Debtor to Employ Former General Bankruptcy Counsel from December 4, 2020 Through December 16, 2020; Declaration of Michael Jay Berger and Tuong V. Nguyen in Support Thereof; Statement of Disinterestedness in Support Thereof [11 U.S.C. § 327, LBR 2014-1]* Filed by Debtor Heartwise, Inc.). (Berger, Michael) (Entered: 12/28/2020) |
| 01/06/2021 | [28](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Kim, Monica. (Kim, Monica) (Entered: 01/06/2021) |
| 01/06/2021 | [29](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Karasik, Eve. (Karasik, Eve) (Entered: 01/06/2021) |
| 01/06/2021 | [30](#)<br>(23 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[10](#) Application to Employ Ronald A. Clifford, Esq. as General Insolvency Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 01/06/2021) |
| 01/06/2021 | [31](#)<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ Blakeley LLP as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[10](#) Application to Employ |

**EXHIBIT "3"**

**PAGE 57**

| | | |
|---|---|---|
| | | Blakeley LLP as General Insolvency Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 01/06/2021) |
| 01/06/2021 | [32](#)<br>(5 pgs) | Request for special notice -*[Notice Of Appearance And Request For Service Of Documents (POS Attached)]*- Filed by Creditor Vitamins Online, Inc. (Kim, Monica) (Entered: 01/06/2021) |
| 01/06/2021 | [33](#)<br>(32 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[13](#) Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 01/06/2021) |
| 01/06/2021 | [34](#)<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ Greenberg Traurig, LLP as Special Counsel]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[13](#) Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 01/06/2021) |
| 01/08/2021 | 35 | Order Granting Application for Authorization to Employ Blakeley LLP as General Insolvency Counsel tot he Debtor-In-Possession (BNC-PDF) (Related Doc # [10](#)) Signed on 1/8/2021. (Le, James) (Entered: 01/08/2021) |
| 01/08/2021 | [36](#)<br>(2 pgs) | Order Granting Application for Authorization to Employ Greenberg Traurig, LLP as Special Counsel (BNC-PDF) (Related Doc # [13](#)) Signed on 1/8/2021. (Le, James) (Entered: 01/08/2021) |
| 01/10/2021 | [37](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[35](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/10/2021. (Admin.) (Entered: 01/10/2021) |
| 01/10/2021 | [38](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[36](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/10/2021. (Admin.) (Entered: 01/10/2021) |
| 01/11/2021 | [39](#)<br>(115 pgs) | Opposition to (related document(s): [17](#) Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]* filed by Debtor Heartwise, Inc.) *[Opposition To Debtors Motion To Assume Executory Contract With Robinson Pharma, Inc. Pursuant To 11 U.S.C. § 365(A) And Request For Hearing Thereon Pursuant to Local Rule 9013-1(O)(4); Memorandum Of Points And Authorities; Declaration Of Osman Khan (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 01/11/2021) |
| 01/13/2021 | [40](#)<br>(4 pgs) | Notice of Hearing *[Notice of Hearing on Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 USC 365(a)]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[17](#) Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]* Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 01/13/2021) |
| 01/13/2021 | [41](#)<br>(36 pgs) | Amending Schedules (E/F) *[Amending Schedule E/F, Statement of Financial Affairs, and Master Mailing List]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 01/13/2021) |

**EXHIBIT "3"**

**PAGE 58**

| Date | Doc | Description |
|---|---|---|
| 01/13/2021 | 42 (5 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 01/13/2021) |
| 01/13/2021 | 43 | Hearing Set (RE: related document(s)17 Motion to Assume Lease or Executory Contract filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/8/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/14/2021) |
| 01/15/2021 |  | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(8:20-bk-13335-MW) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52324413. Fee amount 32.00. (re: Doc# 41) (U.S. Treasury) (Entered: 01/15/2021) |
| 01/15/2021 | 44 (43 pgs) | Monthly Operating Report. Operating Report Number: One. For the Month Ending 12/31/2020 Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 01/15/2021) |
| 01/18/2021 | 45 (41 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)26 Application to Employ Michael Jay Berger as as General Bankruptcy Counsel *Application for Order Authorizing Debtor to Employ Former General Bankruptcy Counsel from December 4, 2020 Through December 16, 2020; Declaration of Michael Jay Berger and Tuon). (Berger, Michael) (Entered: 01/18/2021)* |
| 01/19/2021 | 46 | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *[Application Of Non-Resident Attorney To Appear In A Specific Case [LBR 2090-1(b)] (Receipt Attached) (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Kim, Monica) Warning: Item subsequently amended by docket entry no: 48 Modified on 1/19/2021 (Le, James). (Entered: 01/19/2021) |
| 01/19/2021 | 47 (90 pgs) | Declaration re: - *Declaration of Lisa Masse in Support of Opposition to Debtor's Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. § 365(a) and Request for Hearing Thereon Pursuant to Local Rule 9013(o)(4)* - Filed by Creditor Vitamins Online, Inc (RE: related document(s)39 Opposition). (Karasik, Eve) (Entered: 01/19/2021) |
| 01/19/2021 | 48 | Notice to Filer of Error and/or Deficient Document **Document filed with interactive fields. The Filer must "flattened" the PDF before re-uploading the document in CM/ECF. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)46 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 01/19/2021) |
| 01/19/2021 | 49 (7 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule -*[Application of non-resident attorney to appear in a specific case (fixes issue with Docket #46)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 01/19/2021) |
| 01/20/2021 | 50 (4 pgs) | Notice of Appearance and Request for Notice by Steven J. Katzman Filed by Creditor Robinson Pharma, Inc.. (Katzman, Steven) (Entered: 01/20/2021) |

**EXHIBIT "3"**

**PAGE 59**

| 01/20/2021 | 51<br>(4 pgs) | Notice of Appearance and Request for Notice by Anthony Bisconti Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 01/20/2021) |
| 01/20/2021 | 52<br>(4 pgs) | Notice of Appearance and Request for Notice by Carlos A Nevarez Filed by Creditor Robinson Pharma, Inc.. (Nevarez, Carlos) (Entered: 01/20/2021) |
| 01/21/2021 | 53<br>(153 pgs) | Objection (related document(s): 1 Voluntary Petition (Chapter 11) filed by Debtor Heartwise, Inc.) -*[Objections To Debtors Notices Of Setting Insider Compensation To (A) Tuong V. Nguyen, (B) Elaine Le (Phan), And (C) Davidpaul Doyle (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Kim, Monica) (Entered: 01/21/2021) |
| 01/21/2021 | 54<br>(166 pgs) | Request for judicial notice -*[Request For Judicial Notice In Support Of Objections To Debtors Notices Of Setting Insider Compensation To (A) Tuong V. Nguyen, (B) Elaine Le (Phan), And (C) Davidpaul Doyle (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (RE: related document(s)53 Objection). (Kim, Monica) (Entered: 01/21/2021) |
| 01/22/2021 | 55<br>(1 pg) | Order Granting ORDER on application of non-resident attorney (Matthew M. Boley, Cohne Kinghorn, P.C.) to appear in a specific case per Local Bankruptcy rule (BNC-PDF) (Related Doc # 49 ) Signed on 1/22/2021 (Le, James) (Entered: 01/22/2021) |
| 01/24/2021 | 56<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)55 ORDER on application of non-resident attorney to appear in a specific case per Local Bankruptcy rule (BNC-PDF)) No. of Notices: 1. Notice Date 01/24/2021. (Admin.) (Entered: 01/24/2021) |
| 01/26/2021 | 57<br>(2 pgs) | Voluntary Dismissal of Motion Filed by Debtor Heartwise, Inc. (RE: related document(s)17 Motion to Assume Lease or Executory Contract *[Motion to Assume Executory Contract with Robinson Pharma, Inc. Pursuant to 11 U.S.C. 365(a)]*). (Clifford, Ronald) (Entered: 01/26/2021) |
| 01/27/2021 | 58<br>(16 pgs) | Status Report for Chapter 11 Status Conference *[Initial]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 01/27/2021) |
| 02/02/2021 | 59<br>(4 pgs) | List of Equity Security Holders *[Amended List of Equity Security Holders]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 02/02/2021) |
| 02/05/2021 | 60<br>(175 pgs) | Statement -*[Statement By Vitamins Online, Inc. Regarding Debtors Chapter 11 Status Report; Declaration Of Eve H. Karasik (POS Attached)]*- Filed by Creditor Vitamins Online, Inc. (Karasik, Eve). Related document(s) 58 Status Report for Chapter 11 Status Conference filed by Debtor Heartwise, Inc.. Modified on 2/5/2021 (Le, James). (Entered: 02/05/2021) |
| 02/08/2021 | 61<br>(2 pgs) | Order Authorizing Debtor's Application to Employ General Counsel from December 4, 2020 through December 16, 2020 (The Law Offices of Michael Jay Berger) (BNC-PDF) (Related Doc # 26) Signed on 2/8/2021. (Le, James) (Entered: 02/08/2021) |
| 02/08/2021 | 62 | Hearing Held (RE: related document(s)17 Motion to Assume Executory Contract With Robinson Pharma, Inc. Pursuant to 11 U.S.C. Section |

**EXHIBIT "3"**

**PAGE 60**

| | | |
|---|---|---|
| | | 365(a)) OFF CALENDAR - NOTICE OF WITHDRAWAL OF MOTION FILED 1-26-21 (DOCKET NO. 57). (Le, James) (Entered: 02/08/2021) |
| 02/08/2021 | 116 | Hearing Continued (RE: related document(s)67 Motion to Appoint Trustee filed by Creditor Vitamins Online, Inc) OFF CALENDAR - ORDER GRANTING MOTION TO CONTINUE HEARING TO MARCH 24, 2021 AT 9:00 AM ENTERED ON 3/1/2021( DOCKET NO. 97). (Le, James) (Entered: 03/15/2021) |
| 02/09/2021 | 63 (9 pgs) | Application to Employ Trojan Law Offices as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 02/09/2021) |
| 02/09/2021 | 64 (23 pgs) | Declaration re: *[Declaration of R. Joseph Trojan in Support of Application for Authorization to Employ Trojan Law Offices as Special Counsel]* Filed by Debtor Heartwise, Inc. (RE: related document(s)63 Application to Employ Trojan Law Offices as Special Litigation Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 02/09/2021) |
| 02/09/2021 | 65 (30 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)63 Application to Employ Trojan Law Offices as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 02/09/2021) |
| 02/10/2021 | 66 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)61 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 02/10/2021. (Admin.) (Entered: 02/10/2021) |
| 02/10/2021 | 81 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 4/7/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report is Due March 24, 2021. Court to Prepare Order. (Le, James) (Entered: 02/19/2021) |
| 02/11/2021 | 67 (37 pgs) | Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 02/11/2021) |
| 02/11/2021 | 68 | Declaration re: *[Declaration Of Osman Kahn In Support Of Motion For Appointment Of Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (RE: related document(s)67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*-). (Karasik, Eve) (Entered: 02/11/2021) |
| 02/11/2021 | 69 (578 pgs) | Request for judicial notice *[Request For Judicial Notice In Support Of Motion For Appointment Of Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (RE: related document(s)67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*-). (Karasik, Eve) (Entered: 02/11/2021) |
| 02/11/2021 | 70 | Notice of Hearing *[Notice Of Hearing On Motion To Appoint A Chapter* |

**EXHIBIT "3"**

**PAGE 61**

| | (6 pgs) | *11 Trustee (POS Attached)]-* Filed by Creditor Vitamins Online, Inc (RE: related document(s)67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]-* Filed by Creditor Vitamins Online, Inc). (Karasik, Eve) (Entered: 02/11/2021) |
|---|---|---|
| 02/11/2021 | 71 | Hearing Set (RE: related document(s)67 Motion to Appoint Trustee filed by Creditor Vitamins Online, Inc) The Hearing date is set for 3/8/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 02/11/2021) |
| 02/12/2021 | 72<br>(1 pg) | Order Continuing Status Conference to April 7, 2021 at 9:00 AM. An Updated Statues Report is due March 24, 2021 (BNC-PDF) (Related Doc # 1 Status Conference of Chapter 11 Case) Signed on 2/12/2021 (Le, James) (Entered: 02/12/2021) |
| 02/12/2021 | 73<br>(50 pgs; 6 docs) | Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Affidavit Declaration of Elaine Phan # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Affidavit Proof of Service) (Bisconti, Anthony) (Entered: 02/12/2021) |
| 02/14/2021 | 74<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)72 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/14/2021. (Admin.) (Entered: 02/14/2021) |
| 02/15/2021 | 75<br>(3 pgs; 2 docs) | Errata Filed by Creditor Robinson Pharma, Inc. (RE: related document(s)73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit*). (Attachments: # 1 Proof of Service) (Bisconti, Anthony) (Entered: 02/15/2021) |
| 02/15/2021 | 76<br>(41 pgs; 6 docs) | Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robinson Pharma, Inc.) Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Declaration of Elaine Phan # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Proof of Service) (Bisconti, Anthony) (Entered: 02/15/2021) |
| 02/15/2021 | 77 | Hearing Set (RE: related document(s)76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit filed by Creditor Robinson Pharma, Inc.) The Hearing date is set for 3/8/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 02/16/2021) |
| 02/16/2021 | 78<br>(37 pgs) | Monthly Operating Report. Operating Report Number: Two. For the Month Ending 01/31/2021 Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 02/16/2021) |
| 02/18/2021 | 79<br>(2 pgs) | Proof of service *[Proof of Service of Operating Report Number Two]* Filed by Debtor Heartwise, Inc. (RE: related document(s)78 Monthly Operating Report). (Clifford, Ronald) (Entered: 02/18/2021) |

**EXHIBIT "3"**

**PAGE 62**

| | | |
|---|---|---|
| 02/18/2021 | **80**<br>(5 pgs) | Motion for Protective Order *[Motion for Protective Order Pursuant to 11 U.S.C. 107(c) and FRBP 9037 to Restrict Access to Filed Documents Containing Personal Data Identifiers]* Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 02/18/2021) |
| 02/19/2021 | **82**<br>(3 pgs) | Order on Motion for Protective Order Pursuant to 11 U.S.C. Section 107(c) and FRBP 9037 to Restrict Access to Filed Documents Containing Personal Data Identifiers - Docket No. 68 Declaration of Osman Kahn in Support of Motion for Appointment of Chapter 11 Trustee (Exhibit 5) - Vitamins Online, Inc is instructed to file, on or before February 26, 2021, an amended version of the document with personal identifiers redacted. (BNC-PDF) (Related Doc **80**) Signed on 2/19/2021 (Le, James) (Entered: 02/19/2021) |
| 02/19/2021 | **83**<br>(6 pgs) | Response to (related document(s): **67** Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc) *Statement of Position of United States Trustee Regarding Motion by Vitamins Online, Inc. for the Appointment of a Chapter 11 Trustee* Filed by U.S. Trustee United States Trustee (SA) (Goldenberg, Nancy) (Entered: 02/19/2021) |
| 02/21/2021 | **84**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)**82** Order on Motion for Protective Order (BNC-PDF)) No. of Notices: 1. Notice Date 02/21/2021. (Admin.) (Entered: 02/21/2021) |
| 02/22/2021 | **85**<br>(52 pgs) | Supplemental -*[Submission Of Amended Exhibit 5 To Declaration Of Osman Khan Filed In Support Of Motion To Appoint A Chapter 11 Trustee (relates to Docket **68**) (POS Attached)]*- Filed by Creditor Vitamins Online, Inc. (Karasik, Eve) (Entered: 02/22/2021) |
| 02/22/2021 | **86**<br>(42 pgs) | Opposition to (related document(s): **67** Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc) *[Heartwise, Inc.'s Opposition to Motion to Appoint a Chapter 11 Trustee]* Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 02/22/2021) |
| 02/22/2021 | **87**<br>(336 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Heartwise, Inc.'s Opposition to Motion to Appoint a Chapter 11 Trustee]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald). Related document(s) **86** Opposition filed by Debtor Heartwise, Inc.. Modified on 2/23/2021 (Le, James). (Entered: 02/22/2021) |
| 02/22/2021 | **88**<br>(4 pgs) | Brief *[Evidentiary Objection to Admission of Exhibits A and B to Request for Judicial Notice in Support of Motion for Appointment of Chapter 11 Trustee]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald). Related document(s) **67** Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc. Modified on 2/23/2021 (Le, James). (Entered: 02/22/2021) |
| 02/22/2021 | **89**<br>(14 pgs) | Brief *[Evidentiary Objections to and Request to Strike All or Portions of the Declaration of Osman Kahn in Support of Motion for Appointment of Chapter 11 Trustee]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald). Related document(s) **67** Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc, |

**EXHIBIT "3"**

**PAGE 63**

|  |  |  |
|---|---|---|
|  |  | 68 Declaration filed by Creditor Vitamins Online, Inc. Modified on 2/23/2021 (Le, James). (Entered: 02/22/2021) |
| 02/22/2021 | 90 (7 pgs) | Objection (related document(s): 76 Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robins filed by Creditor Robinson Pharma, Inc.) -*[Evidentiary Objections To Declaration Of Elaine Phan In Support Of Motion Of Robinson Pharma, Inc. For An Order Granting: (I) Allowance And Payment Of Administrative Expense Claims Pursuant To 11 U.S.C. § 503(B)(9) And Setoff Against Deposit (Relates to [76-1]) (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 02/22/2021) |
| 02/22/2021 | 91 (27 pgs) | Opposition to (related document(s): 76 Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robins filed by Creditor Robinson Pharma, Inc.) -*[Opposition To Robinson Pharma, Inc.s (A) Request For Payment Of Alleged Administrative Expenses, And (B) Motion To Permit Setoff; Memorandum Of Points And Authorities (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 02/22/2021) |
| 02/22/2021 | 92 (2 pgs) | Notice of Appearance and Request for Notice by K. Luan Tran Filed by Creditor Robinson Pharma, Inc.. (Tran, K. Luan) (Entered: 02/22/2021) |
| 02/22/2021 | 93 (9 pgs) | Response to (related document(s): 67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc) Filed by Creditor Robinson Pharma, Inc. (Tran, K. Luan) (Entered: 02/22/2021) |
| 02/22/2021 | 94 (3 pgs) | Declaration re: *Declaration of Tyler Vissers in Support of Response of Creditor Robinson Pharma, Inc. to Motion to Appoint A Chapter 11 Trustee* Filed by Creditor Robinson Pharma, Inc. (RE: related document(s)93 Response). (Tran, K. Luan) (Entered: 02/22/2021) |
| 02/23/2021 | 95 (40 pgs) | Objection (related document(s): 63 Application to Employ Trojan Law Offices as Special Litigation Counsel to the Debtor-in-Possession filed by Debtor Heartwise, Inc.) -*[Objection To Debtors Application For Authorization To Employ Trojan Law Offices As Special Counsel And Request For Hearing Thereon; Declaration Of Eve H. Karasik (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 02/23/2021) |
| 02/26/2021 | 96 (5 pgs) | Motion to Continue Hearing On (related documents 67 Motion to Appoint Trustee, 73 Generic Motion, 76 Amended Motion) , Stipulation By Heartwise, Inc. and *Robinson Pharma, Inc. and Vitamins Online, Inc.* Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 02/26/2021) |
| 03/01/2021 | 97 (2 pgs) | Order Approving Stipulation to Continue the Hearings on: (1) Motion to Appoint a Chapter 11 Trustee; and (2) Motion of Robinson Pharma, Inc. for an Order Granting: (I) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. Section 503(b)(9) and (II) Setoff Against Deposit - Hearings Continued to March 24, 2021 at 9:00 AM (BNC-PDF) (Related Doc # 96 ) Signed on 3/1/2021 (Le, James) (Entered: 03/01/2021) |

EXHIBIT "3"

PAGE 64

| | | |
|---|---|---|
| 03/03/2021 | **98**<br>(11 pgs) | Motion to Appear pro hac vice *Application of Non-Resident Attorney (Mark M. Maloney) to Appear in a Specific Case [LBR 2090-1(b)], with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (Tran, K. Luan) Modified on 3/3/2021 (Le, James). (Entered: 03/03/2021) |
| 03/03/2021 | **99**<br>(12 pgs) | Motion to Appear pro hac vice *Application of Non-Resident Attorney (Jonathan W. Jordan) to Appear in a Specific Case [LBR 2090-1(b)], with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (Tran, K. Luan) Modified on 3/3/2021 (Le, James). (Entered: 03/03/2021) |
| 03/03/2021 | **100**<br>(5 pgs) | Notice of lodgment -- *Notice Of Lodgment Of Order In Bankruptcy Case Re: Application Of Non-Resident Attorney To Appear In A Specific Case, with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (RE: related document(s)98 Motion to Appear pro hac vice *Application of Non-Resident Attorney to Appear in a Specific Case [LBR 2090-1(b)], with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (Tran, K. Luan)). (Tran, K. Luan) (Entered: 03/03/2021) |
| 03/03/2021 | **101**<br>(5 pgs) | Notice of lodgment -- *Notice Of Lodgment Of Order In Bankruptcy Case Re: Application Of Non-Resident Attorney To Appear In A Specific Case, with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (RE: related document(s)99 Motion to Appear pro hac vice *Application of Non-Resident Attorney to Appear in a Specific Case [LBR 2090-1(b)], with Proof of Service* Filed by Creditor Robinson Pharma, Inc. (Tran, K. Luan)). (Tran, K. Luan) (Entered: 03/03/2021) |
| 03/03/2021 | **102**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)97 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/03/2021. (Admin.) (Entered: 03/03/2021) |
| 03/04/2021 | **103**<br>(1 pg) | Order Granting Application of Non-Residence Attorney (Mark M. Maloney) to Appear in a Specific Case [LBR 2090-1(b)] (BNC-PDF) (Related Doc # 98 ) Signed on 3/4/2021 (Le, James) (Entered: 03/04/2021) |
| 03/04/2021 | **104**<br>(1 pg) | Order Granting Application of Non-Residence Attorney (Jonathan W. Jordan) to Appear in a Specific Case [LBR 2090-1(b)] (BNC-PDF) (Related Doc # 99 ) Signed on 3/4/2021 (Le, James) (Entered: 03/04/2021) |
| 03/04/2021 | **105**<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ DTO Law as Special Counsel]* Filed by Debtor Heartwise, Inc. (RE: related document(s)20 Application to Employ DTO Law as Special Litigation Counsel to the Debtor-in-Possession Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 03/04/2021) |
| 03/04/2021 | **106**<br>(4 pgs) | Notice *[Notice to Professionals of Intended Hearing Date on First Interim Application for Approval of Fees and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 03/04/2021) |
| 03/06/2021 | **107**<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)103 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 03/06/2021. (Admin.) (Entered: 03/06/2021) |

**EXHIBIT "3"**

**PAGE 65**

| | | |
|---|---|---|
| 03/06/2021 | 108<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)104 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 03/06/2021. (Admin.) (Entered: 03/06/2021) |
| 03/08/2021 | 109<br>(7 pgs) | Motion to Set Last Day to File Proofs of Claim *[Notice of Motion and Motion for Order Setting Bar Date for Filing Proofs of Claim [FRBP 3003(c)(3); LBR 3003-1]]* Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 03/08/2021) |
| 03/08/2021 | 110<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Notice of Motion and Motion for Order Setting Bar Date for Filing Proofs of Claim [FRBP 3003(c)(3); LBR 3003-1]]* Filed by Debtor Heartwise, Inc. (RE: related document(s)109 Motion to Set Last Day to File Proofs of Claim *[Notice of Motion and Motion for Order Setting Bar Date for Filing Proofs of Claim [FRBP 3003(c)(3); LBR 3003-1]]* Filed by Debtor Heartwise, Inc.). (Clifford, Ronald) (Entered: 03/08/2021) |
| 03/08/2021 | 111<br>(2 pgs) | Order Setting Bar Date for Filing Proofs of Claim - Bar Date set for May 31, 2021 (BNC-PDF) (Related Doc # 109) Signed on 3/8/2021. Proofs of Claims due by 5/31/2021. (Le, James) (Entered: 03/08/2021) |
| 03/08/2021 | 117 | Hearing Continued (RE: related document(s)76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit filed by Creditor Robinson Pharma, Inc.) OFF CALENDAR - ORDER GRANTING MOTION TO CONTINUE HEARING TO MARCH 24, 2021 AT 9:00 AM ENTERED ON 3/1/2021( DOCKET NO. 97). (Le, James) (Entered: 03/15/2021) |
| 03/10/2021 | 112<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)111 Order on Motion To Set Last Day to File Proofs of Claim (BNC-PDF)) No. of Notices: 1. Notice Date 03/10/2021. (Admin.) (Entered: 03/10/2021) |
| 03/12/2021 | 113<br>(5 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 03/12/2021) |
| 03/15/2021 | 114<br>(28 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)20 Application to Employ DTO Law as Special Litigation Counsel to the Debtor-in-Possession ). (Clifford, Ronald) (Entered: 03/15/2021) |
| 03/15/2021 | 115<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Malo, Aaron. (Malo, Aaron) (Entered: 03/15/2021) |
| 03/15/2021 | 118<br>(23 pgs) | Monthly Operating Report. Operating Report Number: Three. For the Month Ending 02/28/2021 Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) (Entered: 03/15/2021) |
| 03/16/2021 | 119<br>(22 pgs) | Supplemental *[Addendum to Operating Report Number 3]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald). Related document(s) 118 Monthly Operating Report filed by Debtor Heartwise, Inc.. Modified on 3/16/2021 (Le, James). (Entered: 03/16/2021) |
| 03/16/2021 | 120 | Order Granting Application for Authorization to Employ DTO Law as |

**EXHIBIT "3"**

**PAGE 66**

| | | |
|---|---|---|
| | (2 pgs) | Special Counsel (BNC-PDF) (Related Doc # 20) Signed on 3/16/2021. (Le, James) (Entered: 03/16/2021) |
| 03/17/2021 | 121 (9 pgs) | Application of non-resident attorney (William D. Gardner) to appear in a specific case per Local Bankruptcy rule *2090-1(b)* Filed by Interested Party DavidPaul Doyle (Glicksman, Jared) Modified on 3/17/2021 (Le, James). (Entered: 03/17/2021) |
| 03/17/2021 | 122 (4 pgs) | Notice of lodgment Filed by Interested Party DavidPaul Doyle (RE: related document(s)121 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *2090-1(b)* Filed by Interested Party DavidPaul Doyle). (Glicksman, Jared) (Entered: 03/17/2021) |
| 03/17/2021 | 123 (10 pgs) | Application of non-resident attorney (Mark F. Foley) to appear in a specific case per Local Bankruptcy rule *2090-1(b)* Filed by Interested Party DavidPaul Doyle (Glicksman, Jared) Modified on 3/17/2021 (Le, James). (Entered: 03/17/2021) |
| 03/17/2021 | 124 (4 pgs) | Notice of lodgment Filed by Interested Party DavidPaul Doyle (RE: related document(s)123 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *2090-1(b)* Filed by Interested Party DavidPaul Doyle). (Glicksman, Jared) (Entered: 03/17/2021) |
| 03/17/2021 | 125 (6 pgs) | Objection (related document(s): 87 Declaration filed by Debtor Heartwise, Inc.) *[Evidentiary Objections To The Declaration Of Ronald A. Clifford In Support Of Debtors Opposition To Motion To Appoint A Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 03/17/2021) |
| 03/17/2021 | 126 (5 pgs) | Objection (related document(s): 94 Declaration filed by Creditor Robinson Pharma, Inc.) -*[Evidentiary Objections To Declaration Of Tyler Vissers In Support Of Response Of Creditor Robinson Pharma, Inc. To Motion To Appoint A Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 03/17/2021) |
| 03/17/2021 | 127 (16 pgs) | Reply to (related document(s): 89 Brief filed by Debtor Heartwise, Inc.) -*[Response To Evidentiary Objections To And Request To Strike All Or Portions Of The Declaration Of Osman Khan In Support Of Motion For Appointment Of Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 03/17/2021) |
| 03/17/2021 | 128 (6 pgs) | Reply to (related document(s): 88 Brief filed by Debtor Heartwise, Inc.) -*[Response To Evidentiary Objections To Admission Of Exhibits A And B To Request For Judicial Notice In Support Of Motion To Appointment Of Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 03/17/2021) |
| 03/17/2021 | 129 (21 pgs) | Reply to (related document(s): 67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc, 86 Opposition filed by Debtor Heartwise, Inc., 93 Response filed by Creditor Robinson Pharma, Inc.) *[Reply In Support Of Motion To Appoint A Chapter 11 Trustee (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (Karasik, Eve) (Entered: 03/17/2021) |
| 03/17/2021 | 130 (11 pgs) | Reply to (related document(s): 76 Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order* |

**EXHIBIT "3"**

**PAGE 67**

| | | |
|---|---|---|
| | | *Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robins filed by Creditor Robinson Pharma, Inc.) Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 03/17/2021) |
| 03/18/2021 | [131](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[120](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/18/2021. (Admin.) (Entered: 03/18/2021) |
| 03/19/2021 | [132](#) (1 pg) | Order Granting ORDER on application of non-resident attorney (William D. Gardner) to appear in a specific case per Local Bankruptcy rule (BNC-PDF) (Related Doc # [121](#) ) Signed on 3/19/2021 (Le, James) (Entered: 03/19/2021) |
| 03/19/2021 | [133](#) (1 pg) | Order Granting ORDER on application of non-resident attorney (Mark F. Foley) to appear in a specific case per Local Bankruptcy rule (BNC-PDF) (Related Doc # [123](#) ) Signed on 3/19/2021 (Le, James) (Entered: 03/19/2021) |
| 03/20/2021 | [134](#) (45 pgs) | Disclosure Statement *[Disclosure Statement Describing Heartwise, Inc.'s Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.). (Clifford, Ronald) (Entered: 03/20/2021) |
| 03/20/2021 | [135](#) (15 pgs) | Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.). (Clifford, Ronald) (Entered: 03/20/2021) |
| 03/20/2021 | 138 | Hearing Set (RE: related document(s)[134](#) Disclosure Statement Describing Heartwise, Inc's Chapter 11 Plan of Reorganization) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 03/22/2021) |
| 03/21/2021 | [136](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[132](#) ORDER on application of non-resident attorney to appear in a specific case per Local Bankruptcy rule (BNC-PDF)) No. of Notices: 1. Notice Date 03/21/2021. (Admin.) (Entered: 03/21/2021) |
| 03/21/2021 | [137](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[133](#) ORDER on application of non-resident attorney to appear in a specific case per Local Bankruptcy rule (BNC-PDF)) No. of Notices: 1. Notice Date 03/21/2021. (Admin.) (Entered: 03/21/2021) |
| 03/24/2021 | 153 | Hearing Continued (RE: related document(s)[67](#) Motion to Appoint Trustee filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/7/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. (Le, James) (Entered: 03/31/2021) |
| 03/24/2021 | 154 | Hearing Continued (RE: related document(s)[76](#) Amended Motion of |

**EXHIBIT "3"**

**PAGE 68**

| | | |
|---|---|---|
| | | Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit filed by Creditor Robinson Pharma, Inc.) The Hearing date is set for 4/7/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 03/31/2021) |
| 03/25/2021 | 139 (5 pgs) | Status report *[Continued Status Conference Report]* Filed by Debtor Heartwise, Inc. (RE: related document(s) 81 Hearing (Bk Other) Continued). (Clifford, Ronald) (Entered: 03/25/2021) |
| 03/25/2021 | 140 (4 pgs) | Order (A) Continuing Hearings on Motion by Vitamins Online, Inc. for Appointment of Chapter 11 Trustee [Dkt. No. 67 ] and Amended Motion of Robinson Parhma, Inc., for an Order Granting (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. Section 503(b)(9) and (ii) Setoff Against Deposit [Dkt. No. 76 ]; and (B) Setting Hearing on Emergency Motion of Debtor to Approve Settlement Agreement - Hearings are Continued to April 7, 2021 at 9:00 AM. If Settlement Agreement is agreed, Debtor is authorized to set an Emergency Hearing to Approve Settlement Agreement on April. 7, 2021 at 9:00 AM as long as such Emergency Motion is Filed and Served by March 31, 2021 (SEE ORDER FOR FURTHER DETAILS) (BNC-PDF) (Related Doc # 76 ) Signed on 3/25/2021 (Le, James) (Entered: 03/25/2021) |
| 03/25/2021 | 141 (4 pgs) | Notice of Appearance and Request for Notice -*[Amended Notice Of Appearance And Request For Service Of Documents (POS Attached) (Amends Docket 32)]*- by Monica Y Kim Filed by Creditor Vitamins Online, Inc. (Kim, Monica) (Entered: 03/25/2021) |
| 03/26/2021 | 142 (19 pgs) | Application for Compensation *[DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Special Counsel, Period: 12/4/2020 to 3/22/2021, Fee: $2000.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc. (Clifford, Ronald) (Entered: 03/26/2021) |
| 03/26/2021 | 143 (6 pgs) | Declaration re: *[Declaration of William A. Delgado in Support of DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)142 Application for Compensation *[DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Special Counsel, Period: 12/4/2020 to 3/22/2021, Fee: $2000.00, Expenses: $0.00.). (Clifford, Ronald) (Entered: 03/26/2021) |
| 03/26/2021 | 144 (51 pgs) | Application for Compensation for Ronald Clifford, Debtor's Attorney, Period: 12/16/2020 to 3/22/2021, Fee: $157,808.00, Expenses: $1,786.99. Filed by Attorney Ronald Clifford (Clifford, Ronald) (Entered: 03/26/2021) |
| 03/26/2021 | 145 (6 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Blakeley LLP's First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Attorney Blakeley LLP (RE: related document(s)144 Application for Compensation for Ronald Clifford, Debtor's Attorney, Period: 12/16/2020 to 3/22/2021, Fee: $157,808.00, Expenses: $1,786.99.). (Clifford, Ronald) (Entered: 03/26/2021) |
| 03/26/2021 | 146 (5 pgs) | Notice of Hearing *[Notice of Hearings on First Interim Applications for Allowance and Payment of Fees and Reimbursement of Expenses for* |

**EXHIBIT "3"**

**PAGE 69**

| | | |
|---|---|---|
| | | *Ronald A. Clifford and DTO Law]* Filed by Debtor Heartwise, Inc. (RE: related document(s)142 Application for Compensation *[DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Special Counsel, Period: 12/4/2020 to 3/22/2021, Fee: $2000.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc., 144 Application for Compensation for Ronald Clifford, Debtor's Attorney, Period: 12/16/2020 to 3/22/2021, Fee: $157,808.00, Expenses: $1,786.99. Filed by Attorney Ronald Clifford). (Clifford, Ronald) (Entered: 03/26/2021) |
| 03/26/2021 | 147 | Hearing Set (RE: related document(s)142 DTO Law's First Interim Application for Compensation and Reimbursement of Expenses filed by Debtor Heartwise, Inc.) The Hearing date is set for 4/19/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 03/26/2021) |
| 03/26/2021 | 148 | Hearing Set (RE: related document(s)144 Blakeley LLP's First Interim Application for Compensation filed by Attorney Blakeley LLP) The Hearing date is set for 4/19/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 03/26/2021) |
| 03/27/2021 | 149 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)140 Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2021. (Admin.) (Entered: 03/27/2021) |
| 03/29/2021 | 150 (56 pgs) | Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger (Berger, Michael) (Entered: 03/29/2021) |
| 03/29/2021 | 151 (6 pgs) | Notice of Hearing *on Application for Payment of Final Fees and//O Expenses* Filed by Attorney The Law Offices of Michael Jay Berger (RE: related document(s)150 Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger. (Berger, Michael) (Entered: 03/29/2021) |
| 03/29/2021 | 152 | Hearing Set (RE: related document(s)150 Application for Compensation filed by Attorney The Law Offices of Michael Jay Berger) The Hearing date is set for 4/19/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 03/30/2021) |
| 03/31/2021 | 155 (7 pgs) | Notice of Hearing *[Notice of Motion and Motion for Order (1) Approving Disclosure Statement Describing Heartwise, Inc.'s Chapter 11 Plan of Reorganization, and (2) Setting Plan Solicitation and Confirmation Procedures and Deadlines]* Filed by Debtor Heartwise, Inc.. (Clifford, Ronald) Warning: Item subsequently amended by docket entry no: 157 Modified on 3/31/2021 (Le, James). (Entered: 03/31/2021) |
| 03/31/2021 | 156 | Proof of service *[Supplemental Proof of Service of (1) Disclosure* |

**EXHIBIT "3"**

**PAGE 70**

4/27/22, 2:43 PM                                CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

|  |  |  |
|---|---|---|
|  | (2 pgs) | *Statement Describing Heartwise, Inc.'s Chapter 11 Plan of Reorganization, and (2) Heartwise, Inc.'s Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)134 Disclosure Statement, 135 Chapter 11 Plan). (Clifford, Ronald) (Entered: 03/31/2021) |
| 03/31/2021 | 157 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT LOCATED UNDER Bankruptcy Events BK - Motions/Applications -> Approval of chapter 11 disclosure statement (motion).** (RE: related document(s)155 Notice of Hearing filed by Debtor Heartwise, Inc.) (Le, James) (Entered: 03/31/2021) |
| 04/07/2021 | 158 (4 pgs) | Substitution of attorney *substituting The Bankruptcy Law Firm, P.C. in place of Levene, Neale, Bender, Yoo & Brill L.L.P. as counsel for Judgment Creditor Vitamins Online, Inc.* Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 04/07/2021) |
| 04/07/2021 | 167 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report is due May 5, 2021. Court to Prepare Order. (Le, James) (Entered: 04/19/2021) |
| 04/07/2021 | 168 | Hearing Continued (RE: related document(s)76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b) (9) and (ii) Setoff Against Deposit filed by Creditor Robinson Pharma, Inc.) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 04/19/2021) |
| 04/07/2021 | 169 | Hearing Continued (RE: related document(s)67 Motion to Appoint a Chapter 11 Trustee filed by Creditor Vitamins Online, Inc) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Order by Chambers. (Le, James) (Entered: 04/19/2021) |
| 04/08/2021 | 159 (3 pgs) | Withdrawal re: -*[Notice Of Withdrawal Of Amended Notice Of Appearance And Request For Service Of Documents (POS Attached)]*- Filed by Creditor Vitamins Online, Inc (RE: related document(s)141 Notice of Appearance). (Kim, Monica) (Entered: 04/08/2021) |
| 04/09/2021 | 160 (8 pgs) | Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 04/09/2021) |
| 04/09/2021 | 161 (7 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)160 Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R.* |

