MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
 870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for the Reorganized Debtor,
HEARTWISE, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HEARTWISE, INC.,<br><br>The Reorganized Debtor. | Case No. 8:20-bk-13335-SC<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM NO. 13-1 FILED BY DAVIDPAUL DOYLE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW AND TUONG NGUYEN<br><br>Date:      May 31, 2022[1]<br>Time:     11:00 a.m.<br>Ctrm:    5C[2]<br>Location: 411 West Fourth Street,<br>            Santa Ana, CA 92701-4593 |

/ / /

/ / /

/ / /

/ / /

---

[1] This hearing has been specially set with permission to be heard on May 31, 2022 at 11:00 a.m.

[2] This hearing date has been designated as Zoom Only.  Please check Judge Clarkson's website for any updated procedures related to Covid-19. Parties are directed to review Judge Clarkson's self-calendaring instructions for calendaring hearings, either by ZoomGov or in-person.

TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

PARTIES:

Reorganized Debtor, HEARTWISE, INC. ("Heartwise" or "Reorganized Debtor"), by and

through its counsel, respectfully submits this motion ("Objection" or "Motion") objecting to Claim

No. 13-1 filed by DavidPaul Doyle ("Doyle" or "Claimant") ("Claim").

The Motion is based on this Notice, the Motion and its accompanying Memorandum of

Points and Authorities, the Declarations of Matthew W. Grimshaw ("Grimshaw Declaration") and

Tuong Nguyen ("Nguyen Declaration"), the pleadings and files in the Debtor's bankruptcy case, all

matters of which the Court may take judicial notice, and upon such further oral and documentary

evidence as may be presented to the Court. The Motion will be heard on May 31, 2022, at 11:00

a.m., in the United States Bankruptcy Court for the Central District of California, Santa Ana

Division, located at 411 W. Fourth Street, Santa Ana, CA 92701. Hearing will be held via

ZoomGov.

**NOTICE TO CLAIMANT IS HEREBY GIVEN**: Reorganized Debtor has filed an

objection to your Proof of Claim ("Claim") identified as follows:

| Claim No. | Date Filed | Claimant | Alleged Claim Amount | Disputed Amount | Claim To Be Allowed |
|-----------|------------|----------|---------------------|-----------------|---------------------|
| 13-1 | 02/02/2022 | DavidPaul Doyle | $194,794.52 | $194,794.52 | $0 |

The Motion seeks to alter your rights by disallowing your Proof of Claim based on the

grounds set forth in the Motion detailed below.

PLEASE TAKE FURTHER NOTICE that any response to this objection must be in the

form as required by Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR") and filed with the Clerk

of the above-entitled Court no later than 14 days prior to the hearing date set forth above, and a

copy served on Matthew W. Grimshaw, David A. Wood, and/or Laila Masud at the address

indicated above. A copy of any response must also be served on the Office of the United States

Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701-4593. Failure to timely respond

1  may be deemed as acceptance of the objection and the Court may grant the relief requested in the

2  Motion without further notice or hearing. *See* LBR 3007-1(b) and 9013-1(h).

3  DATED:  April 29, 2022                    MARSHACK HAYS LLP

4                                            By:   */s/ Matthew W. Grimshaw*
                                                   MATTHEW W. GRIMSHAW
5                                                  DAVID A. WOOD
                                                   LAILA MASUD
6                                                  Attorneys for the Reorganized Debtor,
                                                   HEARTWISE, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE
4872-6750-4150v.7-1683-001

# TABLE OF CONTENTS

1.    Summary of Argument ................................................................................1

2.    Statement of Relevant Facts.......................................................................2

    A.    Ownership of Heartwise and the Employment Agreement ..........................2

    B.    Heartwise's Bankruptcy Filing and confirmed Chapter 11 Plan of
        Reorganization ...........................................................................................2

    C.    Doyle's Proof of Claim Stemming From the Rejected Employment
        Agreement ..................................................................................................3

3.    Legal Argument ..........................................................................................4

    A.    Standard for Disallowance of Claims ........................................................4

    B.    The Objection Should Be Sustained Absent A Response.............................5

    C.    Administrative Priority Claim Generally Objection to Doyle Claim ...........5

        1.    An Administrative Claim May Only Be Paid After Notice and a
            Hearing - Not By the Mere Filing of a Proof of Claim.....................6

        2.    The Mere Existence of the Employment Agreement Does Not Entitled
            Doyle To A *De Facto* Administrative Claim Where No Actual Benefit
            Was Provided To Heartwise .............................................................7

4.    Conclusion ................................................................................................11

DECLARATION OF MATTHEW W. GRIMSHAW.........................................................12

DECLARATION OF TUONG NGUYEN ........................................................................14

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE

4872-6750-4150v.7-1683-001

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Abercrombie v. Hayden Corp. (In re Abercrombie),*

4

  139 F.3d 755, 756 (9th Cir. 1998) ................................................................. 7

5

*Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy LLC),*

6

  583 B.R. 494, 496 (B.A.P. 9th Cir. 2018) ................................................. 5, 7

7

*Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy, LLC),*

8

  583 B.R. 494, 502 (B.A.P. 9th Cir. 2018) ..................................................... 8

9

*Burlington Northern Railroad Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.),*

10

  853 F.2d 700 (9th Cir. 1988) ........................................................................ 8

11

*Dreyfuss v. Cory (In re Cloobeck),*

12

  788 F.3d 1243 (9th Cir. 2015) ...................................................................... 6

13

*In re Air S. Airlines,*

14

  2000 Bankr. LEXIS 1725 ............................................................................. 5

15

*In re Bryant Universal Roofing,*

16

  218 B.R. 948 (Bankr. D. Ariz. 1998) ......................................................... 10

17

*In re Cook Inlet Energy, LLC,*

18

  583 B.R. 494, 506 (B.A.P. 9th Cir. 2018) ..................................................... 9

19

*In re Richfield Equities, L.L.C.,*

20

  556 B.R. 313, 318 (Bankr. E.D. Mich. 2016) ............................................... 6

21

*Microsoft Corp. v. DAK Indus. (In re DAK Indus.),*

22

  66 F.3d 1091, 1094 (9th Cir. 1995) ............................................................. 8

23

*NL Indus. v. GHR Energy Corp.,*

24

  940 F.2d 957 (5th Cir. 1991) ........................................................................ 6

25

*NLRB v. Bildisco & Bildisco,*

26

  465 U.S. 513, 104 S. Ct. 1188 (1984) ........................................................... 9

27

*Shin v. Altman (In re Desert Springs Fin. LLC),*

28

1    2017 Bankr. LEXIS 1144 (9th Cir. BAP Apr. 20, 2017) ........................................ 8

2  **Statutes**

3  11 U.S.C. § 102(1) ............................................................................................................ 6

4  11 U.S.C. § 365(g)(1) ...................................................................................................... 1

5  **11 U.S.C. § 503** ........................................................................................................ passim

6  11 U.S.C. § 503(b)(1)(A)(i) ................................................................................. 1, 4, 5, 7

7  11 U.S.C. § 507(a)(1) ....................................................................................................... 7

8  11 U.S.C. § 507(a)(2) ....................................................................................................... 3

9  11 U.S.C. §502(a) ............................................................................................................. 4

10  11 U.S.C. §502(b) ............................................................................................................. 4

11  11 U.S.C. §541(a) ............................................................................................................. 8

12  11 U.S.C.S. § 503(b)(1)(A) ........................................................................................... 5, 7

13  **Other Authorities**

14  4 Collier on Bankruptcy P 503.06 (16th 2021) ............................................................ 7, 9

15  **Rules**

16  FRBP 3001(f) .................................................................................................................... 4

17  FRBP 3001. LBR 3007-1(c)(1) ......................................................................................... 5

18  LBR 9021-1 ...................................................................................................................... 5

19  Rule 3001 of the Federal Rules of Bankruptcy Procedure ............................................... 4

20  Rule 3007-1(b)(6) ............................................................................................................. 5

21

22

23

24

25

26

27

28

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE

4872-6750-4150v.7-1683-001

# 1.     Summary of Argument

Post-petition wages for services provided to a debtor-in-possession are entitled to administrative priority only when sought ***after notice and a hearing*** with ***evidence*** demonstrating the "actual, necessary, and beneficial" nature of the services.[3] The mere existence of an employment contract is insufficient to establish the right to an administrative priority claim.

Pre-petition, DavidPaul Doyle ("Doyle") founded Heartwise Inc. ("Heartwise"). Several years before the petition date, Doyle sold a majority interest in Heartwise to Earnesty LLC, and turned over the day-to-day operations to Tuong Nguyen ("Mr. Nguyen"). In connection with the sale of the controlling interest in Heartwise to Earnesty, Doyle signed an Employment Agreement ("Employment Agreement") that provided for a salary without requiring much, if any, actual work by Doyle.[4] The vague and imprecise description of Doyle's responsibilities contained in the Employment Agreement[5] demonstrate as much.

Post-petition, Doyle: (1) performed no work for Heartwise; (2) undertook no actions that benefited the estate; and (3) instead, actively impeded Heartwise's efforts to reorganize. Yet Doyle seeks an administrative priority claim based on the mere existence of the now rejected Employment Agreement. Doyle is not entitled to such a claim. Thus, the Reorganized Debtor seeks an order disallowing and expunging the Claim.

/ / /

/ / /

---

[3] 11 U.S.C. § 503(b)(1)(A)(i).

[4] A true and correct copy of the Employment Agreement is attached to the proof of claim filed by DavidPaul Doyle which proof of claim ("Doyle Claim") is attached to the Declaration of Matthew W. Grimshaw ("Grimshaw Dec.") as Exhibit "1." See, Exhibit 1, p. 23. Tellingly, Doyle filed proof of claim 14-1 which seeks the same exact amount as the Doyle Claim (i.e., $194,794.52) for rejection of an executory contract pursuant to 11 U.S.C. § 365(g)(1) ("Doyle POC 14-1). A true and correct copy of the Doyle POC 14-1 is attached to the Grimshaw Declaration as Exhibit "6." The claims appear to be duplicative. *Compare* Grimshaw Decl., Ex, 1, pgs. 16-26; *with* Grimshaw Decl., Ex. 6, pgs. 140-146.  Counsel for Heartwise has reached out to counsel in an attempt to resolve the duplicative claims. *Id.*, ¶12. To date, Heartwise has not heard a substantive response. Therefore, Heartwise files this objection. *Id.*, ¶13.

[5] *See*, Exhibit 1, p. 23. The employment agreement provides the following in terms of Doyle's responsibilities:

"… will be responsible for the image, experience, and promise of the brand. In addition, [Doyle] will support [Heartwise] as needed in marketing, sales, and distribution of NatureWise health and wellness products."

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE

4872-6750-4150v.7-1683-001

## 2.     Statement of Relevant Facts

### A.     Ownership of Heartwise and the Employment Agreement

In 2012, Heartwise was founded by Doyle. *See* Grimshaw Decl., Ex. 7, pg. 147. At Heartwise's inception, Doyle was the sole shareholder. *Id.*, pg. 147.

Six years later, in 2018, Doyle and Earnesty entered into a shareholder agreement whereby Earnesty became the 51% owner of Heartwise. *Id.*, pg. 147. At approximately the same time, Doyle and Heartwise entered into the Employment Agreement, which provided that Doyle would be (1) "responsible for the image, experience and promise of the brand;" and (2) support the [Debtor], as needed, in marketing, sales and distribution of NatureWise health and wellness products. *See* Grimshaw Decl., Ex. 1, pg. 23; ¶1. In exchange, Doyle would receive an annual salary of $180,000. *Id.*

### B.     Heartwise's Bankruptcy Filing and confirmed Chapter 11 Plan of Reorganization

On December 4, 2020 ("Petition Date"), Heartwise filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335 from September 1, 2021, through April 27, 2022, is attached to the Grimshaw Declaration as Exhibit "2." According to Heartwise's Schedules and Statement of Financial Affairs ("Schedules"), Heartwise's insolvency was caused, in part, by the entry of a judgment ("Judgment") against it and in favor of a competitor, Vitamins Online, Inc. ("VOL"), shortly before the Petition Date. *See* Grimshaw Decl., Ex. 3, pgs. 72-73.

Notably, the Judgment was based on acts or omissions performed by Heartwise before Earnesty purchased its majority interest in Heartwise. *Id.*, pgs. 73-74. In other words, all of the alleged conduct that resulted in the Judgment was performed by or at the direction of Doyle, long before Earnesty or Mr. Nguyen ever came into the picture. The Schedules confirm that, on the Petition Date, Heartwise had two shareholders— (1) Earnesty holding 51% of the shares and (2) Doyle holding 49% of the shares. *Id.*, pg. 73.

1    On September 22, 2021, as Dk. No. 460, Heartwise filed its first amended plan of

2  reorganization ("Plan") that proposed to pay creditors holding allowed claims **in full** as of the

3  effective date of the Plan. A true and correct copy of the Plan is attached to the Grimshaw

4  Declaration as Exhibit "3."  From the petition date on, Doyle did not perform any work or provide

5  any services to Doyle. In fact, Doyle actively worked *against* Heartwise in thise case; he objected

6  vociferously to the Plan and nearly every other action taken by Heartwise in connection with its

7  efforts to reorganize.

8    Ultimately, after a hotly contested plan confirmation trial spanning several days, and over

9  Doyle's objections, on December 17, 2021, as Dk. No. 644, the Bankruptcy Court entered an order

10  confirming the Plan ("Confirmation Order").[6] A true and correct copy of the Confirmation Order is

11  attached as Exhibit "4" to the Grimshaw Declaration. The Confirmation Order was not appealed.[7]

12    Shortly thereafter, on December 28, 2021, as Dk. No. 670, a notice of entry of the

13  Confirmation Order was filed which also sets forth relevant bar dates ("Confirmation Notice"),

14  including for "[a]dministrative expenses pursuant to 11 U.S.C. § 507(a)(2) – Requests for allowance

15  and payment of an administrative expense priority claim must be filed with the Court on or before

16  **February 2, 2022**." A true and correct copy of the Confirmation Notice is attached as Exhibit "5" to

17  the Grimshaw Declaration (emphasis in the original).

18  ## C.    Doyle's Proof of Claim Stemming From the Rejected Employment
19        Agreement

20    Pursuant to the Plan, the Employment Agreement has been deemed rejected. Specifically,

21  all executory contracts not assumed by Heartwise in writing within 30 days of the Effective Date

22  are deemed rejected as of the Effective Date. *See*, Grimshaw Decl., Ex. 3, pgs. 79-80.  Per the Plan,

23  

---

24  [6] That same day, the Bankruptcy Court entered its Findings and Conclusions, setting forth the factual predicates
supporting its decision to enter the Confirmation Order.

25  [7] Notably, Doyle's efforts to thwart Heartwise's reorganization efforts persist. Although he did not appeal the
Confirmation Order, Doyle did appeal certain of the Court's evidentiary rulings made at the outset of the plan

26  confirmation trial, including rulings regarding the presentation of evidence, that were made during the trial on
confirmation of the Plan. *See* Grimshaw Decl., Ex. 2, pgs. 27-67.  Doyle continues to pursue his appeal of these

27  interlocutory orders, claiming that the district court can order this Court to amend the Plan despite the finality of the
Confirmation Order and the failure of any party to appeal the Confirmation Order. The meritless argument is merely one

28  example of how Doyle has harmed (and continues to harm), and not benefited, the Bankruptcy Estate throughout this
case.

1  the Effective Date was the first business day that is at least fifteen (15) calendar days following the

2  date of the entry of the Confirmation Order when and if all the following conditions for the

3  effectiveness of the Plan have been satisfied or waived by the Debtor: (1) there is no stay in effect

4  with respect to the Confirmation Order; and (2) the Confirmation Order is not subject to any appeal

5  or rehearing. *Id.*, pgs. 69-70.

6      The Confirmation Order was entered on December 17, 2021. *Id.*, Ex. 4, pgs. 108-132. As

7  there was no stay of the Confirmation Order nor an appeal take from it, the Effective Date of the

8  Plan occurred on January 3, 2022, the first business day that is at least fifteen (15) days after the

9  Confirmation Order. Thus, the date by which to assume the Employment Agreement was February

10  2, 2022. Heartwise did not assume the Employment Agreement in writing (or otherwise) by this

11  deadline.

12      On February 2, 2022, Doyle filed Proof of Claim No. 13-1 in the amount of $194,794.52.

13  The alleged basis of the Claim is accrued and unpaid salary or wages under the Employment

14  Agreement of $194,794.52 for the period from the Petition Date to the date of the filing of the

15  Claim. *See* Grimshaw Decl., Ex. 1, pgs. 16-26. Doyle contends that the Claim, in whole or in part,

16  is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(1)(A)(i). *Id.* And,

17  again, Doyle filed the duplicative Doyle POC 14-1 seeking the same $194,794.52 for "rejection"

18  damages based on the same Employment Agreement. *Id.*, Ex. 6, pgs. 140-146.

19  **3.    Legal Argument**

20      **A.    Standard for Disallowance of Claims**

21      A proof of claim executed and filed in accordance with Rule 3001 of the Federal Rules of

22  Bankruptcy Procedure ("FRBP") constitutes prima facie evidence of the validity and amount of the

23  claim. FRBP 3001(f). It is deemed allowed "unless a party in interest, including a creditor of a

24  general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11

25  U.S.C. §502(a). "[I]f such objection to a claim is made, the court, after notice and a hearing, shall

26  determine the amount of such claim in lawful currency of the United States as of the date of the

27  filing of the petition, and shall allow such claim in such amount[.]" 11 U.S.C. §502(b) (emphasis

28

added). It is an objecting party's burden to submit evidence sufficient to overcome the evidentiary

effect of a properly documented proof of claim executed and filed in accordance with FRBP 3001.

LBR 3007-1(c)(1). Moreover, when it comes to entitlement to administrative priority the creditor has

the burden of proving such claim by a preponderance of the evidence. *In re Air S. Airlines*, 2000

Bankr. LEXIS 1725. That said, and as elaborated upon below, "[a]dministrative priority claims

under 11 U.S.C.S. § 503(b)(1)(A) are held to a stricter standard. Because they must be presented to a

court by motion, they are not deemed allowed as priority claims." *Boruff v. Cook Inlet Energy LLC*

*(In re Cook Inlet Energy LLC)*, 583 B.R. 494, 496 (B.A.P. 9th Cir. 2018).

## B.    The Objection Should Be Sustained Absent A Response

Rule 3007-1(b)(6) of this Court's Local Bankruptcy Rules ("LBR") provides that in the

event of an objection to claim, "[i]f the claimant does not timely file and serve a response, the court

may sustain the objection without a hearing. (A) The objector must file a declaration attesting that

no response was timely filed and served upon the objector. The declaration must identify the docket

number and filing date of the objection to claim, notice, and proof of service of the notice and

objection to claim and be served on the claimant. (B) The objector must also lodge a proposed order

prepared and served in accordance with LBR 9021-1 and the Court Manual. (C) The objecting party

must serve the entered order on the claimant and counsel, if any."

Absent a response by Doyle this objection should be sustained without hearing and the

Claim should be disallowed as set forth below.

## C.    Administrative Priority Claim Generally Objection to Doyle Claim

In this case, Doyle seeks an administrative priority claim pursuant to § 503(b)(1)(A)(i),[8]

which provides, in relevant part:

> **After notice and a hearing**, there shall be allowed administrative expenses….
> Including - the **actual, necessary costs and expenses of preserving the estate
> including**… the wages, salaries and commissions **for services rendered after the
> commencement of the case**…

*Compare* 11 U.S.C. § 503(b)(1)(A)(i) (emphasis added); *with* Grimshaw Decl., Ex. 1, pgs. 16-26.

---

[8] Unless otherwise indicated all section references are to Title 11 of the United States Code.

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE
4872-6750-4150v.7-1683-001

Simply put, there are three prerequisites to an administrative claim under Section 503(b)(1)(A)(i): (1) notice and a hearing; (2) evidence demonstrating the claims was actual and necessary for preserving the estate; and (3) evidence demonstrating that services were rendered after the commencement of the bankruptcy case. Doyle's Claim fails to meet any of these requirements.

1. **An Administrative Claim May Only Be Paid After Notice and a Hearing - Not By the Mere Filing of a Proof of Claim**

If a creditor is seeking an administrative claim, the request for payment should not be labeled in a "proof of claim," because it is not properly asserted in a proof of claim. *NL Indus. v. GHR Energy Corp.*, 940 F.2d 957 (5th Cir. 1991); *In re Richfield Equities, L.L.C.*, 556 B.R. 313, 318 (Bankr. E.D. Mich. 2016). In fact, the official bankruptcy proof of claim form specifies at the top in bold face: "**Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**" *See*, Official Bankruptcy Form 410. Indeed, an administrative claim cannot be allowed or paid pursuant to a proof of claim. Rather the only procedure would be for a claimant seeking an administrative claim to file a motion for allowance of administrative claim.

Specifically, Section 503(b)(1) defines administrative expenses, and enumerates six specific types of claims that qualify for first priority. *Id*. Section 503(b) provides that administrative expenses "shall be allowed," but only "[a]fter notice and a hearing . . . ."

Section 503(b)'s plain language appears to establish conclusively that "notice and a hearing" are required before payment of an administrative expense.[9] See, *Dreyfuss v. Cory* (*In re Cloobeck*), 788 F.3d 1243 (9th Cir. 2015) (holding the Trustee could pay an estate's administrative expense in the form of income tax liability, after notice and a hearing.) This is because "[i]n classifying the

---

[9] The statutory phrase "after notice and a hearing" is a term of art in the Bankruptcy Code meaning "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. § 102(1). The phrase "authorizes an act without an actual hearing if such notice is given properly and if—(i) such a hearing is not requested timely by a party in interest; or (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . ." *Id*. § 102(1)(B).

1  order of payment for creditors' claims, the Bankruptcy Code affords the highest level of priority to

2  claims denominated 'administrative expenses.'" *Abercrombie v. Hayden Corp. (In re Abercrombie*),

3  139 F.3d 755, 756 (9th Cir. 1998) (citing 11 U.S.C. § 507(a)(1)). Indeed, "[a]dministrative priority

4  claims under 11 U.S.C.S. § 503(b)(1)(A) are held to a stricter standard. Because they must be

5  presented to a court by motion, they are not deemed allowed as priority claims." *Boruff v. Cook Inlet*

6  *Energy LLC (In re Cook Inlet Energy LLC)*, 583 B.R. 494, 496 (B.A.P. 9th Cir. 2018)

7      In this case, Doyle simply filed a proof of claim requesting payment on an administrative

8  basis. *See* Grimshaw Decl., Ex. 1, pgs. 16-26. While the Claim is styled in the format of a "motion"

9  there was no hearing set, and it was filed on the claims register, not this Court's webPACER Docket.

10  *Compare* Grimshaw Decl., Ex. 1, pgs. 16-26; *with* Grimshaw Decl., Ex. 2, pgs. 27-68.[10] Doyle

11  simply failed to file a motion and request a hearing as required by Section 503(b). *Id.*, Ex. 2, pgs. 27-

12  68. Thus, Doyle's proof of claim - so far as it can be considered a request for an administrative claim

13  - is procedurally deficient and should be disallowed. *Compare* Grimshaw Decl., Ex. 1, pgs. 16-26;

14  *with* Ex. 2, pgs. 27-68.

15      Thus, the Claim fails to meet the first requirement of 11 U.S.C. § 503(b)(1)(A)(i).

16      **2.    The Mere Existence of the Employment Agreement Does Not**

17      **Entitled Doyle To A *De Facto* Administrative Claim Where**

18      **No Actual Benefit Was Provided To Heartwise**

19      As noted above, the actual, necessary costs and expenses of preserving the estate including…

20  the wages, salaries and commissions for services rendered after the commencement of the case may

21  be entitled to administrative priority. *See*, 11 U.S.C. § 503(b)(1)(A)(i). The modifiers "actual" and

22  "necessary" must be observed with scrupulous care. 4 Collier on Bankruptcy P 503.06 (16th 2021).

23  Generally, Section 503(b) priorities should be narrowly construed to maximize the value of the

24  estate for all creditors. *Burlington Northern Railroad Co. v. Dant & Russell, Inc. (In re Dant &*

25

26

---

27  [10] This is not the first time where counsel for Doyle and/or VOL filed a motion and/or pleading with the
Court and fail to set it for hearing. *See* Grimshaw Decl., Ex. 2, pgs. 27-68. It appears that counsel for Doyle

28  and/or VOL use this as some form of "strategy" in order to avoid having a particular matter heard until
another party in interest properly brings the matter to the attention of the Court.

1    *Russell, Inc.*), 853 F.2d 700 (9th Cir. 1988).

2    Indeed, "[a]n actual benefit must accrue to an estate…[t]his limitation is necessary to protect

3    the limited assets of the estate for the benefit of the unsecured interests and is particularly important

4    in a Chapter 11 case where a partial liquidation is necessary to facilitate reorganization." *Id.* at 706.

5    The burden of persuasion is one for the claimant to bear and prove by a preponderance of the

6    evidence. *See, Shin v. Altman (In re Desert Springs Fin. LLC*), 2017 Bankr. LEXIS 1144 (9th Cir.

7    BAP Apr. 20, 2017) (internal citations omitted).

8    When it comes to wages and salaries, simply asserting a claim as based on post-petition

9    wages does not automatically make it one that is "actual, necessary, and beneficial" to the estate.

10    *See, Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy, LLC)*, 583 B.R. 494, 502 (B.A.P. 9th

11    Cir. 2018)("[W]ords alone do not take us there, and the policy which requires that such expenses be

12    limited to those of actual benefit to the estate mandates against such interpretation.") The Ninth

13    Circuit applies a two-part test to determine whether a claim is entitled to administrative expense

14    priority under section 503(b)(1)(A). First, it must arise from a transaction with the bankruptcy estate,

15    and second, it must have directly and substantially benefitted the estate.

16    *Transaction with the Estate*: The principle that an administrative expense can arise only from

17    a transaction with the debtor in possession is derived from the reference in Section 503(b)(1)(A) to

18    the "estate." The earliest a bankruptcy estate exists is on the petition date. 11 U.S.C. §541(a).

19    Accordingly, for a claim to be allowed as an administrative expense, services must be provided

20    pursuant to a ***post-petition transaction***; it is not enough that payment becomes due after the petition

21    date if the transaction was entered into with the debtor prepetition. *Microsoft Corp. v. DAK Indus.*

22    *(In re DAK Indus.*), 66 F.3d 1091, 1094 (9th Cir. 1995) (internal citations omitted).

23    *Benefit to the Estate:* The requirement that an administrative expense "benefit" the estate,

24    although not expressly found in the statute, continues a standard found in pre-Code case law

25    interpreting the predecessor to section 503(b)(1)(A).[11] The "benefit" analysis is a way of testing

26

27

28    ———————————
[11] *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968); *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 n.1, 14 C.B.C.2d 1075, 1078 n.1 (2d Cir. 1986) (noting that section 503(b)(1)(A) was derived from section 64a(1) of the Bankruptcy Act and is similar

8

1   whether a particular expense was "necessary" to preserve the estate. 4 Collier on Bankruptcy P

2   503.06 (16th 2021). The underlying reasoning is that an expense incurred in exchange for something

3   that is not beneficial to the estate cannot be considered as an expense necessary for preserving the

4   estate. *Id*. Where services were available to a debtor but not actually used, courts have disallowed

5   administrative expense claims.[12]

6        In this case, Doyle's apparent request for an administrative expense payment of postpetition

7   unpaid salary or wages – simply based on the Employment Agreement – is not justified under 11

8   U.S.C. § 503. *See* Grimshaw Decl., Ex. 1, pgs. 16-26. In fact, the Ninth Circuit Bankruptcy

9   Appellate Panel analyzed a similar issue: whether an employee who allegedly continues to work

10  post-petition under a pre-petition employment agreement that had been rejected is entitled to an

11  administrative claim. *See, In re Cook Inlet Energy, LLC*, 583 B.R. 494, 506 (B.A.P. 9th Cir. 2018).

12       In *Cook*, a former executive chairman, board member, and majority shareholder of a debtor,

13  filed an application for an administrative expense claim for his prorated contractual salary for the

14  four-month period between the filing date and plan confirmation, when his contract was rejected.

15  *Id*. at 497. The bankruptcy judge awarded him far less than the prorated salary pursuant to his

16  employment contract, determining that the chairman had not proved that the reasonable value of the

17  benefit to the estate of his post-petition services was more than the amount paid to other directors

18  on the board. *Id*. at 498-99.

19       Writing for the panel, the Honorable Judge Meredith Jury (ret.) opined that an employment

20  contract price is probative *but that the claimant bears the burden of proving the value of the post-*

21  *petition services. Id*. at 502–03. Indeed, the panel held that, when determining whether

22  administrative priority should be given, a court's discretion to value the benefit of services is

23  unfettered by any presumption such that a court may put all evidence it deems appropriate "in the

24  hopper." *Id*., *citing to NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S. Ct. 1188 (1984) and *In re*

25

26

---

27  enough in language that judicial interpretations of the Act remain relevant); *In re Mammoth Mart, Inc*., 536
    F.2d 950 (1st Cir. 1976).

28  [12] *See, e.g., In re IDL Dev., Inc.*, 2019 Bankr. LEXIS 3419 (Bankr. D. Mass. Nov. 1, 2019); *In re Enron
    Corp*., 279 B.R. 79 (Bankr. S.D.N.Y. 2002).

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE

4872-6750-4150v.7-1683-001

1   *Bryant Universal Roofing*, 218 B.R. 948 (Bankr. D. Ariz. 1998).

2       Like in *Cook*, Doyle would have this Court believe he was in charge of the "big picture

3   stuff." *Id*., at 497.  But like the employment contract in *Cook*, the Employment Agreement's

4   description of Doyle's job functions is "imprecise" and there is "little concrete evidence of the time

5   actually expended on these tasks." *Id*., at 497, 499. Again, like the claimant in *Cook*, Doyle "has not

6   independently provided a reasonable value for his services other than to point to the contractual

7   salary." *Id*., at 499. Indeed, Doyle's "prepetition salary ha[s] no relation to any benefits and no other

8   evidence supports an [administrative] award." *Id*.

9       There is, however, one striking difference between the Claim and the request at issue in

10  *Cook*. In *Cook*, the claimant actually performed post-petition services for the debtor. Here, Doyle did

11  not. Nguyen Decl., ¶7. Doyle performed no services in exchange for the payments that he requests.

12  *Id*., ¶7.  He provided no benefit to the estate, and Doyle actively opposed Heartwise's efforts to

13  reorganize. *Id*., *see also* Grimshaw Decl., Ex. 2, pgs. 33-68. Plainly put, Doyle's request for payment

14  of post-petition unpaid salary or wages as an administrative expense is not justified under 11 U.S.C.

15  § 503 and should be disallowed in its entirety.

16      Finally, ***the Claim fails to provide any evidence whatsoever demonstrating that services***

17  ***were  actually rendered after the commencement of the bankruptcy case***. *Id*., Ex. 1, pgs. 16-26.

18  Indeed, there is no declaration attached to the Claim at all. *Id*. There is no admissible evidence to

19  support the assertion that Doyle actually rendered *any* post-petition services. *Id*. And there can be no

20  such evidence, because Doyle renderd no service whatsoever to Heartwise post-petition.

21      The Claim does not establish that Doyle is entitled to an administrative claim under

22  503(b)(1)(A)(i). *Id*.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

OBJECTION TO PROOF OF CLAIM NO. 13-1 OF DAVIDPAUL DOYLE

**4.      Conclusion**

For the foregoing reasons, Heartwise respectfully requests that the Court sustain the

Objection and disallow in its entirety the Doyle Claim for (1) failing to provide notice and a

hearing; (2) failing to establish that services, were rendered, let alone that such services provided a

an actual and necessary benefit to Heartwise; and (3) such other and further relief as is just.


DATED:  April 29, 2022                    MARSHACK HAYS LLP


                                                By:   */s/ Matthew W. Grimshaw*
                                                      MATTHEW W. GRIMSHAW
                                                      DAVID A. WOOD
                                                      LAILA MASUD
                                                      Attorneys for Debtor,
                                                      HEARTWISE

4872-6750-4150v.7-1683-001

# DECLARATION OF MATTHEW W. GRIMSHAW

I, Matthew W. Grimshaw, declare and state as follows:

1.     I am an individual over the age of 18 and am competent to make this declaration.

2.     I am Of Counsel to Marshack Hays, LLP, and counsel of record for the Chapter 11 Reorganized Debtor of Heartwise, Inc ("Heartwise" or "Reorganized Debtor").

3.     I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4.     I make this declaration in support of the Reorganized Debtor's Objection to Proof of Claim No. 13-1 of DavidPaul Doyle ("Objection" or "Motion"). Capitalized terms not defined in this declaration shall have the meaning ascribed to them in the Objection.

5.     I am a registered CM/ECF user. The court records attached this declaration, including publicly available documents filed with the court, were either downloaded by me using the court's CM/ECF system or were downloaded by members at my direction

6.     A true and correct copy of the Proof of Claim filed on February 2, 2022, as Claim No. 13-1 by DavidPaul Doyle asserting an administrative expense claim from an employment agreement is attached here as Exhibit "1."

7.     A true and correct copy of this Court's webPACER Docket for Case No. 8:20-bk-13335 from September 1, 2022, through April 27, 2022, is attached here as Exhibit "2.".

8.     A true and correct copy of the Plan is attached here as Exhibit "3."

9.     A true and correct copy of the Confirmation Order is attached here as Exhibit "4."

10.     A true and correct copy of the Confirmation Notice is attached here as Exhibit "5."

11.     A true and correct copy of the Doyle POC 14-1 is attached here as Exhibit "6.

12.     I have reached out to counsel for Doyle in an attempt to resolve the duplicative claims asserted in the Claim and the Doyle POC 14-1.