**EXHIBIT "3"**

**PAGE 71**

| | | |
|---|---|---|
| | | *Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]*). (CLIFFORD, RONALD) (Entered: 04/09/2021) |
| 04/09/2021 | [162](#) (17 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)[160](#) Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 04/09/2021) |
| 04/09/2021 | [163](#) (68 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Seeking relief from stay to proceed in nonbankruptcy proceeding in U.S. District Court to set dollar amount of attorneys' fees/costs which have already been awarded . Fee Amount $188, Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 04/09/2021) |
| 04/09/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:20-bk-13335-MW) [motion,nman] ( 188.00) Filing Fee. Receipt number 52734662. Fee amount 188.00. (re: Doc# [163](#)) (U.S. Treasury) (Entered: 04/09/2021) |
| 04/09/2021 | [164](#) (5 pgs) | Notice of lodgment *of Proposed Order Granting Motion for Relief from Automatic Stay to Proceed in Nonbankruptcy Forum* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[163](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Seeking relief from stay to proceed in nonbankruptcy proceeding in U.S. District Court to set dollar amount of attorneys' fees/costs which have already been awarded . Fee Amount $188, Filed by Creditor Vitamins Online, Inc). (March, Kathleen) (Entered: 04/09/2021) |
| 04/09/2021 | 165 | Hearing Set (RE: related document(s)[163](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM re Vitamins Online, Inc. v. Heartwise, Inc. d/b/a NatureWise filed by Creditor Vitamins Online, Inc) The Hearing date is set for 5/10/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 04/09/2021) |
| 04/15/2021 | [166](#) (44 pgs) | Monthly Operating Report. Operating Report Number: Four. For the Month Ending March 31, 2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 04/15/2021) |
| 04/19/2021 | 170 | Hearing Continued (RE: related document(s)[142](#) Application for Compensation filed [RE: DTO Law - Special Counsel][Fees: $2,000.00; Expenses: $0.00]by Debtor Heartwise, Inc.) The Hearing date is set for 5/24/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 04/26/2021) |
| 04/19/2021 | 171 | Hearing Continued (RE: related document(s)[144](#) Application for Compensation [RE: Blakeley LLP - Debtor's Attorney] [Fee: $157,808.00, Expenses: $1,786.99] filed by Attorney Blakeley LLP) The Hearing date is set for 5/24/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Chambers to Prepare Order. (Le, James) (Entered: 04/26/2021) |

**EXHIBIT "3"**

**PAGE 72**

| | | |
|---|---|---|
| 04/19/2021 | 172 | Hearing Continued (RE: related document(s)150 Application for Compensation [RE: Michael Jay Berger - Former Debtor's Counsel] [Fees: $8,205.00; Expenses: $0.00] filed by Attorney The Law Offices of Michael Jay Berger) The Hearing date is set for 5/24/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 04/26/2021) |
| 04/26/2021 | 173 (146 pgs) | Objection to Claim #3 by Claimant Vitamins Online Inc. in the amount of $ 14,427,000.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 04/26/2021) |
| 04/26/2021 | 174 (151 pgs) | Notice Of Objection to Claim Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)173 Objection to Claim #3 by Claimant Vitamins Online Inc. in the amount of $ 14,427,000.00 Filed by Interested Party Magleby Cataxinos & Greenwood.). (Malo, Aaron) (Entered: 04/26/2021) |
| 04/26/2021 | 175 (34 pgs) | Opposition to (related document(s): 162 Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) filed by Debtor Heartwise, Inc., 163 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Seeking relief from stay to proceed in nonbankruptcy proceeding in U.S. District Court to set dollar amount of attorneys' fe filed by Creditor Vitamins Online, Inc) *[Opposition to Motion for Relief from the Automatic Stay Under 11 USC 362]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 04/26/2021) |
| 04/26/2021 | 176 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ R. Clifford & Associates as General Counsel to the Debtor-in-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)160 Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 04/26/2021) |
| 04/27/2021 | 177 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Perry Isaacson, Misty. (Perry Isaacson, Misty) (Entered: 04/27/2021) |
| 04/27/2021 | 178 (1 pg) | Order Continuing Status Conference to May 12, 2021 at 2:00 PM. An Updated Status Report is Due May 5, 2021. (BNC-PDF) (Related Doc # 1 Status Conference of Chapter 11 Case) Signed on 4/27/2021 (Le, James) (Entered: 04/27/2021) |
| 04/27/2021 | 179 (1 pg) | Order Continuing Hearing to May 24, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 144 Application for Compensation of Blakeley LLP) (Le, James) (Entered: 04/27/2021) |
| 04/27/2021 | 180 (1 pg) | Order Continuing Hearing to May 24, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 142 Application for Compensation re DTO Law) (Le, James) (Entered: 04/27/2021) |
| 04/27/2021 | 181 (1 pg) | Order Continuing Hearing to May 24, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 150 Application of Compensation re Michael Jay Berger) (Le, James) (Entered: 04/27/2021) |

**EXHIBIT "3"**
**PAGE 73**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| 04/28/2021 | 182<br>(1 pg) | Order Continuing Hearing to May 12, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit ) Signed on 4/28/2021 (Le, James) (Entered: 04/28/2021) |
| --- | --- | --- |
| 04/28/2021 | 183<br>(1 pg) | Order Continuing Hearing to May 12, 2021 at 2:00 PM (RE: related document(s)67 Motion to Appoint a Chapter 11 Trustee (BNC-PDF) Signed on 4/28/2021. (Le, James) (Entered: 04/28/2021) |
| 04/28/2021 | 184<br>(46 pgs) | Objection (related document(s): 134 Disclosure Statement filed by Debtor Heartwise, Inc., 135 Chapter 11 Plan filed by Debtor Heartwise, Inc., 138 Hearing (Bk Motion) Set) *Objection of Judgment Creditor Vitamins Online, Inc., to Debtor Heartwise, Inc.'s Disclosure Statement filed 3/20/21 (PACER item 134); this Objection also Objects to Various Fatal Flaws in Debtor's Chapter 11 Plan (PACER item 135) filed 3/20/21, which Make that Plan Unconfirmable; Case Law Says do Not Proceed with Solicitation, Voting and Confirmation Hearing on a Nonconfirmable Plan; Kathleen March Decl. with Exh A; Osman Khan Decl; POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 04/28/2021) |
| 04/28/2021 | 185<br>(89 pgs) | Brief *Further Briefing of Judgment Creditor Vitamins Online, Inc. ("Vitamins") in Support of Vitamins' Motion for Appointment of Chapter 11 Trustee in Heartwise Bankruptcy Case; Kathleen March and Osman Khan Decls. with Exhibits; POS* Filed by Creditor Vitamins Online, Inc (RE: related document(s)67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*-). (March, Kathleen) (Entered: 04/28/2021) |
| 04/28/2021 | 186<br>(6 pgs) | Errata *Fixing Pages 7-8 of Judgment Creditor Vitamins Online, Inc.'s Objection to Debtor Heartwise, Inc.'s Disclosure Statement, where One Paragraph was Out of Place Due to a Clerical Error; Objection was Filed 4/28/21 as Docket Item 184* Filed by Creditor Vitamins Online, Inc (RE: related document(s)184 Objection). (March, Kathleen) (Entered: 04/28/2021) |
| 04/28/2021 | 187<br>(21 pgs) | Opposition to (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robinson Pharma, Inc., 76 Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robins filed by Creditor Robinson Pharma, Inc., 91 Opposition filed by Creditor Vitamins Online, Inc, 168 Hearing (Bk Motion) Continued) *Further Opposition of Judgment Creditor Vitamins Online, Inc. ("Vitamins") Opposing Robinson Pharma's ("RPharma") Motion for Allowance and Payment of Administrative Expense, and for Setoff; Kathleen March Decl. and Exhibits, POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 04/28/2021) |
| 04/28/2021 | 188<br>(3 pgs) | Notice of Change of Address Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 04/28/2021) |
| 04/29/2021 | 189<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)178 ORDER to continue/reschedule hearing (BNC-PDF)) |

**EXHIBIT "3"**

**PAGE 74**

| | | No. of Notices: 1. Notice Date 04/29/2021. (Admin.) (Entered: 04/29/2021) |
|---|---|---|
| 04/29/2021 | [190](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[179](#) Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 04/29/2021. (Admin.) (Entered: 04/29/2021) |
| 04/29/2021 | [191](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[180](#) Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 04/29/2021. (Admin.) (Entered: 04/29/2021) |
| 04/29/2021 | [192](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[181](#) Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 04/29/2021. (Admin.) (Entered: 04/29/2021) |
| 04/30/2021 | [193](#) (79 pgs) | Reply to (related document(s): [163](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Seeking relief from stay to proceed in nonbankruptcy proceeding in U.S. District Court to set dollar amount of attorneys' fe filed by Creditor Vitamins Online, Inc, 165 Hearing (Bk Motion) Set, [175](#) Opposition filed by Debtor Heartwise, Inc.) *Reply of Movant Judgment Creditor Vitamins Online, Inc., Replying to Debtor Heartwise, Inc.'s Opposition to Vitamins' Motion for Relief from Stay; Khan and March Reply Decls. with Exhibit; POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 04/30/2021) |
| 04/30/2021 | [194](#) (122 pgs; 2 docs) | Opposition to (related document(s): [135](#) Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Objection* Filed by Interested Party DavidPaul Doyle (Attachments: # [1](#) Appendix of Non California Authorities) (Glicksman, Jared) Warning: Item subsequently amended by docket entry no: 198 Modified on 5/3/2021 (Le, James). (Entered: 04/30/2021) |
| 04/30/2021 | [195](#) (20 pgs) | Declaration re: *Objection to Proposed Plan of Reorganization* Filed by Interested Party DavidPaul Doyle (RE: related document(s)[194](#) Opposition). (Glicksman, Jared) Warning: Item subsequently amended by docket entry no: 198 Modified on 5/3/2021 (Le, James). (Entered: 04/30/2021) |
| 04/30/2021 | [196](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[182](#) Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2021. (Admin.) (Entered: 04/30/2021) |
| 04/30/2021 | [197](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[183](#) Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2021. (Admin.) (Entered: 04/30/2021) |
| 05/03/2021 | 198 | Notice to Filer of Correction Made/No Action Required: **Other - Incorrect courtroom on caption page. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)[194](#) Opposition filed by Interested Party DavidPaul Doyle, [195](#) Declaration filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 05/03/2021) |
| 05/03/2021 | [199](#) (4 pgs) | Objection (related document(s): [134](#) Disclosure Statement filed by Debtor Heartwise, Inc.) *U.S. Trustees Objection To Debtors Disclosure Statement* |

**EXHIBIT "3"**

**PAGE 75**

| | | |
|---|---|---|
| | | Filed by U.S. Trustee United States Trustee (SA) (Goldenberg, Nancy) (Entered: 05/03/2021) |
| 05/05/2021 | [200](#) (30 pgs) | Reply to (related document(s): [155](#) Notice of Hearing filed by Debtor Heartwise, Inc.) *[Omnibus Reply to Oppositions to Motion for Order (1) Approving Disclosure Statement Describing Heartwise, Inc.'s Chapter 11 Plan of Reorganization, and (2) Setting Plan Solicitation and Confirmation Procedures and Deadlines]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 05/05/2021) |
| 05/05/2021 | [201](#) (32 pgs; 2 docs) | Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[135](#) Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # [1](#) [Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (Redlined)])(CLIFFORD, RONALD) (Entered: 05/05/2021) |
| 05/05/2021 | [202](#) (79 pgs; 2 docs) | Amended Disclosure Statement *[First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[134](#) Disclosure Statement *[Disclosure Statement Describing Heartwise, Inc.'s Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # [1](#) [First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (Redline)])(CLIFFORD, RONALD) (Entered: 05/05/2021) |
| 05/05/2021 | [203](#) (20 pgs) | Response to (related document(s): [67](#) Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]-* filed by Creditor Vitamins Online, Inc) *[Heartwise, Inc.'s Response to Further Briefing of Judgment Creditor Vitamins Online, Inc. in Support of Vitamins' Motion for Appointment of Chapter 11 Trustee in Heartwise Bankruptcy Case]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 05/05/2021) |
| 05/05/2021 | [204](#) (6 pgs) | Status report *[Continued Status Conference Report]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[178](#) ORDER to continue/reschedule hearing (BNC-PDF)). (CLIFFORD, RONALD) (Entered: 05/05/2021) |
| 05/05/2021 | [205](#) (8 pgs) | Reply to (related document(s): [73](#) Motion of *Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robinson Pharma, Inc., [91](#) Opposition filed by Creditor Vitamins Online, Inc, [130](#) Reply filed by Creditor Robinson Pharma, Inc., [187](#) Opposition filed by Creditor Vitamins Online, Inc) *[Response to Supplemental Opposition of Vitamins Online, Inc.]* Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 05/05/2021) |
| 05/05/2021 | [206](#) (4 pgs) | Reply to (related document(s): [67](#) Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]-* filed by Creditor Vitamins |

**EXHIBIT "3"**

**PAGE 76**

| | | |
|---|---|---|
| | | Online, Inc, 93 Response filed by Creditor Robinson Pharma, Inc., 129 Reply filed by Creditor Vitamins Online, Inc, 185 Brief filed by Creditor Vitamins Online, Inc) *[Response to Supplemental Briefing of Vitamins Online, Inc.]* Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 05/05/2021) |
| 05/06/2021 | 207 (5 pgs) | Objection (related document(s): 202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.) *Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Amended Disclosure Statement (with Amended Plan) Being Heard on 5/12/21, Because That is Untimely; CD CA LBR 3017-1(a) and (b) Require a Disclosure Statement Be Filed 42 Days Before Hearing Date, and That Parties Wishing to File Objections Have Until 14 Days Before Hearing to File Objections* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/06/2021) |
| 05/06/2021 | 208 (6 pgs) | Objection (related document(s): 67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc, 185 Brief filed by Creditor Vitamins Online, Inc, 203 Response filed by Debtor Heartwise, Inc.) *Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, inc., to Attachments to Heartwise, Inc.'s Response to Further Briefing Filed 5/5/21 re: Appointment of Chapter 11 Trustee, Because Those Attachments are Not Authenticated, POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/06/2021) |
| 05/06/2021 | 209 | Hearing Set (RE: related document(s)208 Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Attachments to Heartwise, Inc.'s Response to Further Briefing Filed 5-5-21 re: Appointment of Chapter 11 Trustee, Because Those Attachments Are Not Authenticated) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/07/2021) |
| 05/06/2021 | 210 | Hearing Set (RE: related document(s)207 Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Amended Disclosure Statement (with Amended Plan) Being Heard on 5/12/21, Because That is Untimely; CD CA LBR 3017-1(a) and (b) Require a Disclosure Statement Be Filed 42 Days Before Hearing Date, and That Parties Wishing to File Objections Have Until 14 Days Before Hearing to File Objection) The Hearing date is set for 5/12/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/07/2021) |
| 05/07/2021 | 211 (7 pgs) | Objection (related document(s): 67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- filed by Creditor Vitamins Online, Inc, 185 Brief filed by Creditor Vitamins Online, Inc, 203 Response filed by Debtor Heartwise, Inc.) *Second Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Specified Text in Heartwise, Inc.'s Response filed 5/5/21 (Opposing Appointment of Chapter 11 Trustee), Because the Text Objected to is Not Supported by Any Declaration; it is Argument Only, POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/07/2021) |
| 05/10/2021 | 212 (40 pgs; 2 docs) | Adversary case 8:21-ap-01019. Complaint by DavidPaul Doyle against Robinson Pharma, Inc., Ernesty LLC, Alpha Health Research. Fee Amount $350 (Attachments: # 1 Summons) Nature of Suit: (81 |

EXHIBIT "3"

PAGE 77

| | | |
|---|---|---|
| | | (Subordination of claim or interest)) (Glicksman, Jared) (Entered: 05/10/2021) |
| 05/10/2021 | 233 | Hearing Held (RE: related document(s)163 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM (Vitamins Online, Inc. v. Heartwise, Inc. d/b/a NatureWise) filed by Creditor Vitamins Online, Inc) Motion Denied without Prejudice. Order by Respondent. (Le, James) (Entered: 05/17/2021) |
| 05/12/2021 | 213 (1 pg) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule - *Jeffrey W. Shields* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 215 Modified on 5/12/2021 (Le, James). (Entered: 05/12/2021) |
| 05/12/2021 | 214 (4 pgs) | Notice of lodgment *of order* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)213 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule - *Jeffrey W. Shields* Filed by Interested Party Magleby Cataxinos & Greenwood). (Malo, Aaron) (Entered: 05/12/2021) |
| 05/12/2021 | 215 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. No Application was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)213 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 05/12/2021) |
| 05/12/2021 | 216 (10 pgs) | Amended Application (related document(s): 213 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule - *Jeffrey W. Shields* filed by Interested Party Magleby Cataxinos & Greenwood) *[Attaching correct document per Court instructions]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 05/12/2021) |
| 05/12/2021 | 241 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 05/19/2021) |
| 05/12/2021 | 242 | Hearing Continued (RE: related document(s)76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit) The Hearing date is set for 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 05/19/2021) |
| 05/12/2021 | 243 | Hearing Continued (RE: related document(s)67 Motion to Appoint a Chapter 11 Trustee filed by Creditor Vitamins Online, Inc) The Hearing date is set for 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 05/19/2021) |

**EXHIBIT "3"**

**PAGE 78**

| 05/12/2021 | 244 | Hearing Continued (RE: related document(s)202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.) Status hearing to be held on 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Objections to Disclosure Statement are due June 18, 2021. Replies to Objections are due July 2, 2021. Court to Prepare Order. (Le, James) (Entered: 05/19/2021) |
| 05/12/2021 | 245 | Hearing Continued (RE: related document(s)208 Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Attachments to Heartwise, Inc.'s Response to Further Briefing Filed 5-5-21 RE: Appointment of Chapter 11 Trustee, Because Those Attachments Are Not Authenticate) The Hearing date is set for 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/19/2021) |
| 05/12/2021 | 246 | Hearing Continued (RE: related document(s)207 Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Amended Disclosure Statement (with Amended Plan) Being Heard on 5/12/21, Because That is Untimely; CD CA LBR 3017-1(a) and (b) Require a Disclosure Statement Be Filed 42 Days Before Hearing Date, and That Parties Wishing to File Objections Have Until 14 Days Before Hearing to File Objections) The Hearing date is set for 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 05/19/2021) |
| 05/13/2021 | 217 (1 pg) | Order Continuing Status Conference to July 14, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | 218 (1 pg) | Order Continuing Hearing re Amended Motion of Robinson Pharma Inc. to July 14, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | 219 (1 pg) | Order Continuing Hearing re Motion to Appoint a Chapter 11 Trustee to July 14, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 67 Motion To Appoint A Chapter 11 Trustee) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | 220 (2 pgs) | Order Continuing Disclosure Statement Hearing to July 14, 2021 at 2:00 PM. Objections to First Amended Disclosure Statement are due June 18, 2021. Replies to Objections are due July 2, 2021. (BNC-PDF) (Related Doc # 202 First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | 221 (2 pgs) | Order Continuing Hearing re Evidentiary Objections and Motion to Strike to July 14, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 208 Evidentiary Objection and Motion to Strike, Of Judgment Creditor Vitamins Online, Inc., to Attachments to Heartwise, Inc.'s Response to Further Briefing filed 5-5-21 RE: Appointment of Chapter 11 Trustee, Because Those Attachments Are Not Authenticated, 211 Second Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Specified Text in Heartwise, Inc's Response Filed 5-5-21 (Opposing |

| | | |
|---|---|---|
| | | Appointment of Chapter 11 Trustee), Because the Text Objected to is Not Supported by Any Declaration, It is Argument Only)) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | [222](#)<br>(1 pg) | Order Continuing Hearing re: Objection of Vitamins Online Inc to Amended Disclosure Statement to July 14, 2021 at 2:00 PM (BNC-PDF) (Related Doc # [207](#) Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Amended Disclosure Statement (with Amended Plan) Being Heard on 5/12/21, Because That is Untimely; CD CA LBR 3017-1(a) and (b) Require a Disclosure Statement Be Filed 42 Days Before Hearing Date, and That Parties Wishing to File Objections Have Until 14 Days Before Hearing to File Objections) Signed on 5/13/2021 (Le, James) (Entered: 05/13/2021) |
| 05/13/2021 | 223 | Hearing Set (RE: related document(s)[211](#) Second Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Specified Text in Heartwise, Inc's Response Filed 5-5-21 (Opposing Appointment of Chapter 11 Trustee), Because the Text Objected to is Not Supported by Any Declaration, It is Argument Only) The Hearing date is set for 7/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/13/2021) |
| 05/14/2021 | [224](#)<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Motion for Relief from the Automatic Stay Under 11 U.S.C. 362]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[163](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Seeking relief from stay to proceed in nonbankruptcy proceeding in U.S. District Court to set dollar amount of attorneys' fees/costs which have already been awarded . Fee Amount $188, Filed by Creditor Vitamins Online, Inc) (CLIFFORD, RONALD) (Entered: 05/14/2021) |
| 05/15/2021 | [225](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[217](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/15/2021 | [226](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[218](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/15/2021 | [227](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[219](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/15/2021 | [228](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[220](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/15/2021 | [229](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[221](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/15/2021 | [230](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[222](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |

**EXHIBIT "3"**

**PAGE 80**

| Date | Doc | Description |
|---|---|---|
| 05/17/2021 | 231 (1 pg) | Order Granting Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule - (Jeffrey W. Shields) filed by Interested Party Magleby Cataxinos & GreenwoodBNC-PDF) (Related Doc # 216 ) Signed on 5/17/2021 (Le, James) (Entered: 05/17/2021) |
| 05/17/2021 | 232 (2 pgs) | Order Denying motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 163 ) Signed on 5/17/2021 (Le, James) (Entered: 05/17/2021) |
| 05/17/2021 | 234 (45 pgs) | Monthly Operating Report. Operating Report Number: Five. For the Month Ending April 30, 2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 05/17/2021) |
| 05/17/2021 | 235 (8 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 05/17/2021) |
| 05/17/2021 | 236 (6 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)235 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 05/17/2021) |
| 05/17/2021 | 237 (5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)235 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Pla). (CLIFFORD, RONALD) (Entered: 05/17/2021)* |
| 05/17/2021 | 238 | Hearing Set (RE: related document(s)235 Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 6/7/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/18/2021) |
| 05/18/2021 | 239 (4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)142 Application for Compensation *[DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Special Counsel, Period: 12/4/2020 to 3/22/2021, Fee: $2000.00, Expenses: $0.00.). (CLIFFORD, RONALD) (Entered: 05/18/2021) |
| 05/18/2021 | 240 (4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Blakeley LLP's First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)144 Application for Compensation for Ronald Clifford, Debtor's Attorney, |

**EXHIBIT "3"
PAGE 81**

| | | Period: 12/16/2020 to 3/22/2021, Fee: $157,808.00, Expenses: $1,786.99.). (CLIFFORD, RONALD) (Entered: 05/18/2021) |
|---|---|---|
| 05/19/2021 | 247 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)231 Order on Motion to Amend Application (BNC-PDF)) No. of Notices: 1. Notice Date 05/19/2021. (Admin.) (Entered: 05/19/2021) |
| 05/19/2021 | 248 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)232 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 05/19/2021. (Admin.) (Entered: 05/19/2021) |
| 05/20/2021 | 249 (2 pgs) | Notice of Appearance and Request for Notice by Seth A Safier Filed by Creditor Martha Valentine. (Safier, Seth) (Entered: 05/20/2021) |
| 05/24/2021 | 250 (32 pgs) | Opposition to (related document(s): 235 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Pla filed by Debtor Heartwise, Inc.) Opposition of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Motion to Extend 180 Day Exclusivity Period; Declarations of Osman Khan and Kathleen P. March, Esq. with Exhibits; POS Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/24/2021)* |
| 05/24/2021 | 251 (44 pgs) | Motion *Martha Valentines Notice Of Motion And Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass; Memorandum Of Points And Authorities; Proof Of Service* Filed by Creditor Martha Valentine (Safier, Seth) Modified on 5/24/2021 (Le, James). (Entered: 05/24/2021) |
| 05/24/2021 | 252 (112 pgs) | Declaration re: *Declaration Of Seth A. Safier In Support Of Martha Valentines Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass* Filed by Creditor Martha Valentine (RE: related document(s)251 Motion *Martha Valentines Notice Of Motion And Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass; Memorandum Of Points And Authorities; Proof Of Service* ). (Safier, Seth) Modified on 5/24/2021 (Le, James). (Entered: 05/24/2021) |
| 05/24/2021 | 253 (8 pgs) | Declaration re: *Declaration Of Martha Valentine In Support Of Martha Valentines Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass* Filed by Creditor Martha Valentine (RE: related document(s)251 Motion *Martha Valentines Notice Of Motion And Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass; Memorandum Of Points And Authorities; Proof Of Service* ). (Safier, Seth) Modified on 5/24/2021 (Le, James). (Entered: 05/24/2021) |
| 05/24/2021 | 254 | Hearing Set (RE: related document(s)251 Martha Valentines Notice Of Motion And Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass; Memorandum Of Points And Authorities; Proof Of Service filed by Creditor Martha Valentine) The Hearing date is set for 6/14/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/24/2021) |

**EXHIBIT "3"**

**PAGE 82**

| 05/24/2021 | 255 (16 pgs) | Objection (related document(s): 235 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Pla filed by Debtor Heartwise, Inc.) Filed by Interested Party DavidPaul Doyle (Glicksman, Jared) (Entered: 05/24/2021)* |
|---|---|---|
| 05/24/2021 | 280 | Hearing Held (RE: related document(s)142 First Interim Application for Compensation and Reimbursement of Expenses from the Period of December 4, 2020 to March 22, 2021 [RE: DTO Law - Special Counsel] [Fees: $2,000.00; Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted and Allow on an Interim Basis. DIP to Lodged a Single Order. (Le, James) (Entered: 06/01/2021) |
| 05/24/2021 | 281 | Hearing Held (RE: related document(s)144 First Interim Application for Compensation and Reimbursement of Expenses from the Period of December 16, 2020 to March 22, 2021 filed by Attorney Blakeley LLP [RE: Blakeley LLP - Debtor's Attorney] [Fee: $157,808.00, Expenses: $1,786.99]) Application Granted and Allow on an Interim Basis. DIP to Lodged a Single Order. (Le, James) (Entered: 06/01/2021) |
| 05/24/2021 | 282 | Hearing Held (RE: related document(s)150 First and Final Application for Compensation and Reimbursement of Expenses from the Period of December 5, 2020 to December 16, 2020 filed by Attorney The Law Offices of Michael Jay Berger [RE: Michael Jay Berger - Former Debtor's Counsel][Fees: $8,205.00; Expenses: $0.00]) Application Granted and Allow on an Interim Basis. DIP to Lodged a Single Order. (Le, James) (Entered: 06/01/2021) |
| 05/25/2021 | 256 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)160 Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 05/25/2021) |
| 05/25/2021 | 257 (17 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)160 Application to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-in-Possession *[Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession]*). (CLIFFORD, RONALD) (Entered: 05/25/2021) |
| 05/25/2021 | 258 (5 pgs) | Notice of lodgment Filed by Debtor Heartwise, Inc. (RE: related document(s)142 Application for Compensation *[DTO Law's First Interim Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Special Counsel, Period: 12/4/2020 to 3/22/2021, Fee: $2000.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc., 144 Application for Compensation for Ronald Clifford, Debtor's Attorney, Period: 12/16/2020 to 3/22/2021, Fee: $157,808.00, Expenses: $1,786.99. Filed by Attorney Ronald Clifford, 150 Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support* |

**EXHIBIT "3"**

**PAGE 83**

|  |  |  |
|---|---|---|
|  |  | *Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger). (CLIFFORD, RONALD) (Entered: 05/25/2021) |
| 05/26/2021 | [259](#) (2 pgs) | Order Granting: (1) Blakely LLP's First Interim Application for Compensation and Reimbursement of Expenses; (2) DTO Law's First Interim Application for Compensation and Reimbursement of Expenses; and (3) First and Final Application for Compensation and Reimbursement of Expenses of Law Offices of Michael Jay Berger - for Blakeley LLP, Debtor's Attorney, Period: 12/16/2020 to 3/22/2021, Fees awarded: $157808.00, Expenses awarded: $1786.99; for DTO Law, Special Counsel, Period: 12/4/2020 to 3/22/2021, Fees awarded: $2000.00, Expenses awarded: $0.00; for The Law Offices of Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fees awarded: $8205.00, Expenses awarded: $0.00; Awarded on 5/26/2021 (BNC-PDF) Signed on 5/26/2021. (RE: related document(s)[142](#), [144](#), [150](#)) (Le, James) (Entered: 05/26/2021) |
| 05/26/2021 | [260](#) (82 pgs) | Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | [261](#) (5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Motion for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[260](#) Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]*). (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | [262](#) (7 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[260](#) Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]*). (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | [263](#) (4 pgs) | Application shortening time *[Application for Order Setting Hearing on Shortened Notice]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | [264](#) (5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Application for Order Setting Hearing on Shortened Notice]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[263](#) Application shortening time *[Application for Order Setting Hearing on Shortened Notice]*). (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | [265](#) (7 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Granting Application and Setting Notice]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[263](#) Application shortening time |

**EXHIBIT "3"**

**PAGE 84**

| | | |
|---|---|---|
| | | *[Application for Order Setting Hearing on Shortened Notice]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 05/26/2021) |
| 05/26/2021 | 266<br>(23 pgs) | Opposition to (related document(s): 260 Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* filed by Debtor Heartwise, Inc., 263 Application shortening time *[Application for Order Setting Hearing on Shortened Notice]* filed by Debtor Heartwise, Inc.) *Opposition of Judgment Creditor Vitamins Online, Inc., Opposing Debtor Heartwises Motion (Pacer 260) Filed Today (5/26/21) That Moves Court To Prevent Vitamins From Taking Duly Noticed, Highly Relevant, Depositions (Subpoenas Duly Served) Of 3 Non-Party Witnesses: Qualinutra, Alpha Health Research And Doyle; Court Should Deny Heartwises Motion Because Heartwise Lacks Standing to Move to Prevent Nonparty Depositions, and Because Heartwises Motion Has No Valid Grounds gor The Court Preventing Vitamins From Taking These Depositions That Are Highly Relevant To 3 Contested Matters; With Kathleen P. March, Esq. Declaration* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/26/2021) |
| 05/27/2021 | 267<br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice and Staying All Discovery Pending Hearing - Hearing set for June 7, 2021 at 2:00 PM. All Discovery in this Bankruptcy Case of Any Kind, Type, Nature or Form is Hereby Stayed Effective as of the Date and Time Of Entry of This Order. The Stay Continues Through and Including the Date Of The Hearing in this Matter (June 7, 2021). Please See Order For Further Dates and Details (BNC-PDF) (Related Doc # 263 Application for Order Setting Hearing on Shortened Notice) Signed on 5/27/2021 (Le, James) (Entered: 05/27/2021) |
| 05/27/2021 | 268 | Hearing Set (RE: related document(s)260 Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement filed by Debtor Heartwise, Inc.) The Hearing date is set for 6/7/21 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 05/27/2021) |
| 05/27/2021 | 269<br>(27 pgs) | Opposition to (related document(s): 260 Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* filed by Debtor Heartwise, Inc., 266 Opposition filed by Creditor Vitamins Online, Inc, 267 Order (Generic) (BNC-PDF), 268 Hearing (Bk Motion) Set) *Opposition Originally Filed 5/26/21, But With 5/27/21 Update Added-- of Judgment Creditor Vitamins Online, Inc., Opposing Debtor Heartwises Motion (Pacer 260) That Moves Court to Prevent Vitamins From Taking Duly Noticed, Highly Relevant, Depositions (Subpoenas Duly Served) of 3 Non-Party Witnesses: Qualinutra, Inc., Alpha Health Research and Doyle; Court Should Deny Heartwises Motion Because Heartwise Lacks Standing to Move to Prevent Nonparty Depositions, and Because Heartwises Motion Has No Valid Grounds For the Court Preventing Vitamins From Taking These Depositions That are Highly Relevant to 3 Contested Matters; with Kathleen P. March, Esq. Declaration, POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 05/27/2021) |
| 05/28/2021 | 270<br>(3 pgs) | Notice of Hearing *[Notice of Hearing on Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee* |

**EXHIBIT "3"**

**PAGE 85**

| | | |
|---|---|---|
| | | *Motion and 503(b)(9) Motion and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)260 Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 05/28/2021) |
| 05/28/2021 | 271<br>(4 pgs) | Proof of service *[Proof of Service of Notice of Hearing on Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)270 Notice of Hearing). (CLIFFORD, RONALD) (Entered: 05/28/2021) |
| 05/28/2021 | 272<br>(1 pg) | Transcript Order Form, regarding Hearing Date 04/07/21 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 05/28/2021) |
| 05/28/2021 | 273 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-12. RE Hearing Date: 04/07/2021, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)272 Transcript Order Form (Public Request) filed by Debtor Heartwise, Inc.) (Le, James) (Entered: 05/28/2021) |
| 05/28/2021 | 274<br>(31 pgs; 2 docs) | Declaration of Seth A. Safier in Support of Class Proof of Claim of Martha Valentine *Claim # 10* Filed by Creditor Martha Valentine. (Attachments: # 1 Exhibit 1) (Safier, Seth) (Entered: 05/28/2021) |
| 05/28/2021 | 275<br>(4 pgs) | Supplemental *Joinder to Debtor's Motion for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement [Dkt. No. 260]* Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) Modified on 5/28/2021 (Le, James). (Entered: 05/28/2021) |
| 05/28/2021 | 276<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)259 Order of Distribution (BNC-PDF) filed by Attorney The Law Offices of Michael Jay Berger, Attorney Blakeley LLP, Special Counsel DTO Law) No. of Notices: 1. Notice Date 05/28/2021. (Admin.) (Entered: 05/28/2021) |
| 05/29/2021 | 277<br>(146 pgs) | Objection to Claim #3 by Claimant Vitamins Online, Inc. in the amount of $ 14,426,972.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 05/29/2021) |
| 05/29/2021 | 278<br>(101 pgs) | Objection to Claim #8 by Claimant Vitamins Online, Inc. in the amount of $ 34,000,000.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 05/29/2021) |
| 05/29/2021 | 279<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)267 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/29/2021. (Admin.) (Entered: 05/29/2021) |
| 06/01/2021 | 283<br>(8 pgs) | Opposition to (related document(s): 251 Motion *Martha Valentines Notice of Motion and Motion for Entry of an Order Applying Bankruptcy Rule 7023 to Her Class Proofs of Claim and Certifying the Class and Subclass;* |

**EXHIBIT "3"**

**PAGE 86**

| | | |
|---|---|---|
| | | *Memorandum of Points and Authorities; Proof of Service* filed by Creditor Martha Valentine) *[Opposition to Motion for Entry of an Order Applying Bankruptcy Rule 7023 to Class Proofs of Claim and Certifying the Class and Subclass]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 06/01/2021) |
| 06/01/2021 | 284 (8 pgs) | Reply to (related document(s): 250 Opposition filed by Creditor Vitamins Online, Inc, 255 Objection filed by Interested Party DavidPaul Doyle) *[Heartwise, Inc.'s Omnibus Reply to Opposition to Motion for an Order Pursuant to 11 USC 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 06/01/2021) |
| 06/02/2021 | 285 (2 pgs) | Order Granting Application for Authorization to Employ R. Clifford & Associates as General Insolvency Counsel to the Debtor-In-Possession (BNC-PDF) (Related Doc # 160) Signed on 6/2/2021. (Le, James) (Entered: 06/02/2021) |
| 06/02/2021 | 286 (4 pgs) | Objection & Motion (related document(s): 284 Reply filed by Debtor Heartwise, Inc.) *Vitamins Online, Inc.'s Evidentiary Objection to, and Motion to Strike, Heartwise's Reply (PACER item 284, filed 6/1/21) to Vitamins' Opposition to Heartwise's Motion to Extend 180 day Exclusivity Period* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 06/02/2021) |
| 06/02/2021 | 287 | Hearing Set (RE: related document(s)286 Evidentiary Objection to, and Motion to Strike, Heartwise's Reply (PACER item 284, filed 6/1/21) to Vitamins' Opposition to Heartwise's Motion to Extend 180 day Exclusivity Period) The Hearing date is set for 6/7/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 06/03/2021) |
| 06/03/2021 | 288 (19 pgs) | Transcript regarding Hearing Held 04/07/21 RE: Status Conference. Remote electronic access to the transcript is restricted until 09/1/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590 echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 6/10/2021. Redaction Request Due By 06/24/2021. Redacted Transcript Submission Due By 07/6/2021. Transcript access will be restricted through 09/1/2021. (Jauregui, Tara) (Entered: 06/03/2021) |
| 06/03/2021 | 289 (1 pg) | Transcript Order Form, regarding Hearing Date 05/12/21 Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 06/03/2021) |
| 06/03/2021 | 290 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-13. RE Hearing Date: 05/12/21, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)289 Transcript Order Form (Public Request) filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 06/03/2021) |
| 06/03/2021 | 291 (25 pgs) | Reply to (related document(s): 266 Opposition filed by Creditor Vitamins Online, Inc, 269 Opposition filed by Creditor Vitamins Online, Inc) Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 06/03/2021) |