13.     To date, I have not heard a substantive response, hence why this instant objection is filed.

14.     Doyle's efforts to derail Heartwise's Chapter 11 case continue today. Doyle did not appeal this Court's Confirmation Order. Doyle did, however, appeal certain of the evidentiary

rulings made by this Court during the trial on plan confirmation. I am counsel for Heartwise in defending that appeal. Although the rulings were interlocutory orders, Doyle continues to pursue an appeal in the front of the district court, claiming that he should be able to force Heartwise (and this Court) to amend the confirmed and substantially consummated Plan.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2022.

_/s/ Matthew W. Grimshaw_
MATTHEW W. GRIMSHAW

OBJECTION TO PROOF OF CLAIM NO. 13-1
4872-6750-4150v.7-1683-001

1

## DECLARATION OF TUONG NGUYEN

2    I, Tuong Nguyen, declare and state as follows:

3    1.    I am the chief executive officer of Heartwise, Inc. ("Heartwise" or the "Reorganized

4    Debtor") and have served in that capacity since 2018. I am an individual over the age of 18 and am

5    competent to make this declaration. I have personal knowledge of the facts set forth in this

6    declaration, and if called upon to do so, I could and would competently testify to the facts set forth

7    below.

8    2.    I make this declaration in support of the Reorganized Debtor's Objection to Proof of

9    Claim No. 13-1 of DavidPaul Doyle ("Objection" or "Motion"). Capitalized terms not defined in this

10   declaration shall have the meaning ascribed to them in the Objection.

11   3.    In 2012, Heartwise was founded by DavidPaul Doyle ("Doyle"). At Heartwise's

12   inception, Doyle was the sole shareholder.

13   4.    I own Earnesty LLC ("Earnesty").

14   5.    A true and copy of the Shareholder Agreement is attached hereto as Exhibit "7."

15   6.    After the execution of the Shareholder Agreement, I assumed my current role as

16   Heartwise's CEO. I have managed and overseen Heartwise's day-to-day operations since that time.

17   7.    When I became Heartwise's CEO, Doyle was given the title "Chief Brand Officer"

18   and an Executive Contract was signed ("Employment Agreement"), which provided Doyle with an

19   annual salary of $180,000.

20   8.    Since I took over the day-to-day operations of Heartwise, Doyle has done little to no

21   work for Heartwise in exchange for the salary provided to him under the Employment Agreement.

22   9.    On December 4, 2020, Heartwise commenced a chapter 11 bankruptcy proceeding

23   ("Bankruptcy Proceeding"). Since that date, Doyle has not performed any work or services for

24   Heartwise.

25   10.   To the contrary, from the inception of the Bankruptcy Proceeding, Doyle has actively

26   worked to undermine and derail Heartwise's efforts to reorganize. Doyle's efforts to inhibit

27   Heartwise's reorganization made the Bankruptcy Proceeding significantly more expensive than it

28   should have been.

OBJECTION TO PROOF OF CLAIM NO. 13-1

4872-6750-4150v.7-1683-001

1      I declare under penalty of perjury that the foregoing is true and correct. Executed on March

2  ___, 2022.

3                                                    _____

4                                                    TUONG NGUYEN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PROOF OF CLAIM NO. 13-1

4872-6750-4150v.1-1683-001

**EXHIBIT "1"**

1    THE YOCCA LAW FIRM LLP
      MARK W. YOCCA, State Bar No. 137189
2    JARED GLICKSMAN, State Bar No. 247124
      19900 MacArthur Boulevard, Suite 650
3    Irvine, California 92612
      Telephone:    (949) 253-0800
4    Facsimile:    (949) 253-0870

5    *Counsel for DavidPaul Doyle*

6    VON BRIESEN & ROPER, S.C.
      WILLIAM D. GARDNER
7    (admitted pro hac vice)
      411 E. Wisconsin Ave., Ste. 1000
8    Milwaukee, WI 53202
      Telephone: (414) 287-1283
9    Facsimile: (414) 238-6533
      Email: wgardner@vonbriesen.com
10

11    *Counsel for DavidPaul Doyle*
      *and Osman Khan, individually*
12

13

14

15                    UNITED STATES BANKRUPTCY COURT

16          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

17

18    In re:                                    Case No.: 8:20-bk-13335-MW

19    HEARTWISE, INC.,                          Chapter 11

20                                              **DAVIDPAUL DOYLE'S**
                                                **ADMINISTRATIVE EXPENSE CLAIM**
21                    Debtor in Possession,     **FOR UNPAID POST-PETITION SALARY**
                                                **OR WAGES**

22                                              **Hearing Date, Time and Location:**

23                                              Date: _____, 2022
                                                Time: __:____ A/PM
24                                              Location:  411 West Fourth Street
                                                           Santa Ana, CA 92701
25                                                         Courtroom 6C

26

27

28

                                  1

**EXHIBIT "1"**
**PAGE 16**

DavidPaul Doyle ("Doyle"), by his attorneys von Briesen & Roper, s.c., hereby requests allowance of an administrative expense claim against Heartwise Incorporated, an Oregon corporation (the "Debtor"), for accrued and unpaid salary or wages in an amount equal to $194,794.52, pursuant to 11 U.S.C. § 503(b)(1)(A)(i), and in support, states the following:

## BACKGROUND

1.     Doyle and Debtor are parties to that certain Executive Contract entered into on October 4, 2018 (the "Doyle Employment Agreement"), a true and correct copy of which is attached as **Exhibit 1.** Pursuant to Section 1 of the Doyle Employment Agreement, Doyle was "responsible for the image, experience and promise of the brand." Doyle was required to support the Debtor, "as needed, in marketing, sales and distribution of NatureWise health and wellness products." Id. As compensation, Doyle was entitled to an annual fee equal to $180,000 "paid in periodic installments in accordance with the [Debtor's] regular payroll practices." *Id.* at Section 3.

2.     On December 4, 2020 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Central District of California – Santa Ana Division (the "Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, §§ 101 et. seq. (the "Bankruptcy Code").

3.     On December 28, 2020, in accordance with Section 2014-1 of the Local Bankruptcy Rules of the Bankruptcy Court (the "Local Rules"), the Debtor served that certain Notice of Setting/Increasing Insider Compensation for DavidPaul Doyle (the "Doyle Compensation Notice"), a true and correct copy of which is attached hereto as **Exhibit 2.** The Debtor also served Notices of Setting/Increasing Insider Compensation (collectively with the Doyle Compensation Notice, the "Compensation Notices") for Tuong Nguyen ("Nguyen") and Elaine Le (Phan) ("Phan"). Pursuant to the Doyle Compensation Notice, the Debtor sought to pay Doyle annual compensation equal to $180,000 in accordance with the Doyle Employment Agreement.

4.     On January 21, 2021, Vitamins Online, Inc. filed with the Bankruptcy Court that certain Request for Judicial Notice in Support of Objections to Debtor's Notices of Setting Insider Compensation to (A) Tuong V. Nguyen; (B) Elaine Le (Phan); and (C) DavidPaul Doyle, (the "VO Compensation Objection," Dkt. 54). In accordance with the Local Rules, as a consequence of the

2

1    VO Compensation Objection, the Debtor did not pay Doyle in accordance with the Doyle

2    Employment Agreement.  The Debtor never scheduled a hearing regarding compensation owed by

3    the Debtor to Doyle.

4        5.    Every Monthly Operating Report filed for every monthly period ending after the

5    Petition Date and through and including the one-month period ending December 31, 2021, (a) states

6    that the Debtor has three (3) full time employees; and (b) accrued for employee wages an amount

7    equal to $30,000 for each Monthly Operating Report that had a section to report accrued payroll.

8        6.    Pursuant to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (the

9    "Plan," Dkt. 461), the Debtor estimates that it has $360,000 of administrative claims under Section

10    507(a)(2) of the Bankruptcy Code with respect to unpaid payroll.  *See* Section II.B.1 of the Plan.

11        7.    On December 17, 2021, the Bankruptcy Court entered an order confirming the Plan.

12    *See* Notice of Entry of Confirmation Order Confirming Heartwise Inc.'s First Amended Chapter 11

13    Plan of Reorganization and of Relevant Bar Dates (Dkt. 670).

14        8.    The Plan defines the Effective Date of the Plan as "the first business day that is at least

15    fifteen (15) calendar days following the date of the entry of the Court order confirming this Plan (the

16    "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan have

17    been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the Confirmation

18    Order; and (2) the Confirmation Order is not subject to any appear or rehearing."  *See* Section I of the

19    Plan.  As of the date hereof, the docket for this bankruptcy case does not reflect a stay of the

20    Confirmation Order or that the Confirmation Order is subject to any appeal or rehearing.  Accordingly,

21    the Effective Date of the Plan occurred on January 3, 2022, the first business day that is at least fifteen

22    (15) days after the Confirmation Order.

23        9.    Pursuant to the Plan, all executory contracts not assumed by the Debtor in writing

24    within 30 days of the Effective Date are deemed rejected as of the Effective Date.  *See* Section II.D.11

25    of the Plan.  This administrative proof of claim is being filed in the event the Debtor elects not to

26    assume the Doyle Employment Agreement and cure all defaults thereunder.

27

28

3

**EXHIBIT "1"**
**PAGE 18**

1       10.    At all times, Doyle complied with the terms and conditions of the Doyle Employment
2    Agreement.  At no time after the Petition Date did the Debtor file a motion to reject the Doyle
3    Employment Agreement.

4       11.    On December 4, 2020, the Debtor paid Doyle gross compensation equal to
5    $6,923.08.  This was the last payment made by the Debtor to Doyle.  Doyle was not paid for any
6    period after the Petition Date.  In accordance with the Doyle Employment Agreement, for the period
7    from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to
8    $194,794.52 ($180,000 X 395/365).

9       12.    To the extent the Debtor does not assume the Doyle Employment Agreement, Doyle
10    intends to file a separate proof of claim for damages incurred in connection with the rejection of the
11    Doyle Employment Agreement.  Doyle does not intend for this administrative claim to be duplicative
12    of any such claim.  To the extent this administrative claim is allowed, Doyle will withdraw or amend
13    any subsequent claim for damages in connection with rejection of the Doyle Employment Agreement
14    that is duplicative of the amounts claimed hereunder.

15                   **LEGAL AUTHORITY**

16       13.    Section 503(b)(1)(A)(i) states that "[a]fter notice and a hearing, there shall be
17    allowed, administrative expenses, including . . . the actual, necessary costs or expenses of
18    preserving the estate, including wages, salaries, and commissions for services rendered after the
19    commencement of the case. . ." According to Collier on Bankruptcy:

20          If the debtor in possession elects to continue to receive benefits from the other party
21          to an executory contract pending a decision to reject or assume the contract, the
22          debtor in possession is obligated to pay for the reasonable value of those services,
23          which, depending on the circumstances of a particular contract, may be what is
24          specified in the contract.

25         See 3 Collier on Bankruptcy ¶ 365.04[4] (16th Rev. Ed. 2016) (hereinafter "Collier"); In re
26    ID Liquidation One, 503 B.R. 392, 399 (D. Delaware 2013); In re National Steel Corp, 316 B.R.
27    287, 300 (N.D. Illinois E.D 2004).

28

14.     The Debtor made a reasonably informed decision that the salary or wages earned by Doyle for post-petition services constitute actual and necessary costs of preserving the estate. The Doyle Employment Agreement is an arm's length agreement and reflects the Debtor's determination of what constitutes reasonable compensation for Doyle's services both before and after the Petition Date. At all times during this bankruptcy case, Doyle (a) was the Debtor's Chief Brand Officer; (b) provided the services he was contractually required to provide pursuant to the Doyle Employment Agreement; and (c) did not engage in any competing business. If the Debtor concluded Doyle's compensation did not constitute actual and necessary costs of preserving the estate, the Debtor could have filed a motion to reject or terminate the Doyle Employment Agreement. However, the Debtor never filed any such motion. In fact, more than three (3) weeks after the Petition Date, the Debtor affirmatively sought to pay Doyle in accordance with the Doyle Employment Agreement by serving the Doyle Compensation Notice pursuant to the Local Rules.

15.     The Debtor implicitly acknowledges that the services provided by Doyle during the bankruptcy case constitute actual and necessary costs of preserving the estate. Pursuant to Section II.B.1 of the Plan, the Debtor estimates that it has $360,000 of administrative claims under Section 507(a)(2) of the Bankruptcy Code with respect to unpaid payroll. During the entire bankruptcy case, the Debtor only had three (3) employees – Doyle, Nguyen and Phan. [See Operating Reports]. Pursuant to the Compensation Notices, Doyle was entitled to annual compensation of $180,000, Nguyen was entitled to annual compensation of $180,000, and Phan was entitled to annual compensation of $30,000. The period from the Petition Date to the Effective Date is approximately 13 months. Based on the number of the Debtor's employees, their respective annual compensation, and the period during which the Debtor did not pay its employees' salary or wages, it is clear that a significant portion of the administrative expense claims for unpaid wages estimated by the Debtor is attributable to amounts owed by the Debtor to Doyle pursuant to the Doyle Employment Agreement.

16.     For the reasons set forth above, Doyle is entitled to an administrative expense claim for compensation the Debtor was required to pay Doyle pursuant to the Doyle Employment Agreement for the period from the Petition Date through and including the Effective Date.

5

EXHIBIT "1"
PAGE 20

| | |
|---|---|
| 1 | Dated: February 2, 2022 |
| 2 | |

VON BRIESEN & ROPER, S.C.

William D. Gardner
(admitted pro hac vice)
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202
Telephone: (414) 287-1283
Facsimile: (414) 238-6533
Email: wgardner@vonbriesen.com

*Attorneys for David Paul Doyle and
Osman Khan, individually*

Dated: February 2, 2022

THE YOCCA LAW FIRM LLP

*s/ Jared Glicksman*
Mark W. Yocca, SBN 137189
Jared Glicksman, SBN 247124
19900 MacArthur Boulevard
Suite 650
Irvine, California 92612
Telephone:    (949) 253-0800
Facsimile:    (949) 253-0870

*Attorneys for David Paul Doyle*

37593631_1 DOCX

6

EXHIBIT "1"
PAGE 21

# EXHIBIT "1"

EXECUTIVE CONTRACT

This Agreement is entered into on September 14, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

     1.    <u>Responsibilities</u>:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

     2.    <u>Term</u>:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

     3.    <u>Compensation</u>:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

     4.    <u>Benefits</u>:  Founder shall be eligible to participate in all benefit plans generally available to Company executives. In addition, Company shall pay for Founder's annual life insurance premiums in the amount of $250,000, including any tax liability the payment may require.

     In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated          DavidPaul Doyle
DBA NatureWise             Founder and CBO


By: _____     _____
     Tuong Nguyen
     Chief Executive Officer

**EXHIBIT "1"**

**PAGE 23**

**EXHIBIT "2"**

**EXHIBIT "1"**
**PAGE 24**

Attorney Name, Address, Telephone and FAX

Ronald A. Clifford (State Bar No. 246542)
RClifford@BlakeleyLLP.com
BLAKELEY LLP
18500 Von Karman Ave., Suite 530
Irvine, California 92612
Tel: (949) 260-0611
Fax: (949) 260-0613

File with U.S. TRUSTEE Only

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

Heartwise, Inc.,

Debtor(s)

Chapter 11 Case Number

8:20-bk-13335-MW

**NOTICE OF SETTING/INCREASING INSIDER COMPENSATION**

| | |
|---|---|
| 1. Name of Insider: | DavidPaul Doyle |
| 2. Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | Officer of the Debtor |
| 3. Date when relationship with Debtor commenced: | May 10, 2012 |
| 4. Position title: | Chief Brand Officer |
| 5. Position Description: | Senior executive responsible for Debtor's image, experience and promise. |
| 6. Assigned Duties: | Supports the Debtor's marketing, sales and distribution efforts. |
| 7. Date employed in current position: | October 4, 2018 |
| 8. If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | President of the Debtor from May 10, 2012 through October 3, 2018. |
| 9. Number of hours worked per week: | 40+ hours per week. |
| 10. Total amount of compensation and payment interval: | To be paid $180,000 per year, paid biweekly |
| 11. Breakdown of compensation (specify amount and payment interval. | To be paid $180,000 per year, biweekly at the rate of $6,923.08 |
| Salary: | $180,000 per year |
| Perquisites (total, detail below): | N/A |

Revised September 2012

INSIDER COMPENSATION (Page 1 of 2)

USTR16-12.0

**EXHIBIT "1"**
**PAGE 25**

| | |
|---|---|
| Car Allowance: | N/A |
| Medical Insurance: | N/A |
| Life Insurance: | N/A |
| Business Expenses: | N/A |
| Other (Specify): | N/A |
| 12. Identify the source of the funds to be used to pay compensations specified in No. 10: | The business operations of the Debtor. |
| 13. Date and amount of last increase in compensation: | Compensation contractually set at $180k. |
| 14. Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | There are no secured claims against the assets of the estate, including the business receipts generated by the Debtor. |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | Paid $394,644 on account of the Debtor's net profits in accordance with the shareholder agreement.  For payroll, for the calendar year 2020 through the petition date, Mr. Doyle was paid gross pay of $172,153.89. |
| Compensation: | $172,153.89 |
| Loans: | $0 |
| Perquisites (Specify): | $0 |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated: December 28, 2020

Tuong V. Nguyen

Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

Attach proof of service on Creditors= Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.

If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.

If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

**EXHIBIT "1"**

**PAGE 26**

**EXHIBIT "2"**

4/27/22, 9:54 PM                          CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

                                                                    **INTP, APLDIST, APPEAL**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:20-bk-13335-SC

|  |  |
|---|---|
| | *Date filed:* 12/04/2020 |
| | *Debtor discharged:* 02/02/2022 |
| *Assigned to:* Scott C Clarkson | *Plan confirmed:* 12/17/2021 |
| Chapter 11 | *341 meeting:* 01/08/2021 |
| Voluntary | *Deadline for filing claims:* 05/31/2021 |
| Asset | *Deadline for filing claims (govt.):* 06/02/2021 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor**<br>**Heartwise, Inc.**<br>2973 Harbor Blvd., #472<br>Costa Mesa, CA 92626<br>ORANGE-CA<br>Tax ID / EIN: 45-5252765<br>**dba Heartwise Wonder Incorporation**<br>**dba Naturewise** | represented by **Michael Jay Berger**<br>9454 Wilshire Blvd 6th Fl<br>Beverly Hills, CA 90212-2929<br>310-271-6223<br>Fax : 310-271-9805<br>Email: michael.berger@bankruptcypower.com<br>*TERMINATED: 12/16/2020*<br><br>**RONALD CLIFFORD**<br>R. Clifford & Associates<br>1100 TOWN AND COUNTRY RD., SUITE 1250<br>ORANGE, CA 92868<br>949-533-9774<br>*TERMINATED: 01/26/2022*<br><br>**Matthew Grimshaw**<br>Marshack Hays LLP<br>870 Roosevelt Avenue<br>Irvine, CA 92620<br>949-333-7777<br>Fax : 949-333-7778<br>Email: mgrimshaw@marshackhays.com |
| **U.S. Trustee**<br>**United States Trustee (SA)**<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4593<br>(714) 338-3400 | represented by **Nancy S Goldenberg**<br>411 W Fourth St Ste 7160<br>Santa Ana, CA 92701-8000<br>714-338-3416<br>Fax : 714-338-3421<br>Email: nancy.goldenberg@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 09/01/2021 | 437<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)428 Order on Motion to Appear pro hac vice (BNC-PDF)) |

**EXHIBIT "2"**
**PAGE 27**

| | | No. of Notices: 1. Notice Date 09/01/2021. (Admin.) (Entered: 09/01/2021) |
|---|---|---|
| 09/02/2021 | **438**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)435 Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 09/02/2021. (Admin.) (Entered: 09/02/2021) |
| 09/08/2021 | 441 | Hearing Held (RE: related document(s)202 First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization) Disclosure Statement Approved. Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. Plan Confirmation is et for November 10, 2021 at 2:00 PM. Court to Prepare Order. (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | **439**<br>(2 pgs) | Order on Approval of First Amended Disclosure Statement Describing Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization. (BNC-PDF) Signed on 9/9/2021 (RE: related document(s)202 Amended Disclosure Statement filed by Debtor Heartwise, Inc.). Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace Last day to Object to Confirmation 10/22/2021. The First Amended Plan and First Amended Disclosure Statement, as modified, shall be filed and served on or before September 22, 2021. Ballots and Objections to Plan Confirmation are due October 15, 2021. Replies to any Objections are due on or before October 22, 2021. The Plan Confirmation Memorandum shall be filed on or before October 29, 2021. (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | 440 | Hearing Set (RE: related document(s)201 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) Confirmation hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/09/2021) |
| 09/09/2021 | **442**<br>(109 pgs; 2 docs) | Notice *of Intention to Withdraw Debtor's Proposed Plan of Reorganization and Initiate a Sale of the Debtor and Request to Revise Schedule* Filed by Interested Party DavidPaul Doyle (RE: related document(s)201 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021.). Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (Redlined)])). (Attachments: # 1 Appendix Appendix of Authorities) (Glicksman, Jared) (Entered: 09/09/2021) |
| 09/09/2021 | **443**<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* |

**EXHIBIT "2"**

**PAGE 28**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| | | Filed by Debtor Heartwise, Inc. (RE: related document(s)373 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 7 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |
| 09/09/2021 | 444 (6 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)369 Motion *[Heartwise, Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, Including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10)). (CLIFFORD, RONALD) (Entered: 09/09/2021) |
| 09/11/2021 | 445 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)439 Order Approving Disclosure Statement (BNC-PDF)) No. of Notices: 1. Notice Date 09/11/2021. (Admin.) (Entered: 09/11/2021) |
| 09/13/2021 | 446 (3 pgs) | Order Approving in Part, and Denying in Part, Heatwise Inc.'s Motion to Estimate Claim Nos. 8 and 12 for All Purposes, including for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 369 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/13/2021 | 447 (2 pgs) | Order Approving in part, and Denying in Part, Heartwise, Inc's Motion to Estimate Claim No. 7 for all Purpose, Including, for Purposes of Allowance, Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan of Reorganization (BNC-PDF) (Related Doc # 373 ) Signed on 9/13/2021 (Le, James) (Entered: 09/13/2021) |
| 09/14/2021 | 448 (3 pgs) | BAP Order Dismissing Appeal Re: Appeal BAP Number: CC-21-1164 - RULING: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit On 9/13/2021) (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc). (Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 449 (2 pgs) | Order Dismissing Appeal RE: Appeal BAP Number: CC-21-1164, Ruling: Leave To Appeal Is Hereby ORDERED DENIED. The Appeal Is Hereby ORDERED DISMISSED As Interlocutory (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 9/13/2021) RE: related document(s) 342 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Vitamins Online, Inc).(Bolte, Nickie) (Entered: 09/14/2021) |
| 09/14/2021 | 450 | Notice to Pay Court Costs Due Sent To: Ronald A Clifford, General Insolvency Counsel for Heartwise, Inc, Total Amount Due $0 . (Daniels, Sally) (Entered: 09/14/2021) |

**EXHIBIT "2"**

**PAGE 29**

| 09/15/2021 | 451<br>(29 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2021 Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 09/15/2021) |
| 09/15/2021 | 452<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)446 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/15/2021 | 453<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)447 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/17/2021 | 454<br>(132 pgs) | Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 455<br>(7 pgs) | Declaration re: *[Declaration of Tuong Nguyen In Support of Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]*). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 456<br>(4 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)454 Motion *[Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/17/2021) |
| 09/17/2021 | 457 | Hearing Set (RE: related document(s)454 Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/18/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/17/2021) |
| 09/21/2021 | 458<br>(1 pg) | Transcript Order Form, regarding Hearing Date 09/15/2021 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 09/21/2021) |
| 09/21/2021 | 459 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-24. RE Hearing Date: 09/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)458 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 09/21/2021) |
| 09/22/2021 | 460<br>(39 pgs; 2 docs) | Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s* |

**EXHIBIT "2"**

**PAGE 30**

| | | |
|---|---|---|
| | | *Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 461 (100 pgs; 2 docs) | Disclosure Statement *[First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.. (Attachments: # 1 [Redlined] First Amended Disclosure Statement Describing Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)(CLIFFORD, RONALD) (Entered: 09/22/2021) |
| 09/22/2021 | 462 (7 pgs) | Notice of Hearing *[Notice of: (1) Hearing on Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization; and (2) Related Confirmation Procedures and Deadlines]* Filed by Debtor Heartwise, Inc.. (CLIFFORD, RONALD). Related document(s) 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.. Modified on 9/22/2021 (Le, James). (Entered: 09/22/2021) |
| 09/29/2021 | 463 (9 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 464 (6 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o).* (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 465 (7 pgs) | Notice of Hearing *[Notice of Hearing on Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 09/29/2021) |
| 09/29/2021 | 466 | Hearing Set (RE: related document(s)463 Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 09/29/2021) |
| 10/04/2021 | 467 (5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of* |

**EXHIBIT "2"**
**PAGE 31**

| | | |
|---|---|---|
| | | *Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) Warning: Item subsequently amended by docket entry no: 472 Modified on 10/5/2021 (Le, James). (Entered: 10/04/2021) |
| 10/04/2021 | [468](#)<br>(5 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Order Approving Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[467](#) Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [469](#)<br>(57 pgs) | Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [470](#)<br>(5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]*). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/04/2021 | [471](#)<br>(4 pgs) | Notice of Hearing *[Notice of Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 10/04/2021) |
| 10/05/2021 | 472 | Notice to Filer of Error and/or Deficient Document **Document filed without Mark F. Foley's holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)[467](#) Stipulation filed by Debtor Heartwise, Inc.) (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | 473 | Hearing Set (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) The Hearing date is set for 10/25/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 10/05/2021) |
| 10/05/2021 | [474](#)<br>(5 pgs) | Stipulation By Heartwise, Inc. and *[Stipulation Approving Heartwise, Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization (with holographic signature)]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/05/2021) |
| 10/11/2021 | [475](#)<br>(97 pgs; 2 docs) | Response to (related document(s): [469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* filed by Debtor Heartwise, Inc.) Filed by Interested Party DavidPaul Doyle (Attachments: # [1](#) Appendix) (Glicksman, Jared) (Entered: 10/11/2021) |

**EXHIBIT "2"**

**PAGE 32**

| 10/11/2021 | 476<br>(13 pgs) | Opposition to (related document(s): 463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.)* Creditor Vitamins Online, Inc.s Limited Opposition to Heartwise, Inc.s Second Motion for an Order Pursuant to 11 U.S.C. § 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/11/2021) |
| 10/12/2021 | 477<br>(2 pgs) | Order Approving Stipulation Approving Heartwise's Inc.'s Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc's First Amended Chapter 11 Plan or Reorganization (BNC-PDF) (Related Doc # 467 ) Signed on 10/12/2021 (Le, James) (Entered: 10/12/2021) |
| 10/14/2021 | 478<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)477 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |
| 10/15/2021 | 479<br>(8 pgs) | Reply to (related document(s): 463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan o filed by Debtor Heartwise, Inc.) [Reply to Limited Opposition to Heartwise, Inc.'s Second Motion for An Order Pursuant to 11 U.S.C. 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization] Filed by Debtor Heartwise, Inc.* (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | 480<br>(28 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Account Statement # 2 Payroll Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement) (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | 481<br>(13 pgs) | Reply to (related document(s): 469 Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* filed by Debtor Heartwise, Inc.) *[Reply to Response to Motion for Sanctions for Willful Violations of the Automatic Stay]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/15/2021) |
| 10/15/2021 | 482<br>(94 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Interested Party DavidPaul Doyle (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Attachments: # 1 Declaration of David Paul Doyle)(Glicksman, Jared) (Entered: 10/15/2021) |
| 10/15/2021 | 483<br>(26 pgs) | Opposition to (related document(s): 460 Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to* |

**EXHIBIT "2"**
**PAGE 33**

| | | |
|---|---|---|
| | | *Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/15/2021) |
| 10/15/2021 | [484](#)<br>(7 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Opposition to Confirmaiton of Debtor's First Amended Plan* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[460](#) Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 10/15/2021) |
| 10/18/2021 | 485 | Hearing Held (RE: related document(s)[454](#) Motion to Estimate Claim No. 6 for the Purposes of Distribution, and Voting on Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization filed by Debtor Heartwise, Inc.) Motion is Moot. Matter Resolved by Stipulation. (Le, James) (Entered: 10/19/2021) |
| 10/19/2021 | [486](#)<br>(39 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[483](#) Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/19/2021) |
| 10/19/2021 | [487](#)<br>(32 pgs) | Opposition to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *Creditor Vitamins Online, Inc.'s Opposition to Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/19/2021) |
| 10/20/2021 | [488](#)<br>(51 pgs) | Supplemental *Appendix Of State Statutes And Secondary Authorities For Objection Of DavidPaul Doyle To Debtors Proposed First Amended Plan Of Reorganization (Doc. No. 482)* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared). Related document(s) [482](#) Objection to Confirmation of the Plan filed by Interested Party DavidPaul Doyle. Modified on 10/20/2021 (Le, James). (Entered: 10/20/2021) |
| 10/22/2021 | [489](#)<br>(23 pgs) | Reply to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc.) *[Omnibus Reply to Oppositions to Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 10/22/2021) |
| 10/25/2021 | 493 | Hearing Held (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle. (Le, James) (Entered: 10/27/2021) |
| 10/25/2021 | 494 | Hearing Held (RE: related document(s)[463](#) Motion to Extend/Limit Exclusivity Period filed by Debtor Heartwise, Inc.) Motion Granted. Order by Movant. (Le, James) (Entered: 10/27/2021) |
| 10/26/2021 | [490](#)<br>(4 pgs) | Notice of Change of Address . (Kim, Monica) (Entered: 10/26/2021) |
| 10/26/2021 | [491](#)<br>(16 pgs) | Reply to (related document(s): [460](#) Amended Chapter 11 Plan filed by Debtor Heartwise, Inc., [483](#) Opposition filed by Creditor Vitamins |

**EXHIBIT "2"**

**PAGE 34**

| | | |
|---|---|---|
| | | Online, Inc) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 10/26/2021) |
| 10/26/2021 | [492](#) (69 pgs) | Declaration re: *Declaration of James Magleby ISO Reply Memorandum of MCG in Support of First Amended Chapter 11 Plan of Reorganization, Exhibits A-E* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)[491](#) Reply). (Malo, Aaron) (Entered: 10/26/2021) |
| 10/29/2021 | [495](#) (29 pgs) | Brief *[Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[460](#) Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/29/2021 | [496](#) (10 pgs) | Declaration re: *[Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[495](#) Brief). (CLIFFORD, RONALD) (Entered: 10/29/2021) |
| 10/30/2021 | [497](#) (25 pgs) | Reply to (related document(s): [277](#) Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | [498](#) (91 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[497](#) Reply). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | [499](#) (5 pgs) | Notice *of Hearing on Magleby Cataxinos & Greenwood, PC's Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2] (ECF No. 277)* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[497](#) Reply to (related document(s): [277](#) Objection to Claim filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.'s Response to Magleby Cataxinos & Greenwood, P.C.'s Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 10/30/2021) |
| 10/30/2021 | 500 | Hearing Set (RE: related document(s)[277](#) Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2] The Hearing date is set for 11/22/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/01/2021) |
| 11/01/2021 | [501](#) (6 pgs; 2 docs) | Notice of lodgment *of Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay* Filed by Interested Party DavidPaul Doyle (RE: related document(s)[469](#) Motion For Sanctions for Violation of the Automatic Stay *[Heartwise, Inc.'s Motion for Sanctions for Willful Violation of the Automatic Stay]* Filed by Debtor Heartwise, Inc., 493 Hearing Held (RE: related document(s)[469](#) Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Heartwise, Inc.) Motion Denied without Prejudice. Order by Mr. Doyle.). (Attachments: # [1](#) Proposed Order Denying Motion for Sanctions for Violation of the Automatic Stay) (Glicksman, Jared) (Entered: 11/01/2021) |

**EXHIBIT "2"**

**PAGE 35**

| | | |
|---|---|---|
| 11/01/2021 | 502 (4 pgs) | Notice of lodgment Filed by Debtor Heartwise, Inc. (RE: related document(s)463 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *[Heartwise, Inc.'s Second Motion for an Order Pursuant to 11 U.S.C. 1121(d), Extending the Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/01/2021) |
| 11/03/2021 | 503 (2 pgs) | Order Denying Motion For Sanctions for Violation of the Automatic Stay (BNC-PDF) (Related Doc # 469 ) Signed on 11/3/2021 (Le, James) (Entered: 11/03/2021) |
| 11/03/2021 | 513 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE HEARING RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/10/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. No Status Report Required. Court to Prepare Order. (Le, James) (Entered: 11/05/2021) |
| 11/04/2021 | 504 (2 pgs) | Order Continuing Status Conference to November 10, 2021 at 2:00 PM. No Updated Status Report is Required. (See Order for Further Ruling) (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 11/4/2021 (Le, James) (Entered: 11/04/2021) |
| 11/04/2021 | 505 (6 pgs) | Declaration re: *DavidPaul Doyle's Declaration Regarding Live Witnesses for Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/04/2021) |
| 11/04/2021 | 506 (4 pgs) | Notice *[Notice of Confirmation of New Value Contribution in Support of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 507 (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 508 (7 pgs) | Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 509 (6 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession]* Filed by Debtor Heartwise, Inc. (RE: related |