**EXHIBIT "3"**

**PAGE 87**

| | | |
|---|---|---|
| 06/03/2021 | 292 (24 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Reply to Opposition to Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)291 Reply). (CLIFFORD, RONALD) (Entered: 06/03/2021) |
| 06/03/2021 | 293 (3 pgs) | Joinder of QualiNutra, Inc. and Alpha Health Research, Inc. (Aka DRM) to Motion of Heartwise, Inc. for Order: (1) Clarifying That Discovery Has Closed On the Chapter 11 Trustee Motion And 503(B)(9) Motion; and (2) Prohibiting Discovery In Connection With The Disclosure Statement Filed by Interested Parties Alpha Health Research, Inc., QualiNutra, Inc. (Tran, K. Luan). Related document(s) 260 Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* filed by Debtor Heartwise, Inc.. Modified on 6/4/2021 (Le, James). (Entered: 06/03/2021) |
| 06/04/2021 | 294 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)285 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/04/2021. (Admin.) (Entered: 06/04/2021) |
| 06/07/2021 | 295 (13 pgs) | Transcript regarding Hearing Held 05/12/21 RE: Status Conference. Remote electronic access to the transcript is restricted until 09/7/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590 echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 6/14/2021. Redaction Request Due By 06/28/2021. Redacted Transcript Submission Due By 07/8/2021. Transcript access will be restricted through 09/7/2021. (Jauregui, Tara) (Entered: 06/07/2021) |
| 06/07/2021 | 296 (16 pgs) | Reply to (related document(s): 283 Opposition filed by Debtor Heartwise, Inc.) Filed by Creditor Martha Valentine (Safier, Seth) (Entered: 06/07/2021) |
| 06/07/2021 | 297 (39 pgs) | Declaration re: *Reply* Filed by Creditor Martha Valentine (RE: related document(s)251 Motion *MARTHA VALENTINES NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER APPLYING BANKRUPTCY RULE 7023 TO HER CLASS PROOFS OF CLAIM AND CERTIFYING THE CLASS AND SUBCLASS; MEMORANDUM OF POINTS AND AUTHORITIES; PROOF OF SERVICE*). (Safier, Seth) (Entered: 06/07/2021) |
| 06/07/2021 | 317 | Hearing Held (RE: related document(s)235 Motion to Extend/Limit Exclusivity Period filed by Debtor Heartwise, Inc.) - Grant and extend deadline for soliciting acceptances to September 30, 2021; Movant to submit form of order (Mccall, Audrey) (Entered: 06/22/2021) |
| 06/07/2021 | 318 | Hearing Held RE: Evidentiary Objection to and Motion to Strike, Heartwise's Reply to Vitamins' Opposition to Heartwise's Motion to Extend 180 Day Exclusivity Period (RE related document 286) - Motion Denied; Respondent to submit form of order (Mccall, Audrey) (Entered: 06/22/2021) |
| 06/07/2021 | 319 | Hearing Held (RE: related document(s)260 Generic Motion filed by |

**EXHIBIT "3"**

**PAGE 88**

| | | |
|---|---|---|
| | | Debtor Heartwise, Inc.) - Grant; Respondent to submit form of order (Mccall, Audrey) (Entered: 06/22/2021) |
| 06/08/2021 | 298 (1 pg) | Transcript Order Form, regarding Hearing Date 06/07/21 Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 06/08/2021) |
| 06/08/2021 | 299 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-14. RE Hearing Date: 06/7/2021, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)298 Transcript Order Form (Public Request) filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 06/08/2021) |
| 06/10/2021 | 300 (35 pgs) | Transcript regarding Hearing Held 06/07/21 RE: Motion of Heartwise clarifying that discovery has closed. Remote electronic access to the transcript is restricted until 09/8/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590 echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 6/17/2021. Redaction Request Due By 07/1/2021. Redacted Transcript Submission Due By 07/12/2021. Transcript access will be restricted through 09/8/2021. (Jauregui, Tara) (Entered: 06/10/2021) |
| 06/14/2021 | 301 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Denying Vitamins Online, Inc.'s Evidentiary Objection to, and Motion to Strike, Heartwise's Reply (PACER ITEM 284 FILED 6/1/21) to Vitamins' Opposition to Heartwise's Motion to Extend 180 Day Exclusivity Period]* Filed by Debtor Heartwise, Inc. (RE: related document(s)286 Objection & Motion (related document(s): 284 Reply filed by Debtor Heartwise, Inc.) *Vitamins Online, Inc.'s Evidentiary Objection to, and Motion to Strike, Heartwise's Reply (PACER item 284, filed 6/1/21) to Vitamins' Opposition to Heartwise's Motion to Extend 180 day Exclusivity Period* Filed by Creditor Vitamins Online, Inc.). (CLIFFORD, RONALD) (Entered: 06/14/2021) |
| 06/14/2021 | 302 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Granting Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc. (RE: related document(s)260 Motion *[Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion; and (2) Prohibiting Discovery in Connection with the Disclosure Statement]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 06/14/2021) |
| 06/14/2021 | 303 (5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Granting Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)235 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 06/14/2021) |

**EXHIBIT "3"**
**PAGE 89**

| | | |
|---|---|---|
| 06/14/2021 | 304<br>(5 pgs) | Notice of lodgment [*Notice of Lodgment of Order in Bankruptcy Case re: Order Denying Martha Valentine's Motion for Entry of an Order Applying Bankruptcy Rule 7023 to Her Class Proofs of Claim and Certifying the Class and Subclass*] Filed by Debtor Heartwise, Inc. (RE: related document(s)251 Motion *Martha Valentines Notice Of Motion And Motion For Entry Of An Order Applying Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class And Subclass; Memorandum Of Points And Authorities; Proof Of Service* Filed by Creditor Martha Valentine (Safier, Seth) Modified on 5/24/2021.). (CLIFFORD, RONALD) (Entered: 06/14/2021) |
| 06/14/2021 | 321 | Hearing Held - Denied; Without prejudice; Respondent submit form of Order (RE: related document(s)251 Generic Motion filed by Creditor Martha Valentine) (Mccall, Audrey) Modified on 6/24/2021 (Mccall, Audrey). (Entered: 06/24/2021) |
| 06/15/2021 | 305<br>(2 pgs) | Order Denying Martha Valentine's Motion for Entry of an Order Applying Bankruptcy Rule 7023 to Her Class Proofs of Claim and Certifying the Class and Subclass - Heartwise, Inc. is to give notice of the below bar date to persons wishing to file a proof of claim for alleged deception with respect to any supplement purchased by such person from Heartwise, Inc. within fourteen (14) days of entry of this Order by way of publication. The bar date for persons wishing to file a proof of claim for alleged deception with respect to any supplement purchased by such person from Heartwise, Inc. shall have until July 31, 2021 to file said proof of claim. (BNC-PDF) (Related Doc # 251 ) Signed on 6/15/2021 (Le, James) (Entered: 06/15/2021) |
| 06/15/2021 | 306<br>(2 pgs) | Order Granting Heartwise, Inc's Motion for an Order Pursuant to 11 U.S.C. Section 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization - Deadline Extended to September 30, 2021 (BNC-PDF) (Related Doc # 235 ) Signed on 6/15/2021 (Le, James) (Entered: 06/15/2021) |
| 06/15/2021 | 307<br>(2 pgs) | Order Granting Motion of Heartwise, Inc. for Order: (1) Clarifying that Discovery has Closed on the Chapter 11 Trustee Motion and 503(b)(9) Motion and (2) Prohibiting Discovery in Connection with the Disclosure Statement - The Subpoenas issued by Vitamins Online after the close of Discovery on April 28, 2021 are Quashed. (BNC-PDF) (Related Doc # 260 ) Signed on 6/15/2021 (Le, James) (Entered: 06/15/2021) |
| 06/15/2021 | 308<br>(2 pgs) | Order Denying Vitamins Online, Inc.'s Evidentiary Objection to, and Motion to Strike, Heartwise's Reply (Pacer Item 284 filed 6/1/21) to Vitamins' Opposition to Heartwise's Motion to Extend 180 Day Exclusivity Period (BNC-PDF) (Related Doc # 286 ) Signed on 6/15/2021 (Le, James) (Entered: 06/15/2021) |
| 06/15/2021 | 309<br>(39 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 06/15/2021) |
| 06/17/2021 | 310<br>(52 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *to File Notice of Cross-Appeal in U.S. District Court, District of Utah Case no. 2:13-cv-00982-DAK, to Cross-Appeal to 10th Circuit, and to Proceed to Decision on that Cross-Appeal by the 10th Circuit.* |

**EXHIBIT "3"**

**PAGE 90**

| | | Fee Amount $188, Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 06/17/2021) |
|---|---|---|
| 06/17/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:20-bk-13335-MW) [motion,nman] ( 188.00) Filing Fee. Receipt number A53065816. Fee amount 188.00. (re: Doc# 310) (U.S. Treasury) (Entered: 06/17/2021) |
| 06/17/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:20-bk-13335-MW) [motion,nman] ( 188.00) Filing Fee. Receipt number A53065816. Fee amount 188.00. (re: Doc# 310) (U.S. Treasury) (Entered: 06/17/2021) |
| 06/17/2021 | 311 (201 pgs) | Objection (related document(s): 201 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc., 202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.) *Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s First Amended Disclosure Statement, with First Amended Plan, Both Filed 5/5/21, and Set for Hearing by Court on 7/14/21; Khan and March Decls. to Objection; POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 06/17/2021) |
| 06/17/2021 | 312 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)305 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/17/2021. (Admin.) (Entered: 06/17/2021) |
| 06/17/2021 | 313 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)306 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 06/17/2021. (Admin.) (Entered: 06/17/2021) |
| 06/17/2021 | 314 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)307 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/17/2021. (Admin.) (Entered: 06/17/2021) |
| 06/17/2021 | 315 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)308 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/17/2021. (Admin.) (Entered: 06/17/2021) |
| 06/21/2021 | 316 | Hearing Set (RE: related document(s)310 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Vitamins Online, Inc) The Hearing date is set for 7/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Mccall, Audrey) (Entered: 06/21/2021) |
| 06/24/2021 | 320 (58 pgs) | Supplemental *New Development Update to Vitamins Online, Inc.'s Motion for Appointment of Trustee, and Update to Vitamins' Objection (filed 6/17/21) to Heartwise, Inc.'s First Amended Disclosure Statement, with First Amended Plan, Updating the Court Regarding New Development that Occurred on 6/23/21; March Decl., POS* Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 06/24/2021) |
| 06/29/2021 | 322 (5 pgs) | Proof of service *[Proof of Publication of Bar Date]* Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 06/29/2021) |
| 06/29/2021 | 323 (14 pgs) | Opposition to (related document(s): 310 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *to File Notice of Cross-Appeal in* |

**EXHIBIT "3"**

**PAGE 91**

| | | |
|---|---|---|
| | | *U.S. District Court, District of Utah Case no. 2:13-cv-00982-DAK, to Cross-Appeal to 10th C filed by Creditor Vitamins Online, Inc) [Opposition to Motion for Relief from the Automatic Stay Under 11 USC 362] Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 06/29/2021)* |
| 07/01/2021 | [324](#)<br>(101 pgs) | Reply to (related document(s): [310](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *to File Notice of Cross-Appeal in U.S. District Court, District of Utah Case no. 2:13-cv-00982-DAK, to Cross-Appeal to 10th C filed by Creditor Vitamins Online, Inc, [323](#) Opposition filed by Debtor Heartwise, Inc.) Reply of Movant Judgment Creditor Vitamins Online, Inc., Replying to Debtor Heartwise, Inc.'s Opposition to Vitamins' Cross-Appeal Relief from Stay Motion; March Decl., POS Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 07/01/2021)* |
| 07/02/2021 | [325](#)<br>(5 pgs) | Status Report for Chapter 11 Status Conference Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 07/02/2021) |
| 07/02/2021 | [326](#)<br>(6 pgs) | Reply to (related document(s): [311](#) Objection filed by Creditor Vitamins Online, Inc) Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 07/02/2021) |
| 07/02/2021 | [327](#)<br>(6 pgs) | Notice *of Response of Vitamins Online, Inc., Responding to Debtor Heartwise, Inc.'s Chapter 11 Status Report (PACER item 325, filed 7/2/21): Vitamins Responds to Inform the Court that Vitamins Opposes the Court Further Continuing Vitamins' Motion for Trustee, Filed 2/11/21, Past the Present Continued 7/14/21 Hearing Date; and Opposes Continuance of the 7/14/21 Hearing Date for Hearing on Vitamins' Objections to Heartwise's First Amended Disclosure Statement, Which Also Objects to Multiple Illegal Provisions in Heartwise's FAPlan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[325](#) Status Report for Chapter 11 Status Conference Filed by Debtor Heartwise, Inc..). (March, Kathleen) (Entered: 07/02/2021) |
| 07/02/2021 | [328](#)<br>(28 pgs) | Motion for 2004 Examination *Notice of Motion and Motion of Judgment Creditor Vitamins Online, Inc., Moving the Assigned Bankruptcy Court for an Order Authorizing Examination of Individual DavidPaul Doyle Pursuant to F.R.B.P. 2004; Declaration of Kathleen March, Esq., with Exhibits and Attached Proposed Order, POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 07/02/2021) |
| 07/12/2021 | 339 | Hearing Held (RE: related document(s)[310](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Vitamins Online, Inc) Motion Denied without Prejudice. Order by Debtor's Attorney. (Le, James) (Entered: 07/19/2021) |
| 07/12/2021 | 340 | Hearings Continued (RE: related document(s)[1](#) Status Conference, [211](#) Evidentiary Objections and Motion to Strike, [207](#) Objection to D.S. , [208](#) Evidentiary Objection and Motion to Strike, [202](#) First Amended Disclosure Statement, [67](#) Motion to Appoint Trustee, [76](#) Allow and Payment of Administrative Expense Claims) OFF CALENDAR - ORDER CONTINUING HEARINGS TO JULY 21, 2021 AT 2:00 PM ENTERED ON 7-13-21 (DOCKET NO. 329). (Le, James) (Entered: 07/19/2021) |
| 07/13/2021 | [329](#) | Order Continuing Hearings - All Hearings are Continued from July 14, |

**EXHIBIT "3"**

**PAGE 92**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| | (2 pgs) | 2021 at 2:00 PM to July 21, 2021 at 2:00 PM (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 1, 211, 207, 208, 202, 67, 76 ) Signed on 7/13/2021 (Le, James) (Entered: 07/13/2021) |
| 07/13/2021 | 330 (4 pgs) | Notice of Withdrawal of: (1) Notice of Appearance; and (2) Request for Service of Documents Filed by Interested Parties Alpha Health Research, Inc., QualiNutra, Inc., Creditor Robinson Pharma, Inc. (RE: related document(s)92 Notice of Appearance and Request for Notice by K. Luan Tran Filed by Creditor Robinson Pharma, Inc.. (Tran, K. Luan)). (Tran, K. Luan) (Entered: 07/13/2021) |
| 07/14/2021 | 331 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 07/12/21 Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 07/14/2021) |
| 07/14/2021 | 332 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-16. RE Hearing Date: 07/12/21, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)331 Transcript Order Form (Public Request) filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 07/14/2021) |
| 07/15/2021 | 333 (2 pgs) | Order Granting Motion of Judgment Creditor Vitamins Online, Inc. to take 2004 Examination of DavidPaul Doyle, to be Taken Remotetly via Zoom, with Document Production at 2004 Exam (PDF-BNC) (Related Doc # 328 ) Signed on 7/15/2021 (Le, James) (Entered: 07/15/2021) |
| 07/15/2021 | 334 (30 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 07/15/2021) |
| 07/15/2021 | 335 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)329 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/15/2021. (Admin.) (Entered: 07/15/2021) |
| 07/16/2021 | 336 (5 pgs) | Notice of lodgment [Notice of Lodgment of Order in Bankruptcy Case re: Motion for Relief from the Automatic Stay Under 11 USC 362] Filed by Debtor Heartwise, Inc. (RE: related document(s)310 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: to File Notice of Cross-Appeal in U.S. District Court, District of Utah Case no. 2:13-cv-00982-DAK, to Cross-Appeal to 10th Circuit, and to Proceed to Decision on that Cross-Appeal by the 10th Circuit. Fee Amount $188, Filed by Creditor Vitamins Online, Inc). (CLIFFORD, RONALD) (Entered: 07/16/2021) |
| 07/16/2021 | 337 (28 pgs) | Transcript regarding Hearing Held 07/12/21 RE: Motion for relief from stay. Remote electronic access to the transcript is restricted until 10/14/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal or purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 7/23/2021. Redaction Request Due By 08/6/2021. Redacted Transcript Submission Due By 08/16/2021. Transcript access will be restricted through 10/14/2021. (Jauregui, Tara) (Entered: 07/16/2021) |

**EXHIBIT "3"**
**PAGE 93**

| | | |
|---|---|---|
| 07/17/2021 | 338<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)333 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 07/17/2021. (Admin.) (Entered: 07/17/2021) |
| 07/20/2021 | 341<br>(2 pgs) | Order Denying Motion without Prejudice for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (ACTION IN NON-BANKRUPTCY FORUM) (BNC-PDF) (Related Doc # 310 ) Signed on 7/20/2021 (Le, James) (Entered: 07/20/2021) |
| 07/21/2021 | 346 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/3/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report due October 20, 2021. Court to Prepare Order. (Le, James) (Entered: 07/23/2021) |
| 07/21/2021 | 347 | Hearing Continued (RE: related document(s)202 First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization) The Hearing date is set for 9/1/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 07/23/2021) |
| 07/21/2021 | 348 | Hearing Held (RE: related document(s)76 Amended Motion of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit filed by Creditor Robinson Pharma, Inc.) Motion Granted. Order by Movant. (Le, James) (Entered: 07/23/2021) |
| 07/21/2021 | 349 | Hearing Held (RE: related document(s)67 Motion to Appoint Trustee filed by Creditor Vitamins Online, Inc) Motion Denied with Prejudice. Order by Debtor's Attorney. (Le, James) (Entered: 07/23/2021) |
| 07/21/2021 | 351 | Hearing Held (RE: related document(s)208 Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Attachments to Heartwise, Inc.'s Response to Further Briefing Filed 5-5-21 RE: Appointment of Chapter 11 Trustee, Because Those Attachments Are Not Authenticate) Motion Denied. Objections Sustain. (Le, James) Modified (Entered: 07/23/2021) |
| 07/21/2021 | 352 | Hearing Held (RE: related document(s)207 Objection of Judgment Creditor Vitamins Online, Inc. to Heartwise, Inc.'s Amended Disclosure Statement (with Amended Plan) Being Heard on 5/12/21, Because That is Untimely; CD CA LBR 3017-1(a) and (b) Require a Disclosure Statement Be Filed 42 Days Before Hearing Date, and That Parties Wishing to File Objections Have Until 14 Days Before Hearing to File Objections) Objection Denied as Moot. Court to Prepare Order. (Le, James) (Entered: 07/23/2021) |
| 07/21/2021 | 353 | Hearing Held (RE: related document(s)211 Second Evidentiary Objection and Motion to Strike, of Judgment Creditor Vitamins Online, Inc., to Specified Text in Heartwise, Inc's Response Filed 5-5-21 (Opposing Appointment of Chapter 11 Trustee), Because the Text Objected to is Not Supported by Any Declaration, It is Argument Only) |

**EXHIBIT "3"**

**PAGE 94**

| | | |
|---|---|---|
| | | Motion Denied with Prejudice. Objection Sustain. Order by Debtor's Attorney. (Le, James) (Entered: 07/23/2021) |
| 07/22/2021 | 342 (6 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *Notice of Appeal of Order (PACER item 341) Entered 7/20/2021, Denying Vitamins Online, Inc.'s Motion for Relief from Stay to Cross-Appeal 11/10/2020 U.S. District Court, District of Utah Judgment to the Tenth Circuit Court of Appeals.* Fee Amount $298 Filed by Creditor Vitamins Online, Inc (RE: related document(s)341 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 08/5/2021. (March, Kathleen) (Entered: 07/22/2021) |
| 07/22/2021 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)( 8:20-bk-13335-MW) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A53195877. Fee amount 298.00. (re: Doc# 342) (U.S. Treasury) (Entered: 07/22/2021) |
| 07/22/2021 | 343 (73 pgs) | Motion for Leave to Appeal *Notice of Motion and Motion of Appellant Vitamins Online, Inc. ("Vitamins"), for Determination that Bankruptcy Court's Order Entered 7/20/2021, Denying Relief from Stay, is Final, or for Leave to Appeal the Denial Order as an Interlocutory Order, if BAP Rules the Denial Order is Interlocutory; K.P. March Declaration with Exhs. and POS* Filed by Creditor Vitamins Online, Inc (March, Kathleen) (Entered: 07/22/2021) |
| 07/22/2021 | 344 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)341 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 07/22/2021. (Admin.) (Entered: 07/22/2021) |
| 07/23/2021 | 345 (4 pgs) | Notice of lodgment Filed by Creditor Robinson Pharma, Inc. (RE: related document(s)76 Amended Motion (related document(s): 73 Motion *of Robinson Pharma, Inc. for an Order Granting: (i) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. 503(b)(9) and (ii) Setoff Against Deposit* filed by Creditor Robinson Pharma, Inc.) Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Declaration of Elaine Phan # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Proof of Service)). (Bisconti, Anthony) (Entered: 07/23/2021) |
| 07/23/2021 | 350 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 07/21/2021 Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 07/23/2021) |
| 07/23/2021 | 354 (93 pgs; 6 docs) | Notice Of Referral Of Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit (BAP) with certificate of mailing (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Motion for Leave to Appeal # 3 Notice of Transcript(s) Designated for an Appeal # 4 Transcript Order Form # 5 Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit) (Bolte, Nickie) (Entered: 07/23/2021) |
| 07/23/2021 | 355 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-18. RE Hearing Date: 07/21/21, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number Ph: (858) 453-7590.] (RE: related document(s)350 |

**EXHIBIT "3"**

**PAGE 95**

|  |  |  |
|---|---|---|
|  |  | Transcript Order Form (Public Request) filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 07/23/2021) |
| 07/26/2021 | 356 (1 pg) | Order Continuing Hearing re First Amended Disclosure Statement - Hearing Continued to September 1, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 202 ) Signed on 7/26/2021 (Le, James) (Entered: 07/26/2021) |
| 07/26/2021 | 357 (2 pgs) | Order Granting Robinson Pharma Inc's Motion for an Order Granting: (I) Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. Section 503(b)(9) and (II) Setoff Against Deposit. Robinson Pharma is entitled to allowance and immediate payment in the amount of $823,391.78. Robinson Pharma is authorized to set off the sum of $823,391.78 against the $3,500,000 deposit it presently holds as set forth in the Motion (BNC-PDF) (Related Doc # 76 ) Signed on 7/26/2021 (Le, James) (Entered: 07/26/2021) |
| 07/26/2021 | 358 (1 pg) | Order on Objection of Vitamins Online Inc. to Amended Disclosure Statement Being Heard on 12 May 2021 for it is Untimely - Denied as Moot (BNC-PDF) (Related Doc # 207 ) Signed on 7/26/2021 (Le, James) (Entered: 07/26/2021) |
| 07/27/2021 | 359 (28 pgs) | Transcript regarding Hearing Held 07/21/21 RE: Amended motion of Robinson Pharma. Remote electronic access to the transcript is restricted until 10/25/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 8/3/2021. Redaction Request Due By 08/17/2021. Redacted Transcript Submission Due By 08/27/2021. Transcript access will be restricted through 10/25/2021. (Jauregui, Tara) Warning: Item subsequently amended by docket entry no: 360 Modified on 7/27/2021 (Le, James). (Entered: 07/27/2021) |
| 07/27/2021 | 360 | Notice to Filer of Error and/or Deficient Document **Incorrect Hearing Transcript PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)359 Transcript) (Le, James) (Entered: 07/27/2021) |
| 07/27/2021 | 361 (2 pgs) | Opening Letter - Notice Of Appeal In This Case Has Been Received By The Bankruptcy Appellate Panel And Assigned BAP Case Number CC-21-1164 (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 7/27/21) (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc) (Bolte, Nickie) (Entered: 07/27/2021) |
| 07/28/2021 | 362 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *for Vitamins Online, Inc.'s Appeal of Bankruptcy Court Order (Entered 7/20/21) that Denied Vitamins' Relief from Stay Motion that Moved for Relief from Stay to File, and Proceed to Decision in Tenth Circuit on, Vitamins' Cross-Appeal to Tenth Circuit, Where Debtor Heartwise had Already Filed Heartwise's Appeal to the Tenth Circuit* Filed by Creditor Vitamins Online, Inc (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 08/11/2021. Transmission of Designation Due by 08/27/2021. (March, Kathleen) (Entered: 07/28/2021) |

**EXHIBIT "3"**

**PAGE 96**

| | | |
|---|---|---|
| 07/28/2021 | 363<br>(5 pgs) | Statement of Issues on Appeal *for Vitamins Online, Inc.'s Appeal of Bankruptcy Court Order (Entered 7/20/21) that Denied Vitamins' Relief from Stay from Stay Motion that Moved for Relief from Stay to File, and Proceed to Decision in Tenth Circuit on, Vitamins' Cross-Appeal to Tenth Circuit, Where Debtor Heartwise had Already Filed Heartwise's Appeal to the Tenth Circuit* Filed by Creditor Vitamins Online, Inc (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A)). (March, Kathleen) (Entered: 07/28/2021) |
| 07/28/2021 | 364<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Denying Motion to Appoint A Chapter 11 Trustee]* Filed by Debtor Heartwise, Inc. (RE: related document(s)67 Motion to Appoint Trustee *[Notice Of Motion And Motion To Appoint A Chapter 11 Trustee; Memorandum Of Points And Authorities (POS Attached)]*- Filed by Creditor Vitamins Online, Inc) (CLIFFORD, RONALD) (Entered: 07/28/2021) |
| 07/28/2021 | 365<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)356 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice 07/28/2021. (Admin.) (Entered: 07/28/2021) |
| 07/28/2021 | 366<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)357 Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 07/28/2021. (Admin.) (Entered: 07/28/2021) |
| 07/28/2021 | 367<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)358 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/28/2021. (Admin.) (Entered: 07/28/2021) |
| 08/03/2021 | 368<br>(1 pg) | Order Continuing Status Conference to November 3, 2021 at 9:00 AM. An Updated Status Report is due October 20, 2021. (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Signed on 8/3/2021 (Le, James) (Entered: 08/03/2021) |
| 08/05/2021 | 369<br>(820 pgs; 11 docs) | Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 370<br>(6 pgs) | Request for judicial notice *[Request for Judicial Notice in Support of Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 371 | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise,* |

**EXHIBIT "3"**

**PAGE 97**

| | | |
|---|---|---|
| | (7 pgs) | *Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 372 (4 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10)). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 373 (352 pgs; 7 docs) | Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 374 (5 pgs) | Request for judicial notice *[Request for Judicial Notice in Support of Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 375 (6 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 376 (4 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/05/2021) |

**EXHIBIT "3"**

**PAGE 98**

| | | |
|---|---|---|
| 08/05/2021 | 377 (4 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 378 (28 pgs) | Opposition to (related document(s): 343 Motion for Leave to Appeal *Notice of Motion and Motion of Appellant Vitamins Online, Inc. ("Vitamins"), for Determination that Bankruptcy Court's Order Entered 7/20/2021, Denying Relief from Stay, is Final, or for Leave to Appeal the D filed by Creditor Vitamins Online, Inc) [Appellee, Heartwise, Inc.'s Opposition to Motion for Determination that Bankruptcy Court's Order Entered 7/20/21, Denying Relief from Stay, is Final, or Leave to Appeal the Denial Order as an Interlocutory Order, if BAP Rules the Denial Order is Interlocutory]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 379 (8 pgs) | Request for judicial notice *[Request for Judicial Notice in Support of Appellee, Heartwise, Inc.'s Opposition to Motion for Determination that Bankruptcy Court's Order Entered 7/20/21, Denying Relief from Stay, is Final, or Leave to Appeal the Denial Order as an Interlocutory Order, if BAP Rules the Denial Order is Interlocutory]* Filed by Debtor Heartwise, Inc. (RE: related document(s)378 Opposition). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 380 (6 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Appellee, Heartwise, Inc.'s Opposition to Motion for Determination that Bankruptcy Court's Order Entered 7/20/21, Denying Relief from Stay, is Final, or Leave to Appeal the Denial Order as an Interlocutory Order, if BAP Rules the Denial Order is Interlocutory]* Filed by Debtor Heartwise, Inc. (RE: related document(s)378 Opposition). (CLIFFORD, RONALD) (Entered: 08/05/2021) |
| 08/05/2021 | 381 | Hearing Set (RE: related document(s)369 Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 8/30/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/05/2021) |
| 08/05/2021 | 382 | Hearing Set (RE: related document(s)373 Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 8/30/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/05/2021) |
| 08/05/2021 | 383 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)368 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |

**EXHIBIT "3"**

**PAGE 99**

| | | |
|---|---|---|
| 08/06/2021 | 384<br>(1 pg) | Order Denying Motion to Appoint a Chapter 11 Trustee - Motion Denied with Prejudice (BNC-PDF) (RE: related document(s)67 Motion to Appoint Trustee [Notice Of Motion And Motion To Appoint A Chapter 11 Trustee] Signed on 8/6/2021. (Entered: 08/06/2021) |
| 08/08/2021 | 385<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)384 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 08/08/2021. (Admin.) (Entered: 08/08/2021) |
| 08/09/2021 | 386<br>(7 pgs) | Declaration re: *[Amended Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)371 Declaration). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 387<br>(16 pgs) | Application for Compensation *[DTO Law's Second Interim Application for Compensation]* for Heartwise, Inc., Debtor's Attorney, Period: 3/19/2021 to 5/26/2021, Fee: $560.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 388<br>(4 pgs) | Declaration re: *[Declaration of William A. Delgado in Support of DTO Law's Second Interim Application for Compensation]* Filed by Debtor Heartwise, Inc. (RE: related document(s)387 Application for Compensation *[DTO Law's Second Interim Application for Compensation]* for Heartwise, Inc., Debtor's Attorney, Period: 3/19/2021 to 5/26/2021, Fee: $560.00, Expenses: $0.00.). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 389<br>(4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of DTO Law's Second Interim Application for Compensation]* Filed by Debtor Heartwise, Inc. (RE: related document(s)387 Application for Compensation *[DTO Law's Second Interim Application for Compensation]* for Heartwise, Inc., Debtor's Attorney, Period: 3/19/2021 to 5/26/2021, Fee: $560.00, Expenses: $0.00.). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 390<br>(22 pgs) | Application for Compensation *[Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fee: $24841.00, Expenses: $194.27. Filed by Attorney Blakeley LLP (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 391<br>(4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* Filed by Attorney Blakeley LLP (RE: related document(s)390 Application for Compensation *[Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fee: $24841.00, Expenses: $194.27). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 392<br>(5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* Filed by Attorney Blakeley LLP (RE: |

**EXHIBIT "3"**

**PAGE 100**

| | | |
|---|---|---|
| | | related document(s)390 Application for Compensation *[Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fee: $24841.00, Expenses: $194.27). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 393 (44 pgs) | Application for Compensation *[R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fee: $161778, Expenses: $707.32. Filed by Attorneys RONALD CLIFFORD, R. Clifford & Associates (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 394 (4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Attorney R. Clifford & Associates (RE: related document(s)393 Application for Compensation *[R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fee: $161778, Expens). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 395 (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* Filed by Attorney R. Clifford & Associates (RE: related document(s)393 Application for Compensation *[R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fee: $161778, Expens). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 396 (6 pgs) | Notice of Hearing *[Notice of Hearings on Interim Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP and DTO Law]* Filed by Debtor Heartwise, Inc. (RE: related document(s)387 Application for Compensation *[DTO Law's Second Interim Application for Compensation]* for Heartwise, Inc., Debtor's Attorney, Period: 3/19/2021 to 5/26/2021, Fee: $560.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc., 390 Application for Compensation *[Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fee: $24841.00, Expenses: $194.27. Filed by Attorney Blakeley LLP, 393 Application for Compensation *[R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fee: $161778, Expenses: $707.32. Filed by Attorneys RONALD CLIFFORD, R. Clifford & Associates). (CLIFFORD, RONALD) (Entered: 08/09/2021) |
| 08/09/2021 | 397 (5 pgs) | Proof of service *[Amended Proof of Service]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*, 373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 08/09/2021) |

**EXHIBIT "3"**

**PAGE 101**

| 08/09/2021 | 398 | Hearing Set (RE: related document(s)387 Application for Compensation (RE: DTO) filed by Debtor Heartwise, Inc.) The Hearing date is set for 8/30/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/10/2021) |
|---|---|---|
| 08/09/2021 | 399 | Hearing Set (RE: related document(s)390 Application for Compensation (Blakeley LLP's) filed by Attorney Blakeley LLP) The Hearing is set for 8/30/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/10/2021) |
| 08/09/2021 | 400 | Hearing Set (RE: related document(s)393 Application for Compensation (R. Clifford and Associates) filed by Attorney R. Clifford & Associates) The Hearing date is set for 8/30/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/10/2021) |
| 08/10/2021 | 401 (4 pgs) | Substitution of attorney *Substituting Hahn & Hahn LLP in place of The Bankruptcy Law Firm, P.C. as Counsel of Record to Vitamins Online, Inc.* Filed by Creditor Vitamins Online, Inc. (March, Kathleen) (Entered: 08/10/2021) |
| 08/12/2021 | 402 (4 pgs) | Notice *Notice of Transcript(s) Designated for An Appeal. Hearing Date(s): 07/12/2021 at 9:00 a.m. - (docket no. 337)* Filed by Creditor Vitamins Online, Inc (RE: related document(s)342 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *Notice of Appeal of Order (PACER item 341) Entered 7/20/2021, Denying Vitamins Online, Inc.'s Motion for Relief from Stay to Cross-Appeal 11/10/2020 U.S. District Court, District of Utah Judgment to the Tenth Circuit Court of Appeals.* Fee Amount $298 Filed by Creditor Vitamins Online, Inc (RE: related document(s)341 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 08/5/2021.). (Rallis, Dean) Modified on 8/13/2021 (Bolte, Nickie). (Entered: 08/12/2021) |
| 08/16/2021 | 403 (5 pgs) | Motion *Creditor Vitamins Online, Inc.'s Ex Parte Omnibus Motion for Order Authorizing Filing of Oppositions Exceeding 35 Pages* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | 404 (28 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 08/16/2021) |
| 08/16/2021 | 405 (8 pgs) | Objection (related document(s): 375 Declaration filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Evidentiary Objections to Declaration of Tuong Nguyen [Docket No. 375]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | 406 (7 pgs) | Objection (related document(s): 386 Declaration filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Evidentiary Objections to [Amended] Declaration of Tuong Nguyen [Docket No. 386]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | 407 (42 pgs) | Opposition to (related document(s): 369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s* |

**EXHIBIT "3"**

**PAGE 102**

| | | |
|---|---|---|
| | | *First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | [408](#) (7 pgs) | Declaration re: *Omnibus Declaration of Osman Khan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[407](#) Opposition). (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | [409](#) (514 pgs) | Exhibit *Exhibit Schedule* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[407](#) Opposition). (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | [410](#) (39 pgs) | Opposition to (related document(s): [373](#) Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/16/2021) |
| 08/16/2021 | [415](#) (2 pgs) | Order Granting Motion Creditor Vitamins Online, Inc.'s Ex Parte Omnibus Motion for Order Authorizing Filing of Oppositions Exceeding 35 Pages Filed by Creditor Vitamins Online, Inc (BNC-PDF) (Related Doc # [403](#)) Signed on 8/16/2021. (Law, Tamika) Additional attachment(s) added on 8/17/2021 (Law, Tamika). (Entered: 08/17/2021) |
| 08/17/2021 | [411](#) (3 pgs) | Declaration re: *Supplemental Omnibus Declaration of Osman Khan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[407](#) Opposition, [408](#) Declaration, [410](#) Opposition). (Rallis, Dean) (Entered: 08/17/2021) |
| 08/17/2021 | [412](#) (90 pgs) | Exhibit *Schedule* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[410](#) Opposition). (Rallis, Dean) (Entered: 08/17/2021) |
| 08/17/2021 | [413](#) (10 pgs) | Declaration re: *Declaration of Norman Howe* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[410](#) Opposition). (Rallis, Dean) (Entered: 08/17/2021) |
| 08/17/2021 | [414](#) (7 pgs) | Proof of service Filed by Creditor Vitamins Online, Inc (RE: related document(s)[405](#) Objection, [406](#) Objection, [407](#) Opposition, [408](#) Declaration, [409](#) Opposition, [410](#) Opposition, [411](#) Declaration, [412](#) Exhibit, [413](#) Declaration). (Rallis, Dean) (Entered: 08/17/2021) |
| 08/19/2021 | [416](#) (14 pgs) | Notice *of Errata* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[410](#) Opposition to (related document(s): [373](#) Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 08/19/2021) |
| 08/19/2021 | [417](#) (10 pgs) | Notice *of Errata* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[407](#) Opposition to (related document(s): [369](#) Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 08/19/2021) |