**EXHIBIT "2"**

**PAGE 36**

| | | |
|---|---|---|
| | | document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 510 (12 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 11/04/2021) |
| 11/04/2021 | 511 (4 pgs) | Declaration re: *Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/04/2021) |
| 11/05/2021 | 512 (2 pgs) | Order Granting Heartwise, Inc's Second Motion for an Order Pursuant to 11 U.S.C. Section 1121(d), Extending the Exclusive Period for the Solicitation and Acceptances of Chapter 11 Plan of Reorganization - Deadline Extended to January 31, 2022 (BNC-PDF) (Related Doc # 463 ) Signed on 11/5/2021 (Le, James) (Entered: 11/05/2021) |
| 11/05/2021 | 514 (90 pgs) | Exhibit *[Valuation Report and Analysis of Sikich LLP Report in Further Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan). (CLIFFORD, RONALD) (Entered: 11/05/2021) |
| 11/05/2021 | 515 (6 pgs) | Declaration re: *DECLARATION OF AARON J. MALO REGARDING MAGLEBY CATAXINOS & GREENWOOD, P.C.S WITNESSES AND EXHIBITS FOR PLAN CONFIRMATION HEARING* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)460 Amended Chapter 11 Plan). (Malo, Aaron) (Entered: 11/05/2021) |
| 11/05/2021 | 516 (2 pgs) | Declaration re: Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 517 (3 pgs) | Proof of service *re: Supplemental Declaration of Osman Khan Regarding Witnesses at Confirmation Hearing* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/05/2021) |
| 11/05/2021 | 518 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)503 Order on Motion for Sanctions for Violation of the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 11/05/2021. (Admin.) (Entered: 11/05/2021) |
| 11/06/2021 | 519 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)504 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/06/2021. (Admin.) (Entered: 11/06/2021) |
| 11/07/2021 | 520 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)512 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/08/2021 | 521 | Objection (related document(s): 496 Declaration filed by Debtor |

**EXHIBIT "2"**

**PAGE 37**

| | | |
|---|---|---|
| | (13 pgs) | *Heartwise, Inc.) Creditor Vitamins Online, Inc.'s Evidentiary Objections to the Declaration of Elaine Phan in Support of Brief in Support of Confirmation of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [522](#) (6 pgs) | Motion to Appear pro hac vice *Application of Non-resident Attorney James E. Magleby to Appear in a Specific Case [LBR 2090-1(b)]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/08/2021) |
| 11/08/2021 | [523](#) (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Berger, Michael. (Berger, Michael) (Entered: 11/08/2021) |
| 11/08/2021 | [524](#) (8 pgs) | Declaration re: *Declaration of Dean G. Rallis Jr. Regarding Offer of Vitamins Online to Acquire the Equity of Reorganized Debtor Heartwise, Inc.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[460](#) Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [525](#) (19 pgs) | Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | [526](#) (224 pgs) | Declaration re: *Declaration of Osman Khan in Support of Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims Are Unenforceable Against the Estate* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Objection to Claim). (Rallis, Dean) (Entered: 11/08/2021) |
| 11/08/2021 | 527 | Hearing Set (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/09/2021) |
| 11/09/2021 | [528](#) (9 pgs) | Declaration re: *Declaration of DavidPaul Doyle in Response to Eureka Valuation Report of November 5, 2021 and in support of Objections to Confirmation* Filed by Interested Party DavidPaul Doyle (RE: related document(s) 440 Hearing (Bk Other) Set). (Glicksman, Jared) (Entered: 11/09/2021) |
| 11/09/2021 | [529](#) (3 pgs) | Notice *Notice of Objection to Claim No. 5* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |
| 11/09/2021 | [530](#) (3 pgs) | Notice *Notice of Objection to Claim No. 12* Filed by Creditor Vitamins Online, Inc (RE: related document(s)[525](#) Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Rallis, Dean) (Entered: 11/09/2021) |

**EXHIBIT "2"**

**PAGE 38**

| 11/10/2021 | 531 (1 pg) | Order Granting Application of Non-Resident Attorney to Appear in a Specific Case (James E. Magleby) (BNC-PDF) (Related Doc # 522 ) Signed on 11/10/2021 (Le, James) (Entered: 11/10/2021) |
|---|---|---|
| 11/10/2021 | 532 (30 pgs) | Notice *Notice of Submission of Declaration of Osman Khan Regarding Purchase of DavidPaul Doyle's Rights and Interests in Debtor* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (Rallis, Dean) (Entered: 11/10/2021) |
| 11/10/2021 | 533 (1 pg) | Transcript Order Form, regarding Hearing Date 11/10/21 Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/10/2021) |
| 11/10/2021 | 547 | Hearing Continued (RE: related document(s)460 Hearing RE: Confirmation of First Amended Chapter 11 Plan of Reorganization) Confirmation hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/10/2021 | 548 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE HEARING RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Status hearing to be held on 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/11/2021 | 534 (5 pgs) | Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration* Filed by Interested Party DavidPaul Doyle (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 535 (3 pgs) | Declaration re: *Declaration of Mark F. Foley in Support of Emergency Motion Pursuant to LBR 9075 for Reconsideration of the Court's Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing* Filed by Interested Party DavidPaul Doyle (RE: related document(s)534 Emergency motion *DavidPaul Doyle's Emergency Motion for Reconsideration*). (Rallis, Dean) (Entered: 11/11/2021) |
| 11/11/2021 | 536 | Hearing Set (RE: related document(s)534 Emergency motion filed by Interested Party DavidPaul Doyle) The Hearing date is set for 11/12/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 537 | Transcript Order Form , regarding Hearing Date 11-10-21 (Le, James) (Entered: 11/12/2021) |
| 11/12/2021 | 538 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-28. RE Hearing Date: 11-10-21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) |

**EXHIBIT "2"**

**PAGE 39**

| | | 272-0022, ext. 201 or ext. 206.] (RE: related document(s)537 Transcript Order Form) (Le, James) (Entered: 11/12/2021) |
|---|---|---|
| 11/12/2021 | 539 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Creditor Vitamins Online, Inc. (Rallis, Dean) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604568. Fee amount 32.00. (re: Doc# 539) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 540 (1 pg) | Request for CD of Court Proceedings re. 11/10/2021 Hearing. Fee Amount $32, Filed by Creditor Robinson Pharma, Inc.. (Bisconti, Anthony) (Entered: 11/12/2021) |
| 11/12/2021 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53604690. Fee amount 32.00. (re: Doc# 540) (U.S. Treasury) (Entered: 11/12/2021) |
| 11/12/2021 | 541 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)531 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 11/12/2021. (Admin.) (Entered: 11/12/2021) |
| 11/14/2021 | 542 (22 pgs) | Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 11/14/2021) |
| 11/14/2021 | 543 (4 pgs) | Notice of Hearing Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/14/2021) |
| 11/14/2021 | 544 (22 pgs; 2 docs) | Notice *Objections To Earnesty, LLC's Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding)* Filed by Interested Party DavidPaul Doyle. (Attachments: # 1 Declaration of William Gardner) (Glicksman, Jared) (Entered: 11/14/2021) |
| 11/14/2021 | 545 | Hearing Set (RE: related document(s)542 Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/15/2021) |
| 11/15/2021 | 546 (91 pgs) | Transcript regarding Hearing Held 11/10/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 11/22/2021. Redaction Request Due By 12/6/2021. Redacted Transcript Submission Due By 12/16/2021. Transcript access will be restricted through 02/14/2022. (Hyatt, Mitchell) (Entered: 11/15/2021) |
| 11/15/2021 | 549 | Reply to (related document(s): 277 Objection to Claim filed by Interested |

**EXHIBIT "2"**

**PAGE 40**

| | (19 pgs) | Party Magleby Cataxinos & Greenwood, 497 Reply filed by Creditor Vitamins Online, Inc, 498 Declaration filed by Creditor Vitamins Online, Inc, 499 Notice filed by Creditor Vitamins Online, Inc, 500 Hearing (Bk Motion) Set) *Reply Memorandum of Magleby Cataxinos & Greenwood, P.C. in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 11/15/2021) |
|---|---|---|
| 11/15/2021 | 550 (32 pgs) | Declaration re: *Declaration of James Magleby in Support of Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)277 Objection to Claim, 497 Reply, 498 Declaration, 499 Notice, 500 Hearing (Bk Motion) Set, 549 Reply). (Malo, Aaron) (Entered: 11/15/2021) |
| 11/17/2021 | 551 (4 pgs) | Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing (BNC-PDF) (Related Doc # 534 ) Signed on 11/17/2021 (Le, James) (Entered: 11/17/2021) |
| 11/18/2021 | 552 (18 pgs) | Declaration re: *Declaration of Chad Nydegger re Subpoenas Served by Magleby Cataxinos & Greenwood, P.C.* Filed by Creditor Vitamins Online, Inc (RE: related document(s)460 Amended Chapter 11 Plan). (Rallis, Dean) (Entered: 11/18/2021) |
| 11/19/2021 | 553 (1 pg) | Order Continuing Status Conference to December 13, 2021 at 2:00 PM. No Status Report is Required. (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case filed by Debtor Heartwise, Inc.) Signed on 11/19/2021 (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 554 (1 pg) | Transcript Order Form, regarding Hearing Date 11/12/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 11/19/2021) |
| 11/19/2021 | 555 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-31. RE Hearing Date: 11/12/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)554 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/19/2021) |
| 11/19/2021 | 556 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)551 ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 11/19/2021. (Admin.) (Entered: 11/19/2021) |
| 11/20/2021 | 557 (27 pgs; 5 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Account Bank Statement (Redacted) # 2 PayPal Account Statement (Redacted) # 3 Tax Bank Account Statement (Redacted) # 4 Payroll Bank Account Statement (Redacted) (CLIFFORD, RONALD) (Entered: 11/20/2021) |
| 11/21/2021 | 558 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)553 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/21/2021. (Admin.) (Entered: 11/21/2021) |
| 11/22/2021 | 559 | Hearing Continued (RE: related document(s)277 Limited Objection to |

**EXHIBIT "2"**

**PAGE 41**

| | | |
|---|---|---|
| | | Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) The Hearing date is set for 12/20/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Deadline to file a Declaration regarding Witness and Exhibits is December 15, 2021. Deadline for Document Production is December 10, 2021. Oppositions to any Emergency Motion for Quashing the Subpoena is due 7 days thereafter and determined without a hearing. Court to Prepare Order. (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 560<br>(2 pgs) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] and Setting Related Deadlines - Hearing Continued to December 20, 2021 at 9:00 AM. December 10, 2021 as the deadline for Document Production. December 15, 2021 as the deadline for filing Declarations stating Witnessess to be called and Exhibits to be used. December 17, 2021 as the deadline for filing Oppoistions to any Emergency Motion filed for Quashing a Subpoena; the Court will consider and rule on such Motions without a Hearing. (BNC-PDF) (Related Doc # 277 ) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |
| 11/23/2021 | 561<br>(17 pgs) | Memorandum Decision and Order - The Court overrules all objections to plan confirmation made by VOL and directs Heartwise to lodge a confirmation order and findings of fact and conclusions of law consistent with this Memorandum Decision within fourteen (14) days of the date of entry of this Memorandum Decision (BNC-PDF) (Related Doc # 460 Confirmation of Amended Chapter 11 Plan of Reorganization) Signed on 11/23/2021 (Le, James) (Entered: 11/23/2021) |
| 11/24/2021 | 562<br>(11 pgs) | Transcript regarding Hearing Held 11/12/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 02/22/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/1/2021. Redaction Request Due By 12/15/2021. Redacted Transcript Submission Due By 12/27/2021. Transcript access will be restricted through 02/22/2022. (Hyatt, Mitchell) (Entered: 11/24/2021) |
| 11/24/2021 | 563<br>(52 pgs; 3 docs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases)(Glicksman, Jared) (Entered: 11/24/2021) |
| 11/24/2021 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)( 8:20-bk-13335-MW) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A53647307. Fee amount 298.00. (re: Doc# 563) (U.S. Treasury) (Entered: 11/24/2021) |
| 11/24/2021 | 564<br>(41 pgs; 4 docs) | Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service) (Glicksman, Jared) (Entered: 11/24/2021) |

**EXHIBIT "2"**

**PAGE 42**

| 11/24/2021 | **565**<br>(8 pgs) | Notice of lodgment Filed by Interested Party DavidPaul Doyle (RE: related document(s)564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Glicksman, Jared) (Entered: 11/24/2021) |
|---|---|---|
| 11/24/2021 | **566**<br>(5 pgs; 2 docs) | Notice *Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW* Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Interested Party DavidPaul Doyle. Appellant Designation due by 12/8/2021. (Attachments: # 1 Certification of Interested Parties # 2 Notice of Related Cases), 564 Motion to Seal Document (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). *Motion to File Under Seal Unredacted Copies of the Transcripts attached to Notice of Appeal* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 November 10, 2021 Transcript (REDACTED) # 2 November 12, 2021 (REDACTED) # 3 Proof of service)). (Attachments: # 1 proof of service) (Glicksman, Jared) Warning: Item subsequently amended by docket entry no: 567 Modified on 11/24/2021 (Le, James). (Entered: 11/24/2021) |
| 11/24/2021 | 567 | Notice to Filer of Correction Made/No Action Required: **Other - Non-compliance with LBR 9004-1 and Court Manual 2-5(c)(3) - PDF does not have proper caption page. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)566 Notice filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 11/24/2021) |
| 11/25/2021 | **568**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/25/2021 | **569**<br>(19 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)561 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2021. (Admin.) (Entered: 11/25/2021) |
| 11/29/2021 | **570**<br>(70 pgs; 6 docs) | Notice Of Referral Of Appeal To United States District Court with certificate of mailing (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Letter Re: Notice of Appeal for In re Heartwise, Case No. 8:20-bk-13335-MW # 3 Notice of Transcript(s) Designated for an Appeal # 4 Transcript Order Form # 5 Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit) (Bolte, Nickie) (Entered: 11/29/2021) |
| 11/30/2021 | **571**<br>(4 pgs) | Notice *Creditor Vitamins Online, Inc.'s Notice of Errata Regarding Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC* Filed by Creditor Vitamins Online, Inc (RE: related document(s)542 Motion *Creditor Vitamins Online, Inc.'s Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC; Declaration of Dean G. Rallis Jr. in Support of Motion* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 11/30/2021) |

**EXHIBIT "2"**

**PAGE 43**

| 12/01/2021 | 572<br>(67 pgs) | Stipulation By Earnesty LLC and *Vitamins Online, Inc., Osman Khan, DavidPaul Doyle, von Briesen & Roper S.C., and Hahn & Hahn LLP Concerning Subpoenas Served by Earnesty LLC* Filed by Interested Party Earnesty LLC (Bisconti, Anthony) (Entered: 12/01/2021) |
| 12/02/2021 | 573<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 574<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/02/2021) |
| 12/02/2021 | 575 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-033. RE Hearing Date: 11/15/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)573 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/02/2021 | 576 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-034. RE Hearing Date: 11/16/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)574 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/02/2021) |
| 12/06/2021 | 577<br>(2 pgs) | Assignment notice of USDC case/judge to appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at Untied States District Court on 12/2/2021) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 12/06/2021) |
| 12/06/2021 | 578<br>(1 pg) | Transcript Order Form, regarding Hearing Date 10/25/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | 579 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MW-35. RE Hearing Date: 10/25/21, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)578 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/06/2021) |
| 12/06/2021 | 580<br>(53 pgs; 2 docs) | Brief *Response To Vitamins Online, Inc.'s Omnibus Objection To Claims 5 And 12 Filed By Magleby Cataxinos & Greenwood, P.C* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Attachments: # 1 Affidavit Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cataxinos & Greenwood, P.C.) (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |

**EXHIBIT "2"**

**PAGE 44**

| | | |
|---|---|---|
| 12/06/2021 | **581**<br>(32 pgs) | Affidavit Re: *Declaration of James Magleby in Support of Response to Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12 Filed by Magleby Cat Axinos & Greenwood, P.C.* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Objection to Claim). (Malo, Aaron) Warning: Item subsequently amended by docket entry no: 586 Modified on 12/7/2021 (Le, James). (Entered: 12/06/2021) |
| 12/06/2021 | **582**<br>(90 pgs; 2 docs) | Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | **583**<br>(14 pgs; 2 docs) | Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley) (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/06/2021 | **584**<br>(12 pgs) | Notice of lodgment *of Proposed Order* Filed by Interested Party DavidPaul Doyle (RE: related document(s)583 Ex parte application *For Order Setting Hearing on Shortend Notice* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/06/2021) |
| 12/07/2021 | **585**<br>(2 pgs) | Order Approving Stipulation Concerning Subpoenas Served by Earnesty, LLC - The December 13, 2021 at 2:00 PM Hearing on Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnest, LLC is Vacated. (See Order for Further Ruling) (BNC-PDF) (Related Doc # 572 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 586 | Notice to Filer of Correction Made/No Action Required: **Other - Correct hearing date is December 13, 2021 at 2:00 PM. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)580 Brief filed by Interested Party Magleby Cataxinos & Greenwood, 581 Affidavit filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **587**<br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing Set for December 13, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 583 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | 588 | Hearing Set (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyles Participation in the Confirmation Hearing filed by Interested Party DavidPaul Doyle) The Hearing date is set for 12/13/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **589**<br>(2 pgs) | Order Denying without Prejudice Motion to Permit David Paul Doyle to File Transcripts of November 10, 2021 and November 12, 2021 Hearings Under Seal (Docket No. 564) - No Renewed Motion in this Matter shall be Filed prior to January 7, 2022. (Related Doc # 564 ) Signed on 12/7/2021 (Le, James) (Entered: 12/07/2021) |
| 12/07/2021 | **590**<br>(43 pgs) | Notice of lodgment *[Notice of Lodgment of Order in Bankruptcy Case re: Heartwise, Inc.'s First Amended Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* |

**EXHIBIT "2"**

**PAGE 45**

| | | |
|---|---|---|
| | | Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/07/2021) |
| 12/07/2021 | 591 (37 pgs; 3 docs) | Application shortening time *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (Attachments: # 1 Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] # 2 Declaration Of Chad Nydegger Re Application For Order Setting Hearing On Shortened Notice) (Rallis, Dean) Warning: Item subsequently amended by docket entry no:591 Modified on 12/8/2021 (Le, James). (Entered: 12/07/2021) |
| 12/08/2021 | 592 | Notice to Filer of Error and/or Deficient Document **Motion for Reconsideration needs to be filed separately from the Application for Order Shortening Time. THE FILER IS INSTRUCTED TO FILE THE MOTION FOR RECONSIDERATION IN A SEPERATE DOCKET ENTRY IMMEDIATELY.** (RE: related document(s)591 Application shortening time filed by Creditor Vitamins Online, Inc) (Le, James) (Entered: 12/08/2021) |
| 12/08/2021 | 593 (7 pgs) | Notice of Hearing Filed by Interested Party DavidPaul Doyle (RE: related document(s)582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Declaration of Mark F. Foley)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 594 (24 pgs) | Transcript regarding Hearing Held 10/25/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 595 (28 pgs) | Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/08/2021) |
| 12/08/2021 | 596 (109 pgs) | Notice *of Filing of Transcripts for November 10, 2021, and November 12, 2021 pursuant to the Court's Order [DKT 587]* Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 597 (22 pgs) | Transcript regarding Hearing Held 09/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION |

**EXHIBIT "2"**

**PAGE 46**

|  |  |  |
|---|---|---|
|  |  | SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 598 (15 pgs) | Declaration re: *Mark F. Foley Re: Notice and service of DavidPaul Doyle's Motion to Stay Pending Appeal and Related Documents and Order [Dkt. 587]* Filed by Interested Party DavidPaul Doyle (RE: related document(s)587 ORDER shortening time (BNC-PDF)). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 599 (14 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 12/22/2021. Transmission of Designation Due by 01/7/2022. (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 600 (6 pgs) | Statement of Issues on Appeal Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A). (Glicksman, Jared) (Entered: 12/08/2021) |
| 12/08/2021 | 601 (6 pgs) | Notice Of Transcript(s) Designated For An Appeal: Hearing Date(s): 11/15/2021 At 9:00 A.M.; 11/16/2021 At 9:00 A.M.; 11/10/2021 - Docket No.: 546; 11/12/2021 - Docket No.: 562; And 09/15/2021 - Docket No.: 597 Filed by Interested Party DavidPaul Doyle (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A)). (Glicksman, Jared) Modified on 12/22/2021 (Bolte, Nickie). (Entered: 12/08/2021) |
| 12/08/2021 | 602 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/8/2021. (RE: related document(s) 573 Transcript Order Form related to an Appeal, regarding Hearing Date 11/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/08/2021 | 603 (244 pgs) | Transcript regarding Hearing Held 11/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/8/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2021. Redaction Request Due By 12/29/2021. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/8/2022. (Hyatt, Mitchell) (Entered: 12/08/2021) |
| 12/09/2021 | 604 (2 pgs) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magleby Cataxinos & Greenwood, P.C. from December 13, 2021 at 2:00 PM to December 20, 2021 at 9:00 AM (BNC-PDF) (Related Doc # 525 ) Signed on 12/9/2021 (Le, James) (Entered: 12/09/2021) |
| 12/09/2021 | 605 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)585 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| 12/09/2021 | 606 | BNC Certificate of Notice - PDF Document. (RE: related document(s)587 |

**EXHIBIT "2"**

**PAGE 47**

| | | |
|---|---|---|
| | (7 pgs) | ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2021. (Admin.) (Entered: 12/09/2021) |
| 12/10/2021 | 607 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice - Hearing set for December 15, 2021 at 2:00 PM (See Order for Further Ruling) (BNC-PDF) (Related Doc # 591 ) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 608 | Hearing Set (RE: related document(s)595 Motion to Reconsider filed by Creditor Vitamins Online, Inc) The Hearing date is set for 12/15/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 609 (1 pg) | Order Continuing Status Confernece to January 10, 2022 at 2:00 PM - No Status Report is Required (BNC-PDF) (Related Doc # 1) Signed on 12/10/2021 (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 610 (2 pgs) | Order Continuing Motion for Stay Pending Appeal (Docket No. 582) to December 15, 2021 at 2:00 PM (BNC-PDF) Signed on 12/10/2021 (RE: related document(s)582 Motion To Stay Pending Appeal filed by Interested Party DavidPaul Doyle). (Le, James) (Entered: 12/10/2021) |
| 12/10/2021 | 611 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/2/2021. The Reporter Expects to Have the Transcript Completed by 12/10/2021. (RE: related document(s) 574 Transcript Order Form related to an Appeal, regarding Hearing Date 11/16/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 612 (141 pgs) | Transcript regarding Hearing Held 11/16/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/10/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/17/2021. Redaction Request Due By 01/3/2022. Redacted Transcript Submission Due By 01/10/2022. Transcript access will be restricted through 03/10/2022. (Hyatt, Mitchell) (Entered: 12/10/2021) |
| 12/10/2021 | 613 (13 pgs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle *[Heartwise, Inc.'s Opposition to DavidPaul Doyle's Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing, Chapter 11 Plan or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/10/2021) |
| 12/10/2021 | 614 (56 pgs; 3 docs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle Filed by Creditor Robinson Pharma, Inc. (Attachments: # 1 Declaration of Anthony R. Bisconti in support thereof # 2 Proof of Service) (Bisconti, Anthony) (Entered: 12/10/2021) |
| 12/10/2021 | 615 (19 pgs) | Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/10/2021) |

**EXHIBIT "2"**

**PAGE 48**

| 12/10/2021 | 616 (5 pgs) | Declaration re: *Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
|---|---|---|
| 12/10/2021 | 617 (62 pgs) | Declaration re: *Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/10/2021 | 618 (10 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 12/10/2021) |
| 12/11/2021 | 619 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)604 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/11/2021. (Admin.) (Entered: 12/11/2021) |
| 12/12/2021 | 620 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)607 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | 621 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)609 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/12/2021 | 622 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)610 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2021. (Admin.) (Entered: 12/12/2021) |
| 12/13/2021 | 623 (16 pgs) | Declaration re: *Declaration Of Jessica L. Evans Regarding Telephonic Notice And Service Re: Hearing On Creditor Vitamins Online, Inc.'s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)607 ORDER shortening time (BNC-PDF)). (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | 624 (17 pgs) | Reply to (related document(s): 525 Objection to Claim filed by Creditor Vitamins Online, Inc) *Creditor Vitamins Online, Inc.s Reply In Support Of Omnibus Objection To Magleby Cataxinos & Greenwood, P.C.s Claim Nos. 5-2 And 12 On Grounds That MCG Is Not A Creditor And The Claims Are Not Enforceable* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 12/13/2021) |
| 12/13/2021 | 659 | Hearing Continued (RE: related document(s)1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - STATUS CONFERENCE |

**EXHIBIT "2"**

**PAGE 49**

| | | CONTINUED TO JANUARY 10, 2022 AT 2:00 PM ENTERED 12-10-21. (DOCKET NO. 609). (Le, James) (Entered: 12/20/2021) |
|---|---|---|
| 12/13/2021 | 660 | Hearing Held (RE: related document(s)542 Motion to Quash Subpoena Served by Debtor's Purported Majority Shareholder Earnesty, LLC filed by Creditor Vitamins Online, Inc) OFF CALENDAR - MOTION WITHDRAWN PER ORDER APPROVING STIPULATION CONCERNING SUBPOEONAS SERVED BY EARNESTY, LLC ENTERED ON 12-7-21 (DOCKET NO. 585). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 661 | Hearing Continued (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING OMNIBUS OBJECTION TO DECEMBER 20, 2021 AT 9:00 AM ENTERED 12-9-21 (DOCKET NO. 604). (Le, James) (Entered: 12/20/2021) |
| 12/13/2021 | 662 | Hearing Continued (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order Confirming Debtor's Chapter 11 Plan [Dkt 460]) OFF CALENDAR - HEARING CONTINUED TO DECEMBER 15, 2021 AT 2:00 PM PER ORDER ENTERED 12-10-21 (DOCKET NO. 610). (Le, James) (Entered: 12/20/2021) |
| 12/14/2021 | 625 (9 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *[Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum Decision and Order]* Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 12/14/2021) |
| 12/14/2021 | 626 (2 pgs) | Order on Draft Emergency Motion by Vitamins Online, Inc. - Oral Motion at Wednesday, December 15, 2021 at 2:00 PM. Draft of Emergency Motion to be served on Heartwise's Counsel by Email priot to Noon on December 14, 2021. No New Motions of Any Kind be Calendared for Hearing prior to January 5, 2022. No Application for an Order Shortening Time Shall be Filed that Requests a Hearing Prior to January 5, 2022. No Newly-Filed Emergency Motion Shall Seek a Hearing Date Prior to January 5, 2022. No Other Kind of Matter Shall be Calendared for Hearing Before January 5, 2022. (BNC-PDF) (Related Doc # 1 ) Signed on 12/14/2021 (Le, James) (Entered: 12/14/2021) |
| 12/14/2021 | 627 (10 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) Filed by Creditor Robinson Pharma, Inc. (Bisconti, Anthony) (Entered: 12/14/2021) |
| 12/14/2021 | 628 | Hearing Set (RE: related document(s)626 Hearing on Oral Emergency Motion by Vitamins Online Inc.) The Hearing date is set for 12/15/2021 at |

**EXHIBIT "2"**

**PAGE 50**

| | | 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/14/2021) |
|---|---|---|
| 12/14/2021 | 629 (4 pgs) | Opposition to (related document(s): 595 Motion to Reconsider *Creditor Vitamins Online, Inc.s Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] (related to document 591 Application shortening time filed by Creditor Vitamins Online, Inc.)* filed by Creditor Vitamins Online, Inc) *Opposition and Notice of Joinder in Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of Memorandum of Decision and Order* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | 630 (4 pgs) | Opposition to (related document(s): 582 Motion To Stay Pending Appeal (related documents 561 Memorandum of decision (BNC-PDF)) filed by Interested Party DavidPaul Doyle) *Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for Stay* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 12/14/2021) |
| 12/14/2021 | 631 (138 pgs; 2 docs) | Objection (related document(s): 590 Notice of Lodgment filed by Debtor Heartwise, Inc.) *Written Objections to Form of Proposed Order* Filed by Interested Party DavidPaul Doyle (Attachments: # 1 Redline comparing [Proposed] Order Confirming Heartwise, Inc.s First Amended Chapter 11 Plan of Reorganization Findings of Fact and Conclusions of Law vs. [Alternate Proposed] Order Findings of Fact and Conclusions of Law) (Glicksman, Jared) (Entered: 12/14/2021) |
| 12/15/2021 | 632 (150 pgs; 2 docs) | Opposition to (related document(s): 615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc) Filed by Interested Party Magleby Cataxinos & Greenwood (Attachments: # 1 Affidavit Declaration of Aaron J. Malo ISO Magleby Cataxinos & Greenwood, P.C.'s Opposition to Vitamins Online, Inc.'s Motion to Quash) (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 633 (6 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witnesses and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 634 (8 pgs) | Declaration re: *Declaration of Aaron J. Malo Re Magleby Cataxinos & Greenwood, P.C.'s Witness and Exhibits for Hearing on Claim Objections* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Malo, Aaron) (Entered: 12/15/2021) |
| 12/15/2021 | 635 (5 pgs) | Declaration re: *Declaration Of Chad E. Nydegger Regarding Vitamins Online, Incs Witnesses For Hearing On Claim Objections* Filed by Creditor Vitamins Online, Inc (RE: related document(s)560 ORDER to continue/reschedule hearing (BNC-PDF)). (Rallis, Dean) (Entered: 12/15/2021) |
| 12/15/2021 | 656 | Hearing Held (RE: related document(s)582 Motion to Stay Order and Suspend Proceedings Pending Appeal of Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing [Dkt 551, Chapter 11 Plan [Dkt 460] Or, Alternatively, Stay Effectiveness of Any Order |

**EXHIBIT "2"**

**PAGE 51**

| | | |
|---|---|---|
| | | Confirming Debtor's Chapter 11 Plan [Dkt 460]) Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 657 | Hearing Held (RE: related document(s)595 Motion For Reconsideration Of Memorandum Decision And Order [Dkt. No. 561] filed by Creditor Vitamins Online, Inc) Taken Under Submission (Le, James) (Entered: 12/20/2021) |
| 12/15/2021 | 658 | Hearing Held (RE: related document(s)626 Oral Hearing on Draft Emergency Motion) Taken Under Submission. (Le, James) (Entered: 12/20/2021) |
| 12/16/2021 | 636 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle. (Glicksman, Jared) (Entered: 12/16/2021) |
| 12/16/2021 | 637 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 21-MW-37. RE Hearing Date: 12/15/2021, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)636 Transcript Order Form (Public Request) filed by Interested Party DavidPaul Doyle) (Le, James) (Entered: 12/16/2021) |
| 12/16/2021 | 638 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)626 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/16/2021. (Admin.) (Entered: 12/16/2021) |
| 12/17/2021 | 639 (1 pg) | Order Continuing Hearing re Limited Objection of MCG to Amended Claim of Vitamins Online Inc. [Claim No. 3-2] - Hearing Continued to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 277 Objection to Claim #3 by Claimant Vitamins Online, Inc. in the amount of $ $14,426,972.00 Filed by Interested Party Magleby Cataxinos & Greenwood) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 640 (1 pg) | Order Continuing Omnibus Objection to Claim Numbers 5 and 12 by Claimant Magelby Cataxinos & Greenwood, P.C. (Docket No. 525) to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc. ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 641 (6 pgs) | Notice of lodgment [Notice of Lodgment of Order in Bankruptcy Case re: Order to Deposit Funds Into The Court's Registry] Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan [Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization] Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization [Heartwise, Inc.'s Plan of Reorganization] Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 12/17/2021) |
| 12/17/2021 | 642 | Order Setting Creditor Vitamins Online, Inc's Motion to Quash |

**EXHIBIT "2"**

**PAGE 52**

| | (1 pg) | Subpoenas Served by Magleby Cataxinos & Greenwood for January 10, 2022 at 2:00 PM. (BNC-PDF) (Related Doc # 615 ) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 643 | Hearing Set (RE: related document(s)615 Motion to Quash filed by Creditor Vitamins Online, Inc) The Hearing date is set for 1/10/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 644 (25 pgs) | Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 645 (28 pgs) | Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021 (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 646 (1 pg) | Notice of order confirming chapter 11 plan (BNC) (Le, James) (Entered: 12/17/2021) |
| 12/17/2021 | 647 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 12/16/2021. The Reporter Expects to Have the Transcript Completed by 12/17/2021. (RE: related document(s) 636 Transcript Order Form related to an Appeal, regarding Hearing Date 12/15/21 Filed by Interested Party DavidPaul Doyle.). (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 648 (75 pgs) | Transcript regarding Hearing Held 12/15/21 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 03/17/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 12/27/2021. Redaction Request Due By 01/7/2022. Redacted Transcript Submission Due By 01/18/2022. Transcript access will be restricted through 03/17/2022. (Hyatt, Mitchell) (Entered: 12/17/2021) |
| 12/17/2021 | 649 (5 pgs) | Declaration re: *Declaration Of Dean G. Rallis Jr. Regarding The Missing Highlights In The Service Copy Of The Declaration Of Chad Nydegger Re Creditor Vitamins Online, Inc.'s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)617 Declaration). (Rallis, Dean) (Entered: 12/17/2021) |
| 12/19/2021 | 650 (5 pgs) | BNC Certificate of Notice (RE: related document(s)646 Notice of order confirming chapter 11 plan (BNC)) No. of Notices: 31. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 651 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)639 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |

**EXHIBIT "2"**

**PAGE 53**

| | | |
|---|---|---|
| 12/19/2021 | 652<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)640 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 653<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)642 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 654<br>(28 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)644 Order Confirming Chapter 11 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/19/2021 | 655<br>(31 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)645 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/20/2021 | 663<br>(1 pg) | Order Continuing Status Conference Hearing to January 24, 2022 at 2:00 PM. No Updated Status Report is Required (BNC-PDF) (Related Doc # 1 STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 12/20/2021 (Le, James) (Entered: 12/20/2021) |
| 12/20/2021 | 665 | Hearing Continued (RE: related document(s)277 Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED ON 12-17-21 (DOCKET NO. 639). (Le, James) (Entered: 12/22/2021) |
| 12/20/2021 | 666 | Hearing Continued (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) OFF CALENDAR - ORDER CONTINUING HEARING TO JANUARY 24, 2022 AT 2:00 PM ENTERED 12-17-21 (DOCKET NO. 640). (Le, James) (Entered: 12/22/2021) |
| 12/22/2021 | 664<br>(4 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal *[Appellee's Supplemental Designation of Record]* Filed by Debtor Heartwise, Inc. (RE: related document(s)342 Notice of Appeal and Statement of Election (Official Form 417A), 563 Notice of Appeal and Statement of Election (Official Form 417A)). (CLIFFORD, RONALD) (Entered: 12/22/2021) |
| 12/22/2021 | 667<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)663 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/22/2021. (Admin.) (Entered: 12/22/2021) |
| 12/24/2021 | 668<br>(28 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (CLIFFORD, RONALD) (Entered: 12/24/2021) |
| 12/27/2021 | 669<br>(5 pgs) | Declaration re: non opposition *[Declaration of Tuong Nguyen in Support of Entry of Order to Deposit Funds into the Court's Registry]* Filed by |

**EXHIBIT "2"**

**PAGE 54**

| | | Debtor Heartwise, Inc.. (CLIFFORD, RONALD) (Entered: 12/27/2021) |
|---|---|---|
| 12/28/2021 | 670 (7 pgs) | Notice [Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates] Filed by Debtor Heartwise, Inc. (RE: related document(s)644 Order Confirming Heartwise Inc's First Amended Chapter 11 Plan of Reorganization and Denying with Prejudice Certain Confirmation Order-Related Motions (See Order for Further Ruling) (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, 645 Findings of Fact and Conclusions of Law (BNC-PDF) (Related Doc # 460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) Signed on 12/17/2021, 646 Notice of order confirming chapter 11 plan (BNC)). (CLIFFORD, RONALD) (Entered: 12/28/2021) |
| 12/29/2021 | 671 (2 pgs) | Order to Deposit Funds into the Court's Registry. In the Amount of $14500000. Signed on 12/29/2021. (RE: related document(s)460 Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization) (Le, James) (Entered: 12/29/2021) |
| 12/29/2021 | 672 (3 pgs) | Certificate Of Readiness And Completion Of Record On Appeal To United States District Court RE: USDC Case No. 8:21-cv-01961-AB (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle (Bolte, Nickie) (Entered: 12/29/2021) |
| 12/31/2021 | 673 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)671 Order Authorizing Interpleader Deposit (28 U.S.C. Section 1335) (BNC-PDF)) No. of Notices: 1. Notice Date 12/31/2021. (Admin.) (Entered: 12/31/2021) |
| 01/03/2022 | 674 (13 pgs) | Reply to (related document(s): 632 Opposition filed by Interested Party Magleby Cataxinos & Greenwood) Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 01/03/2022) |
| 01/03/2022 | 675 (8 pgs) | Declaration re: Declaration Of Osman Khan In Support Of Creditor Vitamins Online, Inc.s Reply In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood Filed by Creditor Vitamins Online, Inc (RE: related document(s)674 Reply). (Rallis, Dean) (Entered: 01/03/2022) |
| 01/04/2022 | 676 (16 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor ). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | 677 (4 pgs) | Notice of lodgment [Notice of Lodgment of Order in Bankruptcy Case re: Application for Authorization to Employ Eureka Consulting LLC as Advisor to the Debtor-In-Possession] Filed by Debtor Heartwise, Inc. (RE: related document(s)508 Application to Employ Eureka Valuation Advisors as Valuation Advisor Filed by Debtor Heartwise, Inc.). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/04/2022 | 678 (2 pgs) | Order Requiring Supplemental Briefing RE Motion to Quash - MCG is Ordered to File a Pleading Addressing the Court's Concerns as Described |

| | | |
|---|---|---|
| | | above on or before Thursday, January 6, 2022. VOL may File a Responsive Pleading on or before Saturday, January 8, 2022. (BNC-PDF) (Related Doc # 615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas ) Signed on 1/4/2022 (Le, James) (Entered: 01/04/2022) |
| 01/04/2022 | 679 (9 pgs) | Notice *[Notice of Effective Date of Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)460 Amended Chapter 11 Plan *[Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)135 Chapter 11 Plan of Reorganization *[Heartwise, Inc.'s Plan of Reorganization]* Filed by Debtor Heartwise, Inc. (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Heartwise Incorporation Chapter 11 Plan due by 04/5/2021. Disclosure Statement due by 04/5/2021.).). (Attachments: # 1 [Redlined] Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization)). (CLIFFORD, RONALD) (Entered: 01/04/2022) |
| 01/05/2022 | 680 (2 pgs) | Order Authorizing Employment of Eureka Consulting LLC as Advisor to the Debtor-In-Possession (BNC-PDF) (Related Doc 508) Signed on 1/5/2022. (Le, James) (Entered: 01/05/2022) |
| 01/05/2022 | 681 (1 pg) | Notice RE: Bankruptcy Record Complete - RE: Appeal - RE: USDC Case No. 8:21-cv-01961-AB (filed at United States District Court on 1/3/2022) (RE: related document(s)563 Notice of Appeal and Statement of Election (Official Form 417A) filed by Interested Party DavidPaul Doyle) (Bolte, Nickie) (Entered: 01/05/2022) |
| 01/06/2022 | 682 (12 pgs) | Opposition to (related document(s): 615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* filed by Creditor Vitamins Online, Inc, 678 Order (Generic) (BNC-PDF)) Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 01/06/2022) |
| 01/06/2022 | 683 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)678 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/06/2022. (Admin.) (Entered: 01/06/2022) |
| 01/07/2022 | 684 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)680 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/07/2022. (Admin.) (Entered: 01/07/2022) |
| 01/08/2022 | 685 (32 pgs) | Brief *Creditor Vitamins Online, Inc.s Supplemental Brief In Support Of Its Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (RE: related document(s)678 Order (Generic) (BNC-PDF)). (Rallis, Dean) (Entered: 01/08/2022) |
| 01/10/2022 | 688 | Hearing Rescheduled/Continued (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood) The Hearing date is set for 1/24/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Court to Prepare Order. (Le, James) (Entered: 01/11/2022) |
| 01/10/2022 | 689 | Hearing Rescheduled/Continued (RE: related document(s)1 CONT'D STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; |

**EXHIBIT "2"**

**PAGE 56**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| | | And (2) Requiring Report On Status Of Chapter 11 Case) OFF CALENDAR - ORDER CONTINUING STATUS CONFERENCE JANUARY 24, 2022 AT 2:00 PM ENTERED 12-20-21 (DOCKET NO. 663). (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | 686 (1 pg) | Order Continuing Hearing to January 24, 2022 at 2:00 PM (BNC-PDF) (Related Doc # 615 Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood Filed by Creditor Vitamins Online, Inc) Signed on 1/11/2022 (Le, James) (Entered: 01/11/2022) |
| 01/11/2022 | 687 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/11/2022) |
| 01/11/2022 | | Receipt of Request for CD of Court Proceedings (fee)( 8:20-bk-13335-MW) [misc,cdrf] ( 32.00) Filing Fee. Receipt number A53784665. Fee amount 32.00. (re: Doc# 687) (U.S. Treasury) (Entered: 01/11/2022) |
| 01/12/2022 | 690 (18 pgs) | Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 691 (5 pgs) | Declaration re: *[Declaration of William A. Delgado in Support of DTO Law's Third and Final Application for Compensation]* Filed by Debtor Heartwise, Inc. (RE: related document(s)690 Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0.). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 692 (14 pgs) | Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 693 (4 pgs) | Declaration re: *[Declaration of Josh Edwards in Support of Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)692 Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 694 (8 pgs) | Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 695 (4 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* Filed by Debtor Heartwise, Inc. (RE: related document(s)694 Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of* |

EXHIBIT "2"

PAGE 57

| | | |
|---|---|---|
| | | *Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [696](#) (59 pgs) | Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [697](#) (5 pgs) | Declaration re: *[Declaration of Ronald A. Clifford in Support of R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* Filed by Attorney R. Clifford & Associates (RE: related document(s)[696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [698](#) (4 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Attorney R. Clifford & Associates (RE: related document(s)[690](#) Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0., [692](#) Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0, [694](#) Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981, [696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses:). (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | [699](#) (9 pgs) | Notice of Hearing *[Notice of Hearings on Final Applications for Allowance and Payment of Fees and Reimbursement of Expenses for R. Clifford & Associates, Blakeley LLP, Eureka Consulting LLC and DTO Law]* Filed by Debtor Heartwise, Inc. (RE: related document(s)[690](#) Application for Compensation *[DTO Law's Third and Final Application for Compensation]* for Heartwise, Inc., Special Counsel, Period: 5/27/2021 to 1/5/2022, Fee: $2185.00, Expenses: $0. Filed by Debtor Heartwise, Inc., [692](#) Application for Compensation *[Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Consultant, Period: 10/26/2021 to 11/17/2021, Fee: $102715.00, Expenses: $0. Filed by Debtor Heartwise, Inc., [694](#) Application for Compensation *[Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses]* for Heartwise, Inc., Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fee: $182649.00, Expenses: $1981.26. Filed by Debtor Heartwise, Inc., [696](#) Application for Compensation *[R. Clifford and Associates' Second and Final Application for Compensation and Reimbursement of Expenses]* for RONALD CLIFFORD, Debtor's Attorney, Period: 8/6/2021 to |

**EXHIBIT "2"**

**PAGE 58**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

|  |  |  |
|---|---|---|
|  |  | 1/5/2022, Fee: $262824.00, Expenses: $1048.68, for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fee: $262824.00, Expenses: $1048.68. Filed by Attorney R. Clifford & Associates. (CLIFFORD, RONALD) (Entered: 01/12/2022) |
| 01/12/2022 | 700 (1 pg) | Transcript Order Form, regarding Hearing Date 01/10/22 Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood*). (Malo, Aaron) (Entered: 01/12/2022) |
| 01/12/2022 | 701 | Hearing Set (RE: related document(s)690 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 702 | Hearing Set (RE: related document(s)692 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 703 | Hearing Set (RE: related document(s)694 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 704 | Hearing Set (RE: related document(s)696 Application for Compensation filed by Attorney R. Clifford & Associates) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/12/2022) |
| 01/12/2022 | 705 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-03. RE Hearing Date: 1-10-22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)700 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/12/2022) |
| 01/13/2022 | 706 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)686 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 01/13/2022. (Admin.) (Entered: 01/13/2022) |
| 01/14/2022 | 707 (23 pgs) | Transcript regarding Hearing Held 01/10/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/14/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 1/21/2022. Redaction Request Due By 02/4/2022. Redacted Transcript Submission Due By 02/14/2022. Transcript access will be restricted through 04/14/2022. (Hyatt, Mitchell) (Entered: 01/14/2022) |
|  |  |  |

**EXHIBIT "2"**

**PAGE 59**

| | | |
|---|---|---|
| 01/17/2022 | 708<br>(56 pgs) | Application for Compensation . Filed by Attorney Michael Jay Berger (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 709<br>(6 pgs) | Notice of Hearing Filed by Debtor Heartwise, Inc. (RE: related document(s)150 Application for Compensation *First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger; Declarations of Michael Jay Berger (Former Counsel for Debtor-in Possession) and Tuong Nguyen in Support Thereof* for Michael Jay Berger, General Counsel, Period: 12/5/2020 to 12/16/2020, Fee: $8,205.00, Expenses: $0. Filed by Attorney Michael Jay Berger). (Berger, Michael) (Entered: 01/17/2022) |
| 01/17/2022 | 710 | Hearing Set (RE: related document(s)708 Application for Compensation filed by Debtor Heartwise, Inc.) The Hearing date is set for 2/7/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/18/2022) |
| 01/18/2022 | 711<br>(161 pgs) | Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/18/2022 | 712<br>(159 pgs) | Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. Filed by Debtor Heartwise, Inc. (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/18/2022 | 713<br>(5 pgs) | Declaration re: *[Declaration of Tuong Nguyen in Support of Heartwise, Inc.'s Objection to Claim Nos. 3 and 5, and Any Amendments Thereto]* Filed by Debtor Heartwise, Inc. (RE: related document(s)711 Motion RE: Objection to Claim Number 3 by Claimant Vitamins Online, Inc.. , 712 Motion RE: Objection to Claim Number 5 by Claimant Magleby Cataxinos & Greenwood, P.C.. ). (CLIFFORD, RONALD) (Entered: 01/18/2022) |
| 01/24/2022 | 714<br>(1 pg) | Transcript Order Form, regarding Hearing Date 01/24/22 Filed by Interested Party Magleby Cataxinos & Greenwood. (Malo, Aaron) (Entered: 01/24/2022) |
| 01/24/2022 | 716 | Hearing Held (RE: related document(s)277 Hearing RE: Limited Objection to Amended Claim of Vitamins Online, Inc. [Claim No. 3-2]) Motion Granted. Order by Movant. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 717 | Hearing Held (RE: related document(s)525 Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 on Grounds that Alleged Claimant is not a Creditor and the Claims are Unenforceable Against the Estate) Motion Denied. Order by Respondent. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 718 | Hearing Rescheduled/Continued (RE: related document(s)1 POST CONFIRMATION STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Status hearing to be held on 5/11/2022 at 10:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Updated Status Report is due April 27, 2022. Court to Prepare Order. (Le, James) (Entered: 01/25/2022) |
| 01/24/2022 | 719 | Hearing Held (RE: related document(s)615 Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & |

**EXHIBIT "2"**

**PAGE 60**

| | | |
|---|---|---|
| | | Greenwood filed by Creditor Vitamins Online, Inc) Motion Granted. Order by Magleby. (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 715 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-MW-04. RE Hearing Date: 1/24/22, [TRANSCRIPTION SERVICE PROVIDER: BEN HYATT CERTIFIED DEPOSITION REPORTERS, Telephone number Ph: (888) 272-0022, ext. 201 or ext. 206.] (RE: related document(s)714 Transcript Order Form (Public Request) filed by Interested Party Magleby Cataxinos & Greenwood) (Le, James) (Entered: 01/25/2022) |
| 01/25/2022 | 720 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Grimshaw, Matthew. (Grimshaw, Matthew) (Entered: 01/25/2022) |
| 01/25/2022 | 721 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wood, David. (Wood, David) (Entered: 01/25/2022) |
| 01/26/2022 | 722 (8 pgs) | Substitution of attorney *with Proof of Service* Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 01/26/2022) |
| 01/26/2022 | 723 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ordubegian, Aram. (Ordubegian, Aram) (Entered: 01/26/2022) |
| 01/26/2022 | 724 (41 pgs) | Motion to Dismiss Adversary Proceeding Filed by Interested Parties Alpha Health Research, Inc., Earnesty LLC, Creditor Robinson Pharma, Inc. (Bisconti, Anthony) CORRECTION: PDF filed in the incorrect case. PDF has been filed in the correct Adversary Case of 8:21-ap-01019-MW Docket No. 56). Modified on 1/27/2022 (Le, James). (Entered: 01/26/2022) |
| 01/27/2022 | 725 (56 pgs) | Transcript regarding Hearing Held 01/24/22 RE: In Re: Heartwise, Inc.. Remote electronic access to the transcript is restricted until 04/27/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 2/3/2022. Redaction Request Due By 02/17/2022. Redacted Transcript Submission Due By 02/28/2022. Transcript access will be restricted through 04/27/2022. (Hyatt, Mitchell) (Entered: 01/27/2022) |
| 01/27/2022 | 726 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Stoops, Annie. (Stoops, Annie) (Entered: 01/27/2022) |
| 01/27/2022 | 727 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by CLIFFORD, RONALD. (CLIFFORD, RONALD) (Entered: 01/27/2022) |
| 01/31/2022 | 728 (5 pgs) | Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallow Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |

**EXHIBIT "2"**

**PAGE 61**

| | | |
|---|---|---|
| 01/31/2022 | **729**<br>(5 pgs) | Amended Memorandum Decision and Order RE: Magleby Cataxinos Limited Objection to Claim 3-2 of Vitamins Online Inc. - The Court Sustains MCG's Objection and Disallows Claim 3-2 in its Entirety with Prejudice. This Ruling is Without Prejudice to VOL's Rights Under the Engagement Agreement to Payment from MCG in Accordance with the Terms of the Engagement Agreement (BNC-PDF) (Related Doc # 277 ) Signed on 1/31/2022 (Le, James) (Entered: 01/31/2022) |
| 02/02/2022 | **731**<br>(2 pgs) | ORDER OF DISCHARGE - Chapter 11 (BNC) for Debtor (Le, James) (Entered: 02/02/2022) |
| 02/02/2022 | **732**<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)728 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/02/2022 | **733**<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)729 Amended Order (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/03/2022 | **734**<br>(1 pg) | Order Continuing Post-Confirmation Status Conference to May 11, 2022 at 10:00 AM. An Updated Report due April 27, 2022. (BNC-PDF) (Related Doc # 1 POST CONFIRMATION STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Signed on 2/3/2022 (Le, James) (Entered: 02/03/2022) |
| 02/04/2022 | **735**<br>(5 pgs) | Notice of lodgment *of Order re: Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)615 Motion to Quash *Creditor Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc) (Malo, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | **736**<br>(5 pgs) | Notice of lodgment *of Order in Bankruptcy Case re: Creditor Vitamins Online, Inc.'s Omnibus Objection to Magleby Cataxinos & Greenwood, P.C. 's Claim Nos. 5-2 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (RE: related document(s)525 Omnibus Objection to Claim #5,12 by Claimant Magleby Cataxinos & Greenwood, P.C.. in the amount of $ 14,500,000.00 and 34,000,000.00 Filed by Creditor Vitamins Online, Inc.). (Malo, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | **737**<br>(6 pgs) | BNC Certificate of Notice (RE: related document(s)731 ORDER OF DISCHARGE - Chapter 11 (Form 3180C1) (BNC)) No. of Notices: 30. Notice Date 02/04/2022. (Admin.) (Entered: 02/04/2022) |
| 02/05/2022 | **738**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)734 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/05/2022. (Admin.) (Entered: 02/05/2022) |
| 02/07/2022 | 739 | Hearing Held (RE: related document(s)708 First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger for the Period from 12-5-2020 to 12-16-2020 [RE: The Law Offices of Michael Jay Berger - Debtor's Former Counsel] [Fees: 8,205.00, Expenses: 0.00] filed by Debtor Heartwise, Inc.) Application Granted. Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 740 | Hearing Held (RE: related document(s)696 : R. Clifford and Associates' |

**EXHIBIT "2"**

**PAGE 62**

| | | |
|---|---|---|
| | | Second and Final Application for Compensation and Reimbursement of Expenses for the Period from 4-1-21 to 8-5-21 and 8-6-2021 to 1-5-22 filed by Attorney R. Clifford & Associates) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 741 | Hearing Held (RE: related document(s)694 Blakeley LLP's Third and Final Application for Compensation and Reimbursement of Expenses for the Period from 12-16-2020 to 3-31-21 and 3-22-21 to 3-31-21 [RE: Blakeley LLP - Former General Insolvency Counsel] [Fee: $157,808.00, Expenses: $1,786.99] [Fee: $24,841.00, Expenses: $194.27] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 742 | Hearing Held (RE: related document(s)690 DTO Law's Third and Final Application for Compensation for the Period from 5-27-21 to 1-5-22 [RE: DTO Law - Special Counsel] [Fee: $2185.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/07/2022 | 743 | Hearing Held (RE: related document(s)692 Eureka Consulting LLC's First and Final Application for Compensation and Reimbursement for the Period from 10-26-21 to 11-17-21 [RE: Eureka Consulting LLC - Valuation Advisor][Fee: $102715.00, Expenses: $0.00] filed by Debtor Heartwise, Inc.) Application Granted. Single Order by Movant. (Le, James) (Entered: 02/07/2022) |
| 02/08/2022 | 744 (39 pgs; 6 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2021 Filed by Debtor Heartwise, Inc.. (Attachments: # 1 General Bank Account Statement # 2 Payroll Bank Account Statement # 3 Tax Account Statement # 4 PayPal Account Statement # 5 Proof of Service) (Grimshaw, Matthew) (Entered: 02/08/2022) |
| 02/09/2022 | 745 (76 pgs) | Objection (related document(s): 735 Notice of Lodgment filed by Interested Party Magleby Cataxinos & Greenwood) *Creditor Vitamins Online, Inc.s Objection To Magleby Cataxinos & Greenwoods Proposed Form Of Order On Vitamins Online, Inc.s Motion To Quash Subpoenas Served By Magleby Cataxinos & Greenwood* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/09/2022) |
| 02/11/2022 | 746 (2 pgs) | Order Granting Creditor Vitamins Online, Inc.'s Motion to Quash Subpoenas Served by Magleby Cataxinos & Greenwood (BNC-PDF) (Related Doc # 615 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/11/2022 | 747 (2 pgs) | Order Overruling Creditor Vitamins Online, Inc's Omnibus Objection to Magleby Cataxinos & Greenwood, P.C.'s Claim Nos. 5-2 and 12 - VOL's Objection to Claim No. 5-2 filed by MCG is OVerruled and Denied in its Entirety. VOL's Objection to Claim No. 12 filed by MCG is Overruled and Denied in its Entirety (BNC-PDF) (Related Doc # 525 ) Signed on 2/11/2022 (Le, James) (Entered: 02/11/2022) |
| 02/13/2022 | 748 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)746 Order on Motion To Quash (BNC-PDF)) No. of Notices: 1. Notice Date 02/13/2022. (Admin.) (Entered: 02/13/2022) |
| 02/13/2022 | 749 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)747 Order RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date |

|  |  | 02/13/2022. (Admin.) (Entered: 02/13/2022) |
|---|---|---|
| 02/14/2022 | [750](#) (14 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 (Related Doc. #729)* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/14/2022) |
| 02/15/2022 | [751](#) (3 pgs) | Order Granting Applications for Allowance of Fees and Costs - for Blakeley LLP, Debtor's Attorney, Period: 12/16/2020 to 3/31/2021, Fees awarded: $159594.99, Expenses awarded: $28035.27; for DTO Law, Special Counsel, Period: 5/27/2021 to 1/5/2022, Fees awarded: $2185.00, Expenses awarded: $0.00; for R. Clifford & Associates, Debtor's Attorney, Period: 8/6/2021 to 1/5/2022, Fees awarded: $262824.00, Expenses awarded: $1048.68; Awarded on 2/15/2022 (BNC-PDF) Signed on 2/15/2022. (RE: related document(s)[690](#), [692](#), [694](#), [696](#), [708](#)) (Le, James) (Entered: 02/15/2022) |
| 02/17/2022 | [752](#) (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[751](#) Order of Distribution (BNC-PDF) filed by Attorney Blakeley LLP, Special Counsel DTO Law, Attorney R. Clifford & Associates) No. of Notices: 1. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 02/22/2022 | [753](#) (2 pgs) | Order Granting Applications for Allowance of Fees and Costs - Eureka Consulting LLC, Other Professional, Period: 10/26/2021 to 11/17/2021, Fees awarded: $102715, Expenses awarded: $0.00; Awarded on 2/22/2022 (BNC-PDF) Signed on 2/22/2022. (RE: related document(s)[692](#)) (Le, James) (Entered: 02/22/2022) |
| 02/23/2022 | [754](#) (2 pgs) | Order Denying Vitamins Online, Inc's Motion for Additional Findings Pursuant to Rule 7052 (BNC-PDF) (Related Doc # [750](#) ) Signed on 2/23/2022 (Le, James) (Entered: 02/23/2022) |
| 02/24/2022 | 755 | In accordance with the Administrative Order 22-04 dated 2/10/22, this case is hereby reassigned from Judge Mark S Wallace to Judge Scott C Clarkson. (Le, James) (Entered: 02/24/2022) |
| 02/24/2022 | [756](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[753](#) Order of Distribution (BNC-PDF) filed by Consultant Eureka Consulting LLC) No. of Notices: 1. Notice Date 02/24/2022. (Admin.) (Entered: 02/24/2022) |
| 02/25/2022 | [757](#) (16 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 02/25/2022) |
| 02/25/2022 | [758](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[754](#) Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 02/25/2022. (Admin.) (Entered: 02/25/2022) |
| 02/28/2022 | [759](#) (1 pg) | Order Continuing Status Conference. IT IS ORDERED: The Status Conference Set For May 11, 2022, At 10:00 A.M. Is Hereby CONTINUED TO May 18, 2022, At 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. A Status Report Is Due 14 Days In Advance. (BNC-PDF) (Related Doc # [734](#) ) Signed on 2/28/2022 (Bolte, Nickie) (Entered: 02/28/2022) |

**EXHIBIT "2"**

**PAGE 64**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| 03/02/2022 | 760<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)759 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
|---|---|---|
| 03/09/2022 | 761<br>(39 pgs) | Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 762<br>(104 pgs) | Exhibit *Exhibit Binder To: Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]*). (Rallis, Dean) (Entered: 03/09/2022) |
| 03/09/2022 | 763 | Hearing Set (RE: related document(s)761 Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/10/2022) |
| 03/10/2022 | 764<br>(5 pgs) | Notice of Hearing *Notice Of Hearing Re: Creditor Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc (RE: related document(s)757 Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* Filed by Creditor Vitamins Online, Inc). (Rallis, Dean) (Entered: 03/10/2022) |
| 03/10/2022 | 765 | Hearing Set (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 filed by Creditor Vitamins Online, Inc) The Hearing date is set for 4/13/2022 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 03/11/2022) |
| 03/30/2022 | 766<br>(16 pgs) | Opposition to (related document(s): 764 Notice of Hearing (BK Case) filed by Creditor Vitamins Online, Inc) *for Additional Findings Pursuant to Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection to Claims 5 and 12* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
| 03/30/2022 | 767<br>(54 pgs) | Opposition to (related document(s): 761 Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc, 763 Hearing Set (Motion) (BK Case - BNC Option)) *For Reconsideration of Order Disallowing Claim 3-* |

|  |  |  |
|---|---|---|
|  |  | *2 of Vitamins Online, Inc.* Filed by Interested Party Magleby Cataxinos & Greenwood (Malo, Aaron) (Entered: 03/30/2022) |
| 03/30/2022 | [768](#) (170 pgs) | Opposition to (related document(s): [757](#) Motion to Modify Order *Vitamins Online, Inc.s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 [Dkt #747]* filed by Creditor Vitamins Online, Inc, [761](#) Motion to Modify Order *Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order Re: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. [Dkt. No. 729]* filed by Creditor Vitamins Online, Inc) *Omnibus Limited Opposition to Motions By Vitamins Online, Inc., for Reconsideration and for Additional Findings with Proof of Service* Filed by Debtor Heartwise, Inc. (Grimshaw, Matthew) (Entered: 03/30/2022) |
| 04/06/2022 | [769](#) (23 pgs) | Reply to (related document(s): [767](#) Opposition filed by Interested Party Magleby Cataxinos & Greenwood) *Vitamins Online, Inc.s Reply To Magleby Cataxinos & Greenwood, P.C.s Opposition To Vitamins Online, Inc.s Motion For Reconsideration Of Order Disallowing Claim 3-2* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |
| 04/06/2022 | [770](#) (20 pgs) | Reply to (related document(s): [768](#) Opposition filed by Debtor Heartwise, Inc.) *Vitamins Online, Inc.s Reply To Heartwise, Inc.s Omnibus Limited Opposition To Vitamins Online, Inc.s Motions For Reconsideration And For Additional Findings* Filed by Creditor Vitamins Online, Inc (Rallis, Dean) (Entered: 04/06/2022) |
| 04/08/2022 | [771](#) (2 pgs) | Order Continuing Hearings On: (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket [761](#)); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket [757](#)). IT IS ORDERED: The Court Hereby CONTINUES The Hearings On (1) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 (Docket [761](#)); And (2) Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 And 12 (Docket [757](#)) From April 13, 2022, TO MAY 17, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. No Further pleadings Shall Be Permitted, Unless Otherwise Ordered By The Court. (BNC-PDF) (Related Doc # [761](#)) Signed on 4/8/2022 (Bolte, Nickie) Modified on 4/8/2022 (Bolte, Nickie). (Entered: 04/08/2022) |
| 04/10/2022 | [772](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[771](#) Motion to Modify Order(BNC-PDF)) No. of Notices: 1. Notice Date 04/10/2022. (Admin.) (Entered: 04/10/2022) |
| 04/13/2022 | 774 | Hearing Continued On Motion (RE: related document(s)[761](#) Vitamins Online, Inc.'s Motion For Reconsideration Of Order Disallowing Claim 3-2 In Amended Memorandum Decision And Order RE: Magleby Cataxinos Limited Objection To Claim 3-2 Of Vitamins Online Inc. filed by Creditor Vitamins Online, Inc) - HEARING ON MOTION CONTINUED TO MAY 17, 2022 At 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINS ONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. [761](#)); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS |

**EXHIBIT "2"**

**PAGE 66**

| | | |
|---|---|---|
| | | PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771) The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/13/2022 | 775 | Hearing Continued On Motion (RE: related document(s)757 Vitamins Online, Inc.'s Motion For Additional Findings Pursuant To Rule 7052 Regarding Order Overruling Vitamins Online, Inc.'s Omnibus Objection To Claim Nos. 5-2 and 12 filed by Creditor Vitamins Online, Inc) HEARING ON MOTION CONTINUED TO MAY 17, 2022 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING HEARINGS ON: (1) VITAMINSONLINE, INC.'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 3-2 (DKT. 761); AND (2) VITAMINS ONLINE, INC.S MOTION FOR ADDITIONAL FINDINGS PURSUANT TO RULE 7052 REGARDING ORDER OVERRULING VITAMINS ONLINE, INC.'S OMNIBUS OBJECTION TO CLAIM NOS. 5-2 AND 12 (DKT. 757) ENTERED 4-8-2022 - (DOCKET NO. 771). The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/21/2022) |
| 04/20/2022 | 773 (14 pgs) | Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/22 *with Proof of Service* Filed by Debtor Heartwise, Inc.. (Grimshaw, Matthew) (Entered: 04/20/2022) |
| 04/26/2022 | 776 (11 pgs) | Order (1) Granting Motion For Reconsideration ("Motion") [Docket 761 ); (2) Vacating Disallowance Order Entered January 31, 2022 (Docket 729 ); (3) Abstaining From Dispute Between Vitamins Online, Inc. And Magleby, Cataxinos, & Greenwood P.C.; And (4) Vacating Hearing On Motion. IT IS ORDERED: In Light Of The Foregoing, After Having Reviewed The Motion And Related Pleadings, And The Docket As A Whole, The Court Finds That This Matter Is Appropriate For Disposition Without A Hearing, And Finds Good Cause To GRANT The Motion, VACATE The Disallowance Order, ABSTAIN From Resolution Of The Dispute Between VOL And MCG, And VACATE The Hearing On The Motion. (BNC-PDF) (Related Doc # 761 ; And 729 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |
| 04/26/2022 | 777 (3 pgs) | Order (1) Denying Motion For Additional Findings ("Motion") (Docket 757 ); (2) Vacating Order Entered February 11, 2022 (Docket 747 ); And (3) Vacating Hearing On Motion. IT IS ORDERED: This Court Has Issued An Order VACATING The Order Entered By The Predecessor Court Disallowing MCG's Claim ("Disallowance Order") (Docket 729 ) And ABSTAINING From The Resolution Of That Dispute. See Order Entered April 26, 2022 (Docket 776 ) ("Reconsideration Order"). As The Objection Order Is Directly Related, And, In Fact, relies On The Now-Vacated Disallowance Order, And For The Reasons More Fully Explained In The Reconsideration Order, Which Is Incorporated Herein, This Court Finds It Appropriate To VACATE The Objection Order. In Light Of The Foregoing, The Relief Requested In The Motion Is Unnecessary, And The Motion Is DENIED As Moot. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 757 ) Signed on 4/26/2022 (Bolte, Nickie) (Entered: 04/26/2022) |

**EXHIBIT "2"**

**PAGE 67**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/27/2022 21:53:00 | | |
| **PACER Login:** | mwgrimshaw210424 | **Client Code:** 1683-001 |
| **Description:** Docket Report | **Search Criteria:** | 8:20-bk-13335-SC Fil or Ent: filed From: 9/1/2021 To: 4/27/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** 30 | **Cost:** | 3.00 |

**EXHIBIT "2"**

**PAGE 68**

**EXHIBIT "3"**

Ronald A. Clifford (State Bar No. 246542)
E-Mail: RAC@RCliffordLaw.com
R. CLIFFORD & ASSOCIATES
1100 Town and Country Rd., Suite 1250
Orange, California 926868
Telephone: (949) 533-9774

*General Insolvency Counsel for*
*Heartwise, Inc.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HEARTWISE, INC.,<br><br>                  Debtor in Possession. | Case No.: 8:20-bk-13335-MW<br><br>Chapter 11<br><br>**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Confirmation Hearing Date, Time and Location:**<br>Date:     November 10, 2021<br>Time:     2:00 p.m.<br>Place:    411 West Fourth Street<br>              Santa Ana, CA 92701<br>              Courtroom 6C<br><br>**Objection and Voting Deadline:**<br>Date:  October 15, 2021 |

## I. INTRODUCTION

On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization. This Plan is a plan of reorganization that provides for certain payments to creditors of the Debtor on the Effective Date from, *inter alia*, income from the Debtor's business as more fully described below. The effective

**EXHIBIT "3"**
**PAGE 69**

date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

calendar days following the date of the entry of the Court order confirming this Plan (the

"Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

to herein, when appropriate, as the Reorganized Debtor.

## II.   CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    What Creditors And Interest Holders Will Receive Under The Plan**

As required by the Bankruptcy Code, this Plan (i) classifies claims and interests in various

classes according to their right to priority, (ii) states whether each class of claims or interests is

impaired or unimpaired, and provides the treatment each class will receive.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They

are not considered impaired and they do not vote on the Plan because they are automatically entitled

to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

the following claims in a class.

**1.    Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's

Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

requires that all administrative claims be paid on the Effective Date of this Plan, unless a particular

claimant agrees to a different treatment.