**EXHIBIT "3"**

**PAGE 103**

| | | |
|---|---|---|
| 08/19/2021 | 418<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)415 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 08/19/2021. (Admin.) (Entered: 08/19/2021) |
| 08/23/2021 | 419<br>(455 pgs) | Reply to (related document(s): 369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) *[Reply to Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s Motion to Estimate Claims Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/23/2021) |
| 08/23/2021 | 420<br>(7 pgs) | Reply to (related document(s): 406 Objection filed by Creditor Vitamins Online, Inc) *[Reply to Creditor Vitamins Online, Inc.'s Evidentiary Objections to Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/23/2021) |
| 08/23/2021 | 421<br>(619 pgs) | Request for judicial notice *[Supplemental Request for Judicial Notice in Support of Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) WARNING: Item subsequently amended by docket entry no: 424 Modified on 8/24/2021 (Mccall, Audrey). (Entered: 08/23/2021) |
| 08/23/2021 | 422<br>(18 pgs) | Reply to (related document(s): 373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* filed by Debtor Heartwise, Inc.) *[Reply to Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/23/2021) |
| 08/23/2021 | 423<br>(7 pgs) | Reply to (related document(s): 405 Objection filed by Creditor Vitamins Online, Inc) *[Reply to Creditor Vitamins Online, Inc.'s Evidentiary Objections to Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 08/23/2021) |
| 08/24/2021 | 424 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing time was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE WITH THE CORRECT HEARING INFORMATION -** |

|  |  |  |
|---|---|---|
|  |  | **TIME 2:00 P.M.** (RE: related document(s)421 Request for judicial notice filed by Debtor Heartwise, Inc.) (Mccall, Audrey) (Entered: 08/24/2021) |
| 08/24/2021 | 425 (7 pgs) | Stipulation By Vitamins Online, Inc and *debtor Heartwise, Inc. Regarding Submission of Amazon Document Under Seal, and With a Separate Video Files, Both Via Electronically-Stored Files on Separate Disk/Drive* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/24/2021) |
| 08/24/2021 | 426 (2 pgs) | Order Approving Stipulation Regarding Submission of Amazon Document Under Seal, and with Seperate Video File, Both via Electronically - Stored Files on Separate Disk/Drive (See Order for Further Ruling (Related Doc # 425 ) Signed on 8/24/2021 (Le, James) (Entered: 08/24/2021) |
| 08/26/2021 | 427 (7 pgs) | Motion to Appear pro hac vice *Application of Non-Resident Attorney (Chad E. Nydegger) to Appear in a Specific Case* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 08/26/2021) |
| 08/30/2021 | 428 (1 pg) | Order Granting Application of Non-Resident Attorney (Chad E. Nydegger) to Appear in a Specific Case [LBR 2090-1(b)] (BNC-PDF) (Related Doc # 427 ) Signed on 8/30/2021 (Le, James) (Entered: 08/30/2021) |
| 08/30/2021 | 429 (6 pgs) | Notice of lodgment Filed by Debtor Heartwise, Inc. (RE: related document(s)387 Application for Compensation *[DTO Law's Second Interim Application for Compensation]* for Heartwise, Inc., Debtor's Attorney, Period: 3/19/2021 to 5/26/2021, Fee: $560.00, Expenses: $0.00. Filed by Debtor Heartwise, Inc., 390 Application for Compensation *[Blakeley LLP's Second (and Final) Application for Compensation and Reimbursement of Expenses]* for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fee: $24841.00, Expenses: $194.27. Filed by Attorney Blakeley LLP, 393 Application for Compensation *[R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses]* for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fee: $161778, Expenses: $707.32. Filed by Attorneys RONALD CLIFFORD, R. Clifford & Associates). (CLIFFORD, RONALD) (Entered: 08/30/2021) |
| 08/30/2021 | 430 | Hearing Held (RE: related document(s)369 Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) Motion Granted. Order by Debtor. (Le, James) (Entered: 08/31/2021) |
| 08/30/2021 | 431 | Hearing Held (RE: related document(s)373 Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) Motion Granted. Order by Movant. (Le, James) (Entered: 08/31/2021) |
| 08/30/2021 | 432 | Hearing Held (RE: related document(s)387 Second Interim Application for Compensation from the Period of March 19, 2021 to May 26, 2021 [RE: DTO Law - Debtor's Counsel] [Fees: $560.00; Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted and Allow on an |

**EXHIBIT "3"**

**PAGE 105**

|  |  | Interim Basis. Single Order by Movant. (Le, James) (Entered: 08/31/2021) |
|---|---|---|
| 08/30/2021 | 433 | Hearing Held (RE: related document(s)390 Second and Final Application for Compensation for the Period from March 22, 2021 to March 31, 2021 [RE: Blakeley LLP - Debtor's Counsel] [Fees: $24,841.00; Expenses: $194.27]filed by Attorney Blakeley LLP) Application Granted and Allow on an Interim Basis. Single Order by Movant. (Le, James) (Entered: 08/31/2021) |
| 08/30/2021 | 434 | Hearing Held (RE: related document(s)393 First Interim Application for Compensation and Reimbursement of Expenses from the Period from April 1, 2021 to August 5, 2021 [RE: R. Clifford & Associates - Debtor's Counsel] [Fees: $161,778.00; Expenses: $707.32] filed by Attorney R. Clifford & Associates) Application Granted and Allow on a Interim Basis. Single Order by Debtor. (Le, James) (Entered: 08/31/2021) |
| 08/31/2021 | 435 (2 pgs) | Order Granting (1): Blakeley LLP'S Second [and Final] Application for Compensation and Reimbursement of Expenses; (2) DTO Law's Second interim Application for Compensation; and (3) R. Clifford and Associates' First Interim Application for Compensation and Reimbursement of Expenses - for Blakeley LLP, Debtor's Attorney, Period: 3/22/2021 to 3/31/2021, Fees awarded: $24841.00, Expenses awarded: $194.27; for DTO Law, Special Counsel, Period: 3/19/2021 to 5/26/2021, Fees awarded: $560.00, Expenses awarded: $0.00; for R. Clifford & Associates, Debtor's Attorney, Period: 4/1/2021 to 8/5/2021, Fees awarded: $161778.00, Expenses awarded: $707.32; Awarded on 8/31/2021 (RE: related document(s)387, 390, 393) (BNC-PDF) Signed on 8/31/2021. (Le, James) (Entered: 08/31/2021) |
| 08/31/2021 | 436 (3 pgs) | Certificate Of Readiness And Completion Of Record On Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit RE: BAP Case Number: CC-21-1164 (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc) (Bolte, Nickie) (Entered: 08/31/2021) |
| 09/01/2021 | 437 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)428 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 09/01/2021. (Admin.) (Entered: 09/01/2021) |
| 09/02/2021 | 438 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)435 Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 09/02/2021. (Admin.) (Entered: 09/02/2021) |
| 09/08/2021 | 441 | Hearing Held (RE: related document(s)202 First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization) Disclosure Statement Approved. Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. Plan Confirmation is et for November 10, 2021 at 2:00 PM. Court to Prepare Order. (Le, James) (Entered: 09/09/2021) |

**EXHIBIT "3"**

**PAGE 106**

| | | |
|---|---|---|
| 09/09/2021 | 439<br>(2 pgs) | Order on Approval of First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization. (BNC-PDF) Signed on 9/9/2021 (RE: related document(s)202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.). Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 440 | Hearing Set (RE: related document(s)201 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 442<br>(109 pgs; 2 docs) | Notice *of Intention to Withdraw Debtor's Proposed Plan of Reorganization and Initiate a Sale of the Debtor and Request to Revise Schedule* Filed by Interested Party DavidPaul Doyle (RE: related document(s)201 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021.). Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (Redlined)]]). (Attachments: # 1 Appendix Appendix of Authorities) (Glicksman, Jared) (Entered: 09/09/2021) |
| 09/09/2021 | 443<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |
| 09/09/2021 | 444<br>(6 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |

**EXHIBIT "3"**

**PAGE 107**

| | | |
|---|---|---|
| 09/11/2021 | 445<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)439 Order Approving Disclosure Statement (BNC-PDF)) No. of Notices: 1. Notice Date 09/11/2021. (Admin.) (Entered: 09/11/2021) |
| 09/13/2021 | 446<br>(3 pgs) | Order Approving in Part, and Denying in Part, Heatwise Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 369 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/13/2021 | 447<br>(2 pgs) | Order Approving in part, and Denying in Part, Heartwise, Inc's Motion to Estimate Claim No. 7 for all Purpose, Including, for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 373 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/14/2021 | 448<br>(3 pgs) | BAP Order Dismissing Appeal Re: Appeal BAP Number: CC-21-1164 - RULING: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit On 9/13/2021) (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc). (Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 449<br>(2 pgs) | Order Dismissing Appeal RE: Appeal BAP Number: CC-21-1164, Ruling: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 9/13/2021) RE: related document(s) 342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc).(Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 450 | Notice to Pay Court Costs Due Sent To: Ronald A Clifford, General Insolvency Counsel for Heartwise, Inc, Total Amount Due $0 . (Daniels, Sally) (Entered: 09/14/2021) |
| 09/15/2021 | 451<br>(29 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 09/15/2021) |
| 09/15/2021 | 452<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)446 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/15/2021 | 453<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)447 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/17/2021 | 454<br>(132 pgs) | Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 455<br>(7 pgs) | Declaration re: *[Declaration of Tuong Nguyen In Support of Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of* |

**EXHIBIT "3"**

**PAGE 108**

| | | |
|---|---|---|
| | | *Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 456<br>(4 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 457 | Hearing Set (RE: related document(s)454 Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/18/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/17/2021) |
| 09/21/2021 | 458<br>(1 pg) | Transcript Order Form, regarding Hearing Date 09/15/2021 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 09/21/2021) |
| 09/21/2021 | 459 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-24. RE Hearing Date: 09/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)458 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 09/21/2021) |
| 09/22/2021 | 460<br>(39 pgs; 2 docs) | Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 461<br>(100 pgs; 2 docs) | Disclosure Statement *[First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.. (Attachments: # 1 [Redlined] First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 462<br>(7 pgs) | Notice of Hearing *[Notice of: (1) Hearing on Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization; and (2) Related Confirmation Procedures and Deadlines]* Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD). Related document(s) 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.. Modified on 9/22/2021 (Le, James). (Entered: 09/22/2021) |

**EXHIBIT "3"**

**PAGE 109**

| | | |
|---|---|---|
| 09/29/2021 | **463**<br>(9 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | **464**<br>(6 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o).* (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | **465**<br>(7 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 466 | Hearing Set (RE: related document(s)463 Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/29/2021) |
| 10/04/2021 | **467**<br>(5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) Warning: Item subsequently amended by docket entry no: 472 Modified on 10/5/2021 (Le, James). (Entered: 10/04/2021) |
| 10/04/2021 | **468**<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Approving Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)467 Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | **469**<br>(57 pgs) | Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | **470** | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise,* |

**EXHIBIT "3"**

**PAGE 110**

| | | |
|---|---|---|
| | (5 pgs) | *Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)469 Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]*). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | 471 (4 pgs) | Notice of Hearing *[Notice of Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)469 Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/05/2021 | 472 | Notice to Filer of Error and/or Deficient Document **Document filed without Mark F. Foley's holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)467 Stipulation filed by Debtor Heartwise, Inc.) (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | 473 | Hearing Set (RE: related document(s)469 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | 474 (5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (with holographic signature)]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/05/2021) |
| 10/11/2021 | 475 (97 pgs; 2 docs) | Response to (related document(s): 469 Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* filed by Debtor Heartwise, Inc.) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Appendix) (Glicksman, Jared) (Entered: 10/11/2021) |
| 10/11/2021 | 476 (13 pgs) | Opposition to (related document(s): 463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.) Creditor Vitamins Online, Inc.s Limited Opposition to Heartwise, Inc.s Second Motion for an Order Pursuant to 11 U.S.C. § 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/11/2021)* |
| 10/12/2021 | 477 (2 pgs) | Order Approving Stipulation Approving Heartwise's Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan or Reorganization (BNC-PDF) (Related Doc # 467 ) Signed on 10/12/2021 (Le, James) (Entered: 10/12/2021) |
| 10/14/2021 | 478 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)477 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |

**EXHIBIT "3"**

**PAGE 111**

| | | |
|---|---|---|
| 10/15/2021 | [479](#)<br>(8 pgs) | Reply to (related document(s): [463](#) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.) [Reply to Limited Opposition to Heartwise, Inc.'s Second Motion for An Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization] Filed by Debtor Heartwise, Inc.* (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | [480](#)<br>(28 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # [1](#) General Account Statement # [2](#) Payroll Account Statement # [3](#) Tax Account Statement # [4](#) PayPal Account Statement) (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | [481](#)<br>(13 pgs) | Reply to (related document(s): [469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* filed by Debtor Heartwise, Inc.) *[Reply to Response to Motion for Sanctions for Willful Violations of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | [482](#)<br>(94 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Interested Party DavidPaul Doyle (RE: related document(s)[460](#) Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[135](#) Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[1](#) Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Attachments: # [1](#) Declaration of David Paul Doyle)(Glicksman, Jared) (Entered: 10/15/2021) |
| 10/15/2021 | [483](#)<br>(26 pgs) | Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/15/2021) |
| 10/15/2021 | [484](#)<br>(7 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Opposition to Confirmaiton of Debtor's First Amended Plan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[460](#) Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 10/15/2021) |
| 10/18/2021 | 485 | Hearing Held (RE: related document(s)[454](#) Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) Motion is Moot. Matter Resolved by Stipulation. (Le, James) (Entered: 10/19/2021) |
| 10/19/2021 | [486](#)<br>(39 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[483](#) Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, |

**EXHIBIT "3"**

**PAGE 112**

|  |  |  |
|---|---|---|
|  |  | Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/19/2021) |
| 10/19/2021 | [487](#) (32 pgs) | Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/19/2021) |
| 10/20/2021 | [488](#) (51 pgs) | Supplemental *Appendix Of State Statutes And Secondary Authorities For Objection Of DavidPaul Doyle To Debtors Proposed First Amended Plan Of Reorganization (Doc. No. 482)* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared). Related document(s) [482](#) Objection to Confirmation of the Plan filed by Interested Party DavidPaul Doyle. Modified on 10/20/2021 (Le, James). (Entered: 10/20/2021) |
| 10/22/2021 | [489](#) (23 pgs) | Reply to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *[Omnibus Reply to Oppositions to Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/22/2021) |
| 10/25/2021 | 493 | Hearing Held (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle. (Le, James) (Entered: 10/27/2021) |
| 10/25/2021 | 494 | Hearing Held (RE: related document(s)[463](#) Motion to Extend/Limit Exclusivity Period filed by Debtor Heartwise, Inc.) Motion Granted. Order by Movant. (Le, James) (Entered: 10/27/2021) |
| 10/26/2021 | [490](#) (4 pgs) | Notice of Change of Address . (Kim, Monica) (Entered: 10/26/2021) |
| 10/26/2021 | [491](#) (16 pgs) | Reply to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc., [483](#) Opposition filed by Creditor Vitamins Online, Inc.) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 10/26/2021) |
| 10/26/2021 | [492](#) (69 pgs) | Declaration re: *Declaration of James Magleby ISO Reply Memorandum of MCG in Support of First Amended Chapter 11 Plan of Reorganization, Exhibits A-E* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)[491](#) Reply). (Malo, Aaron) (Entered: 10/26/2021) |
| 10/29/2021 | [495](#) (29 pgs) | Brief *[Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[460](#) Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/29/2021 | [496](#) (10 pgs) | Declaration re: *[Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[495](#) Brief). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/30/2021 | [497](#) (25 pgs) | Reply to (related document(s): [277](#) Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s* |

**EXHIBIT "3"**

**PAGE 113**

| | | |
|---|---|---|
| | | *Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | [498](#) (91 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[497](#) Reply). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | [499](#) (5 pgs) | Notice *of Hearing on Magleby Cataxinos & Greenwood, PC's Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2] (ECF No. 277)* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[497](#) Reply to (related document(s): [277](#) Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | 500 | Hearing Set (RE: related document(s)[277](#) Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) The Hearing date is set for 11/22/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/01/2021) |
| 11/01/2021 | [501](#) (6 pgs; 2 docs) | Notice of lodgment *of Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay* Filed by Interested Party DavidPaul Doyle (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc., 493 Hearing Held (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle.). (Attachments: # [1](#) Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay) (Glicksman, Jared) (Entered: 11/01/2021) |
| 11/01/2021 | [502](#) (4 pgs) | Notice of lodgment Filed by Debtor Heartwise, Inc. (RE: related document(s)[463](#) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/01/2021) |
| 11/03/2021 | [503](#) (2 pgs) | Order Denying Motion For Sanctions for Violation of the Automatic Stay (BNC-PDF) (Related Doc # [469](#) ) Signed on 11/3/2021 (Le, James) (Entered: 11/03/2021) |
| 11/03/2021 | 513 | Hearing Continued (RE: related document(s)[1](#) STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. No Status Report Required. Court to Prepare Order. (Le, James) (Entered: 11/05/2021) |
| 11/04/2021 | [504](#) | Order Continuing Status Conference to November 10, 2021 at 2:00 PM. |

**EXHIBIT "3"**

**PAGE 114**

| | | |
|---|---|---|
| | (2 pgs) | No Updated Status Report is Required. (See Order for Further Ruling) (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 11/4/2021 (Le, James) (Entered: 11/04/2021) |
| 11/04/2021 | 505 (6 pgs) | Declaration re: *DavidPaul Doyle's Declaration Regarding Live Witnesses for Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/04/2021) |
| 11/04/2021 | 506 (4 pgs) | Notice *[Notice of Confirmation of New Value Contribution in Support of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 507 (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 508 (7 pgs) | Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 509 (6 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 510 (12 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 511 (4 pgs) | Declaration re: *Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/04/2021) |
| 11/05/2021 | 512 (2 pgs) | Order Granting Heartwise, Inc's Second Motion for an Order Pursuant to 11 U.S.C. Section 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization - Deadline Extended to January 31, 2022 (BNC-PDF) (Related Doc # 463 ) Signed on 11/5/2021 (Le, James) (Entered: 11/05/2021) |
| 11/05/2021 | 514 (90 pgs) | Exhibit *[Valuation Report and Analysis of Sikich LLP Report in Further Support of Brief in Support of Confirmation of Heartwise, Inc.'s First* |

**EXHIBIT "3"**

**PAGE 115**

| | | |
|---|---|---|
| | | *Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/05/2021) |
| 11/05/2021 | 515 (6 pgs) | Declaration re: *DECLARATION OF AARON J. MALO REGARDING MAGLEBY CATAXINOS & GREENWOOD, P.C.S WITNESSES AND EXHIBITS FOR PLAN CONFIRMATION HEARING* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)460 Amended Chapter 11 Plan). (Malo, Aaron) (Entered: 11/05/2021) |
| 11/05/2021 | 516 (2 pgs) | Declaration re: Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 517 (3 pgs) | Proof of service *re: Supplemental Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 518 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)503 Order on Motion for Sanctions for Violation of the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 11/05/2021. (Admin.) (Entered: 11/05/2021) |
| 11/06/2021 | 519 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)504 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/06/2021. (Admin.) (Entered: 11/06/2021) |
| 11/07/2021 | 520 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)512 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/08/2021 | 521 (13 pgs) | Objection (related document(s): 496 Declaration filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Evidentiary Objections to the Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | 522 (6 pgs) | Motion to Appear pro hac vice *Application of Non-resident Attorney James E. Magleby to Appear in a Specific Case [LBR 2090-1(b)]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/08/2021) |
| 11/08/2021 | 523 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Berger, Michael. (Berger, Michael) (Entered: 11/08/2021) |
| 11/08/2021 | 524 (8 pgs) | Declaration re: *Declaration of Dean G. Rallis Jr. Regarding Offer of Vitamins Online to Acquire the Equity of Reorganized Debtor Heartwise, Inc.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | 525 (19 pgs) | Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C... in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/08/2021) |

**EXHIBIT "3"**

**PAGE 116**

| 11/08/2021 | 526 (224 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims Are Unenforceable Against the Estate* Filed by Creditor Vitamins Online, Inc (RE: related document(s)525 Objection to Claim). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | 527 | Hearing Set (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/09/2021) |
| 11/09/2021 | 528 (9 pgs) | Declaration re: *Declaration of DavidPaul Doyle in Response to Eureka Valuation Report of November 5, 2021 and in support of Objections to Confirmation* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/09/2021) |
| 11/09/2021 | 529 (3 pgs) | Notice *Notice of Objection to Claim No. 5* Filed by Creditor Vitamins Online, Inc (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |
| 11/09/2021 | 530 (3 pgs) | Notice *Notice of Objection to Claim No. 12* Filed by Creditor Vitamins Online, Inc (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |
| 11/10/2021 | 531 (1 pg) | Order Granting Application of Non-Resident Attorney to Appear in a Specific Case (James E. Magleby) (BNC-PDF) (Related Doc # 522 ) Signed on 11/10/2021 (Le, James) (Entered: 11/10/2021) |
| 11/10/2021 | 532 (30 pgs) | Notice *Notice of Submission of Declaration of Osman Khan Regarding Purchase of DavidPaul Doyle's Rights and Interests in Debtor* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Rallis, Dean) (Entered: 11/10/2021) |
| 11/10/2021 | 533 (1 pg) | Transcript Order Form, regarding Hearing Date 11/10/21 Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/10/2021) |
| 11/10/2021 | 547 | Hearing Continued (RE: related document(s)460 Hearing RE: Confirmation of First Amended Chapter 11 Plan of Reorganization) Confirmation hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |

**EXHIBIT "3"**

**PAGE 117**

| | | |
|---|---|---|
| 11/10/2021 | 548 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/11/2021 | 534 (5 pgs) | Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration* Filed by Interested Party DavidPaul Doyle (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 535 (3 pgs) | Declaration re: *Declaration of Mark F. Foley in Support of Emergency Motion Pursuant to LBR 9075 for Reconsideration of the Court's Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s)534 Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration*). (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 536 | Hearing Set (RE: related document(s)534 Emergency motion filed by Interested Party DavidPaul Doyle) The Hearing date is set for 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 537 | Transcript Order Form , regarding Hearing Date 11-10-21 (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 538 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-28. RE Hearing Date: 11-10-21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)537 Transcript Order Form) (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 539 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604568. Fee amount 32.00. (re: Doc# 539) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 540 (1 pg) | Request for CD of Court Proceedings *re. 11/10/2021 Hearing*. Fee Amount $32, Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604690. Fee amount 32.00. (re: Doc# 540) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 541 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)531 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 11/12/2021. (Admin.) (Entered: 11/12/2021) |
| 11/14/2021 | 542 (22 pgs) | Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/14/2021) |

**EXHIBIT "3"**

**PAGE 118**

| 11/14/2021 | **543**<br>(4 pgs) | Notice of Hearing Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/14/2021) |
| --- | --- | --- |
| 11/14/2021 | **544**<br>(22 pgs; 2 docs) | Notice *Objections To Earnesty, LLC's Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding)* Filed by Interested Party DavidPaul Doyle. (Attachments: # 1 Declaration of William Gardner) (Glicksman, Jared) (Entered: 11/14/2021) |
| 11/14/2021 | 545 | Hearing Set (RE: related document(s)542 Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/15/2021 | **546**<br>(91 pgs) | Transcript regarding Hearing Held 11/10/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 11/22/2021. Redaction Request Due By 12/6/2021. Redacted Transcript Submission Due By 12/16/2021. Transcript access will be restricted through 02/14/2022. (Hyatt, Mitchell) (Entered: 11/15/2021) |
| 11/15/2021 | **549**<br>(19 pgs) | Reply to (related document(s): 277 Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood, 497 Reply filed by Creditor Vitamins Online, Inc, 498 Declaration filed by Creditor Vitamins Online, Inc, 499 Notice filed by Creditor Vitamins Online, Inc, 500 Hearing (Bk Motion) Set) *Reply Memorandum of Magleby Cataxinos & Greenwood, P.C. in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/15/2021) |
| 11/15/2021 | **550**<br>(32 pgs) | Declaration re: *Declaration of James Magleby in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)277 Objection to Claim, 497 Reply, 498 Declaration, 499 Notice, 500 Hearing (Bk Motion) Set, 549 Reply). (Malo, Aaron) (Entered: 11/15/2021) |
| 11/17/2021 | **551**<br>(4 pgs) | Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing (BNC-PDF) (Related Doc # 534 ) Signed on 11/17/2021 (Le, James) (Entered: 11/17/2021) |
| 11/18/2021 | **552**<br>(18 pgs) | Declaration re: *Declaration of Chad Nydegger re Subpoenas Served by Magleby Cataxinos & Greenwood, P.C.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/18/2021) |
| 11/19/2021 | **553**<br>(1 pg) | Order Continuing Status Conference to December 13, 2021 at 2:00 PM. No Status Report is Required. (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) |

**EXHIBIT "3"**

**PAGE 119**

| | | |
|---|---|---|
| | | Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Signed on 11/19/2021 (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 554 (1 pg) | Transcript Order Form, regarding Hearing Date 11/12/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 11/19/2021) |
| 11/19/2021 | 555 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-31. RE Hearing Date: 11/12/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)554 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 556 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)551 ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 11/19/2021. (Admin.) (Entered: 11/19/2021) |
| 11/20/2021 | 557 (27 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Account Bank Statement (Redacted) # 2 PayPal Account Statement (Redacted) # 3 Tax Bank Account Statement (Redacted) # 4 Payroll Bank Account Statement (Redacted)) (CLIFFORD, RONALD) (Entered: 11/20/2021) |
| 11/21/2021 | 558 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)553 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/21/2021. (Admin.) (Entered: 11/21/2021) |
| 11/22/2021 | 559 | Hearing Continued (RE: related document(s)277 Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) The Hearing date is set for 12/20/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Deadline to file a Declaration regarding Witness and Exhibits is December 15, 2021. Deadline for Document Production is December 10, 2021. Oppositions to any Emergency Motion for Quashing the Subpoena is due 7 days thereafter and determined without a hearing. Court to Prepare Order. (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 560 (2 pgs) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] and Setting Related Deadlines - Hearing Continued to December 20, 2021 at 9:00 AM. December 10, 2021 as the deadline for Document Production. December 15, 2021 as the deadline for filing Declarations stating Witnessess to be called and Exhibits to be used. December 17, 2021 as the deadline for filing Oppoistions to any Emergency Motion filed for Quashing a Subpoena; the Court will consider and rule on such Motions without a Hearing. (BNC-PDF) (Related Doc # 277 ) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 561 (17 pgs) | Memorandum Decision and Order - The Court overrules all objections to plan confirmation made by VOL and directs Heartwise to lodge a confirmation order and findings of fact and conclusions of law consistent with this Memorandum Decision within fourteen (14) days of the date of entry of this Memorandum Decision (BNC-PDF) (Related Doc # 460 Confirmation of Amended Chapter 11 Plan of Reorganization) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |

**EXHIBIT "3"**

**PAGE 120**

| 11/24/2021 | 562<br>(11 pgs) | Transcript regarding Hearing Held 11/12/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/22/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/1/2021. Redaction Request Due By 12/15/2021. Redacted Transcript Submission Due By 12/27/2021. Transcript access will be restricted through 02/22/2022. (Hyatt, Mitchell) (Entered: 11/24/2021) |
| 11/24/2021 | 563<br>(52 pgs; 3 docs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases)(Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)( 8:20-bk-13335-MW) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A53647307. Fee amount 298.00. (re: Doc# 563) (U.S. Treasury) (Entered: 11/24/2021) |
| 11/24/2021 | 564<br>(41 pgs; 4 docs) | Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service) (Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | 565<br>(8 pgs) | Notice of lodgment Filed by Interested Party DavidPaul Doyle (RE: related document(s)564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | 566<br>(5 pgs; 2 docs) | Notice *Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW* Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases), 564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Attachments: # 1 proof of service) (Glicksman, Jared) Warning: Item subsequently amended by docket entry no: 567 Modified on 11/24/2021 (Le, James). (Entered: 11/24/2021) |
| 11/24/2021 | 567 | Notice to Filer of Correction Made/No Action Required: **Other - Non-compliance with LBR 9004-1 and Court Manual 2-5(c)(3) - PDF does not have proper caption page. THIS ENTRY IS PROVIDED FOR** |

**EXHIBIT "3"**

**PAGE 121**

| | | |
|---|---|---|
| | | **FUTURE REFERENCE.** (RE: related document(s)566 Notice filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/24/2021) |
| 11/25/2021 | 568 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/25/2021 | 569 (19 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)561 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/29/2021 | 570 (70 pgs; 6 docs) | Notice Of Referral Of Appeal To United States District Court with certificate of mailing (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW # 3 Notice of Transcript(s) Designated for an Appeal # 4 Transcript Order Form # 5 Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit) (Bolte, Nickie) (Entered: 11/29/2021) |
| 11/30/2021 | 571 (4 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC* Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/30/2021) |
| 12/01/2021 | 572 (67 pgs) | Stipulation By Earnesty LLC and *Vitamins Online, Inc., Osman Khan, DavidPaul Doyle, von Briesen & Roper S.C., and Hahn & Hahn LLP Concerning Subpoenas Served by Earnesty LLC* Filed by Interested Party Earnesty LLC (Bisconti, Anthony) (Entered: 12/01/2021) |
| 12/02/2021 | 573 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 574 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 575 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-033. RE Hearing Date: 11/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)573 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/02/2021 | 576 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-034. RE Hearing Date: 11/16/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)574 Transcript |

**EXHIBIT "3"**

**PAGE 122**

|  |  |  |
|---|---|---|
|  |  | Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/06/2021 | 577 (2 pgs) | Assignment notice of USDC case/judge to appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at Untied States District Court on 12/2/2021) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 12/06/2021) |
| 12/06/2021 | 578 (1 pg) | Transcript Order Form, regarding Hearing Date 10/25/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | 579 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-35. RE Hearing Date: 10/25/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)578 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/06/2021) |
| 12/06/2021 | 580 (53 pgs; 2 docs) | Brief *Response To Vitamins Online, Inc.'s Omnibus Objection To Claims 5 And 12 Filed By Magleby Cataxinos & Greenwood, P.C* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Attachments: # 1 Affidavit Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cataxinos & Greenwood, P.C.) (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |
| 12/06/2021 | 581 (32 pgs) | Affidavit Re: *Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cat Axinos & Greenwood, P.C.* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |
| 12/06/2021 | 582 (90 pgs; 2 docs) | Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | 583 (14 pgs; 2 docs) | Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | 584 (12 pgs) | Notice of lodgment *of Proposed Order* Filed by Interested Party DavidPaul Doyle (RE: related document(s)583 Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/07/2021 | 585 (2 pgs) | Order Approving Stipulation Concerning Subpoenas Served by Earnesty, LLC - The December 13, 2021 at 2:00 PM Hearing on Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnest, |

**EXHIBIT "3"**

**PAGE 123**

| | | |
|---|---|---|
| | | LLC is Vacated. (See Order for Further Ruling) (BNC-PDF) (Related Doc # 572 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 586 | Notice to Filer of Correction Made/No Action Required: **Other - Correct hearing date is December 13, 2021 at 2:00 PM. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)580 Brief filed by Interested Party Magleby Cataxinos & Greenwood, 581 Affidavit filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 587 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing Set for December 13, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 583 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 588 | Hearing Set (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyles Participation in the Confirmation Hearing filed by Interested Party DavidPaul Doyle) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 589 (2 pgs) | Order Denying without Prejudice Motion to Permit David Paul Doyle to File Transcripts of November 10, 2021 and November 12, 2021 Hearings Under Seal (Docket No. 564) - No Renewed Motion in this Matter shall be Filed prior to January 7, 2022. (Related Doc # 564 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 590 (43 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s First Amended Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/07/2021) |
| 12/07/2021 | 591 (37 pgs; 3 docs) | Application shortening time *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (Attachments: # 1 Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] # 2 Declaration Of Chad Nydegger Re Application For Order Setting Hearing On Shortened Notice) (Rallis, Dean) Warning: Item subsequently amended by docket entry no:591 Modified on 12/8/2021 (Le, James). (Entered: 12/07/2021) |
| 12/08/2021 | 592 | Notice to Filer of Error and/or Deficient Document **Motion for Reconsideration needs to be filed separately from the Application for Order Shortening Time. THE FILER IS INSTRUCTED TO FILE THE MOTION FOR RECONSIDERATION IN A SEPERATE DOCKET ENTRY IMMEDIATELY.** (RE: related document(s)591 Application shortening time filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 12/08/2021) |

**EXHIBIT "3"**

**PAGE 124**

| CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| 12/08/2021 | 593<br>(7 pgs) | Notice of Hearing Filed by Interested Party DavidPaul Doyle (RE: related document(s)582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 594<br>(24 pgs) | Transcript regarding Hearing Held 10/25/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 595<br>(28 pgs) | Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/08/2021) |
| 12/08/2021 | 596<br>(109 pgs) | Notice *of Filing of Transcripts for November 10, 2021, and November 12, 2021 pursuant to the Court's Order [DKT 587]* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 597<br>(22 pgs) | Transcript regarding Hearing Held 09/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 598<br>(15 pgs) | Declaration re: *Mark F. Foley Re: Notice and service of DavidPaul Doyle's Motion to Stay Pending Appeal andRelated Documents and Order [Dkt. 587]* Filed by Interested Party DavidPaul Doyle (RE: related document(s)587 ORDER shortening time (BNC-PDF)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 599<br>(14 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 12/22/2021. Transmission of Designation Due by 01/7/2022. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 600<br>(6 pgs) | Statement of Issues on Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 601<br>(6 pgs) | Notice Of Transcript(s) Designated For An Appeal: Hearing Date(s): 11/15/2021 At 9:00 A.M.; 11/16/2021 At 9:00 A.M.; 11/10/2021 - |

**EXHIBIT "3"**

**PAGE 125**

| | | |
|---|---|---|
| | | Docket No.: 546; 11/12/2021 - Docket No.: 562; And 09/15/2021 - Docket No.: 597 Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). (Glicksman, Jared) Modified on 12/22/2021 (Bolte, Nickie). (Entered: 12/08/2021) |
| 12/08/2021 | 602 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/8/2021. (RE: related document(s) 573 Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 603 (244 pgs) | Transcript regarding Hearing Held 11/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/09/2021 | 604 (2 pgs) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magleby Cataxinos & Greenwood, P.C. from December 13, 2021 at 2:00 PM to December 20, 2021 at 9:00 AM (BNC-PDF) (Related Doc # 525 ) Signed on 12/9/2021 (Le, James) (Entered: 12/09/2021) |
| 12/09/2021 | 605 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)585 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| 12/09/2021 | 606 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)587 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| 12/10/2021 | 607 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing set for December 15, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 591 ) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 608 | Hearing Set (RE: related document(s)595 Motion to Reconsider filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/15/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 609 (1 pg) | Order Continuing Status Confernece to January 10, 2022 at 2:00 PM - No Status Report is Required (BNC-PDF) (Related Doc # 1) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 610 (2 pgs) | Order Continuing Motion for Stay Pending Appeal (Docket No. 582) to December 15, 2021 at 2:00 PM (BNC-PDF) (Related Doc # 582 Motion To Stay Pending Appeal filed by Interested Party DavidPaul Doyle). (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 611 | Acknowledgement of Request for Transcript (RE: Appeal) Received on |

**EXHIBIT "3"**

**PAGE 126**

| | | |
|---|---|---|
| | | 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/10/2021. (RE: related document(s) 574 Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 612 <br> (141 pgs) | Transcript regarding Hearing Held 11/16/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/10/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/17/2021. Redaction Request Due By 01/3/2022. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/10/2022. (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 613 <br> (13 pgs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle *[Heartwise, Inc.'s Opposition to DavidPaul Doyle's Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing, Chapter 11 Plan or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/10/2021) |
| 12/10/2021 | 614 <br> (56 pgs; 3 docs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Declaration of Anthony R. Bisconti in support thereof # 2 Proof of Service) (Bisconti, Anthony) (Entered: 12/10/2021) |
| 12/10/2021 | 615 <br> (19 pgs) | Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 616 <br> (5 pgs) | Declaration re: *Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 617 <br> (62 pgs) | Declaration re: *Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 618 <br> (10 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by* |

**EXHIBIT "3"**

**PAGE 127**

| | | |
|---|---|---|
| | | *Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/11/2021 | [619](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[604](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/11/2021. (Admin.) (Entered: 12/11/2021) |
| 12/12/2021 | [620](#) (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[607](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | [621](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[609](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | [622](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[610](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/13/2021 | [623](#) (16 pgs) | Declaration re: *Declaration Of Jessica L. Evans Regarding Telephonic Notice And Service Re: Hearing On Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[607](#) ORDER shortening time (BNC-PDF)). (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | [624](#) (17 pgs) | Reply to (related document(s): [525](#) Objection to Claim filed by Creditor Vitamins Online, Inc) *Creditor Vitamins Online, Inc.s Reply In Support Of Omnibus Objection To Magleby Cataxinos & Greenwood, P.C.s Claim Nos. 5-2 And 12 On Grounds That MCG Is Not A Creditor And The Claims Are Not Enforceable* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | 659 | Hearing Continued (RE: related document(s)[1](#) STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - STATUS CONFERENCE CONTINUED TO JANUARY 10, 2022 AT 2:00 PM ENTERED 12-10-21. (DOCKET NO. 609). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 660 | Hearing Held (RE: related document(s)[542](#) Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) OFF CALENDAR - MOTION WITHDRAWN PER ORDER APPROVING STIPULATION CONCERNING SUBPOENAS SERVED BY EARNESTY, LLC ENTERED ON 12-7-21 (DOCKET NO. 585). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 661 | Hearing Continued (RE: related document(s)[525](#) Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING OMNIBUS OBJECTION TO DECEMBER 20, 2021 AT 9:00 AM ENTERED 12-9-21 (DOCKET NO. 604). (Le, James) (Entered: 12/20/2021) |

**EXHIBIT "3"**

**PAGE 128**

| 12/13/2021 | 662 | Hearing Continued (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan [Dkt 460]) OFF CALENDAR - HEARING CONTINUED TO DECEMBER 15, 2021 AT 2:00 PM PER ORDER ENTERED 12-10-21 (DOCKET NO. 610). (Le, James) (Entered: 12/20/2021) |
| 12/14/2021 | 625 (9 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *[Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum Decision and Order]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/14/2021) |
| 12/14/2021 | 626 (2 pgs) | Order on Draft Emergency Motion by Vitamins Online, Inc. - Oral Motion at Wednesday, December 15, 2021 at 2:00 PM. Draft of Emergency Motion to be served on Heartwise's Counsel by Email priot to Noon on December 14, 2021. No New Motions of Any Kind be Calendared for Hearing prior to January 5, 2022. No Application for an Order Shortening Time Shall be Filed that Requests a Hearing Prior to January 5, 2022. No Newly-Filed Emergency Motion Shall Seek a Hearing Date Prior to January 5, 2022. No Other Kind of Matter Shall be Calendared for Hearing Before January 5, 2022. (BNC-PDF) (Related Doc # 1 ) Signed on 12/14/2021 (Le, James) (Entered: 12/14/2021) |
| 12/14/2021 | 627 (10 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 12/14/2021) |
| 12/14/2021 | 628 | Hearing Set (RE: related document(s)626 Hearing on Oral Emergency Motion by Vitamins Online Inc.) The Hearing date is set for 12/15/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/14/2021) |
| 12/14/2021 | 629 (4 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *Opposition and Notice of Joinder in Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum of Decision and Order* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | 630 (4 pgs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) *Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for Stay* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | 631 | Objection (related document(s): 590 Notice of Lodgment filed by Debtor |