The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

treatment under this Plan:

/ / /

/ / /

/ / /

---

EXHIBIT "3"

PAGE 70

| Name | Amount Owed | Treatment |
|---|---|---|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before any particular fee or expense will be paid.  For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case.  The actual administrative claims may be higher or lower.  Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of this Plan and/or claim objections.  If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date.  Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts.  By voting to accept this Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim.  Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

1  any ceiling on the amount of fees and expenses that such professionals have incurred or for which

2  they are entitled to seek payment.  Such fees and expenses are merely estimates provided at the time

3  of the preparation of the accompanying Disclosure Statement.

4        Administrative expenses incurred in the ordinary course of the Debtor's business shall be

5  paid in the ordinary course of business and, pursuant to 11 U.S.C. sections 363 and 1107, may be

6  paid by the Reorganized Debtor without Court approval.

7        **2.      Priority Tax Claims**

8        Priority Tax Claims include certain unsecured income, employment, and other taxes

9  described in Section 507(a)(8) of the Bankruptcy Code.  The Debtor estimates that its asserted

10  priority tax claims are as follows:

| <u>Entity</u> | <u>Amount</u> | <u>Treatment</u> |
|---|---|---|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

17  **C.    Classified Claims And Interests**

18        **1.      Priority Unsecured Claims**

19        Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

20  Bankruptcy Code are required to be placed in classes.  These types of claims are entitled to priority

21  treatment as follows:  The Bankruptcy Code requires that each holder of such a claim receive cash

22  on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured

23  priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

24  Date, equal to the allowed amount of such claim.  The Debtor does not estimate any priority

25  unsecured claims.

26        **2.      Class 1: General Unsecured Claims**

27        General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

28  507(a).  General unsecured non-priority claims will comprise Class 1.  It is estimated that Class 1

**EXHIBIT "3"**
**PAGE 72**

1  claims will total $14,754,667.23 (after application of pre-petition deposits). Class 1 claims will be

2  paid in full on the Effective Date. The amount asserted in Claim No. 5 of Magleby, Cataxinos &

3  Greenwood, P.C. ("Magleby"), $14.5 million, which amount is related to the *Final Judgment* (the

4  "Judgment") entered by the U.S. District Court for the District of Utah, Case No. 2:13-cv-00982-

5  DAK, on November 10, 2020, shall be deposited with the Court's registry as interpleaded funds on

6  the Effective Date, and will be released to Magleby only upon further order of this Court.

7         To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the

8  judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment. Nonetheless,

9  the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be

10  fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of

11  the Judgment, and any subsequent proceedings have been completed.

12         **3.    Interest Holders**

13         Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the

14  estate. Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul

15  Doyle ("Doyle") owns a 49% interest in the Debtor. On the Effective Date, these interests will be

16  cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value

17  contribution of $9,425,854.69. Based on current equity interests, Earnesty shall have the right to

18  purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle

19  shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for

20  $4,618,668.79. The new value contributions must be in cash, and funded fourteen (14) days prior to

21  the Effective Date. Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the

22  Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued

23  shares in the Reorganized Debtor for $9,425,854.69. Should Doyle fail to fund the full

24  $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to

25  purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

26         Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of

27  the new value contribution fourteen (14) days prior to the Confirmation Hearing. Neither Earnesty

28

**EXHIBIT "3"**

**PAGE 73**

1    nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2    purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3    **D.    Means of Effectuating this Plan and Implementations**

4          **1.    Funding this Plan**

5          All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

6    be paid in cash, in full, on the Effective Date of this Plan, or when allowed, and will be funded from

7    the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

8    Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

9    and the Debtor's cash-on-hand on the Effective Date.

10         **2.    Composition of the Reorganized Debtor**

11         The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

12   herein.  On the Effective Date, the equity interests in the Debtor shall be cancelled.  Each of

13   Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

14   in their current equity proportional share in the Debtor.  Specifically, Earnesty will have the option

15   to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

16   purchase 49% of the shares of the Reorganized Debtor.

17         This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

18   The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

19   fourteen (14) days prior to the Confirmation Hearing.  Earnesty will be entitled to purchase 51% of

20   the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

21   purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79.  If Earnesty

22   does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

23   If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

24   to purchase his 49%.  If either Earnesty or Doyle does not purchase their interest in the Reorganized

25   Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

26   Hearing, then the other party willing to purchase that interest will be required to deposit the

27   increased purchase amount seven (7) days prior to the Confirmation Hearing.

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "3"**

**PAGE 74**

1    In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-

2  fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the

3  Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any

4  other provision of this Plan to the contrary, as Earnesty's and Doyle's commitment to fund is

5  dependent on management continuity, minimized administrative expenses, and the absence of

6  disruption to the business, their funding commitment will terminate, and any funds in escrow shall

7  be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner,

8  chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and

9  Doyle's consent.

10    So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity

11  in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the

12  Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the

13  full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any

14  employment agreements with officers and/or employees of the Reorganized Debtor shall be

15  determined by officers of the Reorganized Debtor in accordance with the terms of the governing

16  shareholder agreement.

17    **3.    Disbursing Agent**

18    The Reorganized Debtor will serve as the disbursing agent for purposes of making all

19  distributions required to be made under this Plan.

20    **4.    Objections to Claims**

21    The Debtor and/or Reorganized Debtor will file objections to all claims which are

22  inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the

23  Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or

24  too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may

25  estimate any contingent or unliquidated disputed claim for purposes of confirmation of this Plan.

26  Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the

27  date the Court enters an order confirming this Plan or shall be deemed forever waived.  The

28  Reorganized Debtor shall have the authority to file any objections to claims following Plan

**EXHIBIT "3"**

**PAGE 75**

1  confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to

2  Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case

3  to resolve such claim objections following Plan confirmation.  Nothing contained in this Plan shall

4  constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

5  recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any

6  claim.

7        **5.      Disputed Claims Reserve**

8        The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any

9  objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such

10  agreement is reached, the amount that would have been distributed on the basis of the amount

11  claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof

12  of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that

13  would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor

14  pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv)

15  in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court

16  upon a motion brought on not less than 14 days' notice to the affected parties and an opportunity for

17  a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized

18  Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve

19  for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim,

20  the previous distributions due on account of such Allowed Claim shall be released from the disputed

21  claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on

22  account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the

23  holder of such Allowed Claim shall be returned to the Reorganized Debtor.

24        **6.      Avoidance Actions and Litigation**

25        The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to

26  bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized

27  Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for

28  pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

**EXHIBIT "3"**
**PAGE 76**

1  the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for

2  their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as

3  the actions would likely not resolve prior to the payments required under this Plan being made.

4  However, the Debtor is not waiving these claims, and should they need to be brought to ensure

5  payment to creditors, they will be available, up through, and including any statute of limitations

6  regarding the same.

7          **7.       Employment of Officers, Employees and Professionals**

8          On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer,

9  Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the

10  Reorganized Debtor shall have the right to employ and compensate such officers, directors,

11  employees, professionals, agents, and representatives as the Reorganized Debtor determines is

12  necessary or appropriate to implement all of the provisions of this Plan and to enable the

13  Reorganized Debtor to operate its business without the need for any further order of the Court.

14          **8.       Distributions to be Made Pursuant to this Plan**

15          All distributions to be made to the holders of Allowed claims pursuant to this Plan may be

16  delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they

17  may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007

18  and 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court,

19  to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within

20  180 days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such

21  null and void checks shall be returned to the Reorganized Debtor.  The holder of a claim with respect

22  to which a Non-Negotiated Check was issued shall forfeit all such holder's right to further

23  distributions under this Plan.

24          If there remain disputed claims in any creditor Class on the date of a distribution under this

25  Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in

26  an amount that would have been distributed on account of the disputed claim as if all such disputed

27  Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "3"**

**PAGE 77**

1    the formerly disputed claim will receive the distribution that the claim holder is entitled to receive

2    and any excess sums available will be distributed paid to the Reorganized Debtor.

3        **9.**      **Exculpations and Releases**

4        To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

5    any of their professionals employed or retained by any of them, shall have or incur liability to any

6    person or entity for any act taken or omission made in good faith in connection with or related to the

7    formulation and implementation of this Plan, or a contract, instrument, release, or other agreement or

8    document created in connection therewith, the solicitation of acceptances for or confirmation of this

9    Plan, or the consummation and implementation of this Plan and the transactions contemplated

10    thereby.

11        **10.**     **Injunctions**

12        **As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether**

13    **directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage,**

14    **demand, debt, right, cause of action, liability, or interest released, discharged, or terminated**

15    **pursuant to this Plan. Except as provided in this Plan or the Confirmation Order, as of the**

16    **Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or**

17    **liability that is discharged or an interest or other right of an equity security holder that is**

18    **extinguished pursuant to the terms of this Plan are permanently enjoined from taking any of**

19    **the following actions against the Debtor, the Reorganized Debtor, or their property on account**

20    **of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a)**

21    **commencing or continuing, in any manner or in any place, any action or other proceeding; (b)**

22    **enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or**

23    **order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,**

24    **right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to**

25    **the Debtor; and (e) commencing or continuing any action in any manner, in any place, that**

26    **does not comply with or is inconsistent with the provisions of this Plan. By accepting**

27    **distribution pursuant to this Plan, each holder of an allowed claim receiving distributions**

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "3"**

**PAGE 78**

pursuant to this Plan shall be deemed to have specifically and expressly consented to the injunction set forth in this Section.

Notwithstanding this provision, on the date that the Confirmation Order is entered by the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction against the Debtor pursuant to Oregon Statute 60.952.  The lifting of the automatic stay described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the District Court after the appeal of the Judgment.  The lifting of the automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment.  The lifting of the automatic stay as to any complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to allow the complaint to be filed, and litigated to judgment.  The lifting of the automatic stay described herein shall not allow the enforcement of any Judgment or award against the Debtor's estate, or the Reorganized Debtor.  As set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate.  The lifting of the automatic stay described herein also begins, or continues the running of any statute of limitations as of the entry of the Confirmation Order by the Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to Oregon Statute 60.952.

11.    **Executory Contracts and Unexpired Leases**

The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with Robinson and Alpha.  All of the amounts required to cure the pre-petition amounts owed to

**EXHIBIT "3"**
**PAGE 79**

1    Robinson and Alpha shall be paid in full through a setoff of the pre-petition deposits each of them

2    holds.  Any amounts owed to Robinson or Alpha for post-petition shipments of goods and services

3    constitute ordinary course of business payables that shall be paid in the ordinary course of business

4    post-confirmation.  All other unexpired leases and executory contracts of the Debtor not assumed in

5    writing within 30 days of the Effective Date shall be deemed rejected as of the Effective Date.  Any

6    proofs of claim for rejected executory contracts or unexpired leases may be filed with the Court

7    within 45 days of the Effective Date of this Plan.

8       All of the Debtor's remaining executory contracts and unexpired leases which have not

9    previously been assumed or rejected, and which are not included above shall be deemed rejected

10    effective as of 11:59 p.m. prevailing Pacific time on the Effective Date.  THE BAR DATE FOR

11    FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF

12    AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE

13    EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE.  Any

14    claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of

15    claim is not timely filed, unless the Bankruptcy Court orders otherwise.

16       **12.**     **Changes in Rates Subject to Regulatory Commission Approval**

17       The Debtor is not subject to governmental regulatory commission approvals.

18       **13.**     **Submission of Post-Confirmation Reports**

19       Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall

20    file with the Court and serve on the Office of the United States Trustee a status report (a) containing

21    the Debtor's receipts and disbursements during the prior three months and (b) explaining the

22    Debtor's progress toward obtaining a Final Decree.

23       **14.**     **Retention of Jurisdiction**

24       After confirmation of this Plan and the occurrence of the Effective Date, in addition to

25    jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally

26    permissible, including for the following purposes:

27       (a)     To resolve any and all disputes regarding the operation and interpretation of

28    this Plan and/or the Confirmation Order;

**EXHIBIT "3"**

**PAGE 80**

   (b) To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding and to consider any objection to claim or interest whether such objection is filed before or after the Effective Date;

   (c) To determine the extent, validity, and priority, of any lien asserted against property of the Debtor or property of the Debtor's estate;

   (d) To construe and take any action to enforce this Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Confirmation Order, and all matters referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto;

   (e) To determine any and all applications for the allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

   (f) To determine any request for payment of administrative expense;

   (g) To determine motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and the allowance of any claims resulting therefrom;

   (h) To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case, whether before, on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have the right to commence any avoidance actions after the Effective Date and to continue with the prosecution of any avoidance actions commenced by the Debtor before the Effective Date;

   (i) To determine the allowance of Claim Nos. 6, 7, and 8;

   (j) To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**EXHIBIT "3"**

**PAGE 81**

1          (k)      To modify this Plan under Section 1127 of the Bankruptcy Code in order to

2 remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in this Plan so

3 as to carry out its intent and purpose;

4          (l)      Except as otherwise provided in this Plan and Confirmation Order, to issue

5 injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain

6 interference with this Plan or the Confirmation Order, or the execution or implementation by any

7 person or entity of this Plan and Confirmation Order;

8          (m)     To issue such orders in aid of consummation of this Plan or the Confirmation

9 Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or

10 entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

11         (n)      To enter a final decree closing this Chapter 11 case.

12          **V.      EFFECT OF CONFIRMATION OF THIS PLAN**

13 **A.   Discharge**

14       The Debtor will receive a discharge under this Plan pursuant to and in accordance with the

15 provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of

16 the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a

17 portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of

18 the distributions to be made hereunder, except as otherwise expressly provided herein, each holder

19 (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest

20 and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the

21 Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and

22 all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective

23 Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the

24 Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated

25 Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property,

26 whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases

27 therefor were known or existed prior to the Effective Date.

28

1    Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

2  judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached

3  to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins

4  Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment

5  through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate

6  jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

7  **B.    Modification Of The Plan**

8    The Debtor may modify this Plan at any time before confirmation.  However, the Bankruptcy

9  Court may require a new disclosure statement and/or re-voting on this Plan if the Debtor modifies

10  this Plan before confirmation.  The Debtor may also seek to modify this Plan at any time after

11  confirmation of this Plan as long as (1) this Plan has not been substantially consummated and (2) the

12  Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

13  **C.    Post-Confirmation Conversion or Dismissal**

14    A creditor or other party in interest may bring a motion to convert or dismiss the case under

15  11 U.S.C. §1112(b) after this Plan is confirmed if there is a default in performing under this Plan.  If

16  the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after this Plan is

17  confirmed, all property that had been property of the Chapter 11 estate, and that has not been

18  disbursed pursuant to this Plan, will revest in the Chapter 7 estate, and the automatic stay will be

19  reimposed upon the revested property, but only to the extent that relief from stay was not previously

20  authorized by the Bankruptcy Court during this case.  The Confirmation Order may also be revoked

21  under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation Order if it

22  was procured by fraud and if a party in interest brings an adversary proceeding to revoke

23  confirmation within 180 days after the entry of the Confirmation Order.

24  **D.    Final Decree**

25    Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy

26  Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to

27  close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely

28  payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
15

**EXHIBIT "3"
PAGE 83**

Dated:  September 22, 2021

By: _____
        Tuong Nguyen
Chief Executive Officer of
Heartwise, Inc., Debtor-in-Possession

EXHIBIT "3"
PAGE 84

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov          ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.  The Plan is being served as Exhibit A to the Disclosure Statement.

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
          ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the following persons and/or entities by personal delivery as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593
          ☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                              **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "3"**
**PAGE 86**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "3"**
**PAGE 87**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Wed Sep 22 08:35:35 PDT 2021

Martini, Inc.
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

A. Clifford & Associates
1100 Town and Country Rd.
Suite 1250
Orange, CA 92868-4623

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Alpha House Research
2781 West Macarthur Blvd., Suite
34
Santa Ana, CA 92704-8300

American Express
P O Box 650448
Dallas, TX 75265-0448

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Capital One
P O Box 60599
City of Industry, CA 91716-0599

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Magleby Cataxinos & Greenwood, P.C.
ATTN:  J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

Martha Valenite
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

**EXHIBIT "3"**

**PAGE 88**

Tatyana Shykal
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Chinametrics, LLC
280 Summer Street
Boston, MA 02210-1131

Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686

Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651

Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235

RONALD CLIFFORD XXXXXXXXXXXXXXXXXXXXXXXXXX
R. Clifford & Associates XXXXXXXXXXXXXXXXXXX
1100 TOWN AND COUNTRY RD, SUITE 1250 XXXX
ORANGE, CA 92868-4633 XXXXXXXXXXXXXXXXXXXXX

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF

(u)DTO Law

(u)Greenberg Traurig, LLP

(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.

(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients    41
Bypassed recipients    12
Total                  53

**EXHIBIT "3"**
**PAGE 89**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document      Page 99 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 1 of 18

Ronald A. Clifford (State Bar No. 246542)
E-Mail: RAC@RCliffordLaw.com
R. CLIFFORD & ASSOCIATES
1100 Town and Country Rd., Suite 1250
Orange, California 926868
Telephone: (949) 533-9774

*General Insolvency Counsel for*
*Heartwise, Inc.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HEARTWISE, INC.,<br><br>                Debtor in Possession. | Case No.: 8:20-bk-13335-MW<br><br>Chapter 11<br><br>**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Confirmation Hearing Date, Time and Location:**<br>Date:    November 10, 2021<br>Time:    2:00 p.m.<br>Place:   411 West Fourth Street<br>             Santa Ana, CA 92701<br>             Courtroom 6C<br><br>**Objection and Voting Deadline:**<br>Date:  October 15, 2021 |

## I.   INTRODUCTION

On December 4, 2020 (the "Petition Date"), Heartwise, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This document is the *Debtor's First Amended Chapter 11 Plan of Reorganization* (this "Plan").

Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization. This Plan is a plan of reorganization that provides for certain payments to creditors of the Debtor on the Effective Date from, *inter alia*, income from the Debtor's business as more fully described below. The effective

**Formatted:** Font: Italic

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 100 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 2 of 18

1   date of this Plan (the "Effective Date") will be the first business day that is at least fifteen (15)

2   calendar days following the date of the entry of the Court order confirming this Plan (the

3   "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan

4   have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the

5   Confirmation Order; and (2) the Confirmation Order is not subject to any appeal or rehearing.  After

6   the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor," and shall be referred

7   to herein, when appropriate, as the Reorganized Debtor.

8   **II.  CLASSFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

9   **A.    What Creditors And Interest Holders Will Receive Under The Plan**

10       As required by the Bankruptcy Code, theis Plan (i) classifies claims and interests in various

11   classes according to their right to priority, (ii) states whether each class of claims or interests is

12   impaired or unimpaired, and provides the treatment each class will receive.

13   **B.    Unclassified Claims**

14       Certain types of claims are not placed into voting classes; instead they are unclassified. They

15   are not considered impaired and they do not vote on the Plan because they are automatically entitled

16   to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed

17   the following claims in a class.

18       **1.    Administrative Expenses**

19       Administrative expenses are claims for costs or expenses of administering the Debtor's

20   Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(2).  The Bankruptcy Code

21   requires that all administrative claims be paid on the Effective Date of theis Plan, unless a particular

22   claimant agrees to a different treatment.

23       The following chart lists all the Debtor's estimated §507(a)(2) administrative claims and their

24   treatment under theis Plan:

25   / / /

26   / / /

27   / / /

28

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
2

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 101 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 3 of 18

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Office of the U.S. Trustee | $72,000 (estimated) | Paid in full on the Effective Date |
| Clerk's Office Fees | TBD | Paid in full on the Effective Date |
| Unpaid Payroll | $360,000 | Paid in full on the Effective Date |
| DTO Law | $5,000.00 | Paid in full on the Effective Date |
| R. Clifford & Associates | $200,000 | Paid in full on the Effective Date |
| **Total** | **$637,000** | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before any particular fee or expense will be paid. For all professional fees and expenses, except fees owing to the Clerk of the Bankruptcy Court or U.S. Trustee, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimate as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower. Much of whether the administrative claims described above for professionals are the actual amounts will be dependent on whether the Debtor is required to engage in any substantial litigation regarding the confirmation of theis Plan and/or claim objections. If the Debtor is required to engage in such litigation, then the Debtor's professionals are likely to incur professional fees and expenses in excess of the figures set forth above.

Any creditors, other than professionals, wishing to file a request for the allowance of an administrative expense must file such request no later than thirty days (30) days after the Effective Date. Professionals shall have until 60 days following the Effective Date to file fee applications for all pre-confirmation amounts. By voting to accept thise Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any administrative claims, and no party is waiving any of its rights to object to the allowance of any administrative claim. Similarly, professionals who have been employed in these cases shall not be deemed to agree that the figures contained herein represent

**EXHIBIT "3"**

**PAGE 92**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 102 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise   Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 4 of 18

1  any ceiling on the amount of fees and expenses that such professionals have incurred or for which

2  they are entitled to seek payment.  Such fees and expenses are merely estimates provided at the time

3  of the preparation of th~~is~~ accompanying Disclosure Statement.

4       Administrative expenses incurred in the ordinary course of the Debtor's business~~, including~~

5  ~~vendor claims of Robinson, ss~~hall be paid in the ordinary course of business and, pursuant to 11

6  U.S.C. sections 363 and 1107, may be paid by the Reorganized Debtor without Court approval.

7       **2.    Priority Tax Claims**

8       Priority Tax Claims include certain unsecured income, employment, and other taxes

9  described in Section 507(a)(8) of the Bankruptcy Code.  The Debtor estimates that its asserted

10 priority tax claims are as follows:

| **Entity** | **Amount** | **Treatment** |
|---|---|---|
| Franchise Tax Board | $1,966.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $300,100.00 | Paid in full on the Effective Date |
| State Board of Equalization | $6,627.00 | Paid in full on the Effective Date |
| **Total** | **$308,693** | |

17 **C.    Classified Claims And Interests**

18      **1.    Priority Unsecured Claims**

19      Certain priority claims that are referred to in Sections 507(a)(3), (4), (5), (6), and (7) of the

20 Bankruptcy Code are required to be placed in classes.  These types of claims are entitled to priority

21 treatment as follows:  The Bankruptcy Code requires that each holder of such a claim receive cash

22 on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured

23 priority claim holders may vote to accept deferred cash payments of a value, as of the Effective

24 Date, equal to the allowed amount of such claim.  The Debtor does not estimate any priority

25 unsecured claims.

26      **2.    Class 1: General Unsecured Claims**

27      General unsecured claims are unsecured claims not entitled to priority under 11 U.S.C. §

28 507(a).  General unsecured non-priority claims will comprise Class 1.  It is estimated that Class 1

**EXHIBIT "3"**
**PAGE 93**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 103 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 5 of 18

1  claims will total $14,791,554.1154,667.23 (after application of pre-petition deposits).  Class 1 claims

2  will be paid in full on the Effective Date.  The amount related toasserted in Claim No. 5 of Magleby,

3  Cataxinos & Greenwood, P.C. ("Magleby"), $14.5 million, relatedwhich amount is related to to the

4  *Final* Judgment (the "Judgment") entered by the U.S. District Court for the District of Utah, Case

5  No. 2:13-cv-00982-DAK, on November 10, 2020, shall be deposited with the Court's registry as

6  interpleaded funds on the Effective Date, and will be released to Magleby only upon further order of

7  this Court.

8        To be clear, the Debtor has filed an appeal of the Judgment, and Vitamins Online, Inc., the

9  judgment creditor, has stated that it will be pursuing a cross-appeal of the Judgment.  Nonetheless,

10  the $14.5 million to pay the Judgment in full, which includes attorneys' fees and interest, will be

11  fully funded on the Effective Date as set forth above, but not released to Magleby until all appeals of

12  the Judgment, and any subsequent proceedings have been completed.

13        **3.**    ~~Class 2:~~**Interest Holders**

14        Interest holders are the parties who hold an ownership interest (i.e. equity interest) in the

15  estate.  Currently, Earnesty, LLC ("Earnesty") owns a 51% interest in the Debtor, and DavidPaul

16  Doyle ("Doyle") owns a 49% interest in the Debtor.  On the Effective Date, these interests will be

17  cancelled, and new shares in the Reorganized Debtor will be issued in exchange for the new value

18  contribution of $9,425,854.69.  Based on current equity interests, Earnesty shall have the right to

19  purchase 51% of the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle

20  shall have the right to purchase 49% of the newly issues shared in the Reorganized Debtor for

21  $4,618,668.79.  The new value contributions must be in cash, and funded fourteen (14) dayson prior

22  to the Effective Date.  Should Earnesty fail to fund the full $4,807,185.89 for its 51% interest in the

23  Reorganized Debtor, Doyle shall have the opportunity to purchase the entirety of the newly issued

24  shares in the Reorganized Debtor for $9,425,854.69.  Should Doyle fail to fund the full

25  $4,618,668.79 for his 49% interest in the Reorganized Debtor, Earnesty shall have the opportunity to

26  purchase the entirety of the newly issued shared in the Reorganized Debtor for $9,425,854.69.

27        Both Earnesty and Doyle shall be required to deposit into an escrow account, their share of

28  the new value contribution fourteen (14) days prior to the Confirmation Hearing.  Neither Earnesty

**Formatted:** Font: Italic

**EXHIBIT "3"**

**PAGE 94**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document      Page 104 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 6 of 18

1  nor Doyle shall be permitted to assign their interests in, prospective interests in, or right to fund the

2  purchase of interests in, the Reorganized Debtor prior to the Effective Date.

3  ///

4  ///

5  **D.    Means of Effectuating the~~is~~ Plan and Implementations**

6      **1.    Funding the~~is~~ Plan**

7      All pre-petition claims of the Debtor, including priority tax claims, and Class 1 claims shall

8  be paid in cash, in full, on the Effective Date of th~~is~~e Plan, or when allowed, and will be funded from

9  the new value contribution, the return of deposits from Robinson Pharma, Inc. ("Robinson") and

10  Alpha Health Research ("Alpha"), the remaining retainer from Law Offices of Michael Jay Berger,

11  and the Debtor's cash-on-hand on the Effective Date.

12      **2.    Composition of the Reorganized Debtor**

13      The Reorganized Debtor's equity will be owned by Earnesty and/or Doyle as provided

14  herein.  On the Effective Date, the equity interests in the Debtor shall be cancelled.  Each of

15  Earnesty and Doyle will have the ability to purchase newly issued shares in the Reorganized Debtor

16  in their current equity proportional share in the Debtor.  Specifically, Earnesty will have the option

17  to purchase 51% of the shares of the Reorganized Debtor, and Doyle will have the option to

18  purchase 49% of the shares of the Reorganized Debtor.

19      This equity purchase in the Reorganized Debtor shall constitute the new value contribution.

20  The purchase must be in cash, on the Effective Date, with the cash deposited in escrow at least

21  fourteen (14) days prior to the Confirmation Hearing.  Earnesty will be entitled to purchase 51% of

22  the newly issued shares in the Reorganized Debtor for $4,807,185.89, and Doyle will be entitled to

23  purchase 49% of the newly issued shared in the Reorganized Debtor for $4,618,668.79.  If Earnesty

24  does not purchase its 51% in the Reorganized Debtor, Doyle will have the right to purchase his 51%.

25  If Doyle does not purchase his 49% interest in the Reorganized Debtor, Earnesty will have the right

26  to purchase his 49%.  If either Earnesty or Doyle does not purchase their interest in the Reorganized

27  Debtor by depositing the required amount on or before fourteen (14) days prior to the Confirmation

28

**EXHIBIT "3"**

**PAGE 95**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document         Page 105 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 7 of 18

1   Hearing, then the other party willing to purchase that interest will be required to deposit the

2   increased purchase amount seven (7) days prior to the Confirmation Hearing.

3       In no event will the full $9,425,854.69 go unfunded in that Earnesty has agreed that it will in-

4   fact purchase its 51% interest in the Reorganized Debtor, as well as Doyle's 49% interest in the

5   Reorganized Debtor should Doyle choose not to purchase his 49% option.  Notwithstanding any

6   other provision of theis Plan to the contrary, as Earnesty's and Doyle's commitment to fund is

7   dependent on management continuity, minimized administrative expenses, and the absence of

8   disruption to the business, their funding commitment will terminate, and any funds in escrow shall

9   be released to each of them that has posted any such amounts, if a chapter 11 Trustee, examiner,

10  chief restructuring officer or other manager of the Debtor is appointed without Earnesty's  and

11  Doyle's consent.

12      So long as Doyle and Earnesty purchase their proportional shares of the newly issued equity

13  in the Reorganized Debtor, the current Shareholder Agreement of the Debtor shall serve as the

14  Shareholder Agreement of the Reorganized Debtor.  If only one of Doyle or Earnesty purchase the

15  full equity in the Reorganized Debtor, then a new shareholder agreement shall govern.  Any

16  employment agreements with officers and/or employees of the Reorganized Debtor shall be

17  determined by officers of the Reorganized Debtor in accordance with the terms of the governing

18  shareholder agreement.

19      **3.      Disbursing Agent**

20      The Reorganized Debtor will serve as the disbursing agent for purposes of making all

21  distributions required to be made under theis Plan.

22      **4.      Objections to Claims**

23      The Debtor and/or Reorganized Debtor will file objections to all claims which are

24  inconsistent with the Debtor's books and records or which lack legal and/or factual basis, unless the

25  Debtor and/or Reorganized Debtor deem the inconsistency or amount at issue to be insignificant or

26  too small to warrant litigation.  As provided in §502(c) of the Bankruptcy Code, the Court may

27  estimate any contingent or unliquidated disputed claim for purposes of confirmation of theis Plan.

28  Any requests for estimation of claims for any purpose shall be filed no later than 30 days after the

---

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

7

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 106 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 8 of 18

1  date the Court enters an order confirming th~~e~~is Plan or shall be deemed forever waived.  The

2  Reorganized Debtor shall have the authority to file any objections to claims following Plan

3  confirmation (or to continue the prosecution of such objections commenced by the Debtor prior to

4  Plan confirmation), and the Court shall retain jurisdiction over the Reorganized Debtor and this case

5  to resolve such claim objections following Plan confirmation.  Nothing contained in th~~e~~is Plan shall

6  constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

7  recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect to any

8  claim.

9       **5.**     **Disputed Claims Reserve**

10       The amount to be reserved on account of any Disputed Claim shall be (i) an amount that any

11  objecting party and the holder of the Disputed Claim shall agree should be withheld, (ii) if no such

12  agreement is reached, the amount that would have been distributed on the basis of the amount

13  claimed by the holder in its proof of claim filed or deemed filed in the Bankruptcy Case if such proof

14  of claim asserts a fixed, liquidated sum, (iii) if neither clause (i) or (ii) applies, the amount that

15  would have been distributed on the basis of the amount shown in the Schedules filed by the Debtor

16  pursuant to Rule 1007 if such amount is a fixed, liquidated sum and no proof of claim is filed, or (iv)

17  in the case of a contingent or unliquidated claim, the amount estimated by the Bankruptcy Court

18  upon a motion brought on not less than 14 days~~'~~ notice to the affected parties and an opportunity for

19  a hearing under Rule 9014-1(b).  Before any distribution on account of a Class, the Reorganized

20  Debtor shall transfer to a disputed claims reserve account an amount equal to the appropriate reserve

21  for Disputed Claims in that Class.  At such time as a Disputed Claim becomes an Allowed Claim,

22  the previous distributions due on account of such Allowed Claim shall be released from the disputed

23  claims reserve account for delivery to the holder of such Allowed Claim.  Any funds reserved on

24  account of a Disputed Claim that becomes an Allowed Claim which exceed the amount due to the

25  holder of such Allowed Claim shall be returned to the Reorganized Debtor.

26       **6.**     **Avoidance Actions and Litigation**

27       The Debtor, or the Reorganized Debtor, as the case may be, shall retain the exclusive right to

28  bring any and all actions under Chapter 5 of the Bankruptcy Code.  The Debtor or Reorganized

**EXHIBIT "3"**

**PAGE 97**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 107 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 9 of 18

1  Debtor also expressly reserve the right to bring any and all actions against any parties-in-interest for

2  pre-petition and post-petition conduct.  The value of the retained actions at this point is unknown to

3  the Debtor.  Given the fact that this is a 100% plan, meaning that creditors are being paid in full for

4  their allowed claims, the Reorganized Debtor does not intend on brining any avoidance actions as

5  the actions would likely not resolve prior to the payments required under th~e~is Plan being made.

6  However, the Debtor is not waiving these claims, and should they need to be brought to ensure

7  payment to creditors, they will be available, up through, and including any statute of limitations

8  regarding the same.

9  ///

10      **7.    Employment of Officers, Employees and Professionals**

11      On the Effective Date, the Reorganized Debtor will employ as its Chief Executive Officer,

12  Tuong Nguyen, and as its Chief Financial Officers, Elaine Phan.  On or after the Effective Date, the

13  Reorganized Debtor shall have the right to employ and compensate such officers, directors,

14  employees, professionals, agents, and representatives as the Reorganized Debtor determines is

15  necessary or appropriate to implement all of the provisions of th~e~is Plan and to enable the

16  Reorganized Debtor to operate its business without the need for any further order of the Court.

17      **8.    Distributions to be Made Pursuant to th~e~is Plan**

18      All distributions to be made to the holders of Allowed claims pursuant to th~e~is Plan may be

19  delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they

20  may from time to time be amended in accordance with Federal Rule of Bankruptcy Procedure 1007

21  and 1009, or, if a different address is stated in a proof of claim duly file~d~ with the Bankruptcy Court,

22  to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within

23  18~20~ days after the date of issuance thereof (the "Non-Negotiated Checks") and the amounts of such

24  null and void checks shall be ~redistributed among all other unsecured creditors~returned to the

25  Reorganized Debtor.  The holder of a claim with respect to which a Non-Negotiated Check was

26  issued shall forfeit all such holder's right to further distributions under th~e~is Plan.