**EXHIBIT "3"**

**PAGE 129**

| | | |
|---|---|---|
| | (138 pgs; 2 docs) | *Heartwise, Inc.) Written Objections to Form of Proposed Order* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Redline comparing [Proposed] Order Confirming Heartwise, Inc.s First Amended Chapter 11 Plan of Reorganization Findings of Fact and Conclusions of Law vs. [Alternate Proposed] Order Findings of Fact and Conclusions of Law) (Glicksman, Jared) (Entered: 12/14/2021) |
| 12/15/2021 | 632 (150 pgs; 2 docs) | Opposition to (related document(s): 615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc) Filed by Interested Party Magleby Cataxinos & Greenwood (Attachments: # 1 Affidavit Declaration of Aaron J. Malo ISO Magleby Cataxinos & Greenwood, P.C.'s Opposition to Vitamins Online, Inc.'s Motion to Quash) (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 633 (6 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witnesses and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 634 (8 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witness and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 635 (5 pgs) | Declaration re: *Declaration Of Chad E. Nydegger Regarding Vitamins Online, Incs Witnesses For Hearing On Claim Objections* Filed by Creditor Vitamins Online, Inc (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Rallis, Dean) (Entered: 12/15/2021) |
| 12/15/2021 | 656 | Hearing Held (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan [Dkt 460]) Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 657 | Hearing Held (RE: related document(s)595 Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] filed by Creditor Vitamins Online, Inc) Taken Under Submission (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 658 | Hearing Held (RE: related document(s)626 Oral Hearing on Draft Emergency Motion) Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/16/2021 | 636 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/16/2021) |
| 12/16/2021 | 637 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-37. RE Hearing Date: 12/15/2021, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) |

**EXHIBIT "3"**

**PAGE 130**

| | | |
|---|---|---|
| | | 272-0022, ext. 201 or ext. 206.] (RE: related document(s)636 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/16/2021) |
| 12/16/2021 | 638 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)626 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/16/2021. (Admin.) (Entered: 12/16/2021) |
| 12/17/2021 | 639 (1 pg) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] - Hearing Continued to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 277 Objection to Claim #3 by Claimant Vitamins Online, Inc. in the amount of $ $14,426,972.00 Filed by Interested Party Magleby Cataxinos & Greenwood) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 640 (1 pg) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magleby Cataxinos & Greenwood, P.C. (Docket No. 525) to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 641 (6 pgs) | Notice of lodgment [Notice of Lodgment of Order in Bankruptcy Case re: Order to Deposit Funds Into The Court's Registry] Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan [Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization] Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization [Heartwise, Inc.'s Plan of Reorganization] Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/17/2021) |
| 12/17/2021 | 642 (1 pg) | Order Setting Creditor Vitamins Online, Inc's Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood for January 10, 2022 at 2:00 PM. (BNC-PDF) (Related Doc # 615 ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 643 | Hearing Set (RE: related document(s)615 Motion to Quash filed by Creditor Vitamins Online, Inc) The Hearing date is set for 1/10/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 644 (25 pgs) | Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 645 (28 pgs) | Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |

**EXHIBIT "3"**

**PAGE 131**

| | | |
|---|---|---|
| 12/17/2021 | 646<br>(1 pg) | Notice of order confirming chapter 11 plan (BNC) (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 647 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/16/2021. The Reporter Expects to Have the Transcript Completed by 12/17/2021. (RE: related document(s) 636 Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 648<br>(75 pgs) | Transcript regarding Hearing Held 12/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/17/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/27/2021. Redaction Request Due By 01/7/2022. Redacted Transcript Submission Due By 01/18/2022. Transcript access will be restricted through 03/17/2022. (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 649<br>(5 pgs) | Declaration re: *Declaration Of Dean G. Rallis Jr. Regarding The Missing Highlights In The Service Copy Of The Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.'s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)617 Declaration). (Rallis, Dean) (Entered: 12/17/2021) |
| 12/19/2021 | 650<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)646 Notice of order confirming chapter 11 plan (BNC)) No. of Notices: 31. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 651<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)639 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 652<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)640 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 653<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)642 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 654<br>(28 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)644 Order Confirming Chapter 11 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 655<br>(31 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)645 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/20/2021 | 663<br>(1 pg) | Order Continuing Status Conference Hearing to January 24, 2022 at 2:00 PM. No Updated Status Report is Required (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; |

**EXHIBIT "3"**

**PAGE 132**

| | | And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 12/20/2021 (Le, James) (Entered: 12/20/2021) |
|---|---|---|
| 12/20/2021 | 665 | Hearing Continued (RE: related document(s)277 Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED ON 12-17-21 (DOCKET NO. 639). (Le, James) (Entered: 12/22/2021) |
| 12/20/2021 | 666 | Hearing Continued (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED 12-17-21 (DOCKET NO. 640). (Le, James) (Entered: 12/22/2021) |
| 12/22/2021 | 664 (4 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal *[Appellee's Supplemental Designation of Record]* Filed by Debtor Heartwise, Inc. (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A), 563 Notice of Appeal and Statement of Election (Official Form 417A)). (CLIFFORD, RONALD) (Entered: 12/22/2021) |
| 12/22/2021 | 667 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)663 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/22/2021. (Admin.) (Entered: 12/22/2021) |
| 12/24/2021 | 668 (28 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (CLIFFORD, RONALD) (Entered: 12/24/2021) |
| 12/27/2021 | 669 (5 pgs) | Declaration re: non opposition *[Declaration of Tuong Nguyen in Support of Entry of Order to Deposit Funds into the Court's Registry]* Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 12/27/2021) |
| 12/28/2021 | 670 (7 pgs) | Notice *[Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates]* Filed by Debtor Heartwise, Inc. (RE: related document(s)644 Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, 645 Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, 646 Notice of order confirming chapter 11 plan (BNC)). (CLIFFORD, RONALD) (Entered: 12/28/2021) |
| 12/29/2021 | 671 (2 pgs) | Order to Deposit Funds into the Court's Registry. In the Amount of $14500000. Signed on 12/29/2021. (RE: related document(s)460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) (Le, James) (Entered: 12/29/2021) |

| | | |
|---|---|---|
| 12/29/2021 | 672<br>(3 pgs) | Certificate Of Readiness And Completion Of Record On Appeal To United States District Court RE: USDC Case No. 8:21-cv-01961-AB (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 12/29/2021) |
| 12/31/2021 | 673<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)671 Order Authorizing Interpleader Deposit (28 U.S.C. Section 1335) (BNC-PDF)) No. of Notices: 1. Notice Date 12/31/2021. (Admin.) (Entered: 12/31/2021) |
| 01/03/2022 | 674<br>(13 pgs) | Reply to (related document(s): 632 Opposition filed by Interested Party Magleby Cataxinos & Greenwood *Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 01/03/2022) |
| 01/03/2022 | 675<br>(8 pgs) | Declaration re: *Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)674 Reply). (Rallis, Dean) (Entered: 01/03/2022) |
| 01/04/2022 | 676<br>(16 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | 677<br>(4 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | 678<br>(2 pgs) | Order Requiring Supplemental Briefing RE Motion to Quash - MCG is Ordered to File a Pleading Addressing the Court's Concerns as Described above on or before Thursday, January 6, 2022. VOL may File a Responsive Pleading on or before Saturday, January 8, 2022. (BNC-PDF) (Related Doc # 615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas ) Signed on 1/4/2022 (Le, James) (Entered: 01/04/2022) |
| 01/04/2022 | 679<br>(9 pgs) | Notice *[Notice of Effective Date of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/05/2022 | 680<br>(2 pgs) | Order Authorizing Employment of Eureka Consulting LLC as Advisor to the Debtor-In-Possession (BNC-PDF) (Related Doc 508) Signed on 1/5/2022. (Le, James) (Entered: 01/05/2022) |

**EXHIBIT "3"**

**PAGE 134**

| | | |
|---|---|---|
| 01/05/2022 | 681<br>(1 pg) | Notice RE: Bankruptcy Record Complete - RE: Appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at United States District Court on 1/3/2022) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 01/05/2022) |
| 01/06/2022 | 682<br>(12 pgs) | Opposition to (related document(s): 615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc, 678 Order (Generic) (BNC-PDF)) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 01/06/2022) |
| 01/06/2022 | 683<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)678 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/06/2022. (Admin.) (Entered: 01/06/2022) |
| 01/07/2022 | 684<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)680 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/07/2022. (Admin.) (Entered: 01/07/2022) |
| 01/08/2022 | 685<br>(32 pgs) | Brief *Creditor Vitamins Online, Inc.s Supplemental Brief In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)678 Order (Generic) (BNC-PDF)). (Rallis, Dean) (Entered: 01/08/2022) |
| 01/10/2022 | 688 | Hearing Rescheduled/Continued (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood) The Hearing date is set for 1/24/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 01/11/2022) |
| 01/10/2022 | 689 | Hearing Rescheduled/Continued (RE: related document(s)1 CONT'D STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - ORDER CONTINUING STATUS CONFERENCE JANUARY 24, 2022 AT 2:00 PM ENTERED 12-20-21 (DOCKET NO. 663). (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | 686<br>(1 pg) | Order Continuing Hearing to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 615 Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood Filed by Creditor Vitamins Online, Inc) Signed on 1/11/2022 (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | 687<br>(1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/11/2022) |
| 01/11/2022 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53784665. Fee amount 32.00. (re: Doc# 687) (U.S. Treasury) (Entered: 01/11/2022) |
| 01/12/2022 | 690<br>(18 pgs) | Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: |

**EXHIBIT "3"**

**PAGE 135**

| | | 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
|---|---|---|
| 01/12/2022 | 691 (5 pgs) | Declaration re: *[Declaration of William A. Delgado in Support of DTO Law's Third and Final Application for Compensation]* Filed by Debtor Heartwise, Inc. (RE: related document(s)690 Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0.). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 692 (14 pgs) | Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 693 (4 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)692 Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 694 (8 pgs) | Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 695 (4 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)694 Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 696 (59 pgs) | Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 697 (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* Filed by Attorney R. Clifford & Associates (RE: related document(s)696 Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |

**EXHIBIT "3"**

**PAGE 136**

| | | |
|---|---|---|
| 01/12/2022 | **698**<br>(4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Attorney R. Clifford & Associates (RE: related document(s)690 Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0., 692 Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0, 694 Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981, 696 Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | **699**<br>(9 pgs) | Notice of Hearing *[Notice of Hearings on Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Debtor Heartwise, Inc. (RE: related document(s)690 Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc., 692 Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc., 694 Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc., 696 Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | **700**<br>(1 pg) | Transcript Order Form, regarding Hearing Date 01/10/22 Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Malo, Aaron) (Entered: 01/12/2022) |
| 01/12/2022 | 701 | Hearing Set (RE: related document(s)690 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 702 | Hearing Set (RE: related document(s)692 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 703 | Hearing Set (RE: related document(s)694 Application for Compensation |

**EXHIBIT "3"**

**PAGE 137**

| | | |
|---|---|---|
| | | filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 704 | Hearing Set (RE: related document(s)696 Application for Compensation filed by Attorney R. Clifford & Associates) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 705 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-03. RE Hearing Date: 1-10-22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)700 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/12/2022) |
| 01/13/2022 | 706 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)686 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 01/13/2022. (Admin.) (Entered: 01/13/2022) |
| 01/14/2022 | 707 (23 pgs) | Transcript regarding Hearing Held 01/10/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 1/21/2022. Redaction Request Due By 02/4/2022. Redacted Transcript Submission Due By 02/14/2022. Transcript access will be restricted through 04/14/2022. (Hyatt, Mitchell) (Entered: 01/14/2022) |
| 01/17/2022 | 708 (56 pgs) | Application for Compensation . Filed by Attorney Michael Jay Berger (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 709 (6 pgs) | Notice of Hearing Filed by Debtor Heartwise, Inc. (RE: related document(s)150 Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger). (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 710 | Hearing Set (RE: related document(s)708 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/18/2022) |
| 01/18/2022 | 711 (161 pgs) | Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/18/2022 | 712 (159 pgs) | Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |

**EXHIBIT "3"**

**PAGE 138**

| 01/18/2022 | 713<br>(5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Objection to Claim Nos. 3 and 5, and Any Amendments Thereto]* Filed by Debtor Heartwise, Inc. (RE: related document(s)711 Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. , 712 Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. ). (CLIFFORD, RONALD) (Entered: 01/18/2022) |
|---|---|---|
| 01/24/2022 | 714<br>(1 pg) | Transcript Order Form, regarding Hearing Date 01/24/22 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/24/2022) |
| 01/24/2022 | 716 | Hearing Held (RE: related document(s)277 Hearing RE: Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) Motion Granted. Order by Movant. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 717 | Hearing Held (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) Motion Denied. Order by Respondent. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 718 | Hearing Rescheduled/Continued (RE: related document(s)1 POST CONFIRMATION STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Status hearing to be held on 5/11/2022 at 10:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report is due April 27, 2022. Court to Prepare Order. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 719 | Hearing Held (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood filed by Creditor Vitamins Online, Inc) Motion Granted. Order by Magleby. (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 715 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-04. RE Hearing Date: 1/24/22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)714 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 720<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Grimshaw, Matthew. (Grimshaw, Matthew) (Entered: 01/25/2022) |
| 01/25/2022 | 721<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wood, David. (Wood, David) (Entered: 01/25/2022) |
| 01/26/2022 | 722<br>(8 pgs) | Substitution of attorney *with Proof of Service* Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 01/26/2022) |
| 01/26/2022 | 723<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ordubegian, Aram. (Ordubegian, Aram) (Entered: 01/26/2022) |
| 01/26/2022 | 724 | Motion to Dismiss Adversary Proceeding Filed by Interested Parties |

**EXHIBIT "3"**

**PAGE 139**

| | (41 pgs) | Alpha Health Research, Inc., Earnesty LLC, Creditor Robinson Pharma, Inc. (Bisconti, Anthony) CORRECTION: PDF filed in the incorrect case. PDF has been filed in the correct Adversary Case of 8:21-ap-01019-MW Docket No. 56). Modified on 1/27/2022 (Le, James). (Entered: 01/26/2022) |
|---|---|---|
| 01/27/2022 | 725 (56 pgs) | Transcript regarding Hearing Held 01/24/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/27/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 2/3/2022. Redaction Request Due By 02/17/2022. Redacted Transcript Submission Due By 02/28/2022. Transcript access will be restricted through 04/27/2022. (Hyatt, Mitchell) (Entered: 01/27/2022) |
| 01/27/2022 | 726 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Stoops, Annie. (Stoops, Annie) (Entered: 01/27/2022) |
| 01/27/2022 | 727 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by CLIFFORD, RONALD. (CLIFFORD, RONALD) (Entered: 01/27/2022) |
| 01/31/2022 | 728 (5 pgs) | Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallow Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |
| 01/31/2022 | 729 (5 pgs) | Amended Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallows Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights Under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |
| 02/02/2022 | 731 (2 pgs) | ORDER OF DISCHARGE - Chapter 11 (BNC) for Debtor (Le, James) (Entered: 02/02/2022) |
| 02/02/2022 | 732 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)728 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/02/2022 | 733 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)729 Amended Order (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/03/2022 | 734 (1 pg) | Order Continuing Post-Confirmation Status Conference to May 11, 2022 at 10:00 AM. An Updated Report due April 27, 2022. (BNC-PDF) (Related Doc # 1 POST CONFIRMATION STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 2/3/2022 (Le, James) (Entered: 02/03/2022) |

**EXHIBIT "3"**

**PAGE 140**

| 02/04/2022 | 735 (5 pgs) | Notice of lodgment *of Order re: Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc). (Malo, Aaron) (Entered: 02/04/2022) |
| --- | --- | --- |
| 02/04/2022 | 736 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case re: Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C. 's Claim Nos. 5-2 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Malo, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | 737 (6 pgs) | BNC Certificate of Notice (RE: related document(s)731 ORDER OF DISCHARGE - Chapter 11 (Form 3180C1) (BNC)) No. of Notices: 30. Notice Date 02/04/2022. (Admin.) (Entered: 02/04/2022) |
| 02/05/2022 | 738 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)734 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/05/2022. (Admin.) (Entered: 02/05/2022) |
| 02/07/2022 | 739 | Hearing Held (RE: related document(s)708 First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger for the Period from 12-5-2020 to 12-16-2020 [RE: The Law Offices of Michael Jay Berger - Debtor's Former Counsel] [Fees: 8,205.00, Expenses: 0.00] filed by Debtor Heartwise, Inc.) Application Granted. Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 740 | Hearing Held (RE: related document(s)696 : R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses for the Period from 4-1-21 to 8-5-21 and 8-6-2021 to 1-5-22 filed by Attorney R. Clifford & Associates) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 741 | Hearing Held (RE: related document(s)694 Blakelely LLP's Third and Final Application for Compensation and Reimbursement of Expenses for the Period from 12-16-2020 to 3-31-21 and 3-22-21 to 3-31-21 [RE: Blakeley LLP - Former General Insolvency Counsel] [Fee: $157,808.00, Expenses: $1,786.99] [Fee: $24,841.00, Expenses: $194.27] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 742 | Hearing Held (RE: related document(s)690 DTO Law's Third and Final Application for Compensation for the Period from 5-27-21 to 1-5-22 [RE: DTO Law - Special Counsel] [Fee: $2185.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 743 | Hearing Held (RE: related document(s)692 Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement for the Period from 10-26-21 to 11-17-21 [RE: Eureka Consulting LLC - Valuation Advisor][Fee: $102715.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |

**EXHIBIT "3"**

**PAGE 141**

| | | |
|---|---|---|
| 02/08/2022 | **744**<br>(39 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (Grimshaw, Matthew) (Entered: 02/08/2022) |
| 02/09/2022 | **745**<br>(76 pgs) | Objection (related document(s): 735 Notice of Lodgment filed by Interested Party Magleby Cataxinos & Greenwood *Creditor Vitamins Online, Inc.s Objection To Magleby Cataxinos & Greenwoods Proposed Form Of Order On Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/09/2022) |
| 02/11/2022 | **746**<br>(2 pgs) | Order Granting Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood (BNC-PDF) (Related Doc # 615 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/11/2022 | **747**<br>(2 pgs) | Order Overruling Creditor Vitamins Online, Inc's Omnibus Objection to Magleby Cataxinos & Greewnood, P.C.'s Claim Nos. 5-2 and 12 - VOL's Objection to Claim No. 5-2 filed by MCG is OVerruled and Denied in its Entirety. VOL's Objection to Claim No. 12 filed by MCG is Overruled and Denied in its Entirety (BNC-PDF) (Related Doc # 525 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/13/2022 | **748**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)746 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 02/13/2022. (Admin.) (Entered: 02/13/2022) |
| 02/13/2022 | **749**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)747 Order RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date 02/13/2022. (Admin.) (Entered: 02/13/2022) |
| 02/14/2022 | **750**<br>(14 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 (Related Doc. #729)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/14/2022) |
| 02/15/2022 | **751**<br>(3 pgs) | Order Granting Applications for Allowance of Fees and Costs - for Blakeley LLP, Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fees awarded: $159594.99, Expenses awarded: $28035.27; for DTO Law, Special Counsel, Period: 5/27/2021 to 1/5/2022, Fees awarded: $2185.00, Expenses awarded: $0.00; for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fees awarded: $262824.00, Expenses awarded: $1048.68; Awarded on 2/15/2022 (BNC-PDF) Signed on 2/15/2022. (RE: related document(s)690, 692, 694, 696, 708) (Le, James) (Entered: 02/15/2022) |
| 02/17/2022 | **752**<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)751 Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 02/22/2022 | **753**<br>(2 pgs) | Order Granting Applications for Allowance of Fees and Costs - Eureka Consulting LLC, Other Professional, Period: 10/26/2021 to 11/17/2021, Fees awarded: $102715, Expenses awarded: $0.00; Awarded on 2/22/2022 (BNC-PDF) Signed on 2/22/2022. (RE: related document(s)692) (Le, James) (Entered: 02/22/2022) |

**EXHIBIT "3"**

**PAGE 142**

| 02/23/2022 | 754<br>(2 pgs) | Order Denying Vitamins Online, Inc's Motion for Additional Findings Pursuant to Rule 7052 (BNC-PDF) (Related Doc # 750 ) Signed on 2/23/2022 (Le, James) (Entered: 02/23/2022) |
| 02/24/2022 | 755 | In accordance with the Administrative Order 22-04 dated 2/10/22, this case is hereby reassigned from Judge Mark S Wallace to Judge Scott C Clarkson. (Le, James) (Entered: 02/24/2022) |
| 02/24/2022 | 756<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)753 Order of Distribution (BNC-PDF) filed by Consultant Eureka Consulting LLC) No. of Notices: 1. Notice Date 02/24/2022. (Admin.) (Entered: 02/24/2022) |
| 02/25/2022 | 757<br>(16 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant to Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/25/2022) |
| 02/25/2022 | 758<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)754 Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 02/25/2022. (Admin.) (Entered: 02/25/2022) |
| 02/28/2022 | 759<br>(1 pg) | Order Continuing Status Conference. IT IS ORDERED: The Status Conference Set For May 11, 2022, At 10:00 A.M. Is Hereby CONTINUED TO May 18, 2022, At 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. A Status Report Is Due 14 Days In Advance. (BNC-PDF) (Related Doc # 734 ) Signed on 2/28/2022 (Bolte, Nickie) (Entered: 02/28/2022) |
| 03/02/2022 | 760<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)759 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
| 03/09/2022 | 761<br>(39 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 762<br>(104 pgs) | Exhibit *Exhibit Binder To: Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]*). (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 763 | Hearing Set (RE: related document(s)761 Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/10/2022) |

**EXHIBIT "3"**

**PAGE 143**

| 03/10/2022 | 764<br>(5 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)757 Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 03/10/2022) |
| 03/10/2022 | 765 | Hearing Set (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/11/2022) |
| 03/30/2022 | 766<br>(16 pgs) | Opposition to (related document(s): 764 Notice of Hearing (BK Case) filed by Creditor Vitamins Online, Inc) *for Additional Findings Pursuant to Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
| 03/30/2022 | 767<br>(54 pgs) | Opposition to (related document(s): 761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc, 763 Hearing Set (Motion) (BK Case - BNC Option)) *For Reconsideration of Order Disallowing Claim 3-2 of Vitamins Online, Inc.* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
| 03/30/2022 | 768<br>(170 pgs) | Opposition to (related document(s): 757 Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* filed by Creditor Vitamins Online, Inc, 761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc) *Omnibus Limited Opposition to Motions By Vitamins Online, Inc., for Reconsideration and for Additional Findings with Proof of Service* Filed by Debtor Heartwise, Inc. (Grimshaw, Matthew) (Entered: 03/30/2022) |
| 04/06/2022 | 769<br>(23 pgs) | Reply to (related document(s): 767 Opposition filed by Interested Party Magleby Cataxinos & Greenwood *Vitamins Online, Inc.s Reply To Magleby Cataxinos & Greenwood, P.C.s Opposition To Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |
| 04/06/2022 | 770<br>(20 pgs) | Reply to (related document(s): 768 Opposition filed by Debtor Heartwise, Inc.) *Vitamins Online, Inc.s Reply To Heartwise, Inc.s Omnibus Limited Opposition To Vitamins Online, Inc.s Motions For Reconsideration And For Additional Findings* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |

**EXHIBIT "3"**

**PAGE 144**

| 04/08/2022 | 771 (2 pgs) | Order Continuing Hearings On: (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket 761); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket 757). IT IS ORDERED: The Court Hereby CONTINUES The Hearings On (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket 761); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket 757) From April 13, 2022, TO MAY 17, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. No Further pleadings Shall Be Permitted, Unless Otherwise Ordered By The Court. (BNC-PDF) (Related Doc # 761) Signed on 4/8/2022 (Bolte, Nickie) Modified on 4/8/2022 (Bolte, Nickie). (Entered: 04/08/2022) |
| 04/10/2022 | 772 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)771 Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 04/10/2022. (Admin.) (Entered: 04/10/2022) |
| 04/13/2022 | 774 | Hearing Continued On Motion (RE: related document(s)761 Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) - HEARING ON MOTION CONTINUED TO MAY 17, 2022 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINS ONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. 761); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771) The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/13/2022 | 775 | Hearing Continued On Motion (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 filed by Creditor Vitamins Online, Inc) HEARING ON MOTION CONTINUED TO MAY 17, 2022 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINSONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. 761); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771). The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/20/2022 | 773 (14 pgs) | Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/22 *with Proof of Service* Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 04/20/2022) |
| 04/26/2022 | 776 (11 pgs) | Order (1) Granting Motion For Reconsideration ("Motion") [Docket 761 ); (2) Vacating Disallowance Order Entered January 31, 2022 (Docket 729 ); |

**EXHIBIT "3"**

**PAGE 145**

| | | |
|---|---|---|
| | | (3) Abstaining From Dispute Between Vitamins Online, Inc. And Magleby, Cataxinos, & Greenwood P.C.; And (4) Vacating Hearing On Motion. IT IS ORDERED: In Light Of The Foregoing, After Having Reviewed The Motion And Related Pleadings, And The Docket As A Whole, The Court Finds That This Matter Is Appropriate For Disposition Without A Hearing, And Finds Good Cause To GRANT The Motion, VACATE The Disallowance Order, ABSTAIN From Resolution Of The Dispute Between VOL And MCG, And VACATE The Hearing On The Motion. (BNC-PDF) (Related Doc # 761 ; And 729 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |
| 04/26/2022 | 777 <br> (3 pgs) | Order (1) Denying Motion For Additional Findings ("Motion") (Docket 757 ); (2) Vacating Order Entered February 11, 2022 (Docket 747 ); And (3) Vacating Hearing On Motion. IT IS ORDERED: This Court Has Issued An Order VACATING The Order Entered By The Predecessor Court Disallowing MCG's Claim ("Disallowance Order") (Docket 729 ) And ABSTAINING From The Resolution Of That Dispute. See Order Entered April 26, 2022 (Docket 776 ) ("Reconsideration Order"). As The Objection Order Is Directly Related, And, In Fact, relies On The Now-Vacated Disallowance Order, And For The Reasons More Fully Explained In The Reconsideration Order, Which Is Incorporated Herein, This Court Finds It Appropriate To VACATE The Objection Order. In Light Of The Foregoing, The Relief Requested In The Motion Is Unnecessary, And The Motion Is DENIED As Moot. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 757 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/27/2022 14:43:20 | | |
| **PACER Login:** | mwgrimshaw210424 | **Client Code:** 1683-001 |
| **Description:** | Docket Report | **Search Criteria:** 8:20-bk-13335-SC Fil or Ent: filed From: 1/27/2001 To: 4/27/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** 3.00 |

**EXHIBIT "3"**

**PAGE 146**

**EXHIBIT "4"**

1  Ronald A. Clifford (State Bar No. 246542)
   E-Mail: RAC@RCliffordLaw.com
2  R. CLIFFORD & ASSOCIATES
   1100 Town and Country Rd., Suite 1250
3  Orange, California 926868
   Telephone: (949) 533-9774
4

5  *General Insolvency Counsel for*
   *Heartwise, Inc.*
6

7                UNITED STATES BANKRUPTCY COURT

8        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9  In re:                              Case No.: 8:20-bk-13335-MW

10 HEARTWISE, INC.,                    Chapter 11

11
                  Debtor in Possession.   **HEARTWISE, INC.'S FIRST AMENDED**
12                                         **CHAPTER 11 PLAN OF**
                                           **REORGANIZATION**
13

14                                        **Confirmation Hearing Date, Time and**
                                          **Location:**
15                                        Date:     November 10, 2021
                                          Time:     2:00 p.m.
16                                        Place:    411 West Fourth Street
                                                    Santa Ana, CA 92701
17                                                  Courtroom 6C

18
                                          **Objection and Voting Deadline:**
19                                        Date:  October 15, 2021

20

21                      **I.   INTRODUCTION**

22        On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary

23 petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

24 This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

25        Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors

26 and other parties in interest, to propose a plan of reorganization.  This Plan is a plan of

27 reorganization that provides for certain payments to creditors of the Debtor on the Effective Date

28 from, *inter alia*, income from the Debtor's business as more fully described below.  The effective

**EXHIBIT "4"**
**PAGE 147**

1  date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

2  calendar days following the date of the entry of the Court order confirming this Plan (the

3  "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

4  have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

5  Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

6  the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

7  to herein, when appropriate, as the Reorganized Debtor.

8  **II.   CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

9  **A.    What Creditors And Interest Holders Will Receive Under The Plan**

10  As required by the Bankruptcy Code, this Plan (i) classifies claims and interests in various

11  classes according to their right to priority, (ii) states whether each class of claims or interests is

12  impaired or unimpaired, and provides the treatment each class will receive.

13  **B.    Unclassified Claims**

14  Certain types of claims are not placed into voting classes; instead they are unclassified. They

15  are not considered impaired and they do not vote on the Plan because they are automatically entitled

16  to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

17  the following claims in a class.

18  **1.    Administrative Expenses**

19  Administrative expenses are claims for costs or expenses of administering the Debtor's

20  Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

21  requires that all administrative claims be paid on the Effective Date of this Plan, unless a particular

22  claimant agrees to a different treatment.

23  The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

24  treatment under this Plan:

25  / / /

26  / / /

27  / / /

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
2

**EXHIBIT "4"**
**PAGE 148**

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before any particular fee or expense will be paid.  For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case.  The actual administrative claims may be higher or lower.  Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of this Plan and/or claim objections.  If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date.  Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts.  By voting to accept this Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim.  Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

**EXHIBIT "4"**
**PAGE 149**

1  any ceiling on the amount of fees and expenses that such professionals have incurred or for which

2  they are entitled to seek payment.  Such fees and expenses are merely estimates provided at the time

3  of the preparation of the accompanying Disclosure Statement.

4       Administrative expenses incurred in the ordinary course of the Debtor's business shall be

5  paid in the ordinary course of business and, pursuant to 11 U.S.C. sections 363 and 1107, may be

6  paid by the Reorganized Debtor without Court approval.

7       **2.**     **Priority Tax Claims**

8       Priority Tax Claims include certain unsecured income, employment, and other taxes

9  described in Section 507(a)(8) of the Bankruptcy Code.  The Debtor estimates that its asserted

10  priority tax claims are as follows:

| Entity | Amount | Treatment |
|---|---|---|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

17  **C.**    **Classified Claims And Interests**

18       **1.**     **Priority Unsecured Claims**

19       Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

20  Bankruptcy Code are required to be placed in classes.  These types of claims are entitled to priority

21  treatment as follows:  The Bankruptcy Code requires that each holder of such a claim receive cash

22  on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured

23  priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

24  Date, equal to the allowed amount of such claim.  The Debtor does not estimate any priority

25  unsecured claims.

26       **2.**     **Class 1: General Unsecured Claims**

27       General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

28  507(a).  General unsecured non-priority claims will comprise Class 1.  It is estimated that Class 1

**EXHIBIT "4"**

**PAGE 150**

1  claims will total $14,754,667.23 (after application of pre-petition deposits).  Class 1 claims will be

2  paid in full on the Effective Date.  The amount asserted in Claim No. 5 of Magleby, Cataxinos &

3  Greenwood, P.C. ("Magleby"), $14.5 million, which amount is related to the *Final Judgment* (the

4  "Judgment") entered by the U.S. District Court for the District of Utah, Case No. 2:13-cv-00982-

5  DAK, on November 10, 2020, shall be deposited with the Court's registry as interpleaded funds on

6  the Effective Date, and will be released to Magleby only upon further order of this Court.

7       To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the

8  judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment.  Nonetheless,

9  the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be

10  fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of

11  the Judgment, and any subsequent proceedings have been completed.

12       **3.    Interest Holders**

13       Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the

14  estate.  Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul

15  Doyle ("Doyle") owns a 49% interest in the Debtor.  On the Effective Date, these interests will be

16  cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value

17  contribution of $9,425,854.69.  Based on current equity interests, Earnesty shall have the right to

18  purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle

19  shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for

20  $4,618,668.79.  The new value contributions must be in cash, and funded fourteen (14) days prior to

21  the Effective Date.  Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the

22  Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued

23  shares in the Reorganized Debtor for $9,425,854.69.  Should Doyle fail to fund the full

24  $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to

25  purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

26       Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of

27  the new value contribution fourteen (14) days prior to the Confirmation Hearing.  Neither Earnesty

28

**EXHIBIT "4"**
**PAGE 151**

1    nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2    purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3    **D.    Means of Effectuating this Plan and Implementations**

4        **1.    Funding this Plan**

5        All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

6    be paid in cash, in full, on the Effective Date of this Plan, or when allowed, and will be funded from

7    the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

8    Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

9    and the Debtor's cash-on-hand on the Effective Date.

10        **2.    Composition of the Reorganized Debtor**

11        The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

12    herein.  On the Effective Date, the equity interests in the Debtor shall be cancelled.  Each of

13    Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

14    in their current equity proportional share in the Debtor.  Specifically, Earnesty will have the option

15    to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

16    purchase 49% of the shares of the Reorganized Debtor.

17        This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

18    The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

19    fourteen (14) days prior to the Confirmation Hearing.  Earnesty will be entitled to purchase 51% of

20    the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

21    purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79.  If Earnesty

22    does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

23    If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

24    to purchase his 49%.  If either Earnesty or Doyle does not purchase their interest in the Reorganized

25    Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

26    Hearing, then the other party willing to purchase that interest will be required to deposit the

27    increased purchase amount seven (7) days prior to the Confirmation Hearing.

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
6

**EXHIBIT "4"**

**PAGE 152**

1    In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-

2    fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the

3    Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any

4    other provision of this Plan to the contrary, as Earnesty's and Doyle's commitment to fund is

5    dependent on management continuity, minimized administrative expenses, and the absence of

6    disruption to the business, their funding commitment will terminate, and any funds in escrow shall

7    be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner,

8    chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and

9    Doyle's consent.

10    So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity

11    in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the

12    Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the

13    full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any

14    employment agreements with officers and/or employees of the Reorganized Debtor shall be

15    determined by officers of the Reorganized Debtor in accordance with the terms of the governing

16    shareholder agreement.

17        **3.        Disbursing Agent**

18    The Reorganized Debtor will serve as the disbursing agent for purposes of making all

19    distributions required to be made under this Plan.

20        **4.        Objections to Claims**

21    The Debtor and/or Reorganized Debtor will file objections to all claims which are

22    inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the

23    Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or

24    too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may

25    estimate any contingent or unliquidated disputed claim for purposes of confirmation of this Plan.

26    Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the

27    date the Court enters an order confirming this Plan or shall be deemed forever waived.  The

28    Reorganized Debtor shall have the authority to file any objections to claims following Plan

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
7

**EXHIBIT "4"**
**PAGE 153**

1  confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to

2  Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case

3  to resolve such claim objections following Plan confirmation.  Nothing contained in this Plan shall

4  constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

5  recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any

6  claim.

7       **5.    Disputed Claims Reserve**

8       The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any

9  objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such

10 agreement is reached, the amount that would have been distributed on the basis of the amount

11 claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof

12 of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that

13 would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor

14 pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv)

15 in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court

16 upon a motion brought on not less than 14 days' notice to the affected parties and an opportunity for

17 a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized

18 Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve

19 for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim,

20 the previous distributions due on account of such Allowed Claim shall be released from the disputed

21 claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on

22 account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the

23 holder of such Allowed Claim shall be returned to the Reorganized Debtor.

24      **6.    Avoidance Actions and Litigation**

25      The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to

26 bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized

27 Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for

28 pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

**EXHIBIT "4"**
**PAGE 154**

1  the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for

2  their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as

3  the actions would likely not resolve prior to the payments required under this Plan being made.

4  However, the Debtor is not waiving these claims, and should they need to be brought to ensure

5  payment to creditors, they will be available, up through, and including any statute of limitations

6  regarding the same.

7          **7.          Employment of Officers, Employees and Professionals**

8          On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer,

9  Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the

10  Reorganized Debtor shall have the right to employ and compensate such officers, directors,

11  employees, professionals, agents, and representatives as the Reorganized Debtor determines is

12  necessary or appropriate to implement all of the provisions of this Plan and to enable the

13  Reorganized Debtor to operate its business without the need for any further order of the Court.

14          **8.          Distributions to be Made Pursuant to this Plan**

15          All distributions to be made to the holders of Allowed claims pursuant to this Plan may be

16  delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they

17  may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007

18  and 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court,

19  to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within

20  180 days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such

21  null and void checks shall be returned to the Reorganized Debtor.  The holder of a claim with respect

22  to which a Non-Negotiated Check was issued shall forfeit all such holder's right to further

23  distributions under this Plan.

24          If there remain disputed claims in any creditor Class on the date of a distribution under this

25  Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in

26  an amount that would have been distributed on account of the disputed claim as if all such disputed

27  Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
9

**EXHIBIT "4"**
**PAGE 155**

1  the formerly disputed claim will receive the distribution that the claim holder is entitled to receive

2  and any excess sums available will be distributed paid to the Reorganized Debtor.

3       **9.      Exculpations and Releases**

4       To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

5  any of their professionals employed or retained by any of them, shall have or incur liability to any

6  person or entity for any act taken or omission made in good faith in connection with or related to the

7  formulation and implementation of this Plan, or a contract, instrument, release, or other agreement or

8  document created in connection therewith, the solicitation of acceptances for or confirmation of this

9  Plan, or the consummation and implementation of this Plan and the transactions contemplated

10 thereby.