27      If there remain disputed claims in any creditor Class on the date of a distribution under th~e~is

28  Plan, a sum shall be withheld from the distribution to the holders of allowed claims of that Class in

**EXHIBIT "3"**

**PAGE 98**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 108 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 10 of 18

1  an amount that would have been distributed on account of the disputed claim as if all such disputed

2  Class claims were allowed in the amounts asserted.  Once a disputed claim is resolved, the holder of

3  the formerly disputed claim will receive the distribution that the claim holder is entitled to receive

4  and any excess sums available will be distributed paid to the Reorganized Debtor.

5      **9.    Exculpations and Releases**

6      To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

7  any of their ~~employees, officers, directors, shareholders, agents, members, representatives, or~~

8  professionals employed or retained by any of them, shall have or incur liability to any person or

9  entity for any act taken or omission made in good faith in connection with or related to the

10  formulation and implementation of th~~is~~e Plan, or a contract, instrument, release, or other agreement

11  or document created in connection therewith, the solicitation of acceptances for or confirmation of

12  th~~e~~is Plan, or the consummation and implementation of th~~e~~is Plan and the transactions contemplated

13  thereby.

14      **10.    Injunctions**

15      **As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether**

16  **directly, indirectly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage,**

17  **demand, debt, right, cause of action, liability, or interest released, discharged, or terminated**

18  **pursuant to th~~e~~is Plan.  Except as provided in th~~e~~is Plan or the Confirmation Order, as of the**

19  **Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or**

20  **liability that is discharged or an interest or other right of an equity security holder that is**

21  **extinguished pursuant to the terms of th~~e~~is Plan are permanently enjoined from taking any of**

22  **the following actions against the Debtor, the Reorganized Debtor, or their property on account**

23  **of any such discharged claims, debts, or liabilities or extinguished interests or rights: (a)**

24  **commencing or continuing, in any manner or in any place, any action or other proceeding; (b)**

25  **enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or**

26  **order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,**

27  **right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to**

28  **the Debtor; and (e) commencing or continuing any action in any manner, in any place, that**

**EXHIBIT "3"**

**PAGE 99**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document      Page 109 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 11 of 18

does not comply with or is inconsistent with the provisions of this Plan.  By accepting distribution pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically and expressly consented to the injunction set forth in this Section.

Notwithstanding this provision, on the date that the Confirmation Order is entered by the Court, the automatic stay applicable to this Case through 11 U.S.C. § 362, shall terminate to allow: (1) regarding the Judgment, the Debtor's appeal, and any cross-appeal by Vitamins Online to be filed and litigated to conclusion; (2) Vitamins Online to file and litigate the complaint attached as Exhibit A to Claim No. 7 filed by Vitamins Online in the Bankruptcy Case; and (3) Doyle to file and litigate any complaint in a court of competent jurisdiction against the Debtor pursuant to Oregon Statute 60.952.  The lifting of the automatic stay described herein as to the Judgment is solely to allow Vitamins Online and the Debtor to obtain a favorable ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the District Court after the appeal of the Judgment.  The lifting of the automatic stay described herein as to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment.  The lifting of the automatic stay as to any complaint to be filed by Doyle as against the Debtor under Oregon Statute 60.952 is solely to allow the complaint to be filed, and litigated to judgment.  The lifting of the automatic stay described herein shall not allow the enforcement of any Judgment or award against the Debtor's estate, or the Reorganized Debtor.  As set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or awards against the Debtor's estate. The lifting of the automatic stay described herein also begins, or continues the running of any statute of limitations as of the entry of the Confirmation Order by the Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint attached to Claim No. 7 as Exhibit A, and Doyle's filing of a complaint against the Debtor pursuant to Oregon Statute 60.952.

      11.    Executory Contracts and Unexpired Leases

**EXHIBIT "3"**

**PAGE 100**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 110 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 12 of 18

1    The Reorganized Debtor, as of the Effective Date, shall assume the contracts it has with

2  Robinson Contract and theand Alpha Contract.  All of the amounts required to cure the pre-petition

3  amounts owed to Robinson and Alpha shall be paid in full through a setoff of the pre-petition

4  deposits each of them holds.  Any amounts owed to Robinson or Alpha for post-petition shipments

5  of goods and services constitute ordinary course of business payables that shall be paid in the

6  ordinary course of business post-confirmation.  All other unexpired leases and executory contracts of

7  the Debtor not assumed in writing within 30 days of the Effective Date shall be deemed rejected as

8  of the Effective Date.  Any proofs of claim for rejected executory contracts or unexpired leases may

9  be filed with the Court within 45 days of the Effective Date of theis Plan.

10    All of the Debtor's remaining executory contracts and unexpired leases which have not

11  previously been assumed or rejected, and which are not included above shall be deemed rejected

12  effective as of 11:59 p.m. prevailing Pacific time on the Effective Date.  THE BAR DATE FOR

13  FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF

14  AN UNEXPIRED LEASE OR EXECUTORY CONTRACT THAT IS REJECTED ON THE

15  EFFECTIVE DATE WILL BE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE.  Any

16  claim based on the rejection of an unexpired lease or executory contract will be barred if a proof of

17  claim is not timely filed, unless the Bankruptcy Court orders otherwise.

18    **12.    Changes in Rates Subject to Regulatory Commission Approval**

19    The Debtor is not subject to governmental regulatory commission approvals.

20    **13.    Submission of Post-Confirmation Reports**

21    Until a Final Decree is obtained, each January, April, July, and September, the Debtor shall

22  file with the Court and serve on the Office of the United States Trustee a status report (a) containing

23  the Debtor's receipts and disbursements during the prior three months and (b) explaining the

24  Debtor's progress toward obtaining a Final Decree.

25    **14.    Retention of Jurisdiction**

26    After confirmation of theis Plan and the occurrence of the Effective Date, in addition to

27  jurisdiction that exists in any court, the Bankruptcy Court will retain such jurisdiction as is legally

28  permissible, including for the following purposes:

**EXHIBIT "3"**

**PAGE 101**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 111 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 13 of 18

1   (a)     To resolve any and all disputes regarding the operation and interpretation of

2   this Plan and/or the Confirmation Order;

3   (b)     To determine the allowability, classification, or priority of claims and interests

4   upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to

5   bring such objection or proceeding and to consider any objection to claim or interest whether such

6   objection is filed before or after the Effective Date;

7   (c)     To determine the extent, validity, and priority, of any lien asserted against

8   property of the Debtor or property of the Debtor's estate;

9   (d)     To construe and take any action to enforce this Plan, the Confirmation Order,

10  and any other order of the Court, issue such orders as may be necessary for the implementation,

11  execution, performance, and consummation of this Plan and the Confirmation Order, and all matters

12  referred to in this Plan or the Confirmation Order, and to determine all matters that may be pending

13  before the Court in this case on or before the Effective Date with respect to any person or entity

14  related thereto;

15  (e)     To determine any and all applications for the allowance of compensation and

16  reimbursement of expenses of professionals for the period on or before the Effective Date;

17  (f)     To determine any request for payment of administrative expense;

18  (g)     To determine motions for the assumption, assumption and assignment, or

19  rejection of executory contracts or unexpired leases filed within 45 days of the Effective Date and

20  the allowance of any claims resulting therefrom;

21  (h)     To determine all applications, motions, adversary proceedings, contested

22  matters, and any other litigated matters instituted during the pendency of this case, whether before,

23  on, or after the Effective Date, including avoidance actions, and the Reorganized Debtor shall have

24  the right to commence any avoidance actions after the Effective Date and to continue with the

25  prosecution of any avoidance actions commenced by the Debtor before the Effective Date;

26  (i)     To determine the allowance of Claim Nos. 6, 7, and 8;

27  (j)     To determine such other matters and for such other purposes as may be

28  provided in the Confirmation Order;

**HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
13

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document    Page 112 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise    Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 14 of 18

(k<del>j</del>)     To modify this Plan under Section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in th<ins>is</ins><del>e</del> Plan or to reconcile any inconsistency in this Plan so as to carry out its intent and purpose;

(k<del>l</del>)     Except as otherwise provided in this Plan and Confirmation Order, to issue injunctions, to take such actions or make such orders as may be necessary or appropriate to restrain interference with this Plan or the Confirmation Order, or the execution or implementation by any person or entity of this Plan and Confirmation Order;

(l<del>m</del>)     To issue such orders in aid of consummation of this Plan or the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or the Bankruptcy Rules; and

(m<del>n</del>)     To enter a final decree closing this Chapter 11 case.

## V.     EFFECT OF CONFIRMATION OF TH<ins>IS</ins><del>E</del> PLAN

### A.     Discharge

The Debtor will receive a discharge under th<ins>is</ins><del>e</del> Plan pursuant to and in accordance with the provisions of 11 U.S.C. § 1141 because there has not been a liquidation of all or substantially all of the property of the Debtor's estate and because the Reorganized Debtor will be continuing with a portion of the Debtor's current business operations.  Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtor against the Debtor, the Reorganized Debtor, or any of their assets or property, whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

**EXHIBIT "3"**

**PAGE 103**

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
Main Document      Page 113 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise   Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 15 of 18

1    Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any

2    judgment obtained by Vitamins Online related solely to the timely filing of the complaint it attached

3    to Claim No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by Vitamins

4    Online through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment

5    through the Debtor's appeal; and (3) any amounts that Doyle obtains from a court of appropriate

6    jurisdiction related to a judgment entered against the Debtor based on Oregon Statute 60.952.

7

> **Formatted**
>
> **Formatted:** Indent: First line: 0"

8    **B.      Modification Of The Plan**

9         The Debtor may modify theis Plan at any time before confirmation.  However, the

10   Bankruptcy Court may require a new disclosure statement and/or re-voting on this e Plan if the

11   Debtor modifies theis Plan before confirmation.  The Debtor may also seek to modify theis Plan at

12   any time after confirmation of theis Plan as long as (1) this e Plan has not been substantially

13   consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a

14   hearing.

15   **C.      Post-Confirmation Conversion or Dismissal**

16        A creditor or other party in interest may bring a motion to convert or dismiss the case under

17   11 U.S.C. §1112(b) after this e Plan is confirmed if there is a default in performing under theis Plan.

18   If the Bankruptcy Court orders the Debtor's Chapter 11 case converted to Chapter 7 after theis Plan

19   is confirmed, all property that had been property of the Chapter 11 estate, and that has not been

20   disbursed pursuant to theis Plan, will revest in the Chapter 7 estate, and the automatic stay will be

21   reimposed upon the revested property, but only to the extent that relief from stay was not previously

22   authorized by the Bankruptcy Court during theseis cases.  The Confirmation Order may also be

23   revoked under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation

24   Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke

25   confirmation within 180 days after the entry of the Confirmation Order.

26   **D.      Final Decree**

27        Once this estate has been fully administered as referred to in Federal Rule of Bankruptcy

28   Procedure 3022, the Reorganized Debtor will file a motion with the Court to obtain a final decree to

---

HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION

15

Case 8:20-bk-13335-SC    Doc 782    Filed 04/29/22    Entered 04/29/22 11:30:36    Desc
                    Main Document         Page 114 of 169

Case 8:20-bk-13335-MW    Doc 460-1    Filed 09/22/21    Entered 09/22/21 11:37:50    Desc
[Redlined] Heartwise   Inc.s First Amended Chapter 11 Plan of Reorganizati    Page 16 of 18

1   close the Debtor's Chapter 11 case.  The Reorganized Debtor shall be responsible for the timely

2   payment of all fees incurred pursuant to 28 U.S.C. §1930(a)(6).

4   Dated:  ~~May 5,~~ September 22, 2021

5          ~~~~By:_____

6                                              Tuong Nguyen
                                               Chief Executive Officer of
7                                              Heartwise, Inc., Debtor-in-Possession

8   ~~Presented by:~~

9   ~~/s/ Ronald A. Clifford~~

10  ~~Ronald A. Clifford~~
    ~~BLAKELEY LLP~~
11  ~~General Insolvency Counsel~~
12  ~~to Heartwise, Inc.~~

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town and Country Rd., Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled: [Redlined] *Heartwise, Inc.'s Chapter 11 Plan of Reorganization* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Alpha Health Research
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Ernesty LLC
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Anthony Bisconti on behalf of Defendant Tuong Nguyen
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com

Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com

Jared Glicksman on behalf of Plaintiff DavidPaul Doyle
jglicksman@yocca.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com

Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Steven J. Katzman on behalf of Defendant Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com

Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "3"**

**PAGE 106**

Kathleen P March on behalf of Interested Party Vitamins Online, Inc.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net

Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Alpha Health Research
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Ernesty LLC
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Carlos A Nevarez on behalf of Defendant Tuong Nguyen
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com

Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                              ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On September 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
                                                         ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 22, 2021, I served the
following persons and/or entities by personal delivery as follows. Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593
                                                         ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "4"**

1  Ronald A. Clifford (State Bar No. 246542)
   E-Mail: RAC@RCliffordLaw.com
2  **R. CLIFFORD & ASSOCIATES**
3  1100 Town and Country Rd., Suite 1250
   Orange, California 92868
4  Telephone: (949) 533-9774

5  *General Insolvency Counsel for*
   *Heartwise, Inc.*
6

**FILED & ENTERED**

**DEC 17 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

7                UNITED STATES BANKRUPTCY COURT

8          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

CHANGES MADE BY COURT

9  In re:                              Case No.: 8:20-bk-13335-MW

10 HEARTWISE, INC.,                    Chapter 11

11          Debtor in Possession.      **ORDER CONFIRMING HEARTWISE,**
12                                      **INC.'S FIRST AMENDED CHAPTER 11**
                                        **PLAN OF REORGANIZATION AND**
13                                      **DENYING WITH PREJUDICE CERTAIN**
                                        **CONFIRMATION ORDER-RELATED**
14                                      **MOTIONS**
15
                                        **Hearing Date, Time and Location:**
16                                      Date:    November 10, 2021
                                        Time:    2:00 p.m.
17                                      Place:   411 West Fourth Street
                                                 Santa Ana, CA 92701
18                                               Courtroom 6C
19

20                                 **BACKGROUND FACTS**

21         Heartwise, Inc. ("Heartwise") and Vitamins Online, Inc. ("VOL") engage in the business of

22 selling vitamins and nutritional supplements online and are business competitors.  On October 23,

23 2013, VOL filed a complaint against Heartwise in the United States District Court for the District of

24 Utah (the "District Court") alleging claims for unfair competition and false advertising under federal

25 and Utah law (the "District Court Action").  Nearly five years later, in approximately August to

26 September 2018, VOL engaged Magleby, Cataxinos & Greenwood, P.C. ("MCG") to lead the

27 prosecution of the District Court Action.  MCG sent VOL an engagement letter dated September 27,

28 2018 that memorializes the terms of the engagement (the "Engagement Agreement").  The

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

1

**EXHIBIT "4"
PAGE 108**

1  Engagement Agreement provided for reduced hourly rates plus a contingency fee.  In the event

2  MCG gained VOL a recovery in excess of $5 million (defined as the "Extraordinary Result

3  Threshold"), MCG would become entitled to an increased contingency fee.  The Engagement

4  Agreement also arguably provides that MCG had the exclusive right to collect any payment on an

5  award to VOL, to subtract its attorneys' fees and costs and to remit the balance to VOL.

6        The District Court held a three-week bench trial in the summer of 2020.  The District Court

7  made very detailed findings of fact and conclusions of law in a 53-page document and awarded VOL

8  $9,551,232 in damages against Heartwise plus prejudgment interest plus reasonable attorneys' fees

9  (the "Judgment").  The amount of attorneys' fees has not yet been determined, but parties generally

10  expect the Judgment with awarded attorneys' fees and prejudgment interest to be about $14.5

11  million.

12        Although one might reasonably expect that VOL would be thrilled with a Judgment that was

13  double (or possibly triple, depending upon how the matter is viewed) the "Extraordinary Result

14  Threshold" that VOL itself had agreed to when it signed the Engagement Agreement, that does not

15  appear to have been the case.  VOL took the position that the District Court got it wrong, and that

16  VOL was entitled to <u>an additional $34 million</u> beyond that awarded to it in the Judgment.

17        VOL's next move was to fire MCG – the law firm that had gained it a recovery double and

18  possibly triple the "Extraordinary Result Threshold" -- and to purportedly terminate the Engagement

19  Agreement.

20        Heartwise filed a notice of appeal with respect to the Judgment.  VOL intended to file a

21  cross-appeal of the Judgment, but before that could occur Heartwise filed a voluntary chapter 11

22  petition in this Court on December 4, 2020.  VOL was thus stayed from filing the cross-appeal.

23        Early in the case, Heartwise proposed a plan of reorganization that would pay all creditors

24  holding allowed claims 100 cents on the dollar.  This included the Judgment.  Generally, creditors

25  who are presented with a chapter 11 plan of reorganization that pays them 100 cents on the dollar

26  tend to approve of and support confirmation of such a plan, but that did not occur here.  VOL

27  repeatedly endeavored through various filings with the Court to prevent Heartwise's 100-cents-on-

28  the-dollar plan from getting to a plan confirmation hearing and then continued these efforts during

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
2

1  the multi-day confirmation hearing itself and again after the confirmation hearings concluded.

2  Heartwise has alleged that VOL's objective in this case is not to have the Judgment paid in full but

3  instead to destroy Heartwise as a business competitor and to prevent it from reorganizing (or else to

4  end up owning the entirety of Heartwise's capital stock).

5      VOL filed Claim 3-1 (later amended in Claim 3-2) with respect to the Judgment.  VOL also

6  filed Claim 8 for the additional $34 million that the District Court had purportedly erred in failing to

7  add to the Judgment.  Finally, VOL filed Claim 7 for an additional $20 million in damages unrelated

8  to the District Court Action.

9      Claim 3-2 and Claim 8 drew objections filed by MCG.  MCG evidently fears that if the

10  Judgment is paid by Heartwise directly to VOL, VOL will not honor the terms of the Engagement

11  Agreement and will decline to pay MCG the hourly and contingency fees it has earned by winning

12  VOL a recovery that is double or triple the "Extraordinary Result Threshold."  To protect itself

13  against the risk of non-payment, MCG filed Claim 5-2 and Claim 12, asserting that any amounts

14  paid by Heartwise in respect of the Judgment or in respect of VOL's $34 million claim in Claim 8

15  must be paid to MCG, not VOL, because of MCG's alleged rights under the Engagement Agreement

16  to collect the Judgment (and the $34 million addition thereto, should VOL be successful in its

17  contention that the District Court erred in failing to award VOL an extra $34 million in the District

18  Court Action).  MCG does not dispute that if moneys are paid to MCG under Claim 5-2 and Claim

19  12, MCG would have an obligation to pay the excess amount over to VOL after MCG has deducted

20  the fees and costs to which it is allegedly entitled under the Engagement Agreement (and possibly

21  amounts owing to a third party who provided litigation financing to VOL).  MCG supports

22  confirmation of the Plan (as that term is defined below) and generally has argued in opposition to

23  VOL throughout most or all of this case.

24      Upon motion by Heartwise and a hearing, the Court estimated Claim 7, Claim 8 and Claim

25  12 at <u>zero</u> for purposes of distribution under a plan of reorganization and for voting (but not for

26  allowance).

27      VOL was initially represented in this bankruptcy case by Levene, Neale, Bender, Yoo &

28  Golubcik ("Levene Neale").  VOL then replaced Levene Neale with The Bankruptcy Law Firm, P.C.

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
3

**EXHIBIT "4"**
**PAGE 110**

1    ("BLF") whose principal attorney is Kathleen March, Esq.  Finally, Hahn & Hahn LLP has

2    substituted in for BLF as VOL's third set of attorneys in this chapter 11 case within less than one

3    year.

4            Prior to a transaction described below, Heartwise's capital stock was owned 51 percent by

5    Earnesty, LLC ("Earnesty") and 49 percent by DavidPaul Doyle ("Mr. Doyle").  Like VOL, Mr.

6    Doyle objected to confirmation of Heartwise's chapter 11 plan of reorganization (although on

7    grounds generally different from those asserted by VOL).

8            Heartwise's First Amended Chapter 11 Plan of Reorganization (the "Plan") provides for

9    payment of all creditors holding allowed claims 100 cents on the dollar plus postpetition interest.

10   Because MCG disputes VOL's Claim 3-2, the Plan provides for Heartwise to interplead

11   approximately $14.5 million in moneys ear-marked to pay the Claim 3-2 or Claim 5-2 (depending

12   upon how the interpleader is ultimately resolved).  Payment in full with interest occurs on the

13   effective date of the Plan, which is the first business day that is 14 days after entry of an order

14   confirming the Plan.  However, if an appeal of the Confirmation Order is taken, the Plan does not

15   become effective (unless Heartwise waives that condition).

16           The Plan does not provide for any distribution to Claim 7, Claim 8 or Claim 12 because each

17   of those claims has been estimated by this Court at zero for purposes of distribution and Plan

18   confirmation.  The Plan provides that litigation involving these claims can go forward after the Plan

19   becomes effective, and in the event these Claims are allowed in any amount, such Claims will be

20   paid in cash in full.

21           The Plan is partially funded by cash contributions by Heartwise's shareholders, with the

22   balance of the funding to come from cash already on hand plus the release of multi-million dollar

23   deposits held by parties with whom Heartwise transacts business.  The shareholder cash contribution

24   in the aggregate is about $9.5 million, with 51 percent thereof to be paid by Earnesty and 49 percent

25   to be paid by Mr. Doyle.  If either shareholder declines to fund the Plan in the required amount, the

26   other shareholder has the right to make the contribution of the shareholder who declined to fund.

27   This has actually occurred, with Mr. Doyle declining to advance his 49 percent share of the

28   approximate $9.5 million aggregate contribution.  Earnesty will be paying the entirety of the $9.5

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
4

EXHIBIT "4"

PAGE 111

1  million contribution and as a result will own 100 percent of Heartwise's capital stock.

2        At the outset of the hearing on Plan confirmation on November 10, 2021, VOL's chief

3  financial officer, Osman Khan ("Mr. Khan"), announced that he had purchased the entirety of Mr.

4  Doyle's interest in Heartwise, including but not limited to all Heartwise capital stock owned by Mr.

5  Doyle, all claims Mr. Doyle had against Heartwise, and Mr. Doyle's interest as plaintiff in an

6  adversary proceeding he commenced in this main bankruptcy case.  Upon hearing this, the Court

7  ruled that Mr. Doyle was no longer a "party in interest" and therefore was not entitled to call

8  witnesses, introduce evidence, make objections or otherwise be heard at the confirmation hearing.

9  An emergency motion for reconsideration of this ruling was filed and denied.  Mr. Doyle has

10  appealed this ruling to the United States District Court for the Central District of California and, in

11  this Court, has filed a motion seeking a stay pending appeal (the "Stay Motion").  The Court heard

12  oral argument on the Stay Motion on December 15, 2021.  This Court's determination of the Stay

13  Motion is set forth below.

14        Following a multi-day confirmation hearing trial (the "Confirmation Hearing"), the Court on

15  November 23, 2021 entered its Memorandum Decision and Order, Docket No. 561 (the

16  "Memorandum Decision"), overruling all objections to Plan confirmation and directing Heartwise to

17  lodge a confirmation order and findings of fact and conclusions of law.  On December 8, 2021, VOL

18  filed a Motion for Reconsideration of Memorandum Decision and Order (Docket No. 596) (the

19  "Reconsideration Motion").  The Court heard oral argument on the Reconsideration Motion on

20  December 15, 2021.  The Court's determination of the Reconsideration Motion is set forth below.

21        On December 13, 2021, the Court was notified after regular business hours that VOL had

22  prepared a draft emergency motion arguing that the Court should accept VOL's bid to buy Heartwise

23  because VOL's bid was a higher and better bid than the $9.5 million in capital contributions being

24  made by Earnesty under the Plan.  During the morning of December 14, 2021, the Court entered an

25  order permitting VOL to orally make the emergency motion at the Court hearing of the

26  Reconsideration Motion at 2 pm on December 15, 2021 (the "Oral Emergency Motion").  The

27  Court's determination of the Oral Emergency Motion is set forth below.

28

**EXHIBIT "4"**

**PAGE 112**

1
2
3
4
5      NOW, THEREFORE, the Court having reviewed and considered the disclosure statement,

6   the Plan, the objections and briefs in support of confirmation, and the Court having heard statements

7   of counsel in support of and in opposition to confirmation of the Plan at the Confirmation Hearing,

8   considered the testimony presented and evidence admitted at the Confirmation Hearing, and it

9   appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to

10  all parties to be affected by the Plan and the transactions contemplated thereby, and (ii) the legal and

11  factual bases set forth in the briefs and declarations submitted in support of confirmation of the Plan

12  and the evidence as presented at the Confirmation Hearing establish just cause for the relief granted

13  herein; and after due deliberation thereon and good cause appearing therefor, the Court adopts the

14  *Findings of Fact and Conclusions of Law* entered on the Court's docket by the Court concurrently

15  herewith, and incorporates them as if fully set forth herein.

16      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

17  **THAT:**

18      1.    <u>Confirmation of the Plan</u>.  The Plan and each of its provisions (whether or not

19  specifically approved herein) are approved and confirmed under Section 1129 of the Bankruptcy

20  Code, provided, however, that if there is any direct conflict between the terms of the Plan and the

21  terms of this Confirmation Order, the terms of this Confirmation Order shall control.  Each of the

22  terms and conditions of the Plan and the exhibits and schedules thereto are an integral part of the

23  Plan and are incorporated by reference into this Confirmation Order.  The Plan complies with all

24  applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and this Court's Local

25  Bankruptcy Rules.

26      2.    <u>Objections</u>.  Excepting only the Stay Motion, the Reconsideration Motion and the

27  Oral Emergency Motion (all of which are ruled on below), all objections to confirmation of the Plan

28  that have not been withdrawn, waived or settled, and all reservations of rights included therein, are

**EXHIBIT "4"**

**PAGE 113**

overruled on the merits and for the reasons set forth on the record at the Confirmation Hearing, and as set forth in the *Findings of Fact and Conclusions of Law*.

     3.   <u>Modifications to the Plan</u>.  In accordance with Section V.B. of the Plan, the Plan may be modified as set forth, and in accordance with the procedures therein.

     4.   <u>Non-severability, Indivisibility and Mutual Dependency</u>.  The provisions of the Plan and this Confirmation Order and each and every part of this Confirmation Order from page 1 through and including page 25, including the *Findings of Fact and Conclusions of Law* incorporated herein by reference, are integrated, non-severable, indivisible and mutually dependent and inter-dependent.  A challenge to any portion of the Plan, this Confirmation Order and/or the *Findings of Fact and Conclusions of Law* is a challenge to the entirety of all of them.

     5.   <u>Binding Effect</u>.  Pursuant to Section 1141 of the Bankruptcy Code, effective as of the Effective Date, the provisions of the Plan, including the exhibits and schedules to, and all documents and agreements executed pursuant to or in connection with, the Plan, and this Confirmation Order shall be binding on (i) Heartwise, (ii) all holders of claims against and equity interests in Heartwise, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (iii) each person or entity receiving, retaining or otherwise acquiring property under the Plan, (iv) any non-Heartwise party to an executory contract or unexpired lease with Heartwise, (v) any person or entity making an appearance in the Chapter 11 Case or any other party-in-interest in the Chapter 11 Case, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians.

     6.   <u>Revesting of Assets</u>.  Except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective Date, all property and assets of Heartwise's estate shall vest in the Reorganized Heartwise free and clear of all claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions expressly imposed by the Plan and this Confirmation Order.  On and after the Effective Date, the Reorganized Heartwise may operate its businesses and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code and

**EXHIBIT "4"**
**PAGE 114**

1    Bankruptcy Rules and in all respects as if there were no pending case under any chapter or

2    provisions of the Bankruptcy Code, except as provided therein.

3        7.    Releases, Exculpation and Limitations of Liability.  Except as otherwise provided in

4    the Plan, this Confirmation Order or a separate order of the Court, the release, exculpation and

5    limitation of liability provisions set forth in the Plan, including, but not limited to, those contained in

6    section II.D(9) of the Plan are approved in all respects, are incorporated herein in their entirety, are

7    so ordered and shall be immediately effective on the Effective Date of the Plan without further order

8    or action on the part of the Court, any of the parties to such releases or any other party. The releases,

9    exculpation and limitation of liability provisions contained in the Plan, including, but not limited to,

10   those provided in section II.D(9) of the Plan, are fair and equitable and given for valuable

11   consideration and are in the best interest of Heartwise and all parties-in-interest, and, accordingly,

12   are hereby authorized, approved and binding in all respects on all persons and entities described

13   therein. To the extent that a release or other provision in the Plan constitutes a compromise of a

14   controversy, this Confirmation Order shall constitute an order under Bankruptcy Rule 9019

15   approving such compromise.

16       8.    Injunctions.  The injunctions contained in the Plan, including, but not limited to, those

17   provided in section II.D(10) of the Plan, are hereby authorized, approved and binding on all persons

18   and entities described therein.  Except as otherwise provided in the Plan, as of the Effective Date this

19   Confirmation Order shall enjoin the prosecution, whether directly, indirectly, derivatively or

20   otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action,

21   liability, or interest released, discharged, or terminated pursuant to the Plan. Except as provided in

22   the Plan or this Confirmation Order, as of the Effective Date, all entities that have held, currently

23   hold, or may hold a claim or other debt or liability that is discharged or an interest or other right of

24   an equity security holder that is extinguished pursuant to the terms of the Plan are permanently

25   enjoined from taking any of the following actions against Heartwise, the Reorganized Heartwise, or

26   their property on account of any such discharged claims, debts, or liabilities or extinguished interests

27   or rights: (a) commencing or continuing, in any manner or in any place, any action or other

28   proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award,

**EXHIBIT "4"**

**PAGE 115**

1  decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff,

2  right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to

3  Heartwise; and (e) commencing or continuing any action in any manner, in any place, that does not

4  comply with or is inconsistent with the provisions of the Plan. By accepting distribution pursuant to

5  the Plan, each holder of an allowed claim receiving distributions pursuant to this Plan shall be

6  deemed to have specifically and expressly consented to the injunction set forth in the Plan,

7  including, but not limited to section II.D(10) of the Plan.

8       Notwithstanding section II.D(10) of the Plan, on the date that this Confirmation Order is

9  entered by the Court, the automatic stay applicable to this Case through Section 362 of the

10 Bankruptcy Code, shall terminate to allow: (1) regarding the Judgment, Heartwise's appeal, and any

11 timely cross-appeal by VOL to be filed and litigated to conclusion; (2) VOL to file and litigate the

12 complaint attached as Exhibit A to Claim No. 7 filed by VOL in Heartwise's Chapter 11 Case; and

13 (3) Mr. Doyle, as his interest may appear, to file and litigate any complaint in a court of competent

14 jurisdiction against Heartwise pursuant to Oregon Statute 60.952. The lifting of the automatic stay

15 described herein as to the Judgment is solely to allow VOL and Heartwise to obtain a favorable

16 ruling by the 10th Circuit Court of Appeals of the Judgment and/or an augmented award by the

17 District Court after the appeal of the Judgment. The lifting of the automatic stay described herein as

18 to the complaint attached to Proof of Claim No. 7 as Exhibit A is solely to allow that actual

19 complaint to be filed in a court of competent jurisdiction, and then litigated to a judgment. The

20 lifting of the automatic stay as to any complaint to be filed by Mr. Doyle, as his interest may appear,

21 as against Heartwise under Oregon Statute 60.952 is solely to allow the complaint to be filed, and

22 litigated to judgment. The lifting of the automatic stay described herein shall not allow the

23 enforcement of any judgment or award against Heartwise's estate, or the Reorganized Heartwise. As

24 set forth below, the Court is retaining jurisdiction as to the allowance of any such judgments or

25 awards against Heartwise's estate. The lifting of the automatic stay described herein also begins, or

26 continues the running of any statute of limitations as of the entry of the Confirmation Order by the

27 Court related to an appeal and cross-appeal rights regarding the Judgment, the filing of the complaint

28 attached to Claim No. 7 as Exhibit A, and Mr. Doyle's filing of a complaint (as his interest may

---

**EXHIBIT "4"**

**PAGE 116**

1  appear) against Heartwise pursuant to Oregon Statute 60.952.

2       9.   <u>Assumed Executory Contracts and Unexpired Leases</u>.  As of the Effective Date, the

3  Reorganized Heartwise shall assume the executory contracts it has with Robinson Pharma, Inc. and

4  Alpha Health Research.  The amounts to cure the executory contracts with Robinson Pharma, Inc.

5  and Alpha Health Research shall be offset from the pre-petition deposits Heartwise placed with each

6  Robinson Pharma, Inc. and Alpha Health Research.  All other executory contracts and leases of

7  Heartwise that the Reorganized Heartwise does not assume in writing within 30 days of the Effective

8  Date shall be deemed rejected as of the Effective Date.  Any proof of claim for rejected contracts or

9  unexpired leases must be filed with the Court within 45 days of the Effective Date.

10       10.   <u>General Authorizations</u>.  Pursuant to Section 1142(b) of the Bankruptcy Code and in

11  each case without further notice to, hearing before or order of the Court, act or action under

12  applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any

13  person, Heartwise, the Reorganized Heartwise and their respective officers and directors and all

14  other necessary parties are authorized and empowered to: (i) take any and all actions necessary or

15  appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases,

16  indentures, and other agreements, documents and transactions contemplated by or described in the

17  Plan or in this Confirmation Order; and (ii) perform any and all other acts that are necessary,

18  appropriate or required to comply with or carry out the terms and conditions of the Plan or this

19  Confirmation Order.

20       11.   <u>Authority to Act</u>.  Heartwise through the Effective Date, and the Reorganized

21  Heartwise thereafter, and their respective authorized representatives, officers and directors are

22  authorized and empowered pursuant to any applicable corporation laws of the jurisdiction in which

23  Heartwise and Reorganized Heartwise are incorporated, organized or formed, to take any and all

24  actions necessary or desirable to implement the transactions contemplated by the Plan and this

25  Confirmation Order, in each case without any requirement of further vote, consent, approval,

26  authorization or other action by the stockholder, security holders, officers, directors, partners,

27  managers, members or other owners of Heartwise or the Reorganized Heartwise or notice to, order

28  of, or hearing before the Court. Each federal, state and local governmental agency or department is

**EXHIBIT "4"
PAGE 117**

hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Plan and the transactions contemplated thereby.