11      **10.    Injunctions**

12      **As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether**

13 **directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage,**

14 **demand, debt, right, cause of action, liability, or interest released, discharged, or terminated**

15 **pursuant to this Plan.  Except as provided in this Plan or the Confirmation Order, as of the**

16 **Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or**

17 **liability that is discharged or an interest or other right of an equity security holder that is**

18 **extinguished pursuant to the terms of this Plan are permanently enjoined from taking any of**

19 **the following actions against the Debtor, the Reorganized Debtor, or their property on account**

20 **of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a)**

21 **commencing or continuing, in any manner or in any place, any action or other proceeding; (b)**

22 **enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or**

23 **order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,**

24 **right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to**

25 **the Debtor; and (e) commencing or continuing any action in any manner, in any place, that**

26 **does not comply with or is inconsistent with the provisions of this Plan.  By accepting**

27 **distribution pursuant to this Plan, each holder of an allowed claim receiving distributions**

28

**EXHIBIT "4"
PAGE 156**

1    **pursuant to this Plan shall be deemed to have specifically and expressly consented to the**

2    **injunction set forth in this Section.**

3    **Notwithstanding this provision, on the date that the Confirmation Order is entered by**

4    **the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate**

5    **to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins**

6    **Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the**

7    **complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy**

8    **Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction**

9    **against the Debtor pursuant to Oregon Statute 60.952. The lifting of the automatic stay**

10   **described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to**

11   **obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an**

12   **augmented award by the District Court after the appeal of the Judgment. The lifting of the**

13   **automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as**

14   **Exhibit A is solely to allow that actual complaint to be filed in a court of competent**

15   **jurisdiction, and then litigated to a judgment. The lifting of the automatic stay as to any**

16   **complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to**

17   **allow the complaint to be filed, and litigated to judgment. The lifting of the automatic stay**

18   **described herein shall not allow the enforcement of any Judgment or award against the**

19   **Debtor's estate, or the Reorganized Debtor. As set forth below, the Court is retaining**

20   **jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate.**

21   **The lifting of the automatic stay described herein also begins, or continues the running of any**

22   **statute of limitations as of the entry of the Confirmation Order by the Court related to an**

23   **appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to**

24   **Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to**

25   **Oregon Statute 60.952.**

26   **11.    Executory Contracts and Unexpired Leases**

27   The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with

28   Robinson and Alpha. All of the amounts required to cure the pre-petition amounts owed to

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

1    Robinson and Alpha shall be paid in full through a setoff of the pre-petition deposits each of them

2    holds.  Any amounts owed to Robinson or Alpha for post-petition shipments of goods and services

3    constitute ordinary course of business payables that shall be paid in the ordinary course of business

4    post-confirmation.  All other unexpired leases and executory contracts of the Debtor not assumed in

5    writing within 30 days of the Effective Date shall be deemed rejected as of the Effective Date.  Any

6    proofs of claim for rejected executory contracts or unexpired leases may be filed with the Court

7    within 45 days of the Effective Date of this Plan.

8        All of the Debtor's remaining executory contracts and unexpired leases which have not

9    previously been assumed or rejected, and which are not included above shall be deemed rejected

10    effective as of 11:59 p.m. prevailing Pacific time on the Effective Date.  THE BAR DATE FOR

11    FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF

12    AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE

13    EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE.  Any

14    claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of

15    claim is not timely filed, unless the Bankruptcy Court orders otherwise.

16        **12.    Changes in Rates Subject to Regulatory Commission Approval**

17        The Debtor is not subject to governmental regulatory commission approvals.

18        **13.    Submission of Post-Confirmation Reports**

19        Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall

20    file with the Court and serve on the Office of the United States Trustee a status report (a) containing

21    the Debtor's receipts and disbursements during the prior three months and (b) explaining the

22    Debtor's progress toward obtaining a Final Decree.

23        **14.    Retention of Jurisdiction**

24        After confirmation of this Plan and the occurrence of the Effective Date, in addition to

25    jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally

26    permissible, including for the following purposes:

27        (a)    To resolve any and all disputes regarding the operation and interpretation of

28    this Plan and/or the Confirmation Order;

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
12

**EXHIBIT "4"
PAGE 158**

(b)    To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding and to consider any objection to claim or interest whether such objection is filed before or after the Effective Date;

(c)    To determine the extent, validity, and priority, of any lien asserted against property of the Debtor or property of the Debtor's estate;

(d)    To construe and take any action to enforce this Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Confirmation Order, and all matters referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto;

(e)    To determine any and all applications for the allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

(f)    To determine any request for payment of administrative expense;

(g)    To determine motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and the allowance of any claims resulting therefrom;

(h)    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case, whether before, on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have the right to commence any avoidance actions after the Effective Date and to continue with the prosecution of any avoidance actions commenced by the Debtor before the Effective Date;

(i)    To determine the allowance of Claim Nos. 6, 7, and 8;

(j)    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "4"**

**PAGE 159**

1       (k)      To modify this Plan under Section 1127 of the Bankruptcy Code in order to

2    remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in this Plan so

3    as to carry out its intent and purpose;

4       (l)      Except as otherwise provided in this Plan and Confirmation Order, to issue

5    injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain

6    interference with this Plan or the Confirmation Order, or the execution or implementation by any

7    person or entity of this Plan and Confirmation Order;

8       (m)     To issue such orders in aid of consummation of this Plan or the Confirmation

9    Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or

10    entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

11       (n)     To enter a final decree closing this Chapter 11 case.

12       **V.**     **EFFECT OF CONFIRMATION OF THIS PLAN**

13   **A.**   **Discharge**

14    The Debtor will receive a discharge under this Plan pursuant to and in accordance with the

15    provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of

16    the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a

17    portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of

18    the distributions to be made hereunder, except as otherwise expressly provided herein, each holder

19    (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest

20    and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the

21    Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and

22    all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective

23    Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the

24    Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated

25    Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property,

26    whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases

27    therefor were known or existed prior to the Effective Date.

28

**EXHIBIT "4"**
**PAGE 160**

1    Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

2   judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached

3   to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins

4   Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment

5   through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate

6   jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

7   **B.    Modification Of The Plan**

8    The Debtor may modify this Plan at any time before confirmation.  However, the Bankruptcy

9   Court may require a new disclosure statement and/or re-voting on this Plan if the Debtor modifies

10   this Plan before confirmation.  The Debtor may also seek to modify this Plan at any time after

11   confirmation of this Plan as long as (1) this Plan has not been substantially consummated and (2) the

12   Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

13   **C.    Post-Confirmation Conversion or Dismissal**

14    A creditor or other party in interest may bring a motion to convert or dismiss the case under

15   11 U.S.C. §1112(b) after this Plan is confirmed if there is a default in performing under this Plan.  If

16   the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after this Plan is

17   confirmed, all property that had been property of the Chapter 11 estate, and that has not been

18   disbursed pursuant to this Plan, will revest in the Chapter 7 estate, and the automatic stay will be

19   reimposed upon the revested property, but only to the extent that relief from stay was not previously

20   authorized by the Bankruptcy Court during this case.  The Confirmation Order may also be revoked

21   under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation Order if it

22   was procured by fraud and if a party in interest brings an adversary proceeding to revoke

23   confirmation within 180 days after the entry of the Confirmation Order.

24   **D.    Final Decree**

25    Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy

26   Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to

27   close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely

28   payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
15

**EXHIBIT "4"**
**PAGE 161**

Dated:  September 22, 2021

By: _____
       Tuong Nguyen
Chief Executive Officer of
Heartwise, Inc., Debtor-in-Possession

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

16

**EXHIBIT "4"**
**PAGE 162**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "4"
PAGE 163**

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                    ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.  The Plan is being served as Exhibit A to the
Disclosure Statement.

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
                                                ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the
following persons and/or entities by personal delivery as follows. Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

                                                ☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "4"**
**PAGE 164**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "4"**

**PAGE 165**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Wed Sep 22 08:35:35 PDT 2021

~~R. Clifford & Associates~~
~~1100 Town and Country Rd.~~
~~Suite 1250~~
~~Orange, CA 92868-4623~~

Martini, Inc
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

Alpha House Research
2781 West Macarthur Blvd., Suite 34
Santa Ana, CA 92704-8300

American Express
P O Box 650448
Dallas, TX 75265-0448

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Capital One
P O Box 60599
City of Industry, CA 91716-0599

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Magleby Cataxinos & Greenwood, P.C.
ATTN:  J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

Martha Valenite
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

**EXHIBIT "4"**

**PAGE 166**

Tatyana Shykal
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Oshanerbrics, LLC
280 Summer Street
Boston, MA 02210-1131

Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686

Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651

Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235

RONALD CLIFFORD XXXXXXXXXXXXXXXXXXXXXXXX
X. Clifford & Associates XXXXXXXXXXXXXX
1100 TOWN AND COUNTRY RD., SUITE 1250 XXXX
ORANGE, CA 92868-4633 XXXXXXXXXXXXXXXXXX

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF

(u)DTO Law

(u)Greenberg Traurig, LLP

(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.

(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients    41
Bypassed recipients    12
Total                  53

EXHIBIT "4"
PAGE 167

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document        Page 179 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 1 of 18

1    Ronald A. Clifford (State Bar No. 246542)
      E-Mail: RAC@RCliffordLaw.com
2    R. CLIFFORD & ASSOCIATES
      1100 Town and Country Rd., Suite 1250
3    Orange, California 926868
      Telephone: (949) 533-9774
4

5    *General Insolvency Counsel for*
      *Heartwise, Inc.*
6

7              UNITED STATES BANKRUPTCY COURT

8        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9    In re:                    Case No.: 8:20-bk-13335-MW

10   HEARTWISE, INC.,         Chapter 11
11

12             Debtor in Possession.   **HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
13

14                                 **Confirmation Hearing Date, Time and Location:**
15                                 Date:     November 10, 2021
16                                 Time:     2:00 p.m.
                                  Place:    411 West Fourth Street
17                                              Santa Ana, CA 92701
18                                              Courtroom 6C
19
                                **Objection and Voting Deadline:**
20                                 Date:  October 15, 2021

21                       **I.   INTRODUCTION**

22         On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary

23   petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

24   This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

25         Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors

26   and other parties in interest, to propose a plan of reorganization.  This Plan is a plan of

27   reorganization that provides for certain payments to creditors of the Debtor on the Effective Date

28   from, *inter alia*, income from the Debtor's business as more fully described below.  The effective

           **HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
                                           1

Formatted: Font: Italic

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 180 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 2 of 18

1  date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

2  calendar days following the date of the entry of the Court order confirming this Plan (the

3  "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

4  have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

5  Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

6  the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

7  to herein, when appropriate, as the Reorganized Debtor.

8      **II.  CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

9  **A.**  **What Creditors And Interest Holders Will Receive Under The Plan**

10      As required by the Bankruptcy Code, the~~is~~ Plan (i) classifies claims and interests in various

11  classes according to their right to priority, (ii) states whether each class of claims or interests is

12  impaired or unimpaired, and provides the treatment each class will receive.

13  **B.**  **Unclassified Claims**

14      Certain types of claims are not placed into voting classes; instead they are unclassified. They

15  are not considered impaired and they do not vote on the Plan because they are automatically entitled

16  to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

17  the following claims in a class.

18      **1.**  **Administrative Expenses**

19      Administrative expenses are claims for costs or expenses of administering the Debtor's

20  Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

21  requires that all administrative claims be paid on the Effective Date of the~~is~~ Plan, unless a particular

22  claimant agrees to a different treatment.

23      The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

24  treatment under th~~e~~is Plan:

25  / / /

26  / / /

27  / / /

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
2

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 181 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 3 of 18

| Name | Amount Owed | Treatment |
|---|---|---|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before any particular fee or expense will be paid. For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower. Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of theis Plan and/or claim objections. If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date. Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts. By voting to accept thise Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim. Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
3

**EXHIBIT "4"**
**PAGE 170**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 182 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 4 of 18

any ceiling on the amount of fees and expenses that such professionals have incurred or for which

they are entitled to seek payment. Such fees and expenses are merely estimates provided at the time

of the preparation of th~~is~~e accompanying Disclosure Statement.

Administrative expenses incurred in the ordinary course of the Debtor's business~~, including~~

~~vendor claims of Robinson, ss~~hall be paid in the ordinary course of business and, pursuant to 11

U.S.C. sections 363 and 1107, may be paid by the Reorganized Debtor without Court approval.

**2.    Priority Tax Claims**

Priority Tax Claims include certain unsecured income, employment, and other taxes

described in Section 507(a)(8) of the Bankruptcy Code. The Debtor estimates that its asserted

priority tax claims are as follows:

| Entity | Amount | Treatment |
|--------|--------|-----------|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

**C.    Classified Claims And Interests**

**1.    Priority Unsecured Claims**

Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

Bankruptcy Code are required to be placed in classes. These types of claims are entitled to priority

treatment as follows: The Bankruptcy Code requires that each holder of such a claim receive cash

on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured

priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

Date, equal to the allowed amount of such claim. The Debtor does not estimate any priority

unsecured claims.

**2.    Class 1: General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

507(a). General unsecured non-priority claims will comprise Class 1. It is estimated that Class 1

**EXHIBIT "4"**

**PAGE 171**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 183 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 5 of 18

1   claims will total $14,7~~91,554.11~~54,667.23 (after application of pre-petition deposits).  Class 1 claims

2   will be paid in full on the Effective Date.  The amount ~~related to~~asserted in Claim No. 5 of Magleby,

3   Cataxinos & Greenwood, P.C. ("Magleby"), $14.5 million, ~~related~~which amount is related to ~~to~~ the

4   *Final* Judgment (the "Judgment") entered by the U.S. District Court for the District of Utah, Case

5   No. 2:13-cv-00982-DAK, on November 10, 2020, shall be deposited with the Court's registry as

6   interpleaded funds on the Effective Date, and will be released to Magleby only upon further order of

7   this Court.

8           To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the

9   judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment.  Nonetheless,

10  the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be

11  fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of

12  the Judgment, and any subsequent proceedings have been completed.

13          **3.      ~~Class 2:~~Interest Holders**

14          Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the

15  estate.  Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul

16  Doyle ("Doyle") owns a 49% interest in the Debtor.  On the Effective Date, these interests will be

17  cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value

18  contribution of $9,425,854.69.  Based on current equity interests, Earnesty shall have the right to

19  purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle

20  shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for

21  $4,618,668.79.  The new value contributions must be in cash, and funded fourteen (14) days~~on~~ prior

22  to the Effective Date.  Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the

23  Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued

24  shares in the Reorganized Debtor for $9,425,854.69.  Should Doyle fail to fund the full

25  $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to

26  purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

27          Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of

28  the new value contribution fourteen (14) days prior to the Confirmation Hearing.  Neither Earnesty

Formatted: Font: Italic

**EXHIBIT "4"**

**PAGE 172**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document        Page 184 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 6 of 18

1   nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2   purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3   ///

4   ///

5   **D.**   **Means of Effectuating the~~is~~ Plan and Implementations**

6     **1.**   **Funding the~~is~~ Plan**

7     All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

8   be paid in cash, in full, on the Effective Date of th~~is~~e Plan, or when allowed, and will be funded from

9   the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

10   Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

11   and the Debtor's cash-on-hand on the Effective Date.

12     **2.**   **Composition of the Reorganized Debtor**

13     The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

14   herein. On the Effective Date, the equity interests in the Debtor shall be cancelled. Each of

15   Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

16   in their current equity proportional share in the Debtor. Specifically, Earnesty will have the option

17   to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

18   purchase 49% of the shares of the Reorganized Debtor.

19     This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

20   The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

21   fourteen (14) days prior to the Confirmation Hearing. Earnesty will be entitled to purchase 51% of

22   the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

23   purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79. If Earnesty

24   does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

25   If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

26   to purchase his 49%. If either Earnesty or Doyle does not purchase their interest in the Reorganized

27   Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

28

**EXHIBIT "4"
PAGE 173**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 185 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 7 of 18

1    Hearing, then the other party willing to purchase that interest will be required to deposit the

2    increased purchase amount seven (7) days prior to the Confirmation Hearing.

3         In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-

4    fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the

5    Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any

6    other provision of theis Plan to the contrary, as Earnesty's and Doyle's commitment to fund is

7    dependent on management continuity, minimized administrative expenses, and the absence of

8    disruption to the business, their funding commitment will terminate, and any funds in escrow shall

9    be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner,

10    chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and

11    Doyle's consent.

12         So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity

13    in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the

14    Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the

15    full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any

16    employment agreements with officers and/or employees of the Reorganized Debtor shall be

17    determined by officers of the Reorganized Debtor in accordance with the terms of the governing

18    shareholder agreement.

19         **3.    Disbursing Agent**

20         The Reorganized Debtor will serve as the disbursing agent for purposes of making all

21    distributions required to be made under theis Plan.

22         **4.    Objections to Claims**

23         The Debtor and/or Reorganized Debtor will file objections to all claims which are

24    inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the

25    Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or

26    too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may

27    estimate any contingent or unliquidated disputed claim for purposes of confirmation of theis Plan.

28    Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
7

**EXHIBIT "4"
PAGE 174**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 186 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 8 of 18

1  date the Court enters an order confirming theis Plan or shall be deemed forever waived.  The

2  Reorganized Debtor shall have the authority to file any objections to claims following Plan

3  confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to

4  Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case

5  to resolve such claim objections following Plan confirmation.  Nothing contained in theis Plan shall

6  constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

7  recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any

8  claim.

9       **5.    Disputed Claims Reserve**

10       The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any

11  objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such

12  agreement is reached, the amount that would have been distributed on the basis of the amount

13  claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof

14  of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that

15  would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor

16  pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv)

17  in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court

18  upon a motion brought on not less than 14 days'' notice to the affected parties and an opportunity for

19  a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized

20  Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve

21  for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim,

22  the previous distributions due on account of such Allowed Claim shall be released from the disputed

23  claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on

24  account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the

25  holder of such Allowed Claim shall be returned to the Reorganized Debtor.

26       **6.    Avoidance Actions and Litigation**

27       The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to

28  bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized

---

**EXHIBIT "4"
PAGE 175**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 187 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise   Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 9 of 18

1  Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for

2  pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

3  the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for

4  their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as

5  the actions would likely not resolve prior to the payments required under theis Plan being made.

6  However, the Debtor is not waiving these claims, and should they need to be brought to ensure

7  payment to creditors, they will be available, up through, and including any statute of limitations

8  regarding the same.

9  / / /

10      **7.    Employment of Officers, Employees and Professionals**

11      On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer,

12  Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the

13  Reorganized Debtor shall have the right to employ and compensate such officers, directors,

14  employees, professionals, agents, and representatives as the Reorganized Debtor determines is

15  necessary or appropriate to implement all of the provisions of theis Plan and to enable the

16  Reorganized Debtor to operate its business without the need for any further order of the Court.

17      **8.    Distributions to be Made Pursuant to theis Plan**

18      All distributions to be made to the holders of Allowed claims pursuant to theis Plan may be

19  delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they

20  may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007

21  and 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court,

22  to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within

23  1820 days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such

24  null and void checks shall be redistributed among all other unsecured creditorsreturned to the

25  Reorganized Debtor.  The holder of a claim with respect to which a Non-Negotiated Check was

26  issued shall forfeit all such holder's right to further distributions under theis Plan.

27      If there remain disputed claims in any creditor Class on the date of a distribution under theis

28  Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in

**EXHIBIT "4"**
**PAGE 176**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document      Page 188 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 10 of 18

1    an amount that would have been distributed on account of the disputed claim as if all such disputed

2    Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

3    the formerly disputed claim will receive the distribution that the claim holder is entitled to receive

4    and any excess sums available will be distributed paid to the Reorganized Debtor.

5        **9.    Exculpations and Releases**

6        To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

7    any of their ~~employees, officers, directors, shareholders, agents, members, representatives, or~~

8    professionals employed or retained by any of them, shall have or incur liability to any person or

9    entity for any act taken or omission made in good faith in connection with or related to the

10    formulation and implementation of th~~e~~is~~e~~ Plan, or a contract, instrument, release, or other agreement

11    or document created in connection therewith, the solicitation of acceptances for or confirmation of

12    th~~e~~is Plan, or the consummation and implementation of th~~e~~is Plan and the transactions contemplated

13    thereby.

14        **10.    Injunctions**

15        **As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether**

16    **directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage,**

17    **demand, debt, right, cause of action, liability, or interest released, discharged, or terminated**

18    **pursuant to th~~e~~is Plan.  Except as provided in th~~e~~is Plan or the Confirmation Order, as of the**

19    **Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or**

20    **liability that is discharged or an interest or other right of an equity security holder that is**

21    **extinguished pursuant to the terms of th~~e~~is Plan are permanently enjoined from taking any of**

22    **the following actions against the Debtor, the Reorganized Debtor, or their property on account**

23    **of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a)**

24    **commencing or continuing, in any manner or in any place, any action or other proceeding; (b)**

25    **enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or**

26    **order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,**

27    **right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to**

28    **the Debtor; and (e) commencing or continuing any action in any manner, in any place, that**

**EXHIBIT "4"**
**PAGE 177**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document         Page 189 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 11 of 18

does not comply with or is inconsistent with the provisions of thise Plan.  By accepting distribution pursuant to theis Plan, each holder of an allowed claim receiving distributions pursuant to theis Plan shall be deemed to have specifically and expressly consented to the injunction set forth in this Section.

Notwithstanding this provision, on the date that the Confirmation Order is entered by the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction against the Debtor pursuant to Oregon Statute 60.952.  The lifting of the automatic stay described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the District Court after the appeal of the Judgment.  The lifting of the automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment.  The lifting of the automatic stay as to any complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to allow the complaint to be filed, and litigated to judgment.  The lifting of the automatic stay described herein shall not allow the enforcement of any Judgment or award against the Debtor's estate, or the Reorganized Debtor.  As set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate.  The lifting of the automatic stay described herein also begins, or continues the running of any statute of limitations as of the entry of the Confirmation Order by the Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to Oregon Statute 60.952.

11.    Executory Contracts and Unexpired Leases

**EXHIBIT "4"**

**PAGE 178**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 190 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 12 of 18

1    The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with

2    Robinson Contract and theand Alpha Contract.  All of the amounts required to cure the pre-petition

3    amounts owed to Robinson and Alpha shall be paid in full through a setoff of the pre-petition

4    deposits each of them holds.  Any amounts owed to Robinson or Alpha for post-petition shipments

5    of goods and services constitute ordinary course of business payables that shall be paid in the

6    ordinary course of business post-confirmation.  All other unexpired leases and executory contracts of

7    the Debtor not assumed in writing within 30 days of the Effective Date shall be deemed rejected as

8    of the Effective Date.  Any proofs of claim for rejected executory contracts or unexpired leases may

9    be filed with the Court within 45 days of the Effective Date of theis Plan.

10    All of the Debtor's remaining executory contracts and unexpired leases which have not

11    previously been assumed or rejected, and which are not included above shall be deemed rejected

12    effective as of 11:59 p.m. prevailing Pacific time on the Effective Date.  THE BAR DATE FOR

13    FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF

14    AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE

15    EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE.  Any

16    claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of

17    claim is not timely filed, unless the Bankruptcy Court orders otherwise.

18    **12.    Changes in Rates Subject to Regulatory Commission Approval**

19    The Debtor is not subject to governmental regulatory commission approvals.

20    **13.    Submission of Post-Confirmation Reports**

21    Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall

22    file with the Court and serve on the Office of the United States Trustee a status report (a) containing

23    the Debtor's receipts and disbursements during the prior three months and (b) explaining the

24    Debtor's progress toward obtaining a Final Decree.

25    **14.    Retention of Jurisdiction**

26    After confirmation of theis Plan and the occurrence of the Effective Date, in addition to

27    jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally

28    permissible, including for the following purposes:

**EXHIBIT "4"
PAGE 179**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 191 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 13 of 18

1    (a)    To resolve any and all disputes regarding the operation and interpretation of
2    this Plan and/or the Confirmation Order;
3    (b)    To determine the allowability, classification, or priority of claims and interests
4    upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to
5    bring such objection or proceeding and to consider any objection to claim or interest whether such
6    objection is filed before or after the Effective Date;
7    (c)    To determine the extent, validity, and priority, of any lien asserted against
8    property of the Debtor or property of the Debtor's estate;
9    (d)    To construe and take any action to enforce this Plan, the Confirmation Order,
10    and any other order of the Court, issue such orders as may be necessary for the implementation,
11    execution, performance, and consummation of this Plan and the Confirmation Order, and all matters
12    referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending
13    before the Court in this case on or before the Effective Date with respect to any person or entity
14    related thereto;
15    (e)    To determine any and all applications for the allowance of compensation and
16    reimbursement of expenses of professionals for the period on or before the Effective Date;
17    (f)    To determine any request for payment of administrative expense;
18    (g)    To determine motions for the assumption, assumption and assignment, or
19    rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and
20    the allowance of any claims resulting therefrom;
21    (h)    To determine all applications, motions, adversary proceedings, contested
22    matters, and any other litigated matters instituted during the pendency of this case, whether before,
23    on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have
24    the right to commence any avoidance actions after the Effective Date and to continue with the
25    prosecution of any avoidance actions commenced by the Debtor before the Effective Date;
26    (i)    To determine the allowance of Claim Nos. 6, 7, and 8;
27    (j)    To determine such other matters and for such other purposes as may be
28    provided in the Confirmation Order;

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
13

EXHIBIT "4"
PAGE 180

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 192 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 14 of 18

1           (k<del>j</del>)     To modify this Plan under Section 1127 of the Bankruptcy Code in order to

2 remedy any apparent defect or omission in th<ins>is</ins><del>e</del> Plan or to reconcile any inconsistency in this Plan

3 so as to carry out its intent and purpose;

4           (k<del>k</del>l)     Except as otherwise provided in this Plan and Confirmation Order, to issue

5 injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain

6 interference with this Plan or the Confirmation Order, or the execution or implementation by any

7 person or entity of this Plan and Confirmation Order;

8           (l<del>l</del>m)     To issue such orders in aid of consummation of this Plan or the Confirmation

9 Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or

10 entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

11           (m<del>m</del>n)     To enter a final decree closing this Chapter 11 case.

12         **V.     EFFECT OF CONFIRMATION OF TH<ins>IS</ins><del>E</del> PLAN**

13 **A.    Discharge**

14       The Debtor will receive a discharge under th<ins>is</ins><del>e</del> Plan pursuant to and in accordance with the

15 provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of

16 the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a

17 portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of

18 the distributions to be made hereunder, except as otherwise expressly provided herein, each holder

19 (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest

20 and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the

21 Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and

22 all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective

23 Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the

24 Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated

25 Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property,

26 whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases

27 therefor were known or existed prior to the Effective Date.

28

**EXHIBIT "4"**

**PAGE 181**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document    Page 193 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 15 of 18

1    Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

2    judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached

3    to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins

4    Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment

5    through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate

6    jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

7

8    **B.    Modification Of The Plan**

9        The Debtor may modify th~~e~~is Plan at any time before confirmation.  However, the

10    Bankruptcy Court may require a new disclosure statement and/or re-voting on th~~is~~e Plan if the

11    Debtor modifies th~~e~~is Plan before confirmation.  The Debtor may also seek to modify th~~e~~is Plan at

12    any time after confirmation of th~~e~~is Plan as long as (1) th~~is e~~ Plan has not been substantially

13    consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a

14    hearing.

15    **C.    Post-Confirmation Conversion or Dismissal**

16        A creditor or other party in interest may bring a motion to convert or dismiss the case under

17    11 U.S.C. §1112(b) after th~~is~~e Plan is confirmed if there is a default in performing under th~~e~~is Plan.

18    If the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after th~~e~~is Plan

19    is confirmed, all property that had been property of the Chapter 11 estate, and that has not been

20    disbursed pursuant to th~~e~~is Plan, will revest in the Chapter 7 estate, and the automatic stay will be

21    reimposed upon the revested property, but only to the extent that relief from stay was not previously

22    authorized by the Bankruptcy Court during the~~se~~is case~~s~~.  The Confirmation Order may also be

23    revoked under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation

24    Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke

25    confirmation within 180 days after the entry of the Confirmation Order.

26    **D.    Final Decree**

27        Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy

28    Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to

Formatted

Formatted: Indent: First line: 0"

**EXHIBIT "4"**

**PAGE 182**

Case 8:20-bk-13335-SC    Doc 781    Filed 04/29/22    Entered 04/29/22 11:16:41    Desc
Main Document       Page 194 of 252

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 16 of 18

1    close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely

2    payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

3

4    Dated:  ~~May 5,~~ September 22, 2021

5    ~~~~By:_____

6                                                Tuong Nguyen

7                                                Chief Executive Officer of
                                                 Heartwise, Inc., Debtor-in-Possession

8    ~~Presented by:~~

9    ~~/s/ Ronald A. Clifford~~

10   ~~Ronald A. Clifford~~
     ~~BLAKELEY LLP~~

11   ~~General Insolvency Counsel~~
     ~~to Heartwise, Inc.~~

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "4"
PAGE 183

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: [Redlined] *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov          ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
                                        ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the following persons and/or entities by personal delivery as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593
                                        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021  Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|
| Date          Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "4"
PAGE 185**

**EXHIBIT "5"**

1    Ronald A. Clifford (State Bar No. 246542)
     E-Mail: RAC@RCliffordLaw.com
2    **R. CLIFFORD & ASSOCIATES**
     1100 Town and Country Rd., Suite 1250
3    Orange, California 92868
     Telephone: (949) 533-9774
4
5    *General Insolvency Counsel for*
     *Heartwise, Inc.*
6

FILED & ENTERED

DEC 17 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

7               UNITED STATES BANKRUPTCY COURT

CHANGES MADE BY COURT

8          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9    In re:                                    Case No.: 8:20-bk-13335-MW

10   HEARTWISE, INC.,                          Chapter 11

11                                             **ORDER CONFIRMING HEARTWISE,**
             Debtor in Possession.            **INC.'S FIRST AMENDED CHAPTER 11**
12                                             **PLAN OF REORGANIZATION AND**
                                               **DENYING WITH PREJUDICE CERTAIN**
13                                             **CONFIRMATION ORDER-RELATED**
                                               **MOTIONS**
14
15
                                               **Hearing Date, Time and Location:**
16                                             Date:    November 10, 2021
                                               Time:    2:00 p.m.
17                                             Place:   411 West Fourth Street
                                                        Santa Ana, CA 92701
18                                                      Courtroom 6C
19

20                         **BACKGROUND FACTS**

21         Heartwise, Inc. ("Heartwise") and Vitamins Online, Inc. ("VOL") engage in the business of

22   selling vitamins and nutritional supplements online and are business competitors.  On October 23,

23   2013, VOL filed a complaint against Heartwise in the United States District Court for the District of

24   Utah (the "District Court") alleging claims for unfair competition and false advertising under federal

25   and Utah law (the "District Court Action").  Nearly five years later, in approximately August to

26   September 2018, VOL engaged Magleby, Cataxinos & Greenwood, P.C. ("MCG") to lead the

27   prosecution of the District Court Action.  MCG sent VOL an engagement letter dated September 27,

28   2018 that memorializes the terms of the engagement (the "Engagement Agreement").  The

─────────────────────────────────────────────
        **ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
                            REORGANIZATION**
                                    1

1  Engagement Agreement provided for reduced hourly rates plus a contingency fee.  In the event

2  MCG gained VOL a recovery in excess of $5 million (defined as the "Extraordinary Result

3  Threshold"), MCG would become entitled to an increased contingency fee.  The Engagement

4  Agreement also arguably provides that MCG had the exclusive right to collect any payment on an

5  award to VOL, to subtract its attorneys' fees and costs and to remit the balance to VOL.

6       The District Court held a three-week bench trial in the summer of 2020.  The District Court

7  made very detailed findings of fact and conclusions of law in a 53-page document and awarded VOL

8  $9,551,232 in damages against Heartwise plus prejudgment interest plus reasonable attorneys' fees

9  (the "Judgment").  The amount of attorneys' fees has not yet been determined, but parties generally

10 expect the Judgment with awarded attorneys' fees and prejudgment interest to be about $14.5

11 million.

12      Although one might reasonably expect that VOL would be thrilled with a Judgment that was

13 double (or possibly triple, depending upon how the matter is viewed) the "Extraordinary Result

14 Threshold" that VOL itself had agreed to when it signed the Engagement Agreement, that does not

15 appear to have been the case.  VOL took the position that the District Court got it wrong, and that

16 VOL was entitled to an additional $34 million beyond that awarded to it in the Judgment.

17      VOL's next move was to fire MCG – the law firm that had gained it a recovery double and

18 possibly triple the "Extraordinary Result Threshold" -- and to purportedly terminate the Engagement

19 Agreement.

20      Heartwise filed a notice of appeal with respect to the Judgment.  VOL intended to file a

21 cross-appeal of the Judgment, but before that could occur Heartwise filed a voluntary chapter 11

22 petition in this Court on December 4, 2020.  VOL was thus stayed from filing the cross-appeal.

23      Early in the case, Heartwise proposed a plan of reorganization that would pay all creditors

24 holding allowed claims 100 cents on the dollar.  This included the Judgment.  Generally, creditors

25 who are presented with a chapter 11 plan of reorganization that pays them 100 cents on the dollar

26 tend to approve of and support confirmation of such a plan, but that did not occur here.  VOL

27 repeatedly endeavored through various filings with the Court to prevent Heartwise's 100-cents-on-

28 the-dollar plan from getting to a plan confirmation hearing and then continued these efforts during

EXHIBIT "5"
PAGE 187

the multi-day confirmation hearing itself and again after the confirmation hearings concluded. Heartwise has alleged that VOL's objective in this case is not to have the Judgment paid in full but instead to destroy Heartwise as a business competitor and to prevent it from reorganizing (or else to end up owning the entirety of Heartwise's capital stock).

VOL filed Claim 3-1 (later amended in Claim 3-2) with respect to the Judgment. VOL also filed Claim 8 for the additional $34 million that the District Court had purportedly erred in failing to add to the Judgment. Finally, VOL filed Claim 7 for an additional $20 million in damages unrelated to the District Court Action.

Claim 3-2 and Claim 8 drew objections filed by MCG. MCG evidently fears that if the Judgment is paid by Heartwise directly to VOL, VOL will not honor the terms of the Engagement Agreement and will decline to pay MCG the hourly and contingency fees it has earned by winning VOL a recovery that is double or triple the "Extraordinary Result Threshold." To protect itself against the risk of non-payment, MCG filed Claim 5-2 and Claim 12, asserting that any amounts paid by Heartwise in respect of the Judgment or in respect of VOL's $34 million claim in Claim 8 must be paid to MCG, not VOL, because of MCG's alleged rights under the Engagement Agreement to collect the Judgment (and the $34 million addition thereto, should VOL be successful in its contention that the District Court erred in failing to award VOL an extra $34 million in the District Court Action). MCG does not dispute that if moneys are paid to MCG under Claim 5-2 and Claim 12, MCG would have an obligation to pay the excess amount over to VOL after MCG has deducted the fees and costs to which it is allegedly entitled under the Engagement Agreement (and possibly amounts owing to a third party who provided litigation financing to VOL). MCG supports confirmation of the Plan (as that term is defined below) and generally has argued in opposition to VOL throughout most or all of this case.

Upon motion by Heartwise and a hearing, the Court estimated Claim 7, Claim 8 and Claim 12 at <u>zero</u> for purposes of distribution under a plan of reorganization and for voting (but not for allowance).

VOL was initially represented in this bankruptcy case by Levene, Neale, Bender, Yoo & Golubcik ("Levene Neale"). VOL then replaced Levene Neale with The Bankruptcy Law Firm, P.C.

**EXHIBIT "5"**

**PAGE 188**

1  ("BLF") whose principal attorney is Kathleen March, Esq.  Finally, Hahn & Hahn LLP has

2  substituted in for BLF as VOL's third set of attorneys in this chapter 11 case within less than one

3  year.

4         Prior to a transaction described below, Heartwise's capital stock was owned 51 percent by

5  Earnesty, LLC ("Earnesty") and 49 percent by DavidPaul Doyle ("Mr. Doyle").  Like VOL, Mr.

6  Doyle objected to confirmation of Heartwise's chapter 11 plan of reorganization (although on

7  grounds generally different from those asserted by VOL).

8         Heartwise's First Amended Chapter 11 Plan of Reorganization (the "Plan") provides for

9  payment of all creditors holding allowed claims 100 cents on the dollar plus postpetition interest.

10  Because MCG disputes VOL's Claim 3-2, the Plan provides for Heartwise to interplead

11  approximately $14.5 million in moneys ear-marked to pay the Claim 3-2 or Claim 5-2 (depending

12  upon how the interpleader is ultimately resolved).  Payment in full with interest occurs on the

13  effective date of the Plan, which is the first business day that is 14 days after entry of an order

14  confirming the Plan.  However, if an appeal of the Confirmation Order is taken, the Plan does not

15  become effective (unless Heartwise waives that condition).

16         The Plan does not provide for any distribution to Claim 7, Claim 8 or Claim 12 because each

17  of those claims has been estimated by this Court at zero for purposes of distribution and Plan

18  confirmation.  The Plan provides that litigation involving these claims can go forward after the Plan

19  becomes effective, and in the event these Claims are allowed in any amount, such Claims will be

20  paid in cash in full.

21         The Plan is partially funded by cash contributions by Heartwise's shareholders, with the

22  balance of the funding to come from cash already on hand plus the release of multi-million dollar

23  deposits held by parties with whom Heartwise transacts business.  The shareholder cash contribution

24  in the aggregate is about $9.5 million, with 51 percent thereof to be paid by Earnesty and 49 percent

25  to be paid by Mr. Doyle.  If either shareholder declines to fund the Plan in the required amount, the

26  other shareholder has the right to make the contribution of the shareholder who declined to fund.

27  This has actually occurred, with Mr. Doyle declining to advance his 49 percent share of the

28  approximate $9.5 million aggregate contribution.  Earnesty will be paying the entirety of the $9.5

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

4

EXHIBIT "5"
PAGE 189

1    million contribution and as a result will own 100 percent of Heartwise's capital stock.

2    At the outset of the hearing on Plan confirmation on November 10, 2021, VOL's chief

3    financial officer, Osman Khan ("Mr. Khan"), announced that he had purchased the entirety of Mr.