12.    <u>Government Approvals</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Plan and any documents instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the disclosure statement, and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

13.    <u>Professional Fee Claims</u>.  Professionals employed by the Court during the Chapter 11 Case shall have until 90 days following the Effective Date to file fee applications for all pre-confirmation amounts for services rendered and expenses incurred in this matter.

14.    <u>Disputed Claims</u>.  Any disputed claims shall be determined as provided for in the Plan, disclosure statement and this Confirmation Order.

15.    <u>Title 28 Fees</u>.  All fees payable pursuant to Section 1930 of title 28, United States Code shall be paid on or before the Effective Date.

16.    <u>Discharge</u>.  As of the Effective Date, to the fullest extent provided under Section 1141 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a claim or interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged Heartwise, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all claims, interests, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged claim against Heartwise, the Reorganized Heartwise, or any of their assets or property, whether or not such holder has filed a proof of claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

Notwithstanding the above-referenced discharge, the discharge will not apply to: (1) any judgment obtained by VOL  related solely to the timely filing of the complaint it attached to Claim

**EXHIBIT "4"**

**PAGE 118**

No. 7 as Exhibit A; (2) any increase in the amount of the Judgment obtained by VOL through a cross-appeal timely filed with the 10th Circuit or any reduction of the Judgment through the Debtor's appeal; and (3) any amounts that Mr. Doyle (as his interest may appear) obtains from a court of appropriate jurisdiction related to a judgment entered against Heartwise based on Oregon Statute 60.952. Any such judgments or awards may be enforced against Heartwise by requesting the allowance of a claim for that judgment(s) or award(s) with this Court against Heartwise (and then paid by Reorganized Heartwise pursuant to the Plan's terms).

17. <u>Release of Liens</u>. The release and discharge of all mortgages, deeds of trust, liens or other security interests against property of Heartwise's estate is approved in all respects and so ordered and shall be immediately effective on the Effective Date without further order or action on the part of the Court. All entities holding claims against or interests in Heartwise that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action, necessary to implement, consummate and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan. Upon entry of this Order, all entities holding claims against or interests in Heartwise that are treated under the Plan, and other parties in interest, along with their respective present or former employees, agents, officers, directors or principals, shall be enjoined from taking actions to interfere with the implementation and consummation of the Plan.

18. <u>Termination of Equity Interests</u>. On the Effective Date, except as provided in the Plan or this Confirmation Order, the equity interest in Heartwise shall be terminated, cancelled and extinguished.

19. <u>Notice of Confirmation</u>. In accordance with Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), as soon as reasonably practicable after this Confirmation Order has been entered by the Court, Heartwise shall mail notice of the entry of this Confirmation Order to all creditors and parties-in-interest in the Chapter 11 Case.

20. <u>Substantial Consummation</u>. "Substantial Consummation" of the Plan, as defined in Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

21. <u>Other Rights</u>. Any and all rights of Heartwise and Reorganized Heartwise under

**EXHIBIT "4"
PAGE 119**

1  Section 502(e) of the Bankruptcy Code are reserved.

2       22.    <u>Reversal or Modification of this Confirmation Order</u>.  Except as otherwise provided

3  in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter

4  reversed, modified, vacated or stayed by subsequent order of the Court, or any other court of

5  competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or

6  enforceability of any act, obligation, indebtedness, liability, priority or lien incurred or undertaken

7  by Heartwise or the Reorganized Heartwise, as applicable, prior to the date that Heartwise received

8  actual written notice of the effective date of such reversal, stay, modification or vacatur.

9  Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any

10  such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order

11  prior to the date that Heartwise received actual written notice of the effective date of such reversal,

12  stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation

13  Order and the Plan, or any amendments or modifications thereto, in effect prior to the date that

14  Heartwise received such actual written notice.

15       23.    <u>Retention of Jurisdiction</u>.  Pursuant to Sections 105(a) and 1142 of the Bankruptcy

16  Code, and section II.D(14) of the Plan, and notwithstanding the entry of this Confirmation Order or

17  the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and

18  all matters arising under, arising in, or related to the Chapter 11 Case and the Plan to the fullest

19  extent permitted by law, including, among other things, those matters in section II.D(14) of the Plan.

20  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation

21  of this Confirmation Order.

22       24.    <u>New Value Contribution</u>.  Earnesty, LLC has provided timely proof of the full

23  amount of the New Value Contribution, and so it is awarded all of the equity interests in the

24  Reorganized Heartwise upon the Effective Date, so long as the New Value Contribution is actually

25  made.

26       25.    <u>Interest on Class 1 Claims</u>.  All allowed Class 1 claims shall be paid interest at the

27  rate of .11% from the Petition Date through the date of payment under the Plan.

28       26.    <u>Headings</u>.  The headings contained within this Confirmation Order are used for the

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

**EXHIBIT "4"
PAGE 120**

1  convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation

2  Order.

3

4  **THE STAY MOTION**

5  As stated earlier, the Court orally ruled from the bench that Mr. Doyle would not be

6  permitted to make argument, call witnesses or present evidence at the Plan confirmation hearing

7  because he was no longer a party in interest, having sold the entirety of his interest in Heartwise to

8  Mr. Khan during the evening of November 9, 2021.  The Court also overruled his objections to Plan

9  confirmation on the same grounds.  The Court has an independent obligation to determine whether

10  plan confirmation requirements are met (irrespective of whether any party objects to plan

11  confirmation), and in performing the necessary review the Court determined that, even taking into

12  account Mr. Doyle's objections, such requirements have been met.

13  Mr. Doyle moved for reconsideration of the Court's oral ruling, and the Court denied such

14  motion by Order Denying DavidPaul Doyle's Participation in the Confirmation Hearing,Docket No.

15  551, filed and entered November 17, 2021 (the "Participation Denial Order").  Mr. Doyle has taken

16  an appeal of the Participation Denial Order to the United States District Court for the Central District

17  of California.  What is before this Court now is Mr. Doyle's motion for a stay pending appeal of the

18  Participation Denial Order.  Lacking any cognizable interest in Heartwise that would qualify him as

19  a "party in interest" within the meaning of Bankruptcy Code section 1109 (entitled, appropriately

20  enough, "Who May Be Heard") or Bankruptcy Code section 1128(b), Mr. Doyle seeks to bring to a

21  screeching halt the entire Plan confirmation process which importantly affects parties who <u>do</u> have

22  an interest in this case.  Such *bona fide* parties in interest – unlike Mr. Doyle -- have claims against

23  Heartwise that are to be paid 100 cents on the dollar (plus postpetition interest) when the Plan goes

24  effective.  Intuitively, it would seem that a <u>person who has absolutely no interest of any kind in a</u>

25  <u>chapter 11 debtor</u> should not be permitted to derail a plan of reorganization proposing to pay all

26  creditors holding allowed claims 100 cents on the dollar plus postpetition interest on the plan's

27  effective date.  Intuition does not always translate into a correct legal conclusion, but in this instance

28  it does, as will be shown below.

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
14

**EXHIBIT "4"**

**PAGE 121**

1

2                          **Standards for a Stay Pending Appeal**

3            Mr. Doyle correctly states the standards for granting a stay pending appeal.  A bankruptcy

4    court must consider four factors:  (1) whether the applicant has made a strong showing that he is

5    likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

6    (3) whether an issuance of the stay will substantially injure other parties interested in the proceeding;

7    and (4) where the public interest lies.  *In re Gardens Regional Hospital and Medical Center, Inc.,*

8    567 B.R. 820, 830 (Bankr. C.D. Cal. 2017).  The moving party must make a "minimum permissible

9    showing" with respect to each of the four factors, with the first two factors being the most critical.

10   For the reasons stated below, it is clear each of the four factors swings heavily against Mr. Doyle

11   with the result that he has not made a "minimum permissible showing" under any of them.

12

13                 **Mr. Doyle's Prospects for Success on the Merits – The First Factor**

14           Mr. Doyle's prospects for success on the merits are nil for the following reason:  the

15   Participation Denial Order is an <u>interlocutory order</u>, not a <u>final order</u>, and therefore is not subject to

16   appeal.  One of the purposes of the final order rule is to prevent piecemeal appeals that burden

17   appellate courts where there is a possibility that the entire matter may become moot because of

18   subsequent developments in the case.  *Bullard v. Blue Hills Bank,* 575 U.S. ___, 135 S. Ct. 1686

19   (2015) (" . . . [p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial

20   administration . . .").  For example, appellate litigation concerning a defendant's objection to a

21   protective order precluding a deposition becomes useless and pointless if the trial court subsequently

22   awards judgment in favor of the defendant.

23           Similar circumstances are present here.  Mr. Doyle objected to confirmation of the Plan.  The

24   Court then entered the Participation Denial Order.  The Court followed this up with a hearing on

25   Plan confirmation.  Had the Court decided that the Plan should <u>not</u> be confirmed, Mr. Doyle would

26   not be prosecuting this particular appeal.  This shows that the "final order" in question here is this

27   Confirmation Order, not the Participation Denial Order.

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
15

**EXHIBIT "4"**

**PAGE 122**

1     *Bullard* confirms this analysis.  In *Bullard,* the Supreme Court of the United States held that

2     denial of confirmation of a chapter 13 plan was not an appealable final order "because only plan

3     confirmation – or case dismissal—alters the status quo and fixes the rights and obligations of the

4     parties."  Mr. Doyle's ultimate rights are not altered until the Court confirms the Plan – and thus the

5     "final order" is this Confirmation Order, not the earlier Participation Denial Order.

6          But even if the foregoing analysis is incorrect, there are additional, independent reasons why

7     Mr. Doyle's likelihood of success are approaching zero.  These reasons are discussed below.

8          The Participation Denial Order cited several independent grounds for the decision announced

9     therein (1) Federal Rule of Bankruptcy Procedure 7025 did not apply because the plan confirmation

10    hearing was not an adversary proceeding governed by Rule 7025; (2) Bankruptcy Code section

11    1109, which <u>did</u> apply, compelled the conclusion that Mr. Doyle was not entitled to be heard by the

12    Court because – having sold the entirety of his interests in Heartwise – he was no longer a "party in

13    interest" within the meaning of section 1109; and (3) even if Mr. Doyle qualified as a party in

14    interest, he had waived any entitlement to be heard because he had failed to raise or argue section

15    1109.

16         Mr. Doyle argues in this Stay Motion that the Court erred by concluding that Bankruptcy

17    Rule 7025 does not apply.  Mr. Doyle is correct in this regard, and he is correct for the reasons he

18    states.  The plan confirmation hearing, although not an adversary proceeding, was a contested matter

19    within the meaning of Bankruptcy Rule 9014.  Per Rule 9014, Rule 7025 applies in contested

20    matters.  Fed. R. Bankr. Pro. 9014(c).

21         However, this does not change the Court's ultimate conclusion in the Participation Denial

22    Order that Mr. Doyle was not entitled to be heard at the plan confirmation hearing.

23         Bankruptcy Code section 1109 – applicable in chapter 11 proceedings such as this one – is

24    entitled "Right to Be Heard."  It provides as follows:  "(b)  A party in interest, including the debtor,

25    the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity

26    security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a

27    case under this chapter."  The definition of "party in interest" is broad but is not without limit.  Even

28    a person who has a financial stake in the outcome of a proceeding is not necessarily a "party in

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
16

EXHIBIT "4"
PAGE 123

1    interest." For example, a person who is not a direct creditor of the debtor in bankruptcy but who is

2    an indirect creditor by reason of being a shareholder in the creditor is not a "party in interest" under

3    Bankruptcy Code section 1109. *Krys v. Official Comm. Of Unsecured Creditors of Refco, Inc. (In re*

4    *Refco, Inc.),* 505 F.3d 109, 117-18 (2d Cir. 2007).

5         Similarly, and even more to the point, Bankruptcy Code section 1128(b) provides that "[a]

6    party in interest may object to confirmation of a plan." There is no reason to believe "party in

7    interest" in section 1128(b) has any broader meaning than "party in interest" in section 1109(b).

8    Section 1128(b)'s omission of the statutory language "including the debtor, the trustee, a creditors'

9    committee, an equity security holders' committee, a creditor, an equity security holder, or any

10    indenture trustee" that is found in section 1109(b) may signal that, if anything, "party in interest"

11    under section 1128(b) has a somewhat narrower meaning than "party in interest" under section

12    1109(b).

13         Mr. Doyle, having sold the entirety of his interests in Heartwise, does not fall into any of the

14    enumerated categories of Bankruptcy Code section 1109(b). He is not the debtor, the trustee, the

15    creditors' committee, the equity holders' committee, a creditor, an equity security holder or an

16    indenture trustee. If an indirect creditor, such as a shareholder of a creditor, does not qualify as a

17    "party in interest" under *Krys*, it follows *a fortiori* that Mr. Doyle, who does not possess even the

18    limited financial stake held by a shareholder of a creditor, is not a "party in interest."

19         The foregoing analysis gains additional strength from reasoning based upon Federal Rule of

20    Bankruptcy Procedure 3001(e )(2). This Rule provides that if a claim is transferred after a proof of

21    claim has been filed in the bankruptcy court, "evidence of the transfer shall be filed by the

22    transferee." The purpose of this Rule is to put parties on notice that the original holder of the claim

23    is no longer a party in interest. *In re Kreisler,* 331 B.R. 364, 376 (Bankr. N.D. Ill. 2005) "(Pursuant

24    to Bankruptcy Rule 3001(e )(2), a transferee of a proof of claim that has already been filed must file

25    evidence of the transfer [citation omitted] Such evidence puts the trustee on notice that <u>the original

26    holder of the claim against the estate is no longer an interested party with respect to that claim</u>.")

27    (underscoring added by this Court)

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
17

**EXHIBIT "4"**

**PAGE 124**

1    But what of the provisions of Federal Rule of Bankruptcy Procedure 7025 and Federal Rule

2  of Civil Procedure 25, which seem on their face to give Mr. Doyle the right to continue with his

3  objections to plan confirmation until Mr. Khan is substituted as a party in interest?  The United

4  States Court of Appeals for the Ninth Circuit has supplied an answer to this question.  The answer is

5  that where there is a conflict between the Bankruptcy Code and the Bankruptcy Rules, the conflict

6  must be settled in favor of the Bankruptcy Code.  *American Law Center P.C. v. Stanley (In re*

7  *Jastrem)*, 253 F.3d 438, 441-42 (9th Cir. 2001) ("We have interpreted [28 U.S.C.] § 2075 to mean

8  that 'any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of

9  the Code.'")  (Note in this regard that 28 U.S.C. § 2075 is the statute pursuant to whose authority the

10  Supreme Court of the United States is authorized to promulgate rules of bankruptcy procedure).

11  Here, there are not one but two Bankruptcy Code provisions in conflict with the interpretation of

12  Rule 7025 argued by Mr. Doyle:  Bankruptcy Code section 1109(b) and Bankruptcy Code section

13  1128(b).

14    Based upon this reasoning, it follows that Mr. Doyle ceased to be a "party in interest" within

15  the meaning of section 1109(b) and section 1128(b) and surrendered his right to be heard in

16  connection with the plan confirmation from and after the time he sold all his interests in Heartwise to

17  Mr. Khan.  The Participation Denial Order's alternative and independent ground of decision – that

18  Mr. Doyle waived his rights under Bankruptcy Code section 1109 because he failed to raise them –

19  is equally applicable here.

20    Mr. Doyle's prospects for success on the merits are slim to none.  This factor weighs heavily

21  against him.

22

23    **Irreparable Injury to Mr. Doyle – The Second Factor**

24    Analysis of this factor, even more than the analysis of the first factor, strongly supports the

25  conclusion that no stay pending appeal should be granted.  If the Plan is confirmed, there is no injury

26  at all to Mr. Doyle, let alone an irreparable injury.  Yes, the Plan cancels all existing capital stock in

27  Heartwise, but Mr. Doyle no longer owns any capital stock in Heartwise, having sold the entirety of

28  his 49 percent interest in capital stock to Mr. Khan.  Yes, the Plan provides for treatment of Mr.

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
18

**EXHIBIT "4"
PAGE 125**

1  Doyle's claims against Heartwise, <u>but Mr. Doyle no longer owns any claims against Heartwise by</u>

2  <u>reason of having sold them to Mr. Khan</u>.  Without belaboring the point further, it is evident that there

3  is no injury to Mr. Doyle that would occur by reason of Plan confirmation let alone an irreparable

4  injury.

5

6  **Whether Issuance of the Stay Will Substantially Injure Other Parties Interested in the**

7  **Proceeding – The Third Factor**

8      If, as Mr. Doyle requests, a stay is granted that prevents this Court from confirming the Plan,

9  the Plan, not being confirmed, will not become effective.  The Plan provides for all creditors holding

10  undisputed allowed claims to be paid 100 cents on the dollar together with postpetition interest on

11  the Plan effective date.  Accordingly, the stay that Mr. Doyle seeks will substantially injure all

12  creditors holding undisputed allowed claims by postponing for an indefinite period of time (and

13  perhaps even forever, because no one has a "crystal ball") the payment of their claims in full with

14  interest. If the Plan is not confirmed and Heartwise's business collapses (or the case is converted to

15  chapter 7), these creditors might <u>never</u> get paid.  Payment of their claims is being funded by

16  contribution of about $9.4 million in cash by Earnesty, LLC, and such payment is expressly

17  conditioned on the Plan being confirmed.  This is real injury, and the injury is substantial.  Indeed,

18  MCG makes this very point:  "The Stay Motion implicates MCG's rights and, if granted . . . stands

19  to irreparably harm MCG because, absent the issuance of the required stay, MCG stands to be paid

20  in full, with interest, on the effective date of the Debtor's confirmed Chapter 11 plan of

21  reorganization."  Opposition and Notice of Joinder in Opposition to DavidPaul Doyle's Motion for

22  Stay, Docket No. 630, filed December 14, 2021 at page 2 of 4, lines 13-16.

23      It is true, as Mr. Doyle points out, that the Plan's effective date may be stayed anyway by

24  operation of Plan terms if an appeal is taken from an order confirming the Plan.  However,

25  Heartwise has authority under the Plan to waive this condition to Plan effectiveness, so it is by no

26  means a foregone conclusion that the Plan will not become effective because of a stay triggered by

27  VOL's appeal of the confirmation order.  There would seem to be a powerful incentive for VOL <u>not</u>

28  to appeal an order confirming the Plan because by declining to appeal (and assuming VOL can

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
19

**EXHIBIT "4"
PAGE 126**

1    overcome an objection to its one of its claims by its former attorneys), VOL would stand to get paid

2    approximately $14.5 million in cash in relatively short order <u>and</u>  to continue to litigate its claimed

3    entitlement to an additional $54 million.  (It is the attractiveness of this disposition that Heartwise

4    cites in support of its argument that VOL's objective in this bankruptcy proceeding is not to get paid

5    but rather to destroy (or end up owning) a business competitor).

6        Because granting a stay pending appeal would severely and adversely impact innocent third-

7    party creditors of Heartwise as well as Heartwise itself, this factor weighs heavily against Mr. Doyle.

8

9                                **The Public Interest**

10        In enacting Chapter 11 of the Bankruptcy Code and its predecessors under the Bankruptcy

11    Act, Congress created an avenue for financially-troubled entities to reorganize their affairs, to

12    remain in business and to survive.  Heartwise's efforts to reorganize were fought by VOL nearly

13    every step of the way.  (VOL is now on its third set of attorneys in this bankruptcy case).  Mr. Doyle

14    then joined the fray and also raised arguments against Plan confirmation.  Heartwise expended a

15    great deal of time and money in its quest to get to Plan confirmation.  Wherever the public interest

16    lies, surely it does not lie in permitting a person who sold the entirety of his interest in a chapter 11

17    debtor to derail the confirmation of that debtor's plan of reorganization, all to the material detriment

18    of parties who are "parties in interest" and do have a financial stake in the proceedings.  Mr. Doyle

19    has no more interest in this case than a member of the general public.  The public interest strongly

20    lies in not granting a stay pending appeal.

21

22                                **Conclusion**

23    The Stay Motion is denied with prejudice.

24

25

26                        **THE RECONSIDERATION MOTION**

27        The Court denies the Reconsideration Motion with prejudice for all the reasons argued by (1)

28    Heartwise in Heartwise, Inc.'s Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
20

**EXHIBIT "4"
PAGE 127**

1  Memorandum Decision and Order, Docket No. 625, filed December 14, 2021, and (2) creditor

2  Robinson Pharma, Inc. in its Opposition to Vitamins Online, Inc.'s Motion for Reconsideration of

3  Memorandum Decision and Order, Docket No. 627, filed December 14, 2021, and <u>for the following</u>

4  <u>additional and independent reasons</u>:

5       VOL complains that the Court erred in finding that the Plan does not unfairly discriminate

6  against VOL's various claims.  It's true that the Plan treats VOL's Claims 3-2, 7 and 8 differently

7  than other Class 1 Claims, but the different treatment is compelled and justified by different

8  circumstances.  MCG has objected to Claim 3-2.  This prevents Claim 3-2 from being allowed, at

9  least until the time that the objection is resolved.  11 U.S.C. § 502(a) ("A claim or interest, proof of

10  which is filed under section 501 of this title is deemed allowed, unless a party in interest . . .

11  objects").  VOL's attempt to split hairs about precisely what MCG is arguing in its objection to

12  Claim 3-2 fails because MCG's objection goes right to the very heart of the matter:  is VOL entitled

13  to be paid Claim 3-2 <u>by</u> Heartwise (as opposed to by MCG, after MCG has been paid by Heartwise

14  pursuant to MCG's Claim 5)?  If VOL has no right to payment <u>from</u> Heartwise in respect of Claim

15  3-2, the absence of a "right to payment" as against Heartwise means that Claim 3-2 should be

16  disallowed in its entirety by this Court (without prejudice, of course, to VOL's right to get paid by

17  MCG pursuant to the terms of the Engagement Agreement).  These matters remain to be determined,

18  but as of the present time there are powerful reasons why Claim 3-2 should not be treated in the

19  same fashion as undisputed allowed Class 1 Claims.

20       Claims 7 and 8 are estimated at zero for purposes of distribution.  That is exactly the amount

21  distributed being distributed by Heartwise at the present time to VOL in respect of such claims –

22  zero.  VOL is given the right under the Plan to litigate its entitlement to be paid Claims 7 and 8.  If

23  VOL is successful, Reorganized Heartwise is required by the Plan's terms to pay them in cash in full

24  in their allowed amounts.  VOL's contention that Heartwise will be unable to pay these claims if

25  they are allowed in full is completely speculative and without evidence or other support.  In

26  summary, there is no unfair discrimination here regarding the treatment of any of VOL's claims

27  under the Plan.

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**

1  VOL's argument that its claims are "impaired" likewise falls by the wayside.  "Impairment,"

2  as VOL concedes, is measured by a creditor's rights had the debtor not filed bankruptcy.  If

3  Heartwise had not filed bankruptcy, Heartwise in all likelihood would have been put on notice by

4  MCG that, when Heartwise went to pay the Judgment, Heartwise should send the money to MCG,

5  not VOL.  (There is no reason to believe MCG would have been less diligent if Heartwise had not

6  filed bankruptcy than it has been in this bankruptcy case).  Faced with competing demands for

7  payment of the Judgment, Heartwise would have interpleaded the moneys it intended to use to pay

8  the Judgment.  That is precisely what happens under the Plan.

9  As for Claims 7 and 8, there is no impairment in part because the Plan provides for their

10  payment in the estimated amount – zero.  A claim that is estimated at zero for purposes of

11  distribution is not impaired when the Plan provides for zero distributions in respect of that claim.

12  The other reason supporting the conclusion that Claims 7 and 8 are unimpaired is that VOL

13  has, in substance, exactly the same rights with respect to these Claims under the Plan that VOL

14  would have had if Heartwise had never filed for bankruptcy.  The Plan gives VOL the right to

15  litigate these claims in the forum of its choosing.  If VOL is successful, VOL will return to this

16  Court, and this Court will allow the claim in the full amount determined by the forum of VOL's

17  choosing.  VOL then can collect the allowed claim from Reorganized Heartwise because the Plan

18  expressly provides there is no discharge with respect to these claims.

19  VOL's contention that the Plan cuts off its rights and leaves it with an unenforceable

20  judgment against the Heartwise bankruptcy estate if it prevails in litigation against Heartwise on

21  Claims 7 and 8 is based upon a twisted and incorrect reading of the Plan.  The Plan provides in

22  Section V(A) that Claims 7 and 8 are not discharged (although the Plan does not use the terms

23  "Claims 7 and 8," what the Plan refers to as carved out of the discharge are in fact those claims).

24  Because there is no discharge, VOL, should it prevail, would be able to enforce any judgment it

25  obtains in this regard against the reorganized Heartwise.

26  VOL has previously complained that the Plan's effective date provisions are impermissibly

27  vague and potentially onerous.  VOL points to Heartwise's authority under the Plan to waive

28  conditions to the effective date and suggests that such waiver might not occur until an appeal of this

**EXHIBIT "4"
PAGE 129**

1  Order is fully in progress.  VOL also objects to the provision that the effective date is "at least" 15

2  days after an order is entered confirming the plan.

3        The Court interprets the waiver provision as carrying with it a requirement of reasonableness.

4  For example, Heartwise cannot wait six months after a notice of appeal of the confirmation order is

5  filed to invoke its right to waive the condition.  If a notice of appeal is filed, Heartwise has under the

6  Plan a reasonable period of time in which to elect to waive or not waive conditions to the Plan

7  becoming effective.

8        The reference to "at least" 15 days is appropriate and warranted by a legitimate business

9  purpose.  It, too, is circumscribed by a requirement of reasonableness.  For example, if this Order

10  had been entered on December 16, 2021, the 15th day thereafter would be December 31, 2021—New

11  Year's Eve.  It turns out that New Year's Eve is an administrative staff vacation day.  On that day,

12  Heartwise would undoubtedly find it difficult or impossible to pay approximately $14.5 million into

13  the Court's registry because the Court staff generally handling such a matter likely would be

14  unavailable.  Thus, the "at least" feature allows Heartwise to time the effective date in such a way

15  that it will be able to implement matters required under the Plan to occur on the Plan effective date

16  to actually occur on that date.  This is a ministerial matter well within Heartwise's discretion and is

17  subject to a requirement of reasonableness.

18        Finally, the Reconsideration Motion's contention that VOL was not allowed to bid for the

19  equity in Heartwise is addressed in the following section of this Order.

20

21        **THE ORAL EMERGENCY MOTION**

22        VOL argues that the Court erred by failing to consider (and approve) a bid by VOL to

23  acquire 100 percent of the issued and outstanding capital stock of Heartwise in exchange for a new

24  value contribution by VOL.  VOL's bid envisions that VOL would (1) reduce the debt under the

25  Judgment by $11 million (and, presumably, amend Claim 3-2 to reduce the amount claimed by $11

26  million), (2) contribute $200,000 to pay existing equity holders, (3) pay administrative, priority tax

27  and Class 1 claims on the effective date, (4) pay creditors 12 percent per annum postpetition interest,

28  and (5) waive and release Claims 7 and 8.  The Court permitted VOL to make an oral emergency

**EXHIBIT "4"
PAGE 130**

1    motion asking the Court to approve this bid and heard the oral emergency motion and oral

2    oppositions thereto on December 15, 2021.

3            The Plan contains no provision for bids for Heartwise's equity by third parties such as VOL

4    or anyone else.  This Court previously determined that the Plan was confirmable and entered a

5    Memorandum Decision and Order to that effect, Docket No. 561, filed and entered November 23,

6    2021 (the "Memorandum Decision").  The Memorandum Decision determined that an auction

7    method for determining the value of the new equity to be issued under the Plan pursuant to the rule

8    in *Bank. A. Nat. Tr. Sav. v. 203 North Lasalle,* 526 U.S. 434, 457 (1999) was inapplicable because

9    VOL's claims are not impaired under the Plan and therefore confirmation under cramdown is not

10   required by 11 U.S.C. § 1129(b).  Memorandum Decision at page 14 of 17, lines 16-18.

11           VOL's suggestion that the Court approve VOL's bid as described above, reject Earnesty's

12   bid and then confirm the Plan, taken all together, essentially amounts to a *sub rosa* plan of

13   reorganization that has not been run through the disclosure statement process and has not been voted

14   on by Class 1 creditors.  It would be a gross violation of bankruptcy law for the Court to confirm

15   such a plan.  This approach, if adopted, would also violate the exclusivity that Heartwise possesses

16   under 11 U.S.C. § 1121 to file a plan and solicit acceptances.

17           When creditors (other than VOL, of course) voted to accept the Plan, they voted to accept a

18   Plan where Earnesty contributes approximately $9.5 million and Robinson Pharma, Inc. returns to

19   Heartwise millions of dollars in deposits. The creditors did not vote to have VOL become the 100

20   percent owner of Heartwise's equity.  Robinson Pharma, Inc. has consistently supported Heartwise

21   in this chapter 11 case, and it is nearly certain that Robinson Pharma, Inc. would not have consented

22   to return millions of dollars in deposits (as the Plan requires) if it knew that VOL would end up

23   owning all of Heartwise's capital stock.  To accept VOL's bid and confirm the Plan – as VOL urges

24   the Court to do—would be to confirm a Plan that creditors never voted to accept.

25           In addition to the foregoing, VOL's bid is inferior to Earnesty's bid.  VOL's Claim 3-2,

26   whose amount would be reduced by $11 million under VOL's bid, is a disputed claim.  MCG has

27   objected to Claim 3-2 and contends that VOL is not entitled to directly collect even one penny of the

28   Judgment, that right having been passed to MCG pursuant to the terms of the Engagement

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
24

1   Agreement.  What VOL is proposing to reduce may not be VOL's to reduce.  VOL has not made a

2   sufficient showing that if MCG prevails in this dispute and becomes entitled to receive payment of

3   Claim 3-2 in its entirety, that $11 million or more would remain after MCG deducts its fees and

4   costs and makes any required payment to third parties (such as Privati) who may have financed the

5   litigation.

6        For these reasons, the Court denies the oral emergency motion that asks the Court to accept

7   VOL's bid, reject Earnesty's bid and confirm the Plan.

8

9   **OBJECTIONS TO THE FORM OF THE CONFIRMATION ORDER AND FINDINGS OF**

10                 **FACT AND CONCLUSIONS OF LAW**

11       The form of this Order and the Findings of Fact and Conclusions of Law has drawn

12  objections by "Doyle/Khan".  It is the law of the case, pursuant to the Participation Denial Motion,

13  that Mr. Doyle is not now entitled to be heard in this case because he is not a "party in interest"

14  under 11 U.S.C. § 1109(b).  Mr. Khan is entitled to be heard, and the Court has sustained his

15  objections in part and denied them in part.  Where the objections are sustained (essentially, an

16  objection that "the Court didn't really find $X$"), the Court has stricken the objected-to provision of

17  the confirmation order as lodged and the findings of fact and conclusions of law as lodged.

18       IT IS SO ORDERED.

19

20

21

22

23  Date: December 17, 2021

24                          Mark S. Wallace
                            United States Bankruptcy Judge

25

26

27

28

---

**ORDER CONFIRMING HEARTWISE, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION**
25

**EXHIBIT "4"
PAGE 132**

**EXHIBIT "5"**

1   Ronald A. Clifford (State Bar No. 246542)
    E-Mail: RAC@RCliffordLaw.com
2   **R. CLIFFORD & ASSOCIATES**
3   1100 Town and Country Rd., Suite 1250
    Orange, California 92868
4   Telephone: (949) 533-9774

5   *General Insolvency Counsel for*
    *Heartwise, Inc.*
6

7                       UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9   In re:                              Case No.: 8:20-bk-13335-MW

10  HEARTWISE, INC.,                    Chapter 11

11
                                        **NOTICE OF ENTRY OF**
12              Debtor in Possession.   **CONFIRMATION ORDER CONFIRMING**
                                        **HEARTWISE, INC.'S FIRST AMENDED**
13                                      **CHAPTER 11 PLAN OF**
                                        **REORGANIZATION AND OF**
14                                      **RELEVANT BAR DATES**

15

16

17      **TO THE DEBTOR, OFFICE OF THE UNITED STATES TRUSTEE, PARTIES-IN-**

18  **INTEREST, AND THEIR ATTORNEYS OF RECORD:**

19      **PLEASE TAKE NOTICE** that on December 17, 2021, the U.S. Bankruptcy Court for the

20  Central District of California (the "Court") entered in the above-referenced Chapter 11 case its (1)

21  *Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and Denying*

22  *with Prejudice Certain Confirmation Order-Related Motions* (the "Confirmation Order"); (2)

23  *Findings of Fact and Conclusions of Law* (the "Findings"); and (3) *Notice of Order Confirming*

24  *Chapter 11 Plan* (the "Notice of Confirmation Order").