4    Doyle's interest in Heartwise, including but not limited to all Heartwise capital stock owned by Mr.

5    Doyle, all claims Mr. Doyle had against Heartwise, and Mr. Doyle's interest as plaintiff in an

6    adversary proceeding he commenced in this main bankruptcy case.  Upon hearing this, the Court

7    ruled that Mr. Doyle was no longer a "party in interest" and therefore was not entitled to call

8    witnesses, introduce evidence, make objections or otherwise be heard at the confirmation hearing.

9    An emergency motion for reconsideration of this ruling was filed and denied.  Mr. Doyle has

10   appealed this ruling to the United States District Court for the Central District of California and, in

11   this Court, has filed a motion seeking a stay pending appeal (the "Stay Motion").  The Court heard

12   oral argument on the Stay Motion on December 15, 2021.  This Court's determination of the Stay

13   Motion is set forth below.

14   Following a multi-day confirmation hearing trial (the "Confirmation Hearing"), the Court on

15   November 23, 2021 entered its Memorandum Decision and Order, Docket No. 561 (the

16   "Memorandum Decision"), overruling all objections to Plan confirmation and directing Heartwise to

17   lodge a confirmation order and findings of fact and conclusions of law.  On December 8, 2021, VOL

18   filed a Motion for Reconsideration of Memorandum Decision and Order (Docket No. 596) (the

19   "Reconsideration Motion").  The Court heard oral argument on the Reconsideration Motion on

20   December 15, 2021.  The Court's determination of the Reconsideration Motion is set forth below.

21   On December 13, 2021, the Court was notified after regular business hours that VOL had

22   prepared a draft emergency motion arguing that the Court should accept VOL's bid to buy Heartwise

23   because VOL's bid was a higher and better bid than the $9.5 million in capital contributions being

24   made by Earnesty under the Plan.  During the morning of December 14, 2021, the Court entered an

25   order permitting VOL to orally make the emergency motion at the Court hearing of the

26   Reconsideration Motion at 2 pm on December 15, 2021 (the "Oral Emergency Motion").  The

27   Court's determination of the Oral Emergency Motion is set forth below.

28

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

5

**EXHIBIT "5"
PAGE 190**

1

2

3

4

5      NOW, THEREFORE, the Court having reviewed and considered the disclosure statement,

6   the Plan, the objections and briefs in support of confirmation, and the Court having heard statements

7   of counsel in support of and in opposition to confirmation of the Plan at the Confirmation Hearing,

8   considered the testimony presented and evidence admitted at the Confirmation Hearing, and it

9   appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to

10   all parties to be affected by the Plan and the transactions contemplated thereby, and (ii) the legal and

11   factual bases set forth in the briefs and declarations submitted in support of confirmation of the Plan

12   and the evidence as presented at the Confirmation Hearing establish just cause for the relief granted

13   herein; and after due deliberation thereon and good cause appearing therefor, the Court adopts the

14   *Findings of Fact and Conclusions of Law* entered on the Court's docket by the Court concurrently

15   herewith, and incorporates them as if fully set forth herein.

16      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

17   **THAT:**

18      1.    <u>Confirmation of the Plan</u>.  The Plan and each of its provisions (whether or not

19   specifically approved herein) are approved and confirmed under Section 1129 of the Bankruptcy

20   Code, provided, however, that if there is any direct conflict between the terms of the Plan and the

21   terms of this Confirmation Order, the terms of this Confirmation Order shall control.  Each of the

22   terms and conditions of the Plan and the exhibits and schedules thereto are an integral part of the

23   Plan and are incorporated by reference into this Confirmation Order.  The Plan complies with all

24   applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and this Court's Local

25   Bankruptcy Rules.

26      2.    <u>Objections</u>.  Excepting only the Stay Motion, the Reconsideration Motion and the

27   Oral Emergency Motion (all of which are ruled on below), all objections to confirmation of the Plan

28   that have not been withdrawn, waived or settled, and all reservations of rights included therein, are

**EXHIBIT "5"**

**PAGE 191**

1  overruled on the merits and for the reasons set forth on the record at the Confirmation Hearing, and

2  as set forth in the *Findings of Fact and Conclusions of Law*.

3      3.    Modifications to the Plan.  In accordance with Section V.B. of the Plan, the Plan may

4  be modified as set forth, and in accordance with the procedures therein.

5      4.    Non-severability, Indivisibility and Mutual Dependency.  The provisions of the Plan

6  and this Confirmation Order and each and every part of this Confirmation Order from page 1

7  through and including page 25, including the *Findings of Fact and Conclusions of Law* incorporated

8  herein by reference, are integrated, non-severable, indivisible and mutually dependent and inter-

9  dependent.  A challenge to any portion of the Plan, this Confirmation Order and/or the *Findings of*

10 *Fact and Conclusions of Law* is a challenge to the entirety of all of them.

11     5.    Binding Effect.  Pursuant to Section 1141 of the Bankruptcy Code, effective as of the

12 Effective Date, the provisions of the Plan, including the exhibits and schedules to, and all documents

13 and agreements executed pursuant to or in connection with, the Plan, and this Confirmation Order

14 shall be binding on (i) Heartwise, (ii) all holders of claims against and equity interests in Heartwise,

15 whether or not impaired under the Plan and whether or not such holders have accepted or rejected

16 the Plan, (iii) each person or entity receiving, retaining or otherwise acquiring property under the

17 Plan, (iv) any non-Heartwise party to an executory contract or unexpired lease with Heartwise, (v)

18 any person or entity making an appearance in the Chapter 11 Case or any other party-in-interest in

19 the Chapter 11 Case, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees,

20 executors, administrators, affiliates, officers, directors, agents, representatives, attorneys,

21 beneficiaries or guardians.

22     6.    Revesting of Assets.  Except as otherwise provided in the Plan or this Confirmation

23 Order, on and after the Effective Date, all property and assets of Heartwise's estate shall vest in the

24 Reorganized Heartwise free and clear of all claims, liens, encumbrances, charges and other interests,

25 without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or

26 Bankruptcy Rules other than those restrictions expressly imposed by the Plan and this Confirmation

27 Order.  On and after the Effective Date, the Reorganized Heartwise may operate its businesses and

28 may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code and

**EXHIBIT "5"
PAGE 192**

1  Bankruptcy Rules and in all respects as if there were no pending case under any chapter or

2  provisions of the Bankruptcy Code, except as provided therein.

3        7.      Releases, Exculpation and Limitations of Liability.  Except as otherwise provided in

4  the Plan, this Confirmation Order or a separate order of the Court, the release, exculpation and

5  limitation of liability provisions set forth in the Plan, including, but not limited to, those contained in

6  section II.D(9) of the Plan are approved in all respects, are incorporated herein in their entirety, are

7  so ordered and shall be immediately effective on the Effective Date of the Plan without further order

8  or action on the part of the Court, any of the parties to such releases or any other party. The releases,

9  exculpation and limitation of liability provisions contained in the Plan, including, but not limited to,

10  those provided in section II.D(9) of the Plan, are fair and equitable and given for valuable

11  consideration and are in the best interest of Heartwise and all parties-in-interest, and, accordingly,

12  are hereby authorized, approved and binding in all respects on all persons and entities described

13  therein. To the extent that a release or other provision in the Plan constitutes a compromise of a

14  controversy, this Confirmation Order shall constitute an order under Bankruptcy Rule 9019

15  approving such compromise.

16        8.      Injunctions.  The injunctions contained in the Plan, including, but not limited to, those

17  provided in section II.D(10) of the Plan, are hereby authorized, approved and binding on all persons

18  and entities described therein.  Except as otherwise provided in the Plan, as of the Effective Date this

19  Confirmation Order shall enjoin the prosecution, whether directly, indirectly, derivatively or

20  otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action,

21  liability, or interest released, discharged, or terminated pursuant to the Plan. Except as provided in

22  the Plan or this Confirmation Order, as of the Effective Date, all entities that have held, currently

23  hold, or may hold a claim or other debt or liability that is discharged or an interest or other right of

24  an equity security holder that is extinguished pursuant to the terms of the Plan are permanently

25  enjoined from taking any of the following actions against Heartwise, the Reorganized Heartwise, or

26  their property on account of any such discharged claims, debts, or liabilities or extinguished interests

27  or rights: (a) commencing or continuing, in any manner or in any place, any action or other

28  proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award,

1  decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,

2  right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to

3  Heartwise; and (e) commencing or continuing any action in any manner, in any place, that does not

4  comply with or is inconsistent with the provisions of the Plan. By accepting distribution pursuant to

5  the Plan, each holder of an allowed claim receiving distributions pursuant to this Plan shall be

6  deemed to have specifically and expressly consented to the injunction set forth in the Plan,

7  including, but not limited to section II.D(10) of the Plan.

8       Notwithstanding section II.D(10) of the Plan, on the date that this Confirmation Order is

9  entered by the Court, the automatic stay applicable to this Case through Section 362 of the

10  Bankruptcy Code, shall terminate to allow: (1) regarding the Judgment, Heartwise's appeal, and any

11  timely cross-appeal by VOL to be filed and litigated to conclusion; (2) VOL to file and litigate the

12  complaint attached as Exhibit A to Claim No. 7 filed by VOL in Heartwise's Chapter 11 Case; and

13  (3) Mr. Doyle, as his interest may appear, to file and litigate any complaint in a court of competent

14  jurisdiction against Heartwise pursuant to Oregon Statute 60.952. The lifting of the automatic stay

15  described herein as to the Judgment is solely to allow VOL and Heartwise to obtain a favorable

16  ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the

17  District Court after the appeal of the Judgment. The lifting of the automatic stay described herein as

18  to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual

19  complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment. The

20  lifting of the automatic stay as to any complaint to be filed by Mr. Doyle, as his interest may appear,

21  as against Heartwise under Oregon Statute 60.952 is solely to allow the complaint to be filed, and

22  litigated to judgment. The lifting of the automatic stay described herein shall not allow the

23  enforcement of any judgment or award against Heartwise's estate, or the Reorganized Heartwise. As

24  set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or

25  awards against Heartwise's estate. The lifting of the automatic stay described herein also begins, or

26  continues the running of any statute of limitations as of the entry of the Confirmation Order by the

27  Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint

28  attached to Claim No. 7 as Exhibit A, and Mr. Doyle's filing of a complaint (as his interest may

**EXHIBIT "5"
PAGE 194**

1  appear) against Heartwise pursuant to Oregon Statute 60.952.

2      9.   <u>Assumed Executory Contracts and Unexpired Leases</u>.  As of the Effective Date, the

3  Reorganized Heartwise shall assume the executory contracts it has with Robinson Pharma, Inc. and

4  Alpha Health Research.  The amounts to cure the executory contracts with Robinson Pharma, Inc.

5  and Alpha Health Research shall be offset from the pre-petition deposits Heartwise placed with each

6  Robinson Pharma, Inc. and Alpha Health Research.  All other executory contracts and leases of

7  Heartwise that the Reorganized Heartwise does not assume in writing within 30 days of the Effective

8  Date shall be deemed rejected as of the Effective Date.  Any proof of claim for rejected contracts or

9  unexpired leases must be filed with the Court within 45 days of the Effective Date.

10      10.   <u>General Authorizations</u>.  Pursuant to Section 1142(b) of the Bankruptcy Code and in

11  each case without further notice to, hearing before or order of the Court, act or action under

12  applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any

13  person, Heartwise, the Reorganized Heartwise and their respective officers and directors and all

14  other necessary parties are authorized and empowered to: (i) take any and all actions necessary or

15  appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases,

16  indentures, and other agreements, documents and transactions contemplated by or described in the

17  Plan or in this Confirmation Order; and (ii) perform any and all other acts that are necessary,

18  appropriate or required to comply with or carry out the terms and conditions of the Plan or this

19  Confirmation Order.

20      11.   <u>Authority to Act</u>.  Heartwise through the Effective Date, and the Reorganized

21  Heartwise thereafter, and their respective authorized representatives, officers and directors are

22  authorized and empowered pursuant to any applicable corporation laws of the jurisdiction in which

23  Heartwise and Reorganized Heartwise are incorporated, organized or formed, to take any and all

24  actions necessary or desirable to implement the transactions contemplated by the Plan and this

25  Confirmation Order, in each case without any requirement of further vote, consent, approval,

26  authorization or other action by the stockholder, security holders, officers, directors, partners,

27  managers, members or other owners of Heartwise or the Reorganized Heartwise or notice to, order

28  of, or hearing before the Court. Each federal, state and local governmental agency or department is

1 | hereby authorized and directed to accept any and all documents and instruments necessary and

2 | appropriate to consummate the Plan and the transactions contemplated thereby.

3 |    12. <u>Government Approvals</u>.  This Confirmation Order shall constitute all approvals and

4 | consents required, if any, by the laws, rules or regulations of any State or any governmental

5 | authority with respect to the implementation or consummation of the Plan and any documents

6 | instruments or agreements, and any amendments or modifications thereto, and any other acts

7 | referred to in or contemplated by the Plan, the disclosure statement, and any documents, instruments

8 | or agreements contained therein, and any amendments or modifications of any of the foregoing.

9 |    13. <u>Professional Fee Claims</u>.  Professionals employed by the Court during the Chapter 11

10 | Case shall have until 90 days following the Effective Date to file fee applications for all pre-

11 | confirmation amounts for services rendered and expenses incurred in this matter.

12 |    14. <u>Disputed Claims</u>.  Any disputed claims shall be determined as provided for in the

13 | Plan, disclosure statement and this Confirmation Order.

14 |    15. <u>Title 28 Fees</u>.  All fees payable pursuant to Section 1930 of title 28, United States

15 | Code shall be paid on or before the Effective Date.

16 |    16. <u>Discharge</u>.  As of the Effective Date, to the fullest extent provided under Section

17 | 1141 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code, each

18 | holder (as well as any representatives, trustees, or agents on behalf of each holder) of a claim or

19 | interest and any affiliate of such holder shall be deemed to have forever waived, released, and

20 | discharged Heartwise, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and

21 | from any and all claims, interests, rights, and liabilities that arose prior to the Effective Date. Upon

22 | the Effective Date, all such entities shall be forever precluded and enjoined, pursuant to section 524

23 | of the Bankruptcy Code, from prosecuting or asserting any such discharged claim against Heartwise,

24 | the Reorganized Heartwise, or any of their assets or property, whether or not such holder has filed a

25 | proof of claim and whether or not the facts or legal bases therefor were known or existed prior to the

26 | Effective Date.

27 |   Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

28 | judgment obtained by VOL  related solely to the timely filing of the complaint it attached to Claim

**EXHIBIT "5"
PAGE 196**

1 No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by VOL through a

2 cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment through the

3 Debtor's appeal; and (3) any amounts that Mr. Doyle (as his interest may appear) obtains from a

4 court of appropriate jurisdiction related to a judgment entered against Heartwise based on Oregon

5 Statute 60.952.  Any such judgments or awards may be enforced against Heartwise by requesting the

6 allowance of a claim for that judgment(s) or award(s) with this Court against Heartwise (and then

7 paid by Reorganized Heartwise pursuant to the Plan's terms).

8    17.    <u>Release of Liens</u>.  The release and discharge of all mortgages, deeds of trust, liens or

9 other security interests against property of Heartwise's estate is approved in all respects and so

10 ordered and shall be immediately effective on the Effective Date without further order or action on

11 the part of the Court. All entities holding claims against or interests in Heartwise that are treated

12 under the Plan are hereby directed to execute, deliver, file or record any document, and to take any

13 action, necessary to implement, consummate and otherwise effect the Plan in accordance with its

14 terms, and all such entities shall be bound by the terms and provisions of all documents executed and

15 delivered by them in connection with the Plan. Upon entry of this Order, all entities holding claims

16 against or interests in Heartwise that are treated under the Plan, and other parties in interest, along

17 with their respective present or former employees, agents, officers, directors or principals, shall be

18 enjoined from taking actions to interfere with the implementation and consummation of the Plan.

19    18.    <u>Termination of Equity Interests</u>.  On the Effective Date, except as provided in the

20 Plan or this Confirmation Order, the equity interest in Heartwise shall be terminated, cancelled and

21 extinguished.

22    19.    <u>Notice of Confirmation</u>.  In accordance with Bankruptcy Rules 2002(f)(7), 2002(k)

23 and 3020(c), as soon as reasonably practicable after this Confirmation Order has been entered by the

24 Court, Heartwise shall mail notice of the entry of this Confirmation Order to all creditors and

25 parties-in-interest in the Chapter 11 Case.

26    20.    <u>Substantial Consummation</u>.  "Substantial Consummation" of the Plan, as defined in

27 Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

28    21.    <u>Other Rights</u>.  Any and all rights of Heartwise and Reorganized Heartwise under

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
12

**EXHIBIT "5"
PAGE 197**

1 Section 502(e) of the Bankruptcy Code are reserved.

2      22.    <u>Reversal or Modification of this Confirmation Order</u>.  Except as otherwise provided

3 in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter

4 reversed, modified, vacated or stayed by subsequent order of the Court, or any other court of

5 competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or

6 enforceability of any act, obligation, indebtedness, liability, priority or lien incurred or undertaken

7 by Heartwise or the Reorganized Heartwise, as applicable, prior to the date that Heartwise received

8 actual written notice of the effective date of such reversal, stay, modification or vacatur.

9 Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any

10 such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order

11 prior to the date that Heartwise received actual written notice of the effective date of such reversal,

12 stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation

13 Order and the Plan, or any amendments or modifications thereto, in effect prior to the date that

14 Heartwise received such actual written notice.

15      23.    <u>Retention of Jurisdiction</u>.  Pursuant to Sections 105(a) and 1142 of the Bankruptcy

16 Code, and section II.D(14) of the Plan, and notwithstanding the entry of this Confirmation Order or

17 the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and

18 all matters arising under, arising in, or related to the Chapter 11 Case and the Plan to the fullest

19 extent permitted by law, including, among other things, those matters in section II.D(14) of the Plan.

20 This Court shall retain jurisdiction to hear and determine all matters arising from the implementation

21 of this Confirmation Order.

22      24.    <u>New Value Contribution</u>.  Earnesty, LLC has provided timely proof of the full

23 amount of the New Value Contribution, and so it is awarded all of the equity interests in the

24 Reorganized Heartwise upon the Effective Date, so long as the New Value Contribution is actually

25 made.

26      25.    <u>Interest on Class 1 Claims</u>.  All allowed Class 1 claims shall be paid interest at the

27 rate of .11% from the Petition Date through the date of payment under the Plan.

28      26.    <u>Headings</u>.  The headings contained within this Confirmation Order are used for the

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

**EXHIBIT "5"
PAGE 198**

1  convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation

2  Order.

3

4                                    **THE STAY MOTION**

5          As stated earlier, the Court orally ruled from the bench that Mr. Doyle would not be

6  permitted to make argument, call witnesses or present evidence at the Plan confirmation hearing

7  because he was no longer a party in interest, having sold the entirety of his interest in Heartwise to

8  Mr. Khan during the evening of November 9, 2021.  The Court also overruled his objections to Plan

9  confirmation on the same grounds.  The Court has an independent obligation to determine whether

10  plan confirmation requirements are met (irrespective of whether any party objects to plan

11  confirmation), and in performing the necessary review the Court determined that, even taking into

12  account Mr. Doyle's objections, such requirements have been met.

13         Mr. Doyle moved for reconsideration of the Court's oral ruling, and the Court denied such

14  motion by Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing,Docket No.

15  551, filed and entered November 17, 2021 (the "Participation Denial Order").  Mr. Doyle has taken

16  an appeal of the Participation Denial Order to the United States District Court for the Central District

17  of California.  What is before this Court now is Mr. Doyle's motion for a stay pending appeal of the

18  Participation Denial Order.  Lacking any cognizable interest in Heartwise that would qualify him as

19  a "party in interest" within the meaning of Bankruptcy Code section 1109 (entitled, appropriately

20  enough, "Who May Be Heard") or Bankruptcy Code section 1128(b), Mr. Doyle seeks to bring to a

21  screeching halt the entire Plan confirmation process which importantly affects parties who <u>do</u> have

22  an interest in this case.  Such *bona fide* parties in interest – unlike Mr. Doyle -- have claims against

23  Heartwise that are to be paid 100 cents on the dollar (plus postpetition interest) when the Plan goes

24  effective.  Intuitively, it would seem that a <u>person who has absolutely no interest of any kind in a</u>

25  <u>chapter 11 debtor</u> should not be permitted to derail a plan of reorganization proposing to pay all

26  creditors holding allowed claims 100 cents on the dollar plus postpetition interest on the plan's

27  effective date.  Intuition does not always translate into a correct legal conclusion, but in this instance

28  it does, as will be shown below.

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
14

1

2                              **Standards for a Stay Pending Appeal**

3              Mr. Doyle correctly states the standards for granting a stay pending appeal.  A bankruptcy

4     court must consider four factors:  (1) whether the applicant has made a strong showing that he is

5     likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

6     (3) whether an issuance of the stay will substantially injure other parties interested in the proceeding;

7     and (4) where the public interest lies.  *In re Gardens Regional Hospital and Medical Center, Inc.,*

8     567 B.R. 820, 830 (Bankr. C.D. Cal. 2017).  The moving party must make a "minimum permissible

9     showing" with respect to each of the four factors, with the first two factors being the most critical.

10    For the reasons stated below, it is clear each of the four factors swings heavily against Mr. Doyle

11    with the result that he has not made a "minimum permissible showing" under any of them.

12

13                  **Mr. Doyle's Prospects for Success on the Merits – The First Factor**

14             Mr. Doyle's prospects for success on the merits are nil for the following reason:  the

15    Participation Denial Order is an <u>interlocutory order</u>, not a <u>final order</u>, and therefore is not subject to

16    appeal.  One of the purposes of the final order rule is to prevent piecemeal appeals that burden

17    appellate courts where there is a possibility that the entire matter may become moot because of

18    subsequent developments in the case.  *Bullard v. Blue Hills Bank,* 575 U.S. ___, 135 S. Ct. 1686

19    (2015) (" . . . [p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial

20    administration . . .").  For example, appellate litigation concerning a defendant's objection to a

21    protective order precluding a deposition becomes useless and pointless if the trial court subsequently

22    awards judgment in favor of the defendant.

23             Similar circumstances are present here.  Mr. Doyle objected to confirmation of the Plan.  The

24    Court then entered the Participation Denial Order.  The Court followed this up with a hearing on

25    Plan confirmation.  Had the Court decided that the Plan should <u>not</u> be confirmed, Mr. Doyle would

26    not be prosecuting this particular appeal.  This shows that the "final order" in question here is this

27    Confirmation Order, not the Participation Denial Order.

28

                     **ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
                                                REORGANIZATION**
                                                        15

**EXHIBIT "5"**

**PAGE 200**

1    *Bullard* confirms this analysis.  In *Bullard,* the Supreme Court of the United States held that

2    denial of confirmation of a chapter 13 plan was not an appealable final order "because only plan

3    confirmation – or case dismissal—alters the status quo and fixes the rights and obligations of the

4    parties."  Mr. Doyle's ultimate rights are not altered until the Court confirms the Plan – and thus the

5    "final order" is this Confirmation Order, not the earlier Participation Denial Order.

6    But even if the foregoing analysis is incorrect, there are additional, independent reasons why

7    Mr. Doyle's likelihood of success are approaching zero.  These reasons are discussed below.

8    The Participation Denial Order cited several independent grounds for the decision announced

9    therein (1) Federal Rule of Bankruptcy Procedure 7025 did not apply because the plan confirmation

10   hearing was not an adversary proceeding governed by Rule 7025; (2) Bankruptcy Code section

11   1109, which did apply, compelled the conclusion that Mr. Doyle was not entitled to be heard by the

12   Court because – having sold the entirety of his interests in Heartwise – he was no longer a "party in

13   interest" within the meaning of section 1109; and (3) even if Mr. Doyle qualified as a party in

14   interest, he had waived any entitlement to be heard because he had failed to raise or argue section

15   1109.

16   Mr. Doyle argues in this Stay Motion that the Court erred by concluding that Bankruptcy

17   Rule 7025 does not apply.  Mr. Doyle is correct in this regard, and he is correct for the reasons he

18   states.  The plan confirmation hearing, although not an adversary proceeding, was a contested matter

19   within the meaning of Bankruptcy Rule 9014.  Per Rule 9014, Rule 7025 applies in contested

20   matters.  Fed. R. Bankr. Pro. 9014(c).

21   However, this does not change the Court's ultimate conclusion in the Participation Denial

22   Order that Mr. Doyle was not entitled to be heard at the plan confirmation hearing.

23   Bankruptcy Code section 1109 – applicable in chapter 11 proceedings such as this one – is

24   entitled "Right to Be Heard."  It provides as follows:  "(b)  A party in interest, including the debtor,

25   the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity

26   security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a

27   case under this chapter."  The definition of "party in interest" is broad but is not without limit.  Even

28   a person who has a financial stake in the outcome of a proceeding is not necessarily a "party in

**EXHIBIT "5"
PAGE 201**

1  interest."  For example, a person who is not a direct creditor of the debtor in bankruptcy but who is

2  an indirect creditor by reason of being a shareholder in the creditor is not a "party in interest" under

3  Bankruptcy Code section 1109.  *Krys v. Official Comm. Of Unsecured Creditors of Refco, Inc. (In re*

4  *Refco, Inc.),* 505 F.3d 109, 117-18 (2d Cir. 2007).

5  Similarly, and even more to the point, Bankruptcy Code section 1128(b) provides that "[a]

6  party in interest may object to confirmation of a plan."  There is no reason to believe "party in

7  interest" in section 1128(b) has any broader meaning than "party in interest" in section 1109(b).

8  Section 1128(b)'s omission of the statutory language "including the debtor, the trustee, a creditors'

9  committee, an equity security holders' committee, a creditor, an equity security holder, or any

10  indenture trustee" that is found in section 1109(b) may signal that, if anything, "party in interest"

11  under section 1128(b) has a somewhat narrower meaning than "party in interest" under section

12  1109(b).

13  Mr. Doyle, having sold the entirety of his interests in Heartwise, does not fall into any of the

14  enumerated categories of Bankruptcy Code section 1109(b).  He is not the debtor, the trustee, the

15  creditors' committee, the equity holders' committee, a creditor, an equity security holder or an

16  indenture trustee.  If an indirect creditor, such as a shareholder of a creditor, does not qualify as a

17  "party in interest" under *Krys*, it follows *a fortiori* that Mr. Doyle, who does not possess even the

18  limited financial stake held by a shareholder of a creditor, is not a "party in interest."

19  The foregoing analysis gains additional strength from reasoning based upon Federal Rule of

20  Bankruptcy Procedure 3001(e )(2).  This Rule provides that if a claim is transferred after a proof of

21  claim has been filed in the bankruptcy court, "evidence of the transfer shall be filed by the

22  transferee."  The purpose of this Rule is to put parties on notice that the original holder of the claim

23  is no longer a party in interest.  *In re Kreisler,* 331 B.R. 364, 376 (Bankr. N.D. Ill. 2005) "(Pursuant

24  to Bankruptcy Rule 3001(e )(2), a transferee of a proof of claim that has already been filed must file

25  evidence of the transfer [citation omitted] Such evidence puts the trustee on notice that the original

26  holder of the claim against the estate is no longer an interested party with respect to that claim.")

27  (underscoring added by this Court)

28

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
17

**EXHIBIT "5"
PAGE 202**

1    But what of the provisions of Federal Rule of Bankruptcy Procedure 7025 and Federal Rule

2  of Civil Procedure 25, which seem on their face to give Mr. Doyle the right to continue with his

3  objections to plan confirmation until Mr. Khan is substituted as a party in interest?  The United

4  States Court of Appeals for the Ninth Circuit has supplied an answer to this question.  The answer is

5  that where there is a conflict between the Bankruptcy Code and the Bankruptcy Rules, the conflict

6  must be settled in favor of the Bankruptcy Code.  *American Law Center P.C. v. Stanley (In re*

7  *Jastrem)*, 253 F.3d 438, 441-42 (9th Cir. 2001) ("We have interpreted [28 U.S.C.] § 2075 to mean

8  that 'any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of

9  the Code.'")  (Note in this regard that 28 U.S.C. § 2075 is the statute pursuant to whose authority the

10  Supreme Court of the United States is authorized to promulgate rules of bankruptcy procedure).

11  Here, there are not one but two Bankruptcy Code provisions in conflict with the interpretation of

12  Rule 7025 argued by Mr. Doyle:  Bankruptcy Code section 1109(b) and Bankruptcy Code section

13  1128(b).

14    Based upon this reasoning, it follows that Mr. Doyle ceased to be a "party in interest" within

15  the meaning of section 1109(b) and section 1128(b) and surrendered his right to be heard in

16  connection with the plan confirmation from and after the time he sold all his interests in Heartwise to

17  Mr. Khan.  The Participation Denial Order's alternative and independent ground of decision – that

18  Mr. Doyle waived his rights under Bankruptcy Code section 1109 because he failed to raise them –

19  is equally applicable here.

20    Mr. Doyle's prospects for success on the merits are slim to none.  This factor weighs heavily

21  against him.

22

23    **Irreparable Injury to Mr. Doyle – The Second Factor**

24    Analysis of this factor, even more than the analysis of the first factor, strongly supports the

25  conclusion that no stay pending appeal should be granted.  If the Plan is confirmed, there is no injury

26  at all to Mr. Doyle, let alone an irreparable injury.  Yes, the Plan cancels all existing capital stock in

27  Heartwise, but Mr. Doyle no longer owns any capital stock in Heartwise, having sold the entirety of

28  his 49 percent interest in capital stock to Mr. Khan.  Yes, the Plan provides for treatment of Mr.

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
18

EXHIBIT "5"

PAGE 203

1   Doyle's claims against Heartwise, <u>but Mr. Doyle no longer owns any claims against Heartwise by</u>

2   <u>reason of having sold them to Mr. Khan</u>.  Without belaboring the point further, it is evident that there

3   is no injury to Mr. Doyle that would occur by reason of Plan confirmation let alone an irreparable

4   injury.

5

6   **Whether Issuance of the Stay Will Substantially Injure Other Parties Interested in the**

7   **Proceeding – The Third Factor**

8       If, as Mr. Doyle requests, a stay is granted that prevents this Court from confirming the Plan,

9   the Plan, not being confirmed, will not become effective.  The Plan provides for all creditors holding

10  undisputed allowed claims to be paid 100 cents on the dollar together with postpetition interest on

11  the Plan effective date.  Accordingly, the stay that Mr. Doyle seeks will substantially injure all

12  creditors holding undisputed allowed claims by postponing for an indefinite period of time (and

13  perhaps even forever, because no one has a "crystal ball") the payment of their claims in full with

14  interest. If the Plan is not confirmed and Heartwise's business collapses (or the case is converted to

15  chapter 7), these creditors might <u>never</u> get paid.  Payment of their claims is being funded by

16  contribution of about $9.4 million in cash by Earnesty, LLC, and such payment is expressly

17  conditioned on the Plan being confirmed.  This is real injury, and the injury is substantial.  Indeed,

18  MCG makes this very point:  "The Stay Motion implicates MCG's rights and, if granted . . . stands

19  to irreparably harm MCG because, absent the issuance of the required stay, MCG stands to be paid

20  in full, with interest, on the effective date of the Debtor's confirmed Chapter 11 plan of

21  reorganization."  Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for

22  Stay, Docket No. 630, filed December 14, 2021 at page 2 of 4, lines 13-16.

23      It is true, as Mr. Doyle points out, that the Plan's effective date may be stayed anyway by

24  operation of Plan terms if an appeal is taken from an order confirming the Plan.  However,

25  Heartwise has authority under the Plan to waive this condition to Plan effectiveness, so it is by no

26  means a foregone conclusion that the Plan will not become effective because of a stay triggered by

27  VOL's appeal of the confirmation order.  There would seem to be a powerful incentive for VOL <u>not</u>

28  to appeal an order confirming the Plan because by declining to appeal (and assuming VOL can

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

**EXHIBIT "5"
PAGE 204**

1    overcome an objection to its one of its claims by its former attorneys), VOL would stand to get paid

2    approximately $14.5 million in cash in relatively short order and to continue to litigate its claimed

3    entitlement to an additional $54 million.  (It is the attractiveness of this disposition that Heartwise

4    cites in support of its argument that VOL's objective in this bankruptcy proceeding is not to get paid

5    but rather to destroy (or end up owning) a business competitor).

6         Because granting a stay pending appeal would severely and adversely impact innocent third-

7    party creditors of Heartwise as well as Heartwise itself, this factor weighs heavily against Mr. Doyle.

8

9    **The Public Interest**

10         In enacting Chapter 11 of the Bankruptcy Code and its predecessors under the Bankruptcy

11    Act, Congress created an avenue for financially-troubled entities to reorganize their affairs, to

12    remain in business and to survive.  Heartwise's efforts to reorganize were fought by VOL nearly

13    every step of the way.  (VOL is now on its third set of attorneys in this bankruptcy case).  Mr. Doyle

14    then joined the fray and also raised arguments against Plan confirmation.  Heartwise expended a

15    great deal of time and money in its quest to get to Plan confirmation.  Wherever the public interest

16    lies, surely it does not lie in permitting a person who sold the entirety of his interest in a chapter 11

17    debtor to derail the confirmation of that debtor's plan of reorganization, all to the material detriment

18    of parties who are "parties in interest" and do have a financial stake in the proceedings.  Mr. Doyle

19    has no more interest in this case than a member of the general public.  The public interest strongly

20    lies in not granting a stay pending appeal.

21

22    **Conclusion**

23    The Stay Motion is denied with prejudice.

24

25

26    **THE RECONSIDERATION MOTION**

27         The Court denies the Reconsideration Motion with prejudice for all the reasons argued by (1)

28    Heartwise in Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
20

**EXHIBIT "5"
PAGE 205**

1  Memorandum Decision and Order, Docket No. 625, filed December 14, 2021, and (2) creditor

2  Robinson Pharma, Inc. in its Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

3  Memorandum Decision and Order, Docket No. 627, filed December 14, 2021, and <u>for the following</u>

4  <u>additional and independent reasons</u>:

5        VOL complains that the Court erred in finding that the Plan does not unfairly discriminate

6  against VOL's various claims.  It's true that the Plan treats VOL's Claims 3-2, 7 and 8 differently

7  than other Class 1 Claims, but the different treatment is compelled and justified by different

8  circumstances.  MCG has objected to Claim 3-2.  This prevents Claim 3-2 from being allowed, at

9  least until the time that the objection is resolved.  11 U.S.C. § 502(a) ("A claim or interest, proof of

10  which is filed under section 501 of this title is deemed allowed, unless a party in interest . . .

11  objects").  VOL's attempt to split hairs about precisely what MCG is arguing in its objection to

12  Claim 3-2 fails because MCG's objection goes right to the very heart of the matter:  is VOL entitled

13  to be paid Claim 3-2 <u>by</u> Heartwise (as opposed to by MCG, after MCG has been paid by Heartwise

14  pursuant to MCG's Claim 5)?  If VOL has no right to payment <u>from</u> Heartwise in respect of Claim

15  3-2, the absence of a "right to payment" as against Heartwise means that Claim 3-2 should be

16  disallowed in its entirety by this Court (without prejudice, of course, to VOL's right to get paid by

17  MCG pursuant to the terms of the Engagement Agreement).  These matters remain to be determined,

18  but as of the present time there are powerful reasons why Claim 3-2 should not be treated in the

19  same fashion as undisputed allowed Class 1 Claims.

20        Claims 7 and 8 are estimated at zero for purposes of distribution.  That is exactly the amount

21  distributed being distributed by Heartwise at the present time to VOL in respect of such claims –

22  zero.  VOL is given the right under the Plan to litigate its entitlement to be paid Claims 7 and 8.  If

23  VOL is successful, Reorganized Heartwise is required by the Plan's terms to pay them in cash in full

24  in their allowed amounts.  VOL's contention that Heartwise will be unable to pay these claims if

25  they are allowed in full is completely speculative and without evidence or other support.  In

26  summary, there is no unfair discrimination here regarding the treatment of any of VOL's claims

27  under the Plan.

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
21

**EXHIBIT "5"**

**PAGE 206**

Case 8:20-bk-13335-MW   Doc 644   Filed 12/17/21   Entered 12/17/21 15:33:46   Desc
Main Document    Page 22 of 25

1   VOL's argument that its claims are "impaired" likewise falls by the wayside. "Impairment,"

2   as VOL concedes, is measured by a creditor's rights had the debtor not filed bankruptcy.  If

3   Heartwise had not filed bankruptcy, Heartwise in all likelihood would have been put on notice by

4   MCG that, when Heartwise went to pay the Judgment, Heartwise should send the money to MCG,

5   not VOL.  (There is no reason to believe MCG would have been less diligent if Heartwise had not

6   filed bankruptcy than it has been in this bankruptcy case).  Faced with competing demands for

7   payment of the Judgment, Heartwise would have interpleaded the moneys it intended to use to pay

8   the Judgment.  That is precisely what happens under the Plan.

9   As for Claims 7 and 8, there is no impairment in part because the Plan provides for their

10   payment in the estimated amount – zero.  A claim that is estimated at zero for purposes of

11   distribution is not impaired when the Plan provides for zero distributions in respect of that claim.

12   The other reason supporting the conclusion that Claims 7 and 8 are unimpaired is that VOL

13   has, in substance, exactly the same rights with respect to these Claims under the Plan that VOL

14   would have had if Heartwise had never filed for bankruptcy.  The Plan gives VOL the right to

15   litigate these claims in the forum of its choosing.  If VOL is successful, VOL will return to this

16   Court, and this Court will allow the claim in the full amount determined by the forum of VOL's

17   choosing.  VOL then can collect the allowed claim from Reorganized Heartwise because the Plan

18   expressly provides there is no discharge with respect to these claims.

19   VOL's contention that the Plan cuts off its rights and leaves it with an unenforceable

20   judgment against the Heartwise bankruptcy estate if it prevails in litigation against Heartwise on

21   Claims 7 and 8 is based upon a twisted and incorrect reading of the Plan.  The Plan provides in

22   Section V(A) that Claims 7 and 8 are not discharged (although the Plan does not use the terms

23   "Claims 7 and 8," what the Plan refers to as carved out of the discharge are in fact those claims).