25      **PLEASE TAKE FURTHER NOTICE** that pursuant to *Heartwise, Inc.'s First Amended*

26  *Chapter 11 Plan of Reorganization*, as confirmed by the Court through the Confirmation Order, the

27  following dates are the deadlines for the filing of proofs of claim and/or requests for payment, and,

28  the failure to timely file such proof of claim and/or requests for payment shall forever bar such

---

NOTICE OF ENTRY OF CONFIRMATION ORDER CONFIRMING HEARTWISE, INC.'S FIRST
AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND RELEVANT BAR DATES

1

**EXHIBIT "5"**
**PAGE 133**

1  claimant from asserting the underlying claim, and at which point the underlying claim shall not be

2  enforceable against the Debtor, the Reorganized Debtor, the assets of the Debtor's estate or the

3  assets of the Reorganized Debtor as the case may be:

4       (1)    Administrative expenses pursuant to 11 U.S.C. § 507(a)(2) – Requests for allowance

5  and payment of an administrative expense priority claim must be filed with the Court on or before

6  **February 2, 2022**;

7       (2)    Executory Contract and Unexpired Leases – Claims arising from the rejection of an

8  executory contract or unexpired lease must be filed with the Court on or before **February 17, 2022**;

9  and

10       (3) Professionals – Requests for allowance and payment of fees and expenses of

11  professionals employed by the Court must be filed with the Court on or before **March 4, 2022**;

12       **PLEASE TAKE FURTHER NOTICE** that a copy of the Confirmation Order, the

13  Findings, and the Notice of Confirmation Order may be obtained through the Court's PACER and/or

14  CM/ECF systems for registered users, or by request to Ronald Clifford, Esq. by email at

15  RAC@RCliffordLaw.com or by mail at R. Clifford & Associates, 1100 Town & Country Rd., Suite

16  1250, Orange, California 92868.

17

18  Dated:  December 28, 2021        **R. CLIFFORD & ASSOCIATES**

19          By:  */s/ Ronald A. Clifford*

20          Ronald A. Clifford

21          *General Insolvency Counsel for*

22          *Heartwise, Inc.*

23

24

25

26

27

28

---

NOTICE OF ENTRY OF CONFIRMATION ORDER CONFIRMING HEARTWISE, INC.'S FIRST
AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND RELEVANT BAR DATES
2

**EXHIBIT "5"**

**PAGE 134**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Town & Country Road, Suite 1250, Orange, California 92868.

A true and correct copy of the foregoing document entitled:  *Notice of Entry of Confirmation Order Confirming Heartwise, Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates*; and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Attorney The Law Offices of Michael Jay Berger
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Anthony Bisconti on behalf of Creditor Robinson Pharma, Inc.
tbisconti@bienertkatzman.com, 4579179420@filings.docketbird.com;chowland@bienertkatzman.com
Jared Glicksman on behalf of Interested Party DavidPaul Doyle
jglicksman@yocca.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov
Eve H Karasik on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
ehk@lnbyb.com
Steven J. Katzman on behalf of Creditor Robinson Pharma, Inc.
SKatzman@bienertkatzman.com,
admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
Monica Y Kim on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
myk@lnbrb.com, myk@ecf.inforuptcy.com
Aaron J Malo on behalf of Interested Party Magleby Cataxinos & Greenwood
amalo@sheppardmullin.com, jsummers@sheppardmullin.com
Kathleen P March on behalf of Creditor Vitamins Online, Inc
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
Carlos A Nevarez on behalf of Creditor Robinson Pharma, Inc.
cnevarez@bienertkatzman.com, carlos.aa.nevarez@gmail.com
K. Luan Tran on behalf of Creditor Robinson Pharma, Inc.
ltran@kslaw.com, tle@kslaw.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov
Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Dean G Rallis, Jr on behalf of Creditor Vitamins Online, Inc
drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
Seth A Safier on behalf of Creditor Martha Valentine
seth@gutridesafier.com

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "5"**
**PAGE 135**

**2. SERVED BY UNITED STATES MAIL**:
On December 28, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 27, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2021    Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|
| Date              Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "5"**

**PAGE 136**

Label Matrix for local noticing
0973-8
Case 8:20-bk-13335-MW
Central District of California
Santa Ana
Tue Dec 28 09:50:14 PST 2021

Heartwise Inc
2973 Harbor Blvd., #472
Costa Mesa, CA 92626-3912

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

R. Clifford & Associates
1100 Town and Country Rd.
Suite 1250
Orange, CA 92868-4633

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Alpha House Research
2781 West Macarthur Blvd., Suite
34
Santa Ana, CA 92704-8300

American Express
P O Box 650448
Dallas, TX 75265-0448

Anthem Blue Cross
P O Box 51011
Los Angeles, CA 90051-5311

Brads Deals LLC
6115 Estate Smith Bay Suite 315 Box 7
St. Tomas, VI 00802-1324

California Bank and Trust
Bankcard Center
P O Box 30833
Salt Lake City, UT 84130-0833

California Dept. of Tax & Fee Administration
Collections Support Bureau MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Capital One
P O Box 60599
City of Industry, CA 91716-0599

Central Entertainment Group Inc
1001 6th Ave 14th Floor
New York, NY 10018-5477

Christina Entertainment Inc
2419 Santiago Drive
Newport Beach, CA 92660-3649

DavidPaul Doyle
4400 El Nido Ranch Rd
Orinda, CA 94563-1900

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
c/o General Counsel Section
P O Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service (IRS)
P O Box 7346
Philadelphia, PA 19101-7346

Little Red Management
7200 Franklin Ave 222
Los Angeles, CA 90046-3083

Magleby Cataxinos & Greenwood, P.C.
ATTN: J.Magleby
141 Pierpont Avenue
Salt Lake City, UT 84101-1902

Mark F. Foley
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202-4409

Mark Foley
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53202-4409

Martha Valente
c/o Gutride Safier LLP
Seth A. Safier, Esq.
100 Pine Street, Ste 1250
San Francisco, CA 94111-5235

Monumental
5010 SE Foster Rd, #86352
Portland, OR 97206-3039

PHD Studios
1968 Hutchins Circle
Medford, OR 97504-4878

Premeo Financial Corp
P O Box 19367
Kalamazoo, MI 49019-0367

Retain Exchange Network, Inc.
7071 Warner Ave., Ste #345
Huntington Beach, CA 92647-5495

Rob Wilsey Creative Partners LLC
300 s. Raymond Ave., Ste 6
Pasadena, CA 91105-2638

Robinson Pharma
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-8064

**EXHIBIT "5"**

**PAGE 137**

Case 8:20-bk-13335-MW    Doc 670    Filed 12/28/21    Entered 12/28/21 10:01:43    Desc
Main Document    Page 6 of 7

Steptoe & Johnson LLP
633 West Fifth Street
Los Angeles, CA 90071-2005

Tatyana Shkel
10625 Parrish St, Apt 223
Matthews, NC 28105-8933

Teikametrics, LLC
280 Summer Street
Boston, MA 02210-1131


Trojan Law Offices
Red Fox Plaza
9250 Wilshire Blvd., 325
Beverly Hills, CA 90212-3376

Tuong V. Nguyen
10132 Tyler Court
Westminster, CA 92683-5760

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686


Uline
P O Box 88741
Chicago, IL 60680-1741

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vitamins Online Inc.
Edgar R. Cataxinos
MAGLEBY CATAXINOS & GREENWOOD
170 S MAIN ST STE 1100
Salt Lake City, UT 84101-1651


Vitamins Online, Inc.
c/o The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064-2346

WORKMAN NYDEGGER
60 E SOUTH TEMPLE STE 1000
Salt Lake City, UT 84111-1011

Martha Valentine
c/o Gutride Safier LLP
100 pine street
suite 1250
san francisco, CA 94111-5235


RONALD CLIFFORD
R. Clifford & Associates
1100 TOWN AND COUNTRY RD., SUITE 1250
ORANGE, CA 92868-4633


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Alpha Health Research, Inc.

(u)Blakeley LLP

(u)Courtesy NEF


(u)DTO Law

(u)Earnesty LLC

(u)Greenberg Traurig, LLP


(u)Magleby Cataxinos & Greenwood

(u)QualiNutra, Inc.

(u)Robinson Pharma, Inc.


(u)The Law Offices of Michael Jay Berger

(u)Vitamins Online, Inc

(d)Robinson Pharma, Inc.
3330 South Harbor Blvd.
Santa Ana, CA 92704-6831


**EXHIBIT "5"**

**PAGE 138**

(u)DavidPaul Doyle

End of Label Matrix
Mailable recipients    42
Bypassed recipients    13
Total                  55

**EXHIBIT "6"**

**Fill in this information to identify the case:**

Debtor 1   Heartwise, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Central District of California**

Case number:  **20–13335**

FILED

**U.S. Bankruptcy Court**
**Central District of California**

2/17/2022

**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

DavidPaul Doyle

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DavidPaul Doyle

Name

68 Loma Vista Drive
Orinda, CA 94563

Contact phone    541–944–7560

Contact email
davidpauldoyle@icloud.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)            Filed on

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

**EXHIBIT "6"**
**PAGE 140**

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

7. **How much is the claim?**    $    194794.52

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Executory Contract

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate** (when case was filed)    _____ %

☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

**EXHIBIT "6"**
**PAGE 141**

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply*: | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies   $ _____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    2/17/2022
                    _____
                    MM / DD / YYYY

/s/   s/ William Gardner
_____
Signature

Print the name of the person who is completing and signing this claim:

Name            s/ William Gardner
                _____
                First name    Middle name    Last name

Title           Attorney
                _____

Company         von Briesen & Roper, s.c.
                _____
                Identify the corporate servicer as the company if the authorized agent is a servicer

Address         411 E. Wisconsin Ave., Ste. 1000
                _____
                Number   Street
                Milwaukee, WI 53202
                _____
                City   State   ZIP Code

Contact phone   414–287–1283          Email    wgardner@vonbriesen.com

Official Form 410                    Proof of Claim                    page 3

**EXHIBIT "6"**
**PAGE 142**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HEARTWISE, INC.,<br><br><br><br>Debtor in Possession, | Case No.: 8:20-bk-13335-MW<br><br>Chapter 11<br><br>**DAVIDPAUL DOYLE'S CLAIM FOR REJECTION OF EXECUTORY CONTRACT** |

**ADDENDUM TO PROOF OF CLAIM FILED BY DAVIDPAUL DOYLE, FOR**

**REJECTION OF EXECUTORY CONTRACT**

DavidPaul Doyle ("Doyle"), by his attorneys von Briesen & Roper, s.c., submits the following supplement to Doyle's proof of claim against Heartwise Incorporated, an Oregon corporation (the "Debtor"), for the rejection of an executory contract in an amount equal to $194,794.52 and in support, states the following:

**BACKGROUND**

1.    Doyle and Debtor are parties to that certain Executive Contract entered into on October 4, 2018 (the "Agreement"), a true and correct copy of which is attached to the proof of claim form.  Doyle was entitled to an annual fee equal to $180,000 under the Agreement.

2.    On December 4, 2020 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Central District of California – Santa Ana Division (the "Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, §§ 101 et. Seq. (the "Bankruptcy Code").

**EXHIBIT "6"**

**PAGE 143**

3.      On December 28, 2020, in accordance with Section 2014-1 of the Local Bankruptcy Rules of the Bankruptcy Court (the "Local Rules"), the Debtor served Notices of Setting/Increasing Insider Compensation for Doyle, Tuong Nguyen, and Elaine Le (Phan) (the "Compensation Notices").  Pursuant to the Compensation Notices, the Debtor sought to pay Doyle an annual fee equal to $180,000 in accordance with the Agreement.

4.      On January 21, 2021, Vitamins Online, Inc. filed with the Bankruptcy Court that certain Request for Judicial Notices in Support of Objections to Debtor's Notices of Setting Insider Compensation to (A) Tuong V. Nguyen; (B) Elain Le (Phan); and (C) DavidPaul Doyle (the "VO Compensation Objection," Dkt. 54).  In accordance with the Local Rules, as a consequence of the VO Compensation Objection, the Debtor did not pay Doyle in accordance with the Agreement.

5.      On December 17, 2021, the Bankruptcy Court entered an order confirming the Plan. *See* Notice of Entry of Confirmation Order Confirming Heartwise Inc.'s First Amended Chapter 11 Plan of Reorganization and of Relevant Bar Dates (Dkt. 670).

6.      The Plan defines the Effective Date of the Plan as "the first business day that is at least fifteen (15) calendar days following the date of the entry of the Court order confirming this Plan (the "Confirmation Order") when and if all the following conditions for the effectiveness of the Plan have been satisfied or waived by the Debtor: (1) there is no stay in effect with respect to the Confirmation Order; and (2) the Confirmation Order is not subject to any appear or rehearing." *See* Section I of the Plan.  As of the date hereof, the docket for this bankruptcy case does not reflect a stay of the Confirmation Order or that the Confirmation Order is subject to any appeal or rehearing. Accordingly, the Effective Date of the Plan occurred on January 3, 2022, the first business day that is at least fifteen (15) days after the Confirmation Order.

7.      Pursuant to the Plan, all executory contracts not assumed by the Debtor in writing within 30 days of the Effective Date are deemed rejected as of the Effective Date. *See* Section II.D.11 of the Plan.  The Agreement was not assumed in writing within 30 days of the Effective Date so the Agreement was rejected.

8.      On December 4, 2020, the Debtor paid Doyle his fee equal to $6,923.08.  This was

**EXHIBIT "6"**

**PAGE 144**

the last payment made by the Debtor to Doyle. Doyle was not paid for any period after the Petition Date.  In accordance with the Agreement, for the period from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to $194,794.52 ($180,000 X 395/365).

9.      Doyle does not intend for this proof of claim to be duplicative of his administrative claim. To the extent this proof of claim is allowed, Doyle will withdraw or amend his administrative claim that is duplicative of the amounts claimed hereunder.

## LEGAL AUTHORITY

10.     The rejection of an executory contract is considered a breach of the contract immediately before the petition date if the contract was not assumed.  11 U.S.C. 365(g)(1).

11.     Rejection of an executory contract gives rise to a remedy for breach of contract and the parties rights regarding the breach of contract is determined under state law.  *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997).

12.     Under California law, the measure of damages for a breach of contract is the amount which will compensate the non-breaching party for all the detriment caused by the breach.  Cal. Civ. Code § 3300 (West).

13.     The detriment caused to Doyle by the breach of the Agreement is the unpaid fees due to him under the Agreement from the date of the last payment.  Doyle was not paid for any period after the Petition Date.  In accordance with the Agreement, for the period from the Petition Date to the Effective Date, the Debtor owes Doyle an amount equal to $194,794.52 ($180,000 X 395/365).

14.     For the reasons set forth above, Doyle is entitled to a claim for fees the Debtor was required to pay Doyle pursuant to the Agreement for the period from the Petition Date through and including the Effective Date.

**EXHIBIT "6"**

**PAGE 145**

## EXECUTIVE CONTRACT

This Agreement is entered into on September 14, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

1.    <u>Responsibilities</u>:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

2.    <u>Term</u>:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

3.    <u>Compensation</u>:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

4.    <u>Benefits</u>:  Founder shall be eligible to participate in all benefit plans generally available to Company executives. In addition, Company shall pay for Founder's annual life insurance premiums in the amount of $250,000, including any tax liability the payment may require.

In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated
DBA NatureWise

DavidPaul Doyle
Founder and CBO

By: _____

Tuong Nguyen
Chief Executive Officer

**EXHIBIT "6"**
**PAGE 146**

**EXHIBIT "7"**

Case 8:20-bk-13335-SC    Doc 683    Filed 02/21/22    Entered 02/21/22 15:23:32    Desc
Main Document      Page 396 of 558

# SHAREHOLDER AGREEMENT

## HEARTWISE, INCORPORATED, DBA NATUREWISE

This Shareholder Agreement, dated October 4, 2018, is between Earnesty, LLC and DavidPaul Doyle, (referred to collectively as "Shareholders" and individually as "Shareholder"), and HeartWise Incorporated, an Oregon corporation (the "Corporation"), doing business as NatureWise.

## RECITALS

HeartWise Incorporated was incorporated on May 5, 2012, in the State of Oregon by DavidPaul Doyle, who owns 100% of its shares. HeartWise Incorporated conducts business under the assumed brand name of NatureWise. The Corporation is a brand distributor of dietary supplements and beverages.

Earnesty, LLC is a California limited liability company, formed on September 15, 2016, by Tuong Nguyen, who is the sole owner and manager. Earnesty, LLC, is a venture company in the area of dietary supplements and nutraceuticals.

The Corporation seeks a capital investment from Earnesty, LLC, in exchange for a percentage of shares of the Corporation.

## ARTICLE 1
## CONTRIBUTIONS AND SHARES SUBJECT TO THIS AGREEMENT

Earnesty, LLC commits to investing $6,000,000 into the Corporation. In exchange for this investment, Earnesty, LLC will receive 51% of all of the issued shares and outstanding stock of the Corporation:

Earnesty, LLC:          51% (represented by an equal amount in corresponding shares)

DavidPaul Doyle:        49% (represented by an equal amount in corresponding shares)

The $6,000,000 investment by Earnesty, LLC shall be contributed as follows:

Upon the signing of this Agreement, Earnesty, LLC, will:

1. Assume payment of all existing open invoices payable to Robinson Pharma, Inc., the Corporation's contract manufacturer, in the total amount of $1,574,000.
2. Pay to DavidPaul Doyle the amount of $1,400,000 from the current Undistributed Earnings of the Corporation as a cash distribution with no tax consequences.
3. Deposit $3,000,000 directly into the Corporation.

1

**EXHIBIT "7"**
**PAGE 147**

Case 8:20-bk-13335-SC    Doc 638    Filed 02/21/22    Entered 02/21/22 15:24:32    Desc
Main Document    Page 398 of 558

4. The remaining $3,026,000. shall be deposited into the Corporation over the course of one year in the amount of $252,166. per month, or in increments as needed by the Corporation, to be determined by the Shareholders.
5. The $6,000,000 investment by Earnesty, LLC cannot be taken out of the Corporation unless approved by the Shareholders.

Earnesty, LLC's purchase of the shares in the Company from DavidPaul Doyle are in reliance of the representations and warranties of DavidPaul Doyle as to the assets and liabilities of the Company. Should there be liabilities, including, but not limited to, lawsuits, claims, liens, and encumbrances on or against the Company or on the shares sold that were not revealed as of the date of this Agreement, DavidPaul Doyle will assume and bear personal responsibility on the undisclosed, later discovered liability.

## ARTICLE 2
## MANAGEMENT AND CONTROL

2.01.  Tuong Nguyen and DavidPaul Doyle will serve as Directors of the Corporation for the full duration of this Agreement.

2.02.  Tuong Nguyen, DavidPaul Doyle and will serve as Officers of the Corporation for the full duration of this Agreement.

Tuong Nguyen – Chief Executive Officer (CEO)
DavidPaul Doyle – Chief Brand Officer (CBO), Founder

2.03.  Elaine Phan will serve as an Officer of the Corporation.

Elaine Phan – Chief Financial Officer (CFO)

2.04. **Board of Directors.**  During the term of this Agreement, the Directors will, when appropriate,

(a)   Determine in good faith the "current assets" of the Corporation for purposes of corporate distributions;
(b)   File any informational certificates that may be required by the State of Oregon;
(c)   Cause the Corporation to maintain the books, records, and other documents as required;
(d)   Use best efforts to cause the business of the corporation in accordance with sounds business practices.

2.05. **CEO:**  The CEO of the Corporation will oversee and manage the day-to-day operations of the Corporation, with the exception of the following actions, which will require the written approval of all Shareholders:

2

**EXHIBIT "7"**
**PAGE 148**

(a)   Change in business activity of the Corporation;
(b)   Entry into a partnership or similar business relationship;
(c)   Mergers or consolidations involving the Corporation;
(d)   Amendment of the Articles of Incorporation of the Corporation;
(e)   Issuance of additional shares of any class or other rights relating to the issuance of shares of the Corporation;
(f)   Transfer of all, or substantially all, the assets of the Corporation;
(g)   Amendment of this Agreement;
(h)   Voluntary dissolution of the Corporation.
(i)   Receiving financing from a bank or other entity or person

**In the event of an impasse or deadlock between the Shareholders on any matter, except the Executive contract and its term, the majority Shareholder will make the final and binding decision on behalf of the Corporation.**

2.06. **CBO:** As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

2.07. **Expanding the Board of Directors.** The Directors may jointly decide by unanimous vote to expand the Board to 5 members.

2.08. **Specific Actions and Decisions.**

(a)   Upon the signing of this agreement, Tuong Nguyen will be named as a corporate officer with signature authority on the Company's existing bank account. A new bank will be opened and the existing bank account of the Company will be transitioned to the new bank account. The new bank account shall be used for the business of the Company going forward.
(b)   Product lines and channels of distribution for all food, beverage, and dietary supplement will be pursued by mutual consent of the Shareholders.
(c)   DavidPaul Doyle will make an initial decision on retention of key employees of the Corporation. The employment of the remaining current employees of the Corporation will remain in place until the Officers are able to evaluate the employment needs of the Company moving forward. Any decision to retain, hire, or eliminate additional employees in the future will be made by the mutual agreement of the Officers.
(d)   The following employees are considered key employees of the company. Should they choose to stay, they will remain an employee of the Corporation for at least 6 months: Sasha Libolt.

2.09. **Shareholder Meetings.** Although there will be no required shareholder meetings, a special meeting may be called at any time.

3

**EXHIBIT "7"**
**PAGE 149**

Case 8:20-bk-13335-SC    Doc 638    Filed 02/10/22    Entered 02/10/22 15:23:32    Desc
Main Document    Page 300 of 558

2.10. **Employment of Shareholders.** The Shareholders will be employed per employment agreement and compensated as officers of the Corporation so long as they hold shares of stock in the Corporation, are active in its business, and do not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including the annual salaries, may be altered only by the unanimous written consent of the Shareholders.

## ARTICLE 3
## DISTRIBUTIONS

3.01. **Determination of net Income and Loss.** The net profits or net losses of the Corporation for each fiscal year will be determined on an accrual basis in accordance with generally accepted principles of accounting (GAAP).

3.02. **Retaining Net Income.** The Corporation will retain its net income in an amount the Shareholders reasonably believe is necessary to meet the needs of the Corporation, including, but not limited to, the development or expansion of its business.

3.03. **Regular Distributions of Net Income.** Subject to any retained earnings and to the statutory requirements related to corporate distributions, the net income of the Corporation may be distributed quarterly to the Shareholders in proportion to the number and type of shares of the Corporation owned by them, as determined by the Shareholders.

3.04. **Taxes.** Taxes that are passed through to Shareholders due to the Corporation's tax status and treatment will be paid as distributions to the Shareholders.

## ARTICLE 4
## DISSOLUTION

4.01. **Restrictions on Voluntary Dissolution.** A voluntary dissolution must be approved by all Shareholders.

4.02. **Procedures During Winding Up.** On commencement of dissolution proceedings by election of all Shareholders, the Corporation will cease to carry on business except as necessary to wind up the business and distribute its assets. The CEO, or any Shareholder or Shareholders appointed by the CEO, will perform the following acts, as necessary, to wind up the affairs of the Corporation:

(a)  Employ agents and attorneys to liquidate and wind up the affairs of the Corporation;
(b)  Continue the business as necessary for the winding up of the affairs of the Corporation;
(c)  Carry out contracts and collect, pay, compromise, and settle debts and claims for or against the Corporation;
(d)  Defend suits brought against the Corporation;

**EXHIBIT "7"**
**PAGE 150**

(e)    Sue, in the name of the Corporation, for all sums due to the Corporation or recover any of its property;

(f)    Collect any amounts owing on subscriptions to shares or recover unlawful distributions.

(g)    Sell at public or private sale, exchange, convey, or otherwise dispose of all or any part of the assets of the Corporation for cash in an amount considered reasonable by the CEO, or his or her appointee(s); and

(h)    Make contracts and take any steps in the name of the Corporation that are necessary or convenient in order to wind up the affairs of the Corporation.

**4.03. Distribution of Assets on Dissolution.**  The CEO, or the CEO's appointee(s), will apply the assets of the Corporation in the following order:

(a)    To all debts and liabilities of the Corporation in accordance with the law, including the expenses;

(b)    To all secured debts in accordance with the terms of any subordination agreement;

(c)    To the accrued and unpaid interest and principal on unsubordinated debts;

(d)    To all senior debts to a Shareholder in accordance with the terms of any subordination agreement;

(e)    To the accrued and unpaid interest on unsubordinated debts to Shareholder;

(f)    To the principal of unsubordinated debts to a Shareholder;

(g)    To undistributed net profits of the Corporation;

(h)    To repayment of the purchase price of the shares of the Corporation actually paid by each Shareholder; and, finally,

(i)    To the Shareholders in proportion to the percentage of shares of the Corporation held by each Shareholder.

For the purposes of this paragraph, assets distributed in kind will be valued at their fair market value as of the date of the proposed distribution, determined in good faith by the Shareholders.

## ARTICLE 5
## RESTRICTIONS ON TRANSFER

**5.01. Transfers by Shareholders.**  No Shareholder may transfer any Shares except as expressly permitted by this Agreement. For purposes of this Agreement, "transfer" is intended to be construed as broadly as the law allows and to include any change of legal or beneficial ownership with respect to the Shares of creation of a security interest by any means. Any transfer made in connection with the foreclosure of a security interest will constitute a separate transfer.

**5.02. New Stock Issues.**  The Corporation may not transfer Shares by new issue to anyone (including a Shareholder or an outside party) or permit anyone (including a Shareholder or an outside party) to subscribe to a new issue of Shares without the prior written consent of all Shareholders. This provision applies to all subsequent rounds of financing.

5

**EXHIBIT "7"**
**PAGE 151**

Case 8:20-bk-13335-SC   Doc 638   Filed 02/10/22   Entered 02/10/22 15:23:32   Desc
Main Document        Page 402 of 558

## ARTICLE 6
## PERMITTED TRANSFERS

6.01. **With Consent.** A Shareholder may transfer Shares at any time with the written consent of the other Shareholders who hold at least thirty percent (30%) of the Shares of the Corporation at the time of the proposed transfer.

6.02. **Without Consent.** A Shareholder may transfer Shares to trusts created by the Shareholder for the Shareholder's benefit or for the benefit of family members of the Shareholder. For purposes of this Agreement, "family members" means lineal descendants of the Shareholder.

6.03. **Binding on Transferees.** No permitted transfer may be made unless the transferee executes a document evidencing the transferee's agreement to be bound by the provisions of this Agreement, as amended.

## ARTICLE 7
## MANDATORY BUY-SELL PROVISIONS

7.01. The Corporation shall have the first right of refusal to buy out any individual shareholder, which must be exercised within 60 days, if any of the following occur:

(a) Death of a shareholder;
(b) Attempt to sell by a shareholder.

7.01. If a Shareholder wishes to sell his shares, he must notify the Board of Directors in writing of his intent to do so. The writing shall include the number of shares to be sold, the price to be sold at, the name of the potential buyer, and a signed statement that the potential sale is a bona fide transaction. Such a writing will trigger action under 7.01(b) above.

7.03. If any of the above occur and the Corporation does not have sufficient funds to purchase the seller's shares, the remaining Shareholders shall have the first right of refusal to purchase said shares on a pro rata basis of their ownership.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

8.01. **Necessary Acts.** All parties to this Agreement will perform any acts, including the execution of any documents that may be reasonably necessary to fully carry out the provisions and intent of this Agreement.

8.02. **Notices.** All notices, demands, requests, or other communications required or permitted by this Agreement shall be in writing and shall be deemed duly served when personally delivered to the party or to an officer or agent of the party, or when deposited in the United States mail, first-

6

**EXHIBIT "7"**
**PAGE 152**

class postage prepaid, addressed to the Corporation or to a Shareholder at the address appearing for him or her on the books and records of the Corporation, or at any other address the party may designate by written notice to the others.

8.03. **Remedies.**  The parties will have all the remedies available to them for breach of this Agreement by law or in equity. The parties further agree that in addition to all other remedies available in law or in equity, the parties will be entitled to specific performance of the obligations of each party to this Agreement and immediate injunctive relief. The parties also agree and that if an action is brought in equity to enforce a party's obligations, no party will argue, as a defense, that there is an adequate remedy at laws.

8.04. **Attorney's Fees.**  In the event of any litigation concerning this Agreement between the parties to this Agreement or the parties to this Agreement and the estate of any deceased Shareholder, the prevailing party shall be entitled, in addition to any other relief that may be granted, to reasonable attorney's fees.

8.05. **Binding on Successors and Assigns.**  This Agreement will be binding on the parties to the Agreement and on each of their heirs, executors, administrators, successors, and assigns.

8.06. **Severability.**  If any provision is unenforceable or invalid for any reason, the remaining provisions shall be unaffected by such a holding.

8.07. **Governing Law.**  This Agreement shall be construed according to and governed by the law of the State of Oregon.

8.08. **Entire Agreement.**  This instrument constitutes the entire Shareholder Agreement of the Corporation and correctly sets forth the rights, duties, and obligations of each Shareholder and of each Shareholder to the other. Any prior agreements or promises not expressly set forth in this Agreement are of no force or effect.

THE SHAREHOLDERS

Earnesty, Ll.C
By: Tuong Nguyen

DavidPaul Doyle

7

**EXHIBIT "7"**
**PAGE 153**

Case 8:20-bk-13335-SC   Doc 638   Filed 02/10/22   Entered 02/10/22 15:24:32   Desc
Main Document      Page 403 of 558

## EXECUTIVE CONTRACT

This Agreement is entered into on October 4, 2018, by and between DavidPaul Doyle ("Founder and Chief Brand Officer (CBO)"), an individual, and HeartWise Incorporated ("Company"), an Oregon corporation. (Company and Founder are collectively referred to herein at times as the "Parties")

Whereas, Company is a brand distributor of food, beverages, nutraceuticals, and dietary supplements; and

Whereas, Founder and CBO is the head of the NatureWise brand.

The Company and Founder hereby agree as follows:

    1.    <u>Responsibilities</u>:  As the head of the NatureWise brand, the Founder and CBO will be responsible for the image, experience, and promise of the brand. In addition, he will support the Corporation as needed in marketing, sales, and distribution of NatureWise health and wellness products.

    2.    <u>Term</u>:  The term of this Agreement shall commence on September 14, 2018, and shall continue for so long as the Founder is a Shareholder of the Corporation. The Founder will be employed as an officer of the Corporation so long as he holds shares of stock in the Corporation, is active in its business, and does not simultaneously engage in any competing business. The titles, duties, and the other terms of employment, including his annual salaries, may be altered only by the unanimous written consent of the Shareholders.

    3.    <u>Compensation</u>:  For all services to be rendered by Founder pursuant to this Agreement, the Company agrees to pay Founder an annual fee of $180,000, paid in periodic installments in accordance with the Company's regular payroll practices.

    4.    <u>Benefits</u>:  Founder shall be eligible to participate in all benefit plans generally available to Company executives.

    In Witness Whereof, the undersigned parties have executed this Agreement as of the date first above written.

HeartWise Incorporated
DBA NatureWise

DavidPaul Doyle
Founder and CBO

By: _____
Tuong Nguyen
Chief Executive Officer

_____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM NO. 13-1 FILED BY DAVIDPAUL DOYLE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW W. GRIMSHAW AND TUONG NGUYEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **April 29, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
|----------------|-----------------|------------------------|
| *Date*         | *Printed Name*  | *Signature*            |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **FORMER ATTORNEY FOR DEBTOR HEARTWISE, INC. (TERMINATED 12/16/20):** Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; DEFENDANT TUONG NGUYEN; and INTERESTED PARTY EARNESTY LLC:** Anthony Bisconti tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com; chowland@bienertkatzman.com
- **ATTORNEY FOR INTERESTED PARTY AND PLAINTIFF DAVIDPAUL DOYLE:** Jared Glicksman jglicksman@yocca.com
- **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- **ATTORNEY FOR DEBTOR HEARTWISE, INC.:** Matthew Grimshaw mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.:** Eve H. Karasik ehk@lnbyb.com
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.:** Steven J. Katzman SKatzman@bienertkatzman.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **ATTORNEY FOR INTERESTED PARTY MAGLEBY CATAXINOS & GREENWOOD:** Aaron J Malo amalo@sheppardmullin.com, rgolder@sheppardmullin.com; abilly@sheppardmullin.com
- **ATTORNEY FOR INTERESTED PARTY VITAMINS ONLINE, INC.:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR AND DEFENDANT ROBINSON PHARMA, INC.; DEFENDANT ALPHA HEALTH RESEARCH; DEFENDANT ERNESTY LLC; and DEFENDANT TUONG NGUYEN:** Carlos A Nevarez cnevarez@bklwlaw.com, 4579179420@filings.docketbird.com; docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF:** Aram Ordubegian ordubegian.aram@arentfox.com
- **INTERESTED PARTY COURTESY NEF:** Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR CREDITOR VITAMINS ONLINE, INC.:** Dean G Rallis, Jr drallis@hahnlawyers.com, jevans@hahnlawyers.com; drallis@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR MARTHA VALENTINE:** Seth A Safier seth@gutridesafier.com
- **INTERESTED PARTY COURTESY NEF:** Annie Y Stoops annie.stoops@arentfox.com, yvonne.li@arentfox.com
- **ATTORNEY FOR CREDITOR ROBINSON PHARMA, INC.:** K. Luan Tran ltran@kslaw.com, tle@kslaw.com
- **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

| DEBTOR | CLAIMANT / POC ADDRESS |
|---|---|
| HEARTWISE, INC. | DAVIDPAUL DOYLE |
| ATTN: OFFICER, A MANAGING OR GENERAL AGENT, | 68 LOMA VISTA DRIVE |
| OR TO ANY OTHER AGENT AUTHORIZED BY | ORINDA, CA 94563 |
| APPOINTMENT OR LAW TO RECEIVE SERVICE | |
| 2973 HARBOR BLVD., #472 | |
| COSTA MESA, CA 92626 | |

**CLAIMANT'S COUNSEL**
DAVIDPAUL DOYLE
C/O WILLIAM D. GARDNER
VON BRIESEN & ROPER, S.C.
411 E. WISCONSIN AVE., STE. 1000
MILWAUKEE, WI 53202

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**