24   Because there is no discharge, VOL, should it prevail, would be able to enforce any judgment it

25   obtains in this regard against the reorganized Heartwise.

26   VOL has previously complained that the Plan's effective date provisions are impermissibly

27   vague and potentially onerous.  VOL points to Heartwise's authority under the Plan to waive

28   conditions to the effective date and suggests that such waiver might not occur until an appeal of this

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
22

**EXHIBIT "5"
PAGE 207**

1 | Order is fully in progress.  VOL also objects to the provision that the effective date is "at least" 15

2 | days after an order is entered confirming the plan.

3 |      The Court interprets the waiver provision as carrying with it a requirement of reasonableness.

4 | For example, Heartwise cannot wait six months after a notice of appeal of the confirmation order is

5 | filed to invoke its right to waive the condition.  If a notice of appeal is filed, Heartwise has under the

6 | Plan a reasonable period of time in which to elect to waive or not waive conditions to the Plan

7 | becoming effective.

8 |      The reference to "at least" 15 days is appropriate and warranted by a legitimate business

9 | purpose.  It, too, is circumscribed by a requirement of reasonableness.  For example, if this Order

10 | had been entered on December 16, 2021, the 15th day thereafter would be December 31, 2021—New

11 | Year's Eve.  It turns out that New Year's Eve is an administrative staff vacation day.  On that day,

12 | Heartwise would undoubtedly find it difficult or impossible to pay approximately $14.5 million into

13 | the Court's registry because the Court staff generally handling such a matter likely would be

14 | unavailable.  Thus, the "at least" feature allows Heartwise to time the effective date in such a way

15 | that it will be able to implement matters required under the Plan to occur on the Plan effective date

16 | to actually occur on that date.  This is a ministerial matter well within Heartwise's discretion and is

17 | subject to a requirement of reasonableness.

18 |      Finally, the Reconsideration Motion's contention that VOL was not allowed to bid for the

19 | equity in Heartwise is addressed in the following section of this Order.

20 |

21 | **THE ORAL EMERGENCY MOTION**

22 |      VOL argues that the Court erred by failing to consider (and approve) a bid by VOL to

23 | acquire 100 percent of the issued and outstanding capital stock of Heartwise in exchange for a new

24 | value contribution by VOL.  VOL's bid envisions that VOL would (1) reduce the debt under the

25 | Judgment by $11 million (and, presumably, amend Claim 3-2 to reduce the amount claimed by $11

26 | million), (2) contribute $200,000 to pay existing equity holders, (3) pay administrative, priority tax

27 | and Class 1 claims on the effective date, (4) pay creditors 12 percent per annum postpetition interest,

28 | and (5) waive and release Claims 7 and 8.  The Court permitted VOL to make an oral emergency

**EXHIBIT "5"**

**PAGE 208**

1  motion asking the Court to approve this bid and heard the oral emergency motion and oral

2  oppositions thereto on December 15, 2021.

3       The Plan contains no provision for bids for Heartwise's equity by third parties such as VOL

4  or anyone else.  This Court previously determined that the Plan was confirmable and entered a

5  Memorandum Decision and Order to that effect, Docket No. 561, filed and entered November 23,

6  2021 (the "Memorandum Decision").  The Memorandum Decision determined that an auction

7  method for determining the value of the new equity to be issued under the Plan pursuant to the rule

8  in *Bank. A. Nat. Tr. Sav. v. 203 North Lasalle,* 526 U.S. 434, 457 (1999) was inapplicable because

9  VOL's claims are not impaired under the Plan and therefore confirmation under cramdown is not

10  required by 11 U.S.C. § 1129(b).  Memorandum Decision at page 14 of 17, lines 16-18.

11       VOL's suggestion that the Court approve VOL's bid as described above, reject Earnesty's

12  bid and then confirm the Plan, taken all together, essentially amounts to a *sub rosa* plan of

13  reorganization that has not been run through the disclosure statement process and has not been voted

14  on by Class 1 creditors.  It would be a gross violation of bankruptcy law for the Court to confirm

15  such a plan.  This approach, if adopted, would also violate the exclusivity that Heartwise possesses

16  under 11 U.S.C. § 1121 to file a plan and solicit acceptances.

17       When creditors (other than VOL, of course) voted to accept the Plan, they voted to accept a

18  Plan where Earnesty contributes approximately $9.5 million and Robinson Pharma, Inc. returns to

19  Heartwise millions of dollars in deposits. The creditors did not vote to have VOL become the 100

20  percent owner of Heartwise's equity.  Robinson Pharma, Inc. has consistently supported Heartwise

21  in this chapter 11 case, and it is nearly certain that Robinson Pharma, Inc. would not have consented

22  to return millions of dollars in deposits (as the Plan requires) if it knew that VOL would end up

23  owning all of Heartwise's capital stock.  To accept VOL's bid and confirm the Plan – as VOL urges

24  the Court to do—would be to confirm a Plan that creditors never voted to accept.

25       In addition to the foregoing, VOL's bid is inferior to Earnesty's bid.  VOL's Claim 3-2,

26  whose amount would be reduced by $11 million under VOL's bid, is a disputed claim.  MCG has

27  objected to Claim 3-2 and contends that VOL is not entitled to directly collect even one penny of the

28  Judgment, that right having been passed to MCG pursuant to the terms of the Engagement

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
24

**EXHIBIT "5"
PAGE 209**

1    Agreement.  What VOL is proposing to reduce may not be VOL's to reduce.  VOL has not made a

2    sufficient showing that if MCG prevails in this dispute and becomes entitled to receive payment of

3    Claim 3-2 in its entirety, that $11 million or more would remain after MCG deducts its fees and

4    costs and makes any required payment to third parties (such as Privati) who may have financed the

5    litigation.

6         For these reasons, the Court denies the oral emergency motion that asks the Court to accept

7    VOL's bid, reject Earnesty's bid and confirm the Plan.

8

9    **OBJECTIONS TO THE FORM OF THE CONFIRMATION ORDER AND FINDINGS OF**

10                  **FACT AND CONCLUSIONS OF LAW**

11         The form of this Order and the Findings of Fact and Conclusions of Law has drawn

12    objections by "Doyle/Khan".  It is the law of the case, pursuant to the Participation Denial Motion,

13    that Mr. Doyle is not now entitled to be heard in this case because he is not a "party in interest"

14    under 11 U.S.C. § 1109(b).  Mr. Khan is entitled to be heard, and the Court has sustained his

15    objections in part and denied them in part.  Where the objections are sustained (essentially, an

16    objection that "the Court didn't really find $X$"), the Court has stricken the objected-to provision of

17    the confirmation order as lodged and the findings of fact and conclusions of law as lodged.

18         IT IS SO ORDERED.

19

20

21

22

23    Date: December 17, 2021                    Mark S. Wallace
                                                United States Bankruptcy Judge
24

25

26

27

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF**
**REORGANIZATION**
25

# EXHIBIT "6"

1    Ronald A. Clifford (State Bar No. 246542)
     E-Mail: RAC@RCliffordLaw.com
2    **R. CLIFFORD & ASSOCIATES**
     1100 Town and Country Rd., Suite 1250
3    Orange, California 92868
     Telephone: (949) 533-9774
4

5    *General Insolvency Counsel for*
     *Heartwise, Inc.*
6

7                  UNITED STATES BANKRUPTCY COURT

8          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9    In re:                                Case No.: 8:20-bk-13335-MW

10   HEARTWISE, INC.,                      Chapter 11

11
                                           **NOTICE OF ENTRY OF**
12              Debtor in Possession.      **CONFIRMATION ORDER CONFIRMING**
                                           **HEARTWISE, INC.'S FIRST AMENDED**
13                                         **CHAPTER 11 PLAN OF**
                                           **REORGANIZATION AND OF**
14                                         **RELEVANT BAR DATES**

15

16

17          **TO THE DEBTOR, OFFICE OF THE UNITED STATES TRUSTEE, PARTIES-IN-**

18   **INTEREST, AND THEIR ATTORNEYS OF RECORD:**

19          **PLEASE TAKE NOTICE** that on December 17, 2021, the U.S. Bankruptcy Court for the

20   Central District of California (the "Court") entered in the above-referenced Chapter 11 case its (1)

21   *Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and Denying*

22   *with Prejudice Certain Confirmation Order-Related Motions* (the "Confirmation Order"); (2)

23   *Findings of Fact and Conclusions of Law* (the "Findings"); and (3) *Notice of Order Confirming*

24   *Chapter 11 Plan* (the "Notice of Confirmation Order").

25          **PLEASE TAKE FURTHER NOTICE** that pursuant to *Heartwise, Inc.'s First Amended*

26   *Chapter 11 Plan of Reorganization*, as confirmed by the Court through the Confirmation Order, the

27   following dates are the deadlines for the filing of proofs of claim and/or requests for payment, and,

28   the failure to timely file such proof of claim and/or requests for payment shall forever bar such

---

**NOTICE OF ENTRY OF CONFIRMATION ORDER CONFIRMING HEARTWISE, INC.'S FIRST**
**AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND RELEVANT BAR DATES**

1

claimant from asserting the underlying claim, and at which point the underlying claim shall not be enforceable against the Debtor, the Reorganized Debtor, the assets of the Debtor's estate or the assets of the Reorganized Debtor as the case may be:

    (1)    Administrative expenses pursuant to 11 U.S.C. § 507(a)(2) – Requests for allowance and payment of an administrative expense priority claim must be filed with the Court on or before **February 2, 2022**;

    (2)    Executory Contract and Unexpired Leases – Claims arising from the rejection of an executory contract or unexpired lease must be filed with the Court on or before **February 17, 2022**; and

    (3) Professionals – Requests for allowance and payment of fees and expenses of professionals employed by the Court must be filed with the Court on or before **March 4, 2022**;

    **PLEASE TAKE FURTHER NOTICE** that a copy of the Confirmation Order, the Findings, and the Notice of Confirmation Order may be obtained through the Court's PACER and/or CM/ECF systems for registered users, or by request to Ronald Clifford, Esq. by email at RAC@RCliffordLaw.com or by mail at R. Clifford & Associates, 1100 Town & Country Rd., Suite 1250, Orange, California 92868.

Dated:  December 28, 2021         **R. CLIFFORD & ASSOCIATES**

                By: * /s/ Ronald A. Clifford*
                   Ronald A. Clifford

                *General Insolvency Counsel for Heartwise, Inc.*

**EXHIBIT "6"
PAGE 212**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town & Country Road, Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled:  *Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates*; and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com
Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov
Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com
Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
Monica Y Kim on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
myk@lnbrb.com, myk@ecf.inforuptcy.com
Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, jsummers@sheppardmullin.com
Kathleen P March on behalf of Creditor Vitamins Online, Inc
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com
K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov
Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2. SERVED BY UNITED STATES MAIL**:
On December 28, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 27, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2021   Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|
| Date            Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "6"**
**PAGE 214**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Tue Dec 28 09:50:14 PST 2021

Heartwise Inc
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

R. Clifford & Associates
1100 Town and Country Rd.
Suite 1250
Orange, CA 92868-4633

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Alpha House Research
2781 West Macarthur Blvd., Suite 34
Santa Ana, CA 92704-8300

American Express
P O Box 650448
Dallas, TX 75265-0448

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Capital One
P O Box 60599
City of Industry, CA 91716-0599

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Magleby Cataxinos & Greenwood, P.C.
ATTN:  J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Mark F. Foley
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202-4409

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

Martha Valente
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

**EXHIBIT "6"**

**PAGE 215**

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

Tatyana Stykal
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Teikametrics, LLC
280 Summer Street
Boston, MA 02210-1131


Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686


Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651


Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235


RONALD CLIFFORD
R. Clifford & Associates
1100 TOWN AND COUNTRY RD., SUITE 1250
ORANGE, CA 92868-4633


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF


(u)DTO Law

(u)Earnesty LLC

(u)Greenberg Traurig, LLP


(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.


(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831


**EXHIBIT "6"**

**PAGE 216**

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients    42
Bypassed recipients    13
Total                  55

**EXHIBIT "6"**
**PAGE 217**

**EXHIBIT "7"**

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Mark Wallace, Presiding
### Courtroom 6C Calendar

---

**Monday, June 14, 2021**                                              **Hearing Room        6C**

---

<u>2:00 PM</u>
**8:20-13335   Heartwise, Inc.**                                                    **Chapter 11**

    **#5.00**

          Hearing RE: Martha Valentine's Motion For Entry Of An Order Applying
          Bankruptcy Rule 7023 To Her Class Proofs Of Claim And Certifying The Class
          And Subclass
          (Motion filed 5-24-21)

          **[Tele. appr., Anthony R. Bisconti, repr., Robinson Pharma, Creditor]**

          **[Tele. appr., Osman Khan, repr., Vitamins Online Inc - LISTEN ONLY]**

          **[Tele. appr., Ronald A. Clifford, repr., Debtor]**

          **[Tele. appr., Aaron J. Malo, repr., Maglevy Cataxinos and Greenwood,
          Interested Party]**

          **[Tele. appr., Kathleen P. March, repr., Vitamins Online, Creditor]**

          **[Tele. appr., Seth A. Safier, repr., Martha Valentine, Creditor]**

          **[Tele. appr., Jeffrey Shields, repr., Jones Waldo Holbrook & McDonough,
          Interested Party]**

                    Docket        251

**Tentative Ruling:**

        In view of the Pandemic, in-person appearances at hearings are expressly
        prohibited at the time, and any person who is required to appear at a hearing or
        who desires to appear at a hearing must appear telephonically through CourtCall.
        If  a  tentative ruling states "Appearances not required", this does not mean that
        appearances are prohibited, but if a person desires to appear, such appearance
        must be telephonic and cannot be in person. Persons appearing telephonically are
        highly encouraged to use a landline for higher reception and clarity, and the use of
        speaker phones is prohibited.

---

EXHIBIT "7"
PAGE 218

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Mark Wallace, Presiding
### Courtroom 6C Calendar

---

**Monday, June 14, 2021**                                             **Hearing Room          6C**

---

<u>2:00 PM</u>
**CONT...        Heartwise, Inc.**                                                          **Chapter 11**

**TELEPHONIC APPEARANCES REQUIRED**.

Martha Valentine ("Movant") moves for entry of an order applying Bankruptcy Rule 7023 to her class proofs of claim and certifying class and subclass (the "Motion"). The Motion is opposed by debtor and debtor in possession Heartwise, Inc. ("Heartwise").

Federal Rule of Civil Procedure 23 does not apply automatically to contested matters, and the decision to extend its application is committed to the Court's discretion. *In re Musicland Holding Corp.,* 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007). A single class action is sometimes preferable to an entire host of separate lawsuits in multiple forums where essentially the same issues are being litigated.  However, a bankruptcy proceeding often alters the calculus on these matters by providing a single forum in which all claims can be adjudicated.  As the court pointed out in *In re Ephedra Prod. Liab. Litig.,* 329 B.R. 1, 9 (S.D.N.Y. 2005), " . . .  this  superiority of the class action vanishes when the other available method is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost."

Here, no class was certified prepetition, and the Court determines that class certification will adversely affect the administration of the estate by injecting needless litigation involving class action issues.  Such litigation is unnecessary because aggrieved individuals can simply file a proof of claim.  Although members of the class Movant have not yet received notice of the bar date, the Court will remedy that deficiency through the procedures outlined below.  Thus, it will be clear as of the adjusted bar date that all three *Musicland* factors cut against proceeding by way of class action.  *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

The analysis under the two-factor test of *Chaparral Energy,* 571 B.R. 642, 646 (Bankr.

---

**EXHIBIT "7"**

**PAGE 219**

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Mark Wallace, Presiding
### Courtroom 6C Calendar

**Monday, June 14, 2021**                                          **Hearing Room     6C**

2:00 PM
**CONT...       Heartwise, Inc.**                                              **Chapter 11**

D. Del. 2017) leads to the same result.  It is not beneficial to apply Bankruptcy Rule
7023 because aggrieved individuals do not need a lead plaintiff advocating for them,
they can simply file a proof of claim.  Regarding the requirements of Civil Rule 23(a)
(1), Movant has failed to make a sufficient showing that the class is so numerous
that joinder of all members is impracticable.  The best way to judge the size of the
class is by the number of persons filing proofs of claim.  If it turns out that a large
number of persons file proofs of claim by the expanded bar date, the Court will give
consideration to allowing Movant to renew her Motion.

Persons who are aggrieved for the reasons argued can simply file a proof of claim in
this case.  For that purpose, the Court will order debtor and debtor in possession
Heartwise, Inc. ("Heartwise") to give notice by publication within fourteen (14) days
of entry of the order denying the Motion of an expanded bar date with respect to
claims based upon Heartwise's nutritional supplements and will extend the bar date
to July 31, 2021 for persons filing a proof of claim for alleged deception with respect
to any supplement purchased by such person from Heartwise.

The Motion is denied without prejudice.

| Party Information |
|---|

**Debtor(s):**

Heartwise, Inc.                              Represented By
                                               RONALD  CLIFFORD

**EXHIBIT "7"**
**PAGE 220**

**EXHIBIT "8"**

1  Ronald A. Clifford (State Bar No. 246542)
   E-Mail: RAC@RCliffordLaw.com
2  Shanon J. Slack (State Bar No. 316581)
   E-Mail:  Slack@RCliffordLaw.com
3  **R. CLIFFORD & ASSOCIATES**
4  1100 Town and Country Rd., Suite 1250
   Orange, California 92868
5  Telephone: (949) 533-9774

6  *General Insolvency Counsel for*
7  *Heartwise, Inc.*

FILED & ENTERED

JUN 15 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle        DEPUTY CLERK

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 | In re:                          | Case No.: 8:20-bk-13335-MW
11 |                                 |
   | HEARTWISE, INC.,                | Chapter 11
12 |                                 |
13 |           Debtor in Possession. | **ORDER DENYING MARTHA**
   |                                 | **VALENTINE'S MOTION FOR ENTRY**
14 |                                 | **OF AN ORDER APPLYING**
   |                                 | **BANKRUPTCY RULE 7023 TO HER**
15 |                                 | **CLASS PROOFS OF CLAIM AND**
   |                                 | **CERTIFYING THE CLASS AND**
16 |                                 | **SUBCLASS**
17 |                                 |
   |                                 | <u>**Hearing Date, Time and Location:**</u>
18 |                                 | Date:      June 14, 2021
   |                                 | Time:      2:00 p.m.
19 |                                 | Location:  411 West Fourth Street
   |                                 |            Santa Ana, California 92701
20 |                                 |            Courtroom 6C

21

22

23       THIS MATTER having come before the Court pursuant to *Martha Valentine's Motion for*

24 *Entry of an Order Applying Bankruptcy Rule 7023 to Her Class Proofs of Claim and Certifying the*

25 *Class and Subclass* (the "Motion"); for the reasons stated on the record, it is hereby

26       **ORDERED** that the Motion is

27       (1)      Denied without prejudice;

28

**ORDER DENYING MARTHA VALENTINE'S MOTION FOR ENTRY OF AN ORDER APPLYING
BANKRUPTCY RULE 7023 TO HER CLASS PROOFS OF CLAIM AND CERTIFYING THE CLASS AND
SUBCLASS**
1

**EXHIBIT "8"
PAGE 221**

(2)    Heartwise, Inc. is to give notice of the below bar date to persons wishing to file a proof of claim for alleged deception with respect to any supplement purchased by such person from Heartwise, Inc. within fourteen (14) days of entry of this Order by way of publication; and

(3)    The bar date for persons wishing to file a proof of claim for alleged deception with respect to any supplement purchased by such person from Heartwise, Inc. shall have until July 31, 2021 to file said proof of claim.

###

Date: June 15, 2021

Mark S. Wallace
United States Bankruptcy Judge

**ORDER DENYING MARTHA VALENTINE'S MOTION FOR ENTRY OF AN ORDER APPLYING BANKRUPTCY RULE 7023 TO HER CLASS PROOFS OF CLAIM AND CERTIFYING THE CLASS AND SUBCLASS**

2

**EXHIBIT "9"**

1  Ronald A. Clifford (State Bar No. 246542)
   E-Mail: RAC@RCliffordLaw.com
2  Shanon J. Slack (State Bar No. 316581)
   E-Mail:  Slack@RCliffordLaw.com
3  **R. CLIFFORD & ASSOCIATES**
4  1100 Town and Country Rd., Suite 1250
   Orange, California 92868
5  Telephone: (949) 533-9774

6  *General Insolvency Counsel for*
7  *Heartwise, Inc.*

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10 In re:                                 Case No.: 8:20-bk-13335-MW

11 HEARTWISE, INC.,                       Chapter 11

12                                        **PROOF OF PUBLICATION OF BAR**
              Debtor in Possession.       **DATE**
13

14

15

16

17

18       Heartwise, Inc. (the "Debtor") hereby provides proof of publication of the bar date for filing

19 claims related to any alleged deception with respect to any supplement purchased from the Debtor.

20

21

22 Dated: June 29, 2021                   **R. CLIFFORD & ASSOCIATES**

23

24                              By: /s/ *Ronald A. Clifford*
                                    Ronald A. Clifford
25

26                              *General Insolvency Counsel to Heartwise, Inc.*

27

28

                         _____
                              **PROOF OF PUBLICATION OF BAR DATE**
                                              1

## AFFIDAVIT

**STATE OF NEW JERSEY**                    )
                                           ) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX** )

I, Blayre Bell, being duly sworn, depose and say that I am the Advertising Clerk of the

Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general

circulation throughout the United States, and that the notice attached to this Affidavit has

been regularly published in THE WALL STREET JOURNAL for NATIONAL distribution for

1 insertion(s) on the following date(s): JUNE-25-2021

ADVERTISER: Heartwise, Inc.

and that the foregoing statements are true and correct to the best of my knowledge.

_____
*Blayre Bell*

Sworn to
before me this
25th day of
June 2021



_____
Notary Public

IAN C MARTIN
NOTARY PUBLIC
ID #
50086494
COMMISSION
EXPIRES
7/18/2023
STATE OF NEW JERSEY

**EXHIBIT "9"**

**PAGE 224**



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, CA 92868.

A true and correct copy of the foregoing document entitled: *Proof of Publication of Bar Date* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 29, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com
Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com
Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com
Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov
Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com
Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, jsummers@sheppardmullin.com
Kathleen P March on behalf of Creditor Vitamins Online, Inc
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com
Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com
Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com
K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "9"**
**PAGE 226**

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 29, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 29, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "9"**
**PAGE 227**

**EXHIBIT "10"**

4/27/22, 3:12 PM                              CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

# Central District of California
# Claims Register

## [8:20-bk-13335-SC Heartwise, Inc.](#)

| | |
|---|---|
| **Judge:** Scott C Clarkson | **Chapter:** 11 |
| **Office:** Santa Ana | **Last Date to file claims:** 05/31/2021 |
| **Trustee:** | **Last Date to file (Govt):** 06/02/2021 |

| Creditor:       (40577099) | Claim No: 1 | Status: |
|---|---|---|
| Internal Revenue Service (IRS) | *Original Filed* | *Filed by:* CR |
| P O Box 7346 | *Date:* 12/11/2020 | *Entered by:* Timothy C Schakow |
| Philadelphia, PA 19101-7346 | *Original Entered* | *Modified:* |
| | *Date:* 12/11/2020 | |
| | *Last Amendment* | |
| | *Filed:* 12/23/2021 | |
| | *Last Amendment* | |
| | *Entered:* 12/23/2021 | |

Amount  claimed: $2867.05
Secured  claimed:     $0.00
Priority   claimed:   $910.35

*History:*

| Details | | 1-1 | 12/11/2020 | Claim #1 filed by Internal Revenue Service (IRS), Amount claimed: $312200.00 (Schakow, Timothy) |
|---|---|---|---|---|
| Details | | 1-2 | 03/17/2021 | Amended Claim #1 filed by Internal Revenue Service (IRS), Amount claimed: $300100.00 (Schakow, Timothy) |
| Details | | 1-3 | 12/23/2021 | Amended Claim #1 filed by Internal Revenue Service (IRS), Amount claimed: $2867.05 (Schakow, Timothy) |

*Description:*
*Remarks:*

| Creditor:       (40609427) | Claim No: 2 | Status: |
|---|---|---|
| FRANCHISE TAX BOARD | *Original Filed* | *Filed by:* CR |
| BANKRUPTCY SECTION MS A340 | *Date:* 01/08/2021 | *Entered by:* Kim Tho Nguyen |
| PO BOX 2952 | *Original Entered* | *Modified:* |
| SACRAMENTO CA 95812-2952 | *Date:* 01/08/2021 | |

Amount claimed: $2566.92
Priority  claimed: $1966.00

*History:*

| Details | | 2-1 | 01/08/2021 | Claim #2 filed by FRANCHISE TAX BOARD, Amount claimed: $2566.92 (Nguyen, Kim Tho) |
|---|---|---|---|---|

*Description:* (2-1) Claim Filed
*Remarks:*

**EXHIBIT "10"**
**PAGE 228**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| *Creditor:*     (40654795)   History | **Claim No: 3** | *Status:* |
| Vitamins Online, Inc. | *Original Filed* | *Filed by:* AT |
| c/o The Bankruptcy Law Firm, P.C. | *Date:* 02/11/2021 | *Entered by:* Kathleen P March |
| 10524 W. Pico Blvd., Ste. 212 | *Original Entered* | *Modified:* |
| Los Angeles, CA 90064 | *Date:* 02/11/2021 | |
| | *Last Amendment* | |
| | *Filed:* 04/28/2021 | |
| | *Last Amendment* | |
| | *Entered:* 04/28/2021 | |

Amount claimed: $14426972.00

*History:*

| Details | 🔘 | 3-1 | 02/11/2021 | Claim #3 filed by Vitamins Online, Inc., Amount claimed: $10947907.06 (Oh, Juliet) |
|---|---|---|---|---|
| | | 173 | 04/26/2021 | Objection to Claim #3 by Claimant Vitamins Online Inc. in the amount of $ 14,427,000.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) |
| Details | 🔘 | 3-2 | 04/28/2021 | Amended Claim #3 filed by Vitamins Online, Inc., Amount claimed: $14426972.00 (March, Kathleen) |
| | | 277 | 05/29/2021 | Objection to Claim #3 by Claimant Vitamins Online, Inc. in the amount of $ 14,426,972.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) |
| | | 711 | 01/18/2022 | Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) |

*Description:* (3-1) Judgment entered 11/10/2020, Section 43(a) of the Lanham Act, etc
(3-2) Judgment entered 11/10/2020, Section 43(a) of the Lanham Act, etc
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40689099) | **Claim No: 4** | *Status:* |
| Uline | *Original Filed* | *Filed by:* CR |
| 12575 Uline Drive | *Date:* 03/02/2021 | *Entered by:* Olivia Ventura |
| Pleasant Prairie WI 53158 | *Original Entered* | *Modified:* |
| | *Date:* 03/09/2021 | |

Amount claimed: $1640.49
Priority  claimed: $1640.49

*History:*

| Details | 🔘 | 4-1 | 03/02/2021 | Claim #4 filed by Uline, Amount claimed: $1640.49 (Ventura, Olivia) |
|---|---|---|---|---|

*Description:* (4-1) Goods Sold
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40756824) | **Claim No: 5** | *Status:* |
| Magleby Cataxinos & Greenwood, P.C. | *Original Filed* | *Filed by:* CR |
| ATTN: J.Magleby | *Date:* 04/26/2021 | *Entered by:* Aaron J Malo |
| 141 Pierpont Avenue | *Original Entered* | *Modified:* |
| Salt Lake City, UT 84101 | *Date:* 04/26/2021 | |
| | *Last Amendment* | |
| | *Filed:* 05/29/2021 | |

**EXHIBIT "10"**

**PAGE 229**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

*Last Amendment
Entered:* 05/29/2021

Amount claimed: $14500000.00

*History:*

| Details | | 5-1 | 04/26/2021 | Claim #5 filed by Magleby Cataxinos & Greenwood, P.C., Amount claimed: $14500000.00 (Malo, Aaron) |
|---|---|---|---|---|
| Details | | 5-2 | 05/29/2021 | Amended Claim #5 filed by Magleby Cataxinos & Greenwood, P.C., Amount claimed: $14500000.00 (Malo, Aaron) |
| | | 525 | 11/08/2021 | Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) |
| | | 712 | 01/18/2022 | Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) |

*Description:*
*Remarks:*

---

*Creditor:*        (40615123)
DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563

**Claim No: 6**
*Original Filed
Date:* 04/29/2021
*Original Entered
Date:* 04/29/2021
*Last Amendment
Filed:* 10/19/2021
*Last Amendment
Entered:* 10/19/2021

*Status:*
*Filed by:* CR
*Entered by:* ePOC-User AutoDocket
*Modified:* 10/19/2021

Amount claimed: $10703560.00

*History:*

| Details | | 6-1 | 04/29/2021 | Claim #6 filed by DavidPaul Doyle, Amount claimed: $10245410.00 (AutoDocket, ePOC-User) |
|---|---|---|---|---|
| Details | | 6-2 | 10/19/2021 | Amended Claim #6 filed by DavidPaul Doyle, Amount claimed: $10703560.00 (AutoDocket, ePOC-User) |

*Description:*
*Remarks:*

---

*Creditor:*        (40654795)   History
Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064

**Claim No: 7**
*Original Filed
Date:* 05/25/2021
*Original Entered
Date:* 05/25/2021

*Status:*
*Filed by:* AT
*Entered by:* Kathleen P March
*Modified:*

Amount claimed: $20000000.00

*History:*

| Details | | 7-1 | 05/25/2021 | Claim #7 filed by Vitamins Online, Inc., Amount claimed: $20000000.00 (March, Kathleen) |
|---|---|---|---|---|

*Description:* (7-1) Willful false advertising by Heartwise of products NOT sued on in suit that resulted in 11/10/20 U.S. District Court Judgment (which Judgment is basis of POC #3-2)
*Remarks:*

**EXHIBIT "10"
PAGE 230**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| *Creditor:*    (40654795)    [History](#) | **Claim No: 8** | *Status:* |
| Vitamins Online, Inc. | *Original Filed* | *Filed by:* AT |
| c/o The Bankruptcy Law Firm, P.C. | *Date:* 05/25/2021 | *Entered by:* Kathleen P March |
| 10524 W. Pico Blvd., Ste. 212 | *Original Entered* | *Modified:* |
| Los Angeles, CA 90064 | *Date:* 05/25/2021 | |

Amount claimed: $34000000.00

*History:*

| [Details](#) ⬛ | [8-1](#) | 05/25/2021 Claim #8 filed by Vitamins Online, Inc., Amount claimed: $34000000.00 (March, Kathleen) |
|---|---|---|
| | [278](#) | 05/29/2021 Objection to Claim #8 filed by Claimant Vitamins Online, Inc. in the amount of $ 34,000,000.00 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) |

*Description:* (8-1) Additional amount that should have been awarded by Utah District Court by its 11/10/20 Judgment. Notice of cross-appeal not filed yet in District Court because of stay, but is timely

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (40802017) | **Claim No: 9** | *Status:* |
| California Dept. of Tax & Fee Administration | *Original Filed* | *Filed by:* CR |
| Collections Support Bureau MIC:55 | *Date:* 05/26/2021 | *Entered by:* Kenneth W Barrow |
| PO BOX 942879 | *Original Entered* | *Modified:* |
| SACRAMENTO CA 94279-0055 | *Date:* 05/26/2021 | |

Amount claimed: $7894.00

Priority  claimed: $7894.00

*History:*

| [Details](#) ⬛ | [9-1](#) | 05/26/2021 Claim #9 filed by California Dept. of Tax & Fee Administration, Amount claimed: $7894.00 (Barrow, Kenneth) |
|---|---|---|

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (40577100) | **Claim No: 10** | *Status:* |
| Martha Valenite | *Original Filed* | *Filed by:* CR |
| c/o Gutride Safier LLP | *Date:* 05/28/2021 | *Entered by:* Seth A Safier |
| Seth A. Safier, Esq. | *Original Entered* | *Modified:* |
| 100 Pine Street, Ste 1250 | *Date:* 05/28/2021 | |
| San Francisco, CA 94111 | *Last Amendment* | |
| | *Filed:* 05/28/2021 | |
| | *Last Amendment* | |
| | *Entered:* 05/28/2021 | |

Amount  claimed: $10000000.00

Secured claimed:        $0.00

Priority  claimed:        $0.00

*History:*

| [Details](#) ⬛ | [10-1](#) | 05/28/2021 Claim #10 filed by Martha Valenite, Amount claimed: $10000000.00 (Safier, Seth) |
|---|---|---|
| [Details](#) ⬛ | [10-2](#) | 05/28/2021 Amended Claim #10 filed by Martha Valenite, Amount claimed: $10000000.00 (Safier, Seth) |

*Description:* (10-1) consumer class claim
(10-2) class action or consumer fraud

*Remarks:* (10-1) Amount Claimed is estimated/unknown
(10-2) estimated/unknown amount

| | | |
|---|---|---|
| *Creditor:*    (40577107) | **Claim No: 11** | *Status:* |

**EXHIBIT "10"**
**PAGE 231**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| Robinson Pharma, Inc.<br>3330 South Harbor Blvd.<br>Santa Ana, CA 92704 | *Original Filed<br>Date:* 05/28/2021<br>*Original Entered<br>Date:* 05/28/2021 | *Filed by:* AT<br>*Entered by:* Anthony Bisconti<br>*Modified:* |

Amount claimed: $940863.90

*History:*

<u>Details</u>  ●  <u>11-1</u>  05/28/2021 Claim #11 filed by Robinson Pharma, Inc., Amount claimed: $940863.90 (Bisconti, Anthony)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (40756824)<br>Magleby Cataxinos & Greenwood, P.C.<br>ATTN: J.Magleby<br>141 Pierpont Avenue<br>Salt Lake City, UT 84101 | **Claim No: 12**<br>*Original Filed<br>Date:* 05/29/2021<br>*Original Entered<br>Date:* 05/29/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Aaron J Malo<br>*Modified:* |

Amount claimed: $34000000.00

*History:*

<u>Details</u>  ●  <u>12-1</u>  05/29/2021 Claim #12 filed by Magleby Cataxinos & Greenwood, P.C., Amount claimed: $34000000.00 (Malo, Aaron)

<u>525</u>  11/08/2021 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. (Rallis, Dean)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (41098615)<br>DavidPaul Doyle<br>68 Loma Vista Drive<br>Orinda, CA 94563 | **Claim No: 14**<br>*Original Filed<br>Date:* 02/17/2022<br>*Original Entered<br>Date:* 02/17/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |

Amount claimed: $194794.52

*History:*

<u>Details</u>  ●  <u>14-1</u>  02/17/2022 Claim #14 filed by DavidPaul Doyle, Amount claimed: $194794.52 (AutoDocket, ePOC-User)

*Description:*

*Remarks:*

## Claims Register Summary

**Case Name:** Heartwise, Inc.
**Case Number:** 8:20-bk-13335-SC
**Chapter:** 11
**Date Filed:** 12/04/2020
**Total Number Of Claims:** 13

| | |
|---|---|
| **Total Amount Claimed*** | $138781158.88 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**EXHIBIT "10"
PAGE 232**

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

|  | Claimed | Allowed |
|---|---|---|
| **Secured** | $0.00 | |
| **Priority** | $12410.84 | |
| **Administrative** | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/27/2022 15:11:58 | | |
| **PACER Login:** | mwgrimshaw210424 | **Client Code:** | 1683-001 |
| **Description:** | Claims Register | **Search Criteria:** | 8:20-bk-13335-SC Creditor Type: cr Filed or Entered From: 4/7/2002 Filed or Entered To: 1/1/2023 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**EXHIBIT "10"**
**PAGE 233**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM NO. 10-2 FILED BY MARTHA VALENTINE & CLASS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW, WILLIAM A. DELGADO, AND TUONG NGUYEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **April 29, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
HEARTWISE, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
2973 HARBOR BLVD., #472
COSTA MESA, CA 92626

**CLAIMANT / POC ADDRESS**
MARTHA VALENTINE & CLASS
(INCORRECTLY LISTED ON THE CLAIMS REGISTER
AS MARTHA VALENITE)
C/O SETH SAFIER, GUTRIDE SAFIER LLP
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CA 94111

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
|----------------|-----------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **FORMER ATTORNEY FOR DEBTOR HEARTWISE, INC. (TERMINATED 12/16/20):** Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; DEFENDANT TUONG NGUYEN; and INTERESTED PARTY EARNESTY LLC:** Anthony Bisconti tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com; chowland@bienertkatzman.com
- **ATTORNEY FOR INTERESTED PARTY AND PLAINTIFF DAVIDPAUL DOYLE:** Jared Glicksman jglicksman@yocca.com
- **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- **ATTORNEY FOR DEBTOR HEARTWISE, INC.:** Matthew Grimshaw mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.:** Eve H. Karasik ehk@lnbyb.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.:** Steven J. Katzman SKatzman@bienertkatzman.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **ATTORNEY FOR INTERESTED PARTY MAGLEBY CATAXINOS & GREENWOOD:** Aaron J Malo amalo@sheppardmullin.com, rgolder@sheppardmullin.com; abilly@sheppardmullin.com
- **ATTORNEY FOR INTERESTED PARTY VITAMINS ONLINE, INC.:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; and DEFENDANT TUONG NGUYEN:** Carlos A Nevarez cnevarez@bklwlaw.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF:** Aram Ordubegian ordubegian.aram@arentfox.com
- **INTERESTED PARTY COURTESY NEF:** Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR CREDITOR VITAMINS ONLINE, INC.:** Dean G Rallis, Jr drallis@hahnlawyers.com, jevans@hahnlawyers.com; drallis@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR MARTHA VALENTINE:** Seth A Safier seth@gutridesafier.com
- **INTERESTED PARTY COURTESY NEF:** Annie Y Stoops annie.stoops@arentfox.com, yvonne.li@arentfox.com
- **ATTORNEY FOR CREDITOR ROBINSON PHARMA, INC.:** K. Luan Tran ltran@kslaw.com, tle@kslaw.com
- **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**